| | |
|---|---|
| 1 | PAUL B. SALVATY (State Bar No. 171507) |
| 2 | PSalvaty@winston.com<br>WINSTON & STRAWN LLP |
| 3 | 333 S. Grand Ave., 38th Fl.<br>Los Angeles, CA 90071-1543 |
| 4 | Telephone:  (213) 615-1700<br>Facsimile:   (213) 615-1750 |
| 5 | ABBE DAVID LOWELL (*pro hac vice*) |
| 6 | AbbeLowellPublicOutreach@winston.com<br>WINSTON & STRAWN LLP |
| 7 | 1901 L St., N.W.<br>Washington, D.C. 20036-3508 |
| 8 | Telephone:  (202) 282-5000<br>Facsimile:   (202) 282-5100 |
| 9 | BRYAN M. SULLIVAN (State Bar No. 209743) |
| 10 | bsullivan@earlysullivan.com<br>ZACHARY C. HANSEN (State Bar No. 325128) |
| 11 | zhansen@earlysullivan.com<br>EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
| 12 | 6420 Wilshire Boulevard, 17th Fl.<br>Los Angeles, California 90048 |
| 13 | Telephone: (323) 301-4660<br>Facsimile: (323) 301-4676 |
| 14 | Attorneys for PLAINTIFF<br>ROBERT HUNTER BIDEN |

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**JOINT 26(F) REPORT**<br><br>Date:   March 18, 2024<br>Time:  3:00 P.M.<br>Place:  Courtroom 10A |

Plaintiff Robert Hunter Biden ("Plaintiff") and Defendant Patrick M. Byrne ("Defendant") (jointly referred to as the "Parties") hereby submit this Joint Rule 26(f) Report and Discovery Plan, pursuant to the Court's February 15, 2024, Order (Dkt. 29) as follows:

**a.    Statement of the Case:**

Plaintiff initiated this action on November 8, 2023, alleging one cause of action of Defamation against Defendant for making, publishing, and repeating false and defamatory statements about Plaintiff.  (Dkt. 1.)  Defendant answered on February 13, 2024, and neither admitted or denied some allegations and denied others. Defendant has asserted eight affirmative defenses: (1) Plaintiff is a public figure, (2) Truth, (3) 1st Amendment, (4) Good faith/no malice, (5) Failure to state a claim, (6) Unclean hands, (7) Failure to mitigate, (8) Claim is time barred.  (Dkt. 25.)

**Plaintiff's Statement**:

Plaintiff asserts that Defendant has made, published, and repeated false and defamatory statements about Plaintiff, knowing full well that the statements are false, for the purpose of subjecting Plaintiff to harassment, intimidation, and harm.  The false and defamatory statements that Defendant made about Plaintiff are contained in an "interview" that appeared in the "inaugural" issue of "Capitol Times Magazine," which appears originally to have been published on or about June 27, 2023. The false statements include (but are not limited to) allegations that Plaintiff solicited hundreds of millions of dollars in bribes from the Iranian government in exchange for Plaintiff's "family" releasing to Iran billions of dollars in frozen funds and ensuring that the United States would "go easy" on Iran during "nuclear talks" between the two countries.  Plaintiff asserts that the false statements were expressed and intended to be understood as statements of fact.  The statements are also defamation per se because Defendant falsely accuses Plaintiff of engaging in criminal acts.  Plaintiff is informed and believes that Defendant has promoted, disseminated, and republished his defamatory statements about Plaintiff many times since the original publication including on social media and in subsequent interviews.

**Defendant's Statement:**

Defendant has vehemently denied that he has defamed Plaintiff. Defendant strenuously denies Plaintiff suffers from any damages attributed to the Defendant. If Plaintiff suffers and allegedly continues to suffer damages as stated in Plaintiff's Complaint, herein, then these alleged damages are a direct result of Plaintiff's actions and conduct in this world. Moreover, Plaintiff is a public figure and is the son of a sitting U.S. President, Joe Biden and has assumed the risk associated with his behavior and conduct and has been indicted in this Court on nine federal tax charges after federal prosecutors alleged he engaged in a four- year scheme to avoid paying at least $1.4 million in federal taxes for failure to file and tax evasion. Plaintiff was also indicted on Federal gun charges in 2023. Defendant also states that statements he has made are the truth as to Hunter Biden and that Defendant has the right to Free Speech under the Constitutions of the United States and the State of California. Defendant at all times has acted in good faith and without motive.

**b.    Subject Matter Jurisdiction:**

Pursuant to 28 U.S.C. § 1332(a), this Court has original subject matter jurisdiction over all civil actions in which the amount in controversy exceeds the sum or value of $75,000 and is between citizens of different states. Each of these criteria is met here. (*See* Dkt. 1.)

