| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | PDChambers |
| **Cc:** | Zachary Hansen; Michael Murphy, Jr.; Carmen |
| **Subject:** | Biden v. Byrne; Case No.: 2:23-cv-09430 |
| **Date:** | Friday, July 26, 2024 3:48:26 PM |
| **Attachments:** | image001.png<br>image002.png<br>image003.png |

**CAUTION - EXTERNAL:**

Dear Judge Donahue:

Counsel for both parties in the above case request that the court schedule this case for an IDC anytime on either August 1, 2024, August 2, 2024, or August 5, 2024. There is no discovery cut off date. However, this case has a pretrial conference date of December 2, 2024, at 3:00 p.m. and a trial date of December 10, 2024. Counsel conducted the required Rule 37 meet and confer before submitting this matter to the court for an Informal Discovery Conference.

1. **Defendant's Statement:**

Defendant noticed the taking of the deposition of Plaintiff Hunter Biden for August 14, 2024. His counsel and Plaintiff are refusing to attend a deposition until the completion of Plaintiff's criminal case on tax evasion, which is starting on September 5, 2024, and not until sometime after his sentencing hearing in his criminal gun case on October 7, 2024. Counsel expects defendant's counsel to sit around for almost three months and not be able to take the plaintiff's deposition. And, when Defendant is finally allowed to depose plaintiff as proposed by plaintiff, the deposition will not occur until sometime after October 7, 2024. The defendant will then only have about one- and one-half months to be able to do any follow up discovery from information obtained from plaintiff's deposition. Plaintiff has indicated in his Rule 26f statement that his only witness in this case is the plaintiff. Defendant has conclusive evidence that during this month Plaintiff has been enjoying life in Los Angeles shopping with his wife and visiting with his lawyer friend while being driven around by the secret service. Defendant also has conclusive evidence that during this month Plaintiff travelled to Washington to see his father. Plaintiff has a battery of defense lawyers helping him in his tax criminal case and at the sentencing hearing for his gun case on October 7, 2024. He is not an in propria persona defendant in his criminal cases. There is no reason even with the criminal cases pending why Plaintiff cannot attend his deposition as noticed during August of 2024 so that Defendant can obtain that discovery and then has about three and one half more months to do follow up discovery that will be needed to prepare this case for trial. Defendant has also offered plaintiff a stipulation to dismiss this case without prejudice with the parties paying their own costs and attorney's fees which gives the plaintiff the opportunity to deal with his criminal cases without having to deal with this case. Plaintiff can then refile the case later. The trial judge is aware of plaintiff's criminal cases and when told about them at the case management conference of this case notified counsel his pretrial and trial dates are firm and he will not give any consideration to any other dates for other cases the parties have that are pending and even for

Plaintiff's criminal cases.

2. **Plaintiff's Statement:**

Plaintiff and his counsel are unavailable to appear for his deposition on the date noticed by Defendant (August 14, 2024) due to preparations by Plaintiff and his trial team for an upcoming criminal trial in the United States District Court, Central District of California case *United States v. Robert Hunter Biden* (Case No. 2:23-cr-00599), which is set to commence on September 5, 2024. This conflict was communicated to defense counsel and Plaintiff's counsel offered to produce Plaintiff for his deposition on a mutually available date following the conclusion of the foregoing criminal trial, however defense counsel refused to accommodate this good faith request without any compromise and now threatens a motion to compel. This case has been pending since November 8, 2023, and Defendant's discovery efforts have just recently begun, therefore Defendant will suffer no harm by agreeing to a deposition schedule that accommodates the current criminal case, and Plaintiff and his counsel will be severely prejudiced by the unilateral date selected by Defendant, which is just a few weeks before the commencement of the criminal trial.

Counsel will await the court's response to this e-mail.

Very truly yours,

Michael C. Murphy, Esq.



2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: (818) 558-3718
Fax: (805) 367-4506
Web: http://murphlaw.net
Email: Michael@murphlaw.net



**CONFIDENTIALITY NOTICE:**
This message contains information which may be confidential and privileged.  Unless you are the intended recipient or authorized to receive this message on behalf of the intended recipient, you may not use, copy, distribute, or disclose any information contained herein.

If you are an actual or potential client, any information you disclose by email will be kept in strict confidence.  Please be advised that the **Law Offices of Michael C. Murphy** does not represent you until you have signed a written retainer agreement.  Until that time, you are responsible for any statutory deadlines that may affect your case.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

Case 2:23-cv-09430-SVW-PD    Document 56-1    Filed 07/31/24    Page 3 of 3    Page ID #:202