Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br><br>**ORDER RE: JOINT STIPULATION FOR INDEPENDENT MENTAL EXAMINATION OF PLAINTIFF** |

1

The Court, having considered the Joint Stipulation of Plaintiff and Defendant re: Independent Mental Examination of Plaintiff, orders as follows:

1. Plaintiff Robert Hunter Biden shall appear at the mental examination on **October 11, 2024 at 9:00 a.m.**

2. The mental examination(s) that will be performed by Dr. Nathan E. Lavid. Dr. Lavid's office is located at 834 E. 4th St., Suite F, Long Beach, CA 90802.

3. No one will accompany Plaintiff into the examination room. The examination will be limited to seven hours of face to face interview time and psychological testing, excluding breaks and paperwork, which is estimated to take fifteen to thirty minutes.

4. The defense may conduct a single mental examination of Plaintiff and will be required to seek leave of court for any additional mental examinations.

5. Defendant represents that Dr. Nathan E. Lavid is a licensed medical professional with the State of California and is in good standing.

6. The mental examination is expected to start on time on the day and time agreed to by the Parties. If Plaintiff arrives later than the agreed upon examination start time, that time may be made up at the end of the examination. If Plaintiff does not cooperate with the examination, resulting in delay during the examination itself, then any further time needed to complete the examination will be made up at the end of the examination. If Plaintiff fails to appear for the examination on the date agreed by the parties, then Defendant may proceed with a motion for payment of Dr. Nathan E. Lavid's fees associated therewith for reimbursement of the examiner's fees. Plaintiff may cancel the examination up to 72-hours prior to the examination without consequence, and the examination will be rescheduled upon a date and time that is mutually agreeable by all Parties.

7. Dr. Lavid may use, and Plaintiff shall cooperate in the use of, accepted diagnostic tests, including but not limited to a clinical interview of Plaintiff and a testing period during which Dr. Lavid will administer a variety of standardized written tests.

8. The examination will include a clinical interview of Plaintiff and administration of the following tests: (1) SIRS (Structured Interview of Reported Symptoms); (2) PAI (Personality Assessment Inventory); (3) MMPI-3 (Minnesota Multiphasic Personality Inventory, 3rd Edition); (4) Beck Depression Inventory; (5) Beck Anxiety Inventory; (6) OCI-R (Obsessive-Compulsive Inventory – Revised); (7) YMRS (Young Mania Rating Scale); (8) PCL-C (PTSD Checklist—Civilian Version); (9) PCL-5 (PTSD Checklist) with LEC-5; (10) Clinician-Administered PTSD Scale for DSM-5; (11) MMSE (Folstein Mini Mental State Examination); (12) MoCA (Montreal Cognitive Assessment); and (13) VIP (Validity Indicator Profile)

9. Dr. Lavid will be permitted to inquire into aspects of Plaintiff's alleged emotional distress and psychological functioning.  The interview may include Plaintiff's claimed emotional damages in addition to his medical history, psychological history, personal history, social history, and educational history.

10. Dr. Lavid is permitted to inquire concerning the general health of family members and the existence of medical or mental conditions and whether treatment was received.  Plaintiff will fully participate in the mental exam to the best of his abilities. In the event Dr. Lavid believes in good faith that Plaintiff is not participating and/or obstructing the examination, Dr. Lavid will notify counsel for Defendant in order to attempt to resolve the matter at that time with Plaintiff's legal counsel.  If the Parties are unable to resolve the issue, Defendant reserves the right to terminate the

examination and file a Motion to Compel with the Court and either party may seek monetary sanctions.

11. Dr. Lavid shall conduct the examination of Plaintiff, which total examination (from start to finish and including any written testing) shall not take more than seven hours, which shall include lunch breaks, rest breaks, and bathroom breaks. This total hour limitation is subject to Plaintiff participating in the examination to the best of his abilities and not obstructing the examination. If at any time during the proceedings, Plaintiff feels in reasonably good faith that the proceeding has become abusive or harassing, he will immediately notify his counsel or other designated representative in order to try to resolve the matter at that time.

12. Defendant shall provide a copy of a detailed written report to Plaintiff's counsel setting out the history, examinations, findings, including the results of all tests made, diagnoses, prognoses, and conclusions of the examiner within 30 days of the completion of the examination. Defendant shall make Dr. Lavid available for a deposition within a reasonable amount of time after production of the expert report. Plaintiff shall also make his rebuttal expert available for a deposition within a reasonable amount of time after production of Dr. Lavid's expert report.

13. Production of Examiner's Testing and Raw Data:

    a. <u>Testing and Raw Data to Plaintiff's Mental Health Expert</u>: The defense medical examiner will provide to Plaintiff's mental health expert, as retained and designated by Plaintiff in writing in this action ("Plaintiff retained mental health expert"), all testing and raw data related to or generated by the mental examination. Similarly, Plaintiff's retained mental health expert shall also disclose to the defense medical examiner all testing and raw data related to or

generated by any mental examination of Plaintiff conducted by Plaintiff's retained health expert.

    b. At the conclusion of any testing of Plaintiff by Dr. Lavid, a copy of the actual test pages, raw data generated and all test results regarding Plaintiff shall be exchanged simultaneously with Plaintiff's respective experts in the specified field of expertise, whose information will be provided at a subsequent time. No other individuals will be able to receive said raw data and test materials due to the ethical and legal obligations described in sections below. This is the usual and customary practice that allows Dr. Lavid to abide by his ethical and legal obligations.

14. The Parties shall be permitted to make an audio recording of the interview portion of the examination. The production of the recording shall be limited to Plaintiff's counsel, Defendant's counsel, Defendant, and all experts designated by the parties who are professionally qualified, subject to the express terms and conditions of the Stipulated Protective Order between the Parties in this matter.

15. The defense's medical professionals and their staff will accommodate all reasonable requests to accomplish this recording, including, but not limited to taking any necessary breaks during the examination, taking a break if technical difficulties arise, making available all other reasonable accommodations to allow the effective recording of the mental examination.

16. There shall be no third-party observers allowed in the evaluation. This is the standard of practice in psychiatry and is a standard in these medical-legal proceedings.

17. The medical examiner's office will not take any photographs, fingerprints

or other identification information from the Plaintiff, including, but not limited to license, Social Security number and home address.

18. Plaintiff's agreement to submit to this examination is contingent on the agreement by Defendant that they will not schedule any other examinations by any other doctors in the same areas of this examination without leave of court. By proceeding with the examination, it will be deemed that Defendant has agreed to this condition.

19. Nothing herein shall be construed as a waiver of Plaintiff or his family's privacy rights, medical privacy rights, doctor patient privilege, attorney-client privilege, or psychotherapist patient privileges. Nothing herein shall be construed as a waiver of Plaintiff's right to challenge the admissibility or appropriateness of any opinion or contention.

**IT IS SO ORDERED.**

DATED: September 19, 2024

_____
Honorable Patricia A. Donahue
United States Magistrate Judge