# EXHIBIT 2

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen |
| **Cc:** | Bryan Sullivan; Salvaty, Paul B.; Michael Murphy, Jr.; Carmen; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A.; Robie Atienza-Jones |
| **Subject:** | RE: Biden v. Byrne |
| **Date:** | Monday, September 23, 2024 9:56:35 AM |
| **Attachments:** | image003.png<br>image004.png<br>image005.png |

Hi Zachary:

Here are my responses to the topics raised in your e-mail of this morning as follows:

1. <u>Defendant's Declaration</u>:

The Declaration of my client is accurate. I made a mistake and thought it was the DEA. Our client was not contacted by the DEA but learned of the threat from the Venezuela government and bounty of $25,000,000 from the Ghana Ministry of Security. It is also my understanding that the court wanted our client to confirm if he was coming here anytime between the date of the hearing and November 10, 2024, which is the tentative discovery cutoff date. He does ***not*** indicate in his declaration that he does ***not*** plan to attend trial which makes this issue a non-issue. Her does indicate he will not be here from the date of the hearing to November 10, 2024. My notes do not show that our client was required by the court to also put in his declaration if he was coming to trial. I noticed you ordered a copy of the transcript of the hearing. Send me a copy of the transcript and if I am wrong or something is omitted that the court ordered us to do as reflected in the transcript, I will promptly submit an additional declaration from my client to clarify or correct those issues if in fact they were ordered by the court.

2. <u>Defendant's Deposition</u>:

You and your client have not negotiated in good faith for the location for the taking of our client's deposition. You sent me over 200 pages of nonsense which did not address in any manner any of the specific issues pertaining to that deposition in Dubai that the court requested we address. All you did was take those two hundred pages of documents from a Google online site for foreign depositions generally, print it, and send it to me. I found two bona fide court reporting services that take depositions everyday in Dubai. You received their contact information from me and could have contacted them by telephone, text, or e-mail. You made no attempt to contact them. All that you did was read their information and without any basis contend you do not believe what they have written in their materials. They confirm there are no Dubai laws that prohibit our client's deposition from being taken in Dubai. We also provided you with an online travel advisory that Dubai is the safest city in the middle east. I also confirmed that all flights to be taken there by your side of the case will be direct flights. The Dubai court reporters confirm you can bring there your own court reporter and your own videographer. Our client agrees to the taking of his deposition there. He has agreed to pay all costs. He also agreed to submit to a videotaped deposition. Other than sending me 200 pages

of nonsense and a threatening e-mail, you and your client have not done anything to negotiate with us in good faith for the location of the taking of our client's deposition other than sending us a lengthy e-mail with no beef on the issue. All that we have learned from you since the IDC is that your client wants the deposition taken where he wants it taken. What else is new? Nothing! You have not proposed anything to resolve the deposition location issue other than to complain. If you have any suggestions, you will need to provide those to me which I have still not received from you. All that you are doing is trying to stall and delay our client's deposition with your complete lack of cooperation.

3. Defendant's Discovery Responses:

Your contention that we failed to serve you with our client's verified further full responses to special interrogatories 3-8, 10-11 and 13-17 by Friday is false. On September 20, 2024, at 2:31 p.m., we served you with those full further responses and our client's declaration in the same e-mail. You admit you received our client's declaration but fail to explain how you could receive our client's declaration but not these discovery responses. I suggest that you start reading your e-mails. You have not met and conferred with us on those responses. You do not indicate how and in what manner those responses are not full and complete based on the information our client has in his possession custody and control. I do not know what you are talking about and perhaps that is because there is no basis for any complaints by you. The last IDC did not include our client's timely objections and service of his timely responses to your client's Third Request to Produce. You have not had any required meet and confer with us on the responses to the third request to produce documents. Those objections were proper because we objected to responding to the interrogatories that correspond to those requests to produce because they were in excess of the limit and number of interrogatories you could serve on our client and due to the objections to the interrogatories we objected to them and did not identify any documents relating to those interrogatories. You do not deny that the interrogatories that correspond to the request to produce were beyond the limit allowed by the code. You need to review your discovery requests before you write us e-mails and waste our time. As for the fourth request to produce, I will send you a code compliant response today and not one you think we should send that requires a response beyond that required by the code. Our client has already produced most of the documents being sought in the fourth request to produce. We will provide you with responses without objection to your fourth request to produce and most of the documents being sought have already been produced. I will follow up with the production of any additional documents that he has in his possession, custody and control.

