# EXHIBIT 5

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen |
| **Cc:** | Bryan Sullivan; Salvaty, Paul B.; Michael Murphy, Jr.; Carmen; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A.; Robie Atienza-Jones |
| **Subject:** | RE: Biden v. Byrne |
| **Date:** | Monday, September 23, 2024 5:16:58 PM |
| **Attachments:** | image003.png<br>image004.png<br>image005.png |

Hi Zachary:

You indicated to me in an earlier e-mail that you were receiving the IDC transcript today pursuant to your order. We are unwilling to proceed to an IDC until we have a full and complete copy of the transcript. Let me know when you have it. I will then tender payment and you can e-mail us a copy of it. I will then follow up with our evaluation of the declaration.

You also have failed and refused to meet and confer on all the other discovery issues set forth below in your e-mail in violation of the code and the local rules of court. If you attempt to file an IDC today, we will file objections to the IDC request and ask the court to order you to properly meet and confer on all discovery issues set forth below before making the IDC request.

You must submit our client's declaration to the court under seal. It is also marked "Highly Confidential." You are expected to comply with the court's protective order for all proceedings including IDCs.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 4:15 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

First, I have not received the transcript for the last IDC yet, but your offer to pay for half of the invoice cost is agreeable. Please see the attached email invoice and please remit payment by check to my firm in the amount of $261.36. Once I receive the transcript I will forward you the same. We stand by our positions with respect to all matters set forth in my prior two emails today. Moreover, regarding the HIPPA Authorization form, we have never refused to sign such a document because you have never requested that we sign such a document. Your prior demands have been that Plaintiff must produce all medical records that are not within his possession, custody, or control, to which we provided code-

compliant responses. In my last email to you I expressly confirmed Plaintiff will sign such a HIPPA Authorization form, following service of a lawful subpoena and timely notice to Plaintiff's counsel of record.

Below are our IDC statements for each dispute. If I do not receive your respective IDC statements by 5:00PM today, or service of documents which make any of these issues moot, I will unilaterally request for the Court to schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm.

**Neutral List of Disputes:**
1. Dispute No. 1: Defendant's Court-Ordered Declaration
2. Dispute No. 2: Defendant's Deposition
3. Dispute No. 3: Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Three and Four)
4. Dispute No. 4: Plaintiff's Medical Records

**Plaintiff's Statement for Each Dispute:**
- Dispute No. 1 – Defendant's Court-Ordered Declaration:
    - In clear violation of the Court's Order following the Informal Discovery Conference ("IDC") on Wednesday September 18, 2024, Defendant's Court-ordered declaration does not address defense counsel's claim to Plaintiff's counsel, and on the record to the Court, that Defendant could not travel to the united States for his in-person deposition because he recently received notice from the DEA that Venezuela had placed a $25 million bounty on his head, and instead provides an entirely new story that he was in Ghana in August 2024 and received notice that he was going to be kidnapped in Africa, nor does Defendant's declaration provide any mechanism to allow Plaintiff's counsel to confirm his claims in this regard, as ordered by the Court.  Moreover, Defendant limited the time period in his statement that he will not be returning to the United States to between the present and November 10, 2024, instead of confirming that he will not be returning to the United States between the present and the December 10, 2024 trial date. Attached to this email is a true and copy of Defendant's Court-Ordered declaration, which pursuant to the Parties' Stipulated Protective Order, must be designated as "Highly Confidential" and may only be filed with the Court under seal.
- Dispute No. 2 – Defendant's Deposition:
    - In compliance with the Court's Order following the September 18th IDC, in an effort to reasonably resolve the issue regarding the location of Defendant's deposition, Plaintiff's counsel presented Defense counsel with extensive research and relevant legal authorities, including United States case law and statutes, international laws, United Arab Emirates law, and an official statement from the U.S. State Department regarding its travel advisory for U.S. Citizens traveling to Dubai, showing a complete lack of any legal authority or guidance adequate to show that a deposition can legally or logistically occur in Dubai for use in this proceeding, either in-person or remotely via videoconference. In support of his position that the deposition must occur in Dubai, Defense counsel only provided two different marketing pamphlets from deposition servicing companies advertising their services for organizing depositions in Dubai, and another promotional item for a travel

