# EXHIBIT 6

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 2 of 14   Page ID
#:554

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

# Rules of evidence (including cross-border evidence) in civil proceedings Q&A: United Arab Emirates

by Lucas Pitts and Yannick Hefti, *Bird & Bird LLP*

Country Q&A | Law stated as at 29-Feb-2020 | United Arab Emirates

---

This Q&A provides an overview of the rules of evidence in civil proceedings, including rules on the disclosure obligations of the parties, admissibility of evidence, witness evidence, the standard of proof, as well as issues that arise in gathering cross-border evidence.

This Q&A provides country-specific commentary on *Practice note, Rules of evidence: a cross border overview*, and forms part of *Cross-border dispute resolution*.

---

## Part 1- Rules of evidence in domestic proceedings

> 1. What are the main sources of the rules of evidence that regulate civil proceedings in your jurisdiction?

The main legislative instruments which govern the rules of evidence in the UAE are:

- The Evidence Law (*UAE Law No. 10 of 1992, as amended*).

- The Civil Procedure Code (*UAE Law No. 11 of 1992, as amended*).

- The Civil Code (*UAE Law No. 5 of 1985, as amended*).

- Certain provisions of the Electronic Transactions Law (*UAE Law No. 1 of 2006, as amended*).

> 2. What are the discovery/disclosure obligations, if any, of the parties in relation to civil proceedings? What is the role of the courts in the evidence-taking process in your jurisdiction? Are there any other procedures in place for obtaining evidence from an adverse party and third parties?

© 2020 Thomson Reuters. All rights reserved.                                                                  1

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 3 of 14   Page ID
#:555

## Disclosure/discovery obligations

In the UAE, there are no disclosure or discovery requirements or obligations as understood in western jurisdictions. Attorneys for the parties may use the court to request information from each other (*Article 18, Evidence Law*), but are under no independent obligation, for example, to provide any adverse information to the other side which may be in their possession.

## Role of the courts in the evidence-taking process

The courts manage the evidence-taking process in the UAE. Attorneys may request documents from the court (*Article 18, Evidence Law*), and the court may weigh the probative value of the documents (*Articles 22-23, Evidence Law*), verify the authenticity of documents (*Article 27, Evidence Law*), accept the submission of witness statements as evidence to assert the truth of a matter (*Article 39, Evidence Law*), and may further depose or examine the witnesses (*Article 54, Evidence Law*).

## Other mechanisms to obtain disclosure from an adverse party and third-parties

In addition to its general powers, the court may compel the joinder of:

- A third party to a current case, to provide signed evidentiary statements or declarations.

- Any administrative body to provide any such statements, declarations, or information in its possession which may be necessary for the case to continue.

(*Article 20, Evidence Law*.)

---

3. What are the rules of evidence regarding the burden or standard of proof in civil proceedings in your jurisdiction? Can the court draw any adverse inferences from failure to give evidence at trial?

---

## Burden or standard of proof in civil proceedings

A plaintiff must prove its right, and the defendant must disprove the same (*Article 1(1), Evidence Law*). The facts to be proved must be related to the case, and must be acceptable (*Article 1(2), Evidence Law*). While this may not directly correlate to common law jurisdictions, it would suggest that the standard in civil proceedings is one of preponderance of evidence.

## Adverse inferences for failure to give evidence at trial

A court may draw adverse inferences in favour of a requesting party if the receiving party (to whom the request for a document has been made) does not deny the existence of such document, and, further, fails to submit this to the attention of the court (*Articles 18-19, Evidence Law*). If the requester submits to the court a copy of the requested document, and the receiving party (to whom the request for a document has been made) fails to provide the original

© 2020 Thomson Reuters. All rights reserved.                                                                                               2

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 4 of 14   Page ID #:556

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

copy of the requested document, the court may, at its discretion, treat the copy provided by the requester to be true and conform to the original.

