# Exhibit "H"

# Michael Murphy

| | |
|---|---|
| **From:** | Michael Murphy |
| **Sent:** | Friday, September 6, 2024 8:39 AM |
| **To:** | Zachary Hansen |
| **Cc:** | Michael Murphy, Jr.; Robie Atienza-Jones; Salvaty, Paul B.; abbelowellpublicoutreach@winston.com; Carmen; Bryan Sullivan |
| **Subject:** | RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD) |

Hi Zachary:

There was duplicity and bad faith on your part. On August 6, 2024, you agreed in writing we could have an extension of time up to September 5, 2024, to respond to your client's ***second set of discovery***, which are your words, in the e-mail because we were waiting for the stipulation for protective order to be processed by the court. You and I both went on vacation but agreed to meet and confer on September 2, 2024. On September 2, 2024, you agreed during our meet and confer and confirmed in your e-mail of September 3, 2024, that we had an extension of time to respond to the second set of discovery until September 12, 2024.

On September 4, 2024, you then sent me an e-mail, claimed you made a mistake because responses to the second set of discovery were past due, you claimed you had not granted any previous extensions, and you would not honor the extension you have us on September 2, 2024 and September 3, 2024 and all of the extensive request for admissions in the second set of discovery were deemed admitted and all objections to the interrogatories and requests to produce were waived by us. When I requested that you honor our extension agreement and notified you were wrong, you refused to honor our deal.

As a result, I was then forced to divert time I had set aside to work on other clients' more time pressing matters to address these problems which you caused and our client was forced to incur the attorney's fees associated with all of that work which could have been avoided if you had honored the extension agreements of August 6, 2024, September 2, 2024 and confirmed in your e-mail of September 3, 2024. I had to set up an IDC. I had to prepare timely objections to all the discovery and then serve those responses on you on September 5, 2024, to ensure they were timely under the old extension agreement set forth in your e-mail of August 6, 2024. I was also required to spend time corresponding with you and the court. You also made these same false statements to the court in your portion of the IDC statement and reiterated in it that you had not granted us any extensions of time to respond to the second set of discovery and all our client's rights were waived as to these discovery requests. I refer you to your portion of the joint statement that was filed with the court.

Due to the time I had to devote to these issues which could have been avoided if you had simply honored the extension agreements, I was required to work late last night. I may now have to work this weekend to get caught up on other matters that I could have been working on over the past two days but instead had to set aside to deal with your nonsense.

Under these circumstances, I want to know how and why I can trust you to honestly and fairly deal with us on matters related to this case within the rules of civility and consistent with the local discovery rules so my client is not foisted with unnecessary attorney's fees and our other client cases and law firm administrative matters are not disrupted because I can trust your word?

Very truly yours,

Michael C. Murphy, Esq.

1