# EXHIBIT A

1   PAUL B. SALVATY (SBN 171507)
    PSalvaty@winston.com
2   WINSTON & STRAWN LLP
    333 S. Grand Ave., 38th Fl.
3   Los Angeles, CA 90071-1543
    Telephone:   (213) 615-1700
4   Facsimile:   (213) 615-1750

5   ABBE DAVID LOWELL (admitted *pro hac vice*)
    AbbeLowellPublicOutreach@winston.com
6   WINSTON & STRAWN LLP
    1901 L St., N.W.
7   Washington, D.C. 20036-3508
    Telephone:   (202) 282-5000
8   Facsimile:   (202) 282-5100

9   BRYAN M. SULLIVAN (SBN 209743)
    bsullivan@earlysullivan.com
10  ZACHARY C. HANSEN (SBN 325128)
    zhansen@earlysullivan.com
11  EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
    6420 Wilshire Boulevard, 17th Fl.
12  Los Angeles, California 90048
    Telephone: (323) 301-4660
13  Facsimile: (323) 301-4676

14  Attorneys for PLAINTIFF
    ROBERT HUNTER BIDEN

15

## UNITED STATES DISTRICT COURT

16

## CENTRAL DISTRICT OF CALIFORNIA

17

## WESTERN DIVISION

18

| | |
|---|---|
| 19  ROBERT HUNTER BIDEN, an individual, | **Case No. 2:23-cv-09430-SVW-PD** |
| 20 | *Hon. Stephen V. Wilson* |
| Plaintiff, | |
| 21 | **JOINT STATEMENT OF UNRESOLVED DISCOVERY ISSUES** |
| vs. | |
| 22 | |
| 23  PATRICK M. BYRNE, an individual, | Date:       October 4, 2024 |
| | Time:       9:00 A.M. |
| 24  Defendant. | Ctrm.:      580 of the Roybal Federal Courthouse |
| 25 | Complaint Filed:   November 8, 2023 |
| | Trial Date:       December 10, 2024 |
| 26 | |

27

28

---

TO THE HONORABLE COURT, pursuant to the Court's September 25, 2024 Minute Order (Dkt. No. 75), Plaintiff Robert Hunter Biden ("Plaintiff") and Defendant Patrick M. Byrne ("Defendant") (collectively, the "Parties") hereby submit the following Joint Statement of Unresolved Discovery Issues, in advance of the Informal Discovery Conference scheduled for October 4, 2024, at 9:00 A.M. in Courtroom 580 of the Roybal Federal Courthouse in Los Angeles, California.

## I.    NEUTRAL STATEMENT OF EACH ISSUE IN DISPUTE

- Dispute No. 1: Defendant's Deposition and Court-Ordered Declaration;
- Dispute No. 2: Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Three and Four);
- Dispute No. 3: Plaintiff's Medical Records Production;
- Dispute No. 4: Defendant's Rule 26 Disclosures;
- Dispute No. 5: Plaintiff's Responses to Defendant's Third Set of Requests for the Production of Documents

## II.    EACH PARTY'S RESPECTIVE POSITIONS ON THE DISPUTES

### A.    Plaintiff's Positions[1]

#### 1.    *Dispute No. 1: Defendant's Deposition and Court-Ordered Declaration*

Prior to the September 18, 2024 Informal Discovery Conference ("September 18 IDC") before this Court, and after weeks of discussions regarding the scheduling of Defendant's deposition, ██████████████████████████████████

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████

---

[1] For Plaintiff, Zachary Hansen, Esq., will appear in person on October 4, 2024, but Abbe Lowell, Esq., who previously argued the deposition issue at the September 18, 2024 IDC and resides in Washington D.C., cannot attend because, among other reasons, he will be observing the religious holiday of Rosh Hashanah that day. In his place, Mr. Salvaty, also of Winston & Strawn LLP and counsel of record in this matter, will appear alongside Mr. Hansen.

---

[2] Defendant's Declaration was marked as "Highly Confidential" by Defendant and therefore Plaintiff was unable to attach the actual Declaration hereto without first seeking the Court's permission to file under seal pursuant to the Stipulated Protective Order (Dkt. No. 63) and there was not enough time between the Court's Order scheduling the IDC and the date this Statement was due. As such, Plaintiff's counsel will bring a copy of Defendant's Declaration to the IDC for the Court to review in-person.

JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES



Upon the production of Defendant's court-ordered Declaration, Plaintiff's counsel pointed these deficiencies out to defense counsel, who refused to amend the Declaration, insisted on its accuracy, and admitted his misrepresentation with respect to the DEA claim[3].  (See Exhibit 2.)

Moreover, immediately after the September 18 IDC, Plaintiff's counsel, Mr. Lowell, requested that Defendant also include in his declaration details which defense

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**



Defense counsel also falsely represented to the Court that when Plaintiff's counsel first brought up the scheduling of Defendant's deposition on August 20, 2024, that he was on vacation and "wasn't in any position to deal with it until I got back, which was about two weeks later." (September 18 IDC Trans., at 7:18-21.) However, in defense counsel's August 20, 2024 email in response to Plaintiff's counsel's initial proposal for Defendant's deposition, defense counsel stated he "will be returning to the office on Monday August 26, 2024" and that he would need to discuss the details of his client's deposition with Defendant "when I get back next week[.]" (See Exhibit 4.) This is yet another example of defense counsel's misrepresentations to the Court.



**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**



5

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**



6

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**



7

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**



Accordingly, Plaintiff maintains that Defendant's deposition should occur in-person in the United States.  "'Although the federal rules do not prevent plaintiff's designating any place he chooses for the taking of a defendant's deposition, the cases indicate that it is presumed that a defendant will be examined at his residence or at his place of business or employment.'"  *Willis v. Mullins,* No. CV F 04-6542 AWILJO, 2006 WL 302343 (E.D. Cal. Feb. 8, 2006) (quoting *Grey v. Continental Marketing Assocs.,* 315 F.Supp. 826, 832 (N.D. Ga. 1970)).  If the parties cannot resolve any disputes regarding a party's deposition, "[t]he Court is permitted to exercise broad discretion in determining the appropriate place for examination[.]"  *Turner v. Prudential Ins. Co. of America,* 119 F.R.D. 381, 383 (M.D.N.C. 1988).  Defendant admitted in his Answer to the Complaint that he is a resident of Florida (Dkt. No. 27, at

¶10), signed his verifications for his discovery responses with "STATE OF FLORIDA, COUNTY OF JUPITER" listed at the top (most recently on August 9, 2024), and, according to a public records search, Defendant owns real property in West Palm Beach, Florida and Bethesda, Maryland, and is registered to vote in Florida. Indeed, when Plaintiff's counsel first proposed that Defendant's deposition should occur in Florida in the Parties' September 2, 2024 meet and confer conference call, defense counsel actually offered to find a location for the deposition to occur in Florida.

All Plaintiff seeks from Defendant is a way for Plaintiff's counsel to verify that there is any valid reason for Defendant's deposition not to be held somewhere in the United States before trial. However, to date, Defendant has provided zero verifiable reasons why he is unable to travel to the United States between now and trial for his deposition. Indeed, Defendant has provided different excuses to Plaintiff and the Court. Consequently, if defense counsel is able to satisfy the Court and Plaintiff's counsel of his claims that there is a valid basis as to why Defendant is unable to travel to the United States for his deposition, which so far he has been unable to do and has misled both the Court and Plaintiff on that issue multiple times, then and only then, will Plaintiff consider another location for the deposition, such as London or Paris. However, Plaintiff's counsel is unwilling to propose alternative locations outside of the United States at this time. If defense counsel is unable to satisfy the foregoing concerns, then Plaintiff insists the deposition must occur in the United States.

**2.** ***Dispute No. 2: Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Three and Four)***

On September 5, 2024, Defendant served only objections to Plaintiff's Third Set of Requests for the Production of Documents, and in response to Plaintiff's counsel's

September 6, 2024 meet and confer email asking for confirmation that Defendant plans to serve amended, substantive responses, no response from Defendant was received. Moreover, Defendant's responses to Plaintiff's Fourth Set of Requests for the Production of Documents were due to be served on September 20, 2024, however Defendant failed to serve any timely responses or objections thereby waiving all objections (see *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) As of the date of this correspondence and despite defense counsel's promise to serve responses by end of day on Monday September 23, 2024, Defendant has not served substantive, code-compliant responses to either of these sets of discovery or any corresponding document production, and therefore Plaintiff requests that the Court order Defendant to produce substantive responses and responsive documents to Plaintiff's Third Set of Requests for the Production of Documents, and substantive responses without any waived objections and responsive documents, including copies of Defendant's passports between 2020 and the present (as sought by Request No. 95) in response to Plaintiff's Fourth Set of Requests for the Production of Documents.

