# EXHIBIT B

# EXHIBIT 1

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen |
| **Cc:** | Michael Murphy, Jr.; Robie Atienza-Jones; Salvaty, Paul B.; abbelowellpublicoutreach@winston.com; Carmen; Bryan Sullivan |
| **Subject:** | RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD) |
| **Date:** | Thursday, September 12, 2024 11:21:26 AM |

Hi Zachary:

███████████████████████████████████████████████████████████████ Under these circumstances, he does not want to travel anywhere to the United States currently and to where his residence is in Florida out of concern for his personal safety. We propose two means of resolving these concerns by our client:

1. You can take the deposition of our client by zoom. We took your client's deposition by zoom and it was cost effective for everyone.

2. 

3. We want the deposition taken ideally by the end of this month. We do not want to delay the filing of our motion for summary judgment and to ensure that it is heard sooner rather than later.

As for the further responses to special interrogatories number one, our client has the names of two key witnesses that support what he was told about your client while on travel to the middle east and that was published in the article which is the subject of this lawsuit. That information is sought in your first set of special interrogatories. Our client is concerned about the personal safety of these two witnesses and any information disclosed about them publicly or to anyone else including your client could cause these two witnesses to be harmed or murdered. We need to discuss and address this important issue so you can obtain your discovery while at the same time these two key witnesses are protected and not harmed or murdered by their governments or some other third party.

Please review this e-mail and let me know your response to these issues.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Thursday, September 12, 2024 10:46 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Michael,

I'm happy to jump on a call with you today. However, in the past you have accused me of misrepresenting our telephonic discussions and violating civility guidelines, so why don't you respond to my inquiries below in writing so we have a record and then we can schedule a subsequent call later today, if necessary?

With respect to Defendant's responses to Plaintiff's first set of interrogatories, we discussed those in our September 2 meet and confer call. All of the issues and our agreements regarding the same are outlined in my September 3rd and September 9th emails to you. Our position has not changed. However, I am also willing to discuss those issues again in a call with you today once you provide a written response, as requested above.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Thursday, September 12, 2024 10:24 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Zachary:

Let me know when you are available today to discuss our client's deposition and the further responses you are requesting to Plaintiff's first set of special interrogatories.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Wednesday, September 11, 2024 5:52 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Michael,

Regarding your proposal for Defendant's deposition, before we can determine if we can accommodate that, we have some questions for you. You underestimate the inconvenience and expense involved with your idea. ████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████
████████████████████████████████
██████████████████████████
████████████████████████████████████
████████████████
████████████████████████████████████
██████████████

We ask these questions because in his February 13, 2024 Answer to the Complaint in this matter

(Dkt #25) Defendant admitted he is a resident and citizen of the State of Florida and each of his signed verifications for his discovery responses have "STATE OF FLORIDA, COUNTY OF JUPITER" listed at the top – the most recent being as of August 9, 2024. Also, based on public records it appears Defendant has an active address in Palm Beach County, Florida and also one in Potomac, Maryland; he has real property in Utah; his driver's license was issued in Utah;  and he is currently actually registered to vote in Florida.  When we first discussed the deposition, Florida was mentioned as a possible location. Moreover, he appears to have various companies that are registered and/or have places of business throughout the United States, including in Ohio, Utah, Vermont, and New Hampshire, of which he holds such titles as President, Managing Member, Director, CEO, and Officer. Finally, his various social media posts (including pictures of him holding his book, Danger Close) indicate he was present in Florida as recently as five months ago.

█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
█████████████████████████████████████████████████████████████
████████████████████████ We are not locked onto September 30th; that was just the date you and I discussed in our September 2 meet and confer call that worked for both sides. If Defendant is planning to return to the US between then and November 10th, we should be able to find a reasonable alternative. If necessary, we can address this with the Magistrate Judge at our inevitable IDC regarding the other pending discovery issues.

I look forward to your response and hope we can find a reasonable resolution to this issue.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN | ASSOCIATE ATTORNEY**
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Wednesday, September 11, 2024 9:51 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones

<rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Zachary:

We want to refine the travel proposal. Your client and all other counsel that are not designated to take the deposition can appear by zoom. We would pay for one designated counsel and the court reporter selected by you. Let me know how you want to proceed

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Michael Murphy
**Sent:** Wednesday, September 11, 2024 9:14 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Zachary:


.

