# EXHIBIT C

# EXHIBIT 2

| From: | Michael Murphy |
|---|---|
| To: | Zachary Hansen |
| Cc: | Bryan Sullivan; Salvaty, Paul B.; Michael Murphy, Jr.; Carmen; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A.; Robie Atienza-Jones |
| Subject: | RE: Biden v. Byrne |
| Date: | Monday, September 23, 2024 9:56:35 AM |
| Attachments: | image003.png |
|  | image004.png |
|  | image005.png |

Hi Zachary:

Here are my responses to the topics raised in your e-mail of this morning as follows:

1. <u>Defendant's Declaration:</u>

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████. 

2. <u>Defendant's Deposition:</u>

████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████

3.  Defendant's Discovery Responses:

Your contention that we failed to serve you with our client's verified further full responses to special interrogatories 3-8, 10-11 and 13-17 by Friday is false. On September 20, 2024, at 2:31 p.m., we served you with those full further responses and our client's declaration in the same e-mail. You admit you received our client's declaration but fail to explain how you could receive our client's declaration but not these discovery responses. I suggest that you start reading your e-mails. You have not met and conferred with us on those responses. You do not indicate how and in what manner those responses are not full and complete based on the information our client has in his possession custody and control. I do not know what you are talking about and perhaps that is because there is no basis for any complaints by you. The last IDC did not include our client's timely objections and service of his timely responses to your client's Third Request to Produce. You have not had any required meet and confer with us on the responses to the third request to produce documents. Those objections were proper because we objected to responding to the interrogatories that correspond to those requests to produce because they were in excess of the limit and number of interrogatories you could serve on our client and due to the objections to the interrogatories we objected to them and did not identify any documents relating to those interrogatories. You do not deny that the interrogatories that correspond to the request to produce were beyond the limit allowed by the code. You need to review your discovery requests before you write us e-mails and waste our time. As for the fourth request to produce, I will send you a code compliant response today and not one you think we should send that requires a response beyond that required by the code. Our client has already produced most of the documents being sought in the fourth request to produce.  We will provide you with responses without objection to your fourth request to produce and most of the documents being sought have already been produced. I will follow up with the production of any additional documents that he has in his possession, custody and control.

4.  Plaintiff's Medical Records:

Your client's medical records with his health care professional are in his possession, custody, and control. He has a duty to produce them. During his deposition, he identified two medical professionals but claimed they did not treat him for emotional distress, and he had no other doctors treat him. Then in response to our recent discovery and Rule 26f demands he then

lists a completely different doctor for the first time that he claims treated him for emotional distress and that we have to subpoena his medical records from that doctor which is nonsense. Your client must sign a HIPPA form to have his medical records released by his doctor to any third party whether they are voluntarily produced or by subpoena so he does have possession, custody and control over those records and must produce them. We renew our demand pursuant to our request to produce and Rule 26f that your client execute all necessary HIPPA forms at his doctor's office and have the doctor immediately send us all his medical records. Failing that, we want your client to drop his emotional distress claim. Our expert needs the medical records of your client's recently identified doctor to evaluate your client as a part of the IME and that evaluation will be prejudiced by your client's failure and refusal to produce his medical records that he is legally required to produce.

I am not sending you any IDC statement and will not join in a request for an IDC until you meet and confer in good faith with me on all the discovery issues set forth in this e-mail and as required by the code, local rules, and Judge Donahue's requirements. I anticipate hearing from you as soon as possible. Time is of the essence.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 8:07 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Michael,

I will address each pending discovery issue below.

**Defendant's Declaration:**

**Defendant's Deposition:**

**Defendant's Discovery Responses:**

The Court ordered you to serve "full" amended responses to Plaintiff's first set of Interrogatories Nos. 3-8, 10-11, & 13-17 by Friday September 20, 2024. You failed to do so in violation of the Court's order in that regard as well. Moreover, on September 5, 2024, your office served only objections in response to each and every request in Plaintiff's third set of Requests for the Production of Documents, and to date your office has not served any amended, substantive responses or documents despite my request to do so. Further, Plaintiff's fourth set of Requests for the Production of Documents were served on your office on August 21, 2024, thereby making Defendant's responses due on September 20, 2024. Your office did not serve any timely responses to these Requests for Production by that deadline and have thereby waived all objections. (See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) We demand full responses to Plaintiff's fourth set of Requests for the Production of Documents, without any waived objections, and a corresponding responsive document production by 12:00pm Tuesday September 24, 2024. Also, your office still has not served the further supplemental Rule 26 disclosures with the same additional information you demanded of Plaintiff (full contact information for all witness, the information each witness has, and all other disclosure information required of Mr. Byrne under Rule 26.) We intend to raise each of these issues with the Court in the IDC we request later today. Should you resolve any of these issues prior to the IDC occurring we will amend our position accordingly.

**Plaintiff's Discovery Responses:**

Next, with respect to your demand for my client to produce the medical records that Mr. Byrne's second set of Requests for the Production of Documents seek, my client has served a truthful and code-compliant set of responses stating that he does not have any such medical records in his possession, custody, or control, and is informed that such documents, to the extent they exist, are in the custody of the medical professionals he has identified. Plaintiff is not required to produce documents that are not within his own possession, custody, or control, including medical records. Just like with the secret service documents, you will need to serve a Rule 45 subpoena on those medical professionals to obtain those records. You have cited no law that requires my client to obtain such records from his medical providers. Your office has threatened to demand an IDC on this issue, so we will oppose that dispute on these grounds.

We will be requesting that the Court schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm. Please send me your IDC statement with respect to each issue noted above by 5:00pm today (Monday September 23rd) or I will unilaterally request an IDC on each of these issues.

I look forward to your prompt response.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Friday, September 20, 2024 2:31 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Attached are the following documents:

1. ███████████████████████████████████████
   █████████████████████████████████
   ███████████████████████████████████████
   ████████████████████████

2. Defendant Patrick M. Byrne's Further Responses to Special Interrogatories Set No. One From Plaintiff Hunter Biden.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Michael Murphy
**Sent:** Friday, September 20, 2024 12:32 PM
**To:** 'Zachary Hansen' <zhansen@earlysullivan.com>