# EXHIBIT E

# EXHIBIT 4

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen; Michael Murphy, Jr.; Carmen |
| **Cc:** | Bryan Sullivan; Salvaty, Paul B.; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A.; Robie Atienza-Jones |
| **Subject:** | Re: Biden v. Byrne (2:23-cv-09430) - Meet and Confer Letter |
| **Date:** | Tuesday, August 20, 2024 4:16:45 PM |

Zachary:

I will be returning to the office on Monday August 26, 2024. We can discuss the rule 26f disclosures and further responses to our respective written discovery requests on that date. We are agreeable with amending the responses to both as you are to your written discovery responses which we can discuss and resolve.

We will follow up with the IME of your client and the deposition of Mrs. Biden next week. The particulars can be worked out between us.

We will produce our client for his deposition. I will need to discuss with him the details of it when I get back next week and then contact you. I assume you do not want to do a zoom deposition.

I look forward to our meet and confer telephone call on Monday. Please provide me with some times when you are available to speak in the afternoon on Monday.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Tuesday, August 20, 2024 1:20 PM
**To:** Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; AbbeLowellPublicOutreach@winston.com <AbbeLowellPublicOutreach@winston.com>; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne (2:23-cv-09430) - Meet and Confer Letter

Michael,

I will address each of your points in turn herein.

First, while Defendant did provide amended responses to Plaintiff's initial discovery requests, they remain materially deficient in several ways, particularly with respect to various responses you assured me in our July 19th meet and confer call would be amended. Specifically regarding Michael Flynn, your representation that you do not identify Flynn as a witness in those amended responses is plainly false. In response to Interrogatory No. 13, which asked for Defendant to "IDENTIFY each PERSON who interviewed YOU for the PUBLICATION", Defendant stated "Michael Flynn" without any objections or qualifications. As such, we are entitled to Flynn's contact information that is known to

Defendant. The fact that we served Flynn with a subpoena is irrelevant because we are entitled to discovery into your client's knowledge of the address and phone number for the witnesses he has identified in discovery so we can conduct any further discovery as needed. Your refusal to provide such basic contact information for a witness your client clearly identified is an abuse of the discovery process. All the remaining issues are set forth in my meet and confer letter from yesterday (attached hereto for reference) and I advise that you review it carefully before just summarily declaring you will not be amending anything further. There are material deficiencies in some of the responses that Plaintiff does intend to move to compel on. I maintain that a meet and confer call would be beneficial for possibly negating some of those issues. However, if after a review of the attached meet and confer letter you still plan to refuse to provide any further amended responses, then please provide me your IDC statement and three dates that you are available for an IDC on these issues as soon as possible, but please note I am unavailable for any IDC next week (8/26 – 8/30).

Second, we will be serving further supplemental Rule 26 disclosures shortly with the contact information that is known to us for those identified therein, and any additional witnesses we deem necessary. This will include Melissa Cohen-Biden and we will make her available for deposition on a mutually available date after reasonable, good faith meet and confer efforts. Also, we hereby demand that Defendant likewise supplement his initial disclosures with all available contact information for each witness identified. This needs to be served in a proper pleading, because Defendant's last supplemental disclosures were simply sent in the text of an email, which is improper.

Third, we will agree to produce Plaintiff for an Independent Medical Evaluation on a mutually available date after the conclusion of his criminal trial in California, which is set to commence on September 5, 2024. However, first we will need further information from you about who will be the designated medical professional that will perform the examination, where the examination will take place, and the scope of the examination, before we agree to a date.

Fourth, we are in the process of amending our discovery responses pursuant to the various emails and letters we received from your office, and we will produce such amended responses on or before Monday August 26, 2024, as your office demanded. In this regard, I believe a meet and confer telephone call to discuss some of the issues noted in your various meet and confer correspondence would be beneficial. As such, I am available for a meet and confer call all day tomorrow and I have some limited availability on Thursday or Friday as well. As noted above, I believe we should also use that call to meet and confer on the issues in Defendant's amended responses as well (see attached meet and confer letter), if you are willing to reconsider your rejection of such a call. Please advise.

Fifth, we would like to schedule Defendant's deposition for either September 24th or 25th to be conducted in-person. Please advise as to whether either of those dates are agreeable. Please also advise as to whether we can conduct Defendant's in-person deposition in Los Angeles. If not, then please let us know what federal districts your client resides in, has a place of employment in, and/or place of business in, and we will notice his in-person deposition to occur in one of those locations instead.

I look forward to your prompt response to each of these issues. Thank you.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Tuesday, August 20, 2024 9:44 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Carmen <Carmen@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; gaellis@winston.com; AbbeLowellPublicOutreach@winston.com
**Subject:** Re: Biden v. Byrne (2:23-cv-09430) - Meet and Confer Letter

Hi Zachary:

I am out of town but have some time to address the discovery and other issues pending as follows:

1. On August 9, 2024 we provided you with our client's verified further responses to your special interrogatories. There is nothing more to provide you. We do not list Michael Flynn as a witness in those responses. We will serve you with an updated Rule 26 disclosure and will file it on Monday. You have Mr. Flynn's address on your subpoena.

2. We are waiting for the court to sign the order. We will then produce the tapes and our remaining documents. Alternatively, we will produce them if the judge rejects the stipulation. We are waiting to receive her ruling.

3. You were sent three e-mails by me last Saturday. Those deal with Mrs. Biden's deposition, the psychological testing of your client and the contact information for the witnesses identified in your client's responses and listed in your Rule 26 disclosure statement. Please respond to each of these e-mails by close of business today with a meaningful response or provide me with your IDC statement