# EXHIBIT F

# EXHIBIT 5

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen |
| **Cc:** | Bryan Sullivan; Salvaty, Paul B.; Michael Murphy, Jr.; Carmen; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A.; Robie Atienza-Jones |
| **Subject:** | RE: Biden v. Byrne |
| **Date:** | Monday, September 23, 2024 5:16:58 PM |
| **Attachments:** | image003.png<br>image004.png<br>image005.png |

Hi Zachary:

You indicated to me in an earlier e-mail that you were receiving the IDC transcript today pursuant to your order. We are unwilling to proceed to an IDC until we have a full and complete copy of the transcript. Let me know when you have it. I will then tender payment and you can e-mail us a copy of it. I will then follow up with our evaluation of the declaration.

You also have failed and refused to meet and confer on all the other discovery issues set forth below in your e-mail in violation of the code and the local rules of court. If you attempt to file an IDC today, we will file objections to the IDC request and ask the court to order you to properly meet and confer on all discovery issues set forth below before making the IDC request.

████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████ .

Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 4:15 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

First, I have not received the transcript for the last IDC yet, but your offer to pay for half of the invoice cost is agreeable. Please see the attached email invoice and please remit payment by check to my firm in the amount of $261.36. Once I receive the transcript I will forward you the same. ████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████
████████████████████████████████████████████████████████



Below are our IDC statements for each dispute. If I do not receive your respective IDC statements by 5:00PM today, or service of documents which make any of these issues moot, I will unilaterally request for the Court to schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm.

**Neutral List of Disputes:**

1. ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇
3. Dispute No. 3: Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Three and Four)
4. Dispute No. 4: Plaintiff's Medical Records

**Plaintiff's Statement for Each Dispute:**





- Dispute No. 3 – Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Two and Three):
    - On September 5, 2024, Defendant served only objections to Plaintiff's Third Set of Requests for the Production of Documents, and in response to Plaintiff's counsel's September 6, 2024 meet and confer email asking for confirmation that Defendant plans to serve amended, substantive responses, no response from Defendant was received. Moreover, Defendant's responses to Plaintiff's Fourth Set of Requests for the Production of Documents were due to be served on September 20, 2024, however Defendant failed to serve any timely responses or objections thereby waiving all objection (see *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) As of the date of this correspondence, Defendant has not served substantive, code-compliant responses to either of these sets of discovery or any corresponding document production, and, given the proximity of trial in less than three months, Plaintiff's counsel does not have time for protracted meet and confer discussions on this issue and instead brings it before the Court for quick resolution.
- Dispute No. 4 – Plaintiff's Medical Records:
    - At his deposition Plaintiff identified his treating psychiatrist with respect to his claimed emotional distress damages and then served a timely response to Defendant's second set of Interrogatories further identifying this individual. In response to Defendant's second set of Requests for the Production of Documents, which sought production of medical records, Plaintiff provided a true and code-compliant response which states that he does not have any such documents within his possession, custody, or control, but that, to the extent they exist, Plaintiff believes his medical providers would have such documents. As such, in order to obtain documents from third parties that Plaintiff himself has affirmed he does not have in his possession, custody, or control, Defendant must serve a Rule 45 subpoena on those third parties, and Plaintiff has already confirmed in writing to defense counsel that when that subpoena is served and timely notice is provided to Plaintiff, he will execute any necessary HIPPA Authorization forms required to release such documents.



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax

6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 23, 2024 12:55 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** Re: Biden v. Byrne

Hi Zachary:

Here are my responses to the issues raised in your e-mail below:

[redacted]

Defendant's Discovery Responses:

The request to produce number 3 is ripe for an IDC but should not be submitted until we have a further meet and confer on the other discovery issues in this e-mail.

We are providing you with a response to request for production number 4 today. Some of the documents requested in it have already been produced.

As to further responses to the first set of form interrogatories, you confirmed that in fact you did receive them.

[redacted]

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 12:09 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com <abbelowellpublicoutreach@winston.com>; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

See my below responses to each issue.



████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████

██████████
- ████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████
████████████████████████████

Defendant's Discovery Responses:
- Following your service of only objections in response to each request in Plaintiff's RFP's set three, on September 6, 2024, I sent you an email requesting your confirmation as to whether you planned to serve amended responses to Plaintiff's RFP's set three. I received no response from you. We do not have time to meet and confer with you any further on these responses and documents. You know our stated position with respect to them and if you do not serve full amended responses and document production by 5:00PM today, we will request an IDC on that issue.
- With respect to Defendant's failure to serve any timely responses to Plaintiff's RFP's set four, I met and conferred with you on that issue in my email this morning. We likewise do not have time for protracted meet and confer efforts on those issues. Either serve full amended responses without any waived objections and a full set of document production (including the requested portions of Mr. Byrne's passports) by 5:00PM today, or we will include this issue in our IDC request as well.
- On Friday your office served a document titled "Further Responses to Plaintiff's RFP No. 1" along with Mr. Byrne's declaration. Upon further review, despite having the incorrect title, this document appears to be Defendant's amended responses to Plaintiff Interrogatories (Set One) instead. As such, we retract our claims about these discovery responses being untimely. In the future, it would be helpful and would avoid unnecessary confusion if your office served appropriately titled documents.

