# EXHIBIT N

# Exhibit "G"

# Michael Murphy

| | |
|---|---|
| **From:** | Michael Murphy |
| **Sent:** | Wednesday, September 4, 2024 3:54 PM |
| **To:** | Zachary Hansen; Michael Murphy, Jr. |
| **Cc:** | Bryan Sullivan; Robie Atienza-Jones; Salvaty, Paul B.; Ellis, Gregory A.; AbbeLowellPublicOutreach@winston.com |
| **Subject:** | RE: Biden v. Byrne - Summary of September 2, 2024 Meet and Confer Call |

Hi Zachary:

I incorporate by reference herein my e-mail to you of today and in response to your e-mail of September 4, 2024. We renew our request that you cooperate with the prompt scheduling of an IDC with Magistrate Judge Donahue as to the discovery set forth in your e-mail of September 4, 2024.

I also further respond to the issues set forth in your letter as follows:

1. We disagree with your statement related to secret service records that we requested in request number 4. Your client has access to secret service records in that they are assigned to protect him and he must interact with them as his protective service. Your client has access to those records and must produce them. We will have a future IDC on this issue.

2. As to our Request for Admissions 1 and 2, we will file a motion for sanctions and request the attorney's fees and costs our client incurs having to prove up these admissions your client has failed and refused to admit in good faith in his responses to these requests for admissions. We are documenting all our attorney time and costs that we must spend on these issues to prove them up for law and motion as well as trial as well as used to support the motion.

3. We will let you know the location where our client will submit to an in-person deposition. Since your client would not agree to a zoom deposition for our client and after our client provided him and his counsel that accommodation which saved your client thousands of dollars in attorney's fees and costs but your client thinks nothing of foisting these same attorney's fees and expenses on our client which will result from an in person deposition of our client, we will not agree that your client can attend the deposition of our client using a zoom procedure. As I stated to you during our telephone call of September 3, 2024, it is a one for all and all for one proposition. Either our client's deposition is zoom for everyone involved or it is an in-person deposition for everyone involved including your client.

I look forward to receiving your IDC information by close of business today.


Very truly yours,

Michael C. Murphy, Esq.


**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Tuesday, September 3, 2024 4:55 PM
**To:** Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Robie Atienza-Jones <rjones@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; Ellis, Gregory A. <GAEllis@winston.com>; AbbeLowellPublicOutreach@winston.com
**Subject:** RE: Biden v. Byrne - Summary of September 2, 2024 Meet and Confer Call

1