# EXHIBIT Q

# Exhibit "J"

**Michael Murphy**

**From:** Michael Murphy
**Sent:** Monday, September 16, 2024 10:01 AM
**To:** Zachary Hansen; Michael Murphy, Jr.
**Cc:** Bryan Sullivan; 'AbbeLowellPublicOutreach@winston.com'; 'Salvaty, Paul B.'; Robie Atienza-Jones
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Zachary:

Here are my responses to the further responses I received from you to our discovery requests, your Rule 26(f) disclosures, and concerning our client's deposition as follows:

1. SI#9-We are entitled to the address, telephone number and e-mail for Anil Anwar, Mary Jones, Andrew Joseph and Johnson Hall that are listed in your response to this interrogatory. During his deposition, your client could not provide us with any information about these witnesses and did not know them. This case has been pending for ten months and since November 8, 2023. They are also listed in your Rule 26f disclosure without this required information. Either you should provide us with the required contact information for these witnesses or agree with a stipulation for a court order that you will not call them to testify during the trial of the case or mention anything about them during the trial for any reason.

2. RFP #1-18-n your responses to these requests to produce you indicate that you will produce all nonprivileged documents. You do not indicate if any documents have been withheld and we are entitled to a privilege log for all withheld nonprivileged documents that have not been produced. We also are entitled to the production of all documents that have not been produced by you. We are entitled to a further response to each of these requests to produce with this requested information, a privilege log and the production of all documents.

3. Rule 26f Supplemental Disclosure: The supplemental disclosure you provided to us is not code compliant and deficient. We do not have the telephone and e-mail address for Michael Flynn. We have no contact information for Anil Anwar, Mary Jones, Andrew Joseph and Johnson Hall. We are entitled to Mr. Berges e-mail address. We are entitled to Laura Nolan's e-mail address. This case has been pending for ten months and since November 8, 2023 and there is no excuse for your failure to provide this required information in your disclosure. Under Rule 26(a)(1)(A)(3), you are required to provide us detailed facts that support your client's claims and a detailed listing of all documents by claim and category that support your client's claim. No such information is provided in the disclosure. We also are entitled to a detailed breakdown by category of all damages your client is seeking for each damage claim and all documents identified by category that support each damage claim. If you do not want to provide us with this required and mandated information in your disclosure, we can stipulate to a court order that you cannot offer such information and evidence during the trial of this case or mention it. Otherwise, we are entitled to a full and proper Rule 26f disclosure and are demanding it herein.

4. 

1

5. <u>Two Key Witnesses</u>: We intend to provide further responses to your SI 3, 4, 5, 6, 7, 8, 10,11, 13, 13, 14, 16, and 17 as soon as we resolve the two witness issues. As we previously explained to you, our client is concerned about violating federal law cited in our responses to the interrogatories and being prosecuted by our government for making the disclosures of the two witnesses involved in the case. Our client is also concerned for the personal safety and well being of these two witnesses. The current protective order does not address these concerns. We are proposing that with your cooperation we can submit the names of the two witnesses to the FBI and obtain the permission of the justice department to disclose the names of the two witnesses in discovery in this case. We also request that every effort must be made by counsel and the parties to protect the two witnesses' identification and not have their identifies disclosed in this case to any third parties to ensure that they are not harmed or killed. Perhaps the court can order a DOE designation for each of the two witnesses as an appropriate remedy once we obtain permission from the U.S. Government to disclose them in discovery and only counsel would know their identity.

6. As for requests 6, 9, 10, 11, 12, 13, 15, 16, 17, 18, 19, 22, 23, 24, 25, 26, 27, 28, 8, 38, 39, 40, 41, 42, 43, 44, 14, 20, 21, 30, 29, and 45, we will provide a further response as requested by you to each of these requests to produce and by close of business today.

Let me know if there are any other current discovery issues that need to be addressed and added to the list. We can then conduct a meet and confer as required by the code and prior to scheduling an IDC with Magistrate Judge Donahue. I look forward to hearing from you soon.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 16, 2024 8:40 AM
**To:** Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; 'AbbeLowellPublicOutreach@winston.com' <abbelowellpublicoutreach@winston.com>; 'Salvaty, Paul B.' <PSalvaty@winston.com>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Federal Case No.: 2:23-cv-09430-SVW-PD)

Hi Michael,

I did not hear back from you on Friday or over the weekend. Please let me know when you will be available today to conduct a meet and confer call regarding the outstanding discovery issues before we schedule an Informal Discovery Conference with Judge Donahue. I am available any time today except between 9:00AM and 11:00AM. These issues are urgent. We cannot delay this any further.

Once again, please also respond to my prior email with our additional inquiries concerning your claims surrounding Mr. Byrne's deposition. I look forward to your prompt response.

Best Regards,

Zachary Hansen