# EXHIBIT R

# Exhibit "K"

**Michael Murphy**

| | |
|---|---|
| **From:** | Michael Murphy |
| **Sent:** | Tuesday, September 24, 2024 9:44 AM |
| **To:** | Zachary Hansen; pdchambers@cacd.uscourts.gov |
| **Cc:** | Bryan Sullivan; Salvaty, Paul B.; AbbeLowellPublicOutreach@winston.com; Michael Murphy, Jr. |
| **Subject:** | RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request |

Dear Honorable Magistrate Judge Donahue:

Mr. Hansen just notified me that he will not send me the entire transcript to review until his office receives payment from us for our portion of the invoice for the transcriprt. Therefore, I will not have the entire transcript until this afternoon. I must locate a courier, determine from Mr. Hansen where to deliver the check, and then have that check issued and delivered to his office. I once again request that the court make no rulings or decisions and delay setting an IDC until we have a chance to obtain the entire transcript from Mr. Hansen which he is unreasonably withholding from us until he receives our paltry payment of $261.36. I am working on it now.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Tuesday, September 24, 2024 9:26 AM
**To:** Michael Murphy <michael@murphlaw.net>; pdchambers@cacd.uscourts.gov
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; AbbeLowellPublicOutreach@winston.com; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request

Dear Honorable Magistrate Judge Donahue and Mr. Murphy,

Our office received the transcript from the September 18, 2024 IDC this morning. I have attached the relevant portions hereto, and as previously stated to Mr. Murphy, I will send his office the entire transcript [redacted] portion of the transcript fee. [redacted]

For the sake of clarity, I have attached Mr. Byrne's declaration to this email for the Court to review. **This declaration is designated as "highly confidential" pursuant to paragraph 8 of the Stipulated Protective Order (Dkt. #63) and I am hereby designating is as Magistrate Judge's Eyes Only** for purposes of this correspondence, and it may only be filed in this matter under seal.

Moreover, with respect to Mr. Murphy's objection to my request for an IDC yesterday, my emails to Mr. Murphy regarding the pending discovery disputes are a continuation of ongoing meet and confer efforts and the issues discussed at the September 18th IDC, and thus there is no further obligation to meet and confer on the same issues more than we already have tried. This is particularly evident in light of Mr. Murphy's emails on these issues indicating his refusal to consider any of Plaintiff's positions regarding the same. Defendant's insistence on conducting more futile meet and confer efforts on these same issues is just another delay tactic. As the Court recently pointed out, the parties are less than three months before trial and time is off the essence to resolve these discovery disputes. The Court's time and consideration of these issues is greatly appreciated.

Respectfully,

Zachary Hansen
Counsel of Record for
Plaintiff Robert Hunter Biden

ZACHARY HANSEN | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, September 23, 2024 7:24 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>; pdchambers@cacd.uscourts.gov
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; AbbeLowellPublicOutreach@winston.com; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Subject:** Re: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request

Dear Magistrate Judge Donahue:

We object to an IDC being set at this time. Plaintiff's counsel has not engaged in a good faith meet and confer on the discovery issues below in his e-mail in compliance with the local rules. They have failed to include in those listed issues their deficient responses to our Fourth Request to Produce, their failure to produce all documents and a privilege log,

and their recent Rule 26f disclosure that they served on us is not full and complete as ordered by the court at the last IDC.

They agreed to produce a transcript of the last hearing that they ordered on a 24 hour basis last Friday which means they were to receive it today by e-mail and send it to us. They were supposed to get it today and send it to us but failed to produce it and have rushed in to do an IDC. It is needed to have a further meet and confer on Defendant's declaration and deposition issues.

They insist on having an IDC without the transcript so that defendant cannot have a fair hearing at the IDC. They should be ordered to produce the transcript and allow us two days to review it and address any issues in a meet and confer with opposing counsel before an IDC is scheduled by the court.

Counsel also did not meet and confer in good faith for available dates. The dates they are requesting were unilaterally put in their request without obtaining our agreement and approval as required by the court's local rules and The IDC rules. I am tied up in deposition on both Wednesday and Thursday this week all day in another matter that was scheduled three weeks ago.

