# EXHIBIT 5

| | |
|---|---|
| **From:** | Michael Murphy |
| **To:** | Zachary Hansen |
| **Cc:** | Michael Murphy, Jr.; Bryan Sullivan; AbbeLowellPublicOutreach@winston.com; Salvaty, Paul B.; Carmen; Robie Atienza-Jones; Ellis, Gregory A. |
| **Subject:** | RE: Biden v. Byrne |
| **Date:** | Tuesday, October 8, 2024 10:44:04 AM |

Hi Zachary:

I had a chance to review your client's offer to resolve the deposition issues relating to our client with him. He declines to accept your offer to be deposed in Paris and London for the following reasons:

1. According to the United States State Department's Legal Advisory Section on its website, both are a part of the Hague Convention. Permission must be obtained by the French and English governments for a court ordered deposition to be taken of our client in either of those two countries. Letters Rogatory must be issued by the court and presented to those governments. It will take at least four to six weeks to obtain permission from those governments and before we could even have the deposition taken.

2. Your client does not want to pay our client's attorney's fees and costs for travel to either country. If the court ordered that the deposition of our client be taken in either country, he would have to pay those fees and costs if our client is required by the court to travel anywhere for his deposition and other than Dubai.

3. According to the United States State Department's Legal Advisory Section on its website, Dubai is not a part of the Hague Convention. There are no restrictions on the taking of depositions there. You fly in with your professionals. You take the deposition and leave. Our client has agreed to pay for all attorney's fees (one attorney) and all costs of travel and accommodations for the taking of his deposition there except for the time spent by the attorney and professionals taking his deposition.

4. Since Dubai is not a part of the Hague convention, the Federal Rules of Civil Procedure and the Federal Rules of Evidence apply to the taking of our client's deposition which means the court can alternatively order a zoom deposition be taken of our client. The advantages to a zoom deposition are that it can be scheduled and taken in less than four to six weeks. It is a cost-effective means to take the deposition. And the professionals you select such as your videographer and court reporter can download all exhibits in advance and bring them up on screen share either on the main screen or in chat at the request of counsel for plaintiff to use them during the deposition. Our client can be put in the main screen instead of the gallery so he can easily be seen as if he is physically present during the deposition. Your client's deposition was taken by zoom and saved a lot of money in attorney's fees and costs. We handle a lot of complex litigation cases involving many attorneys from many law firms and we have used zoom for the taking depositions in all of those cases.

Therefore, we request that our client's deposition be taken by zoom. Alternatively, if your client insists he needs a in person deposition of our client to resolve this dispute that it be taken in Dubai with your office bringing the two qualified professionals to take the deposition  and with our client paying the costs outlined in this e-mail.

Please let me know how you would like to proceed. Our joint brief is due tomorrow. I look forward to hearing from you soon.


Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, October 7, 2024 3:05 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>; AbbeLowellPublicOutreach@winston.com; Salvaty, Paul B. <PSalvaty@winston.com>; Carmen <Carmen@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>; Ellis, Gregory A. <GAEllis@winston.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

Thank you for taking my call a few minutes ago. This email shall serve as a summary of my proposal to you with respect to Mr. Byrne's deposition in this matter. As I stated at the beginning of our call, notwithstanding this proposal, Plaintiff expressly reserves the right to assert any argument regarding the location of Mr. Byrne's deposition going forward and does not waive any argument or objection in that regard as a result of this proposal.

In an effort to resolve the dispute regarding the location of Mr. Byrne's deposition without the need for further court involvement and to avoid any further delays in this regard, I proposed to you that the parties agree to conduct the in-person deposition of Mr. Byrne at the offices of Winston & Strawn LLP in either Paris, France (68 Rue du Faubourg Saint-Honore, 75008 Paris, France) or London, England (Level 33, 100 Bishopsgate, London, England EC2N 4AG) on a mutually available date before the end of October 2024. Each party shall bear their own travel expenses and attorney's fees in full, and the parties agree to split the deposition-related costs (court reporter, videographer, etc.). The parties shall stipulate that the deposition would proceed and be conducted pursuant to the Federal Rules of Civil Procedure, Federal Rules of Evidence (including all applicable privileges thereunder), the Central District of California Local Rules, all parties shall abide by those same laws, and the deposition would be fully admissible in this action, including at trial. This would be significantly cheaper than what Mr. Byrne estimated would be about $70K-$80K to pay for the deposition to occur in Dubai and pay for all of Plaintiff's counsel's expenses related thereto. Also, our research suggests that an in-person deposition of a U.S. citizen for use in a U.S. lawsuit can lawfully occur in either Paris or London by stipulation to the Federal Rules of Civil Procedure and all other applicable evidentiary and privilege rules. Moreover, if the parties agree to this proposal, there

would be no need for further briefing on this issue and the parties' agreement in this regard can remain confidential such that there is no public record of Defendant's plans to travel to either Paris or London for the deposition so as to assuage any fears or concerns he has in that regard. Finally, the stipulation regarding the deposition procedures can be filed with the Court under seal to effectuate that confidentiality as well.

You stated that you need to discuss this option with your client and then would respond with an answer as soon as you are able to in light of the briefing on this issue that is due to the Court on Wednesday of this week (October 9, 2024). You also stated that a condition of yours would be that despite how many attorneys attend the deposition (either in-person or remotely), only one attorney will be allowed to ask any questions at the deposition. I stated that I do not think that will be a problem for us and that would not otherwise hold up this agreement if Mr. Byrne and your office agree to proceed with this proposal.

Thank you and I look forward to your response. Please let me know as soon as possible if anything in this email does not accurately reflect our telephone conversation today.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Monday, October 7, 2024 12:17 PM
**To:** Zachary Hansen <zhansen@earlysullivan.com>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>; AbbeLowellPublicOutreach@winston.com; Salvaty, Paul B. <PSalvaty@winston.com>; Carmen <Carmen@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Zachary:

How about 2:30 p.m.? You can reach me on my cell at (805) 405-6219.

Very truly yours,

Michael C. Murphy, Esq.

---

**From:** Zachary Hansen <zhansen@earlysullivan.com>
**Sent:** Monday, October 7, 2024 11:04 AM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Michael Murphy, Jr. <michael.jr@murphlaw.net>; Bryan Sullivan <bsullivan@earlysullivan.com>; AbbeLowellPublicOutreach@winston.com; Salvaty, Paul B. <PSalvaty@winston.com>; Carmen <Carmen@murphlaw.net>; Robie Atienza-Jones <rjones@earlysullivan.com>
**Subject:** RE: Biden v. Byrne

Hi Michael,

Do you have some availability for a phone call with me today? Please advise. Thank you.

Best Regards,

Zachary Hansen



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

---

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.