Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:     Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT AND/OR FOR SUMMARY ADJUDICATION AS TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Defendant's Statement of Uncontroverted Facts; the Declaration of Michael C. Murphy; Request for Judicial Notice; Proposed Judgment*]<br><br>Date:       November 25, 2024<br>Time:       1:30 p.m.<br>Courtroom:  "10A" |

i.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on November 25, 2024, at 1:30 pm in Courtroom 10A, of the above-entitled Court, located at First Street Courthouse, 350 W. 1st Street, 10th Floor, Los Angeles, California, Defendant Patrick Byrne will and hereby does, move this Court pursuant to Federal Rule of Civil Procedure Rule 56(a) for an order granting summary judgment and on the ground that there is no triable issue of fact and Defendant is entitled to judgment as a matter of law because Plaintiff is a public figure and does not have proof of clear and convincing evidence of malice on the part of the Defendant.

In the alternative, and pursuant to Federal Rule of Civil Procedure Rule 56(a), Defendant moves for summary adjudication of issues in favor of Defendant, and against Plaintiff, Robert Hunter Biden, on his single cause of action for Defamation on the following issues:

1. Plaintiff is an All-Purpose Public Figure
2. Plaintiff cannot prove with clear and convincing evidence Defendant acted with actual malice.

This motion is made following two attempts at a conference of counsel by Defendant's counsel pursuant to Local Rule 7-3 the first of which was made by Defendant's counsel on August 17, 2024 and both of which were ignored by Plaintiff's counsel.

This motion is based on this Notice of Motion, all the pleading, papers, and records filed in this action, the attached Memorandum of Points and Authorities, the supporting Declaration of Michael C. Murphy, Esq., the Separate Statement of Uncontroverted Facts, the Request for Judicial Notice, and upon such oral and documentary evidence as may be presented to the court at the hearing of the motions.

ii.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT
Case No. 2:23-cv-09430-SVW-PD

Dated: October 28, 2024          LAW OFFICES OF MICHAEL C. MURPHY

                                              By:  /s/ Michael C. Murphy, Esq.
                                              _____
                                              Michael C. Murphy, Esq.
                                              Michael C. Murphy, Jr., Esq.
                                              Attorneys for Defendant,
                                              Patrick Byrne

iii.

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

# TABLE OF CONTENTS

I.  INTRODUCTION……………………………………………..……1

II. STATEMENT OF FACTS……………………………………..……...1

   A. Undisputed Facts……….…………………………………………...1

      1. *Plaintiff is a Public Figure*…...………………………………1

      2. *Plaintiff Has No Clear and Convincing Evidence to Demonstrate Actual Malice*………………………………..2

III. LEGAL ARGUMENT…………………………………………..……3

   **A. Standards for Bringing a Motion for Summary Judgment**….……..3

   **B. The Law Applicable to Plaintiff's Claim for Defamation Per Se**…..5

      1. *Elements of Defamation Per Se*……………………………5

      2. *All-Purpose Public Figure*………………………………...5

      3. *Actual Malice Standard*……………………………………6

      4. *Clear and Convincing Evidence*…………………………...8

   **C. Plaintiff is an All-Purpose Public Figure**………………...…………..8

   **D. Plaintiff Cannot Prove By Clear and Convincing Evidence that Defendant Acted with Actual Malice**…………………………..9

IV. CONCLUSION……………………………………..……………...11

iv.

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# TABLE OF AUTHORITIES

Page No.

**Cases**

*Anderson v. Liberty Lobby, Inc.*
 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986) ........................................ 3, 4, 10

*Antonovich v Superior Court*
 (1991) 234 Cal.App.3d 1041, 1047 ................................................................. 7

*Barlow v. Ground*
 943 F.2d 1132, 1134 (9th Cir. 1991) ............................................................... 4

*Binderim v Mitchell*
 (1979) 92 Cal.App.3d 61, 73 ........................................................................... 7

*Celotex Corp. v. Cattrett*
 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986) ................................. 3, 4, 10, 11

*Colorado v New Mexico*
 (1984) 467 U.S. 310 ......................................................................................... 8

*Curtis Publishing Co. v Butts*
 (1967) 288 U.S. 130 ......................................................................................... 6

*Gertz v Robert Welch, Inc.,*
 (1974) 418 U.S. 323, 351 ................................................................................. 6

*Gomes v Fried*
 (1982) 136 Cal.App.3d 924, 934-935 ............................................................. 6

*Herman & MacLean v Huddleston*
 (1983) 459 U.S. 375, 389-390 ......................................................................... 8

*In re Angelia P.*
 (1981) 28 Cal.3d 908, 919 ............................................................................... 8

*In Re David C.*
 (1984) 152 Cal.App.3d 1189, 1208 ................................................................. 8

*Jackson v Mayweather*

v.

