UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No.  2:23-cv-09430-SVW-PD                                      Date: October 30, 2024

Title:   *Robert Hunter Biden v. Patrick M. Byrne*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
| N/A | N/A |

**Proceedings:**    **(In Chambers) Order Re: Deposition of Defendant Patrick M. Byrne [Dkt. No. 80]**

Trial is scheduled to begin on December 10, 2024. [Dkt. No. 39.] Plaintiff has not yet taken Defendant's deposition because the Parties have been unable to agree on deposition details, despite multiple efforts to do so via the Court's informal discovery process. The parties filed the Joint Statement Re: Defendant Patrick M. Byrne's Deposition, which presents two issues regarding Defendant's deposition: (1) where the deposition will occur; and (2) whether it will be conducted in person or remotely. [Dkt. No. 80.]

The Court has considered the pleadings and the parties' arguments. [Dkt. Nos. 66, 67, 72, 75–77, 79, 80, 83.] For the reasons set forth below, the Court concludes that Defendant's deposition should take place in the United States, in person.

**I.    Location of Defendant's Deposition**

Plaintiff argues Defendant's deposition should take place in the United States because Defendant has repeatedly held himself out to be a resident of Florida; is registered to vote in Florida; owns property in Florida, Utah, and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD        Date: October 30, 2024

Title:   *Robert Hunter Biden v. Patrick M. Byrne*

Maryland; and is associated with over two dozen business entities throughout the United States, for which he holds various executive titles. [Dkt. No. 80 at 5.] Plaintiff includes a summary of a September 2, 2024 meet and confer call in which the parties discussed options for Defendant's in-person deposition in Los Angeles or Florida and Defendant's Counsel offered to provide a location in Florida. [Dkt. Nos. 80 at 5; 80-1 at 11.]

     Defendant argues that he currently resides in Dubai, as the Court recognized, and does not plan to travel to the United States prior to November 10, 2024, for security reasons. [Dkt. No. 80-1 at 2.] He contends that his deposition should occur where he resides "absent some unusual circumstances" that justify putting him to the inconvenience of traveling to a different location designated by Plaintiff. [Dkt. No. 80 at 25–26.] He states that the Federal Rules of Civil Procedure allow the deposition to be taken in the UAE and he submits the Declaration of Kimberlee Carman, the Director of Operations at Juris International Deposition Agency, stating that she has "been involved in the setting up and the taking of many depositions in Dubai including in United States District Court cases" and that the United States Department of State's website "currently confirms that there are no Hague Convention requirements or any other rules or laws that prohibit the taking of depositions in the United Arab Emirates in Dubai." [Dkt. No. 80-6 at ¶ 6.] Dubai is located in the United Arab Emirates ("UAE"), which is not a signatory to the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters ("Hague Convention").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD                    Date: October 30, 2024

Title:   *Robert Hunter Biden v. Patrick M. Byrne*

## A.     Legal Standard

Rule 30(b)(1) provides, "[a] party who wants to depose a person by oral questions . . . must state the time and place of the deposition." Fed. R. Civ. P. 30(b)(1). This means that the location of a deposition is initially selected by the party noticing the deposition. However, the examining party's discretion to choose the location is limited. Rule 26 empowers courts, for good cause, to issue an order protecting a deponent from "annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(B). The Ninth Circuit has stated that district courts have wide discretion in determining the location of a deposition. *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) ( "A district court has wide discretion to establish the time and place of depositions.").

District courts in the Ninth Circuit have recognized a rebuttable presumption that a defendant's deposition should be taken in the district where the defendant resides. *See Fausto v. Credigy Servs. Corp.*, 251 F.R.D. 427, 429 (N.D. Cal. 2008); *Hendon v. California State Senate,* No. 21-CV-205-RSH-MDD, 2022 WL 6584236, at *2 (S.D. Cal. Oct. 3, 2022); *Gravestock v. Abilene Motor Express, Inc.,* No. 8:14-CV-00170-JVS-KESx, 2017 WL 10592259, at *1 (C.D. Cal. Mar. 1, 2017). This presumption is based on the premise that in bringing the lawsuit, the plaintiff selected the forum, and the defendant is not in the forum by choice. *Fausto*, 251 F.R.D. at 429. However, courts do not automatically apply this presumption to a foreign deposition. *See S.E.C. v. Chen*, No. 18-CV-06371-LB, 2024 WL 2520391, at *3 (N.D. Cal. Feb. 10, 2024). The *Chen* court discussed *Doe v. Karadzic*, Nos. 93-CV-878-PKL-HBP, 93-CV-1163-PKL-HBP, 1997 WL 45515, at *3 (S.D.N.Y. Feb. 4, 1997) ("Where the factual premise is attenuated, the presumption is weakest.") (citation and internal quotation marks omitted) and *S.E.C. v Aly*,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09430-SVW-PD            Date: October 30, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*

320 F.R.D. 116, 118 (S.D.N.Y. 2017) ("The presumption that a deposition should take place where a defendant resides . . . is weakest where the plaintiff was constrained to file suit in a particular forum.") In *Chen*, the court concluded that "convenience, efficiency, and safety" considerations rebutted the presumption that the defendant was entitled to be deposed in China, where she resided. *Chen*, 2024 WL 2520391, at *1, *3.

