1  PAUL B. SALVATY (State Bar No. 171507)
   *PSalvaty@winston.com*
2  WINSTON & STRAWN LLP
   333 S. Grand Ave., 38th Fl.
3  Los Angeles, CA 90071-1543
   Telephone: (213) 615-1700
4  Facsimile: (213) 615-1750

5  ABBE DAVID LOWELL (*pro hac vice* forthcoming)
   *AbbeLowellPublicOutreach@winston.com*
6  WINSTON & STRAWN LLP
   1901 L St., N.W.
7  Washington, D.C. 20036-3508
   Telephone: (202) 282-5000
8  Facsimile: (202) 282-5100

9  Bryan M. Sullivan, State Bar Number 209743
    *bsullivan@earlysullivan.com*
10 Zachary C. Hansen, State Bar Number 325128
    *zhansen@earlysullivan.com*
11 EARLY SULLIVAN WRIGHT
    GIZER & McRAE LLP
12 6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
13 Telephone:  (323) 301-4660
   Facsimile:  (323) 301-4676

14
   Attorneys for PLAINTIFF
15 ROBERT HUNTER BIDEN

16            **UNITED STATES DISTRICT COURT**

17            **CENTRAL DISTRICT OF CALIFORNIA**

18                    **WESTERN DIVISION**

19 ROBERT HUNTER BIDEN, an          Case No. 2:23-cv-09430-SVW-PD
   individual,
20                                   **PLAINTIFF ROBERT HUNTER
              Plaintiff,            BIDEN'S RESPONSE TO
21                                   DEFENDANT PATRICK BYRNE'S
        vs.                          STATEMENT OF
22                                   UNCONTROVERTED FACTS IN
   PATRICK M. BYRNE, an individual,  SUPPORT OF HIS MOTION FOR
23                                   SUMMARY JUDGMENT OR, IN
              Defendant.             THE ALTERNATIVE, SUMMARY
24                                   ADJUDICATION AND
                                     PLAINTIFF'S SEPARATE
25                                   STATEMENT OF
                                     CONTROVERTED FACTS
26
                                     [*Memorandum of Points and Authorities
27                                   in Opposition; and Declaration of
                                     Zachary C. Hansen filed and served
28                                   concurrently herewith*]

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5791540.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Date:      November 25, 2024
Time:      1:30 p.m.
Crtrm.:    10A

Judge:    Hon. Stephen V. Wilson

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5791540.1

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

Plaintiff Robert Hunter Biden ("Plaintiff") hereby submits his Response to Defendant Patrick Byrne's ("Defendant") Statement of Uncontroverted Facts in support of his Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment as follows:

## ISSUE 1: PLAINTIFF IS AN ALL-PURPOSE PUBLIC FIGURE[1]

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff is the son of the President of the United States of America. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 108:4-5 | 1. Undisputed. |
| 2. Plaintiff appeared in numerous photos with his father both during his father's vice-presidency and during his father's presidency. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 108:6-109:6 | 2. Undisputed. |
| 3. Plaintiff published his book, "Beautiful Things," in April of 2021, in which he highlighted his struggles with addiction and his marital problems. | 3. Undisputed. |

---

[1] For the purposes of this motion, Plaintiff will concede that Plaintiff is a public figure, but the lack of any basis or research or fact-checking for Byrne's totally made-up false charge is the definition of "actual malice."



| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 70: 7-15 | |
| 4. Plaintiff's book made the New York Times bestseller list. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 71:7-9 | 4. Undisputed. |
| 5. Plaintiff's book made the bestseller's list on several other publications. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 71:10-11 | 5. Undisputed. |
| 6. Plaintiff's book made it on international bestsellers lists, including in Germany and Scandinavia. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 71:12-15 | 6. Undisputed. |
| 7. Plaintiff promoted his book on 92nd Street YMCA. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 118:11-15. | 7. Undisputed. |



| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 212 | |
| 8. The New York Times published "Hunter Biden, Matt Gaetz and Nonstop Depravity," which discussed Plaintiff's book.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 118:16-119:2<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pgs. 213-214 | 8. Undisputed. |
| 9. Plaintiff promoted his book on CBS Sunday Morning on April 5, 2021.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 119:3-5.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 215 | 9. Undisputed. |
| 10. The New York Times published another article about Plaintiff's book, titled "Hunter Biden's Memoir: 7 Takeaways from 'Beautiful Things.'"<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 119:6-9 | 10. Undisputed. |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 216-218 | |
| 11. CBS This Morning published "Hunter Biden opens up about family intervention and addresses laptop reports on April 3, 2021, in which his book and laptop were discussed.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 119:10-120:1<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 219 | 11. Undisputed. |
| 12. Vanity Fair published an article about Plaintiff's book.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 120:2-8.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 220-222 | 12. Undisputed. |
| 13. Time published an article about Plaintiff's book.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 120:9-11<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, | 13. Undisputed. |


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| pg. 223-224 | |
| 14. The Cut published an article about Plaintiff's book.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 120:12-14.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 225-227 | 14. Undisputed. |
| 15. Plaintiff promoted his book on Jimmy Kimmel Live! on April 8, 2021.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 120:23-121:6.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 229 | 15. Undisputed. |
| 16. Plaintiff appeared on an NPR to promote his book.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 122:9-11<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 611, pg. 238-239 | 16. Undisputed. |
| 17. Plaintiff appeared on several other US podcasts to promote his book. | 17. Undisputed. |



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 122:12-123:13. Murphy Decl. ¶5, Ex. D, Depo Ex. 611, pg. 240-247 | |
| 18. Plaintiff's book was promoted internationally. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 123:16-124:8. Murphy Decl. ¶5, Ex. D, Depo Ex. 612, pg. 248-265 | 18. Undisputed. |
| 19. Plaintiff admitted in his deposition that Miranda Devine published "Laptop from Hell: Hunter Biden, Big Tech, and the Dirty Secrets the President Tried to Hide" on or around November 30, 2021. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 136:7-17 Murphy Decl. ¶5, v, Depo Ex. 625, pg. 1-8 | 19. Disputed. The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff does not admit that Miranda Devine published "Laptop "Laptop from Hell: Hunter Biden, Big Tech, and the Dirty Secrets the President Tried to Hide" on or around November 30, 2021, at the cited portion of his deposition transcript (or anywhere in his deposition). The cited |

