Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Date:        November 25, 2024<br>Time:        3:00 p.m.<br>Courtroom:  "10A" |

i.

**TO THE HONORABLE STEPHEN V. WILSON:**

Defendant Patrick Byrne hereby submits his Memorandum of Contentions of Law and Fact.

Dated: November 5, 2024          LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**
Case No. 2:23-cv-09430-SVW-PD

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

## MEMORANDUM OF POINTS & AUTHORITIES

Defendant Patrick Byrne hereby submits his Memorandum of Facts and Law pursuant to Local Rule 16-4. Defendant reserves the right to amend and/or supplement his contentions of fact and law based on pending discovery and/or based on the Court's ruling on Defendant's Motion for Summary Judgment, the Court's rulings on the Motions in Limine, and on any other pre-trial filings.

## I. INTRODUCTION

This action arises from an alleged claim for defamation per se against Defendant Patrick M. Byrne. Plaintiff alleges Defendant defamed him in a Capitol Times article in which Defendant discusses a quid pro quo scheme by Plaintiff, on behalf of his father's administration, to help Iran unfreeze monies held in a South Korean bank. Plaintiff alleges that Defendant republished these statements on October 8, 2023. However, Plaintiff has no evidence to support his claim for defamation per se, as detailed more fully below.

## II. CLAIMS AND DEFENSES

### A. Plaintiff's Sole Claim for Defamation Per Se

#### 1. Elements of Plaintiffs' Defamation Per Se Claim

To prevail on his claim for defamation per se, Plaintiff must prove that Defendant (1) published a statement, (2) the statement was false, (3) defamatory, (4) and unprivileged, (5) which has a natural tendency to injure or cause special damages. (*California Civil Code* §45; *Jackson v Mayweather* (2017) 10 Cal.App.5th 1240, 1259.) Furthermore, if the plaintiff is a public figure, the plaintiff must prove the defendant acted with "actual malice." (*Jackson, supra,* 10 Cal.App.5th at p. 1259.)

#### 2. Defendant's Defenses and Key Evidence in Support Thereof

##### a. Plaintiff is a Public Figure

1.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

1    Whether a plaintiff is a public figure is a question of law to be decided by the

2    trial judge. (*Stolz v KSFM 102 FM* (1994) 30 Cal.App.4th 195, 203-204.) In

3    determining whether a plaintiff is a public figure, the court will analyze whether

4    the plaintiff "achieved such pervasive fame or notoriety that he is a public figure

5    in this case for all purposes. (*Reader's Digest Assn., v Superior Court* ( 1984) 37

6    Cal.3d 244, 253, citing to *Gertz v Robert Welch, Inc.,* (1974) 418 U.S. 323, 351;

7    See also *Curtis Publishing Co. v Butts* (1967) 288 U.S. 130.)

8    Plaintiff Robert Hunter Biden is a well-known public figure and a household

9    name. Plaintiff is the son of the President of the United States of America, Joseph

10    Biden. Plaintiff admitted in his deposition that he has appeared publicly with his

11    father both during his father's vice-presidency and during his father's presidency.

12    He has been the subject of numerous public controversies over the last several

13    years. He is a well-known drug addict and alcoholic.

14    Plaintiff's business dealings with foreign entities have been scrutinized

15    publicly by media outlets and Congress. He has been credibly accused of using his

16    family's name to help foreign entities influence U.S. policy. Coverage of

17    Plaintiff's and his family's multiple scandals is featured across media outlets from

18    around the world.

19    Plaintiff also admitted to Defendant's expert, Dr. Nathan Lavid, during an

20    independent mental examination that his name is one of the most widely

21    recognized names in the world. Plaintiff also told Dr. Lavid that his name has

22    been mentioned more than anyone else on certain new stations, such as Fox News.

