Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:   Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 25, 2024<br>Time:   3:00 p.m.<br>Courtroom: "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1.    An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering any expert opinions.

2.    An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3.    An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1.    Pursuant to Rule 26(a)(2)(D)(i) of the Federal Rules of Civil Procedure, parties must disclose their expert's anticipated testimony 90 days before the trial date set. A

2.    Pursuant to Rule 26(a)(2)(D)(ii) of the Federal Rules of Civil Procedure, any party intending to provide expert testimony solely to contradict or rebut evidence identified under Rule 26(a)(2)(B) or (C), then the party must disclose the expert testimony within 30 days after the other party's disclosure.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Dated: November 6, 2024    LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any expert testimony or opinion by Plaintiff's witnesses.

## II.   BACKGROUND FACTS

### A. Plaintiff Failed to Disclose Any Experts

On September 10, 2024, Defendant served his expert disclosure pursuant to Federal Rules of Procedure 26(a)(2)(D)(i).

Plaintiff did not serve a designation. Plaintiff also failed to serve any rebuttal expert 30 days after Defendant's disclosure. Plaintiff also never served any treating physician information as required by the code.

On October 30, 2024, Plaintiff's counsel informed defense counsel that they were not designating any experts.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III.   LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury. Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

1.

B. **Evidence Sought to be Excluded**

1. <u>Plaintiff Designated No Expert Witnesses</u>

Under the Federal Rules of Civil Procedure, each party must timely disclose all retained and non-retained experts each party anticipates will proffer opinion evidence at trial under Federal Rules of Evidence 702, 703, and 705. Rule 26(a)(2)(A). This disclosure includes any unretained experts the party intends to call, especially if those physicians intend to provide expert opinion testimony. Rule 26(a)(2)(C); Musser v Gentiva Health Services (7th Cir. 2004) 356 F.3d 751, 756. The party designating unretained experts must identify them as experts under Rule 26(a)(2)(A) and must disclose the subject matter of their expected testimony, with a summary of the facts and opinions to which the experts will testify. Rule 26(a)(2)(C)(i)-(ii). The parties are obligated to disclose their experts 90 days before trial absent court order or stipulation of the parties. Rule 26(a)(2)(D)(i). Any rebuttal or impeachment experts must be identified and disclosed 30 days after the opposing party's disclosures. Rule 26(a)(2)(D)(ii). The purpose of these disclosures is to give the attorneys the opportunity to prepare for trial. Rembrandt Vision Technologies, L.P. v Johnson & Johnson Vision Care, Inc. (Fed. Cir. 2013) 725 F3d 1377, 1381.

If a non-retained expert, such as a treating physician, forms opinions about causation of the plaintiff's injuries outside of the physician's treatment of the plaintiff, then the physician's testimony becomes expert opinion testimony subject to the disclosure requirements. Rule 26(a)(2)(B); Goodman v Staples The Office Superstore, LLC (9th Cir. 2011) 644 F3d 817, 826; See also Meyers v National R. R. Passenger Corp. (Amtrak) (7th Cir. 2010) 619 F3d 729, 734-735.

Failure to properly disclose experts may result in the court excluding those experts from testifying at trial. Rule 37(c)(1). The party subject to the sanction will have to demonstrate substantial justification for the failure to disclose or will have to demonstrate that the failure to disclose was harmless. Id. Heidtman v County of

2.

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

El Paso (5th Cir. 1999) 171 F3d 1038, 1040. The Court will look to the non-disclosing party's explanation for failure to disclose the expert, any prejudice to the opposing party, the possibility of curing the prejudice by a continuance, and the importance of the experts' testimony. See Barrett v Atlantic Richfield Co. (5th Cir. 1996) 95 F3d 375, 380. Further, under Federal Rules of Evidence 701, lay witnesses cannot offer any opinion testimony regarding causation because such testimony will not be helpful to the trier of fact. See Head v Glacier Northwest, Inc., 413 F.3d 1053, 1062-63 (9th Cir. 2005).

Here, Plaintiff failed to disclose any retained and non-retained experts. The Court set no pretrial deadlines for experts, making the deadline 90 days before trial, or September 11, 2024. Defendant timely designated experts on September 10, 2024. Plaintiff failed to submit any expert designation. Plaintiff had an obligation to serve a supplemental designation of any rebuttal or impeachment experts 30 days after Defendant's disclosure. Plaintiff served no such disclosure. Further, On October 30, 2024, Plaintiff's counsel informed defense counsel that they chose not to designate any experts, including any rebuttal expert. Therefore, none of Plaintiff's witnesses may offer any expert witness opinion testimony.

2. <u>Dr. Alyssa Berlin May Not Offer Expert Testimony</u>

Plaintiff served his draft witness list on October 31, 2024, which included Dr. Alyssa Berlin, Psy.D. Plaintiff summarized Dr. Berlin's testimony as follows: "Dr. Berlin is a medical practitioner, therapist, and mental health expert who has been providing therapy to Plaintiff for his emotional distress and mental anguish for several years. **If necessary, Dr. Berlin will testify about Plaintiff's mental state, her treatment of him and therapy she provided,** *and her own professional impressions based on the foregoing*." Plaintiff is attempting to skirt the expert disclosure rules and conduct trial by surprise by backdooring expert opinion through percipient witness testimony. Plaintiff cannot do this. Plaintiff

3.

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

cannot offer causation testimony regarding Plaintiff's alleged emotional distress through an undesignated expert. Plaintiff has not produced any of her reports or records, nor has Plaintiff disclosed any of Dr. Berlin's "professional impressions" of Plaintiff's mental state, her treatment of plaintiff, or the therapy she provided. Regardless, this expert should have been identified, at the very least, as a non-retained expert under Rule 26(a)(2)(C). Plaintiff failed to comply with these requirements and is therefore precluded from offering testimony of any expert, including Dr. Berlin.

### C. Compliance by Counsel and Witnesses

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

### D. Plaintiff Refused to Meet and Confer

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

///

///

4.

**DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Dated: November 6, 2024       LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne