Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual, | Case No.:   2:23-cv-09430-SVW-PD |
| | Judge:   Honorable Stephen V. Wilson |
| | Courtroom:  "10A" |
| Plaintiff, | |
| | Complaint Filed: November 8, 2023 |
| vs. | **DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED SEVERE EMOTIONAL DISTRESS DAMAGES** |
| PATRICK M. BYRNE, an individual, | |
| Defendant. | Date:        November 25, 2024 |
| | Time:        3:00 p.m. |
| | Courtroom:  "10A" |
| | [DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1.     An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering any testimony related to Plaintiff's alleged severe emotional distress damages.

2.     An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3.     An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1. Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.

2. Pursuant to Rule 403 of the Federal Rules of Evidence, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence.

3. Plaintiff has failed to produce any evidence supporting his alleged claim for severe emotional damages, rendering any evidence irrelevant.

4. Federal Rule of Evidence 701 prohibits lay witnesses from providing opinion testimony normally reserved for expert witnesses.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the

ii.

**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

1    Court may consider when ruling on this Motion.

2

3    Dated: November 6, 2024          LAW OFFICES OF MICHAEL C. MURPHY

4

5                                                    By:  /s/  Michael C. Murphy, Esq.

6

7                                                    _____

                                                     Michael C. Murphy, Esq.
8                                                    Michael C. Murphy, Jr., Esq.
                                                     Attorneys for Defendant, Patrick
9                                                    Byrne

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any evidence or testimony related to Plaintiff's alleged emotional distress damages.

### II.    BACKGROUND FACTS

**A. Plaintiff Failed to Provide any Proof of His Emotional Distress Damages**

Plaintiff did not provide a single medical record or evidence supporting his claim for severe emotional distress damages. Moreover, Plaintiff failed to identify a single document or medical record in his draft exhibit list.

During his deposition, Plaintiff testified that he saw Dr. Alyssa Berlin for therapy, but he could not say if her treatment was in any way related to the alleged defamation.

On October 11, 2024, Plaintiff appeared for an independent neuropsychiatric evaluation with Defendant's neuropsychological expert, Nathan E. Lavid, M.D. Dr. Lavid noted that Plaintiff did not suffer from any severe or pathologic emotional distress or emotional distress damages. Plaintiff informed Dr. Lavid that he has seen Dr. Berlin for treatment and therapy unrelated to the defamation claim since 2022. Plaintiff informed Dr. Lavid that he has seen Dr. Berlin "off-and-on" as needed. Finally, Plaintiff designated no expert including Dr. Berlin as a treating physician to rebut Defendant's experts or findings on Plaintiff's severe emotional distress claim.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

### III.    LEGAL ARGUMENT

**A. Grounds for Bringing a Motion in Limine**

Motions in limine are procedural mechanisms that allow parties and the

1.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9ᵗʰ Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury.  Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

B. **Evidence Sought to be Excluded**

1.  Plaintiff Cannot Prove Emotional Distress

Federal Rule of Evidence 401 states in pertinent part:

"Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

Federal Rule of Evidence 403 states in pertinent part:

"The court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative

evidence."

Here, Plaintiff has alleged severe emotional distress damages related to the alleged defamation, but he has provided no evidence of any severe emotional distress during the discovery phase. He produced no medical records or testimony, other than his own self-serving testimony, of any such damages. Plaintiff bears the burden to prove his emotional distress damages by a preponderance of the evidence. Ninth Circuit Jury Instruction § 5.1. Any attempt

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

1    to put on evidence of these alleged damages will waste time.

2        2.  Plaintiff's Witnesses Cannot Testify to Plaintiff's Emotional Distress

3    Lay witnesses cannot provide evidence of causation under Federal Rule of

4    Evidence 701. Federal Rule of Evidence 701 states in pertinent part:

5    "If a witness is not testifying as an expert, testimony in the form

6    of an opinion is limited to one that is:

7    (a) rationally based on the witness's perception;

8    (b) helpful to clearly understanding the witness's testimony

9    or to determining a fact in issue; and

10   (c) not based on scientific, technical, or other specialized

11   knowledge within the scope of Rule 702."

12   Defendant anticipates that Plaintiff will elicit testimony of emotional

13   distress causation from his witnesses, such as his wife, Melissa Cohen, and his

14   therapy, Dr. Alyssa Berlin who is a treating physician not properly designated by

15   the Plaintiff. Plaintiff's wife is a lay witness under Federal Rule of Evidence 701,

16   and Dr. Berlin is a therapist whom Plaintiff did not designate as an expert. While

17   they may testify to their observations, they may not provide evidence or

18   testimony that Defendant's alleged statements *caused* Plaintiff's alleged severe

19   emotional distress.

20       C.  **Compliance by Counsel and Witnesses**

21   In the event that this Court grants this Motion, Defendant requests counsel to

22   instruct associates, clients, witnesses, and other persons under their control that no

23   mention or display be made in the presence of the jury of the matter that is the

24   subject of the motion. Without prior leave of court, counsel must not ask a question

25   that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be

26   anticipated to elicit testimony that was excluded.

27       D.  **Plaintiff Refused to Meet and Confer**

28   Local Rule 7-3 requires the parties to meet and confer before filing motions.

3.

**DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

### IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

4.