Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 25, 2024<br>Time: 3:00 p.m.<br>Courtroom: "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1. An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering evidence related to lost profits and business opportunities.

2. An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3. An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1. Plaintiff has not produced any evidence demonstrating a nexus between his alleged lost book sales and Defendant's publication.

2. Plaintiff has not produced any evidence demonstrating a nexus between his alleged lost art sales and Defendant's publication.

3. Plaintiff has not produced any evidence he lost any business opportunities.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: November 6, 2024    LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

iii.

**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from proffering evidence related to lost profits and business opportunities.

## II.   BACKGROUND FACTS

### A. There is No Nexus Between Plaintiff's Lost Sales and Defendant's Publication

Plaintiff alleges he lost book and art sales as a result of Defendant's publication. However, the documents he produced in discovery do not demonstrate any causal connection between diminished interest in Plaintiff's work and Defendant's publication. Further, Plaintiff has identified no expert to establish that Defendant's conduct contributed to Plaintiff's alleged lost sales. Plaintiff's claims of lost book and art sales are therefore specious, and subject to exclusion.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III.   LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury. Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

1.

B. **Evidence Sought to be Excluded**

1. There is No Evidence to Support Plaintiff's Claim for Lost Profits.

Federal Rule of Evidence 401 states in pertinent part:

"Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

Federal Rule of Evidence 403 states in pertinent part:

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Plaintiff bears the burden of proving his claim for lost profits. Plaintiff, however, has not produced any documents or witnesses that demonstrate a nexus between Plaintiff's alleged lost profits and Defendant's claim as to causation of those lost profits by Defendant's alleged defamatory statements. The documents Plaintiff produced show a decline in Plaintiff's book and art sales prior to the publication of Defendant's statements. Moreover, Plaintiff designated no expert who can comment on Plaintiff's lost profits, and any calculations related to those his alleged lost profits.

While Plaintiff may offer lay testimony to show lost profits, the testimony must be from a lay witness with *personal knowledge of the pertinent accounting system and balance sheets*. Lightning Lube, Inc. v Witco Corp. (3rd Cir. 1993) 4 F.3d 1153, 1175; Mississippi Chemical Corp. v Dresser-Rand Co. (5th Cir. 2002) 287 F.3d 359, 374. However, Plaintiff designated *no* witnesses with any knowledge of the accounting system and balance sheets related to lost profits for his books. Similarly, Plaintiff designated George Berges as a witness to discuss

2.

DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Plaintiff's reputation, and trends related to Plaintiff's art sales. However, it is unclear if Mr. Berges will have knowledge of the relevant accounting systems and balance sheets necessary to testify about Plaintiff's alleged lost profits for his art because Plaintiff's wife Melissa ruined those art sales.

Moreover, Plaintiff failed to designate any experts under Federal Rules of Civil Procedure Rule 26(a)(2)(A)-(C) on these issues. Additionally, lay opinion is inadmissible where it consists of unsupported inferences of lost sales from raw sales data and such testimony should not be allowed. Echo, Inc. v Timberland Machines & Irrig., Inc. (7th Cir. 2011) 661 F.3d 959, 965. Lay testimony that attempts to cross into expert testimony is speculative at best and should be excluded. US Salt, Inc. v Broken Arrow, Inc. (8th Cir. 2009) 563 F.3d 687, 690.

Plaintiff himself cannot testify about his lost art and book sales, he failed to do so at his deposition, and he lacks the necessary knowledge related to the accounting system, balance sheets and only relies on raw sales data that is insufficient without more to prove lost profits.. Any testimony by Plaintiff to explain his lost profits will rely on hearsay evidence, such as the documents he produced in discovery. Federal Rule of Evidence Rule 801(a)-(c). He has offered no testimony or witnesses, however, to authenticate the documents on which Plaintiff will rely. Federal Rule of Evidence Rul 803(6)(A)-(E). It is pure inadmissible speculation by plaintiff to testify what caused his lost sales.

### C. Compliance by Counsel and Witnesses

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

### D. Plaintiff Refused to Meet and Confer

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

## IV.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024      LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

4.

**DEFENDANT'S MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**