Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:   Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST BUSINESS OPPORTUNITIES WITHIN THE JEWISH COMMUNITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 25, 2024<br>Time:   3:00 p.m.<br>Courtroom:   "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1.    An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering any evidence of lost business opportunities in the Jewish community.

2.    An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3.    An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1.    Plaintiff has not produced any evidence that he lost any business opportunities within the Jewish community.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.


Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY


By:  /s/  Michael C. Murphy, Esq.


_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

ii.

**DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST BUSINESS OPPORTUNITIES WITHIN THE JEWISH COMMUNITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any evidence or testimony of lost business opportunities in the Jewish community.

## II.    BACKGROUND FACTS

### A. **Plaintiff Has No Evidence of Lost Business Opportunities Within The Jewish Community**

Plaintiff alleges that he lost business opportunities within the Jewish community after Defendant allegedly re-posted parts of his Capitol Times article in October 2023. Plaintiff imagines that the Jewish community rejected him due to Defendant's alleged re-post. In reality, Plaintiff could not name a single business opportunity lost within that community. Plaintiff could not name a single person within the Jewish community who refused to work with him after the alleged re-post. Furthermore, Plaintiff identified no witnesses within the Jewish community who would testify about his standing therein. When asked about this claim in his deposition, he repeatedly retorted that he could not prove a negative.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III.    LEGAL ARGUMENT

### A. **Grounds for Bringing a Motion in Limine**

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

determine the question of the admissibility of evidence outside the presence of the jury.  Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

    B. **Evidence Sought to be Excluded**

    1.  Plaintiff Has No Evidence He Lost Business Opportunities Within The Jewish Community

Federal Rule of Evidence 401 states in pertinent part:

"Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable

than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

Federal Rule of Evidence 403 states in pertinent part:

"The court may exclude relevant evidence if its probative value

is substantially outweighed by a danger of one or more of the following:

unfair prejudice, confusing the issues, misleading the jury,

undue delay, wasting time, or needlessly presenting cumulative

evidence."

    Plaintiff has produced no evidence, documents, or witnesses to prove he lost any business opportunities within the Jewish community. In fact, he repeatedly claimed he could not prove a negative throughout his deposition on this issue. Moreover, any evidence Plaintiff or his wife will present regarding Plaintiff's alleged lost business opportunities within the Jewish community would constitute hearsay. Federal Rule of Evidence Rule 801(a)-(c). Plaintiff identified no witnesses in the joint witness list who would opine on his damages here other than himself and his wife. He could not identify any witnesses or documents during his deposition to support this claim by him.

2.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

### C. **Compliance by Counsel and Witnesses**

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

### D. **Plaintiff Refused to Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

## IV.    CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

3.

**DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST BUSINESS OPPORTUNITIES WITHIN THE JEWISH COMMUNITY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**