Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE ANY TESTIMONY OR EVIDENCE REGARDING DEFENDANT'S CHARACTER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 25, 2024<br>Time: 3:00 p.m.<br>Courtroom: "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY ON DEFENDANT'S CHARACTER**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1. An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering any character evidence.

2. An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3. An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1. Character is inadmissible to prove conduct in conformity with that character. It is anticipated that Plaintiff will attempt to present evidence of Defendant's character.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY

                                                By:  /s/  Michael C. Murphy, Esq.

                                        Michael C. Murphy, Esq.
                                        Michael C. Murphy, Jr., Esq.
                                        Attorneys for Defendant, Patrick Byrne

**DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY ON DEFENDANT'S CHARACTER**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any character evidence.

## II. BACKGROUND FACTS

### A. Defendant's Character is Inadmissible to Prove Conduct

Plaintiff included in his Complaint allegations of Defendant's alleged beliefs and conduct unrelated to Defendant's alleged publications. The irrelevant allegations, included in Paragraphs 10, 11, 12, 13, 15, 16, 17, 19, and 22, are included in the Complaint to paint Defendant as a liar and conspiracy theorist. Any evidence Plaintiff intends to prove these allegations or any other such contentions about Defendant's conduct constitutes inadmissible character evidence.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III. LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury. Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### B. Evidence Sought to be Excluded

1. Character Evidence is Irrelevant and Inadmissible to Prove Conduct in

1.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Conformity

Federal Rule of Evidence 401 states in pertinent part:

"Evidence is relevant if:

(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

(b) the fact is of consequence in determining the action."

Federal Rule of Evidence 403 states in pertinent part:

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

Federal Rule of Evidence 404 states in pertinent part:

"(a) CHARACTER EVIDENCE.

(1) *Prohibited Uses.* Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait…

(b) OTHER CRIMES, WRONGS, OR ACTS.

(1) *Prohibited Uses.* Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character."

Plaintiff will attempt to bring in Defendant's character and appears to bank his case on proving that Defendant is a liar and conspiracy theorist in general. It is apparent from his complaint that he intends to prove Defendant's conformity with those alleged character traits. However, the Federal Rules of Evidence do not allow character evidence when offered to prove conduct in conformity with the

2.

character traits. United States v Lynch (9th Cir. 2006) 437 F.3d 902, 913-915; United States v Gyamfi (6th Cir. 2015) 805 F.3d 668, 674-675. Plaintiff will no doubt argue that Defendant's propensity for alleged defamation is highly probative, such evidence is prejudicial, and there is a high risk the jury will misuse such evidence. Michelson v United States (1948) 335 US 469, 475-476; United States v Curtin (9th Cir. 2007) 489 F.3d 935, 944: character evidence "subtly permits the trier of fact to reward the good man and punish the bad man because of their…characters despite what the evidence…shows actually happened." Such evidence runs the risk of overpersuading the jury that Defendant is so bad that he will be denied a fair hearing based on the evidence. United States v Brown (3rd Cir. 2014) 765 F.3d 278, 295.

      Here, Plaintiff's complaint, and the evidence he plans to produce during trial, all point to Defendant's alleged character as a liar and a conspiracy theorist and is irrelevant to whether Defendant published the statements at issue with knowledge they were false, or with reckless disregard for the truth. Plaintiff will try to prove his case not on any evidence Defendant made the statements with actual malice but based on evidence of Defendant's character. Such evidence is prejudicial, irrelevant, and inadmissible.

      C. **Compliance by Counsel and Witnesses**

      In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

      D. **Plaintiff Refused to Meet and Confer**

      Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an

3.
**DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE EXPERT TESTIMONY ON DEFENDANT'S CHARACTER**

attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024           LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne