Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK M. BYRNE, an individual, <br><br> Defendant. | Case No.:  2:23-cv-09430-SVW-PD <br> Judge:  Honorable Stephen V. Wilson <br> Courtroom:  "10A" <br><br> Complaint Filed: November 8, 2023 <br><br> **DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:  November 25, 2024 <br> Time:  3:00 p.m. <br> Courtroom:  "10A" <br><br> [DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1. An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from proffering any evidence of Defendant's financial condition.

2. An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3. An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1. Pursuant to Rule 401 of the Federal Rules of Evidence, evidence is relevant if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence in determining the action.

2. Pursuant to Rule 403 of the Federal Rules of Evidence, the court may exclude relevant evidence if its probative value is substantially outweighed by a danger of the following: unfair prejudice, confusing the issues, misleading the jury, wasting time, or needlessly presenting cumulative evidence.

3. Evidence of Defendant's financial condition is irrelevant to determine liability and compensatory damages.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: November 6, 2024       LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

iii.

**DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any evidence of Defendant's financial condition.

## II.   BACKGROUND FACTS

### A. Evidence of Defendant's Financial Condition is Irrelevant

Whether Defendant is wealthy or not is entirely irrelevant, and highly prejudicial.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III.   LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury.  Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### B. Evidence Sought to be Excluded

1. Evidence of Defendant's Financial Condition is Irrelevant

Whether the opposing party is wealthy or not is irrelevant and prejudicial, and thus references to a party's wealth is improper. Smith v Covell (1980) 100 Cal.App.3d 947, 960; Weaver v Shell Oil Co. of California (1933) 129 Cal.App

1.

232, 234. Such evidence will not be relevant at the liability and compensatory stages of the litigation. This evidence will only become relevant if the jury finds Defendant liable and makes a finding that Defendant is liable for punitive damages. Allowing Plaintiff to produce evidence of Defendant's financial condition before the jury even decides whether Defendant is liable is highly prejudicial. California Civil Code § 3295; See also McKiver v Murphy-Brown, LLC 980 F.3d 937, 975-76: "As the Supreme Court has recognized, inflammatory financial condition can be especially destructive in the context of punitive damages because of the leeway given to juries in selecting the appropriate amount necessary to punish and deter. *See State Farm Mut. Auto Ins.,* 538 U.S. at 417." Until then, Defendant's financial condition is entirely irrelevant. Holdgrafer v Unocal Corp. 160 Cal.App.4th 907, 919 (2008); See Vasbinder v Ambach 926 F.2d 1333, 1344 (2d Cir. 1991).

### C. **Compliance by Counsel and Witnesses**

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

### D. **Plaintiff Refused to Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

/ / /

/ / /

2.

**DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne