Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:   Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 25, 2024<br>Time:   3:00 p.m.<br>Courtroom: "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

**DEFENDANT'S MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1. An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from offering undisclosed evidence or witness testimony.

2. An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3. An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

This Motion is made of the following grounds:

1. Rule 26(f) requires parties to confer and ultimately make the necessary disclosures under Rule 26(a)(1).
2. Rule 26 requires parties to disclose all witnesses and evidence they plan to call or use at trial. Failure to comply will result in the exclusion of the undisclosed witnesses or evidence.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: November 6, 2024     LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

ii.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from offering undisclosed evidence or witness testimony.

## II. BACKGROUND FACTS

### A. Undisclosed Witnesses and Evidence Must Be Excluded

Federal Rules of Civil Procedure Rule 26(f) requires parties to confer and ultimately make the necessary disclosures under Rule 26(a)(1).

Federal Rules of Civil Procedure Rule 26(a)(3)(A) requires the disclosure of all witnesses and documents each party plans call or use at trial.

Therefore, this Court should grant this Motion and preclude Plaintiff's witnesses from providing any expert testimony or opinion.

## III. LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury. Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980).

### B. Evidence Sought to be Excluded

1. Plaintiff Cannot Call Witnesses or Use Evidence If He Fails to Comply With the Rule 26(f) Disclosure Requirements

Federal Rule of Civil Procedure Rule 26(f) states in pertinent part:

1.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

"(1) *Conference Timing.* Except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable— and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

(2) *Conference Content; Parties' Responsibilities.* In conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person."

Here, Plaintiff has submitted numerous revised Rule 26(f) disclosures and should be precluded from introducing witnesses and evidence he failed to disclose. Furthermore, Plaintiff should not be permitted to "amend" his disclosure close to or after the close of discovery.

2. Undisclosed Witnesses and Evidence Must Be Excluded

Federal Rule of Civil Procedure Rule 26(a)(3) states in pertinent part:

"(A) *In General.* In addition to the disclosures required by Rule 26(a)(1) and (2), a party must provide to the other parties and promptly file the following information about the

evidence that it may present at trial other than solely for impeachment:

(i) the name and, if not previously provided, the address and telephone number of each witness—separately identifying those the party expects to present and those it may call if the need arises;

(ii) the designation of those witnesses whose testimony the party expects to present by deposition and, if not taken stenographically, a transcript of the pertinent parts of the deposition; and

(iii) an identification of each document or other exhibit, including summaries of other evidence—separately identifying those items the party expects to offer and those it may offer if the need arises."

The parties submitted a joint witness statement that was filed with the Court on November 5, 2024. Plaintiff did not include any witnesses who could testify to his lost profits or his lost business opportunities in the Jewish community. Nor did he disclose any witnesses who could authenticate any of the documents allegedly showing his lost profits. Furthermore, he designated no expert witnesses who could comment on his lost profits, lost business opportunities in the Jewish community, or the nexus between his alleged lost profits and Defendant's statements.

Similarly, Plaintiff identified no documents or medical records showing he suffered from emotional distress. Plaintiff identified no documents showing any book sale or art sale cancellations, no documents showing any contracts were canceled, and no other evidence demonstrated his alleged lost profits. This evidence must therefore be excluded.

///

C. **Compliance by Counsel and Witnesses**

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

D. **Plaintiff Refused to Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in an attempt to informally resolve these issues prior to trial. However, Plaintiff's counsel seemed unable to come to an agreement on the issue(s) presented in this Motion, which prompted its filing.

## IV. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 6, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

4.

**DEFENDANT'S MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**