Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>        Defendant. | Case No.:    2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT AND/OR FOR SUMMARY ADJUDICATION AS TO PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Defendant's Evidentiary Objections to Plaintiff's Declaration and Exhibits; Defendant's Response to Plaintiff's Additional Controverted Facts; Defendant's Response to Plaintiff's Disputed Facts; the Declaration of Michael C. Murphy*]<br><br>Date:    November 25, 2024<br>Time:    1:30 p.m.<br>Courtroom:  "10A" |

i.

**TO ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that Defendant hereby files his Reply in support of his Motion for Summary Judgment on the grounds that Plaintiff has failed to produce any evidence to show a genuine triable issue of material fact supported by admissible evidence that proves that Defendant acted with malice against Plaintiff a public figure in that he made false statements of fact with either knowledge of falsity, or with reckless disregard for the truth. Plaintiff has also failed to comply with the provisions of <u>Federal Rules of Civil Procedure</u> 56(d) and has not filed the required declaration to show good cause for a continuance of the hearing of this motion or that it be denied because Plaintiff could not diligently obtain discovery he needs to oppose the motion.

Dated: November 12, 2024          LAW OFFICES OF MICHAEL C. MURPHY


By: /s/ Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

ii.

# **TABLE OF CONTENTS**

I.    **INTRODUCTION**……………………………………..……1

II.   **LEGAL ARGUMENT**……………………………..….2

   **A. Defendant Has Met His Burden of Negating Plaintiff's Cause of Action for Defamation**………………………………………...2

       1. *Plaintiff Has No Clear and Convincing Evidence to Demonstrate Actual Malice*....…………………….……3

   **B. Plaintiff's Request for a Continuance Should be Denied**…………10

       1. *The Law Applicable to Requests for Continuance Related to a Motion for Summary Judgment*…………………………..10

       2. **The Court Should Deny the Requested Continuance and Grant the Motion for Summary Judgment..**……………......11

   **C. Plaintiff Ignored Defendant's Efforts to Meet and Confer**………..14

III.  **CONCLUSION**………………………….…..…………..14

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

iii.

# <u>TABLE OF AUTHORITIES</u>

**Page No.**

**Cases**

*Anderson v. Liberty Lobby, Inc.*

477 U.S. 242, 247-248 (1986)..................................................................1, 9

*Bank Brussels Lambert v Credit Lyonnais (Suisse) S. A.*,

168 F.Supp.2d 57, 58, 60-61.)...................................................................7

*Byrd v Guess*

137 F.3d 1126, 1131 (9th Cir. 1998)........................................................13

*Celotex Corp. v. Catrett*

477 US 317, 106 S.Ct. 2548, 2554 (1986) ..............................................10

*Chance v Pac-Tel Teletrac, Inc.*

242 F.3d 1151, 1161 n.6. (9th Cir. 2001)................................................13

*Cornwell v. Electra Cent. Credit Union*

439 F.3d 1018, 1027 (9th Cir. 2006) .......................................................11

*Curtis Publishing v Butts*

388 U.S. 130 (1960) ...................................................................................7

*Greenbelt Cooperative Publishing Ass'n v Bresler*

398 U.S. 6, 10-11 (1970) ...........................................................................5

*Harper v. Wallingford*

877 F.2d 728, 731 (9th Cir. 1989) .............................................................1

*Kaelin v. Globe Commc'ns Corp.*,

162 F.3d 1036 (9th Cir. 1998) ...................................................................7

*Margolis v Ryan*

140 F.3d 850, 853-854 (9th Cir. 1998)....................................................13

*New York Times Co. v Sullivan*

376 U.S. 254, 270 (1964) ...........................................................................3

*Rivera-Torres v. Rey Hernandez*

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

iv.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

502 F.3d 7, 10 (1st Cir. 2007) ........................................................... 10, 11

*Sanders v Walsh*

(2013) 219 Cal.App.4th 855 ...................................................................7

