Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT PATRICK BYRNE'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS IN SUPPORT OF HIS MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION**<br><br>[*Filed concurrently with Defendant's Reply; Defendant's Evidentiary Objections to Plaintiff's Declaration and Exhibits; Defendant's Response to Plaintiff's Disputed Facts; the Declaration of Michael C. Murphy*]<br><br>Date:       November 25, 2024<br>Time:       1:30 p.m.<br>Courtroom:  "10A" |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

1

Pursuant to <u>Local Rule 56-1</u>, Defendant Patrick Byrne hereby submits the following response to Plaintiff's additional controverted facts:

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1.  This lawsuit arises from the false and defamatory statements that Defendant made about Plaintiff in an "interview" that appeared in the "inaugural" issue of "Capitol Times Magazine," which appears originally to have been published on or about June 27, 2023 (the "Article").<br><br>**Evidence:**<br>Murphy Decl. ¶2 , Ex. A; Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶2, Ex. 1 at Responses to Requests for Admissions ("RFA's") Nos. 1, 2, 8, and 14 | 1.  Undisputed that this lawsuit arises from Defendant's statements.<br><br>Disputed that the statements were defamatory.<br><br>Objection: Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection: Misstates and Misrepresents the evidence.<br><br>Objection: Assumes ultimate conclusion of law. |
| 2.  Plaintiff page 72 of the Article, Defendant makes the following statements about Plaintiff (i.e., the Defamatory Statements): "So in November 2021, I went back to the Middle East. I met with a group including a special Iranian figure, an old friend who let me know a World War was coming, and had a proposal to avert it. I told them I would relay the proposal but I did not think it would fly. In the course of being there, and through a mechanism I am not going to explain here, I | 2.  Undisputed.<br><br>Disputed that the statements were defamatory.<br><br>Objection: Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| became aware of an additional situation. Hunter Biden was reaching out to the Iranian government in the fall of 2021 with the following offer: You Iranians have $8 billion frozen in a bank account in South Korea. My father will unfreeze it in return for $800 million being funneled into a numbered account for us. And if you do this deal with us, it will lubricate other negotiations which have recently started between us. By that, the Iranians believed that Hunter meant the JCPOA talks, which had restarted in Geneva a month or two previously. In other words, something along the lines of, "Pay us $100 million and we let you keep 10 nukes, $200 million for 20 nukes," etc. But I am making up the pricing. Hunter was doing this through a middleman, the son of the Minister of Defense of Pakistan. That son was meeting with Hunter, then relaying messages to someone in Iran. And he was being reckless enough to leave voicemails in Iran about it. When I returned, the agencies went to work over the weekend. I was told a week later that they had confirmed it all. The voice on the voicemail that I had acquired was voice-matched to the son. of the | |

3

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Minister of Defense of Pakistan, who had a connection to Hunter Biden. Anyway, in December, 2021, I was told that the scheme was confirmed across the agencies." **Evidence:** Hansen Decl. ¶3, Ex. 2 at pg. 73. | |
| 3.  In response to the Defamatory Statements, the unidentified "interviewer" for "Capitol Times Magazine" asked Defendant to confirm what he was saying: "Patrick, you are claiming that 18 months ago, the Biden Family was seeking a bribe from Iran to release funds frozen in South Korea, and to go easy in nuclear talks, and that the United States Government has been aware of this since December, 2021?" Byrne responded: "100% correct." **Evidence:** Hansen Decl. ¶3, Ex. 2 at pg. 74 | 3.  Undisputed that Defendant made the statements. Disputed that the statements were defamatory. Objection: Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). Objection: Misstates and Misrepresents the evidence. Objection: Assumes ultimate conclusion of law. |
| 4.  On March 20, 2022, Defendant posted on Telegram boasting and celebrating about a possible criminal indictment of Biden with demeaning pictures. **Evidence:** Hansen Decl. ¶4, Ex. 3. | 4.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

