Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>        Defendant. | Case No.:    2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT PATRICK BYRNE'S RESPONSE TO PLAINTIFF'S DISPUTED FACTS**<br><br>[*Filed concurrently with Defendant Reply; Defendant's Evidentiary Objections to Plaintiff's Declaration and Exhibits; Defendant's Response to Plaintiff's Additional Controverted Facts; the Declaration of Michael C. Murphy*]<br><br>Date:    November 25, 2024<br>Time:    1:30 p.m.<br>Courtroom:  "10A" |

DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

Pursuant to <u>Local Rule 56-1</u>, Defendant Patrick Byrne hereby submits the following Statement of Uncontroverted Facts in support of his Motion for Summary Judgment or, in the Alternative, Partial Summary Judgment as follows:

ISSUE 1: PLAINTIFF IS AN ALL-PURPOSE PUBLIC FIGURE

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 1. Plaintiff is the son of the President of the United States of America.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 108:4-5 | 1. Undisputed. |
| 2. Plaintiff appeared in numerous photos with his father both during his father's vice-presidency and during his father's presidency.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 108:6-109:6 | 2. Undisputed. |
| 3. Plaintiff published his book, "Beautiful Things," in April of 2021, in which he highlighted his struggles with addiction and his marital problems.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 70: 7-15 | 3. Undisputed. |
| 4. Plaintiff's book made the New York Times bestseller list.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: | 4. Undisputed. |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

2

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 71: 7-9 | |
| 5. Plaintiff's book made the bestseller's list on several other publications.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 71:10-11 | 5. Undisputed. |
| 6. Plaintiff's book made it on international bestsellers lists, including in Germany and Scandinavia.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 71:12-15 | 6. Undisputed. |
| 7. Plaintiff promoted his book on 92nd Street YMCA.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 118:11-15.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 212 | 7. Undisputed. |
| 8. The New York Times published "Hunter Biden, Matt Gaetz and Nonstop Depravity," which discussed Plaintiff's book.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 118:16-119:2<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pgs. 213-214 | 8. Undisputed. |
| 9. Plaintiff promoted his book on | 9. Undisputed. |

3

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| CBS Sunday Morning on April 5, 2021.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 119:3-5.<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 215 | |
| 10.  The New York Times published another article about Plaintiff's book, titled "Hunter Biden's Memoir: 7 Takeaways from 'Beautiful Things.'"<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 119:6-9<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 216-218 | 10.  Undisputed. |
| 11.  CBS This Morning published "Hunter Biden opens up about family intervention and addresses laptop reports on April 3, 2021, in which his book and laptop were discussed.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 119:10-120:1<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 219 | 11.  Undisputed. |
| 12.  Vanity Fair published an article about Plaintiff's book.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: | 12.  Undisputed. |

4

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 120:2-8.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 220-222 | |
| 13.  Time published an article about Plaintiff's book.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 120:9-11<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 223-224 | 13.  Undisputed. |
| 14.  The Cut published an article about Plaintiff's book.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 120:12-14.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 225-227 | 14.  Undisputed. |
| 15.  Plaintiff promoted his book on Jimmy Kimmel Live! on April 8, 2021.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 120:23-121:6.<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 610, pg. 229 | 15.  Undisputed. |
| 16.  Plaintiff appeared on an NPR to promote his book.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 122:9-11 | 16.  Undisputed. |

5

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶5, Ex. D, Depo Ex. 611, pg. 238-239 | |
| 17.  Plaintiff appeared on several other US podcasts to promote his book.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 122:12-123:13.<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 611, pg. 240-247 | 17.  Undisputed. |
| 18.  Plaintiff's book was promoted internationally.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 123:16-124:8.<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 612, pg. 248-265 | 18.  Undisputed. |
| 19.  Plaintiff admitted in his deposition that Miranda Devine published "Laptop from Hell: Hunter Biden, Big Tech, and the Dirty Secrets the President Tried to Hide" on or around November 30, 2021.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 136:7-17<br><br>Murphy Decl. ¶5, v, Depo Ex. 625, pg. 1-8 | 19.  Disputed.<br><br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff does not admit that Miranda Devine published "Laptop "Laptop from Hell: Hunter Biden, Big Tech, and the Dirty Secrets the President Tried to Hide" on or around November 30, 2021, at the cited portion of his deposition transcript (or anywhere in his deposition). The cited |

DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | portion states as follows: "Q: Okay. This is a page I published – or printed out of Amazon. And it has the title on it, Laptop from Hell: Hunter Biden, Big Tech, and Dirty Secrets the President Tried to Hide. And this was published on November 30th, 2021. Are you familiar with this book? A: Yes, I'm familiar with it. Q: Have you read the book? A: No. Q: How are you familiar with it? A: Through news about the book." Evidence: Declaration of Michael Murphy in support of Defendant's Motion for Summary Judgment ("Murphy Decl."), at ¶4 , Ex. C at 136:7-17. |

**19. Moving Party's Response:**

Plaintiff is attempting to create a dispute where none exists. The question specifically included the facts related to the publication date, and Plaintiff was viewed Exhibit 625 while testifying. Plaintiff did not dispute the facts in defense counsel's question, and did not request more information. Plaintiff specifically admitted he was familiar with the book. Further, this "dispute" is not related to a *material* fact. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of a genuine material fact.* (CD CA Rule 56-2.)

| | |
|---|---|
| 20.  Plaintiff admitted in his deposition that Marco Polo published "Report of the Biden Laptop." **Evidence:** Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 159:6-18. | 20.  Disputed. The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff does |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶5, Ex. D, Depo Ex. 654, pg. 1-3 | not admit that Marco Polo published "Report of the Biden Laptop" at the cited portion of the deposition transcript, which states as follows: "Q: Okay. And I'd like to refer you to Exhibit No. 654. A: Yes. Q: Are you familiar with Exhibit 654? A: You've got to move the document over or something. Q: The only I wanted to show you was the last page which is the table of contents. A: Yeah, what about it. Q: Are you aware that they're selling a report on your laptop and it has – this table of contents has a part of that report with photographs and documents and articles? A: Yes." Evidence: Murphy Decl., at ¶4, Ex. C at 159:6-18. |

20. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. Plaintiff not only acknowledged that Marco Polo was selling the "Report of the Biden Laptop," he acknowledged he filed suit for the publication. *See Plaintiff Deposition* at 159:19-159:4. Further, this "dispute" is not related to a *disputed genuine material* fact. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact*. (CD CA Rule 56-2.)

| 21. Plaintiff sold artwork at a gallery owned by George Berges. **Evidence:** **Evidence:** | 21. Undisputed. |
|---|---|

DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 65:10-69:22 | |
| 22.  New York Magazine published "The Sordid Saga of Hunter Biden's Laptop" on September 12, 2022.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 140:7-19<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 627, pg. 1-30 | 22.  Undisputed. |
| 23.  Plaintiff admitted in his deposition he was "vaguely familiar" with the New York Magazine article.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 140:7-19 | 23.  Undisputed. |
| 24.  On September 14, 2023, a federal grand jury indicted Plaintiff on 3 felony firearm offenses.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 150:2-9<br>Murphy Decl. ¶5, Ex. D, Depo Ex. 633, pg. 1-4 | 24.  Disputed.<br><br>The evidence to which Defendant cites does not support this alleged "fact". Exhibit 633 to Michael Murphy's declaration shows that on September 14, 2023, a federal grand jury indicted Plaintiff on violations of: (1) 18 U.S.C. §§ 922(a)(6) and 924(a)(2); (2) 18 U.S.C. § 924(a)(1)(A); and (3) 18 U.S.C. §§ 922(g)(3) and 924(a)(2).<br><br>Evidence: Murphy Decl. ¶5, Ex. D, Depo Ex. 633, pg. 1-4. |

DEFENDANT'S STATEMENT OF UNCONTROVERTED FACTS
Case No.: 2:16-cv-01681-DSF (AJWx)

