PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>        Plaintiff,<br><br>    vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>        Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES**<br><br>Date: November 25, 2024<br>Time: 3:00 P.M.<br>Place: Ctrm. 10A<br><br>Judge: Hon. Stephen V. Wilson |



5792935.1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Defendant Patrick M. Byrne ("Defendant") seeks to exclude expert opinion about Plaintiff Robert Hunter Biden ("Plaintiff") suffering from emotional distress as a result of the defamatory statements made by Defendant by Plaintiff's treating physician, Dr. Alyssa Berlin, and asserts that Plaintiff is attempting to "backdoor" expert opinion through Dr. Berlin.[1] That is not true and, as stated in the Joint Witness List, "Dr. Berlin will testify about her own observations of "Plaintiff's mental state, her treatment of him and therapy she provided, and her own professional impressions based on the foregoing." That is completely proper from a treating physician who can testify about the condition of their patient that they observed, their treatment, and impressions based on their observations. *See Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 824 (9th Cir. 2011) (holding "that a treating physician is only exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment"); *Alfaro-Dominguez v. Target Corp.*, 2015 WL 12746224, at *1 (C.D. Cal. 2015) (recognizing that testimony of treating doctors "as to the injuries they observed in their treatment of Plaintiff, as well as the treatment they provided" is not expert testimony and is permissible). Accordingly, this motion should be denied and Dr. Berlin should be permitted to testify as to her observations in the course of treating Plaintiff and opinions derived from her observations of Plaintiff.[2]

---

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet and confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen, ¶¶ 3-4, Exh. "A."

[2] Defendant's motion also seeks to exclude any expert testimony presented by Plaintiff on the grounds that Plaintiff did not designate any experts. Plaintiff acknowledges that Plaintiff did not designate any experts. Accordingly, this motion should be denied as to that request as moot.

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008).

To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Matrix Int'l Textile, Inc, v. Monopoly Textile, Inc.*, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017) (citation omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citation omitted). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citation omitted). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* (citation omitted). Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* Moreover, motions in limine rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.2 (2000).

///

///

### A. Dr. Berlin May Testify As A Percipient Witness In Support of Plaintiff's Emotional Distress Damages.

Emotional damages awards need not be supported by "some kind of 'objective' evidence." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000). Instead, those damages can be established, among other ways, by a plaintiff's testimony about his harm ***and the testimony of others about that harm***. *See id.* Emotional distress is "essentially subjective." *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978). For these reasons, determinations about "intangible, non-economic losses" are "peculiarly within a jury's ken." *Holzhauer v. Golden Gate Bridge Highway & Transportation Dist.*, 2017 WL 3382316, at *2 (N.D. Cal. Aug. 7, 2017), *aff'd,* 743 F. App'x 843 (9th Cir. 2018) (quoting *Smith v. Kmart Corp.*, 177 F.3d 19, 30 (1st Cir. 1999) (internal quotation marks omitted).

In regard to testimony from the plaintiff's treating doctor, in *Goodman*, 644 F.3d at 826, the Ninth Circuit concluded that a treating physician is exempt from the written report requirement to the extent that the physician's opinions were formed during the course of treatment. In cases involving treating physicians as experts, courts have followed *Goodman* and found that "the critical distinction between retained and non-retained experts is the nature of the testimony the expert will provide, and whether it is based only on percipient knowledge or on information reviewed in anticipation for trial." *Cantu v. United States*, 2015 WL 12743881, at *5 (C.D. Cal. 2015); *see also Alfaro-Dominguez*, 2015 WL 12746224, at *1 (the "testimony of a doctor as to treatment actually provided and injuries observed is not necessarily expert testimony" and have allowed testimony of treating doctors "as to the injuries they observed in their treatment of Plaintiff, as well as the treatment they provided.").

Here, as recognized by Plaintiff, Plaintiff only intends to have Dr. Berlin "testify about Plaintiff's mental state, her treatment of him and therapy she provided, and her own professional impressions based on the foregoing." Motion In Limine

No. 1, 3:23-26; Hansen Decl., ¶ 2. In other words, her testimony will be based on her own observations through the course of treating Plaintiff, which is the proper. Hansen Decl., ¶ 2; *See also Goodman*, 644 F.3d at 826; *Cantu*, 2015 WL 12743881, at *5; *Alfaro-Dominguez*, 2015 WL 12746224, at *1. Accordingly, this motion should be denied.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 1.

Dated: November 13, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508

1  
2  Telephone: (202) 282-5000  
   Facsimile: (202) 282-5100  
3  *Attorney for Plaintiff*  
   *Robert Hunter Biden*  
4  
5  
6  
7  
8  
9  
10  
11  
12  
13  
14  
15  
16  
17  
18  
19  
20  
21  
22  
23  
24  
25  
26  
27  
28  



5792935.1

6

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 1**

# DECLARATION OF ZACHARY HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 1 To Exclude Expert Testimony Or Opinion By Plaintiff's Witnesses. If called as a witness, I would and could testify to the matters contained herein.

2. If Plaintiff calls Dr. Alyssa Berlin, Plaintiff's treating therapist, Plaintiff only intends to have Dr. Berlin testify about Plaintiff's mental state as she observed it, her treatment of him and therapy she provided, and her own professional impressions based on her own observations of treating Plaintiff.

3. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

4. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of the required 21 days notice. I never granted Defendant any extensions on the deadline to file Motions in Limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

                                          /s/ Zachary C. Hansen
                                              Zachary C. Hansen