PAUL B. SALVATY (State Bar No. 171507)
*PSalvaty@winston.com*
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

PATRICK M. BYRNE, an individual,

Defendant.

Case No. 2:23-cv-09430-SVW-PD

**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S SEVERE ALLEGED EMOTIONAL DISTRESS**

Date: November 25, 2024
Time: 3:00 P.M.
Place: Ctrm. 10A

Judge: Hon. Stephen V. Wilson

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I. INTRODUCTION**

By this motion in limine, Defendant Patrick M. Byrne seeks to exclude any evidence or testimony of the emotional distress that Plaintiff Robert Hunter Biden suffered as a result of the defamatory statements that Defendant made about Plaintiff on the grounds that Plaintiff has not presented any evidence of such emotional distress except his own testimony.[1] This motion should be denied because it is an improper attempt to weigh evidence and seek a dispositive ruling. *See Dubner v. City & Cnty. of S.F.,* 266 F.3d 959, 968 (9th Cir.2001) (A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed); *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008) ("a motion in limine should not be used to resolve factual disputes or weigh evidence."). In fact, evidence of emotional distress can be presented by Plaintiff and other witnesses who observed Plaintiff. *See Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978) (the extent of emotional distress may "be proven by reference to the injured party's conduct and observations by others"); *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006) (in the context of a disability determination, "lay testimony as to a claimant's symptoms or how an impairment affects [his] ability to work is competent evidence"); *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1040– 41 (9th Cir. 2003) (upholding compensatory damages award based in part on plaintiff's emotional distress testimony that he was "troubled,"); *Passantino v. Johnson & Johnson Cons. Prods., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000) (a jury may also rely on the plaintiff's own testimony about their emotional distress when determining its award). Plaintiff will testify about the

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet and confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen, ¶¶ 3-4, Exh. "A."



emotional distress he suffered. In addition, Plaintiff's wife, Melissa Cohen Biden, will also testify about her observations of Plaintiff's emotional distress and Dr. Alyssa Berlin, Plaintiff's treating physician, may testify about her observations of Plaintiff's emotional distress and her treatment of such condition. Defendant has recognized all of this likely lay testimony in his Motions In Limine Nos. 1 and 2 and it is proper. Accordingly, this motion should be denied.

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs.*, 539 F.Supp.2d at 323. A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed. *See Dubner,* 266 F.3d at 968; *see also* Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss.").

"Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored." *Kaneka Corporation v. SKC Kolon PI, Inc.*, 2015 WL 12696109, *2 (C.D.Cal. 2015) (quoting *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence. [citation omitted]…Therefore, when confronted with this situation, "a

better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. [Citation omitted]." *Kaneka*, 2015 WL 12696109, *2. Here, Plaintiff seeks to exclude the broad category of any evidence of emotional distress. That is improper on its face and should be denied.

**A. This Motion Is A Disguised Summary Judgment Motion To Preclude An Entire Category Of Plaintiff's Damages.**

Defendant's basis for excluding evidence of emotion distress is that Plaintiff does not have any evidence, except for his "self-serving" testimony. That reasoning demonstrates that this motion is a disguised summary judgment motion because, on its face, it is clear that it requires the weighing of evidence. *See Kaneka*, 2015 WL 12696109, *2 ("'…a motion in limine should not be used to resolve factual disputes or weigh evidence.' [Citation omitted]. That is the province of the jury. [Citation omitted]. Nor should a motion in limine be used as a substitute for a motion for summary judgment").

As an example, in *Beckman v. American Airlines, Inc*, 2024 WL 4003903, *3-4 (C.D.Cal. 2024), the defendant, on a motion in limine, argued that the plaintiffs should be prohibited at trial from offering evidence that the plaintiff was the victim of assault and providing an argument for negligent infliction of emotion distress upon Beckman. (Def. MIL No. 4). The Court denied both these motions in limine on the grounds that they were an improper vehicle to move for summary judgment on an issue because it required the weighing of evidence. *Id. (citing C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (A motion in limine "should not be used to resolve factual disputes or weigh evidence."); *see also Boeing Company v. KB Yuzhnoye*, 2015 WL 12803452, *2-3 (C.D.Cal. 2015) (denying the plaintiff's motion in limine as an improper attempt to prevent the defendant from actually defending itself).

The same situation exists here as the only basis Defendant has for its motion is

that "there is no evidence of emotional distress." Accordingly, the motion should be denied.

