# EXHIBIT B

PAUL B. SALVATY (State Bar No. 171507)
*PSalvaty@winston.com*
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
  *bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>    Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**<br><br>Judge:  Hon. Stephen V. Wilson, Ctrm. 10A |


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5785255.1

1 | **PROPOUNDING PARTY:**    **Defendant Patrick M. Byrne**

2 | **RESPONDING PARTY:**    **Plaintiff Robert Hunter Biden**

3 | **SET NO.:**    **THREE**

4 | Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff Robert

5 | Hunter Biden ("Responding Party") hereby submits these objections and responses to

6 | the Third Set of Interrogatories propounded by Defendant Patrick M. Byrne

7 | ("Propounding Party").

8 | ## PRELIMINARY STATEMENT

9 | Responding Party has not completed his investigation of the facts relating to

10 | this case, his discovery or his preparation for trial. All responses and objections

11 | contained herein are based only upon information that is presently available to and

12 | specifically known by Responding Party. It is anticipated that further discovery,

13 | independent investigation, legal research and analysis will supply additional facts and

14 | add meaning to known facts, as well as establish entirely new factual conclusions and

15 | legal contentions, all of which may lead to substantial additions to, changes in and

16 | variations from the responses set forth herein.

17 | These responses, while based on diligent inquiry and investigation by

18 | Responding Party, reflect only the current state of Responding Party's knowledge,

19 | understanding, and belief, based upon the information reasonably available to him at

20 | this time. As this action proceeds, and further investigation and discovery are

21 | conducted, additional or different facts and information could be revealed to

22 | Responding Party. Moreover, Responding Party anticipates that Propounding Party

23 | may make legal or factual contentions presently unknown to and unforeseen by

24 | Responding Party which may require Responding Party to adduce further facts in

25 | rebuttal to such contentions. Consequently, Responding Party may not yet have

26 | knowledge and may not fully understand the significance of information potentially

27 | pertinent to these responses. Accordingly, these responses are provided without

28 | prejudice to Responding Party's right to rely upon and use any information that he

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5785255.1

1

subsequently discovers, or that was omitted from these responses as a result of mistake, inadvertence, surprise, or excusable neglect. Without in any way obligating himself to do so, Responding Party reserves the right to modify, supplement, revise, or amend these responses, and to correct any inadvertent errors or omissions which may be contained herein, in light of the information that Responding Party may subsequently obtain or discover.

Nothing in this response should be construed as an admission by Responding Party with respect to the admissibility or relevance of any fact or document, or of the truth or accuracy of any characterization or statement of any kind contained in Propounding Party's interrogatories.

Each of the following responses is made solely for the purpose of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusion of any response if it were introduced in court. All objections and grounds are expressly reserved and may be interposed at the time of trial, hearing, or otherwise. Furthermore, each of the objections contained herein is incorporated by reference as though fully set forth in each response.

The following objections and responses are made without prejudice to Responding Party's right to produce at trial, or otherwise, evidence regarding any subsequently discovered information. Responding Party accordingly reserves the right to modify and amend any and all responses herein as research is completed and contentions are made.

Nothing contained herein is to be construed as a waiver of any attorney-client privilege, work product doctrine, or any other applicable privilege or doctrine. To the extent any interrogatory may be construed as calling for disclosure of information protected from discovery by the attorney-client privilege, the work product doctrine, or any other privilege or protection, a continuing objection to each and every such interrogatory is hereby interposed.

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

## **GENERAL OBJECTIONS**

Responding Party generally objects to the Interrogatories as follows:

1.    Responding Party objects generally to the Interrogatories to the extent that they seek to elicit information that is neither relevant to the subject matter of this action, nor reasonably calculated to lead to the discovery of admissible evidence.

2.    Responding Party objects generally to the Interrogatories to the extent that they are unreasonably overbroad in scope, and thus burdensome and oppressive, in that each such request seeks information pertaining to items and matters that are not relevant to the subject matter of this action, or, if relevant, so remote therefrom as to make its disclosure of little or no practical benefit to Propounding Party, while placing a wholly unwarranted burden and expense on Responding Party in locating, reviewing and producing the requested information.

3.    Responding Party objects generally to the Interrogatories to the extent that they are burdensome and oppressive, in that ascertaining the information necessary to respond to them would require the review and compilation of information from multiple locations, and voluminous records and files, thereby involving substantial time of employees of Responding Party and great expense to Responding Party, whereas the information sought to be obtained by Propounding Party would be of little use or benefit to Propounding Party.