**c.    Legal Issues:**

The key legal issue presented by this case is whether Defendant's statements about Plaintiff constitute defamation.

**d.    Parties:**

**Parties**

The Parties in this case are Plaintiff Robert Hunter Biden and Defendant Patrick M. Byrne.

///

///

**Plaintiff's Witnesses**

1. Plaintiff
2. Defendant
3. Michael Flynn

Plaintiff reserves the right to amend this list as appropriate.

**Defendant's Witnesses**

1. Plaintiff
2. Defendant
3. Any and all government witnesses, including U.S. attorneys.

Defendant reserves the right to amend this list as appropriate.

e. **Damages:**

**Plaintiff's Position**

Plaintiff seeks actual damages as a result of the harm resulting from Defendant's defamation, as well as punitive and exemplary damages for the willful, oppressive, fraudulent and malicious conduct. Because Defendant's defamatory statements constitute defamation per se, general damages in favor of Plaintiff are presumed as a matter of law. Plaintiff also seeks any other relief that may be appropriate under law or in equity.

**Defendant's Position**

As set forth in the Statement of the Case, Defendant denies that he defamed Plaintiff or that Plaintiff suffered any damages.

f. **Insurance:**

**Plaintiff:** Not applicable.

**Defendant:** Defendant is not aware of any insurance would provide coverage for the claims alleged in this action.

g. **Motions:**

**Plaintiff:** Plaintiff does not currently anticipate any motions to add other parties or claims, transfer venue, or challenge the court's jurisdiction. Although not anticipated at this time, Plaintiff reserves the right to seek to amend the complaint based on further

discovery and to file discovery motions as necessary.

**Defendant:** At this time, Defendant does not currently anticipate any motions to add other parties or claims, transfer venue, or challenge the court's jurisdiction. Although not anticipated at this time, Defendant reserves the right to seek leave to amend his answer or to file a cross-complaint based on information learned during discovery and to file discovery motions as necessary.

**h.**     **Dispositive Motions:**

**Plaintiff:** Plaintiff does not believe that there are any issues that are appropriate for resolution by motion at this time given the early stage of the case. However, Plaintiff intends to move for summary judgment upon completion of fact discovery.

**Defendant:** Defendant does not believe that there are any issues that are appropriate for resolution by motion at this time given the early stage of the case. However, Defendant intends to move for summary judgment upon completion of fact discovery. Defendant may also file an anti-SLAPP motion.

**i.**     **Manual for Complex Litigation:**

Use of the manual is not warranted.

**j.**     **Trial:**

**Trial Estimate**

The Parties request a jury trial and estimate five to seven days.

**Trial Counsel**

Trial Counsel for Plaintiff includes Abbe David Lowell and Paul Salvaty of Winston & Strawn LLP and Bryan M. Sullivan of Early Sullivan Wright Gizer & McRae LLP. Trial Counsel for Defendant includes Michael J. Smith of the Law Firm of Michael J. Smith and Associates, PLLC and Nabil L. Abu-Assal, Douglas P. Roy, and Daniel A. Corren of Cypress LLP.

**Trial Date**

The Parties request a trial date of December 9, 2024, at the earliest (with a final pretrial conference date of November 22, 2024). Lead trial counsel for Plaintiff, Abbe

Lowell, is representing Plaintiff in unrelated criminal proceedings in two different jurisdictions (California and Delaware) which are likely to be very active during the summer and possibly the fall.  A scheduling conference in the Delaware criminal proceeding is set for March 13, 2024, and counsel will update the Court of the resulting criminal trial schedule during the March 18 conference.  In addition, an October trial date would likely fall in the Jewish holiday season and would make it difficult for lead trial counsel to participate while observing the Jewish holidays.  Trial counsel for Plaintiff, Paul Salvaty, is currently scheduled for trial starting October 1, 2024 in the Central District of California before Judge Hsu (*Farren Byrant, Jr. v. D. Ascuncion et al.*, Case No. 2:19-cv-06889-WLH (AGR), filed Aug. 8, 2019), which is estimated to take approximately three court days.

**k.** **Status of Discovery:**

The Parties have not yet conducted discovery in this case.

**l.** **Discovery Plan:**

The Parties do not believe that any changes to the limitations on the timing, form, or requirement for disclosure under FRCP Rule 26(a) should be imposed.  The Parties are committed to complying with the Federal Rules and the Court's Local Rules and are further committed to using the meet-and-confer process throughout the discovery period. Pursuant to FRCP Rule 26(f)(3), the Parties propose the following discovery plan:

1. The Parties expect to make their initial disclosures on or by April 1, 2024, within two weeks of the Initial Status Conference.
2. The Parties intend to exchange written discovery requests including without limitation requests for production, requests for admission, and special interrogatories, and take depositions of percipient witnesses.
3. The Parties do not wish to conduct discovery in phases.
4. Plaintiff wishes to submit a proposed Stipulated Protective Order for the production and handling of any confidential information and documents to be produced in this case. Defendant will not stipulate to a Stipulated

JOINT RULE 26(F) REPORT

Protective Order. If a specific document needs to be produced and the Parties agree that it requires protection from disclosure or use outside of this lawsuit, the Parties can do so on an as-needed basis.