4. Plaintiff's Medical Records:

Your client's medical records with his health care professional are in his possession, custody, and control. He has a duty to produce them. During his deposition, he identified two medical professionals but claimed they did not treat him for emotional distress, and he had no other doctors treat him. Then in response to our recent discovery and Rule 26f demands he then

lists a completely different doctor for the first time that he claims treated him for emotional distress and that we have to subpoena his medical records from that doctor which is nonsense. Your client must sign a HIPPA form to have his medical records released by his doctor to any third party whether they are voluntarily produced or by subpoena so he does have possession, custody and control over those records and must produce them. We renew our demand pursuant to our request to produce and Rule 26f that your client execute all necessary HIPPA forms at his doctor's office and have the doctor immediately send us all his medical records. Failing that, we want your client to drop his emotional distress claim. Our expert needs the medical records of your client's recently identified doctor to evaluate your client as a part of the IME and that evaluation will be prejudiced by your client's failure and refusal to produce his medical records that he is legally required to produce.

I am not sending you any IDC statement and will not join in a request for an IDC until you meet and confer in good faith with me on all the discovery issues set forth in this e-mail and as required by the code, local rules, and Judge Donahue's requirements. I anticipate hearing from you as soon as possible. Time is of the essence.


Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 8:07 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Michael,

I will address each pending discovery issue below.

**Defendant's Declaration:**

In a clear violation of the Court's order at the IDC on Wednesday, Mr. Byrne's declaration does not include any information to allow us to verify your claim that Mr. Byrne was recently contacted by the DEA regarding the Venezuelan bounty claim. In fact, there is no mention of the DEA at all, and now there is a new story with Mr. Byrne claiming for the first time that in August 2024 he was in *Ghana* working with a person named Emanuel Mann in the Ghanian Ministry of Security and had received word that "a number of criminals in West Africa" were attempting to kidnap him. His declaration also reiterates the same unsubstantiated claim that he was informed (with no reference by whom)

that "Venezuela" generally (without identifying who in Venezuela) was attempting to kidnap him and had put a $25 million bounty on his head without any mechanism to allow us to verify the truth of that statement, as ordered by the Court. You told us the same DEA story before the IDC and then you repeated it on the record to the Magistrate Judge. Additionally, the Court asked Mr. Byrne to confirm whether he will be returning to the U.S. for any reason between the present and trial, not just November 10th as Mr. Byrne stated in his declaration. You surely recognize your client's statement, when ordered to be under oath, was different from what you told us and the Court. Accordingly, we plan to request an IDC later today to inform the Court that Mr. Byrne's declaration violates the Court's order.

**Defendant's Deposition:**

With respect to the deposition of your client, despite your claims, our email from Friday September 20th (below) does in fact cite to: (1) applicable U.S. case law bearing directly on this issue, including relevant case law and Federal Rules of Civil Procedure pertaining to the implications of the location of a deponent during a deposition; (2) international laws which show that the UAE does not adhere to any sort of recognizable procedures for conducting a deposition in Dubai for a foreign litigation; and (3) the Civil Procedure Code (UAE Law No. 11 of 1992), Evidence Law (UAE Law No. 10 of 1992), or Civil Code (UAE Law No. 5 of 1985), which do not provide any guidance on this issue. Simply put, all of the relevant authorities we cited in our email indicate that there is a complete lack of any legal authority or guidance in the UAE on these issues. You claim that nothing in our prior email indicates a deposition cannot be conducted legally in Dubai, however you still have failed to provide any legal authority or statutes from any governing body to support your position that a deposition *can* legally be conducted in Dubai, whether an in-person deposition or a remote deposition by videoconference. Presumably, that is because you are unable to locate any such authority, just as we were unable to. Notably, your "Exhibit A" is yet another marketing pamphlet from another deposition company without any citation to any legal authority whatsoever. Also, this is the second search result in a basic Google search for this matter (the first is the Optimus Juris pamphlet you sent previously) and we also located it when we initially started researching this matter and found it to be insufficient to inform on this issue. Your "Exhibit B" is another advertisement for a travel agency, which also lacks any citation to any relevant legal authority and is a biased presentation for business considering the fact that they are soliciting their services for tourism in Dubai. It is unreasonable to claim that this "source" is less impeachable than the U.S. State Department on the issue of safety for U.S. citizens traveling abroad in the Middle East. Regardless, to date none of the "sources" you have presented in support of your position are reliable or legally relevant, nor do they have any legal weight in this proceeding. If you have any actual legal authority to support your claims beyond simple advertisements, I welcome you to send them to me by 5:00pm today (Monday September 23rd).