company advertising its services to arrange tourism in Dubai, all of which lack any citation to any legal authority or source to support such a position. Despite Plaintiff's reasonable, good faith efforts to informally resolve this issue, due to Defendant's refusal to engage in reasonable negotiations on this issue, failure to provide basic confirming details under oath, pursuant to Court order, to substantiate his claims that he cannot travel to the U.S. for his deposition in this matter, and failure to provide any relevant legal authority to support his claim that a deposition can lawfully occur in Dubai, either remotely or in-person, Plaintiff is forced to once again bring this issue to the Court for consideration (see the attached email chain between Plaintiff's counsel and Defendant's counsel regarding the research each performed and their respective positions).

- Dispute No. 3 – Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Two and Three):
    - On September 5, 2024, Defendant served only objections to Plaintiff's Third Set of Requests for the Production of Documents, and in response to Plaintiff's counsel's September 6, 2024 meet and confer email asking for confirmation that Defendant plans to serve amended, substantive responses, no response from Defendant was received. Moreover, Defendant's responses to Plaintiff's Fourth Set of Requests for the Production of Documents were due to be served on September 20, 2024, however Defendant failed to serve any timely responses or objections thereby waiving all objection (see *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) As of the date of this correspondence, Defendant has not served substantive, code-compliant responses to either of these sets of discovery or any corresponding document production, and, given the proximity of trial in less than three months, Plaintiff's counsel does not have time for protracted meet and confer discussions on this issue and instead brings it before the Court for quick resolution.
- Dispute No. 4 – Plaintiff's Medical Records:
    - At his deposition Plaintiff identified his treating psychiatrist with respect to his claimed emotional distress damages and then served a timely response to Defendant's second set of Interrogatories further identifying this individual. In response to Defendant's second set of Requests for the Production of Documents, which sought production of medical records, Plaintiff provided a true and code-compliant response which states that he does not have any such documents within his possession, custody, or control, but that, to the extent they exist, Plaintiff believes his medical providers would have such documents. As such, in order to obtain documents from third parties that Plaintiff himself has affirmed he does not have in his possession, custody, or control, Defendant must serve a Rule 45 subpoena on those third parties, and Plaintiff has already confirmed in writing to defense counsel that when that subpoena is served and timely notice is provided to Plaintiff, he will execute any necessary HIPPA Authorization forms required to release such documents.



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax

> 6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
> zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 23, 2024 12:55 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** Re: Biden v. Byrne

Hi Zachary:

Here are my responses to the issues raised in your e-mail below:

Defendant's Declaration:

Please forward to us the entire transcript of the hearing . A partial transcript is not helpful. We cannot rely on it.  We will reimburse you for one half the cost of the transcript. Please send us the transcript invoice and I will send payment of one half the amount billed today to your law firm. We will only address and correct whatever the court ordered in the transcript was to be inserted in the declaration. We anticipate receiving the transcript as soon as possible.

Defendant's Deposition:

You have not properly met and conferred with us. You have not proposed a location for the deposition that addresses our client's concerns. You have also not addressed at all our alternative request for a zoom meeting. The documents and research you provided are not helpful.

Defendant's Discovery Responses:

The request to produce number 3 is ripe for an IDC but should not be submitted until we have a further meet and confer on the other discovery issues in this e-mail.

We are providing you with a response to request for production number 4 today. Some of the documents requested in it have already been produced.

As to further responses to the first set of form interrogatories, you confirmed that in fact you did receive them.

<u>Plaintiff's Medical Records</u>:

Your client has an obligation to sign a HIPPA form and have his doctor release the documents to us. The HIPPA form authorizes his doctor to send the medical records to us. Your contention that your client does not have to sign the form and have his doctor send us the records we requested in our request to produce is nonsense. This issue is ripe for an IDC but should wait until we first further meet and confer on the other discovery issues in this e-mail.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 12:09 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com <abbelowellpublicoutreach@winston.com>; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

See my below responses to each issue.