> 4. Can challenges be made to the admissibility of evidence in courts? On what grounds? At what stage of the proceedings, can such challenges be made? Are there any exclusionary rules that permit parties to refuse to disclose a document or that prevents them from using certain types of evidence?

Articles 22 to 34 of the Evidence Law set out grounds on which the admissibility of evidence can be challenged, including the inauthenticity or forgery of a document. Articles 5, 7 and 9 to 10 of the Electronic Transactions Law govern the rules of evidence in the UAE in respect of electronic records. If such records do not meet the necessary conditions, their validity may be challenged.

The Evidence Law is silent as to the procedure for challenging the admissibility of evidence. In practice, a party is likely to submit such a challenge during the next hearing after receipt of the evidence in question.

The Code of Ethics bars a lawyer from disclosing confidential information or facts which they have acquired as a result of the professional representation of a client, unless the disclosure of such information may prevent the commission of a crime.

Since the UAE does not have a fully-fledged system of discovery (which would be part and parcel of common law jurisdictions), a party to a litigation in the UAE is under no obligation to disclose evidence to the court, particularly if the submission of such evidence is adverse to its position in the litigation.

Under Article 18 of the Evidence Law, a party may petition the court to compel the opposing party to produce original documents or other written evidence. However, in these circumstances, if the opposing party fails or refuses to produce the documents, and the court is convinced of the existence of the documents or their relevant contents, the court may admit a copy of the documents from the moving party, or otherwise confirm their content by admitting oral testimony.

> 5. Do the courts in your jurisdiction have any discretion to exclude the admission of a document that is otherwise admissible?

The default evidentiary position is that a document is admissible unless its authenticity is challenged by the opponent or is called into question by the court (*Article 22, Evidence Law*).

The Evidence Law is silent regarding the court's discretion to exclude evidence that is otherwise admissible.

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 5 of 14   Page ID #:557

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

An informal document has no probative force as to its date as regards third parties until its date has been established (*Article 12(1), Evidence Law*). The processes by which the date of a document can be ascertained include determining the date it was recorded in a prepared register or endorsed by an authorised public official.

However, the judge has the discretion to waive this requirement for discharges, commercial paper, and loan documents signed in favour of a merchant, with or without a mortgage, irrespective of the capacity of the borrower (*Article 12(2), Evidence Law*).

Further, Article 10 of the Evidence Law sets out the enforceability of a copy of an electronic document (where the original is unavailable) and the conditions such copy must meet.

> 6. Do witnesses of fact give oral evidence or can they submit written evidence, for example, a witness statement or an affidavit made under oath? What are the requirements for presenting written evidence? Do courts permit a witness to be cross-examined and re-examined by the lawyers?

## Requirements for the content of written evidence (witness statement or affidavit)

Written witness evidence and affidavits are generally discouraged under UAE law.

Evidence as to the existence or negation of a fact cannot be made by witness testimony where the value involved exceeds AED5,000, or where the value is indeterminate (*Article 35, Evidence Law*).

Evidence by testimony of witnesses is not admitted even if the value does not exceed AED5,000, in the following instances:

- When it is required to disprove or to go beyond the contents of a written document.
- If the object of the claim consists in the balance or part of a right which may only be established in writing.
- If the claim of one of the parties to the litigation exceeds AED5,000 in value, but the party subsequently renounces the excess.

(*Article 36, Evidence Law*.)

(References to witness testimony in Articles 35 and 36 of the Evidence Law are primarily to written evidence. However, the same rules are most likely applicable to oral testimony.)

## Oral evidence in support of written evidence

In general, oral evidence is restricted in civil proceedings. However, the court may orally examine a witness as to the form and substance of a document which was requested of them that they failed to submit (*Article 19(3), Evidence Law*).

© 2020 Thomson Reuters. All rights reserved.                                                        4

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 6 of 14   Page ID #:558

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Oral witness testimony may be admitted in the following circumstances:

- When there is a commencement of proof (that is, when there is a written document emanating from the party against whom the claim is made tending to make the existence of the alleged act probable).