### 3.    *Dispute No. 3: Plaintiff's Medical Records Production*

At his deposition Plaintiff identified his treating psychiatrist with respect to his claimed emotional distress damages and then served a timely response to Defendant's second set of Interrogatories further identifying this individual. In response to Defendant's second set of Requests for the Production of Documents Nos. 18, 20, 21, 22, and 27, which sought production of medical records, Plaintiff provided a true and code-compliant response which states that he does not have any such documents within his possession, custody, or control, but that, to the extent they exist, Plaintiff believes his medical providers would have such documents. As such, in order to obtain documents from third parties that Plaintiff himself has affirmed he does not have in his possession, custody, or control, Defendant must serve a Rule 45 subpoena on those third

parties, and Plaintiff has already confirmed in writing to defense counsel that when that subpoena is served and timely notice is provided to Plaintiff, he will execute any necessary HIPPA Authorization forms required to release such documents.

### 4. *Dispute No. 4: Defendant's Rule 26 Disclosures*

Despite Defendant's repeated demands, and Plaintiff's compliance therewith, to serve supplemental Rule 26 disclosures, Defendant had failed to do the same in response to Plaintiff's repeated requests, which were initially discussed during the Parties' September 2, 2024 meet and confer conference call, until Defendant finally produced his Supplemental Rule 26 Disclosures on September 30, 2024. However, Defendant's newly produced Supplemental Rule 26 Disclosures include never-before identified witnesses, despite multiple specific discovery requests asking for Defendant to identify all persons with knowledge of every aspect of this case, and new documents which Defendant has not produced in this litigation yet. As such, Defendant should be ordered to amend all applicable discovery responses to (1) properly identify all persons with relevant knowledge of the various requested issue, and (2) to produce all previously unproduced documents, to include all of the newly disclosed information and documents in Defendant's Supplemental Rule 26 Disclosures.

### 5. *Dispute No. 5: Plaintiff's Responses to Defendant's Third Set of Requests for the Production of Documents*

Defendant's Requests No. 30 and 31 seek for Plaintiff to produce all documents "reflecting any and all calculations for the total amount of" (1) economic damages, and (2) loss of book sales, attributable to this matter. Due to the fact that both of these requests seek documents "reflecting any and all calculations" of Plaintiff's damages, they are necessarily seeking only attorney work product and thus were properly objectionable on that basis, particularly in light of the vagueness of each Request. However, in response to various other Requests for the Production of Documents (Nos. 2, 12, 25, 29) which sought documents supporting Plaintiff's various damages claims, Plaintiff produced all documents evidencing both economic damages and lost book

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**

sales attributable to this matter that were in his possession, custody, or control.

**B.    Defendant's Positions:**

1.    *Dispute No. 1: Defendant's Deposition and Court-Ordered Declaration*

On August 17, 2024, Defendant's counsel sent Plaintiff's counsel an e-mail and notified him that pursuant to FRCP 56 that Defendant intended to bring a motion for summary judgment and/or for summary adjudication of issues. (Exhibit "A") On August 20, 2024, and while on vacation, Defendant's counsel sent an e-mail to Plaintiff's counsel regarding discovery issues in this case and with a request for an IDC. (Exhibit "B.") On August 27, 2024, and after Defendant's counsel had returned to his office from vacation, he sent an e-mail to Plaintiff's counsel to try and set up a meet and confer to discuss discovery issues in this case. (Exhibit "C") On August 27, 2024, Defendant's counsel sent a second e-mail to Plaintiff's counsel and tried to set up a meet and confer with Plaintiff's counsel to discuss discovery issues. (Exhibit "D") On August 30, 2024, Plaintiff's counsel had still not provided any dates for the meet and confer requested by Defendant's counsel and Defendant's counsel requested that they meet and confer the following Monday. (Exhibit "E")