Please review this e-mail, discuss this matter with your principals, and let me know how you want to proceed. I will send you a separate e-mail on the other discovery below.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 9, 2024 1:33 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; abbelowellpublicoutreach@winston.com; Carmen <Carmen@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Michael,

My September 3, 2024 email to you in which I set forth a detailed summary of our September 2, 2024 meet and confer call sets forth all such matters. I did not mean to infer that we would not comply with that agreement; I was merely confirming whether your office still intended to comply. To ensure there is no confusion, I have attached my September 3, 2024 email hereto and have also set forth all such matters below. In addition to those matters, I will include my prior request for you to confirm that Defendant will agree to provide good faith, substantive amended responses to Plaintiff's Requests for Admissions (Set One), Interrogatories (Sets Two and Three), and Requests for the Production of Documents (Sets Two and Three) by September 12, 2024.

I will have a response to Michael Jr.'s inquiry regarding the IME stipulation and dates by tomorrow at the latest.

**Once again, I reiterate that we need you to confirm as soon as possible whether your client is available for his in-person deposition in the Southern District of Florida on September 30, 2024.** We need to coordinate with the appropriate office in South Florida to arrange the logistics of hosting the deposition, as well as schedule a court reporter/videographer and coordinate travel plans. As discussed in our meet and confer call a week ago, due to the Jewish Holidays in early October, we agreed that we cannot push this deposition out past the end of September. For the same reasons you insisted on my client's deposition occurring before the end of August, we need to conduct your client's deposition as soon as possible so we will have time to conduct follow up discovery as needed before our rapidly approaching trial date, which is set to begin three months from tomorrow. Please advise as soon as possible.

**Summary of our September 2, 2024, meet and confer call, and all agreements between the parties:**

**Issues set forth Plaintiff's meet and confer letter re: Defendant's amended discovery responses:**
- Requests For Production ("RFP") (Set One):
    - You confirmed that despite your objections to these responses on the basis of 50 U.S.C. section 3121 (a), (b), and (c), as well as 18 U.S.C. section 798(a), (b), and (c), no documents or information has been withheld by Defendant on the basis of those objections, to your knowledge. You also made this same representation with respect to Defendant's amended responses to Special Interrogatories. As such, you claimed a

    privilege log is not necessary at this time. However, you stated you would confer with your client and review your file to confirm this, and if anything has been withheld or in the future is withheld, you would promptly produce a privilege log as necessary, pursuant to Defendant's obligations under FRCP 26.
  - You also agreed to amend all RFP responses to state that despite your assertion of those objections, nothing is being withheld on the basis of those asserted objections.
  - For RFP Nos. 6, 13, 17, 18, & 29 you agreed to amend Defendant's responses to each to provide an additional substantive response stating that nothing has been withheld on the basis of privilege.
  - For RFP 33, which asks for all documents Defendant plans to rely upon at trial or in support of any motion, you expressly acknowledged your duty under the FRCP to amend this response accordingly without further request by Plaintiff if/when responsive information/documents become known to you or Defendant.
  - RFP's 47 & 48, we discussed Plaintiff's position that these are highly relevant and are not equally available to Plaintiff as they are to Defendant given the fact that Defendant is the author of these books. You disagreed and refused to produce them without Plaintiff paying for the cost of purchasing them. After internal discussions on Plaintiff's side, we have decided that, while we still maintain Defendant has a duty to produce these and they are not equally available to Plaintiff, in an effort to avoid lengthy discovery disputes and as a show of good faith, we will not to take this issue to an IDC.
- Interrogatories ("Rogs") (Set One):
  - Just like for the RFP's, with respect to Defendant's responses to the Rogs, you agreed to amend each response to state that despite Defendant's objections to these responses on the basis of 50 U.S.C. section 3121 (a), (b), and (c), as well as 18 U.S.C. section 798(a), (b), and (c), nothing has been withheld by Defendant on the basis of these objections. Additionally, just like for the RFP's you claimed a privilege log is not necessary at this time. However, you stated you would confer with your client and review your file to confirm this, and if anything has been withheld or in the future is withheld, you would promptly produce a privilege log as necessary, pursuant to Defendant's obligations under FRCP 26
  - For Rogs 13, 14, 16, and 17, you agreed to amend Defendant's responses to provide additional, substantive responses that include the information I requested in my August 19, 2024 meet and confer letter.
  - For Rogs 3, 4, 5, 6, 7, 8, 10, and 11, you stated that you will amend each of these to provide a substantive response as opposed to just the objections Defendant previously asserted, which either provide additional information or state that no such information exists or is known to Defendant. You also stated that you need to confer with Defendant to determine what (if any) substantive information he has to provide now that the protective order is entered and you will amend these responses accordingly, or submit a privilege log pursuant to FRCP 26 if you determine that anything is being withheld on the basis of privilege.
  - For Rog 13, you agreed to provide all necessary contact information for Michael Flynn known to Defendant and you would clarify Mr. Flynn's involvement in the publication , drafting, interviewing, etc. regarding the Capitol Times Magazine article that is the subject of this litigation. You also noted that Flynn did not interview Defendant for the