██████████


[redacted]

I will wait until 5:00PM today for you to either serve appropriate responses to rectify the foregoing issues or send me your relevant IDC statements for each issue stated herein. If I do not receive the foregoing by 5:00PM today, I will proceed with requesting an IDC as stated in my prior email on these remaining issues.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 23, 2024 9:56 AM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Here are my responses to the topics raised in your e-mail of this morning as follows:

[redacted]



3. <u>Defendant's Discovery Responses:</u>

Your contention that we failed to serve you with our client's verified further full responses to special interrogatories 3-8, 10-11 and 13-17 by Friday is false. On September 20, 2024, at 2:31 p.m., we served you with those full further responses and our client's declaration in the same e-mail. You admit you received our client's declaration but fail to explain how you could receive our client's declaration but not these discovery responses. I suggest that you start reading your e-mails. You have not met and conferred with us on those responses. You do not indicate how and in what manner those responses are not full and complete based on the information our client has in his possession custody and control. I do not know what you are talking about and perhaps that is because there is no basis for any complaints by you. The last IDC did not include our

client's timely objections and service of his timely responses to your client's Third Request to Produce. You have not had any required meet and confer with us on the responses to the third request to produce documents. Those objections were proper because we objected to responding to the interrogatories that correspond to those requests to produce because they were in excess of the limit and number of interrogatories you could serve on our client and due to the objections to the interrogatories we objected to them and did not identify any documents relating to those interrogatories. You do not deny that the interrogatories that correspond to the request to produce were beyond the limit allowed by the code. You need to review your discovery requests before you write us e-mails and waste our time. As for the fourth request to produce, I will send you a code compliant response today and not one you think we should send that requires a response beyond that required by the code. Our client has already produced most of the documents being sought in the fourth request to produce.  We will provide you with responses without objection to your fourth request to produce and most of the documents being sought have already been produced. I will follow up with the production of any additional documents that he has in his possession, custody and control.



I am not sending you any IDC statement and will not join in a request for an IDC until you meet and confer in good faith with me on all the discovery issues set forth in this e-mail and as required by the code, local rules, and Judge Donahue's requirements. I anticipate hearing from you as soon as possible. Time is of the essence.


Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 8:07 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Michael,

I will address each pending discovery issue below.





**Defendant's Discovery Responses:**

The Court ordered you to serve "full" amended responses to Plaintiff's first set of Interrogatories Nos. 3-8, 10-11, & 13-17 by Friday September 20, 2024. You failed to do so in violation of the Court's order in that regard as well. Moreover, on September 5, 2024, your office served only objections in response to each and every request in Plaintiff's third set of Requests for the Production of Documents, and to date your office has not served any amended, substantive responses or documents despite my request to do so. Further, Plaintiff's fourth set of Requests for the Production of Documents were served on your office on August 21, 2024, thereby making Defendant's responses due on September 20, 2024. Your office did not serve any timely responses to these Requests for Production by that deadline and have thereby waived all objections. (See *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) We demand full responses to Plaintiff's fourth set of Requests for the Production of Documents, without any waived objections, and a corresponding responsive document production by 12:00pm Tuesday September 24, 2024. Also, your office still has not served the further supplemental Rule 26 disclosures with the same additional information you demanded of Plaintiff (full contact information for all witness, the information each witness has, and all other disclosure information required of Mr. Byrne under Rule 26.) We intend to raise each of these issues with the Court in the IDC we request later today. Should you resolve any of these issues prior to the IDC occurring we will amend our position accordingly.

**Plaintiff's Discovery Responses:**

Next, with respect to your demand for my client to produce the medical records that Mr. Byrne's second set of Requests for the Production of Documents seek, my client has served a truthful and code-

compliant set of responses stating that he does not have any such medical records in his possession, custody, or control, and is informed that such documents, to the extent they exist, are in the custody of the medical professionals he has identified. Plaintiff is not required to produce documents that are not within his own possession, custody, or control, including medical records. Just like with the secret service documents, you will need to serve a Rule 45 subpoena on those medical professionals to obtain those records. You have cited no law that requires my client to obtain such records from his medical providers. Your office has threatened to demand an IDC on this issue, so we will oppose that dispute on these grounds.

We will be requesting that the Court schedule an IDC on these issues for either Wednesday (September 25th) between 9:00am -11:00am, 12:00pm – 3:00pm or Thursday (September 26th) between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm. Please send me your IDC statement with respect to each issue noted above by 5:00pm today (Monday September 23rd) or I will unilaterally request an IDC on each of these issues.

I look forward to your prompt response.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Friday, September 20, 2024 2:31 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

Attached are the following documents:

1. ███████████████████████████████████████████

2. Defendant Patrick M. Byrne's Further Responses to Special Interrogatories Set No. One From Plaintiff Hunter Biden.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Michael Murphy
**Sent:** Friday, September 20, 2024 12:32 PM
**To:** 'Zachary Hansen' <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne





Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Friday, September 20, 2024 11:32 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>; AbbeLowellPublicOutreach@winston.com; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne







Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Thursday, September 19, 2024 1:52 PM
**To:** Abbe Lowell Public Outreach <AbbeLowellPublicOutreach@winston.com>; Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Kolansky, David A. <DKolansky@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>
**Subject:** RE: Follow Up

Counsel:

Attached to this e-mail are the following:

1. Defendant's further responses to Plaintiff's First Set of Request for Admissions.
2. ███████████████████████████████████████████

Very truly yours,

Michael C. Murphy, Esq.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Wednesday, September 18, 2024 8:07 PM
**To:** Abbe Lowell Public Outreach <AbbeLowellPublicOutreach@winston.com>; Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Kolansky, David A. <DKolansky@winston.com>; Michael Murphy, Jr. <michael.jr@murphlaw.net>; Carmen <Carmen@murphlaw.net>
**Subject:** Re: Follow Up

Counsel:

We are going to send you the declaration the court ordered. We are not required to do anything else.

Any attempt by you to try to change or modify the court's order relating to the contents of our client's declaration which is due Friday would constitute a motion for reconsideration. And you will not be able to show good cause for the court to exercise that extraordinary remedy which is used sparingly and particularly when you had two lawyers at the hearing and had ample time to