Accordingly, the court is requested to order plaintiff's counsel to produce the transcript, (we agreed to pay one half the costs), meet and confer on all discovery issues which they have not done, include all discovery issues (which they have not) in the IDC request and not submit a IDC request without clearing the dates and allowing us two days to review the transcript.

The court's assistance with this matter is greatly appreciated.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, September 23, 2024 6:46 PM
**To:** pdchambers@cacd.uscourts.gov <PDChambers@cacd.uscourts.gov>
**Cc:** Bryan Sullivan <bsullivan@earlysullivan.com>; Salvaty, Paul B. <PSalvaty@winston.com>; AbbeLowellPublicOutreach@winston.com <abbelowellpublicoutreach@winston.com>; Michael Murphy <michael@murphlaw.net>; Michael Murphy, Jr. <michael.jr@murphlaw.net>
**Subject:** RE: Robert Hunter Biden v. Patrick M. Byrne (Case No.: 2:23-cv-09430-SVW-PD) - Informal Discovery Conference Request

Dear Magistrate Judge Donahue,

I am hereby requesting that the Court schedule an Informal Discovery Conference ("IDC") for the following ongoing discovery disputes. Defense counsel has refused to provide his respective IDC statements, despite multiple requests by Plaintiff's counsel to do so in a timely manner, and thus I am unilaterally submitting Plaintiff's respective IDC statements to the Court. Given the proximity of the December 10, 2024 trial date, we could not wait any longer to resolve these issues. Plaintiff's counsel is available to participate in an IDC with the Court this week on Wednesday September 25, 2024 between 9:00am -11:00am, 12:00pm – 3:00pm, or Thursday September 26, 2024 between 9:00am – 11:00am, 12:30pm – 2:30pm, or 4:30pm – 5:30pm. The Court's time and consideration of these issues is very much appreciated. Thank you.

**Neutral List of Disputes:**

[redacted]

3. Dispute No. 3: Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Three and Four)
4. Dispute No. 4: Plaintiff's Medical Records

**Plaintiff's Statement for Each Dispute:**

- Dispute No. 3 – Defendant's Responses to Plaintiff's Requests for the Production of Documents (Sets Two and Three):
    - On September 5, 2024, Defendant served only objections to Plaintiff's Third Set of Requests for the Production of Documents, and in response to Plaintiff's counsel's September 6, 2024 meet and confer email asking for confirmation that Defendant plans to serve amended, substantive responses, no response from Defendant was received. Moreover, Defendant's responses to Plaintiff's Fourth Set of Requests for the Production of Documents were due to be served on September 20, 2024, however Defendant failed to serve any timely responses or objections thereby waiving all objection (see *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992) ("Failure to object to discovery requests within the time required constitutes a waiver of any objection"; FRCP 34.) As of the date of this correspondence and despite promises to serve responses by end of day on Monday September 23,

2024, Defendant has not served substantive, code-compliant responses to either of these sets of discovery or any corresponding document production, and, given the proximity of trial in less than three months, Plaintiff's counsel does not have time for protracted meet and confer discussions on this issue and instead brings it before the Court for quick resolution.

- Dispute No. 4 – Plaintiff's Medical Records:
    - At his deposition Plaintiff identified his treating psychiatrist with respect to his claimed emotional distress damages and then served a timely response to Defendant's second set of Interrogatories further identifying this individual. In response to Defendant's second set of Requests for the Production of Documents, which sought production of medical records, Plaintiff provided a true and code-compliant response which states that he does not have any such documents within his possession, custody, or control, but that, to the extent they exist, Plaintiff believes his medical providers would have such documents. As such, in order to obtain documents from third parties that Plaintiff himself has affirmed he does not have in his possession, custody, or control, Defendant must serve a Rule 45 subpoena on those third parties, and Plaintiff has already confirmed in writing to defense counsel that when that subpoena is served and timely notice is provided to Plaintiff, he will execute any necessary HIPPA Authorization forms required to release such documents.

Respectfully,

Zachary Hansen
Counsel for Plaintiff
Robert Hunter Biden

**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.