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

(2017) 10 Cal.App.5th 1240, 1259...................................................................................5

*Jackson v Paramount Pictures Corp.,*

(1998) 68 Cal.App.4th 10, 33.........................................................................................8

*Johnson v. Diversicare Afton Oaks., LLC.*

597 F3d 673, 676 (5th Cir. 2010)...................................................................................5

*Lujan v. Nat'l Wildlife Fed'n*

497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990).........................................................4

*Masson v New Yorker Magazine*

(1991) 501 U.S. 496, 510.............................................................................................7

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*

475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986).........................................................4

*Melaleuca, Inc. v Clark*

(1998) 66 Cal.App.4th 1344, 1365...............................................................................7

*New York Times Co. v Sullivan*

(1964) 376 U.S. 254, 270.........................................................................................6, 8

*Nissan Fire & Marine Ins. Co. Ltd., v. Fritz Cos., Inc.*

210 F.3d 1099, 1102-03 (9th Cir. 2000) ...................................................................3, 4

*Philadelphia Newspapers, Inc. v Hepps*

(1986) 475 U.S. 767, 770-777......................................................................................6

*Portsmouth Square, Inc. v. Shareholders Protective Committee*

770 F.2d 866, 869 (9th Cir. 1985) ................................................................................4

*Reader's Digest Assn., v Superior Court*

( 1984) 37 Cal.3d 244, 253......................................................................................6, 8

*Sanborn v. Chronicle Pub. Co.*

(1976) 18 Cal.3d 406, 413............................................................................................6

*Schoen v Schoen* 48 F.32d 412, 417

(9th Cir. 1995) ..............................................................................................................6

*SEC v. Seaboard Corp.*

vi.

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES  AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

677 F.2d 1301, 1306 (9th Cir. 1982)..................................................................................4

*St. Amant v Thompson*

(1968) 390 U.S. 727, 731 ..............................................................................................6, 7

*Stolz v KSFM 102 FM*

(1994) 30 Cal.App.4th 195, 203-204 ................................................................................5

*Times, Inc. v Pape*

(1971) 401 U.S. 279 ..........................................................................................................7

*Vandenburg v Newsweek, Inc.*

507 F.2d 1024, 1028 (5th Cir. 1975)..................................................................................7

*Walker v. Armco Steel Corp.*,

(1980) 446 U.S. 740, 750 ..................................................................................................5

*Walker v. Armco Steel Corp.*,

446 U.S. 740, 750 (1980) ..................................................................................................5

*Weiner v Fleischman*

(1991) 54 Cal.3d 476, 487 ................................................................................................8

*Young v CBS Broadcasting, Inc.*

(2012) 212 Cal.App.4th 551, 563 .....................................................................................6

**Statutes**

42 U.S.C. § 12182(b)(2)(A)(iv)-(v) ...................................................................................6

*California Civil Code* §45..................................................................................................5

**Rules**

Rule 56(a) of the <u>Federal Rules of Civil Procedure</u> ........................................................3

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT
Case No. 2:23-cv-09430-SVW-PD

# MEMORANDUM OF POINTS & AUTHORITIES

## I.     INTRODUCTION

Defendant Patrick Byrne hereby moves this Court for an order granting him summary judgment or in the alternative for summary adjudication of issues in his favor on the following grounds: (1) Plaintiff is an all-purpose public figure. (2) Plaintiff cannot establish that Defendant made his statements with actual malice because Plaintiff has no "clear and convincing" evidence of actual malice by the Defendant.

It is respectfully submitted that this Court grant Defendant's Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment ("Motion") in its entirety because Plaintiff has failed to make a sufficient showing that there are no triable issues of material fact as to any of the claims, issues, or affirmative defenses in this case and Defendant is entitled to a judgment as a matter of law.

## II.     STATEMENT OF FACTS

### A. Undisputed Facts

1. *Plaintiff is a Public Figure*

Plaintiff's reputation precedes him. Plaintiff is a well-known public figure, and a household name. Plaintiff is the son of the President of the United States of America. (Defendant's Statement of Uncontroverted Material Facts ("UMF") No. 1.) Plaintiff admitted in his deposition that he has appeared publicly with his father both during his father's vice-presidency, and during his father's presidency. He has been the subject of numerous public controversies over the last several years. He is a well-known drug addict and alcoholic. (UMF Nos. 3, 8, 10, 11, 19, 20, 26.)