    In deciding the location of a deposition, district courts in the Ninth Circuit consider the relative convenience of and hardships to the parties. *Fausto*, 251 F.R.D. at 429; *Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628–29 (C.D. Cal. 2005) (setting forth five relevant factors). Additionally, when considering where to locate the deposition of a defendant residing overseas, courts have also considered whether the deposition would be impeded by the foreign nation's laws or would affront the nation's judicial sovereignty and whether the court could supervise the deposition and resolve discovery disputes. *S.E.C. v. Banc de Binary*, No. 2:13-CV-993-RCJ-VCF, 2014 WL 1030862, at *4 (D. Nev. Mar. 14, 2014). Rule 28 provides that depositions may be taken in a foreign country:

    (A)    under an applicable treaty or convention;

    (B)    under a letter of request, whether or not captioned a "letter rogatory";

    (C)    on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination; or

    (D)    before a person commissioned by the court to administer any necessary oath and take testimony.

Fed. R. Civ. P. 28(b)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD				Date: October 30, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*

### B. The Deposition Will Take Place in the United States

Defendant contends that his deposition should take place in Dubai, where he currently resides, consistent with the rebuttable presumption discussed above. The Court disagrees. First, Defendant admitted in his Answer, filed February 13, 2024, that he is a resident and citizen of Florida [Dkt. No. 25 at ¶¶ 6, 10], and as recently as early September, 2024, his counsel was arranging with Plaintiff's counsel for his deposition to proceed in Florida. [Dkt. No. 80-1 at 2–3.] Defendant and his attorney have provided somewhat different versions of the events that Defendant claims caused him to be currently located in Dubai, and he has not indicated that he resides in Dubai permanently; in fact, it appears he may not remain in Dubai after November 10, 2024. [Dkt. Nos. 80 at 16; 80-3 at 8–9.] In short, he is a United States citizen and Florida resident who appears to be temporarily located in Dubai. The presumption is further attenuated because there is no indication that Plaintiff could have brought this defamation lawsuit in the UAE.

Second, Defendant has not adequately addressed the legal concerns and uncertainties raised by Plaintiff regarding a deposition in Dubai. Plaintiff submitted a "Q&A" dated February 29, 2020 from lawyers at Bird & Bird LLP, who discuss the "Rules of evidence (including cross-border evidence) in civil proceedings" in the UAE. [Dkt. No. 80-4.] According to this statement of the law, "[t]here are no national rules on the collection of evidence in support of foreign litigation" and "[t]here are no national laws or procedures that are available to directly obtain evidence from a witness in the UAE." [*Id.* at 9.] The Court has not been presented with any evidence indicating that the UAE's laws on the collection of evidence in support of foreign litigation have changed since February 2020. In arguing that the lack

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09430-SVW-PD                                            Date: October 30, 2024

Title:     *Robert Hunter Biden v. Patrick M. Byrne*

of evidentiary laws is not an issue, Defendant tendered the Declaration of Kimberlee Carman. [Dkt. No. 80-6.] However, this evidence has minimal probative value, as Carman declared that she checks State Department websites for rules and restrictions yet did not cite any law or regulation that would permit these depositions, did not claim to have received legal advice in this area from attorneys familiar with UAE laws and regulations, and did not claim to have a law degree (or its equivalent in the foreign context). According to Carman, the only requirement for a deposition in the UAE is that "[a] certified shorthand court reporter in California [who] is qualified to depose a witness or party in a United States District Court case must be brought to Dubai to take the in-person deposition because there are no 'California certified and qualified' depositions reporters living in Dubai." [Dkt. No. 80-6 at ¶ 4.] This statement suggests that the deposition could be taken "on notice, before a person authorized to administer oaths either by federal law or by the law in the place of examination" and thus comply with Rule 28(b)(1)(C). However, the lack of explicit or implicit permission under UAE law to conduct an in-person deposition from within its borders introduces a baseline level of litigation uncertainty for the Parties and their respective Counsel that would not be present in a domestic deposition were the deposition to be conducted from locations that permitted in-person depositions for foreign litigation.

      For these reasons, the Court concludes that any general presumption that Defendant's deposition should take place in Dubai is rebutted.