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | portion states as follows: "Q: Okay. This is a page I published – or printed out of Amazon. And it has the title on it, Laptop from Hell: Hunter Biden, Big Tech, and Dirty Secrets the President Tried to Hide. And this was published on November 30th, 2021. Are you familiar with this book? A: Yes, I'm familiar with it. Q: Have you read the book? A: No. Q: How are you familiar with it? A: Through news about the book." <br><br> Evidence: Declaration of Michael Murphy in support of Defendant's Motion for Summary Judgment ("Murphy Decl."), at ¶4 , Ex. C at 136:7-17. |
| 20. Plaintiff admitted in his deposition that Marco Polo published "Report of the Biden Laptop." **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 159:6-18. | 20. Disputed. <br><br> The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff does |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶5, Ex. D, Depo Ex. 654, pg. 1-3 | not admit that Marco Polo published "Report of the Biden Laptop" at the cited portion of the deposition transcript, which states as follows:<br><br>"Q: Okay. And I'd like to refer you to Exhibit No. 654.<br><br>A: Yes.<br><br>Q: Are you familiar with Exhibit 654?<br><br>A: You've got to move the document over or something.<br><br>Q: The only I wanted to show you was the last page which is the table of contents.<br><br>A: Yeah, what about it.<br><br>Q: Are you aware that they're selling a report on your laptop and it has – this table of contents has a part of that report with photographs and documents and articles?<br><br>A: Yes."<br><br>Evidence: Murphy Decl., at ¶4, Ex. C at 159:6-18. |
| 21. Plaintiff sold artwork at a gallery owned by George Berges. | 21. Undisputed. |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 65:10-69:22 | |
| 22. New York Magazine published "The Sordid Saga of Hunter Biden's Laptop" on September 12, 2022. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 140:7-19 Murphy Decl. ¶5, Ex. D, Depo Ex. 627, pg. 1-30 | 22. Undisputed. |
| 23. Plaintiff admitted in his deposition he was "vaguely familiar" with the New York Magazine article. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 140:7-19 | 23. Undisputed. |
| 24. On September 14, 2023, a federal grand jury indicted Plaintiff on 3 felony firearm offenses. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 150:2-9 Murphy Decl. ¶5, Ex. D, Depo Ex. 633, pg. 1-4 | 24. Disputed. The evidence to which Defendant cites does not support this alleged "fact". Exhibit 633 to Michael Murphy's declaration shows that on September 14, 2023, a federal grand jury indicted Plaintiff on violations of: (1) 18 U.S.C. |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | §§ 922(a)(6) and 924(a)(2); (2) 18 U.S.C. § 924(a)(1)(A); and (3) 18 U.S.C. §§ 922(g)(3) and 924(a)(2). <br><br> <u>Evidence</u>: Murphy Decl. ¶5, Ex. D, Depo Ex. 633, pg. 1-4. |
| 25. Fox News published "Hunter Biden took thousands from daughter's college fund for 'hookers and drug': report" on October 6, 2023, and did not discount that it was published in his deposition. <br> **Evidence**: <br> Murphy Decl. ¶4 , Ex. C, Depo. RHB: 151:2-11 <br> Murphy Decl. ¶5, Ex. D, Depo Ex. 635, pg. 1-2 | 25. Undisputed. |

## ISSUE 2: PLAINTIFF CANNOT PROVE ACTUAL MALICE WITH CLEAR AND CONVINCING EVIDENCE

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 26. Plaintiff alleges Defendant published statements that Plaintiff sought to help the Iranian government unfreeze | 26. Undisputed. |



| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| funds held in a South Korean Bank in a Capitol Times Magazine article published on or around June 27, 2023.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 33:14-17, 35:9-13 | |
| 27. Plaintiff admitted in his deposition he had no knowledge whether or not Defendant traveled to the Middle East in November 2021.<br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 33:14-17, 35:9-13 | 27. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had "*personal knowledge*" of this issue, not just "*knowledge*" in general. The cited portions state as follows, respectively:<br>"Q: So you don't have any personal knowledge about whether or not Mr. Byrne traveled to the Middle East in November of 2021, correct?<br>A: That's correct.<br>…<br>Q: Let me do this: I'm not asking for an opinion. I'm asking whether or not you have any personal knowledge he did that. I'm not asking for an opinion. |

13

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | A: Understood. I did not see Mr. Byrne board a plane or deplane in the locations that he says that he did." <br><br> Evidence: Murphy Decl. ¶4 , Ex. C at 33:14-17, 35:9-13. |
| 28. Plaintiff admitted in his deposition he had no knowledge whether or not Defendant spoke with any Iranian figure while in the Middle East in November 2021. <br> **Evidence**: <br> Murphy Decl. ¶4 , Ex. C, Depo. RHB: 35:14-20 | 28. Disputed. <br><br> The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had "*personal knowledge*" of this issue, not just "*knowledge*" in general. The cited portions state as follows, respectively: <br> "Q: And do you have any personal knowledge of when Mr. Byrne claims he was in the Middle East in November of '21, that he met with an Iranian figure and other people from Iran? <br> A: I did not witness nor would have had occasion to witness Mr. Byrne meeting with anyone in anywhere, Iran or anywhere else. I've never met Mr. |