23    As a result of a lot of negative publicity about his reputation, Plaintiff tried

24    to reinvent himself first as an author and then as an artist/painter. He published his

25    book, "Beautiful Things," on April 6, 2021, in which he highlighted his struggles

26    with alcohol and drug addiction, and his marital problems. Plaintiff's book

27    reached the bestseller's list for several national and international publications,

28

2.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW
Case No. 2:23-cv-09430-SVW-PD

including the New York Times' bestseller list. Plaintiff actively engaged the press to promote his book, both nationally and internationally. Plaintiff debuted his artwork in the fall of 2021 at the George Berges Gallery.

Plaintiff has since added "convicted felon" to his roster of controversies. On September 14, 2023, a federal grand jury indicted him on three felony firearm charges. On December 7, 2023, a grand jury indicted Plaintiff for a total of nine misdemeanor and felony tax-related charges. On June 11, 2024, a jury of Plaintiff's peers convicted him of lying about his drug use on ATF Form 4473 when he purchased a Colt Cobra 38SPL on October 12, 2018. On September 5, 2024, Plaintiff pled guilty to all nine misdemeanor and felony tax-related charges. On or about December 10, 2024 (the first day of trial), Plaintiff faces sentencing for his convictions.

### b. Defendant Denies He Made Knowingly False Statements and Relied On Third-Party Sources for his Information

Plaintiff's Complaint alleges that Defendant Patrick Byrne made defamatory statements about him on "The Absolute Truth" with Emerald Robinson on May 10 and 11, 2023. Plaintiff alleges that the Defendant published his defamatory statements in a "Capitol Times Magazine" article published on or about June 27, 2023. Plaintiff alleges in his Complaint that Defendant reposted bits of his "Capitol Times Magazine" article on or around October 8, 2023.

Defendant contends that back in November 2021, he traveled to the Middle East where he met with an official from Iran who told him that Plaintiff was reaching out to the Iranian government to reach an agreement wherein President Joseph Biden would unfreeze $8 billion in Iranian funds being held in a bank account in South Korea and in return, the Iranians would send $800 million of those funds to a bank account for Plaintiff. Defendant contends while in Iran, he came into position of a recording of voicemails left with the Iranian official from a

3.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW
Case No. 2:23-cv-09430-SVW-PD

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

relative of a Pakistani government official. Upon his return to the United States, Defendant then contacted a person named John Moynihan who scheduled a meeting with the FBI. John Moynihan signed a witness declaration confirming that Defendant, himself, and FBI Agent David Smith met and that the FBI verified the identity of the individual as a relative of a Pakistani government official. The recording shows where there was an attempt in Iran to get money released to it by the Trump Administration which was stopped but there was an opportunity with the current administration (Biden) working with contacts to change that situation.

Defendant, acting in his journalist capacity, relied on what the Iranian official was telling him as well as the FBI confirming that the recording was real and that the person speaking on the tape was in fact a relative of a government official from Pakistan. Defendant has produced in discovery his airline travel itinerary, American Express invoice showing travel expenses during the time he claimed he was there and all pages of his passport proving that he did in fact travel to the Middle East when he said he did and obtained the information that led him to publish the article in question and the tapes.

### c. Plaintiff Has No Clear and Convincing Evidence to Demonstrate Actual Malice

Plaintiff must prove Defendant acted with "actual malice." A statement is made with "actual malice" if Defendant made the statement with knowledge that the statement was false, or if Defendant made the statement with reckless disregard of the truth or falsity of the statement. (*New York Times Co. v Sullivan* (1964) 376 U.S. 254, 270.) While publishing a false statement may give rise to a claim for defamation, falsity alone is not enough to establish Defendant made the allegedly defamatory statements with "actual malice." (*Id.* at 279-280.) To prove Defendant made the defamatory statement with reckless disregard of the truth of the statement, Plaintiff must prove Defendant harbored "serious doubts" of the truth of

4.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

the statement. (*St. Amant v Thompson* (1968) 390 U.S. 727, 731.) Furthermore, if
the alleged defamatory matter involves a matter of public concern, then Plaintiff
must satisfy the actual malice standard. (*Philadelphia Newspapers, Inc. v Hepps*
(1986) 475 U.S. 767, 770-777.) Actual malice cannot be implied and must be
proven by direct evidence. (*Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406,
413.)