*Schoen v Schoen*

48 F.3d 412, 417 (9th Cir. 1995) ............................................................5

*Snyder v CitiSteel USA Inc.*,

508 F.Supp.2d 407, 412-413 (D. Del. 2007) ...........................................6

*St. Clair v. Johnny's Oyster & Shrimp, Inc.*

76 F. Supp. 773, 774-775 (SD TX 1999) ................................................8

*Stitt v. Williams*

919 F.2d 516, 526 (9th Cir. 1989) ........................................................11

*Tatum v. City & County of San Francisco*

441 F.3d 1090, 1101 (9th Cir. 2006) ....................................................10

*United States v. Kitsap Physicians Service*

314 F.3d 995, 997 (9th Cir. 2002) ........................................................11

*Villiarimo v Aloha Island Air, Inc.*

281 F.3d 1054, 1061 (9th Cir. 2002) .......................................................3

*Wady v. Provident Life & Accident Ins. Co. of America*

216 F. Supp.2d 1060, 1064-1065 (CD CA 2002) ......................................9

**Rules**

Federal Rule of Evidence Rule 901(a)………………………………………..6

Federal Rule of Civil Procedure 56(c)(2) and (4)………………………….6

Federal Rules of Evidence 901(a)…………………………………………..6

Federal Rules of Evidence 104(b)…………………………………………..6

Federal Rules of Civil Procedure 56(d) ................................ ii, 10, 11, 12

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

<u>Federal Rules of Civil Procedure</u> Rule 56(a)..............................................................3

<u>Federal Rules of Civil Procedure</u>. 401, 404(a)(1)................................................10

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

vi.

# MEMORANDUM OF POINTS & AUTHORITIES

## I.    INTRODUCTION

Defendant Patrick Byrne respectfully requests that this Court grant his motion for summary judgment. Plaintiff conceded his public figure status, which requires he prove Defendant made false statements with actual malice. Further, Plaintiff has offered no actual clear and convincing evidence establishing a triable issue of fact in this matter. Plaintiff has proffered no clear and convincing evidence that the Defendant knew his statements were false at the time they were made or that Defendant had serious doubts about the veracity of the statements before he published them.

Further, the additional "facts" and "statements" of Undisputed Fact that Plaintiff included in his response to the uncontroverted facts are neither relevant nor material to the issue of actual malice. Plaintiff has not filed a Declaration showing how and in what manner the evidence he has submitted shows that Defendant acted with the required malice against him. He cannot file such a Declaration and relies on his counsel's Declaration with the exhibits attached to it because he cannot contradict his deposition testimony that is attached to the moving papers filed by Defendant. The opposition evidence is not clear and convincing and is also mostly inadmissible internet posts and summaries.

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment, the requirement is a genuine issue of *material* fact. (*Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-248 (1986). An issue of fact is genuine if it can easily be resolved in favor of either party. (*Id.* at 250-251.) Mere disagreement or the bald assertion that that a genuine issue of material fact exists does not preclude summary judgment. (*Harper v. Wallingford* 877 F.2d 728, 731 (9th Cir. 1989).

Plaintiff's request that the court should alternatively either continue the hearing of the motion to allow him to conduct more discovery or deny the motion

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

should be denied by the court. Plaintiff has not submitted the required declaration demonstrating good cause for why he has not conducted the discovery that he needs to oppose the motion or information on any of the other requirements mandated by the code to be entitled to a continuance or for the court to deny this motion. Moreover, his counsel was offered and refused an extension of time if he needed it to prepare and file Plaintiff's opposition to the motion for summary judgment and clearly confirmed he had more than enough evidence to oppose this motion for summary judgment. Plaintiff's request for a continuance to conduct discovery is nothing but a strategy and tactic.

## II.   LEGAL ARGUMENT

### A. Defendant Has Met His Burden of Negating Plaintiff's Cause of Action for Defamation

Plaintiff offers no clear and convincing admissible evidence or facts showing that the Defendant knew at the time he made the statements that are the subject of his defamation claim were false or that he had serious doubts about the veracity of the statements before he published them. Plaintiff produced no witnesses, no evidence, no declaration, and no documents showing with clear and convincing evidence that Defendant acted with malice when publishing his statements that are the subject of Plaintiff's defamation claim.

Plaintiff only offers a single piece of evidence by him on this topic which is a comment he made during his deposition when he was represented by four lawyers coaching him and that did not respond to the question asked about whether he had any evidence that Defendant acted hostilely towards him prior to the publication of the statements he claims were false and defamatory. Plaintiff could not claim he had any such evidence but tried to qualify his testimony that such evidence is not before him. This deposition testimony by Plaintiff is not clear and convincing evidence of Defendant's malice that Plaintiff is required to prove.