4

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 5. On April 7, 2022, Defendant reposted on Telegram a Tweet from another person saying "As it stands: Hunter's laptop is real, the Biden family sells access to the President[.]" **Evidence:** Hansen Decl. ¶5, Ex. 4. | 5. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630- |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 6.   On October 20, 2022, Defendant posted a video on Telegram with a headline that states "HUNT IS ON Hunter Biden laptop report with evidence of sex & drug 'crimes' sent to Congress & lawmakers are ready to investigate" that included a link to the "Biden Laptop Report" published by right-wing radicals Marco Polo USA and Garrett Ziegler.<br><br>**Evidence:**<br>Hansen Decl. ¶6, Ex. 5. | 6.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 7.   On December 12, 2022, Defendant reposted a post on Telegram with accusations against the Biden family, a demeaning picture of Plaintiff, and a screenshot of a private text thread between Plaintiff and his | 7.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| daughter.<br><br>**Evidence:**<br>Hansen Decl. ¶7, Ex. 6. | Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 8.    On February 10, 2023, Defendant posted on X a taunt to Plaintiff saying "Hunter: here's the secret. It was I. Rudy [Guiliani] had only acquired a defective copy [of the laptop]. Working with a hacker, I acquired a forensic copy, caused the 400,000 file you bleached to be recovered, and gave it all to Garrett Ziegler."<br><br>**Evidence:**<br>Hansen Decl. ¶8, Ex. 7. | 8.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630- |

LAW OFFICES OF MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
|  | 631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 9.   On February 12, 2023, Byrne posted on X a video of an interview he previously gave about Plaintiff in which he made disparaging remarks and in the post stated "Oldie but Goodie. Patrick Byrne Weights In On Jack Maxey's Hunter Biden Laptop Story"<br><br>**Evidence:**<br>Hansen Decl. ¶9, Ex. 8 | 9.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 10.   On February 24, 2023, Defendant posted on X taunting Plaintiff about Defendant's possession of files that he claims Plaintiff tried to delete and bragging that Defendant handed them over to the ring-wing radical organization | 10.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Marco Polo USA.<br><br>**Evidence:**<br>Hansen Decl. ¶10, Ex. 9 | Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 11.  On March 17, 2023, Defendant posted on X taunting Plaintiff and alluding to his Defamatory Statements that underline this lawsuit by saying "Hey Hunter, I acquired the forensic copy [of the laptop] add [sic] got it distributed to Garrett [Ziegler]. Sue me. While we are at it, let's talk about Iran and the son of the minister of defense of Pakistan."<br><br>**Evidence:**<br>Hansen Decl. ¶11, Ex. 10 | 11.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 12.   On March 17, 2023, Defendant posted a comment to his own post on X from the same day accusing Plaintiff of having and creating child pornography.<br><br>**Evidence:**<br>Hansen Decl. ¶11, Ex. 10 | 12.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 13.   On March 28, 2023, Defendant | 13.   Objection. Not a genuine issue of material fact as to the issue |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| posted on X taunting Plaintiff by saying "Hunter Biden threatens to sue me. Hunter: be ready to answers [sic] questions about the son of the Pakistani Minister of Defense you used as a go-between & your offer through him (10%X $8 billion + "lubricate other discussions"). He was careless + I have recordings."<br><br>**Evidence:**<br>Hansen Decl. ¶12, Ex. 11 | of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 14. On May 12, 2023 Defendant posted 'X' stating: "I have drop [sic] some major truth bombs about Iran and Hunter Biden in the last two days on Emerald Robinson. Start here at minute, 28:45."<br><br>**Evidence:**<br>Hansen Decl. ¶13, Ex. 12 | 14. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the |

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 15.  On June 24, 2023, Defendant reposted an article calling for Plaintiff to be sent to prison.<br><br>**Evidence:**<br>Hansen Decl. ¶14, Ex. 13 | 15.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 16.  On May 10, 2023, Defendant appeared on The Absolute Truth with Emerald Robinson and promoted the Article, and also aired his Defamatory Statements about Plaintiff.<br><br>**Evidence:**<br>Hansen Decl. ¶15, Ex. 14. | 16.  Objection. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 17.  On May 11, 2023, Defendant appeared on The Absolute Truth with Emerald Robinson and promoted the Article, and also aired his Defamatory Statements about Plaintiff.<br><br>**Evidence:**<br>Hansen Decl. ¶¶16-17, Ex. 15-16 | 17.  Objection. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law. |