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 24. Moving Party's Response:<br><br>Plaintiff is attempting to create a dispute where none exists. The violations on which the jury indicted Plaintiff are related to illegally purchasing and possessing a firearm while addicted to drugs, and for lying on an ATF form to procure a firearm. These are felony firearm offenses. Further, this "dispute" is not related to a *material* fact. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact*. (CD CA Rule 56-2.) | |
| 25. Fox News published "Hunter Biden took thousands from daughter's college fund for 'hookers and drug': report" on October 6, 2023, and did not discount that it was published in his deposition.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 151:2-11<br><br>Murphy Decl. ¶5, Ex. D, Depo Ex. 635, pg. 1-2 | 25. Undisputed. |

ISSUE 2: PLAINTIFF CANNOT PROVE ACTUAL MALICE WITH CLEAR AND CONVINCING EVIDENCE

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 26. Plaintiff alleges Defendant published statements that Plaintiff sought to help the Iranian government unfreeze funds held in a South Korean Bank in a Capitol Times Magazine article published on or around June 27, | 26. Undisputed. |

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 2023.<br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 1, 18, 20, 33 | |
| 27. Plaintiff admitted in his deposition he had no knowledge whether or not Defendant traveled to the Middle East in November 2021.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 33:14-17, 35:9-13 | 27. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had "*personal knowledge*" of this issue, not just "*knowledge*" in general. The cited portions state as follows, respectively:<br>"Q: So you don't have any personal knowledge about whether or not Mr. Byrne traveled to the Middle East in November of 2021, correct?<br>A: That's correct.<br>…<br>Q: Let me do this: I'm not asking for an opinion. I'm asking whether or not you have any personal knowledge he did that. I'm not asking for an opinion.<br>A: Understood. I did not see Mr. Byrne board a plane or deplane in the locations that he says that he did."<br>Evidence: Murphy Decl. ¶4 , Ex. C at 33:14-17, 35:9-13. |
| 27. Moving Party's Response: | |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| Plaintiff is attempting to create a dispute where none exists. Plaintiff stated he did not see Defendant "board a plane or deplane in the locations that he says that he did" in response to the question "…you don't have any personal knowledge about whether or not Mr. Byrne traveled to the Middle East in November of 2021, Correct?" Further, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact.* (CD CA Rule 56-2.) | |
| 28. Plaintiff admitted in his deposition he had no knowledge whether or not Defendant spoke with any Iranian figure while in the Middle East in November 2021.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 35:14-20 | 28.  Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had "*personal knowledge*" of this issue, not just "*knowledge*" in general. The cited portions state as follows, respectively:<br>"Q: And do you have any personal knowledge of when Mr. Byrne claims he was in the Middle East in November of '21, that he met with an Iranian figure and other people from Iran?<br><br>A: I did not witness nor would have had occasion to witness Mr. Byrne meeting with anyone in anywhere, Iran or anywhere else. I've never met Mr. Byrne."<br>Evidence: Murphy Decl. ¶4 , Ex. C at 35:14-20. |
| 28. Moving Party's Response:<br><br>Plaintiff is attempting to create a dispute where none exists. Plaintiff stated "I did not witness nor would have had occasion to witness Mr. Byrne meeting with | |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|

anyone in anywhere, Iran or anywhere else" in response to the question "And do you have any personal knowledge of when Mr. Byrne claims he was in the Middle East in November of '21, that he met with an Iranian figure and other people from Iran?" In answer to another question, Plaintiff *broadened* his response, saying: "Mr. Byrne – I guess we can cut this short a little bit and just say that I have never seen Mr. Byrne get on a plane or in any location personally physically that I'm aware of ever." *See Plaintiff's Deposition* 36:10-14. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact.* (CD CA Rule 56-2.)

| | |
|---|---|
| 29.  Plaintiff admitted in his deposition he could not say whether Defendant had any meetings with anyone while in the Middle East.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 35:24-36:14 | 29.  Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. The cited portion of Plaintiff's deposition transcript was limited in scope to Defendant's alleged trip to the Middle East in November 2021, not in general as this alleged "fact" states. Undisputed as to the balance.<br><br>Evidence: Murphy Decl., at ¶4, Ex. C, at 35:24-36:14. |

29. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. Plaintiff answered the question by saying the following: "Mr. Byrne – I guess we can cut this short a little bit and just say that I have never seen Mr. Byrne get on a plane or in any location personally physically that I'm aware of ever. So I can't attest to whether or not he actually had the meetings he said he had." *See Plaintiff's Deposition* 36:10-14. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact.* (CD CA Rule 56-2.)

| | |
|---|---|
| 30.  Plaintiff admitted in his deposition that he had no | 30.  Undisputed. |

13

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| knowledge whether Defendant obtained the voicemail recordings mentioned in the Capitol Times article.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 36:20-37:3 | |
| 31.  Plaintiff admitted in his deposition he had no knowledge whether Defendant turned in the voicemail recordings over to the government, as mentioned in the Capitol Times article.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 41:16-43:10 | 31.  Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff was asked at his deposition whether he had *"personal knowledge"* of this issue, not just *"knowledge"* in general. The cited portions state as follows, respectively:<br>"…don't have any –<br>Q: No, that isn't what I asked you. I asked you about the tape. We're on page 73.<br>A: Okay. I'm going to read – I'm going to read it just for the purpose of it.<br><br>'When I returned, the agencies went to work over the weekend. I was told a week later that they confirmed it all. The voice on the voicemail that I had acquired was voice-matched to the son of the Minister of Defense of Pakistan, who had a connection to Hunter Biden. Anyway, in December, |

14

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | 2021 I was told the scheme was confirmed across the agencies.' |
| | Now, if you're – what are you asking me about that statement? I can tell you this, is that there's – number one, I don't know what the hell he's talking about. Number two is that I don't know is he talking about – I don't know what he's talking about, so how can I answer that? Q: Fine. If you can't answer the question, then just say that. That's all you have to do. It's fine. A: Mr. Murphy, it's not – Q: Let me ask you – A: - all I have to do. Q: Let me – let me – I don't want to argue with you. Let me ask you this: Do you know – do you have any personal knowledge that Mr. Byrne turned over any tapes to the government that he received on his trip from Iran, that he claims he received on his trip from Iran to – A: I have no personal knowledge. Q: I didn't finish my question. A: Sorry. |
| | Q: All right. Let me finish my question. |
| | A: Sure. Q: Hang on one second. I'm in a deposition. There, that takes care of them. A lot of people like to cover me and interrupt. |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | What I want to know as a follow-up question is do you have any personal knowledge of whether or not Mr. Byrne turned over any tapes to the government that he claims he received from Iran that relate to these voicemails that are referenced in this article. A; I do not." |
| | Evidence: Murphy Decl. ¶4 , Ex. C at 41:16-43:10. |

31. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. Plaintiff specifically denied knowing whether Defendant turned over any tapes – the voicemail recordings cited in the Capitol Times article - to the government in the cited portion. *See Plaintiff's Deposition* 43:5-10. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact*. (CD CA Rule 56-2.)

| | |
|---|---|
| 32. Plaintiff alleges Defendant republished the statements on October 8, 2023.<br><br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 2, 27 | 32. Undisputed. |
| 33. Plaintiff alleges Defendant made his statements on The Absolute Truth with Emerald Robinson on May 10, 2023, and on May 11, 2023.<br><br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 23 | 33. Undisputed. |
| 34. Plaintiff alleges Defendant published the article on social | 34. Undisputed. |

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| media.<br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 25, | |
| 35.  Plaintiff alleges Defendant promoted the Capitol Times Article on The Alex Jones Show.<br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 25, | 35.  Undisputed. |
| 36.  Plaintiff alleges Defendant made the statements despite allegedly knowing they were false.<br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 3, 29, 35, 39 | 36.  Undisputed. |
| 37.  Plaintiff admitted in his deposition that he had no knowledge whether Defendant actually knew the statements were false.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 31:10-32:9 | 37.  Undisputed. |
| 38.  Plaintiff admitted in his deposition that he had no knowledge whether Defendant had any serious doubts about the truthfulness of the statements.<br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 32:10-24 | 38.  Undisputed. |
| 39.  Plaintiff alleges that Defendant was told the statements were | 39.  Undisputed. |