**B. Emotional Distress Damages Can Be Based on Plaintiff's Own Testimony about his feelings and symptoms and on Other Persons testimony of observations of Plaintiff.**

Emotional damages awards need not be supported by "some kind of 'objective' evidence." *Passantino v. Johnson & Johnson Consumer Prod., Inc.*, 212 F.3d 493, 513 (9th Cir. 2000). Instead, those damages can be established, among other ways, by a plaintiff's testimony about his harm ***and the testimony of others about that harm***. *See id.* Emotional distress is "essentially subjective." *Carey v. Piphus*, 435 U.S. 247, 264 n.20 (1978). For these reasons, determinations about "intangible, non-economic losses" are "peculiarly within a jury's ken." *Holzhauer v. Golden Gate Bridge Highway & Transportation Dist.*, 2017 WL 3382316, at *2 (N.D. Cal. Aug. 7, 2017), *aff'd,* 743 F. App'x 843 (9th Cir. 2018) (quoting *Smith v. Kmart Corp.*, 177 F.3d 19, 30 (1st Cir. 1999) (internal quotation marks omitted).

By way of example, in *Zhang v. American Gem Seafoods, Inc.*, 339 F.3d 1020, 1040-41 (2003), the Court held that the plaintiff's testimony alone is enough to substantiate the award of emotional distress damages. Plaintiff testified that the job at American Gem was "my dream, working in this country," and that when he was terminated, he was "troubled," and that letters sent by the defendant to his suppliers stating that "ruined my future business...Because doing business in China, your reputation and your credibility is the key."

As another example, in *Shoraka v. Bank of America, N.A.*, 2023 WL 8709710, *7 (C.D.Cal. 2023), the Court held that the plaintiff's testimony that he suffered emotional distress was sufficient to raise a jury question regarding whether the plaintiff in fact suffered emotional distress. Plaintiff testified that he experienced anxiety, loss of sleep, stomach pain, loss of appetite, and weight loss due to the stress of dealing with the defendant regarding the fraud claims. *Id.* While the defendant

argued that the plaintiff was not credible, the Court held that such issue was to be determined by the jury.

Here, Defendant admitted in the motion that evidence of emotional distress exists in the form of Plaintiff's "self-serving" testimony. And, other witnesses (i.e., Melissa Cohen Biden and Dr. Alyssa Berlin) can testify to their observations of Plaintiff's symptoms of emotional distress. Hansen Decl., ¶ 2. As recognized by Defendant Federal Rule of evidence 701 permits opinion testimony if it is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Accordingly, rather than excluding wholesale categories of evidence now, the Court should deal with "questions of admissibility of evidence as they arise [in actual trial]…." *Kaneka,* 2015 WL 12696109, *2.

**C. The Probative Value of Evidence of Plaintiff's Emotional Distress Outweighs Any Alleged Prejudice to Defendant.**

Citing Federal Rule of Evidence 401, Defendant also argues that the prejudice to him from the presentation of evidence of emotional distress substantially outweighs its probative value. That argument is nonsensical. Plaintiff alleged in the complaint that he suffered emotional distress damages as a result of Defendant's defamatory comment about Plaintiff and Defendant admits that Plaintiff will testify that he suffered emotional distress. It is thus part of Plaintiff's case and highly probative of damages. *See Sandigo v. Ocwen Loan Servicing, LLC*, 2019 WL 2579341, *3 (N.D.Cal. 2019). Defendant's argument of prejudice should be rejected.

///

///

///

///

///



## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 2.

Dated: November 13, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorney for Plaintiff Robert Hunter Biden*

**DECLARATION OF ZACHARY HANSEN**

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 2 To Exclude Testimony Or Evidence Of Plaintiff's Severe Alleged Emotional Distress. If called as a witness, I would and could testify to the matters contained herein.

2. In support of Plaintiff's emotional distress damages, Plaintiff will testify that he suffered emotional distress and will describe his symptoms. In addition, Plaintiff's wife Melissa Cohen Biden and Dr. Alyssa Berlin, Plaintiff's treating physician, can testify to their observations of Plaintiff's symptoms of emotional distress.

3. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

4. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of the required 21 days notice. I never granted Defendant any extensions on the deadline to file Motions in Limine.

///

///

///

///

///

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

*/s/ Zachary C. Hansen*
Zachary C. Hansen