4.    Responding Party objects generally to the Interrogatories to the extent that they are vague, uncertain, overbroad, and without limitation as to time or specific subject matter.

5.    Responding Party objects generally to the Interrogatories to the extent that they seek information at least some of which is protected by the attorney-client privilege or the attorney work-product doctrine, or both.

6.    Responding Party objects generally to the Interrogatories to the extent that they seek to have Responding Party furnish information that is a matter of the public record, and therefore is equally available to the Propounding Party as they are

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1   to Responding Party.

2       7.      Responding Party objects generally to the Interrogatories to the extent

3   that they seek to have Responding Party furnish information that is proprietary to

4   Responding Party and contain confidential information.

5       8.      Responding Party objects to the interrogatories, and to any individual

6   interrogatory set forth therein, to the extent that they are compound and constitute an

7   impermissible effort to circumvent the 25 interrogatory limit set by Rule 33 of the

8   Federal Rules of Civil Procedure.

9       9.      Responding Party expressly incorporates each of the foregoing General

10  Objections into each specific response to the requests set forth below as if set forth in

11  full therein.  An answer to a request is not intended to be a waiver of any applicable

12  specific or general objection to such request.

13      Without waiver of the foregoing, Responding Party further responds as follows:

14              **RESPONSES TO INTERROGATORIES**

15  **INTERROGATORY NO. 18:**

16      Please state the total amount of economic damages that YOU are seeking in the

17  present lawsuit.

18  **RESPONSE TO INTERROGATORY NO. 18:**

19      Responding Party objects to this Interrogatory on the grounds that it is vague

20  and ambiguous as to the words or phrases "economic damages." Responding Party

21  objects to this Request on the grounds that this Request seeks information and/or

22  documents protected by the attorney client privilege and the attorney work production

23  doctrine.  Responding Party objects to this Request on the grounds that this Request

24  seeks expert witness testimony.   Subject to and without waiving the foregoing

25  objections and the objections and reservations set forth in the Preliminary Statement

26  and General Objections, Responding Party responds as follows:

27      At least $450,200.66 through the date of these responses.

28      Investigation and discovery are continuing and, without limiting the foregoing,

5785255.1                                      4

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO**
**DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1    Responding Party reserves the right to amend this response.

2    **INTERROGATORY NO. 19:**

3    Please provide all calculations for the total amount of economic damages that

4    YOU are seeking in the present lawsuit.

5    **RESPONSE TO INTERROGATORY NO. 19:**

6    Responding Party objects to this Interrogatory on the grounds that it is vague

7    and ambiguous as to the words or phrases "economic damages." Responding Party

8    objects to this Request on the grounds that this Request seeks information and/or

9    documents protected by the attorney client privilege and the attorney work production

10   doctrine.  Responding Party objects to this Request on the grounds that this Request

11   seeks expert witness testimony.  Subject to and without waiving the foregoing

12   objections and the objections and reservations set forth in the Preliminary Statement

13   and General Objections, Responding Party responds as follows:

14   Responding Party focused Responding Party's economic damages on three

15   areas of revenue that Responding Party has been pursuing over the past four years as

16   follows: (i) sales of Responding Party's memoir entitled "*Beautiful Things*"; (ii) sales

17   of Responding Party's artwork; and (iii) paid speaking engagements and paid

18   appearances.  Responding Party then assessed the decrease in each category of

19   revenue based on the timing of DEFENDANT's defamatory remarks that are the

20   subject of this lawsuit.

21   For the artwork sales, Responding Party calculated the claimed damages by

22   comparing the artwork sales that occurred prior to DEFENDANT making the

23   defamatory remarks that are the subject of this lawsuit and the sales that occurred after

24   the DEFENDANT making the defamatory remarks that are the subject of this lawsuit

25   and extrapolated a reasonable volume of sales that likely would have occurred

26   compared with the market for Responding Party's artwork.  Before the statements,

27   Responding Party sold 27 pieces for artwork over three years for an average of nine

28   pieces sold per year, and after the statements, Responding Party sold one piece of

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  artwork, but based on the average sales over the prior three years, Responding Party
2  is informed and believes that Responding Party should have sold nine pieces of
3  artwork during that time period.  The average price of each piece of Responding
4  Party's artwork is $54,481.48, which multiplied by the annual average sale of nine
5  equals $490,333.33 less the one piece Responding Party sold since the comments for
6  $36,000 is $454,333.33 of which Responding Party would receive 50% for a total of
7  $227,166.67 in lost sales of artwork.