5. The Parties agree to email service of discovery and case-related documents.

6. The Parties do not anticipate any issues with preserving discoverable information at this time.

**m.     Discovery Cut-Off:**

The Discovery Schedule will change based on the confirmed trial date.

Plaintiff suggests the following schedule based on a trial date of **December 9, 2024**: non-expert discovery cut-off of **July 12, 2024**; expert discovery cut-off of **August 30, 2024** (initial reports due **July 26, 2024** and rebuttal reports due **August 16, 2024**); last day to file dispositive motions of **September 6, 2024**; initial trial filings date of **November 1, 2024**; responsive trial filings date of **November 8, 2024**; and pretrial conference date of **November 22, 2024**.

Defendant suggests the following schedule based on a trial date of **December 9, 2024**: non-expert discovery cut-off of **September 12, 2024**; expert discovery cut-off of **September 30, 2024** (initial reports due **August 26, 2024** and rebuttal reports due **September 16, 2024**); last day to file dispositive motions of **October 18, 2024**; initial trial filings date of **November 1, 2024**; responsive trial filings date of **November 8, 2024**; and pretrial conference date of **November 22, 2024**.

**n.     Expert Discovery:**

The Parties intend to use 1-3 experts each at trial.  The Expert Discovery Schedule will change based on the confirmed trial date.

Plaintiff suggests the following schedule based on a trial date of **December 9, 2024**: non-expert discovery cut-off of **July 12, 2024**; expert discovery cut-off of **August 30, 2024** (initial reports due **July 26, 2024** and rebuttal reports due **August 16, 2024**); last day to file dispositive motions of **September 6, 2024;** initial trial filing date of **November 1,**

**2024**; responsive trial filing date of **November 8, 2024** and pretrial conference date of **November 22, 2024**.

Defendant suggests the following schedule based on a trial date of **December 9, 2024**: non-expert discovery cut-off of **September 12, 2024**; expert discovery cut-off of **September 30, 2024** (initial reports due **August 26, 2024** and rebuttal reports due **September 16, 2024**); last day to file dispositive motions of **October 18, 2024**; initial trial filings date of **November 1, 2024**; responsive trial filings date of **November 8, 2024**; and pretrial conference date of **November 22, 2024**.

o.   <u>Settlement/ADR:</u>

The Parties have not yet engaged in settlement efforts or talks but are interested in participating in a settlement conference before the Magistrate Judge assigned to this case. They believe that an appropriate time for participating in such a settlement conference would be after completion of fact discovery and prior to the expert discovery cut-off deadline. Defendant has suggested that, if the Parties are unable to resolve this dispute at the settlement conference with Magistrate Judge Donohue, then they should engage in private mediation.  The Parties do not believe that a limited trial on bifurcated issues is warranted at this time or that bifurcation would facilitate an overall disposition of this case.

p.   <u>Other Issues:</u>

The Parties are not aware of any other matters that would facilitate the just, speedy, and inexpensive disposition of this matter.  The Parties will continue to negotiate in good faith on how they might best move this action forward with these principles in mind.

Dated: March 11, 2024

Respectfully submitted,

WINSTON & STRAWN LLP

By: */s/ Paul Salvaty*
    Paul Salvaty
    Abbe David Lowell

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

By: */s/ Bryan M. Sullivan*
   Bryan M. Sullivan
   Zachary C. Hansen

Attorneys for PLAINTIFF ROBERT HUNTER BIDEN

CYPRESS LLP

By: */s/ Nabil L. Abu-Assal*
   Nabil L. Abu-Assal
   Douglas P. Roy
   Daniel A. Corren

THE LAW FIRM OF MICHAEL J. SMITH AND ASSOCIATES, PLLC

By: */s/ Michael J. Smith*
   Michael J Smith

Attorneys for DEFENDANT PATRICK M. BYRNE

**ATTESTATION PURSUANT TO LOCAL RULE 5-4.3(a)(2)(i)**

I, Paul Salvaty, am the ECF User whose identification and password are being used to file this joint report. Per Local Rule 5-4.3(a)(2)(i), I hereby attest that all other signatories listed and whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: March 11, 2024

By: */s/ Paul Salvaty*
Paul Salvaty