As stated in my prior email, we are trying to abide by the Court's order for the parties to work together to find a reasonable resolution to this issue. This requires reasonable, good faith cooperation from you and your client. However, it appears, based on the tone and content of your email, that you have no intention of abiding by the Court's order in this regard and, therefore, we see no reason to agree to your Dubai proposal when there is no real, verifiable proof that Mr. Byrne cannot appear for his deposition in the United States.

**Defendant's Discovery Responses:**

The Court ordered you to serve "full" amended responses to Plaintiff's first set of Interrogatories Nos. 3-8, 10-11, & 13-17 by Friday September 20, 2024. You failed to do so in violation of the Court's order in that regard as well. Moreover, on September 5, 2024, your office served only objections in response to each and every request in Plaintiff's third set of Requests for the Production of Documents, and to date your office has not served any amended, substantive responses or documents despite my request to do so. Further, Plaintiff's fourth set of Requests for the Production of Documents were served on your office on August 21, 2024, thereby making Defendant's responses due on September 20, 2024. Your office did not serve any timely responses to these Requests for Production by that deadline and have thereby waived all objections. (See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) We demand full responses to Plaintiff's fourth set of Requests for the Production of Documents, without any waived objections, and a corresponding responsive document production by 12:00pm Tuesday September 24, 2024. Also, your office still has not served the further supplemental Rule 26 disclosures with the same additional information you demanded of Plaintiff (full contact information for all witness, the information each witness has, and all other disclosure information required of Mr. Byrne under Rule 26.) We intend to raise each of these issues with the Court in the IDC we request later today. Should you resolve any of these issues prior to the IDC occurring we will amend our position accordingly.

**Plaintiff's Discovery Responses:**

Next, with respect to your demand for my client to produce the medical records that Mr. Byrne's second set of Requests for the Production of Documents seek, my client has served a truthful and code-compliant set of responses stating that he does not have any such medical records in his possession, custody, or control, and is informed that such documents, to the extent they exist, are in the custody of the medical professionals he has identified. Plaintiff is not required to produce documents that are not within his own possession, custody, or control, including medical records. Just like with the secret service documents, you will need to serve a Rule 45 subpoena on those medical professionals to obtain those records. You have cited no law that requires my client to obtain such records from his medical providers. Your office has threatened to demand an IDC on this issue, so we will oppose that dispute on these grounds.

We will be requesting that the Court schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm. Please send me your IDC statement with respect to each issue noted above by 5:00pm today (Monday September 23rd) or I will unilaterally request an IDC on each of these issues.

I look forward to your prompt response.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Friday, September 20, 2024 2:31 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Attached are the following documents:

1. Declaration of Patrick Byrne per the Court's IDC Order dated September 18, 2024 with Exhibit "A" and Designated "Highly Confidential" Pursuant to Paragraph 8 of the Stipulation for Protective Order Dated August 9, 2024, and Only to Be Filed Under Seal Pursuant to Paragraph 18 of said Order.
  2.   Defendant Patrick M. Byrne's Further Responses to Special Interrogatories Set No. One From Plaintiff Hunter Biden.


Very truly yours,

Michael C. Murphy, Esq.

**From:** Michael Murphy
**Sent:** Friday, September 20, 2024 12:32 PM
**To:** 'Zachary Hansen' <zhansen@earlysullivan.com>