<u>Defendant's Declaration</u>:
- You made multiple statements to us and the Court with fervor regarding the DEA claim. You never qualified those statements as what you believed to be true pending confirmation with your client; you simply made those representations and expected us and the Court to take them as face value. You also failed to provide any mechanism for us to verify any of your assertions as to why Mr. Byrne claims he cannot travel to the United States for his deposition. I should have the transcript for the IDC today, and I will send relevant portions of the same when I do. However,

our memory of the Court's order was a statement for Mr. Byrne to affirm whether he would be returning to the US anytime between now and trial. We will request this information, and the information Mr. Lowell requested immediately following the IDC last week which you refused to provide, be included in a supplemental declaration when we raise this issue at a forthcoming IDC.

Defendant's Deposition:
- Your response is essentially the same response you previously sent, which disregards the extensive legal and other authority we provided on this issue and the fact that you have provided zero legal authority of your own, as well as insisted, without any legal basis, that the deposition must occur in Dubai. For the reasons we have provided, you have offered no basis to confirm that a deposition can be performed lawfully in Dubai for purposes of this litigation, whether in-person or remotely. You appear unwilling to have a reasonable discussion about this, so, unfortunately, we need to get the Court involved once again. We do not have time to wait.

Defendant's Discovery Responses:
- Following your service of only objections in response to each request in Plaintiff's RFP's set three, on September 6, 2024, I sent you an email requesting your confirmation as to whether you planned to serve amended responses to Plaintiff's RFP's set three. I received no response from you. We do not have time to meet and confer with you any further on these responses and documents. You know our stated position with respect to them and if you do not serve full amended responses and document production by 5:00PM today, we will request an IDC on that issue.
- With respect to Defendant's failure to serve any timely responses to Plaintiff's RFP's set four, I met and conferred with you on that issue in my email this morning. We likewise do not have time for protracted meet and confer efforts on those issues. Either serve full amended responses without any waived objections and a full set of document production (including the requested portions of Mr. Byrne's passports) by 5:00PM today, or we will include this issue in our IDC request as well.
- On Friday your office served a document titled "Further Responses to Plaintiff's RFP No. 1" along with Mr. Byrne's declaration. Upon further review, despite having the incorrect title, this document appears to be Defendant's amended responses to Plaintiff Interrogatories (Set One) instead. As such, we retract our claims about these discovery responses being untimely. In the future, it would be helpful and would avoid unnecessary confusion if your office served appropriately titled documents.

Plaintiff's Medical Records:
- Your email misrepresents Plaintiff's deposition testimony. Plaintiff specifically identified the same psychiatrist at the deposition that he identified in his responses to Defendant's second set of discovery requests, which were timely served on Friday September 20th. The other doctor he identified at his deposition was his general practitioner, who he specifically said has not treated him for any emotional distress he is attributing to this case. Your email is the first time you or your client have requested that Plaintiff sign a HIPPA release form for these medical records. Nevertheless, upon service of a lawful subpoena on Plaintiff's mental health provider, and timely notice to us, Plaintiff will agree to execute any necessary HIPPA release form accordingly. However, Plaintiff is under no obligation to provide documents he does not have within his possession, custody, or control. Plaintiff's discovery responses in that regard are code-compliant and your insistence that Plaintiff does have such documents in his possession, custody, or control

does not change the reality of the situation. As the Court explained at the last IDC, if you wish to obtain documents in the possession, custody, or control of third parties, a Rule 45 subpoena is the proper method for doing so.

I will wait until 5:00PM today for you to either serve appropriate responses to rectify the foregoing issues or send me your relevant IDC statements for each issue stated herein. If I do not receive the foregoing by 5:00PM today, I will proceed with requesting an IDC as stated in my prior email on these remaining issues.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 23, 2024 9:56 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Here are my responses to the topics raised in your e-mail of this morning as follows:

1. <u>Defendant's Declaration</u>:

The Declaration of my client is accurate. I made a mistake and thought it was the DEA. Our client was not contacted by the DEA but learned of the threat from the Venezuela government and bounty of $25,000,000 from the Ghana Ministry of Security. It is also my understanding that the court wanted our client to confirm if he was coming here anytime between the date of the hearing

and November 10, 2024, which is the tentative discovery cutoff date. He does **_not_** indicate in his declaration that he does **_not_** plan to attend trial which makes this issue a non-issue. Her does indicate he will not be here from the date of the hearing to November 10, 2024. My notes do not show that our client was required by the court to also put in his declaration if he was coming to trial. I noticed you ordered a copy of the transcript of the hearing.  Send me a copy of the transcript and if I am wrong or something is omitted that the court ordered us to do as reflected in the transcript, I will promptly submit an additional declaration from my client to clarify or correct those issues if in fact they were ordered by the court.