- Where documentary evidence cannot be presented as a result of a material or moral bar.

- If a creditor has lost their written deed through no fault of their own.

- If the court deems it justified to do so.

- If the documentary evidence is challenged on the basis that it is prohibited by law or is contrary to public policy or morals.

(*Article 37, Evidence Law*.)

The court reserves the right to summon a witness to provide testimony to the extent that it is convinced such testimony is necessary to further the facts or assertions of a case where a document is not available or sufficient (*Article 42(3), Evidence Law*).

## Timing for filing written witness evidence

The Evidence Law is silent as to stages or deadlines for the filing of written evidence, and these would be left to the discretion of the court.

## Evidentiary value of witness evidence

As mentioned above, witness evidence is only permitted in certain restricted circumstances, particularly where documentary evidence is not available. The Evidence Law clearly favours contemporary documentary evidence over witness testimony.

## Cross-examination and re-examination

In general terms, examinations are rare in UAE civil proceedings. All witness examinations are conducted and directed by the court itself (*Article 44, Evidence Law*). While a party may request questions on a cross-examination or re-examination, the court is entirely in control of this process. The court may decide whether or not a witness may use written notes and may follow up with the witness to the extent that they forgot or neglected to answer questions posed to them.

> 7. Are witnesses immune from being sued for anything they say or do in their capacity as a witness? Can a witness be paid for giving evidence (for example, for their time and travel expenses)?

© 2020 Thomson Reuters. All rights reserved.

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 7 of 14   Page ID #:559

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

The concept of witness immunity in civil proceedings does not exist under UAE law.

The Evidence Law is silent with respect to paying witnesses for their testimony.

> 8. Do parties need to take any steps to certify the authenticity of documents before they can be admitted as evidence in court?

The default evidentiary position is that a document is admissible unless its authenticity is challenged by the opponent or is called into question by the court (*Article 22, Evidence Law*).

Documents may be challenged based on their signatures, seals or originality, and the court has broad powers to compare documents or signatures for verification, seek the assistance of specific experts or government officials, and to call upon witness testimony to clarify matters or assert the authenticity of documents (*Articles 22-34, Evidence Law*).

The authenticity of an electronic record may be challenged if it does not satisfy the requirements set out in the Electronic Transactions Law.

> 9. What measures can be employed under the rules of civil procedure in your jurisdiction to compel a witness who is not willing to give evidence in support of legal proceedings in your jurisdiction or abroad?

Article 42(3) allows the court to impose a fine of AED500 on a witness who fails to appear and provide testimony pursuant to a summons. This fine may be waived if the witness subsequently appears and provides testimony and is able to justify their prior failure to appear.

In urgent situations, the court may issue a subpoena requiring the witness to attend. Otherwise, the court may reissue the summons to appear. If the witness still fails to comply, they may be liable to a fine of anywhere between AED200 and AED1000, and additionally, the court may issue a subpoena against the witness at such point in time.

If the witness appears in court but refuses to take an oath, or abstains from answering questions without legal cause, they will be liable for a penalty as set out in the UAE Penal Code (*UAE Law No.3 of 1987, as amended*) (*Article 43(1), Evidence Law*). Under Article 253 of the UAE Penal Code, a person who gives false testimony before a judicial authority, lies or keeps silent about all or part of the relevant facts of the case known to them faces a minimum of three months in prison.

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 8 of 14   Page ID #:560

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

> 10. Can courts in your jurisdiction appoint expert witnesses and, if so, what are the rules in this regard? Are parties allowed to appoint expert witnesses to present evidence in support of their case? How is expert evidence presented in the court?

Article 69 of the Evidence Law gives the court power to appoint an expert or experts to a case. Under Article 70, the parties may agree to appoint an expert, as approved by the court. An expert's role is to provide an opinion as to matters which are required for deciding the case (*Article 69, Evidence Law*).