On September 1, 2024, Defendant's counsel sent Plaintiff's counsel an e-mail with their agenda for their meet and confer to occur the next day. Included in that agenda was Defendant's deposition scheduling. (Exhibit "F") On September 4, 2024, Defendant's counsel sent Plaintiff's counsel an e-mail requesting an IDC. In that e-mail he confirms that Plaintiff's counsel insisted on an in-person deposition of Defendant instead of a zoom deposition. (Exhibit "G") On September 6, 2024, Defendant's counsel sent Plaintiff's counsel an e-mail and objected to the bad faith litigation tactic by Plaintiff's counsel of failing and refusing to honor his extension agreements on due and owing written discovery and for forcing Defendant to spend thousands of dollars preparing objections to all of Plaintiff's pending discovery to protect his right to object and to preserve objections based on privilege. (Exhibit "H.") On September 11, 2024,

Defendant's counsel notified Plaintiff's counsel that Defendant resided out of the country and was available to attend his in-person deposition where he resided with an offer from Defendant to pay all attorney's fees and costs except for time spent at his deposition. (Exhibit "I")

On September 16, 2024, Defendant's counsel offered to produce Defendant for a zoom deposition which would save all the parties and counsel time and costs. Defendant's counsel also expressed concern about getting the deposition scheduled because Defendant wanted to proceed with his motion for summary judgment. (Exhibit "J)

On September 18, 2024, and after the court's IDC, Defendant's counsel was contacted by e-mail by Plaintiff's counsel Abbe Lowell, Esq. twice at 8:00 p.m. and three hours after the close of business with two requests that Defendant provide the court in Defendant's Declaration with information the court did not order Defendant to provide it. Defendant's counsel properly refused the request of Mr. Lowell because (1) Mr. Lowell is not the Judge Magistrate in this case that issued the IDC order, (2) Defendant's counsel is not employed by Mr. Lowell, and (3) Mr. Lowell was contacting Defendant's counsel on a non-emergency basis in the evening long after the close of business and when Defendant's counsel was trying to enjoy his time with his family. Mr. Lowell personally attended the IDC hearing and had the opportunity to make his requests to the court as to what was to be inserted in the court's IDC order.

On September 23, 2024, Plaintiff's counsel filed a request for IDC regarding Defendant's deposition and Declaration. He claimed that the Declaration was defective and not in compliance with the court's order because it did not contain all the contact information required by the court and whether or not Defendant intended to appear at trial. On September 24, 2024, Plaintiff's counsel only provided Defendant's counsel with partial transcripts of the IDC hearing relating to the Declaration and refused to provide the defense with a complete copy of the IDC transcript so the Declaration could be corrected. On September 24, 20204, Defendant's counsel notified the court of

Plaintiff's counsel's refusal to promptly provide the defense with the entire transcript of the IDC held on September 18, 2024, and he demanded that Defendant's counsel pay him for one half of the transcript and only after personally receiving payment would he send the defense the entire IDC transcript. (Exhibit "K".)

Defendant's counsel finally received the hearing transcript from Plaintiff's counsel after waiting two more days. After reviewing the hearing transcript, Defendant's counsel then prepared and caused Defendant to approve and sign his revised Declaration dated September 30, 2024. In that Declaration, the Defendant added the contact telephone number for the contact person. He also indicated that he did not know if he would be back for trial and had not made that decision. These two errors in the Declaration that were raised by Plaintiff's counsel were promptly corrected after Plaintiff's counsel finally produced the entire hearing transcript. The court is requested to file the Defendant's Declaration under seal pursuant to the Stipulation for Protective Order dated August 9, 2024. (Exhibit "L")

Attached as Exhibits "A" and "B" to Defendant's declaration are online brochures published by two reputable and local court reporters confirming that there are no laws where Defendant resides that would impede in any way the deposition of Defendant from being taken where he resides. Plaintiff's counsel has offered no evidence or even any law that prohibits or impairs Defendant's deposition from being taken where he resides. Defendant also agrees that the Federal Rules of Civil Procedure and Federal Rules of Evidence apply to his deposition and the transcript and videotape of it can be used at trial subject to any proper objections made at the deposition that will

1   need to be ruled on by the court during the pretrial conference.