- article, which is what Rog 13 asks for, so you agreed to amend this response to provide the information about each person who did interview Defendant for the article and their appropriate contact information.
  - For Rog 16, which asks for Defendant to identify all documents that support his contention that his statements are true, to which he listed the Declaration of John Moynihan and recordings of the telephone calls Defendant produced, you agreed to amend this response to include all information known to Defendant about the identity of who left the recordings, the date/time they were left, who they were intended for, and all parties to the communication, as required by the defined term "COMMUNICATIONS" in these Rogs and as outlined in my August 19, 2024 meet and confer letter.
  - For Rogs 14 & 17, which seek for Defendant to (1) state all facts that support his contention the alleged statements are true, and (2) identify each instance in which the statements were published or republished, you agreed to amend these responses accordingly based on our definition of "DEFAMATORY STATEMENTS", regardless of whether Defendant contends his statements are true. I also pointed out that regardless of Defendant's contention that he did not make any defamatory statements, the definition provided in the Rogs' for "DEFAMATORY STATEMENTS" forms the scope of this request and does not intend for Defendant to admit they were defamatory, rather this was just the designation Plaintiff made for this definition.

**Defendant's meet and confer letters re: Plaintiff's amended discovery responses:**
- First, in the same manner that Defendant agreed to amend all responses to state that despite privilege objections, nothing has been withheld on the basis of those privileges and so no privilege log is needed. I agreed that if it comes to our attention that anything was withheld or will be withheld, we would promptly provide a privilege log pursuant to FRCP 26.
- Also, as an overarching issue, I agreed to provide renumbered amended responses that correspond to the correct discovery request numbers because when our amended responses we finalized, the numbering was off, as noted in Defendant's various meet and confer letters.
- Requests for Production ("RFP") (Set One):
  - For RFP's 1, 2, 3, 6, 7, 8, 9, 10, 12, 14, 16, & 17, I confirmed no privilege log was needed because nothing has been withheld.
  - For RFP 4, which asked for Plaintiff to produce documents evidencing death threats Plaintiff has received in connection with the Capitol Times Magazine article, I maintain that Plaintiff's response is code-compliant and that he does not have any such documents in his possession, custody, or control. With respect to whether the Secret Service has any such documents, they are a third party that is outside of Plaintiff's control and he is not obligated to obtain any such documents from third parties such as the Secret Service, to the extent they exist. You maintained that Plaintiff was obligated to obtain any responsive documents from the Secret Service or explain what efforts he took to obtain such documents. I disagreed. Plaintiff will not provide an amended response because his current response is sufficient as is and he has satisfied his discovery obligations in this regard. You also asked for an open extension on the deadline to file a motion to compel on this issue, which I rejected.
- Interrogatories ("Rogs") (Set One):