Plaintiff's business dealings with foreign entities have been scrutinized publicly by media outlets and Congress. He has been credibly accused of using his family's name to help foreign entities influence U.S. policy. (UMF Nos. 19, 22.)

1.

Coverage of Plaintiff's and his family's multiple scandals is featured across media outlets from around the world.

Plaintiff has also tried to reinvent himself, first as an author, then as an artist. He published his book, "Beautiful Things," on April 6, 2021, in which he highlighted his struggles with alcohol and drug addiction, and his marital problems. (UMF No. 3.) Plaintiff's book reached the bestseller's list for several national and international publications, including the New York Times' bestseller list. (UMF Nos. 3-6.) And it's no wonder, because Plaintiff actively engaged the press to promote his book, both nationally and internationally. (UMF No. 7-18.) He debuted his artwork in the fall of 2021 at the George Berges Gallery. (UMF No. 21.)

Plaintiff has since added "convicted felon" to his roster of controversies. On September 14, 2023, a federal grand jury indicted him on 3 felony firearm charges. (UMF No. 24.) On December 7, 2023, a grand jury indicted Plaintiff for a total of 9 misdemeanor and felony tax-related charges. (UMF No. 25.) On June 11, 2024, a jury of Plaintiff's peers convicted him of lying about his drug use on ATF Form 4473 when he purchased a Colt Cobra 38SPL on October 12, 2018. On September 5, 2024, Plaintiff pleaded guilty to all 9 misdemeanor and felony tax-related charges. On December 10, 2024, and on the first day of trial, Plaintiff faces sentencing for his convictions.

2. *Plaintiff Has No Clear and Convincing Evidence to Demonstrate Actual Malice*

Plaintiff's complaint alleges Defendant made statements on "The Absolute Truth" with Emerald Robinson on May 10 and 11, 2023. (UMF No. 34.) Plaintiff alleges Defendant published his statements in a "Capitol Times Magazine" article published on or about June 27, 2023. (UMF No. 27.) Plaintiff alleges in his complaint that Defendant reposted bits of his "Capitol Times Magazine" article on

2.

or around October 8, 2023. (UMF No. 33.)

Plaintiff admitted in his deposition that he could not say whether Defendant ever made statements about Plaintiff with any ill will. (UMF No. 43-44.) Plaintiff admitted in his deposition that he has no personal knowledge whether Defendant knew the statements Defendant made were false. (UMF No. 38.) Plaintiff did not know whether Defendant harbored serious doubts about the veracity of the statements he alleged Defendant made. (UMF No.39.) Plaintiff testified that he has no knowledge whether Defendant traveled to the Middle East. (UMF No. 28.) Plaintiff admitted he could neither confirm nor deny whether Defendant met anyone while in the Middle East. (UMF No. 29-30.) Plaintiff admitted he did not know if Defendant actually obtained the voicemail discussions mentioned in the Capitol Times article. (UMF No. 31.) Likewise, Plaintiff has no knowledge whether Defendant turned over the voicemails to the government. (UMF No. 32.)

### III. LEGAL ARGUMENT

**A. Standards for Bringing a Motion for Summary Judgment**

Rule 56(a) of the Federal Rules of Civil Procedure authorizes the granting of summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The standard for granting a summary judgment is the same as for granting a directed verdict. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 250, 106 S.Ct. 2505, 2511 (1986). Judgment must be entered if under the governing law, there can be but one reasonable conclusion as to the verdict. (*Id.*)

The moving party has the initial burden of proof of identifying relevant portions of the record that demonstrate an absence of facts or fact necessary for one or more essential elements of each cause of action upon which the moving party seeks judgment. *Celotex Corp. v. Cattrett* 477 U.S. 317, 323, 106 S. Ct. 2548, 2553 (1986). If the moving party fails to carry its initial burden of production, the

nonmoving party has no obligation to produce anything. *Nissan Fire & Marine Ins. Co. Ltd., v. Fritz Cos., Inc.* 210 F.3d 1099, 1102-03 (9th Cir. 2000).