      The Court next turns to the tests proposed by Plaintiff. The *Cadent* factors, as refined by the court in *Banc de Binary*, 2014 WL 1030862, at *5–7, are whether counsel for the parties are located in the forum district; the number of corporate representatives a party seeks to depose; the likelihood of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD  Date: October 30, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*

significant discovery disputes arising which would necessitate resolution by the forum court; whether the defendant reached into the forum where the deposition was noticed to occur; and the equities with regard to the nature of the claim and the parties' relationship. *Id*. (citation omitted). In this action, Defendant's counsel is located in the Central District of California ("CDCA"), and Plaintiff's attorneys are located in the CDCA and in Washington, D.C.; none of the attorneys is located in Dubai. Defendant is the sole deponent at issue. The Parties frequently request the Court's assistance with discovery disputes. Defendant has indisputably "reached into" the United States, which is the forum requested by Plaintiff; indeed, Plaintiff has offered to take the deposition in the Florida district of Defendant's residence. Finally, the Parties appear to have little to no relationship aside from the claims in this case, which concern allegations of defamation. On balance, these factors favor locating the deposition in the United States. In the Complaint, Plaintiff alleges that Defendant "intentionally directed his illegal conduct to occur in California" and issued a public challenge on social media to Plaintiff, who is a California resident, to "[s]ue me". [Dkt. No. 1 at ¶ 8.] Additional allegations in the Complaint connect Defendant to the United States. [*Id*. at ¶¶ 10, 12–31.] Like the defendant in *Banc de Binary*, Defendant

> is not a typical foreign defendant. He is an American citizen who, by virtue of his citizenship retains certain responsibilities to the country while abroad. It would be fundamentally inequitable to allow [the defendant] to have enjoyed the benefits of his citizenship as he operated his businesses at home, and then excuse him of any associated responsibilities because he happens to live abroad.

*Banc de Binary*, 2014 WL 1030862, at *9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09430-SVW-PD                                        Date: October 30, 2024

Title:     *Robert Hunter Biden v. Patrick M. Byrne*

Upon balancing the equities in this matter, the Court finds that it would be inequitable to excuse Defendant—who is a United States citizen, homeowner, registered voter, and, apparently until two months ago, resident—of his obligation to be deposed in the United States in this matter upon Plaintiff's request.

### C.     Legal Uncertainties Make France and the United Kingdom Inappropriate for Defendant's Deposition

A compelled, in-person deposition of Defendant in either the United Kingdom or France raises several issues that neither party fully addressed. The record does not demonstrate that Defendant has any connection to either nation. Specifically, there is no indication that Defendant is or was at any time a citizen, domiciliary, or resident of the United Kingdom or France. Rather, the only connection that those venues have to this case are that Plaintiff's counsel has offices in those locations. Neither Plaintiff nor Defendant briefed the Court as to whether (and if so, how) the Hague Convention applies to a deponent in foreign litigation who is not currently or formerly a citizen, domiciliary, or resident of the country in which they are being deposed. In addition, while it is undisputed that the Court "has wide discretion to establish the time and place of depositions," even such discretion must have some bounds. *Hyde & Drath*, 24 F.3d at 1166. Here, the record does not support ordering Defendant—who is a U.S. national currently in the UAE, does not appear to have any connection to the United Kingdom or France, and can be deposed just as soon in the United States—to be deposed outside of his country of residence, outside his country of citizenship, outside the forum, and over his objection.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD  Date: October 30, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*

**II.  The Method of Defendant's Deposition**

    **A.  Legal Standard**

"The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means.  For the purpose of this rule and Rules 28(a), 37(a)(2), and 37(b)(1), the deposition takes place where the deponent answers the questions."  Fed. R. Civ. P. 30(b)(4).

    **B.  The Deposition Will Take Place in Person**

The parties do not dispute that the default method of conducting a deposition is in person.  Thus, absent their stipulation or a court order, the deposition is to take place in person.  Fed. R. Civ. P. 30(b)(4).  Plaintiff seeks a court order that the deposition be in person, and Defendant requests that the court order a zoom deposition of Defendant to be taken from Dubai or alternatively, in Dubai.  [Dkt. No. 80 at 5, 26.]  For the reasons discussed above, the deposition will take place in the United States.  The Court's decision on that issue renders moot the arguments regarding whether a deposition in Dubai could be conducted remotely.

**III.  Plaintiff Will Bear the Costs of the In-Person Deposition in the United States**

Rule 1 instructs courts to construe and administer the rules to "secure the just, speedy, and inexpensive determination of every action and proceeding."  Fed. R. Civ. P. 1.  The Supreme Court has long mandated that trial courts should resolve civil matters fairly but without undue cost.  *Brown Shoe Co. v. United States*, 370 U.S. 294, 306 (1962); *Societe Nationale*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD                                    Date: October 30, 2024

Title:     *Robert Hunter Biden v. Patrick M. Byrne*

*Industrielle Aerospatiale v. United States Dist. Ct. for S. Dist. Iowa*, 482 U.S. 522, 546 (1987).

Applying these principles, the Court orders as follows:

1. The deposition of Defendant will take place in the United States, in a district selected by Defendant. Within five days of this Order, Defendant shall give Plaintiff written notice of the district selected by Defendant.

2. Within five days of receiving that notice, Plaintiff shall provide Defendant's counsel with a deposition notice setting forth the time, date and location within the district selected by Defendant for the deposition;

3. Plaintiff will bear the following costs of Defendant's deposition: (a) general deposition costs; and (b) Defendant's costs to travel from Dubai to the deposition location, specifically a round-trip business-class airline ticket and hotel lodging costs. Plaintiff is not required to pay the travel costs of Defendant's counsel, as Defendant may choose to have his deposition take place in the district where his counsel is located.

IT IS SO ORDERED.