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Byrne." <br><br> Evidence: Murphy Decl. ¶4 , Ex. C at 35:14-20. |
| 29. Plaintiff admitted in his deposition he could not say whether Defendant had any meetings with anyone while in the Middle East. <br> **Evidence**: <br> Murphy Decl. ¶4 , Ex. C, Depo. RHB: 35:24-36:14 | 29. Disputed. <br><br> The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. The cited portion of Plaintiff's deposition transcript was limited in scope to Defendant's alleged trip to the Middle East in November 2021, not in general as this alleged "fact" states. Undisputed as to the balance. <br><br> Evidence: Murphy Decl., at ¶4, Ex. C, at 35:24-36:14. |
| 30. Plaintiff admitted in his deposition that he had no knowledge whether Defendant obtained the voicemail recordings mentioned in the Capitol Times article. <br> **Evidence**: | 30. Undisputed. |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶4 , Ex. C, Depo. RHB: 36:20-37:3 | |
| 31. Plaintiff admitted in his deposition he had no knowledge whether Defendant turned in the voicemail recordings over to the government, as mentioned in the Capitol Times article.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 41:16-43:10 | 31. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had "*personal knowledge*" of this issue, not just "*knowledge*" in general. The cited portions state as follows, respectively:<br>"…don't have any –<br>Q: No, that isn't what I asked you. I asked you about the tape. We're on page 73.<br>A: Okay. I'm going to read – I'm going to read it just for the purpose of it.<br>'When I returned, the agencies went to work over the weekend. I was told a week later that they confirmed it all. The voice on the voicemail that I had acquired was voice-matched to the son of the Minister of Defense of Pakistan, who had a connection to Hunter Biden. Anyway, in December, 2021 I was told the scheme was confirmed across the agencies.' |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Now, if you're – what are you asking me about that statement? I can tell you this, is that there's – number one, I don't know what the hell he's talking about. Number two is that I don't know is he talking about – I don't know what he's talking about, so how can I answer that? Q: Fine. If you can't answer the question, then just say that. That's all you have to do. It's fine. A: Mr. Murphy, it's not – Q: Let me ask you – A: - all I have to do. Q: Let me – let me – I don't want to argue with you. Let me ask you this: Do you know – do you have any personal knowledge that Mr. Byrne turned over any tapes to the government that he received on his trip from Iran, that he claims he received on his trip from Iran to – A: I have no personal knowledge. Q: I didn't finish my question. A: Sorry. Q: All right. Let me finish my question. |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | A: Sure.<br><br>Q: Hang on one second. I'm in a deposition. There, that takes care of them. A lot of people like to cover me and interrupt.<br><br>What I want to know as a follow-up question is do you have any personal knowledge of whether or not Mr. Byrne turned over any tapes to the government that he claims he received from Iran that relate to these voicemails that are referenced in this article.<br><br>A; I do not."<br><br>Evidence: Murphy Decl. ¶4 , Ex. C at 41:16-43:10. |
| 32. Plaintiff alleges Defendant republished the statements on October 8, 2023.<br>**Evidence**:<br>Murphy Decl. ¶1 , Ex. A, ¶ 2, 27 | 32. Undisputed. |
| 33. Plaintiff alleges Defendant made his statements on The Absolute Truth with Emerald Robinson on May 10, 2023, and on May 11, 2023. | 33. Undisputed. |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence**: Murphy Decl. ¶1 , Ex. A, ¶ 23 | |
| 34. Plaintiff alleges Defendant published the article on social media. **Evidence**: Murphy Decl. ¶1 , Ex. A, ¶ 25 | 34.  Undisputed. |
| 35. Plaintiff alleges Defendant promoted the Capitol Times Article on The Alex Jones Show. **Evidence**: Murphy Decl. ¶1 , Ex. A, ¶ 25 | 35.  Undisputed. |
| 36. Plaintiff alleges Defendant made the statements despite allegedly knowing they were false. **Evidence**: Murphy Decl. ¶1 , Ex. A, ¶ 3, 29, 35, 39 | 36. Undisputed. |
| 37. Plaintiff admitted in his deposition that he had no knowledge whether Defendant actually knew the statements were false. **Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 31:10-32:9 | 37. Undisputed. |
| 38. Plaintiff admitted in his deposition that he had no knowledge whether | 38. Undisputed. |



EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

5791540.1

19

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Defendant had any serious doubts about the truthfulness of the statements.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 32:10-24 | |
| 39. Plaintiff alleges that Defendant was told the statements were false.<br><br>**Evidence**:<br>Murphy Decl. ¶1 , Ex. A, ¶ 30 | 39. Undisputed. |
| 40. Plaintiff alleges Defendant falsely claimed to verify the information on which the accusations are made.<br><br>**Evidence**:<br>Murphy Decl. ¶1 , Ex. A, ¶ 41, 42 | 40. Undisputed. |
| 41. Plaintiff alleges Defendant harbors ill will towards Plaintiff.<br><br>**Evidence**:<br>Murphy Decl. ¶1 , Ex. A, ¶ 43 | 41. Undisputed. |
| 42. Plaintiff admitted in his deposition he had no evidence Defendant discussed Plaintiff in any way that demonstrated Defendant harbored ill will towards Plaintiff.<br><br>**Evidence**: | 42. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never |



| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶4 , Ex. C, Depo. RHB: 23:6-24:7 | admitted that "he had no evidence Defendant discussed Plaintiff in any way that demonstrated Defendant harbored ill will towards Plaintiff" in his deposition or at the cited portion of Plaintiff's deposition transcript.  The cited portion states as follows:<br><br>"Q: … Prior to May of 2023, are you able to identify any oral statement that Mr. Byrne has made specifically about you that demonstrates he had any actual ill will towards you?<br><br>Mr. Lowell: You're saying oral statements to anybody, like Patrick Byrne talking to his wife?<br><br>Mr. Murphy: It could be Byrne talking to anybody.<br><br>The witness: I don't know of any – I don't know what Mr. Byrne was saying to anyone privately or – before May of 2023. I believe that he began talking about this in references all the way back to 2021.<br><br>By Mr. Murphy:<br><br>Q: Okay. And I'm just talking about |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | prior to May of 2023, are you aware of any statements that Mr. Byrne made about you that demonstrated an ill will towards you? And it could be from any source. <br><br> A: Uh – <br><br> Q: And this date is prior to the publication of the statements that are the subject of your action. <br><br> A: I don't know how to fully answer that question. I know that – because I can't date it exactly when I – <br><br> Q: Don't guess. Don't guess. If you don't know, you don't know. If you have an estimate of some kind, then that's fine. <br><br> A: Okay. I don't have any guesses or estimates that I could make of the first – before May of 2023 what Mr. Byrne was saying about me publicly or privately." <br><br> Evidence: Murphy Decl., at ¶4 , Ex. C at 23:6-24:7. |
| 43. Plaintiff admitted in his deposition he had no evidence Defendant ever | 43. Disputed |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| published any writings prior to May 2023 that demonstrated ill will towards Plaintiff.<br><br>**Evidence**:<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 24:25-26:18 | The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never admitted that "he had no evidence Defendant ever published any writings prior to May 2023 that demonstrated ill will towards Plaintiff" in his deposition or at the cited portion of Plaintiff's deposition transcript.  The cited portion states as follows:<br><br>"Q: I asked for prior to May of 2023, are you able to identify any writings that Mr. Byrne prepared and published where he shows actual ill will towards you.<br><br>A: Well, because – let me – I don't – I don't have in front of me any statements that Mr. Byrne may have made prior to May of 2023. I believe, however, I am estimating that Mr. Byrne began this kind of conspiracy campaign in 2021, but I don't have that in front of me/ That's my – that's my best answer that I can give. I hope that works for you.<br><br>Q: And do you believe that Mr. Byrne |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | put something in writing that was published prior to May of 2023 exhibiting ill will towards you? A: Towards my family definitely. Q: I – A: Towards me specifically – well, I'm answering the question the best I can, Mr. Murphy. And so is that towards me specifically I don't – I don't have that in front of me, no. Q: Okay, thank you. What I'd like to do is go back to your Complaint which is Exhibit 605. And attached to it is an Exhibit A. And I'll tell you what page I want you to go to to make it simple and then the videographer can bring that up, too. I'd like you to go to page 27 of the Complaint which has as page 9 of 10 of Exhibit A. And for purposes of also identifying it, the band on it will say Volume 01, Capitol Times Magazine, Issue 01, page 72. But for the videographer, go to page 27 of the document. Next page. Keep going. Yeah, keep going. And this is the page |

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | that I'm interested in. And in your Complaint you allege I believe and I want to confirm you're alleging that the statements that Mr. Byrne made on the right column of this article at page 72 from top to bottom and on page 73 top to bottom are the statements that formulate the basis of your claim for defamation against him. |
| | Mr. Lowell: First, I think that the Complaint sets out which of the statements is actionable. I know this an attachment. I don't know that this attachment covers all, but looking at page 72 and 73, Mr. Biden can certainly confirm that this is among what's in the Complaint. |
| | Mr. Murphy: Counsel, I don't want you coaching him. I will ask my questions. If he doesn't understand…" |
| | Evidence: Murphy Decl., at ¶4, Ex. C. at 24:25-26:18. |
| 44. Plaintiff alleges Defendant took steps to republish his statements. | 44. Disputed. |

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| **Evidence**: Murphy Decl. ¶1 , Ex. A, ¶ 34 | The evidence Defendant cites to does not support this alleged "fact". |
| 45. Plaintiff admitted in his deposition he had no evidence or knowledge concerning the number of times the Capitol Times article was allegedly republished.<br><br>**Evidence**: Murphy Decl. ¶4 , Ex. C, Depo. RHB: 57:6-25 | 45. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never admitted that "he had no evidence or knowledge concerning the number of time the Capitol Times article was allegedly republished", in his deposition or at the cited portion of Plaintiff's deposition transcript.  This portion of Plaintiff's deposition was narrowly focused on whether Plaintiff knew the number of physical copies of the magazine that were distributed only. The term "republished" does not appear in this portion of Plaintiff's deposition transcript. The cited portion states as follows:<br>"Q: Do you know how many copies of the Capitol Times Magazine with the article that had the statements in it were |

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | distributed. |
| | A: Physical copy, Mr. Murphy? |
| | Q: Yes. |
| | A: I don't know. It is a – it's a physical magazine? |
| | Q: Yes, it's a physical magazine and an Internet magazine. |
| | A: Oh, okay. Well, is it primarily distributed – |
| | Q: I want to know what you know, not what I know. So what I'd like to know is – and if you don't know, just say you don't know, it's okay. Do you know how many articles or how many copies of the Capitol Times Magazine that contained Mr. Byrne's statements were distributed to anybody? |
| | A: If you're asking me physical copies, I do not have a – I don't believe that we know how many physical copies were printed of what was also put online and continues to exist today in the – which I – I don't know." |
| | Evidence: Murphy Decl., at ¶4, Ex. C at |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 57:6-25. |

Plaintiff further contends that the following other additional controverted material facts are in dispute, and therefore Plaintiff hereby submits the following Separate Statement of Controverted Facts ("SSCF"):

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. This lawsuit arises from the false and defamatory statements that Defendant made about Plaintiff in an "interview" that appeared in the "inaugural" issue of "Capitol Times Magazine," which appears originally to have been published on or about June 27, 2023 (the "Article").<br><br>Evidence: Murphy Decl. ¶2 , Ex. A; Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶2, Ex. 1 at Responses to Requests for Admissions ("RFA's") Nos. 1, 2, 8, and 14. | |
| 2. On page 72 of the Article, Defendant makes the following statements about Plaintiff (i.e., the Defamatory Statements): "So in November 2021, I went back to | |

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| the Middle East. I met with a group including a special Iranian figure, an old friend who let me know a World War was coming, and had a proposal to avert it. I told them I would relay the proposal but I did not think it would fly. | |

the Middle East. I met with a group including a special Iranian figure, an old friend who let me know a World War was coming, and had a proposal to avert it. I told them I would relay the proposal but I did not think it would fly.