Plaintiff bears the burden of proving by "clear and convincing" evidence that
Defendant made the statement with "actual malice." (*Reader's Digest Assn., supra,*
37 Cal.3d at p. 252.) Ill-will or hostility towards Plaintiff alone will not rise to
"actual malice." (*Schoen v Schoen* 48 F.32d 412, 417 (9th Cir. 1995); See also
*Gomes v Fried* (1982) 136 Cal.App.3d 924, 934-935; *Young v CBS Broadcasting,
Inc.* (2012) 212 Cal.App.4th 551, 563.) Similarly, mere negligence during
Defendant's investigation of the facts underlying the statements, without more, will
not suffice to prove actual malice. (*St. Amant, supra,* 390 U.S. at p. 730; See also
*Masson v New Yorker Magazine* (1991) 501 U.S. 496, 510: ["plaintiff must
demonstrate that the author 'in fact entertained serious doubts as to the truth of his
publication,' or acted with a 'high degree of awareness of...probably falsity.'"].)
Furthermore, reckless conduct by the Defendant, including reckless disregard for
the truth, is not measured by whether a reasonably prudent person would not have
published the article or would have investigated before publishing, and lack of due
care or gross or extreme negligence cannot be used to establish the liability of the
Defendant. (*St. Amant, supra,* 390 U.S. at p. 731.)

Plaintiff must present "sufficient evidence to permit the conclusion that the
defendant in fact entertained serious doubts as to the truth of his publication."
(*Ibid.*) Reckless disregard here is whether Defendant harbors *subjective* doubt as to
the truth of the statements. (See *Melaleuca, Inc. v Clark* (1998) 66 Cal.App.4th
1344, 1365.) Failure to present or proffer "clear and convincing" evidence of

5.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

1    actual malice will render the matter ripe for summary judgment. (*Antonovich v*

2    *Superior Court* (1991) 234 Cal.App.3d 1041, 1047.)

3        Defendant is under no obligation to personally investigate the facts

4    underlying the statements and is permitted to rely on information obtained from

5    reliable sources, especially when circumstances do not suggest the sources are

6    inaccurate. (*Binderim v Mitchell* (1979) 92 Cal.App.3d 61, 73.) Moreover,

7    Defendant does not need to write an objective account of the facts. (*Times, Inc. v*

8    *Pape* (1971) 401 U.S. 279.) Defendant may present the story so long as he harbors

9    no serious doubts concerning the truth of the facts. (*Vandenburg v Newsweek, Inc.*

10    507 F.2d 1024, 1028 (5th Cir. 1975).)

11        Should Defendant harbor any good-faith belief in the truth of the

12    statements, has evidence to support his belief, or is otherwise ignorant of the

13    falsity of the statements, then Defendant will defeat Plaintiff's claim Defendant

14    acted with actual malice. (See *Jackson v Paramount Pictures Corp.,* (1998) 68

15    Cal.App.4th 10, 33.)

16        Plaintiff's burden, as described in more detail below, requires he prove by

17    "clear and convincing" evidence that Defendant acted with actual malice. Plaintiff

18    has produced no such evidence during the pendency of the case. Clear and

19    convincing evidence is a heightened burden due to the Constitutional implications

20    of suing another person for their speech. (*Reader's Digest Assn., supra,* 37 Cal.3d

21    at p. 252; See also *Weiner v Fleischman* (1991) 54 Cal.3d 476, 487, quoting

22    *Herman & MacLean v Huddleston* (1983) 459 U.S. 375, 389-390.) Clear and

23    convincing evidence requires "a finding of high probability" or the unhesitating

24    assent of every reasonable mind. (*In re Angelia P.* (1981) 28 Cal.3d 908, 919; See

25    also *Colorado v New Mexico* (1984) 467 U.S. 310: defining clear and convincing

26    evidence as evidence that is highly and substantially more likely to be true than

27    not.; *In Re David C.* (1984) 152 Cal.App.3d 1189, 1208.)