2.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Then in his opposition, Plaintiff uses his counsel's Declaration to try and use mostly inadmissible internet evidence to allegedly show Defendant's claimed hostility toward Plaintiff but without the Plaintiff's Declaration showing his state of mind and perception of these exhibits. Plaintiff's counsel's Declaration is not sufficient to show with clear and convincing evidence as to Plaintiff's state of mind and how Plaintiff has interpreted these opposition exhibits which are before him and the court as showing hostility towards him or how that claimed hostility proves that Defendant acted with the required malice to require that this motion be denied by the court.

Self-serving declarations uncorroborated by other testimony cannot create a genuine issue of material fact and particularly when they do not offer any evidence which is the subject of the motion to wit: Defendant acted with malice with clear and convincing evidence. (*Villiarimo v Aloha Island Air, Inc.* 281 F.3d 1054, 1061 (9th Cir. 2002). Plaintiff's single statement in his deposition while being coached by his four counsel that he did not know if Defendant published articles showing hostility towards him before the alleged false defamatory statements were made and then trying to overcome that admission by Plaintiff with his counsel's Declaration using inadmissible exhibits and asking the court to extrapolate from them Plaintiff's state of mind as to those exhibits and conclude that they admissible evidence of Defendant's hostility towards Plaintiff before he published the alleged defamatory statements are insufficient to defeat summary judgment here because Plaintiff finally admitted he is a public figure. (*New York Times Co. v Sullivan* 376 U.S. 254, 270 (1964).

1.  *Plaintiff Has No Clear and Convincing Evidence to Demonstrate Actual Malice*

Plaintiff proffered no clear and convincing evidence that the statements Defendant made were done with actual malice. Plaintiff bears the burden to prove

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

with clear and convincing evidence that Defendant either knew the statements were false, or that he made the statements with serious doubts about the veracity of those statements. (*New York Times Co. v Sullivan* 376 U.S. 254, 270 (1964). Yet, he provides no evidence of either. In fact, Plaintiff acknowledged that he lacked knowledge whether Defendant knew the statements were true, or whether Defendant harbored any serious doubts as to their veracity before they were published. (See Plaintiff's Responses to Defendant's Uncontroverted Material Fact #s 37-38.)

Plaintiff claims alleged "hostility" by Defendant towards Plaintiff and/or Plaintiff's father only with only the use of his counsel's declaration and not Plaintiff's declaration using exhibits 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 14, 58, 59, 63, and 64 that he attaches to his counsel's declaration. However, this evidence submitted to the court by Plaintiff is not clear and convincing evidence of Defendant's malice towards Plaintiff that he is required to show to defeat this motion.

Exhibits 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 14, 58, 59, 63, and 64 are internet posts that have not been properly authenticated and are inadmissible. Defendant has filed evidentiary objections to each of these exhibits. However, even if the court were to overrule those objections, there are two reasons why these exhibits do not prove Defendant's claimed malice with clear and convincing evidence.

During his deposition, Plaintiff admitted he could not identify anything Defendant put in writing showing hostility towards him prior to making the claimed statements in this case. He answered the question twice and could not answer it as to him but only his family.  (UMF 43)

Moreover, these prepublication exhibits are merely political discourse and opinion that is protected by the First Amendment. They are not proof of malice by

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Defendant with clear and convincing evidence relating in any way to the publication of the statements at issue in this case. They do not even relate in any way to the alleged defamatory statements.

Moreover, hostility alone by a Defendant towards a Plaintiff is not enough to prove with clear and convincing evidence actual malice by Defendant in statements he made against a public figure plaintiff that are the subject of a defamation claim. (*Schoen v Schoen* 48 F.3d 412, 417 (9th Cir. 1995), *citing to Greenbelt Cooperative Publishing Ass'n v Bresler* 398 U.S. 6, 10-11 (1970): "'spite, hostility, or deliberate intention to harm' not equivalent to actual malice."')