13

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |
| | Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 18.  Following Defendant's appearance on The Absolute Truth with Emerald Robinson on May 10 and 11, 2023, Defendant promoted his appearances on social media.<br><br>**Evidence:** | 18.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| ansen Decl. ¶¶13, 18, Ex. 12, 17 | Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 19.  After publishing the Defamatory Statements in the Article, Defendant then repeatedly reposted the Article on various social media platforms encouraging his followers to share it to as many people as possible and promoted the Article during right-wing media appearances, encouraging people to read and purchase copies of the magazine for themselves.<br><br>**Evidence:**<br>Hansen Decl. ¶¶19-27, Ex. 18-26 | 19.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 20. Byrne made a July 21, 2023 appearance on The Alex Jones Show, with infamous host Alex Jones.<br><br>**Evidence:**<br>Hansen Decl. ¶¶28-29, Ex. 27-28 | 20. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 21. In Defendant's appearance on The Alex Jones Show, on July 21, 2023, Defendant promoted the Article containing the Defamatory Statements about Plaintiff.<br><br>**Evidence:**<br>Hansen Decl. ¶¶28-29, Ex. 27-28 at pg. 26-28, 35, 49 | 21. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 22.  In Defendant's appearance on The Alex Jones Show, on July 21, 2023, Defendant described his ongoing fight to "de-Nazi-fy" our federal "institutions" and to rescue America from an ongoing plot by "globalists" to "colonize" the United States and turn it into a "vassal state" that will serve as "a farm to China.". **Evidence:** Hansen Decl. ¶¶28-29, Ex. 27-28 at pg. 44, 46 | 22.  Objection. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 23. On July 21, 2023, Defendant posted on X several photographs of a large utility truck driving around Washington, D.C., with TV screens on all sides displaying and promoting the Article and Defendant's Defamatory Statements about Plaintiff.<br><br>**Evidence:**<br>Hansen Decl. ¶30, Ex. 29 | 23. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 24. On September 8, 2023, Defendant appeared on The Courtenay | 24. Objection. Not a genuine issue of material fact as to the issue |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Turner Podcast to promote the Article and his Defamatory Statements about Plaintiff, in which he noted that there was talk of a book and a movie coming out based on the Article.<br><br>**Evidence:**<br>Hansen Decl. ¶¶31-32, Ex. 30-31, at pg. 1-4, 57 | of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| PLAINTIFF'S ADDITIONAL CONTROVERTED FACTS | DEFENDANT'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 25.  After Defendant's September 8, 2023 appearance on The Courtenay Turner Podcast, Defendant posted a link to the interview on his Telegram page to promote it as well.<br><br>**Evidence:**<br>Hansen Decl. ¶33, Ex. 32 | 25.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 26.  On October 8, 2023, shortly after news broke of the horrific terrorist attacks by Hamas against Israel on October 7th, Defendant reposted the Defamatory Statements on his social media account on X suggesting that Plaintiff and his alleged criminal dealings with Iran had contributed to the terrorist attacks by Hamas | 26.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection: Misstates and misrepresents the evidence. There is no documentation or evidence Defendant said or "suggest[ed] that Plaintiff and his alleged criminal |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| against Israel, which caused more than 1,400 civilian deaths and led to what is currently a massive armed conflict in the Middle East.