17

LAW OFFICES OF MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| false.<br><br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 30, | |
| 40.  Plaintiff alleges Defendant falsely claimed to verify the information on which the accusations are made.<br><br>**Evidence:**<br>Murphy Decl. ¶1 , Ex. A, ¶ 41, 42, | 40.  Undisputed. |
| 41.  Plaintiff alleges Defendant harbors ill will towards Plaintiff.<br><br>**Evidence:**<br>Murphy Decl. ¶1 ; Ex. A, ¶ 43, | 41.  Undisputed. |
| 42.  Plaintiff admitted in his deposition he had no evidence Defendant discussed Plaintiff in any way that demonstrated Defendant harbored ill will towards Plaintiff.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 23:6-24:7 | 42.  Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never admitted that "he had no evidence Defendant discussed Plaintiff in any way that demonstrated Defendant harbored ill will towards Plaintiff" in his deposition or at the cited portion of Plaintiff's deposition transcript. The cited portion states as follows: "Q: … Prior to May of 2023, are you able to identify any oral statement that Mr. Byrne has made specifically about you that demonstrates he had any actual ill will towards you? |

LAW OFFICES OF MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Mr. Lowell: You're saying oral statements to anybody, like Patrick Byrne talking to his wife? Mr. Murphy: It could be Byrne talking to anybody. The witness: I don't know of any – I don't know what Mr. Byrne was saying to anyone privately or – before May of 2023. I believe that he began talking about this in references all the way back to 2021. By Mr. Murphy: Q: Okay. And I'm just talking about prior to May of 2023, are you aware of any statements that Mr. Byrne made about you that demonstrated an ill will towards you? And it could be from any source. A: Uh – Q: And this date is prior to the publication of the statements that are the subject of your action. A: I don't know how to fully answer that question. I know that – because I can't date it exactly when I – Q: Don't guess. Don't guess. If you don't know, you don't know. If you have an estimate of some kind, then that's fine. A: Okay. I don't have any guesses or estimates that I could make of the first – before May of 2023 what Mr. Byrne was saying about me publicly or privately." |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | Evidence: Murphy Decl., at ¶4 , Ex. C at 23:6-24:7. |

**42. Moving Party's Response:**

Plaintiff is attempting to create a dispute where none exist. Plaintiff specifically admitted he could not say whether Defendant ever demonstrated ill will towards Plaintiff prior to the publication. *See Plaintiff's Deposition* 24:5-7. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact.* (CD CA Rule 56-2.)

| 43. Plaintiff admitted in his deposition he had no evidence Defendant ever published any writings prior to May 2023 that demonstrated ill will towards Plaintiff.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo.  RHB: 24:25-26:18 | 43.  Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never admitted that "he had no evidence Defendant ever published any writings prior to May 2023 that demonstrated ill will towards Plaintiff" in his deposition or at the cited portion of Plaintiff's deposition transcript. The cited portion states as follows:<br>"Q: I asked for prior to May of 2023, are you able to identify any writings that Mr. Byrne prepared and published where he shows actual ill will towards you.<br>A: Well, because – let me – I don't – I don't have in front of me any statements that Mr. Byrne may have made prior to May of 2023. I believe, however, I am estimating that Mr. Byrne began this kind of conspiracy campaign in 2021, but I don't have that in front of me/ That's my – that's |