8          For the book sales, Responding Party calculated the claimed damages for by
9  comparing the book sales that occurred prior to DEFENDANT making the
10  defamatory remarks that are the subject of this lawsuit and the sales that occurred after
11  the DEFENDANT making the defamatory remarks that are the subject of this lawsuit
12  and extrapolated a reasonable volume of sales that likely would have occurred
13  compared with books on the market based on Responding Party's research into the
14  general lifespan of a book.  For the six month period before the statements (April 1,
15  2023 through September 30, 2023), based on the September 30, 2023 statement,
16  Responding Party sold 3,161 books and in the six months after the statements,
17  Responding Party sold 1,100 books, which is a significant decrease and Responding
18  Party is informed and believes that Responding Party should have sold an additional
19  2,061 books during that time period and the subsequent time period.  Using an average
20  unit price of $3.16, this amounts to $13,033.99 in lost book sales for the past 12
21  months that would have been applicable against Responding Party's advance.

22          For the paid speaking engagements and paid appearances, Responding Party
23  researched the amount he likely would have charged for each speaking engagement
24  or paid appearance given Responding Party's success as an author and artist which
25  was $35,000.  Responding Party estimates that he could have obtained six such
26  engagements in the past year, which equals a loss of $210,000.

27          Investigation and discovery are continuing and, without limiting the foregoing,
28  Responding Party reserves the right to amend this response.

5785255.1

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO
DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  **INTERROGATORY NO. 20:**

2  Please provide an itemization list of the different forms of economic damages

3  that YOU are seeking in the present lawsuit.

4  **RESPONSE TO INTERROGATORY NO. 20:**

5  Responding Party objects to this Interrogatory on the grounds that it is vague

6  and ambiguous as to the words or phrases "itemization" and "economic damages."

7  Responding Party objects to this Request on the grounds that this Request seeks

8  information and/or documents protected by the attorney client privilege and the

9  attorney work production doctrine.  Responding Party objects to this Request on the

10  grounds that this Request seeks expert witness testimony.  Subject to and without

11  waiving the foregoing objections and the objections and reservations set forth in the

12  Preliminary Statement and General Objections, Responding Party responds as

13  follows:

14  Loss of sales from the book entitled "Beautiful Things" is at least $13,033.99.

15  Loss of sales from artwork is at least $227,166.67.

16  Loss of other opportunities is at least $210,000, including personal

17  appearances, podcasts, and other marketing opportunities.

18  Investigation and discovery are continuing and, without limiting the foregoing,

19  Responding Party reserves the right to amend this response.

20  **INTERROGATORY NO. 21:**

21  Please state the total amount of damages YOU are seeking toward YOUR

22  alleged loss of book sales in connection with the DEFENDANT's publication(s) that

23  is the subject matter of this lawsuit.

24  **RESPONSE TO INTERROGATORY NO. 21:**

25  Responding Party objects to this Interrogatory on the grounds that it is vague

26  and ambiguous as to the words or phrases "economic damages." Responding Party

27  objects to this Request on the grounds that this Request seeks information and/or

28  documents protected by the attorney client privilege and the attorney work production



**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO
DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

doctrine. Responding Party objects to this Request on the grounds that this Request seeks expert witness testimony. Subject to and without waiving the foregoing objections and the objections and reservations set forth in the Preliminary Statement and General Objections, Responding Party responds as follows:

At least $13,033.99 at of the time of these Responses.

Investigation and discovery are continuing and, without limiting the foregoing, Responding Party reserves the right to amend this response.

**INTERROGATORY NO. 22:**

Please provide the calculations that support the total amount of damages YOU are seeking toward YOUR alleged loss of book sales in connection with the DEFENDANT's publication(s) that is the subject matter of this lawsuit.