2. <u>Defendant's Deposition</u>:

You and your client have not negotiated in good faith for the location for the taking of our client's deposition. You sent me over 200 pages of nonsense which did not address in any manner any of the specific issues pertaining to that deposition in Dubai that the court requested we address. All you did was take those two hundred pages of documents from a Google online site for foreign depositions generally, print it, and send it to me. I found two bona fide court reporting services that take depositions everyday in Dubai. You received their contact information from me and could have contacted them by telephone, text, or e-mail. You made no attempt to contact them. All that you did was read their information and without any basis contend you do not believe what they have written in their materials. They confirm there are no Dubai laws that prohibit our client's deposition from being taken in Dubai. We also provided you with an online travel advisory that Dubai is the safest city in the middle east. I also confirmed that all flights to be taken there by your side of the case will be direct flights. The Dubai court reporters confirm you can bring there your own court reporter and your own videographer. Our client agrees to the taking of his deposition there. He has agreed to pay all costs. He also agreed to submit to a videotaped deposition. Other than sending me 200 pages of nonsense and a threatening e-mail, you and your client have not done anything to negotiate with us in good faith for the location of the taking of our client's deposition other than sending us a lengthy e-mail with no beef on the issue. All that we have learned from you since the IDC is that your client wants the deposition taken where he wants it taken. What else is new? Nothing! You have not proposed anything to resolve the deposition location issue other than to complain. If you have any suggestions, you will need to provide those to me which I have still not received from you. All that you are doing is trying to stall and delay our client's deposition with your complete lack of cooperation.

3. <u>Defendant's Discovery Responses:</u>

Your contention that we failed to serve you with our client's verified further full responses to special interrogatories 3-8, 10-11 and 13-17 by Friday is false. On September 20, 2024, at 2:31 p.m., we served you with those full further responses and our client's declaration in the same e-mail. You admit you received our client's declaration but fail to explain how you could receive our client's declaration but not these discovery responses. I suggest that you start reading your e-mails. You have not met and conferred with us on those responses. You do not indicate how and in what manner those responses are not full and complete based on the information our client has in his possession custody and control. I do not know what you are talking about and perhaps that is because there is no basis for any complaints by you. The last IDC did not include our

client's timely objections and service of his timely responses to your client's Third Request to Produce. You have not had any required meet and confer with us on the responses to the third request to produce documents. Those objections were proper because we objected to responding to the interrogatories that correspond to those requests to produce because they were in excess of the limit and number of interrogatories you could serve on our client and due to the objections to the interrogatories we objected to them and did not identify any documents relating to those interrogatories. You do not deny that the interrogatories that correspond to the request to produce were beyond the limit allowed by the code. You need to review your discovery requests before you write us e-mails and waste our time. As for the fourth request to produce, I will send you a code compliant response today and not one you think we should send that requires a response beyond that required by the code. Our client has already produced most of the documents being sought in the fourth request to produce. We will provide you with responses without objection to your fourth request to produce and most of the documents being sought have already been produced. I will follow up with the production of any additional documents that he has in his possession, custody and control.

4. <u>Plaintiff's Medical Records</u>:

Your client's medical records with his health care professional are in his possession, custody, and control. He has a duty to produce them. During his deposition, he identified two medical professionals but claimed they did not treat him for emotional distress, and he had no other doctors treat him. Then in response to our recent discovery and Rule 26f demands he then lists a completely different doctor for the first time that he claims treated him for emotional distress and that we have to subpoena his medical records from that doctor which is nonsense. Your client must sign a HIPPA form to have his medical records released by his doctor to any third party whether they are voluntarily produced or by subpoena so he does have possession, custody and control over those records and must produce them. We renew our demand pursuant to our request to produce and Rule 26f that your client execute all necessary HIPPA forms at his doctor's office and have the doctor immediately send us all his medical records. Failing that, we want your client to drop his emotional distress claim. Our expert needs the medical records of your client's recently identified doctor to evaluate your client as a part of the IME and that evaluation will be prejudiced by your client's failure and refusal to produce his medical records that he is legally required to produce.

I am not sending you any IDC statement and will not join in a request for an IDC until you meet and confer in good faith with me on all the discovery issues set forth in this e-mail and as required by the code, local rules, and Judge Donahue's requirements. I anticipate hearing from you as soon as possible. Time is of the essence.


Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 8:07 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Michael,

I will address each pending discovery issue below.

**Defendant's Declaration:**

In a clear violation of the Court's order at the IDC on Wednesday, Mr. Byrne's declaration does not include any information to allow us to verify your claim that Mr. Byrne was recently contacted by the DEA regarding the Venezuelan bounty claim. In fact, there is no mention of the DEA at all, and now there is a new story with Mr. Byrne claiming for the first time that in August 2024 he was in *Ghana* working with a person named Emanuel Mann in the Ghanian Ministry of Security and had received word that "a number of criminals in West Africa" were attempting to kidnap him. His declaration also reiterates the same unsubstantiated claim that he was informed (with no reference by whom) that "Venezuela" generally (without identifying who in Venezuela) was attempting to kidnap him and had put a $25 million bounty on his head without any mechanism to allow us to verify the truth of that statement, as ordered by the Court. You told us the same DEA story before the IDC and then you repeated it on the record to the Magistrate Judge. Additionally, the Court asked Mr. Byrne to confirm whether he will be returning to the U.S. for any reason between the present and trial, not just November 10th as Mr. Byrne stated in his declaration. You surely recognize your client's statement, when ordered to be under oath, was different from what you told us and the Court. Accordingly, we plan to request an IDC later today to inform the Court that Mr. Byrne's declaration violates the Court's order.

**Defendant's Deposition:**

With respect to the deposition of your client, despite your claims, our email from Friday September 20th (below) does in fact cite to: (1) applicable U.S. case law bearing directly on this issue, including relevant case law and Federal Rules of Civil Procedure pertaining to the implications of the location of a deponent during a deposition; (2) international laws which show that the UAE does not adhere to any sort of recognizable procedures for conducting a deposition in Dubai for a foreign litigation; and (3) the Civil Procedure Code (UAE Law No. 11 of 1992), Evidence Law (UAE Law No. 10 of 1992), or Civil Code (UAE Law No. 5 of 1985), which do not provide any guidance on this issue. Simply put, all of the relevant authorities we cited in our email indicate that there is a complete lack of any legal authority or guidance in the UAE on these issues. You claim that nothing in our prior email indicates a deposition cannot be conducted legally in Dubai, however you still have failed to provide any legal authority or statutes from any governing body to support your position that a deposition *can* legally be conducted in Dubai, whether an in-person deposition or a remote deposition by videoconference. Presumably, that is

because you are unable to locate any such authority, just as we were unable to. Notably, your "Exhibit A" is yet another marketing pamphlet from another deposition company without any citation to any legal authority whatsoever. Also, this is the second search result in a basic Google search for this matter (the first is the Optimus Juris pamphlet you sent previously) and we also located it when we initially started researching this matter and found it to be insufficient to inform on this issue. Your "Exhibit B" is another advertisement for a travel agency, which also lacks any citation to any relevant legal authority and is a biased presentation for business considering the fact that they are soliciting their services for tourism in Dubai. It is unreasonable to claim that this "source" is less impeachable than the U.S. State Department on the issue of safety for U.S. citizens traveling abroad in the Middle East. Regardless, to date none of the "sources" you have presented in support of your position are reliable or legally relevant, nor do they have any legal weight in this proceeding. If you have any actual <u>legal authority</u> to support your claims beyond simple advertisements, I welcome you to send them to me by 5:00pm today (Monday September 23rd).

As stated in my prior email, we are trying to abide by the Court's order for the parties to work together to find a reasonable resolution to this issue. This requires reasonable, good faith cooperation from you and your client. However, it appears, based on the tone and content of your email, that you have no intention of abiding by the Court's order in this regard and, therefore, we see no reason to agree to your Dubai proposal when there is no real, verifiable proof that Mr. Byrne cannot appear for his deposition in the United States.

**Defendant's Discovery Responses:**

The Court ordered you to serve "full" amended responses to Plaintiff's first set of Interrogatories Nos. 3-8, 10-11, & 13-17 by Friday September 20, 2024. You failed to do so in violation of the Court's order in that regard as well. Moreover, on September 5, 2024, your office served only objections in response to each and every request in Plaintiff's third set of Requests for the Production of Documents, and to date your office has not served any amended, substantive responses or documents despite my request to do so. Further, Plaintiff's fourth set of Requests for the Production of Documents were served on your office on August 21, 2024, thereby making Defendant's responses due on September 20, 2024. Your office did not serve any timely responses to these Requests for Production by that deadline and have thereby waived all objections. (See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) We demand full responses to Plaintiff's fourth set of Requests for the Production of Documents, without any waived objections, and a corresponding responsive document production by 12:00pm Tuesday September 24, 2024. Also, your office still has not served the further supplemental Rule 26 disclosures with the same additional information you demanded of Plaintiff (full contact information for all witness, the information each witness has, and all other disclosure information required of Mr. Byrne under Rule 26.) We intend to raise each of these issues with the Court in the IDC we request later today. Should you resolve any of these issues prior to the IDC occurring we will amend our position accordingly.

**Plaintiff's Discovery Responses:**

Next, with respect to your demand for my client to produce the medical records that Mr. Byrne's second set of Requests for the Production of Documents seek, my client has served a truthful and code-

compliant set of responses stating that he does not have any such medical records in his possession, custody, or control, and is informed that such documents, to the extent they exist, are in the custody of the medical professionals he has identified. Plaintiff is not required to produce documents that are not within his own possession, custody, or control, including medical records. Just like with the secret service documents, you will need to serve a Rule 45 subpoena on those medical professionals to obtain those records. You have cited no law that requires my client to obtain such records from his medical providers. Your office has threatened to demand an IDC on this issue, so we will oppose that dispute on these grounds.

We will be requesting that the Court schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm. Please send me your IDC statement with respect to each issue noted above by 5:00pm today (Monday September 23rd) or I will unilaterally request an IDC on each of these issues.

I look forward to your prompt response.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Friday, September 20, 2024 2:31 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Attached are the following documents:

1. Declaration of Patrick Byrne per the Court's IDC Order dated September 18, 2024 with Exhibit "A" and Designated "Highly Confidential" Pursuant to Paragraph 8 of the Stipulation for Protective Order Dated August 9, 2024, and Only to Be Filed Under Seal Pursuant to Paragraph 18 of said Order.
2. Defendant Patrick M. Byrne's Further Responses to Special Interrogatories Set No. One From Plaintiff Hunter Biden.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Michael Murphy
**Sent:** Friday, September 20, 2024 12:32 PM
**To:** 'Zachary Hansen' <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Thank you for your e-mail. None of the voluminous documents that you sent to us, (almost 200 pages, and yes, I am a speed reader), indicate anywhere in them that a deposition of our client cannot legally be taken in Dubai. You have not cited any Dubai law. Hague Convention law or rules, or United States Law that prohibits the taking of our client's deposition in Dubai. There is nothing in the law applicable to this case that bars the admissibility of a deposition taken in a Dubai during the trial of a case. As a part of a court's order for the taking of a deposition in Dubai, counsel can agree to a court order requiring that the deposition transcript and video of our client's deposition taken during his in-person deposition in Dubai are admissible during the trial of the case. (See also Exhibit "A" attached to this e-mail which is a publication by Planet Depos who do depositions all the time in Dubai.)

You have not cited to anything and there is nothing in your materials to show that Dubai is a dangerous place to travel using a direct flight to and from LAX or any other major airport in the United States. You have not cited to anything in your materials or otherwise that proves that Dubai is an unsafe place to visit or conduct business. In fact, it is one of the safest cities in the middle east due to its strict enforcement of its criminal laws. (See Exhibit "B" which is a Go City Publication about travel to Dubai which confirms that Dubai is the safest city in the Middle East for tourists).

The document we sent to you does come from an international deposition service that regularly

conducts depositions in Dubai. They confirm that there are no laws in Dubai that prohibit an in-person deposition from being taken in Dubai. In fact, they confirm a deposition in Dubai can be legally taken provided the parties and deponent involved in the deposition agree to the taking of the deposition. The attached document from Planet Depos confirms the same. Your materials you attach to your e-mail provide nothing to the contrary and are not helpful or informative on the issue. Both Optima and Planet Depos offer the same information and services for taking depositions in Dubai.

The four weeks' time to allow for a deposition to be taken in Dubai in the Optima flyer relates to what is needed if you use their international deposition service in the flyer as opposed to bringing your own court reporter and videographer to Dubai. I checked the airline information for flights to and from Dubai out of LAX and there are daily direct flights to and from Dubai out of LAX and from Dubai back to LAX. Round trip airline tickets can be purchased daily. If Mr. Lowell is the counsel who will be taking the in-person deposition of our client in Dubai, he would travel on a direct flight from where his office is located back east to Dubai and back to his office location. We do not need four weeks' time to be able to proceed with the deposition on or around September 30, 2024, or somewhere in that time frame. I could order airline tickets to fly there tomorrow. Counsel on your side of the case have the same capabilities.

We will be sending you our client's declaration today and as ordered by the court.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Friday, September 20, 2024 11:32 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

Thank you for providing us with the information you found on conducting depositions in Dubai. However, we do not believe what you sent is sufficiently informative as to the specific laws, procedures, and practical considerations of conducting a deposition in Dubai in this case. Notably, the six-page document you sent appears to simply be a promotional flyer for a deposition company and does not contain any actual, cited legal research or any legal authorities beyond mere advertisements and vague statements about how that company can assist with arranging depositions in Dubai. There is not a single citation to Dubai, US, or international law. Moreover, this marketing pamphlet states that parties must allow at least four-weeks to arrange such a deposition, which is time we do not have. We found this same marketing information in our very first search on this issue, as it is the first result that comes up in

a basic Google search. Our own in-depth research into this matter, which I have set forth below, demonstrates that the legal, logistical, and equitable implications of conducting a deposition in Dubai for this case (even remotely via videoconference) are not as simple as the marketing brochure indicated and would, therefore, not be practical. We hope you consider the following and reconsider your position that the deposition of Mr. Byrne must occur in Dubai (either remotely or in-person).

First, our research shows that the UAE has (1) no applicable laws or procedures regarding the collection of evidence in the UAE to support foreign litigation; (2) no applicable laws or procedures available to obtain evidence from a witness in the UAE; and (3) no laws or procedures to enforce a request from a foreign court for witness or documentary evidence in the UAE. In fact, in the legal authorities we read on this issue, the UAE does not recognize the procedure for depositions in the same manner that courts in the United States do, or other Western countries do. The word "deposition" or "oral testimony" do not appear in the UAE's Civil Procedure Code (UAE Law No. 11 of 1992), Evidence Law (UAE Law No. 10 of 1992), or Civil Code (UAE Law No. 5 of 1985).

Second, unlike the United States, the United Kingdom, and France, the UAE is not a party to the Hague Convention on Taking Evidence in Civil Matters. If they were, then their agreement to be bound by international law with respect to the collection of evidence in civil matters by other signatory countries, either for in-person depositions or remote depositions by videoconference, would be well-defined. It is not. For instance, attached is a 2018 synopsis of responses from signatory countries to the Hague Convention on Evidence regarding the procedures they recognize and accept for taking evidence by video-link. This document clearly defines each signatory country's accepted procedures. We have been unable to locate any such clearly delineated set of procedures that the UAE accepts. This is concerning because even if we were to conduct Mr. Byrne's deposition remotely by videoconference while he is in Dubai, as you have suggested, FRCP 30(b)(4) provides that a deposition by remote means is deemed to "take place where the deponent answers the questions."  Which means by doing so we would be potentially subjecting ourselves to the laws and procedures in Dubai, which, as described above, has no procedures for collecting evidence for foreign litigation. Moreover, Rule 28 recognizes that in some countries it is customary not to place a deponent under oath or to take a verbatim transcript. That is simply not an option here.

Additionally, the attached document titled "Rules of evidence including crossborder evidence in civil proceedings Q&A United Arab Emirates", which was prepared by an international law firm, lists several questions and responses starting on page 8 regarding the UAE's procedures for allowing evidence to be obtained in the UAE for the purpose of being used in a foreign litigation, to which almost every response is "The UAE is not a party to the Hague Evidence Convention" or other vague statements confirming UAE has no applicable procedures or laws authorizing such evidence collection.

Third, relevant case law from multiple federal districts indicates that conducting a deposition in Dubai for a matter pending in the United States is not practical and various important factors must be considered. Specifically, *US v. SLH2021 S.A.* (E.D. LA August 10, 2023) 2023 WL 5146470, involved a deponent employee for the defendant that was located in Dubai. The Plaintiff wished to compel the deponent to appear in Louisiana for his deposition where the action was pending, while the defendant argued the deposition should occur where the deponent resided in Dubai. The Court ultimately ordered the deponent to appear in Louisiana for his deposition after consideration of the following factors: (1) "the absence of any provisions for the taking of witness evidence for use in another jurisdiction in the UAE Code of Civil Procedure"; (2) "the U.S. Department of State's warning to U.S. citizens about

traveling in the Gulf and Arabian Peninsula"; (3) "given that this Court has been called upon twice to address discovery disputes in this barely five-week old case, the need for court intervention during the deposition appears high. With Dubai's 9-hour time difference … locating the depositions [in Dubai] renders it virtually impossible for this Court to intervene should any issues arise during the depositions"; and (4) the fact that the defendant's counsel of record was located and had his principal place of business in the district where the matter was pending in the U.S. (*Id*. at *6-7.) All of these factors are aptly relevant in our case.

Moreover, *In re Outsidewall Tire Litigation* (E.D. VA 2010) 267 FRD 466, the Court acknowledged that in determining whether it was appropriate to conduct a deposition of a party in Dubai, several factors must be considered, including whether "some facet of Dubai law might operate to hinder or obstruct plaintiffs in taking the depositions in Dubai" (i.e., not being a party to the Hague Convention of Evidence and the Court noting in *U.S. v. SLH2021* that there is an absence of any provisions for the taking of witness evidence for use in another jurisdiction in the UAE Code of Civil Procedure), and "whether defendants' conduct in discovery suggests that they or the deponents will be uncooperative or obstructionist if the depositions occur in Dubai."

Finally, there are also safety implications that must be considered as well. Currently the U.S. State Department lists the UAE as a Level 2 threat for U.S. citizens traveling abroad and has issued a travel advisory in this regard citing the threat of missile and drone attacks, as well as terrorism. (See https://travel.state.gov/content/travel/en/international-travel/International-Travel-Country-Information-Pages/UnitedArabEmirates.html). These are unnecessary safety risks that are perhaps the most important considerations, especially in light of the ongoing international conflicts that are occurring in the Middle East (Dubai is located about 100 miles across the Persian Gulf from Iran).

All of the legal, equitable, safety, and practical factors outlined above are real-world considerations that must be taken into account and which the marketing pamphlet you provided does not address. Magistrate Judge Donahue instructed the parties to resolve this issue in a reasonable manner, and that is what we plan to do. We are willing to find a reasonable and mutually agreeable resolution that protects the interests of both parties, but we need some cooperation from you and your client. We look forward to receiving your prompt response to the authorities and factors outlined in this email, and your proposal for a reasonable resolution of this issue. Time is of the essence.

We also look forward to receiving the Court-ordered sworn declaration from your client today.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Thursday, September 19, 2024 1:52 PM
**To:** Abbe Lowell Public Outreach <AbbeLowellPublicOutreach@winston.com>; Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Kolansky, David A. <DKolansky@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>
**Subject:** RE: Follow Up

Counsel:

Attached to this e-mail are the following:

1. Defendant's further responses to Plaintiff's First Set of Request for Admissions.
2. The International Deposition Guide for taking depositions in the United Arab Emirates Dubai that was published by Optima Juris.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Wednesday, September 18, 2024 8:07 PM
**To:** Abbe Lowell Public Outreach <AbbeLowellPublicOutreach@winston.com>; Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Kolansky, David A. <DKolansky@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>
**Subject:** Re: Follow Up

Counsel:

We are going to send you the declaration the court ordered. We are not required to do anything else.

Any attempt by you to try to change or modify the court's order relating to the contents of our client's declaration which is due Friday would constitute a motion for reconsideration. And you will not be able to show good cause for the court to exercise that extraordinary remedy which is used sparingly and particularly when you had two lawyers at the hearing and had ample time to