An expert must prepare a written report, to include a statement of works they have performed, as well as any meetings with the parties and any statements taken during these (*Article 83, Evidence Law*). If more than one expert has been appointed, they may submit individual reports, unless they agree to submit a single report (*Article 84, Evidence Law*).

The court, of its own volition or at the request of the parties, may schedule a hearing with the expert to discuss their report (*Article 88, Evidence Law*). Alternatively, the court may request that the expert appear at a hearing and provide their findings through oral testimony without the submission of a written report (*Article 89, Evidence Law*).

The deposit for the expert's fees is assessed by the court, which will also determine which party (or parties) are to pay the deposit with the court treasury, and the amounts that the expert can withdraw for expenses (*Article 69, Evidence Law*).

The overall fees of a court-appointed expert are determined by an applicable order of the court (*Article 91(1), Evidence Law*), and the party or parties have the right to file a grievance petition as to the assessment (*Article 91(2), Evidence Law*).

# Part 2- Overseas evidence in domestic proceedings

> 11. What are the requirements for an application to obtain witness or documentary evidence abroad? Are there any rules relating to the admissibility of evidence obtained from outside the jurisdiction (for example, issues of hearsay in relation to witness evidence, and certification/authentication of documentary evidence)?

## Requirements for an application

Neither the Civil Procedure Code nor the Evidence Law directly address the procuring of witness or documentary evidence from abroad. However, domestic provisions relating to service of process may apply in these circumstances.

© 2020 Thomson Reuters. All rights reserved.

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 9 of 14   Page ID #:561

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Under Article 7(6) of Cabinet Resolution 57 of 2018, which amends the Civil Procedure Code, and to the extent an outstanding treaty on service is not already in place, a copy of a summons may be transmitted by "means of modern technology", private company, by agreement between the parties, or by transmission to the UAE Ministry of Justice for referral to the Ministry of Foreign Affairs, which will then effect service via diplomatic channels.

No specific grounds or notice requirements are set out in either the Civil Procedure Code or the Evidence Law.

## Admissibility of overseas evidence

There are no special criteria related to the examination or evaluation of overseas evidence, which indicates that all the provisions of the Evidence Law would be applicable.

> 12. How can evidence be obtained from a witness who is willing to give evidence in support of legal proceedings in your jurisdiction, but is unable to (or not required to) attend trial? Do local laws in your jurisdiction permit evidence to be given by video-link, videoconference or depositions?

Taking effect in 2018, Federal Decree No. 10 of 2017 amended the Civil Procedure Code to include a chapter on the use of remote technologies in civil proceedings. These include allowing the judge to hear the case remotely whenever they deem it appropriate, as well as the use of audio-visual communication for the purpose of hearing witnesses.

# Part 3- Evidence (within local jurisdiction) for use in foreign proceedings

> 13. Are there any national rules or laws, either in support of an international instrument or otherwise, that regulate the collection of evidence within your jurisdiction in support of foreign litigation? Can these be directly relied on to obtain evidence on the application of any interested person (without recourse to any diplomatic channels)?

There are no national rules on the collection of evidence in support of foreign litigation. There are no national laws or procedures that are available to directly obtain evidence from a witness in the UAE.

© 2020 Thomson Reuters. All rights reserved.

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 10 of 14   Page ID #:562

> 14. What is the procedure to enforce a request from a foreign court for witness/documentary evidence in your jurisdiction? Where no international instrument applies, what factors will the local courts consider in executing a request for evidence from another country?

There are no such procedures under national law.

## Part 4 – Legal framework governing cross-border evidence

> 15. Is your jurisdiction a party to:
>
> • The Council Regulation (EC) No. 1206/2001 of 28 May 2001 on cooperation between the courts of the Member States in the taking of evidence in civil or commercial matters (The Taking of Evidence Regulation?; and/or
>
> • The Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the Hague Evidence Convention?; and/or
>
> • Any other international instruments or treaties on evidence?

The UAE is a signatory to the Riyadh Arab Agreement for Judicial Cooperation, endorsed by the Arab Council of Ministers on 6 April 1983 (Riyadh Convention), which governs cross-border evidentiary, service, and extradition matters between member states of the Arab League.

## The Hague Evidence Convention

> 16. What are the reservations, declarations and notifications made by your jurisdiction under the convention?

The UAE is not a party to the Hague Evidence Convention.

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Case 2:23-cv-09430-SVW-PD    Document 76-6    Filed 10/02/24    Page 11 of 14    Page ID #:563

> 17. Please identify the following (a) the Central Authority designated to receive letters of request (*Article 2*); (b) the appropriate authority designated to receive requests for permission to take evidence by diplomatic offers, consular agents or commissioners (where applicable) (*Articles 15-17*); (c) appropriate authority designated to give appropriate assistance to diplomatic offers, consular agents or commissioners to obtain evidence by compulsion (where applicable) (*Article 18*); (d) any other authority designated to receive letters of request (*Article 24*)?

The UAE is not a party to the Hague Evidence Convention.

> 18. What is the general time frame within which a letter of request is normally executed within your jurisdiction?

The UAE is not a party to the Hague Evidence Convention.

> 19. Is prior authorisation of the Central Authority required for judicial officers (of the requesting court) to be present at the execution of the letters of request in your jurisdiction (provided that your jurisdiction has made the declaration under Article 8)? What is the procedure to obtain such authorisation?

The UAE is not a party to the Hague Evidence Convention.

> 20. Apart from the procedure mentioned under *Question 14*, are there any other key methods and procedures followed under the laws of your jurisdiction to execute a letter of request under the convention (*Article 9*)?

The UAE is not a party to the Hague Evidence Convention.

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...



Page 12 of 14

## The Taking of Evidence Regulation

> 21. Please identify the Central body (*Article 3*), requested court(s), and competent authority(ies) under the Regulation?

The UAE is not a party to the Hague Evidence Convention.

> 22. What is the general time frame for a request to be executed under the Regulation?

The UAE is not a party to the Hague Evidence Convention.

> 23. Do the laws in your jurisdiction permit the parties and, if any, their representatives, to be present at, or to participate in, the performance of the taking of evidence by the requested court (*Article 11*)?

The UAE is not a party to the Hague Evidence Convention.

> 24. Do the laws in your jurisdiction permit representatives of the requesting court (designated judicial personnel), to be present at, or to participate in, the performance of the taking of evidence by the requested court (*Article 12*)?

The UAE is not a party to the Hague Evidence Convention.

© 2020 Thomson Reuters. All rights reserved.

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

Case 2:23-cv-09430-SVW-PD   Document 76-6   Filed 10/02/24   Page 13 of 14   Page ID #:565

> 25. Where a request is made to the Central Body in your jurisdiction under Article 17 for the requesting court to take evidence directly, what conditions (if any) are imposed by the laws in your jurisdiction (*Articles 17(4) and (6)*)?

The UAE is not a party to the Hague Evidence Convention.

> 26. Which party is responsible for the fees and costs for experts, interpreters, the use of special procedure and communications technology (*Article 18*)?

## The UAE is not a party to the Hague Evidence Convention

The UAE is not a party to the Hague Evidence Convention.

> **Contributor details**
>
> ### Lucas Pitts, Partner
>
> **Bird & Bird LLP**
> E *lucas.pitts@twobirds.com*
> W *www.twobirds.com*
>
> **Areas of practice.** Dispute resolution.
>
> ### Yannick Hefti, Associate
>
> **Bird & Bird LLP**
> E *yannick.hefti@twobirds.com*
> W *www.twobirds.com*

Case 2:23-cv-09430-SVW-PD  Document 76-6  Filed 10/02/24  Page 14 of 14  Page ID #:566

Rules of evidence (including cross-border evidence) in civil..., Practical Law Country...

**Areas of practice.** Dispute resolution.

END OF DOCUMENT

© 2020 Thomson Reuters. All rights reserved.