2          There are daily nonstop airline flights to where our client resides. The return

3   flights are also nonstop. There is no need to make any aircraft stops. The court's ruling

4   in the case of <u>In Re Outsidewall Tire Litig.</u> (ED Vir. 2010) 267 F.R.D. 466, 471-472

5   indicates that the Defendant's preference to be deposed where he resides is appropriate

6   except under exceptional circumstances. The court in that case did indicate that the court

7   could consider factors such as the cost of travel, access to the court if there is a discovery

8   dispute and time to travel.

9          Plaintiff proposes alternatively London, England and Paris, France as locations

10  to take the deposition of Defendant. Plaintiff offers no dates or times for when this

11  deposition is to be taken although his counsel has been repeatedly requested Plaintiff's

12  counsel provide that information. Plaintiff's objections to taking the deposition of

13  Defendant where he resides due to attorney's fees incurred, costs incurred, time

14  travelling, lack of access to the court here if there is a discovery dispute, and personal

15  safety of all attending due to terrorism in that region of the world also apply equally to

16  having Defendant's deposition taken in London, England, Paris, France, or anywhere

17  else for that matter. There is a current safety advisory worldwide that is applicable to

18  travel to Europe and there are safety concerns applicable to travel to Europe due to the

19  current Middle East conflict. Plaintiff has not even offered to pay for any attorney's

20  fees, accommodations, and travel costs Defendant and his counsel would incur to travel

21  to Europe and back or anywhere else to attend Defendant's deposition.

22          The Exhibit "7" rules that Plaintiff's counsel heavily relies on that are published

23  by the Bird law firm, (an excellent commercial litigation firm), are not helpful.  The

24  Hague Convention Rules and other rules cited in Exhibit "7" are not relevant or of any

25  concern because the deposition is not being taken of a foreign citizen where Defendant

26  resides and this case does not involve foreign litigation and involvement of the courts

27  where Defendant resides.

28          Plaintiff offers no law, facts or argument relating to the viability of taking

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**

1  Defendant's deposition by zoom. Plaintiff does not indicate at all whether this court has
2  authority to order Defendant's zoom deposition. As was previously mentioned,
3  Defendant has agreed to submit to a zoom deposition. He also agrees that the Federal
4  Rules of Civil Procedure and Federal Rules of Evidence will apply to his zoom
5  deposition. He also agrees that the transcript and videotape of his deposition can be used
6  at trial subject to any proper objections made during the deposition that will need to be
7  ruled on by the court during the pretrial conference.

8      Defendant agreed to take Plaintiff's zoom deposition at the request of Plaintiff
9  and counsel. Plaintiff then submitted to a zoom deposition. Counsel and the parties
10  saved thousands and thousands of dollars by having Plaintiff's deposition taken by
11  zoom. There is no reasonable excuse for the prolonged failure and refusal of Plaintiff's
12  counsel to make the same courtesy available to Defendant and to agree to take his
13  deposition by zoom. The court has the legal authority order that Defendant's deposition
14  be taken by zoom.

15      Under <u>Federal Rule of Civil Procedure</u> 30(b)(4), this court has the legal authority
16  to order that a deposition be taken by telephone or other remote means. The court can
17  order a remote deposition be taken when there is good cause for an order to depose by
18  remote means. (*Estate of Gerasimenko v. Cape Wind Trading Co.* (SD NY 2011) 272
19  FRD 385, 390-394.)  A desire to save money constitutes good cause to depose out of
20  state witnesses by remote means. The burden is on the opposing party to show how they
21  would be prejudiced. (*Cressler v. Neuenschwander* (D KS 1996) 170 FRD 20, 21.) The
22  court favorably approved in <u>United States v. Fargesen</u> (SDNY 2022) 2022 U.S. Dist.
23  LEXIS 203103; 2022 WL 166647005 the taking of the depositions of witnesses that
24  reside where Defendant resides using a videoconferencing procedure such as zoom.

25      Plaintiff has known for almost two months that Defendant intends to proceed
26  with a motion for summary judgment. The failure and refusal of Plaintiff to act in good
27  faith and to proceed with the deposition of Defendant using the same remote deposition
28  zoom procedure that Defendant used to take Plaintiff's deposition almost two months

1   ago and instead with the use multiple excessive obtuse e-mails and IDCs to stall and

2   delay the taking of Defendant's deposition is nothing but a litigation tactic that is

3   designed to try and oppose Defendant's motion for summary judgment that will not be

4   successful because this case has been pending for almost one year.

5   **Dispute No. 2: Defendant's Responses to Plaintiff's Requests for the**

6   **Production of Documents (Sets Three and Four)**

7   Defendant will be providing responses without objection to Plaintiff's Requests

8   for Production of Documents Sets Four before the IDC hearing and will bring his

9   production of documents to the hearing. Defendant was forced to timely object to

10  Plaintiff's Third Request to Produce because Plaintiff's counsel withdrew his agreement

11  extending the time to respond to all discovery. (Exhibit "H") Defendant is requesting

12  that during the IDC hearing that the court order counsel to have a meet and confer on

13  the Plaintiff's Third Request to Produce at the courthouse cafeteria because no such

14  meet and confer has occurred as required by the local rules and counsel can then confirm

15  to the court the results of that meet and confer and the court can make any appropriate

16  rulings to resolve the matter.

17  **Dispute No. 3: Plaintiff's Medical Records Production**

18  Defendant seeks the production of Plaintiff's medical records and bills in his

19  Second Request to Produce at requests 18, 20, 21, 22 and 27 because they are needed

20  by his expert to conduct Plaintiff's IME on October 11, 2024. There is no dispute that

21  the medical records of Plaintiff can be sought with a request to produce but Plaintiff

22  simply contends that his medical records are not in his possession, custody or control

23  and must be sought by a subpoena which is ridiculous because Plaintiff must sign a

24  HIPPA consent before his medical records can be produced by his doctor so all

25  requested documents should be ordered produced by Plaintiff on Monday October 7,

26  2024 by personal delivery to Defendant's counsel's office by Plaintiff to ensure

27  Defendant's IME expert can receive and use them before October 8, 2024 to prepare

28  for the Plaintiff's IME which is scheduled to be held on October 11, 2024.

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**

### *Dispute No. 4: Defendant's Rule 26 Disclosures*

This issue is nothing but litigation strategy and tactics by Plaintiff. Plaintiff does not identify what witnesses and documents on Defendant's recent Rule 26f disclosures are new and he knew nothing about them until he received Defendant's disclosures or even any law that requires Defendant to provide amended responses to Plaintiff's written discovery requests and the identification of the specific discovery requests by set and number that require amended responses. The reason Plaintiff does not reveal that information to the court is because Plaintiff already is aware of and has the information Defendant disclosed in his recent Rule 26f disclosures and the court cannot order Defendant to supplement his discovey responses with information plaintiff already has in his possession, custody and control such as his book and witnesses that he has sued in other pending litigation and/or for which Plaintiff did not request such disclosed information from Defendant.

### *Dispute No. 5: Plaintiff's Responses to Defendant's Third Set of Requests for the Production of Documents*

Plaintiff objected to requests 30 and 31 in Defendant's Third Set of Requests to Produce on the ground that the information sought relating to his damages calculations and Plaintiff claims that information is protected by the attorney-client and work product privileges. Plaintiff did not produce a detailed privilege log of those documents and should be ordered to produce a detailed privilege log of those documents. Then Defendant can then bring a motions in limine to preclude Plaintiff from using those "privileged" documents listed in detail on his privilege log, the information contained in them, or even referring to them during the trial of this case because a privilege objection cannot be used to hide evidence during discovery and then waived on the eve of trial to now use that privileged information at trial to unfairly sandbag the Defendant

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**

Dated:  October 2, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By:  */s/ Zachary C. Hansen*
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543 Telephone: (213) 615-1700 Facsimile:    (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:    (202) 282-5000 Facsimile: (202) 282-5100

*Attorneys for Plaintiff Robert Hunter Biden*

19

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**

Dated: October 2, 2024

LAW OFFICES OF MICHAEL C. MURPHY

*/s/ Michael C. Murphy*
  Michael C. Murphy, Esq.
  Michael C. Murphy, Jr., Esq.
*Attorneys for Defendant,*
*Patrick Byrne*

5788757.1

**JOINT STATEMENT OF UNRESOLVED DISCOVERY DISPUTES**