- For Rogs 3, 9, and 12, which all ask for Plaintiff to identify witnesses supporting either Plaintiff's damages claims or supporting Plaintiff's claim Defendant made the defamatory statements and repeatedly republished them, Plaintiff agrees to amend the responses to provide additional contact information for George Berges and Laura Nolan in addition to their respective attorneys' contact information, as you requested.
    - I agreed that my firm will accept service of all documents (subpoenas, etc.) on behalf of Melissa Cohen-Biden and Annett Wolf in this matter.
    - With respect to Anil Anwar, Michael Flynn, and Roger Stone, you agreed that no further information was necessary from Plaintiff.
    - I also agreed to amend Plaintiff's responses to RFA's 3, 9, and 12 to provide code-compliant language saying Plaintiff has performed a diligent search and reasonable inquiry into the requested information for all individuals identified. I also confirmed that Plaintiff does not know any requested contact information for Mary Jones, Johnson Hall, or Andrew Joseph. With respect to Emerald Robinson, we will provide what is publicly available, to the extent it is in fact available, because Plaintiff does not personally know this information.
- Requests for Admissions ("RFA") (Set One):
    - For RFA Nos. 1 & 2, Plaintiff will not amend these responses as we believe our amended responses are sufficient, as they provide relevant legal authority stating that such topics are inappropriate subjects to be sought by way of RFA's. You claimed there was countervailing legal authority that provides to the contrary. As such, I told you that if you provide me with such countervailing legal authority that refutes the authorities set forth in Plaintiff's amended responses to these RFA's, I will reconsider my position. However, without that, Plaintiff will not amend these without a Court order or the Court indicating at an IDC that Plaintiff should amend these.
    - For RFA's Nos. 23, 24, & 26, you agreed that Plaintiff's current amended responses in this regard are sufficient and no amendment was needed.

**Rule 26(f) Disclosures:**

- You requested that Plaintiff amend his current disclosures to list Plaintiff's efforts to obtain the contact information of the individuals listed therein for which Plaintiff stated "contact information known at this time" (Anil Anwar, Mary Jones, Johnson Hall, Andrew Joseph, etc.). I maintained our disclosures were code-compliant and there was nothing in the FRCP that required us to amend to explain the efforts we took to confirm contact information. You disagreed and said that the Rule 26 requires Plaintiff to provide such information. I asked for you to send me any legal authority that supports your position in this regard, which I have not received yet.
    - If you are able to substantiate your claim in this regard with relevant, applicable legal authority, then Plaintiff hereby demands Defendant amends his Rule 26 disclosures in the same manner, as needed.
- I will amend our current Rule 26 disclosures to provide further contact information for George Berges, as you demanded.
- I also agreed to amend Plaintiff's Rule 26 disclosures to provide the subjects of the information each identified witness will provide, as required by Rule 26. You agreed to amend Defendant's Rule 26 disclosures in the same manner to provide the subjects of the

- information each identified witness will provide as well.
- You agreed that Plaintiff does not need to list David Smith in his Rule 26 disclosures because he is a witness identified by Defendant, not Plaintiff.

**Defendant's Deposition:**

- I confirmed Plaintiff wants Defendant's deposition to be in-person, which you agreed to.
- We discussed the location of the in-person deposition of Defendant, and we discussed options in both Los Angeles and Florida, where Defendant resides. We have decided we want to take Defendant's deposition in Florida, not Los Angeles. Under the FRCP Plaintiff is entitled to take Defendant's deposition in any Federal District in which Defendant resides, one of which we understand to be the Southern District of Florida. Please confirm this and Plaintiff will designate the exact location thereafter and send a notice of deposition. You offered to provide a location in Florida, however this shall serve as notice that Plaintiff will designate the location, as he is entitled to do, so you do not need to do so.
- We also discussed the date for Defendant's deposition. After I proposed September 25, 2024, you said you were not available on that date. I then proposed September 30, 2024, which you stated you were available for and would confirm with your client. We want to proceed on September 30, 2024, pending your client's availability. Please confirm as soon as possible. We also noted that due to the Jewish Holidays in the early part of October, we would not schedule Defendant's deposition for any date that interferes with such holidays.
- You stated that if we do an in-person deposition for Defendant, nobody may participate by zoom or virtual means. We agree to this with respect to attorneys or third parties, however with respect to Plaintiff, he has a right to attend the deposition without having to travel to Florida to do so. Therefore, we reserve the right to have Plaintiff attend the deposition remotely by virtual means, if needed, in the same manner that Defendant attended Plaintiff's deposition by virtual means. We also agree that only one attorney for Plaintiff will ask questions and/or object.



**ZACHARY HANSEN | ASSOCIATE ATTORNEY**
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 9, 2024 12:30 PM