If the moving party has sustained its burden, the burden then shifts to the nonmovant to identify specific facts, drawn from materials in the file, that demonstrate that there is a dispute as to material facts on the elements that the moving party has contested. *Celotex*, supra, 477 U.S. at 324; *Anderson*, supra 242 U.S. at 256. A factual dispute is material only if it affects the outcome of the litigation and requires a trial to resolve the parties' differing versions of the truth that are supported by admissible evidence. *SEC v. Seaboard Corp.* 677 F.2d 1301, 1306 (9th Cir. 1982). Summary judgment must be granted for the moving party if the nonmoving party fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex*, supra, 477 U.S. at 322; *Anderson*, supra, 477 U.S. at 252.

In determining whether a triable issue of fact exists, the evidence must be considered in the light most favorable to the nonmoving party. *Barlow v. Ground* 943 F.2d 1132, 1134 (9th Cir. 1991). However, a summary judgment cannot be avoided by relying solely on conclusionary allegations in an affidavit. *Lujan v. Nat'l Wildlife Fed'n* 497 U.S. 871, 888, 110 S.Ct. 3177, 3188 (1990). More than a metaphysical doubt is required to establish a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.* 475 U.S. 574, 586, 106 S.Ct. 1348, 1356 (1986). The mere existence of a scintilla of evidence in support of plaintiff's position is insufficient to survive summary judgment because there must be evidence upon which the fact finder could reasonably find for the Plaintiff. *Anderson*, supra, 477 U.S. at 252.

It is appropriate for the court to hear and grant a motion for summary judgment during the pretrial conference as a part of its final pretrial conference order. (*Portsmouth Square, Inc. v. Shareholders Protective Committee* 770 F.2d

866, 869 (9th Cir. 1985).

Here, summary judgment is appropriate because Plaintiff cannot establish with clear and convincing evidence that Defendant acted with "actual malice" when he allegedly published the statements he allegedly made. As discussed in more detail below, Plaintiff bears the burden of proving with clear and convincing evidence that Defendant published his statements with "actual malice," i.e., with knowledge of the falsity of the statements, or with serious doubts about the truthfulness of the statements. Plaintiff has no facts and no evidence to satisfy this burden of proof.

### B. The Law Applicable to Plaintiff's Claim for Defamation Per Se

This matter originated in California Federal Court under diversity jurisdiction. Plaintiff's single cause of action for defamation per se arises under California substantive law. Under the Erie doctrine, federal courts exercising diversity jurisdiction in an action based on state law apply the same rules that state courts would apply to all substantive issues in the case and procedural matters are governed by the federal rules. (*Walker v. Armco Steel Corp.*, (1980) 446 U.S. 740, 750.)

#### 1. *Elements of Defamation Per Se*

To prevail on his claim for defamation per se, Plaintiff must prove that Defendant (1) published a statement, (2) the statement was false, (3) defamatory, (4) and unprivileged, (5) which has a natural tendency to injure or cause special damages. (*California Civil Code* §45; *Jackson v Mayweather* (2017) 10 Cal.App.5th 1240, 1259.) Furthermore, if the plaintiff is a public figure, the plaintiff must prove the defendant acted with "actual malice." (*Jackson, supra,* 10 Cal.App.5th at p. 1259.)

#### 2. *All-Purpose Public Figure*

Whether a plaintiff is a public figure is a question of law to be decided by

the trial judge. (*Stolz v KSFM 102 FM* (1994) 30 Cal.App.4th 195, 203-204.) In determining whether a plaintiff is a public figure, the court will analyze whether the plaintiff "achieved such pervasive fame or notoriety that he is a public figure in this case for all purposes. (*Reader's Digest Assn., v Superior Court* (1984) 37 Cal.3d 244, 253, citing to *Gertz v Robert Welch, Inc.,* (1974) 418 U.S. 323, 351; See also *Curtis Publishing Co. v Butts* (1967) 288 U.S. 130.)

### 3. *Actual Malice Standard*

Plaintiff must prove Defendant acted with "actual malice." A statement is made with "actual malice" if Defendant made the statement with knowledge that the statement was false, or if Defendant made the statement with reckless disregard of the truth or falsity of the statement. (*New York Times Co. v Sullivan* (1964) 376 U.S. 254, 270.) While publishing a false statement may give rise to a claim for defamation, falsity alone is not enough to establish Defendant made the allegedly defamatory statements with "actual malice." (*Id.* at 279-280.) To prove Defendant made the defamatory statement with reckless disregard of the truth of the statement, Plaintiff must prove Defendant harbored "serious doubts" of the truth of the statement. (*St. Amant v Thompson* (1968) 390 U.S. 727, 731.) Furthermore, if the alleged defamatory matter involves a matter of public concern, then Plaintiff must satisfy the actual malice standard. (*Philadelphia Newspapers, Inc. v Hepps* (1986) 475 U.S. 767, 770-777.) Actual malice cannot be implied and must be proven by direct evidence. (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413.)

Plaintiff bears the burden of proving by "clear and convincing" evidence that Defendant made the statement with "actual malice." (*Reader's Digest Assn., supra,* 37 Cal.3d at p. 252.) Ill-will or hostility towards Plaintiff alone will not rise to "actual malice." (*Schoen v Schoen* 48 F.32d 412, 417 (9th Cir. 1995); See also *Gomes v Fried* (1982) 136 Cal.App.3d 924, 934-935; *Young v CBS Broadcasting,*

*Inc.* (2012) 212 Cal.App.4th 551, 563.) Similarly, mere negligence during Defendant's investigation of the facts underlying the statements, without more, will not suffice to prove actual malice. (*St. Amant, supra,* 390 U.S. at p. 730; See also *Masson v New Yorker Magazine* (1991) 501 U.S. 496, 510: ["plaintiff must demonstrate that the author 'in fact entertained serious doubts as to the truth of his publication,' or acted with a 'high degree of awareness of…probably falsity.'"].) Furthermore, reckless conduct by the Defendant, including reckless disregard for the truth, is not measured by whether a reasonably prudent person would not have published the article or would have investigated before publishing, and lack of due care or gross or extreme negligence cannot be used to establish the liability of the Defendant. (*St. Amant, supra,* 390 U.S. at p. 731.)

Plaintiff must present "sufficient evidence to permit the conclusion that the defendant in fact entertained serious doubts as to the truth of his publication." (*Ibid*.) Reckless disregard here is whether Defendant harbors *subjective* doubt as to the truth of the statements. (See *Melaleuca, Inc. v Clark* (1998) 66 Cal.App.4th 1344, 1365.) Failure to present or proffer "clear and convincing" evidence of actual malice will render the matter ripe for summary judgment. (*Antonovich v Superior Court* (1991) 234 Cal.App.3d 1041, 1047.)

Defendant is under no obligation to personally investigate the facts underlying the statements and is permitted to rely on information obtained from reliable sources, especially when circumstances do not suggest the sources are inaccurate. (*Binderim v Mitchell* (1979) 92 Cal.App.3d 61, 73.) Moreover, Defendant does not need to write an objective account of the facts. (*Times, Inc. v Pape* (1971) 401 U.S. 279.) Defendant may present the story so long as he harbors no serious doubts concerning the truth of the facts. (*Vandenburg v Newsweek, Inc.* 507 F.2d 1024, 1028 (5th Cir. 1975).)

Should Defendant harbor any good-faith belief in the truth of the statements,

has evidence to support his belief, or is otherwise ignorant of the falsity of the statements, then Defendant will defeat Plaintiff's claim Defendant acted with actual malice. (See *Jackson v Paramount Pictures Corp.,* (1998) 68 Cal.App.4th 10, 33.)

    4. *Clear and Convincing Evidence*

Plaintiff's burden, as described in more detail below, requires he prove by "clear and convincing" evidence that Defendant acted with actual malice. Plaintiff has produced no such evidence during the pendency of the case. Clear and convincing evidence is a heightened burden due to the Constitutional implications of suing another person for their speech. (*Reader's Digest Assn., supra,* 37 Cal.3d at p. 252; See also *Weiner v Fleischman* (1991) 54 Cal.3d 476, 487, quoting *Herman & MacLean v Huddleston* (1983) 459 U.S. 375, 389-390.) Clear and convincing evidence requires "a finding of high probability" or the unhesitating assent of every reasonable mind. (*In re Angelia P.* (1981) 28 Cal.3d 908, 919; See also *Colorado v New Mexico* (1984) 467 U.S. 310: defining clear and convincing evidence as evidence that is highly and substantially more likely to be true than not.; *In Re David C.* (1984) 152 Cal.App.3d 1189, 1208.)

The Constitution of the United States protects an individual's right to discuss public figures and matters of public concern, even if the statements the individual makes are untrue. (*New York Times Co., supra,* 376 U.S. at pg. 285-286.) Whether the Defendant acted with actual malice is a subjective test. (*Id.* at pg. 280.) Plaintiff will, in essence, have to prove that Defendant subjectively knew the statements were false, or that he subjectively harbored "serious doubts" about the veracity of the statements.

### C. Plaintiff is an All-Purpose Public Figure

Plaintiff is an "all-purpose" public figure: He is the son of the 46th President of the United States; has appeared for numerous media interviews to discuss his

personal life, business activities, and the contents of his notorious laptop; is a published author; is an accomplished artist who sold his paintings for prices upwards of $40,000 or more per piece. Plaintiff is by all accounts a "household name," and a polarizing figure. He is the subject of numerous media articles and books, including a recent book by Ms. Roberts, which details her brief whirlwind romance with Plaintiff that led to him fathering her child.

Plaintiff cannot reasonably argue that he is a private figure. Plaintiff has reached such "pervasive fame or notoriety," one would be hard-pressed to find someone who *did not know* his name. Therefore, as a public figure, he must prove that Defendant published the statements with actual malice.

### D. Plaintiff Cannot Prove By Clear and Convincing Evidence that Defendant Acted with Actual Malice

Plaintiff must plead *and* prove actual malice by *clear and convincing evidence* in order to prevail on his claim for defamation per se. Plaintiff has not presented or developed *any evidence* Defendant acted with actual malice. Plaintiff produced no evidence during discovery or his deposition that demonstrates Defendant acted with actual malice. Plaintiff admitted during his deposition that he had no knowledge whether Defendant knowingly made false statements. Similarly, Plaintiff admitted he had no knowledge whether defendant harbored serious doubts as to the truth of the statements prior to making them. Plaintiff further admitted he had no knowledge whether Defendant verified the authenticity of the voicemails referenced in the subject article. Plaintiff admitted he had no knowledge whether Defendant obtained the voicemails while in the Middle East. Plaintiff has produced nor proffered any evidence that Defendant *knowingly* published false statements. Nor has Plaintiff produced or proffered any evidence Defendant harbored "serious doubts" about the truth of the statements.

Plaintiff acknowledged during his deposition that Defendant had never

spoken to Plaintiff prior to the alleged publication of the statements. Plaintiff also had no evidence that Defendant ever previously made statements about Plaintiff with any ill-will. Plaintiff testified that he had no evidence that Defendant knowingly published false statements. Plaintiff also admitted that he had no evidence whether Defendant harbored "serious reservations" about the validity of the statements in the article.

Plaintiff testified that he did not know whether or not Defendant traveled to the Middle East in November 2021. Plaintiff had no evidence to demonstrate Defendant did not have any meetings in the Middle East. While Plaintiff would like to shrug his shoulders and claim he has no knowledge of what Defendant thought or believed, Plaintiff bears the burden to prove just that. Plaintiff must prove Defendant, at the very least, harbored some subjective doubts as to the truthfulness of the statements. Plaintiff has admitted he has no such evidence.

In sum, Plaintiff has *no evidence* to support his allegations that Defendant published any statements with actual malice. Under the law, Plaintiff carries the burden to prove Defendant made the statements with either knowledge that the statements were false, or with reckless disregard for the truth or falsity of the statements. Plaintiff must prove either with facts and evidence showing he is substantially and highly most likely correct. However, if Plaintiff presents *no evidence* of either, then Plaintiff cannot meet his burden.

As stated above, summary judgment must be granted for the moving party if the nonmoving party fails to make a sufficient factual showing to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial. *Celotex*, supra, 477 U.S. at 322; *Anderson*, supra, 477 U.S. at 252. Defendant's burden in moving for summary judgment is to show there is no genuine dispute of material fact. (*Ibid*.) Further, summary judgment is appropriate when the nonmoving party cannot meet its burden of proof. The U.S.

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES AS TO PLAINTIFF'S COMPLAINT
Case No. 2:23-cv-09430-SVW-PD

Supreme Court in *Celotex, supra,* 477 U.S. at 322-323 made it clear that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." In other words, Defendant is entitled to summary judgment because Plaintiff will not be able to make "a sufficient showing on an essential element of [his] case with respect to which [he] has the burden of proof." (*Id*. at 323.)

Based on the foregoing, the Defendant respectfully requests that this Court grant summary judgment in Defendant's favor.

## IV.  CONCLUSION

For the reasons discussed above, Defendant respectfully requests the Court grant summary judgment in its entirety.

Dated: October 28, 2024               LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

DEFENDANT'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATGION OF ISSUES  AS TO PLAINTIFF'S COMPLAINT
Case No. 2:23-cv-09430-SVW-PD