In the course of being there, and through a mechanism I am not going to explain here, I became aware of an additional situation. Hunter Biden was reaching out to the Iranian government in the fall of 2021 with the following offer: *You Iranians have $8 billion frozen in a bank account in South Korea. My father will unfreeze it in return for $800 million being funneled into a numbered account for us. And if you do this deal with us, it will lubricate other negotiations which have recently started between us.* By that, the Iranians believed that Hunter meant the JCPOA talks, which had restarted in Geneva a month or two previously. In other words, something along the lines of, "Pay us $100 million and we let you keep 10 nukes, $200 million for 20 nukes," etc. But I am making up the pricing. Hunter was doing this through a middleman, the son of the Minister of Defense of Pakistan. That son was meeting with Hunter, then relaying messages to someone in Iran. And he was being reckless enough to leave voicemails in Iran about it.

When I returned, the agencies went to work over the weekend. I was told a week later that they had confirmed it all. The voice on the voicemail that I had acquired was voice-matched to the son

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| of the Minister of Defense of Pakistan, who had a connection to Hunter Biden. Anyway, in December, 2021, I was told that the scheme was confirmed across the agencies."<br><br>Evidence: Hansen Decl. ¶3, Ex. 2 at pg. 73. | |
| 3. In response to the Defamatory Statements, the unidentified "interviewer" for "Capitol Times Magazine" asked Defendant to confirm what he was saying: "Patrick, you are claiming that 18 months ago, the Biden Family was seeking a bribe from Iran to release funds frozen in South Korea, and to go easy in nuclear talks, and that the United States Government has been aware of this since December, 2021?" Byrne responded: "100% correct."<br><br>Evidence: Hansen Decl. ¶3, Ex. 2 at pg. 74. | |
| 4. On March 20, 2022, Defendant posted on Telegram boasting and celebrating about a possible criminal indictment of Biden with demeaning pictures. | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5791540.1

30

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Hansen Decl. ¶4, Ex. 3. | |
| 5. On April 7, 2022, Defendant reposted on Telegram a Tweet from another person saying "As it stands: Hunter's laptop is real, the Biden family sells access to the President[.]"<br><br>Evidence: Hansen Decl. ¶5, Ex. 4. | |
| 6. On October 20, 2022, Defendant posted a video on Telegram with a headline that states "HUNT IS ON Hunter Biden laptop report with evidence of sex & drug 'crimes' sent to Congress & lawmakers are ready to investigate" that included a link to the "Biden Laptop Report" published by right-wing radicals Marco Polo USA and Garrett Ziegler.<br><br>Evidence: Hansen Decl. ¶6, Ex. 5. | |
| 7. On December 12, 2022, Defendant reposted a post on Telegram with accusations against the Biden family, a demeaning picture of Plaintiff, and a | |



| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| screenshot of a private text thread between Plaintiff and his daughter.<br><br>Evidence: Hansen Decl. ¶7, Ex. 6. | |
| 8. On February 10, 2023, Defendant posted on X a taunt to Plaintiff saying "Hunter: here's the secret. It was I. Rudy [Guiliani] had only acquired a defective copy [of the laptop]. Working with a hacker, I acquired a forensic copy, caused the 400,000 file you bleached to be recovered, and gave it all to Garrett Ziegler."<br><br>Evidence: Hansen Decl. ¶8, Ex. 7. | |
| 9. On February 12, 2023, Byrne posted on X a video of an interview he previously gave about Plaintiff in which he made disparaging remarks and in the post stated "Oldie but Goodie. Patrick Byrne Weights In On Jack Maxey's Hunter Biden Laptop Story"<br><br>Evidence: Hansen Decl. ¶9, Ex. 8. | |
| 10. On February 24, 2023, Defendant | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| posted on X taunting Plaintiff about Defendant's possession of files that he claims Plaintiff tried to delete and bragging that Defendant handed them over to the ring-wing radical organization Marco Polo USA.<br><br>Evidence: Hansen Decl. ¶10, Ex. 9. | |
| 11. On March 17, 2023, Defendant posted on X taunting Plaintiff and alluding to his Defamatory Statements that underline this lawsuit by saying "Hey Hunter, I acquired the forensic copy [of the laptop] add [sic] got it distributed to Garrett [Ziegler]. Sue me. While we are at it, let's talk about Iran and the son of the minister of defense of Pakistan."<br><br>Evidence: Hansen Decl. ¶11, Ex. 10. | |
| 12. On March 17, 2023, Defendant posted a comment to his own post on X from the same day accusing Plaintiff of having and creating child pornography. | |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| <u>Evidence</u>: Hansen Decl. ¶11, Ex. 10. | |
| 13. On March 28, 2023, Defendant posted on X taunting Plaintiff by saying "Hunter Biden threatens to sue me. Hunter: be ready to answers [sic] questions about the son of the Pakistani Minister of Defense you used as a go-between & your offer through him (10% X $8 billion + "lubricate other discussions"). He was careless + I have recordings."<br><br><u>Evidence</u>: Hansen Decl. ¶12, Ex. 11. | |
| 14. On May 12, 2023 Defendant posted 'X' stating: "I have drop [sic] some major truth bombs about Iran and Hunter Biden in the last two days on Emerald Robinson. Start here at minute, 28:45."<br><br><u>Evidence</u>: Hansen Decl. ¶13, Ex. 12. | |
| 15. On June 24, 2023, Defendant reposted an article calling for Plaintiff to be sent to prison.<br><br><u>Evidence</u>: Hansen Decl. ¶14, Ex. 13. | |



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5791540.1

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16. On May 10, 2023, Defendant appeared on *The Absolute Truth with Emerald Robinson* and promoted the Article, and also aired his Defamatory Statements about Plaintiff.<br><br>Evidence: Hansen Decl. ¶15, Ex. 14. | |
| 17. On May 11, 2023, Defendant appeared on *The Absolute Truth with Emerald Robinson* and promoted the Article, and also aired his Defamatory Statements about Plaintiff.<br><br>Evidence: Hansen Decl. ¶¶16-17, Ex. 15-16. | |
| 18. Following Defendant's appearance on *The Absolute Truth with Emerald Robinson* on May 10 and 11, 2023, Defendant promoted his appearances on social media.<br><br>Evidence: Hansen Decl. ¶¶13, 18, Ex. 12, 17. | |
| 19. After publishing the Defamatory Statements in the Article, Defendant | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| then repeatedly reposted the Article on various social media platforms encouraging his followers to share it to as many people as possible and promoted the Article during right-wing media appearances, encouraging people to read and purchase copies of the magazine for themselves.<br><br>Evidence: Hansen Decl. ¶¶19-27, Ex. 18-26. | |
| 20. Byrne made a July 21, 2023 appearance on *The Alex Jones Show*, with infamous host Alex Jones.<br><br>Evidence: Hansen Decl. ¶¶28-29, Ex. 27-28. | |
| 21. In Defendant's appearance on *The Alex Jones Show*, on July 21, 2023, Defendant promoted the Article containing the Defamatory Statements about Plaintiff.<br><br>Evidence: Hansen Decl. ¶¶28-29, Ex. 27-28 at pg. 26-28, 35, 49. | |



EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

5791540.1

RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 22. In Defendant's appearance on *The Alex Jones Show*, on July 21, 2023, Defendant described his ongoing fight to "de-Nazi-fy" our federal "institutions" and to rescue America from an ongoing plot by "globalists" to "colonize" the United States and turn it into a "vassal state" that will serve as "a farm to China.".<br><br>Evidence: Hansen Decl. ¶¶28-29, Ex. 27-28 at pg. 44, 46. | |
| 23. On July 21, 2023, Defendant posted on X several photographs of a large utility truck driving around Washington, D.C., with TV screens on all sides displaying and promoting the Article and Defendant's Defamatory Statements about Plaintiff.<br><br>Evidence: Hansen Decl. ¶30, Ex. 29. | |
| 24. On September 8, 2023, Defendant appeared on *The Courtenay Turner Podcast* to promote the Article and his Defamatory Statements about Plaintiff, | |



**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| in which he noted that there was talk of a book and a movie coming out based on the Article.<br><br>Evidence: Hansen Decl. ¶¶31-32, Ex. 30-31, at pg. 1-4, 57. | |
| 25. After Defendant's September 8, 2023 appearance on *The Courtenay Turner Podcast*, Defendant posted a link to the interview on his Telegram page to promote it as well.<br><br>Evidence: Hansen Decl. ¶33, Ex. 32. | |
| 26. On October 8, 2023, shortly after news broke of the horrific terrorist attacks by Hamas against Israel on October 7th, Defendant reposted the Defamatory Statements on his social media account on X suggesting that Plaintiff and his alleged criminal dealings with Iran had contributed to the terrorist attacks by Hamas against Israel, which caused more than 1,400 civilian deaths and led to what is currently a massive armed conflict in the Middle | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| East.<br><br>Evidence: Hansen Decl. ¶¶2, 34-35, Ex. 1 at RFA's Nos. 26-30, 33-34. | |
| 27. On October 17, 2023, Defendant twice responded to U.S. Rep. Eric Swalwell's posts on social media platform X about in response to Defendant's October 8, 2023 posts with the Defamatory Statements and included a link to the Article on his deepcapture.com website.<br><br>Evidence: Hansen Decl. ¶¶36-37, Ex. 35-36. | |
| 28. Defendant's X posts on October 8, 2023 and October 17, 2023 as set forth in Plaintiff's Controverts Facts Nos. 26-27, have been viewed by more than 100,000 people.<br><br>Evidence: Hansen Decl. ¶¶34-37, Ex. 33-36. | |
| 29. The day after Plaintiff filed this lawsuit, on November 9, 2023, | |



EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Defendant posted on X taunting Plaintiff over the lawsuit stating "Hunter's lawsuit against me (my interpretation): "Now that I've got Daddy's DOJ under control… Let's silence Byrne with a lawsuit + gag order." Good luck with that. PS Hunter, my 1st witness is a 35 year federal agent who will attest I told the truth and FBI verified it" and over 72,000 people viewed that post.<br><br>Evidence: Hansen Decl. ¶38, Ex. 37. | |
| 30. On November 13, 2023, Defendant appeared on Roger Stone's podcast, *The StoneZONE with Roger Stone*, and Defendant once again promoted the Article, taunted Plaintiff about the lawsuit, and reiterated all of the same Defamatory Statements he asserted in the Article.<br><br>Evidence: Hansen Decl. ¶¶39-40, Ex. 38-39, at pg. 1-5. | |
| 31. In his November 13, 2023, Defendant appearance on *The* | |


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5791540.1

40

RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| *StoneZONE with Roger Stone*, Defendant made taunting statements such as "I won't lose two minutes of sleep on his lawsuit against me. … I have him dead to rights. … I'll meet Hunter in any court in the land. … So good luck to you, Hunter." <br><br> Evidence: Hansen Decl. ¶¶39-40, Ex. 38-39, at pg. 2, 4. | |
| 32. On November 9, 2023, the same day he appeared on *The StoneZONE with Roger Stone*, Defendant posted a link to the interview on X and promoted the interview across his social media platforms. <br><br> Evidence: Hansen Decl. ¶41, Ex. 40. | |
| 33. In February 2024, Defendant published a book called *Danger Close: Domestic Extremist #1 Comes Clean* (the "Book"), which contains the same Defamatory Statements about Plaintiff that were published in the Article. | |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| <u>Evidence</u>: Hansen Decl. ¶42, Ex. 41. | |
| 34. Since the publication of Defendant's Book in February 2024, Defendant has repeatedly promoted and advertised his Book across social media and in various interviews with ring-wing media members.<br><br><u>Evidence</u>: Hansen Decl. ¶¶43-48, Ex. 42-47. | |
| 35. Defendant has continued his taunting of Plaintiff since the commencement of this litigation, which included a post on X on July 22, 2024 before Plaintiff's deposition and directed at Plaintiff in which Defendant stated "Hi Hunter. I understand [sic] am going to be deposing you in about three weeks? Hoorah! Wait until you see what I have on you. Let us see how much more prison time I can get you."<br><br><u>Evidence</u>: Hansen Decl. ¶49, Ex. 48. | |
| 36. Defendant has continued his taunting of Plaintiff since the commencement of | |

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| this litigation, which included a post on Telegram on June 5, 2024 in which Defendant taunted Plaintiff and posted derogatory statements directed at Plaintiff, stating "Hey Hunter, don't forget: I was the guy who got the unredacted version of your hard drive into the hands of Marco Polo" and finished the post with calling Plaintiff "beeyatch." <br><br> Evidence: Hansen Decl. ¶50, Ex. 49. | |
| 37. Defendant has continued his taunting of Plaintiff since the commencement of this litigation, which included a post on Telegram on October 7, 2024 in which Defendant included derogatory statements about Plaintiff and stated "stated that he was "starting to doubt Biden loyalty to USA", that "I think (and hope) Biden knows he got ass-rape-humiliated by Obama this year", and then compared him to Darth Vader from the Star Wars franchise. | |



EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP ATTORNEYS AT LAW

5791540.1

RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Hansen Decl. ¶51, Ex. 50. | |
| 38. Plaintiff denies all of the allegations by Defendant in the Defamatory Statements.<br><br>Evidence: Hansen Decl., ¶58, Ex. 57 at 30:17-18 and 53:16-54:9. | |
| 39. In response to Plaintiff's written discovery requests asking for Defendant to identify each and every source upon which he relied in making the Defamatory Statements, Defendant admitted that, in making the Defamatory Statements, he only relied on the information set forth in the Affidavit of John Moynihan, information provided to him by David Smith, and the telephone voicemail recordings (the "Recordings").<br><br>Evidence: Hansen Decl. ¶¶2, 52-53, Ex. 1 at RFA's Nos. 3-4, 6, 9-10, 12, 15-16, 18, 21-22, 24, 33-34, 39-40, 44-45; Ex. 51 at Interrogatories ("ROG's") Nos. 9, 14-16, 18; and Ex. 52 at Requests for the | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Production of Documents ("RFP's) Nos. 6, 9-13, 15-19, 22-23. | |
| 40. The Affidavit of Mr. Moynihan does not contain any supporting information about the Defamatory Statements other than just reiterating Defendant's Defamatory Statements, and Mr. Moynihan actually admits his knowledge of the same is based off a recording on a cell phone that Defendant showed him and not from independent sources.<br><br>Evidence: Hansen Decl., ¶¶52-54, Ex. 51 at ROG's No. 9, 15, 18; Ex. 52 at RFP Nos. 6, 9-13, 15-19, 22-23; Ex. 53. | |
| 41. The unauthenticated Recordings do not identify who the caller is nor do they contain any information about Plaintiff or the Defamatory Statements and do not even mention the name Hunter Biden or any bribe or any information in the statements made by Defendant.<br><br>Evidence: Hansen Decl., ¶¶52-53, 55- | |

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 57, Ex. 51 at ROG's No. 18; Ex. 52 at RFP Nos. 6, 9-13, 15-19, 22-23; Ex. 54-56. | |
| 42. David Smith was identified by Defendant in discovery responses as being an FBI agent and listed the Washington DC field office as contact, but no evidence has been presented as to what Mr. Smith told Plaintiff about Plaintiff or the Defamatory Statements.<br><br>Evidence: Hansen Decl., ¶52, Ex. 51 at ROG's Nos. 9, 15, 18. | |
| 43. Defendant claims to have played important roles in various clandestine "operations" conducted on behalf of the "United States Government."<br><br>Evidence: Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2, 27-28, 30-31, 38-39. | |
| 44. According to Defendant, he has carried out numerous secret spy "missions" for "Uncle Sam" (with cloak-and-dagger nicknames such as "Operation Snow Globe") to advance | |


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| United States interests around the world, including helping to restore "peaceful relations" in Vietnam in 1994, helping to prevent a war with Iran in 2006, assessing the "computer science capabilities" of Venezuela in 2018, and, of course, entering into an intimate relationship with 26 year-old Maria Butina, apparently as a means to help the FBI gather "intel" on Russia. (Defendant claims he let his FBI handlers know: "I am not seeing Maria unless you folks use the word 'greenlight' with me. I got back a simple message: 'Greenlight.'")<br><br>Evidence: Hansen Decl., ¶¶3, 28-29, 31-37, 39-40, Ex. 2 at pg. 28-32, 34-41, 47-59, 77-78, 82-88, ; Ex. 27; Ex. 28 at pg. 49; Ex. 30; Ex. 31 at pg. 16, 18-20, 25; Ex. 38; Ex. 39 at pg. 8-18. | |
| 45. Defendant claims that, at times, the requests for him to deploy his "unique" skills to help the United States have come directly from the highest levels of the U.S. government, including, without | |



**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| limitation, President Barack Obama and FBI Director James Comey, personally, although they were communicated to Defendant verbally by unnamed special agents for the FBI.<br><br>Evidence: Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2 at pg. 37-40, 50-51, 53; Ex. 27; Ex. 28 at pg. 49; Ex. 30; Ex. 31 at pg. 16-20, 28-29; Ex. 38; Ex. 39 at pg. 8-14. | |
| 46. Defendant frequently admits he has no documentation to support his self-aggrandizing claims—his "patriotic" activities have been too secret and dangerous for documentation.<br><br>Evidence: Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2 at pg. 37-38, 74; Ex. 30; Ex. 31 at pg. 18-20; Ex. 38; Ex. 39 at pg. 4-7. | |
| 47. At Plaintiff's deposition, Plaintiff testified that "Mr. Byrne's statements are patently fiction, completely made up[.]" | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Hansen Decl., ¶58, Ex. 57 at 30:17-18. | |
| 48. Defendant is a leading promoter of unsupported conspiracy theories relating to the so-called "Deep State" and to his claim that the 2020 presidential election was "stolen" from former President Donald Trump by Plaintiff's father, President Joe Biden.<br><br>Evidence: Hansen Decl., ¶59, Ex. 58. | |
| 49. Defendant published a book called "*The Deep Rig: How Election Fraud Cost Donald J. Trump the White House, By a Man Who did not Vote for Him: (or what to send friends who ask, "Why do you doubt the integrity of the Election 2020?")*" in March 2021.<br><br>Evidence: Hansen Decl., ¶59, Ex. 58. | |
| 50. On April 17, 2023, Defendant posted on his X account "The insurrection was November 3" in response to an X post that stated "There was NO "insurrection" on January 6th What | |

49

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| actually happened was the INTENTIONAL DISRUPTION of the public examination of the MASSIVE VOTER FRAUD that had occurred in November."<br><br>Evidence: Hansen Decl., ¶60, Ex. 59. | |
| 51. On April 8, 2024, Defendant posted on his X account "Humd'allah! The insurrection was November 3" in response to an X post that stated "Jan 6 was not an insurrection. It was the reaction to one."<br><br>Evidence: Hansen Decl., ¶61, Ex. 60. | |
| 52. On January 5, 2023, Defendant posted on his X account "The Insurrection did not occur January 6, 2021. The Insurrection occurred on November 3, 2020. There I said it. Give me a retweet if you agree" with a poll asking whether "The Insurrection occurred on: January 6, 2021 [or] November 3, 2020" | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Hansen Decl., ¶62, Ex. 61. | |
| 53. On June 25, 2023, Defendant posted on his X account "All of us should know this story. It is the single clearest story of the Fedsurrection" in response to a post on X about the January 6, 2021 events in Washington, D.C.<br><br>Evidence: Hansen Decl., ¶63, Ex. 62. | |
| 54. On May 10, 2023, Defendant posted on his X account "Newsflash, Tapper: The Insurrection was Nov 3 (J6 was the Fedsurrection); Pence COULD have remanded issue to states; Officer Michael White is a pussy-thug; Kaitlin Collins was indeed nasty. What else you got."<br><br>Evidence: Hansen Decl., ¶64, Ex. 63. | |
| 55. On January 7, 2023, Defendant posted on his X account "FINAL RESULTS: 96.8% believe "The Insurrection" occurred November 3, 2020. I guess that makes January 6… "the Fedsurrection"?" | |

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Evidence: Hansen Decl., ¶65, Ex. 64. | |
| 56. On October 26, 2024, Defendant posted on his X account "Biden says the election is dead and buried. Anybody involved in cheating better get this joke: you're not going to win, and this time you'll have committed treason. Stop flogging a dead horse. You're making it worse for yourselves." | |
| Evidence: Hansen Decl., ¶66, Ex. 65. | |
| 57. Defendant recently announced that his Book with the Defamatory Statements is being turned into a mini-series called "*The Enemy Within*" that viewers must pay to watch, and which is advertised on Defendant's X account. | |
| Evidence: Hansen Decl., ¶67, Ex. 66. | |
| 58. Defendant recently announced that his Book with the Defamatory Statements is being turned into a mini-series called "*The Enemy Within*" that viewers must pay to watch, and there is | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| a dedicated website for the mini-series.<br><br>Evidence: Hansen Decl., ¶68, Ex. 67. | |
| 59. On September 2, 2024, Defendant's counsel and Plaintiff's counsel spoke about scheduling Defendant's deposition for the month of September 2024 in person in Florida, which is Defendant's state of residence.<br><br>Evidence: Hansen Decl., ¶69, Ex. 68. | |
| 60. On September 2, 2024, when Defendant's counsel and Plaintiff's counsel spoke about scheduling Defendant's deposition in Florida, Defendant's counsel offered to find a location in Florida for Defendant's deposition to take place.<br><br>Evidence: Hansen Decl., ¶69, Ex. 68. | |
| 61. On September 11, 2024, Defendant's counsel stated any in-person deposition of Defendant would have to be in Dubai or via zoom from Dubai, which Plaintiff had an issue with | |

53

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| because of the time it takes to travel to Dubai and, upon legal research, the legality of a deposition in Dubai and lack of legal authority authorizing a deposition to occur in Dubai for use in a District Court case in the United States.<br><br>Evidence: Hansen Decl., ¶69, Ex. 68. | |
| 62. Since September 11, 2024, the scheduling of Defendant's deposition and the location thereof has been the subject of two different Informal Discovery Conferences on September 18, 2024, and October 4, 2024.<br><br>Evidence: Hansen Decl., ¶69; Court's Docket Nos. 67 & 79. | |
| 63. Since September 11, 2024, the scheduling of Defendant's deposition and the location thereof was also the subject of a discovery motion that was filed on October 9, 2024, and which the Court ruled on October 30, 2024, that Defendant would be required to return to the United States for his deposition | |



**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| before trial and was required to inform Plaintiff's counsel by November 4, 2024, what federal district he will choose to appear for his deposition in.<br><br>Evidence: Hansen Decl., ¶69; Court's Docket No. 87. | |
| 64. Defendant's deposition has not yet occurred due to ongoing discovery disputes.<br><br>Evidence: Hansen Decl., ¶69. | |
| 65. In discovery motions in this litigation, Defendant gave wild and differing claims about why he was now residing in Dubai.  First, Defendant's counsel said he was informed by an unidentified DEA agent that the Venezuelan government placed a $25 million bounty on him, and he did not want to return to the United States due to safety issues.  Then Defendant claimed in a declaration that he was in Ghana cooperating with an official with the Ghanian Ministry of Security who | |

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| informed Defendant that criminals in West Africa were cooperating to get him in a position where he could be kidnapped.<br><br>Evidence: Hansen Decl., ¶70; Court's Docket Nos. 67 & 76. | |
| 66. Defendant's counsel failed to properly meet and confer with Plaintiff's counsel regarding Defendant's intent to file a Motion for Summary Judgment, as required by Central District of California Local Rule 7-3.<br><br>Evidence: Hansen Decl., ¶¶71-72, Ex. 69-70. | |

Dated: November 4, 2024

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP


By:    /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP


**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**

1

2

3

6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

4

5

6

7

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

8

9

10

11

12

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

13

14

15

*Attorneys for Plaintiff*
*Robert Hunter Biden*

16

17

18

19

20

21

22

23

24

25

26

27

28

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5791540.1

57

**RESPONSE TO STATEMENT OF UNCONTROVERTED FACTS AND STATEMENT OF CONTROVERTED FACTS**