28

6.

DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW
Case No. 2:23-cv-09430-SVW-PD

The Constitution of the United States protects an individual's right to discuss public figures and matters of public concern, even if the statements the individual makes are untrue. (*New York Times Co., supra,* 376 U.S. at pg. 285-286.) Whether the Defendant acted with actual malice is a subjective test. (*Id.* at pg. 280.) Plaintiff will, in essence, have to prove that Defendant subjectively knew the statements were false, or that he subjectively harbored "serious doubts" about the veracity of the statements.

Here, Plaintiff admitted in his deposition that he could not say whether Defendant ever made statements about Plaintiff with any ill will. Plaintiff admitted in his deposition that he has no personal knowledge whether Defendant knew the statements Defendant made were false. Plaintiff did not know whether Defendant harbored serious doubts about the veracity of the statements he alleged Defendant made. Plaintiff testified that he has no knowledge whether Defendant traveled to the Middle East. Plaintiff admitted he could neither confirm nor deny whether Defendant met anyone while in the Middle East. Plaintiff admitted he did not know if Defendant actually obtained the voicemail discussions mentioned in the Capitol Times article. Likewise, Plaintiff has no knowledge whether Defendant turned over the voicemails to the government. As such, there is no evidence that Defendant has acted with actual malice toward the Plaintiff.

Plaintiff must plead *and* prove actual malice by *clear and convincing evidence* in order to prevail on his claim for defamation per se. Plaintiff has not presented or developed *any evidence* Defendant acted with actual malice. Plaintiff produced no evidence during discovery or his deposition that demonstrates Defendant acted with actual malice. Plaintiff admitted during his deposition that he had no knowledge whether Defendant knowingly made false statements. Similarly, Plaintiff admitted he had no knowledge whether defendant harbored serious doubts as to the truth of the statements prior to making them. Plaintiff

7.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

further admitted he had no knowledge whether Defendant verified the authenticity of the voicemails referenced in the subject article. Plaintiff admitted he had no knowledge whether Defendant obtained the voicemails while in the Middle East. Plaintiff has produced nor proffered any evidence that Defendant *knowingly* published false statements. Nor has Plaintiff produced or proffered any evidence Defendant harbored "serious doubts" about the truth of the statements.

Plaintiff acknowledged during his deposition that Defendant had never spoken to Plaintiff prior to the alleged publication of the statements. Plaintiff also had no evidence that Defendant ever previously made statements about Plaintiff with any ill-will. Plaintiff testified that he had no evidence that Defendant knowingly published false statements. Plaintiff also admitted that he had no evidence whether Defendant harbored "serious reservations" about the validity of the statements in the article.

Plaintiff testified that he did not know whether or not Defendant traveled to the Middle East in November 2021. Plaintiff had no evidence to demonstrate Defendant did not have any meetings in the Middle East. While Plaintiff would like to shrug his shoulders and claim he has no knowledge of what Defendant thought or believed, Plaintiff bears the burden to prove just that. Plaintiff must prove Defendant, at the very least, harbored some subjective doubts as to the truthfulness of the statements. Plaintiff has admitted he has no such evidence.

In sum, Plaintiff has *no evidence* to support his allegations that Defendant published any statements with actual malice. Under the law, Plaintiff carries the burden to prove Defendant made the statements with either knowledge that the statements were false, or with reckless disregard for the truth or falsity of the statements. Plaintiff must prove either with facts and evidence showing he is substantially and highly most likely correct. However, if Plaintiff presents *no evidence* of either, then Plaintiff cannot meet his burden.

8.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

### d. Plaintiff Alleges that Defendant's Statements Harmed his Reputation and Put His Life in Danger

Plaintiff contends that as a result of Defendant's statements that were made about him as well as in the articles published that the Defendant has damaged his reputation. Plaintiff also claims that the Defendant has harmed his reputation in the Jewish community and that his wife is Jewish. Plaintiff also claims that he has lost book sales and art sales as a result of Defendant's statements. Plaintiff also claims he has suffered and continues to suffer severe emotional distress as a result of Defendant's statements.

As demonstrated above, Plaintiff's life has been in the media spotlight over the last several years with accusations against him concerning various scandals ranging from drug and alcohol addiction, sleeping with strippers, his addiction to crack cocaine, having an affair with his late-brother's wife, going through a divorce, encouraging his father while serving as Vice President to intervene in a company in Ukraine called Burisma of which he was a board member and made over $1,000,000 a year in fees with no experience in that company's industry, to fire a prosecutor that was investigating the company, allegations that he was influence peddling with foregoing governments which resulted in him receiving millions of dollars in wire transfer payments, denying that he had a laptop that had incriminating evidence on it when that laptop was later discovered to exist and its contents were released online, being disbarred as an attorney, he was found guilty on gun-related charges, and then was prosecuted for tax evasion where he recently pled guilty to those charges. Moreover, as being the son of the sitting President of the United States of America, Plaintiff was subjected to scrutiny on a national level through the media.

Plaintiff claims that none of these other events in his life have had a negative impact on his reputation. Rather, only the statements that the Defendant

9.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

had published in an article about Iran have had a negative impact on his reputation and caused his claim damages.

Plaintiff further claims that the Defendant's statements have had an especially negative impact on his reputation in the Jewish community. In his deposition, Plaintiff could not identify a single member of the Jewish community who has refused to associate with him or do business with him as a result of the Defendant's statements. Plaintiff contends that the Defendant's statements harmed his reputation because the Defendant was accusing him and his father of being involved in the release of Iranian funds, which helped fund Hamas' terrorist attacks in Israeli civilians back in October of 2023. Defendant's feelings and expressions that the release of those funds to Iran and that the resulting impact enabled Iran to fund Hamas and other terrorist organizations that have attacked Israel since are protected free speech and involved the conduct of his father as President of the United States. Plaintiff will have to distinguish how his father's conduct damaged his reputation in the Jewish community as opposed to Defendant's conduct.

Defendant's expert psychiatrist (Dr. Nathan Lavid) who examined the Plaintiff under court ordered independent mental examination determined that Plaintiff has not suffered severe emotional distress as a result of the Defendant's statements. Dr. Lavid confirmed that Plaintiff does suffer from stress and depression but the other stressful events in his life mentioned above are likely the major contributors toward Plaintiff's stress and depression.

Plaintiff has not designated any experts or rebuttal experts to counter the opinions of Dr. Lavid. He lists a Doctor Berlin who will allegedly testify about his emotional distress, but she has refused to comply with a defense subpoena to produce the medical records of plaintiff and billings to substantiate her treatment of him. This is not surprising because Plaintiff could not recall during his

10.

deposition if Dr. Berlin ever treated him for emotional distress. He lists his wife as a witness to his emotional distress claim but asserted the husband wife privilege to block Defendant from questioning Plaintiff during his deposition about what his wife knows about the facts related to his claims.

## III.   DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant has no countclaims. However, Defendant pled and plans to pursue the following affirmative defenses:

### A. First Affirmative Defense – Plaintiff is a Public Figure

Plaintiff is a public figure and must therefore show defendant published the statements with actual malice, which is outlined in detail above.

To support his claim Plaintiff is a public figure, Defendant must show that Plaintiff "achieved such pervasive fame or notoriety that he is a public figure in this case for all purposes. Reader's Digest Assn., v Superior Court ( 1984) 37 Cal.3d 244, 253, citing to Gertz v Robert Welch, Inc., (1974) 418 U.S. 323, 351. Whether Plaintiff is a public figure is a question of law decided by the Court. Stolz v KSFM 102 FM (1994) 30 Cal.App.4th 195, 203-204.

There is substantial evidence to show that Plaintiff is a public figure. He has been the subject of numerous media articles; he has sought public attention through the publication of his memoir, which highlighted his personal struggles; he further sought media attention in the form of interviews on mainstream national and international media outlets, popular podcasts, and news articles to promote his book; he admitted in his psychological examination that he has been in the public eye , and that his name is one of the most recognizable in the world.

Plaintiff has no evidence to contradict his status as a public figure.

### B. Second Affirmative Defense: Truth

Defendant made true statements. To prove the truth, Defendant must show that the statements were substantially true, even if not in every detail. CACI 1720.

11.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Defendant received this information from reliable third-party sources and can verify the claims he made. Plaintiff has no evidence contradicting Defendant's statements, other than his own self-serving testimony. He identified no witnesses, documents, or evidence contradicting Defendant's statements, other than Plaintiff's own deposition testimony referring to Defendant's statements as "lies."

## C. Third Affirmative Defense: First Amendment

The First Amendment to the Constitution protects Defendant's rights to freedom of speech. Hofman Co. v E. I. du Pont de Nemours & Co. (1988) 202 Cal.App.3d 390, 397. As a public figure, Plaintiff must prove by clear and convincing evidence Defendant made the statements with actual malice. To date, Plaintiff has not provided any evidence whatsoever demonstrating actual malice.

## D. Fourth Affirmative Defense: Good Faith/No Malice

Defendant acted in good faith and without any malice. As stated above, Defendant published true statements and was permitted to do so by the First Amendment. Plaintiff has no evidence contravening Defendant's claims. Plaintiff bears the burden to prove the statements are false and to prove that Defendant made the statements with actual malice. Plaintiff has no evidence of either.

## E. Fifth Affirmative Defense: Failure to State a Claim

Failure to state a claim on which relief can be granted. Plaintiff failed to properly state a claim for defamation because the statements made were substantially true.

## F. Sixth Affirmative Defense: Unclean Hands

Plaintiff's actions are barred in whole or in part by his unclean hands. Plaintiff has a semi-confirmed habit of trying to bully overseas associates into doing his bidding, and he uses his father, the current President of the United States, as leverage. Plaintiff pled guilty in his recent tax evasion case, likely to avoid the publication of evidence that he accepted payments from a Romanian business

12.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

associate to help influence U.S. policy.

## G. Seventh Affirmative Defense: Failure to Mitigate

Plaintiff failed to mitigate his alleged damages. Plaintiff has an obligation to use reasonable efforts to reduce or avoid damages, and the Defendant must prove that Plaintiff 1) failed to use reasonable efforts to mitigate his damages, and 2) Defendant must show the amount by which the damages would have been mitigated. Ninth Circuit Manual of Model Civil Jury Instructions § 5.3.

## H. Eighth Affirmative Defense: Statute of Limitations/Laches

Plaintiff's claim is time barred by the applicable statute of limitations and/or the doctrine of laches. Plaintiff waited an unreasonable amount of time before filing the lawsuit.

## IV.    ANTICIPATED EVIDENTIARY ISSUES

### 1. Defendant's Motions in Limine

Defendant plans to file the following Motions in Limine:

1. Motion in Limine to Exclude Any Expert Testimony or Opinions by Plaintiff's Witnesses;

2. Motion in Limine to Exclude Any Testimony or Evidence of Plaintiff's Alleged Emotional Distress Damages;

3. Motion in Limine to Exclude Any Testimony or Evidence of Plaintiff's Alleged Lost Sales and Business Opportunities;

4. Motion in Limine to Excludes Any Testimony or Evidence of Plaintiff's Alleged Lost Business Opportunities within the Jewish Community;

5. Motion in Limine to Exclude Any Testimony or Evidence Regarding Defendant's Character;

6. Motion in Limine to Preclude mention of personal wealth or financial condition of a party Preclude witnesses not disclosed Rule 26(f).

7. Exclude all witnesses and documents not disclosed by Plaintiff in his Rule

13.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

26f disclosure statements.

8. Motion in Limine to Preclude Plaintiff from calling his wife to testify about his emotional distress because she cannot testify as to causation and he asserted the husband wife privilege during his deposition to preclude the questioning of him about his wife, her knowledge about his claims and other factual issues related to the case.

Defendant anticipates Plaintiff will file Motions in Limine but is unaware of what those motions will be at this time.

## V.    ISSUES OF LAW

The pertinent issues in this matter are outlined above. However, Defendant respectfully requests the Court rule on the following issues:

1.    Defendant has a pending motion for summary judgment on the issue of Plaintiff's status as a public figure. Whether Plaintiff is a public figure is a question of law to be decided by the Court, as outlined fully above.

2.    Defendant's pending motion for summary judgment further outlines the complete lack of evidence. Plaintiff must support his claim for defamation per se. Plaintiff must prove by clear and convincing evidence that Defendant published the statements either knowing they were false, or with reckless disregard for the truth. Plaintiff has no such evidence. The U.S. Supreme Court in Celotex Corp. v Cattrett (1986) 477 U.S. 317, 322, ruled that "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."

## VI.    BIFURCATION OF ISSUES

Plaintiff requested punitive damages in his complaint. Under Federal Rule of Civil Procedure 42(b), the Court has the power to order separate trial of one or more separate issues or claims. This rule give the Court the authority to separate trial into liability and damages phases. Arthur Young & Co. v U.S. Dist. Ct., 549

14.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

F.2d 686, 697 (9th Cir. 1977): "bifurcation of the trial and damages issues is well within the scope of a trial court's discretion under Fed.R.Civ.P. 42(b)."

Before the jury can decide whether punitive damages are warranted, they must first decide whether Defendant is liable for the alleged defamation, and they must make a finding that Defendant acted with actual malice. Once they do so, they will have to consider Defendant's financial condition as part of their determination of punitive damages. However, Defendant's financial condition is irrelevant to make a determination of liability. Indeed, allowing Plaintiff to produce evidence of Defendant's financial condition before the jury even decides whether Defendant is liable is highly prejudicial. California Civil Code § 3295; See also McKiver v Murphy-Brown, LLC 980 F.3d 937, 975-76: "As the Supreme Court has recognized, inflammatory financial condition can be especially destructive in the context of punitive damages because of the leeway given to juries in selecting the appropriate amount necessary to punish and deter. *See State Farm Mut. Auto Ins.,* 538 U.S. at 417." Evidence of Defendant's financial condition will only become relevant once the jury makes a finding that Defendant not only acted with actual malice in publishing the statements, but that he acted with malice, oppression, or fraud. Evidence of Defendant's financial condition is otherwise irrelevant and prejudicial during the liability and compensatory damages phases of trial. Holdgrafer v Unocal Corp. 160 Cal.App.4th 907, 919 (2008); See Vasbinder v Ambach 926 F.2d 1333, 1344 (2d Cir. 1991).

## VII.   JURY TRIAL

Both parties agree to a jury trial. The only issue the jury cannot determine is whether Plaintiff is a public figure.

## VIII.   ATTORNEY'S FEES

Plaintiff requested attorney's fees in his prayer for relief. However, attorney's fees are not recoverable outside of contract or statute in California. Heritage

15.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Engineering Const., Inc. v City of Industry, 65 Cal.App.4th 1435, 1441-1442

(1998). Plaintiff's request for attorney's fees do not arise from a contract, or any

statute. Therefore, Defendant contends Plaintiff is not entitled to them.


## IX.    ABANDONMENT OF ISSUES

Defendant has not abandoned any issues at this time. Defendant is unaware if

Plaintiff has abandoned any issues.


Dated: November 5, 2024          LAW OFFICES OF MICHAEL C. MURPHY


By: /s/ Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S MEMORANDUM OF CONTENTIONS OF FACTS AND LAW**
Case No. 2:23-cv-09430-SVW-PD