Plaintiff also relies in his opposition on alleged post publication statements and publications by Defendant to try and prove actual malice with clear and convincing evidence. These are Exhibits 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 60, 61, 62, and 65. Defendant has filed evidentiary objections to each of these exhibits. However, even if the court were to overrule those objections and consider these exhibits, they are merely political discourse and opinion that is protected by the First Amendment and especially with Plaintiff admitting he is a public figure involved in the political arena. Just like the prepublication exhibits, these post publication exhibits make no reference at all to the alleged defamatory statements.

None of these alleged post defamatory statements contained in Exhibits 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 42, 43, 44, 45, 46, 47, 48, 49, 60, 61, 62, and 65 show that Defendant knew his alleged defamatory statements were false when he made them or had serious doubts about the veracity of those statement before they were published.

For example, Plaintiff has not demonstrated any nexus between the statements related to his laptop and the statements in question in his exhibits. Additionally, the alleged statements purportedly made by Defendant regarding

Plaintiff's laptop and indictments ultimately proved correct: Plaintiff was indicted twice in 2023, and evidence purportedly on his "laptop" was used at his gun trial. Plaintiff does not even attempt to tie in the statements and publications in his exhibits to the alleged defamatory statements.

And to the extent any of Plaintiff's exhibits relate at all to the alleged defamatory statements, there is nothing in those exhibits which prove with clear and convincing evidence of any kind that Defendant knew that when he made the alleged defamatory statements that they were false or he had serious doubts about the veracity of those statements before he published them.

Worse yet, the transcript summaries Plaintiff relies on are poorly transcribed, and contain numerous errors, including obvious spelling errors, grammatical errors, and omissions. For example, the transcription of the audio voicemail recording submitted, Plaintiff's Exhibit 54, changes "lobbying firm" to "law big firm," which makes little sense. Similarly, in Plaintiff's Exhibit 31 transcribes the phrase "nothing to write home about" as "nothing to **wright** home about" twice. There are numerous other mistakes in the transcripts, including inconsistent and incomplete time-stamps, gaps, and incorrect transcriptions of statements and phrases. Such errors render the transcriptions unreliable. Moreover, there is no testimony offered by the actual transcriber that the transcriptions were correct, or what efforts were made to ensure they were correct. Unedited transcripts such as these fail to meet the requirements for authentication under Federal Rule of Evidence Rule 901(a) and are inadmissible pursuant to Federal Rule of Civil Procedure 56(c)(2) and (4). (*Snyder v CitiSteel USA Inc.*, 508 F.Supp.2d 407, 412-413 (D. Del. 2007): unedited transcript not authenticated and employee conceded it contained numerous errors.) Similarly, "edited, non-verbatim, *non-final*" *draft* transcripts are inadmissible under Federal Rules of Evidence 901(a) and 104(b) because they are not authenticated and contain numerous errors. (*Bank Brussels*

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

*Lambert v Credit Lyonnais (Suisse) S. A.*, 168 F.Supp.2d 57, 58, 60-61.) Here, the transcriptions are clearly non-verbatim, unedited drafts that have not been authenticated. As such, they cannot be considered, and should be disregarded.

Plaintiff relies on *Sanders v Walsh* (2013) 219 Cal.App.4th 855 as an example of clear and convincing evidence of actual malice in which the defendant there admitted to making harsh statements about the Plaintiff. However, that is not the case here. The "harsh statements" in *Sanders* ended up in that case to being the defamatory statements that the defendant in that case ultimately admitted to making after initially ***denying*** she made them and that were the basis of Plaintiff's claim against the Defendant in that case. (*Id.* at pp. 862, 874.)

Similarly, Plaintiff relies on *Curtis Publishing v Butts* 388 U.S. 130 (1960) for the proposition that an ***intentionally*** inadequate investigation supports a finding of actual malice because that evidence shows Defendant had serious doubts about the statement but published them. However, that case is inapplicable here.

Plaintiff has not offered one scintilla of evidence that Defendant ***intentionally*** conducted an inadequate investigation and went ahead and published the alleged defamatory statements in this case knowing they were false or had serious doubts about whether the statements were true. Plaintiff has no witnesses, no documents, and no declarations of any kind showing with clear and convincing evidence that Defendant ***intentionally*** conducted an inadequate investigation and acted with the required malice.

Plaintiff also relies on *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036 (9th Cir. 1998) as a final example of actual malice. However, *Kealin* is inapposite here. In that case, a newspaper ran a headline that accused the plaintiff of killing O.J. Simpson's wife. (*Id.* at 1042.) However, the plaintiff in that case offered the testimony of the editor who admitted that he doubted the accuracy of the headline.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

(*Ibid.*) His deposition testimony that "the front page of the tabloid paper is what we sell the paper on, not what's inside it" *supported an inference that the headline was **intentionally** false to capture the intention of the reader and sell magazines.* (*Ibid.*)

Here, Plaintiff has offered absolutely **no evidence** Defendant **intentionally** published knowingly false statements, or that he published them with reckless disregard for the truth. Plaintiff has no witnesses, no documents, and no declarations of any kind showing with clear and convincing evidence that Defendant **intentionally** published the statements either knowing they were false, or with reckless disregard for the truth and/or intentionally conducted an inadequate investigation.

Finally, Plaintiff misrepresents Defendant's statements in his discovery responses, which clearly stated that Defendant merely relied on David Smith and John Moynihan to help *verify* the identity of the person who made statements on the tapes he obtained prior to the publication of the alleged defamatory statements. At no point does Defendant ever state in his discovery responses that he relied on David Smith or John Moynihan for information from them to create the published statements that Plaintiff claims are defamatory in this case.

Internet posts are viewed as a catalyst for rumor, innuendo and misinformation. Consequently, information from the internet is regarded as inherently untrustworthy. (*St. Clair v. Johnny's Oyster & Shrimp, Inc.* 76 F. Supp. 773, 774-775 (SD TX 1999).) Plaintiff's exhibits that were allegedly procured from websites and or social media are inadmissible because Plaintiff has not provided this court in his opposition with actual proof based on the personal knowledge of who maintains the website where the publications occurred, who authored the documents on the websites and social media posts, who authorized the publication of the statements, and the accuracy of the documents' contents

printed from the website. (*Wady v. Provident Life & Accident Ins. Co. of America* 216 F. Supp.2d 1060, 1064-1065 (CD CA 2002).

The internet exhibits referenced herein that Plaintiff offers with his opposition to the motion for summary judgment are untrustworthy internet information that are not properly authenticated as required by the rules of evidence. Plaintiff's counsel attests he took screenshots of various posts allegedly taken from Defendant's website and social media platforms as well as other websites. However, it is not clear that the posts that allegedly came from these sites were actually posted by Defendant or someone authorized to make these posts by Defendant. There is also no evidence provided by Plaintiff that the social media posts were made or authorized to be published by Defendant. Plaintiff's counsel's sole attestation that he took the screenshots that are attached to his Declaration in support of Plaintiff's opposition to the motion for summary judgment cannot satisfy this requirement.

Even if the Court believes all the evidence proffered by Plaintiff, and draws all inferences in his favor, Plaintiff cannot prevail. (See *Anderson v Liberty Lobby* 477 U.S. 242, 255-256 (1986). The evidence comprises mainly of screenshots taken by Plaintiff's counsel both before and after the date of the publication in question, but they do not speak about the issues at play here. Plaintiff does not dispute his deposition testimony that he has no knowledge of whether Defendant lacked knowledge of the falsity of the statements and/or had no knowledge serious doubts about the truthfulness of the statements (See Plaintiff's Responses to Defendant's Uncontroverted Material Fact #s 37-38.).

Plaintiff's inflammatory allegations that Defendant is, in essence, a right-wing nutjob and acted with the required malice (knowledge the statement was false when made or had doubts about the veracity of the statements before they were published) simply by providing inadmissible evidence of his political beliefs

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

with the exercise of his First Amendment rights to state his political beliefs and when Plaintiff is a political public figure in the arena does not constitute clear and convincing evidence of malice by Defendant in this case. Plaintiff's evidence attached to his client's Declaration is also mostly inadmissible character evidence. (*Fed. Rules of Evid.* Secs. 401, 404(a)(1).)

**B.  Plaintiff's Request for a Continuance Should be Denied.**

1.  *The Law Applicable to Requests for Continuance Related to a Motion for Summary Judgment.*

Federal Rule of Civil Procedure Rule 56(d) allows a party to file an affidavit or declaration and ask the court to defer consideration of a motion for summary judgment or to deny it to allow the opposing party more time to obtain affidavits, declarations or to take discovery to then be used to oppose the motion. This reason for this rule is to prevent the opposing party from being "railroaded" by a premature motion for summary judgment. (*Celotex Corp. v. Catrett* 477 US 317, 106 S.Ct. 2548, 2554 (1986); *Rivera-Torres v. Rey Hernandez* 502 F.3d 7, 10 (1st Cir. 2007).)

The opposing party's required ***declaration*** that must be filed with a continuance request under Federal Rule of Civil Procedure 56(d) must show (a) facts indicating a likelihood that controverting evidence exists as to a material fact, (b) ***specific*** reasons why such evidence was not discovered or obtained earlier in the proceedings, (c) the steps or procedures by which the opposing party proposes to obtain such evidence in a reasonable amount of time and an explanation of how those facts will suffice to defeat the motion for summary judgment. (*Tatum v. City & County of San Francisco* 441 F.3d 1090, 1101 (9th Cir. 2006).

Rule 56(d) is not self-executing and the court has no obligation to invoke it. The party seeking continuance of the motion must comply with the requirements

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

of the code and not oppose the motion for summary judgment through the use of a requested Rule 56(d) continuance as a strategic and tactical effort to try and defeat a motion for summary judgment. (*United States v. Kitsap Physicians Service* 314 F.3d 995, 997 (9th Cir. 2002).)

Plaintiff must accept the consequences of his choice to delay and not conduct discovery diligently and particularly when Plaintiff is given notice by Defendant that he intends to bring a motion for summary judgment. (*Cornwell v. Electra Cent. Credit Union* 439 F.3d 1018, 1027 (9th Cir. 2006); *Stitt v. Williams* 919 F.2d 516, 526 (9th Cir. 1989).)

Rule 56(d) is not designed to give relief to those who sleep upon their rights and do not act with due diligence both in conducting discovery and in promptly seeking a Rule 56(d) extension of time thereafter. (*Rivera-Torres v. Rey Hernandez* 502 F.3d 7, 10 (1st Cir. 2007).) If the opposing party already had ample opportunity to conduct discovery, the request for a continuance should be denied. (*Cornwell v. Electra Cent. Credit Union* 439 F.3d 1018, 1027 (9th Cir. 2006); *Stitt v. Williams* 919 F.2d 516, 526 (9th Cir. 1989).

Finally, under Federal Rule of Civil Procedure 41(b), Plaintiff must diligently prosecute his case including diligently conducting discovery and the court can dismiss a case if Plaintiff fails to comply with the court's discovery orders and its case management orders. The duty to diligently prosecute the case is not imposed on the Defendant.

### 2. The Court Should Deny the Requested Continuance and Grant the Motion for Summary Judgment.

On or about March 20, 2024, this court issued its Civil Trial Preparation Order. In the court's Order at page 4, the court ordered that the discovery process shall begin with that order and discovery should be conducted to the fullest extent possible. The Court also noted in its Order that it does not look favorably upon

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

delay resulting from unnecessarily unresolved discovery disputes.

Plaintiff has four lawyers representing him in this case. They are all employed by prominent large law firms. All along Plaintiff has had ample legal talent representing him in this case. Any of those four lawyers were always able to assist with the prosecution of this case including diligently conducting discovery and taking depositions.

Although Plaintiff contends in his Opposition papers that he needs a continuance to conduct discovery to oppose the motion for summary judgment, Plaintiff has failed to comply with the requirements of Rule 56(d) and has not filed with the court and made an application based on the Declaration information required by the code including a showing of due diligence in conducting discovery, why the continuance is needed, and why the request for a continuance was not requested sooner. On that basis alone, the request for a continuance cannot be granted by the court because the Declaration required by Rule 56(d) has not been filed with the court.

From March 20, 2024, to the present, Plaintiff has not taken a single deposition. Defendant's counsel warned Plaintiff's counsel on August 18, 2024, and during an IDC that he intended to proceed with a motion for summary judgment and Plaintiff should conduct whatever discovery they need to oppose the motion. Plaintiff never opposed the notice by Defendant.

On October 30, 2024, Defendant's counsel offered to move the date and related deadlines for the summary judgment motion, in light of the Magistrate Judge's ruling regarding Defendant's deposition. Defendant offered to move the date to accommodate Plaintiff in taking the deposition of Defendant. Plaintiff's counsel specifically refused Defendant's offer of an extension and in his e-mail of October 30, 2024, wherein he stated:

"We see no need at this point to continue any of the pretrial dates *or any of*

*the deadlines associated with Defendant's Motion for Summary Judgment as we are ready to proceed on all fronts.* As such, we will not agree to enter into a stipulation to continue any of the dates you propose."

Plaintiff's counsel categorically refused a continuance, and stated he was ready to proceed with Plaintiff's Opposition to Defendant's Motion for Summary Judgment. These e-mails were not submitted to the court with Plaintiff's opposition papers and with his request for a continuance of the summary judgment motion.

As mentioned above, the matter has been pending for a year. Defendant filed his answer February 13, 2024. Plaintiff waited until he opposed the motion *on the merits* to request a continuance of the motion dates on the grounds he needs more discovery. Moreover, the evidence he claims to seek is not likely to prevent summary judgment. In fact, while Plaintiff seeks to depose Defendant on the basis the deposition will show actual malice, he offers no factual basis for that assertion with the required Declaration. (See *Margolis v Ryan* 140 F.3d 850, 853-854 (9th Cir. 1998).) Similarly, Plaintiff provides no evidence that the information he seeks from Defendant regarding David Smith would preclude summary judgment. (*Ibid*; *Chance v Pac-Tel Teletrac, Inc.* 242 F.3d 1151, 1161 n.6. (9th Cir. 2001): non-moving party failed to identify what the missing evidence may be.)

Moreover, Plaintiff bears the burden to demonstrate he diligently pursued all discovery opportunities after the initial case management conference and must show that the additional discovery *would have* precluded summary judgment. (*Chance v Pac-Tel Teletrac, Inc.* 242 F.3d 1151, 1161 (9th Cir. 2001): non-moving party learned of witnesses seven months prior, and made no argument why it could not take additional discovery in that time period, and thus failed to diligently pursue discovery; *Byrd v Guess* 137 F.3d 1126, 1131 (9th Cir. 1998).

Here, Plaintiff offers no explanation why he needs to only depose

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT/SUMMARY ADJUDICATION OF ISSUES AS TO PLAINTIFF'S COMPLAINT**
Case No. 2:23-cv-09430-SVW-PD

Defendant regarding Defendant's discussions with David Smith. First, Defendant never once stated that he only relied on Mr. Smith for the statements themselves. Defendant's verified discovery responses make it clear that he verified the facts relating to the tapes and the identity of the person on them *with the assistance of* Mr. Smith and Mr. John Moynihan. Secondly, Defendant identified David Smith, Mr. John Moynihan, and provided their contact information, in his verified May 23, 2024, discovery responses. Plaintiff has provided no explanation why he could not take Mr. Smith's deposition in the last six months pending Defendant's deposition. Again, Plaintiff has provided no explanation why he could not depose Mr. Moynihan over the last six months pending Defendant's deposition.

### C. Plaintiff Ignored Defendant's Efforts to Meet and Confer

Defense counsel made every effort to meet and confer in compliance with the Local Rules. However, Plaintiff disregarded Defendant's email. Plaintiff acknowledged Defendant's intent to file the motion on August 17, 2024, although he did so indirectly, and only as an argument to bolster his argument during a discovery dispute. He otherwise failed to discuss the matter with Defense counsel further, and largely ignored defense counsel's email. Regardless, Plaintiff opposed the motion on the merits, relegating his concerns about Defendant's efforts to meet and confer to a mere footnote and claimed before he filed his opposition that he did not need a continuance to oppose the motion.

## III.    __CONCLUSION__

As Plaintiff has produced no evidence to show a genuine triable issue of fact supported by admissible evidence proving with clear and convincing evidence of Defendant's malice or good cause for a continuance of the hearing of this motion, Defendant respectfully requests the Court grant summary judgment in its entirety in his favor.

14.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Dated: November 12, 2024          LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

15.