<br><br>**Evidence:**<br>Hansen Decl. ¶¶2, 34-35, Ex. 1 at RFA's Nos. 26-30, 33-34 | dealings with Iran had contributed to the attacks…"<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 27.  On October 17, 2023, Defendant twice responded to U.S. Rep. Eric Swalwell's posts on social media platform X about in response to Defendant's October 8, 2023 posts with the Defamatory Statements and included a link to the Article on his deepcapture.com website.<br><br>**Evidence:**<br>Hansen Decl. ¶¶36-37, Ex. 35-36 | 27.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 28. Defendant's X posts on October 8, 2023 and October 17, 2023 as set forth in Plaintiff's Controverts Facts Nos. 26-27, have been viewed by more than 100,000 people.<br><br>**Evidence:**<br>Hansen Decl. ¶¶34-37, Ex. 33-36 | 28. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 29. The day after Plaintiff filed this lawsuit, on November 9, 2023, Defendant posted on X taunting Plaintiff over the lawsuit stating "Hunter's lawsuit against me (my interpretation): "Now that I've got Daddy's DOJ under control… Let's silence Byrne with a lawsuit + gag order." Good luck with that. PS Hunter, my 1st witness is a 35 year federal agent who will attest I told the truth and FBI verified it" and over 72,000 people viewed that post.<br><br>**Evidence:**<br>Hansen Decl. ¶38, Ex. 37 | 29. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 30. On November 13, 2023, Defendant appeared on Roger Stone's podcast, The StoneZONE with Roger Stone, and Defendant once again promoted the Article, taunted Plaintiff about the lawsuit, and reiterated all of the same Defamatory Statements he asserted in the Article.<br><br>**Evidence:**<br>Hansen Decl. ¶¶39-40, Ex. 38-39, at pg. 1-5 | 30. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Disputed that the statements were defamatory. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| | Objection: Assumes ultimate conclusion of law. |
| | Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 31.  In his November 13, 2023, Defendant appearance on The StoneZONE with Roger Stone, Defendant made taunting statements such as "I won't lose two minutes of sleep on his lawsuit against me. … I have him dead to rights. … I'll meet Hunter in any court in the land. … So good luck to you, Hunter."<br><br>**Evidence:**<br>Hansen Decl. ¶¶39-40, Ex. 38-39, at pg. 2, 4 | 31.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 32. On November 9, 2023, the same day he appeared on The StoneZONE with Roger Stone, Defendant posted a link to the interview on X and promoted the interview across his social media platforms.<br><br>**Evidence:**<br>Hansen Decl. ¶41, Ex. 40 | 32. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life &* |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| | *Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 33.    In February 2024, Defendant published a book called Danger Close: Domestic Extremist #1 Comes Clean (the "Book"), which contains the same Defamatory Statements about Plaintiff that were published in the Article.<br><br>**Evidence:**<br>Hansen Decl. ¶42, Ex. 41 | 33.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Best Evidence Rule. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents.  (FRE§§ 401-404, 901, 1002; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 34.    Since the publication of Defendant's Book in February 2024, Defendant has repeatedly promoted and advertised his Book across social media and in various interviews with ring-wing media members.<br><br>**Evidence:**<br>Hansen Decl. ¶¶43-48, Ex. 42-47 | 34.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: First Amendment. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

|  | Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
|---|---|
| 35.  Defendant has continued his taunting of Plaintiff since the commencement of this litigation, which included a post on X on July 22, 2024 before Plaintiff's deposition and directed at Plaintiff in which Defendant stated "Hi Hunter. I understand [sic] am going to be deposing you in about three weeks? Hoorah! Wait until you see what I have on you. Let us see how much more prison time I can get you."<br><br>**Evidence:**<br>Hansen Decl. ¶49, Ex. 48 | 35.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 36.  Defendant has continued his taunting of Plaintiff since the commencement of this litigation, which included a post on Telegram on June 5, 2024 in which Defendant taunted Plaintiff and posted derogatory statements directed at Plaintiff, stating "Hey Hunter, don't forget: I was the guy who got the unredacted version of your hard drive into the hands of Marco Polo" and finished the post with calling Plaintiff "beeyatch."<br><br>**Evidence:**<br>Hansen Decl. ¶50, Ex. 49 | 36.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 37.  Defendant has continued his taunting of Plaintiff since the commencement of this litigation, which included a post on Telegram on October 7, 2024 in which Defendant included derogatory statements about Plaintiff and stated "stated that he was "starting to doubt Biden loyalty to USA", that "I think (and hope) Biden knows he got ass-rape-humiliated by Obama | 37.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet- |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| this year", and then compared him to Darth Vader from the Star Wars franchise.<br><br>**Evidence:**<br>Hansen Decl. ¶51, Ex. 50 | based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 38.   Plaintiff denies all of the allegations by Defendant in the Defamatory Statements.<br><br>**Evidence:**<br>Hansen Decl., ¶58, Ex. 57 at 30:17-18 and 53:16-54:9 | 38.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection: A self-serving declaration without corroborating evidence or other testimony does not create a genuine issue of material fact. (*Villiarimo v Aloha Island Air, Inc.* 281 F.3d 1054, 1061 (9th Cir. 2002).)<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. (FRE§§ 401.) |
| 39.   In response to Plaintiff's written discovery requests asking for Defendant to identify each and every source upon which he relied in making the Defamatory Statements, Defendant admitted that, in making the Defamatory Statements, he only relied on the information set forth in the Affidavit of John Moynihan, | 39.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection: Misstates and Misrepresents the evidence. Plaintiff seeks to create a triable issue of fact by intentionally misrepresenting Defendant's discovery responses, which clearly state Defendant relied |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| information provided to him by David Smith, and the telephone voicemail recordings (the "Recordings").<br><br>**Evidence:**<br>Hansen Decl. ¶¶2, 52-53, Ex. 1 at RFA's Nos. 3-4, 6, 9-10, 12, 15-16, 18, 21-22, 24, 33-34, 39-40, 44-45; Ex. 51 at Interrogatories ("ROG's") Nos. 9, 14-16, 18; and Ex. 52 at Requests for the Production of Documents ("RFP's") Nos. 6, 9-13, 15-19, 22-23 | on his witnesses to help *verify* the identify of the person who made the statements on the tapes he obtained prior to the publication.<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |
| 40.   The Affidavit of Mr. Moynihan does not contain any supporting information about the Defamatory Statements other than just reiterating Defendant's Defamatory Statements, and Mr. Moynihan actually admits his knowledge of the same is based off a recording on a cell phone that Defendant showed him and not from independent sources.<br><br>**Evidence:**<br>Hansen Decl., ¶¶52-54, Ex. 51 at ROG's No. 9, 15, 18; Ex. 52 at RFP Nos. 6, 9-13, 15-19, 22-23; Ex. 53 | 40.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection: Misstates and Misrepresents the evidence. Plaintiff seeks to create a triable issue of fact by intentionally misrepresenting Defendant's discovery responses, which clearly state Defendant relied on his witnesses to help *verify* the identify of the person who made the statements on the tapes he obtained prior to the publication.<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

41. The unauthenticated Recordings do not identify who the caller is nor do they contain any information about Plaintiff or the Defamatory Statements and do not even mention the name Hunter Biden or any bribe or any information in the statements made by Defendant.

**Evidence:**
Hansen Decl., ¶¶52-53, 55- 57, Ex. 51 at ROG's No. 18; Ex. 52 at RFP Nos. 6, 9-13, 15-19, 22-23; Ex. 54-56

41. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).

Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)
Objection: Misstates and Misrepresents the evidence. Plaintiff seeks to create a triable issue of fact by intentionally misrepresenting the available evidence, which never alleged that Plaintiff's name was on the recordings.

Disputed that the statements were defamatory.

Objection: Assumes ultimate conclusion of law.

Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v*

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | *Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 42.   David Smith was identified by Defendant in discovery responses as being an FBI agent and listed the Washington DC field office as contact, but no evidence has been presented as to what Mr. Smith told Plaintiff about Plaintiff or the Defamatory Statements.<br><br>**Evidence:**<br>Hansen Decl., ¶52, Ex. 51 at ROG's Nos. 9, 15, 18 | 42.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. (FRE§§ 401).<br><br>Objection: Plaintiff bears the burden to diligently conduct discovery and failed to do so. (*Cornwell v. Electra Cent. Credit Union* 439 F.3d 1018, 1027 (9th Cir. 2006); *Stitt v. Williams* 919 F.2d 516, 526 (9th Cir. 1989).) |
| 43.   Defendant claims to have played important roles in various clandestine "operations" conducted on behalf of the "United States Government."<br><br>**Evidence:**<br>Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2, 27-28, 30-31, 38-39 | 43.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| | the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 44.   According to Defendant, he has carried out numerous secret spy "missions" for "Uncle Sam" (with cloak-and-dagger nicknames such as "Operation Snow Globe") to advance United States interests around the world, including helping to restore "peaceful relations" in Vietnam in 1994, helping to prevent a war with Iran in 2006, assessing the "computer science capabilities" of Venezuela in 2018, and, of course, entering into an intimate relationship with 26 year-old Maria Butina, apparently as a means to help the FBI gather "intel" on Russia. (Defendant claims he let his FBI handlers know: "I am not seeing Maria unless you folks use the word 'greenlight' with me. I got back a simple message: 'Greenlight.'")    **Evidence:**   Hansen Decl., ¶¶3, 28-29, 31-37, 39-40, | 44.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).    Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)    Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| Ex. 2 at pg. 28-32, 34-41, 47-59, 77-78, 82-88, ; Ex. 27; Ex. 28 at pg. 49; Ex. 30; Ex. 31 at pg. 16, 18-20, 25; Ex. 38; Ex. 39 at pg. 8-18 | 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.) |
| 45.  Defendant claims that, at times, the requests for him to deploy his "unique" skills to help the United States have come directly from the highest levels of the U.S. government, including, without limitation, President Barack Obama and FBI Director James Comey, personally, although they were communicated to Defendant verbally by unnamed special agents for the FBI.<br><br>**Evidence:**<br>Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2 at pg. 37-40, 50-51, 53; Ex. 27; Ex. 28 at pg. 49; Ex. 30; Ex. 31 at pg. 16-20, 28-29; Ex. 38; Ex. 39 at pg. 8-14 | 45.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413. |

<table>
<tr>
<td>

46.   Defendant frequently admits he has no documentation to support his self-aggrandizing claims—his "patriotic" activities have been too secret and dangerous for documentation.

**Evidence:**

Hansen Decl., ¶¶3, 28-29, 31-32, 39-40, Ex. 2 at pg. 37-38, 74; Ex. 30; Ex. 31 at pg. 18-20; Ex. 38; Ex. 39 at pg. 4-7

</td>
<td>

46.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).

Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)

Objection. Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. No admissible testimony or evidence of transcriber as to the accuracy or correctness of the transcription, despite obvious spelling errors, and gaps in the transcription. (FRE§§ 401-404, 901; 901(a)-(b) and 104(b); *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065; See *Snyder v CitiSteel USA Inc.* (D. Del. 2007) 508 F.Supp.2d 407, 412-413.)

</td>
</tr>
<tr>
<td>

47.   At Plaintiff's deposition, Plaintiff testified that "Mr. Byrne's statements are patently fiction, completely made up[.]"

**Evidence:**

Hansen Decl., ¶58, Ex. 57 at 30:17-18

</td>
<td>

47.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).

Objection: A self-serving declaration without corroborating evidence or other testimony does not create a

</td>
</tr>
</table>

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | genuine issue of material fact. (*Villiarimo v Aloha Island Air, Inc.* 281 F.3d 1054, 1061 (9th Cir. 2002).)<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. (FRE§§ 401.) |
| 48.  Defendant is a leading promoter of unsupported conspiracy theories relating to the so-called "Deep State" and to his claim that the 2020 presidential election was "stolen" from former President Donald Trump by Plaintiff's father, President Joe Biden.<br><br>**Evidence:**<br>Hansen Decl., ¶59, Ex. 58 | 48.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 49.  Defendant published a book called "The Deep Rig: How Election Fraud Cost Donald J. | 49.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). |

37

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| Trump the White House, By a Man Who did not Vote for Him: (or what to send friends who ask, "Why do you doubt the integrity of the Election 2020?")" in March 2021.<br><br>**Evidence:**<br>Hansen Decl., ¶59, Ex. 58 | Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 50.   On April 17, 2023, Defendant posted on his X account "The insurrection was November 3" in response to an X post that stated "There was NO "insurrection" on January 6th What actually happened was the INTENTIONAL DISRUPTION of the public examination of the MASSIVE VOTER FRAUD that had occurred in November."<br><br>**Evidence:**<br>Hansen Decl., ¶60, Ex. 59 | 50.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| | prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 51.  On April 8, 2024, Defendant posted on his X account "Humd'allah! The insurrection was November 3" in response to an X post that stated "Jan 6 was not an insurrection. It was the reaction to one."<br><br>**Evidence:**<br>Hansen Decl., ¶61, Ex. 60 | 51.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 52.  On January 5, 2023, Defendant posted on his X account "The | 52.  Objection. Not a genuine issue of material fact as to the issue |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| Insurrection did not occur January 6, 2021. The Insurrection occurred on November 3, 2020. There I said it. Give me a retweet if you agree" with a poll asking whether "The Insurrection occurred on: January 6, 2021 [or] November 3, 2020"<br><br>**Evidence:**<br><br>Hansen Decl., ¶62, Ex. 61 | of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 53.  On June 25, 2023, Defendant posted on his X account "All of us should know this story. It is the single clearest story of the Fedsurrection" in response to a post on X about the January 6, 2021 events in Washington, D.C.<br><br>**Evidence:**<br><br>Hansen Decl., ¶63, Ex. 62 | 53.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 54. On May 10, 2023, Defendant posted on his X account "Newsflash, Tapper: The Insurrection was Nov 3 (J6 was the Fedsurrection); Pence COULD have remanded issue to states; Officer Michael White is a pussy-thug; Kaitlin Collins was indeed nasty. What else you got."<br><br>**Evidence:**<br><br>Hansen Decl., ¶64, Ex. 63 | 54. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |

| | |
|---|---|
| **55.** On January 7, 2023, Defendant posted on his X account "FINAL RESULTS: 96.8% believe "The Insurrection" occurred November 3, 2020. I guess that makes January 6… "the Fedsurrection"?"<br><br>**Evidence:**<br>Hansen Decl., ¶65, Ex. 64. | 55.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity.  No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 56.  On October 26, 2024, Defendant posted on his X account "Biden says the election is dead and buried. Anybody involved in cheating better get this joke: you're not going to win, and this time you'll have committed treason. Stop flogging a dead horse. You're making it worse for yourselves."<br><br>**Evidence:** | 56.  Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY 2625 Townsgate Road, Suite 330 Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| Hansen Decl., ¶66, Ex. 65 | Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 57. Defendant recently announced that his Book with the Defamatory Statements is being turned into a mini-series called "The Enemy Within" that viewers must pay to watch, and which is advertised on Defendant's X account.<br><br>**Evidence:**<br><br>Hansen Decl., ¶67, Ex. 66 | 57. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Best Evidence Rule. (FRE§ 1002)<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

| | |
|---|---|
| | prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 58. Defendant recently announced that his Book with the Defamatory Statements is being turned into a mini-series called "The Enemy Within" that viewers must pay to watch, and there is a dedicated website for the mini-series.<br><br>**Evidence:**<br><br>Hansen Decl., ¶68, Ex. 67 | 58. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. First Amendment.<br><br>Objection. Best Evidence Rule. (FRE§ 1002)<br><br>Disputed that the statements were defamatory.<br><br>Objection: Assumes ultimate conclusion of law.<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection: Irrelevant. Improper character evidence. Lacks foundation. Lacks authenticity. No testimony from any person responsible for creating the internet-based document attesting to how the material was prepared or its accuracy. No personal knowledge of the declarant of who maintains the website, who authored the documents or accuracy of the |

DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| | contents. (FRE§§ 401-404, 901; *United States v Tank* (9th Cir. 2000) 200 F.3d 627, 630-631; *Wady v Provident Life & Accidents Ins. Co. of America* (CD CA 2002) 216 F.Supp.2d 1060, 1064-1065.) |
| 59.   On September 2, 2024, Defendant's counsel and Plaintiff's counsel spoke about scheduling Defendant's deposition for the month of September 2024 in person in Florida, which is Defendant's state of residence.<br><br>**Evidence:**<br><br>Hansen Decl., ¶69, Ex. 68 | 59.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
| **60.**   On September 2, 2024, when Defendant's counsel and Plaintiff's counsel spoke about scheduling Defendant's deposition in Florida, Defendant's counsel offered to find a location in Florida for Defendant's deposition to take place.<br><br>**Evidence:**<br><br>Hansen Decl., ¶69, Ex. 68 | 60.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
| 61.   On September 11, 2024, Defendant's counsel stated any in-person deposition of Defendant would have to be in Dubai or via zoom from Dubai, which Plaintiff had an issue with because of the time it takes to travel to Dubai | 61.   Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| and, upon legal research, the legality of a deposition in Dubai and lack of legal authority authorizing a deposition to occur in Dubai for use in a District Court case in the United States.<br><br>**Evidence:**<br>Hansen Decl., ¶69, Ex. 68 | Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
| 62.    Since September 11, 2024, the scheduling of Defendant's deposition and the location thereof has been the subject of two different Informal Discovery Conferences on September 18, 2024, and October 4, 2024.<br><br>**Evidence:**<br>Hansen Decl., ¶69; Court's Docket Nos. 67 & 79 | 62.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
| 63.    Since September 11, 2024, the scheduling of Defendant's deposition and the location thereof was also the subject of a discovery motion that was filed on October 9, 2024, and which the Court ruled on October 30, 2024, that Defendant would be required to return to the United States for his deposition before trial and was required to inform Plaintiff's counsel by November 4, 2024, what federal district he will choose to appear for his deposition in.<br><br>**Evidence:** | 63.    Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).)<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
**Case No.: 2:16-cv-01681-DSF (AJWx)**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| | |
|---|---|
| Hansen Decl., ¶69; Court's Docket No. 87 | |
| **64.** Defendant's deposition has not yet occurred due to ongoing discovery disputes.<br><br>**Evidence:**<br><br>Hansen Decl., ¶69 | 64. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
| 65. In discovery motions in this litigation, Defendant gave wild and differing claims about why he was now residing in Dubai. First, Defendant's counsel said he was informed by an unidentified DEA agent that the Venezuelan government placed a $25 million bounty on him, and he did not want to return to the United States due to safety issues. Then Defendant claimed in a declaration that he was in Ghana cooperating with an official with the Ghanian Ministry of Security who informed Defendant that criminals in West Africa were cooperating to get him in a position where he could be kidnapped.<br><br>**Evidence:**<br><br>Hansen Decl., ¶70; Court's Docket Nos. 67 & 76 | 65. Objections. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).).<br><br>Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).)<br><br>Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S CONTROVERTED FACTS**
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| 66. Defendant's counsel failed to properly meet and confer with Plaintiff's counsel regarding Defendant's intent to file a Motion for Summary Judgment, as required by Central District of California Local Rule 7-3. **Evidence:** Hansen Decl., ¶¶71-72, Ex. 69-70 | 66. Objection. Not a genuine issue of material fact as to the issue of actual malice. (Fed. Rule of Civ. Proc. § 56(a), (c)(1)(B).). Objection. Fact not supported by admissible evidence. (Fed. Rule of Civ. Proc. § 56(c)(2).) Objection. Irrelevant. Improper character evidence. Rule of Completeness. (FRE§§ 106, 401-404.) |
|---|---|

Dated: November 12, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By:     /s/ Michael C. Murphy, Esq.
_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Plaintiff,
Patrick Byrne