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | my best answer that I can give. I hope that works for you. |
| | Q: And do you believe that Mr. Byrne |
| | put something in writing that was published prior to May of 2023 exhibiting ill will towards you? A: Towards my family definitely. Q: I – A: Towards me specifically – well, I'm answering the question the best I can, Mr. Murphy. And so is that towards me specifically I don't – I don't have that in front of me, no. |
| | Q: Okay, thank you. What I'd like to do is go back to your Complaint which is Exhibit 605. And attached to it is an Exhibit A. And I'll tell you what page I want you to go to to make it simple and then the videographer can bring that up, too. I'd like you to go to page 27 of the Complaint which has as page 9 of 10 of Exhibit A. And for purposes of also identifying it, the band on it will say Volume 01, Capitol Times Magazine, Issue 01, page 72. But for the videographer, go to page 27 of the document. Next page. Keep going. Yeah, keep going. And this is the page |
| | that I'm interested in. And in your Complaint you allege I believe and I want to confirm you're alleging that the statements that Mr. Byrne made |

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | on the right column of this article at page 72 from top to bottom and on page 73 top to bottom are the statements that formulate the basis of your claim for defamation against him. <br> Mr. Lowell: First, I think that the Complaint sets out which of the statements is actionable. I know this an attachment. I don't know that this attachment covers all, but looking at page 72 and 73, Mr. Biden can certainly confirm that this is among what's in the Complaint. <br> Mr. Murphy: Counsel, I don't want you coaching him. I will ask my questions. If he doesn't understand…" <br><br> Evidence: Murphy Decl., at ¶4, Ex. C. at 24:25-26:18. |

43. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. He stated he had no evidence Defendant published anything that demonstrated ill will towards Plaintiff. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact*. (CD CA Rule 56-2.)

| 44.  Plaintiff alleges Defendant took steps to republish his statements. <br><br> **Evidence:** <br> Murphy Decl. ¶1 , Ex. A, ¶ 34 | 44.  Disputed. <br><br> The evidence Defendant cites to does not support this alleged "fact". |
|---|---|

44. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. These allegations are in the complaint, and Plaintiff cited no evidence contrary evidence.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| 45. Plaintiff admitted in his deposition he had no evidence or knowledge concerning the number of times the Capitol Times article was allegedly republished.<br><br>**Evidence:**<br>Murphy Decl. ¶4 , Ex. C, Depo. RHB: 57:6-25 | 45. Disputed.<br><br>The evidence Defendant cites to does not support this alleged "fact". Defendant misstates and misrepresents Plaintiff's testimony in this regard. Plaintiff never admitted that "he had no evidence or knowledge concerning the number of time the Capitol Times article was allegedly republished", in his deposition or at the cited portion of Plaintiff's deposition transcript. This portion of Plaintiff's deposition was narrowly focused on whether Plaintiff knew the number of physical copies of the magazine that were distributed only. The term "republished" does not appear in this portion of Plaintiff's deposition transcript. The cited portion states as follows:<br><br>"Q: Do you know how many copies of the Capitol Times Magazine with the article that had the statements in it were distributed.<br><br>A: Physical copy, Mr. Murphy?<br>Q: Yes.<br>A: I don't know. It is a – it's a physical magazine?<br>Q: Yes, it's a physical magazine and an Internet magazine.<br>A: Oh, okay. Well, is it primarily distributed –<br>Q: I want to know what you know, not what I know. So what I'd like to |

23

| DEFENDANT'S UNDISPUTED MATERIAL FACTS | PLAINTIFF'S RESPONSE AND SUPPORTING EVIDENCE |
|---|---|
| | know is – and if you don't know, just say you don't know, it's okay. Do you know how many articles or how many copies of the Capitol Times Magazine that contained Mr. Byrne's statements were distributed to anybody? A: If you're asking me physical copies, I do not have a – I don't believe that we know how many physical copies were printed of what was also put online and continues to exist today in the – which I – I don't know." |
| | Evidence: Murphy Decl., at ¶4, Ex. C at 57:6-25. |

45. Moving Party's Response:

Plaintiff is attempting to create a dispute where none exists. Plaintiff admitted he did not know how many times the Capitol Times article was allegedly republished and has no evidence regarding same. Finally, Plaintiff has failed to cite any *evidence* demonstrating a *dispute of genuine material fact.* (CD CA Rule 56-2.)

Dated: November 12, 2024          LAW OFFICES OF MICHAEL C. MURPHY

By:    /s/ Michael C. Murphy, Esq.

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Plaintiff,

24

Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

25