**RESPONSE TO INTERROGATORY NO. 22:**

Responding Party objects to this Interrogatory on the grounds that it is vague and ambiguous as to the words or phrases "damages" and "book." Responding Party objects to this Request on the grounds that this Request seeks information and/or documents protected by the attorney client privilege and the attorney work production doctrine. Subject to and without waiving the foregoing objections and the objections and reservations set forth in the Preliminary Statement and General Objections, Responding Party responds as follows:

For the book sales, Responding Party calculated the claimed damages for by comparing the book sales that occurred prior to DEFENDANT making the defamatory remarks that are the subject of this lawsuit and the sales that occurred after the DEFENDANT making the defamatory remarks that are the subject of this lawsuit and extrapolated a reasonable volume of sales that likely would have occurred compared with books on the market based on Responding Party's research into the general lifespan of a book. For the six month period before the statements (April 1, 2023 through September 30, 2023), based on the September 30, 2023 statement, Responding Party sold 3,161 books and in the six months after the statements,

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  Responding Party sold 1,100 books, which is a significant decrease and Responding
2  Party is informed and believes that Responding Party should have sold an additional
3  2,061 books during that time period and the subsequent time period. Using an average
4  unit price of $3.16, this amounts to $13,033.99 in lost book sales as of the date of
5  these responses for the past 12 months that would have been applicable against
6  Responding Party's advance.

7        Investigation and discovery are continuing and, without limiting the foregoing,
8  Responding Party reserves the right to amend this response.

9

10 Dated: September 23, 2024                    EARLY SULLIVAN WRIGHT
                                               GIZER & MCRAE LLP
11

12

13                                       By:   /s/ Zachary C. Hansen

14                                             BRYAN M. SULLIVAN (State Bar No.
                                               209743)
15                                             bsullivan@earlysullivan.com
                                               ZACHARY C. HANSEN (State Bar No.
16                                             325128)
                                               zhansen@earlysullivan.com
17                                             EARLY SULLIVAN WRIGHT GIZER
                                               & McRAE LLP
18                                             6420 Wilshire Boulevard, 17th Fl.
                                               Los Angeles, California 90048
19                                             Telephone: (323) 301-4660
                                               Facsimile: (323) 301-4676
20

21                                             PAUL B. SALVATY (State Bar No.
                                               171507)
22                                             PSalvaty@winston.com
                                               WINSTON & STRAWN LLP
23                                             333 S. Grand Ave., 38th Fl.
                                               Los Angeles, CA 90071-1543
24                                             Telephone:  (213) 615-1700
                                               Facsimile:   (213) 615-1750
25

26                                             ABBE DAVID LOWELL (pro hac vice
                                               forthcoming)
27                                             AbbeLowellPublicOutreach@winston.
                                               com
28                                             WINSTON & STRAWN LLP
                                               1901 L St., N.W.


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5785255.1                                      9

1

2

Washington, D.C. 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

3

4

*Attorney for Plaintiff*
*Robert Hunter Biden*

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO
DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

1

## <u>VERIFICATION</u>

2       I have read the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S**
3 **RESPONSES TO DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES** and know its contents.

4       I am a party to this action.  The matters stated in the foregoing document are
5 true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

6       I declare under penalty of perjury under the laws of the State of California that
7 the foregoing is true and correct.

8       Executed on September <u>23</u>, 2024, at Los Angeles, California.

9



10   ROBERT HUNTER BIDEN

11 Print Name of Signatory                    Signature

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28


EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

---

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES**

## CERTIFICATE OF SERVICE

I, Robie Ann Atienza-Jones, hereby certify that on this 23rd day of September, 2024, a copy of the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSES TO DEFENDANT PATRICK M. BYRNE'S THIRD SET OF INTERROGATORIES** was served via email, on the following:

Paul B. Salvaty, Esq.
WINSTON & STRAWN LLP
333 S. Grand Ave. 38th Floor
Los Angeles, CA 90071-1543
Tel: (213) 615-1700
Fax: (213) 615-1750
*Email: psalvaty@winston.com*

Abbe David Lowell, Esq.
1901 L St., N.W.
Washington, D.C. 20036-3508
Tel: (202) 282-5000
Fax: (202) 282-5100
*Email:*
*abbelowellpublicoutreach@winston.com*

*Attorneys for Plaintiff*
*Robert Hunter Biden*

Michael C. Murphy, Esq.
Michael C. Murphy, Jr. Esq.
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506
*Email: michael@murphlaw.net;*
*Michael.jr@murphlaw.net*

*Attorneys for Defendant*
*Patrick Byrne*


*/s/ Robie Ann Atienza-Jones*
ROBIE ANN ATIENZA-JONES
An employee of EARLY SULLIVAN
WRIGHT GIZER & MCRAE LLP

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW