# EXHIBIT C

PAUL B. SALVATY (SBN 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

ABBE DAVID LOWELL (admitted *pro hac vice*)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S RULE 26 FURTHER SUPPLEMENTAL DISCLOSURES**<br><br>Complaint Filed:  November 8, 2023<br>Trial Date:  December 10, 2024 |

Pursuant to Federal Rule of Civil Procedure 26(e)(1), Plaintiff Robert Hunter Biden ("Plaintiff") makes the following supplemental disclosures based on the information currently and reasonably available to Plaintiff at this time. Plaintiff reserves the right to revise, correct, supplement further, or clarify these disclosures at any time, consistent with Rule 26(e) of the Federal Rules of Civil Procedure.

**1.    WITNESSES (Rule 26(a)(1)(A)(i))**

Plaintiff supplements his prior list of witnesses with the following individuals who are likely to have discoverable information that Plaintiff may use to support his claims and refute Defendant Patrick M. Byrne's ("Defendant") defenses in this proceeding:

1. Plaintiff Robert Hunter Biden, who may be contacted through counsel of record for Plaintiff. This individual has information about all aspects of the allegations in the Complaint and Defendant's defenses thereto.

2. Defendant Patrick M. Byrne, who may be contacted through his counsel of record. It is believed by Plaintiff that this individual has information about all aspects of the allegations in the Complaint and Defendant's defenses thereto.

3. Retired Lieutenant General Michael Flynn, 26700 Weiskopf Dr., Englewood, FL 34223, phone number unknown at this time. It is believed by Plaintiff that this individual has information about the Capitol Times Magazine article at issue in this matter and, to some extent, Defendant's defenses to the allegations in the Complaint.

4. Capitol Times Media, LLC, 30 N. Gould Street, Suite R, Sheridan, WY 82801, phone number unknown at this time. This entity is believed by Plaintiff to have information about all aspects of the publication and republication of the Capitol Times Magazine article at issue in this matter, as well as the efforts by its staff, agents, and/or reporters to verify Defendant's statements therein.

5. Anil Anwar, contact information unknown at this time. This individual is believed by Plaintiff to have information about all aspects of the

1  publication and republication of the Capitol Times Magazine article at issue in this
2  matter, as well as the efforts by Capitol Times Media, LLC's staff, agents, and/or
3  reporters to verify Defendant's statements therein.
4         6.     Mary Jones, contact information unknown at this time.  This
5  individual is believed by Plaintiff to have information about all aspects of the
6  publication and republication of the Capitol Times Magazine article at issue in this
7  matter, as well as the efforts by Capitol Times Media, LLC's staff, agents, and/or
8  reporters to verify Defendant's statements therein.
9         7.     Andrew Joseph, contact information unknown at this time.  This
10 individual is believed by Plaintiff to have information about all aspects of the
11 publication and republication of the Capitol Times Magazine article at issue in this
12 matter, as well as the efforts by Capitol Times Media, LLC's staff, agents, and/or
13 reporters to verify Defendant's statements therein.
14        8.     Johnson Hall, contact information unknown at this time.  This
15 individual is believed by Plaintiff to have information about all aspects of the
16 publication and republication of the Capitol Times Magazine article at issue in this
17 matter, as well as the efforts by Capitol Times Media, LLC's staff, agents, and/or
18 reporters to verify Defendant's statements therein.
19        9.     Melissa Cohen-Biden, who may be contacted through counsel of
20 record for Plaintiff.  This individual has information about Plaintiff's damages incurred
21 and suffered as a direct result of Defendant's statements in the Capitol Times Magazine
22 article, and subsequent republications of the same.
23        10.    Annett Wolf, Wolf Kasteler Public Relations, 345 N Maple Dr,
24 Beverly Hills, California 90210, (310) 205-0618, who may also be contacted through
25 counsel of record for Plaintiff.  This individual has information about the positive
26 publicity arising from the success of Plaintiff's book, *Beautiful Things*, and the impact
27 that such had on Plaintiff's reputation, throughout the relevant time period.
28        11.    George Berges, 462 W. Broadway, New York, NY 10012, (212)

1  475-4524 (alternatively, through counsel James D. Doyle, Esq., The Law Office of
2  James D. Doyle, 1325 Long Pond Road, Rochester, NY 14626, (585) 723-0480). This
3  individual has information of the success and sales of Plaintiff's artwork, and the
4  impact that such had on Plaintiff's reputation, throughout the relevant time period.

5        12.    Laura Nolan from Aevitas Creative Management, 19 W. 21st Street, Suite
6  501, New York, NY 10010, (212) 765-6900 (alternatively, through counsel, Justine
7  Harris, Esq., Sher Tremonte, 90 Broad Street, 23rd Floor, New York, NY 10004, (212)
8  300-2440). This individual has information about the positive publicity arising from
9  the success of Plaintiff's book, *Beautiful Things*, and the impact that such had on
10 Plaintiff's reputation, throughout the relevant time period.

11       13.    Dr. Alyssa Berlin; 6221 Wilshire Blvd., Suite 518, Los Angeles,
12 California 90048; (323) 549-0070. This individual potentially has information about
13 Plaintiff's ongoing emotional distress and related damages as a result of Defendant's
14 defamatory statements in this matter

15     Plaintiff anticipates that other, unknown individuals may have discoverable
16 information that Plaintiff may use to support his claims or refute Defendant's defenses.
17 Plaintiff reserves the right to supplement this disclosure as appropriate pursuant to
18 Federal Rule of Civil procedure 26(e).

19 **5.    DAMAGES (Rule 26(a)(1)(A)(iii))**

20     Because discovery is still being conducted and has not been conducted, including
21 the deposition of Defendant, Plaintiff is in the process of obtaining information from
22 Defendant and third parties that is necessary to prepare a calculation of damages
23 attributable to Defendant's wrongful conduct. The calculation of damages will be
24 premised on information that includes but is not limited to: the number of times
25 Defendant published his defamatory statements, the various channels through which
26 Defendant's defamatory publications occurred; the total number of persons who were
27 exposed to Defendant's defamatory publications; the total number of persons or entities
28 Defendant communicated with about the defamatory statements; and other factors.

Because Defendant's defamatory statements constitute defamation per se, general damages are presumed as a matter of law. At trial, Plaintiff also will seek actual damages for the harm that has been proximately caused by Defendant's defamatory statements, including but not limited to damage to Plaintiff's reputation, pain and suffering, and punitive damages in an amount sufficient to punish Defendant and deter him from engaging in similar conduct in the future.

Without limiting the foregoing, and expressly reserving the right to supplement, modify, alter, or change the below, Plaintiff sets forth the following damages that Plaintiff will seek at trial:

a. <u>Emotional Distress/Pain and Suffering</u>: Plaintiff will seek damages for the emotional distress and pain and suffering he has suffered arising from and due to Defendant's defamatory statements in an amount to be determined at trial subject to proof.

b. <u>Reputational Harm</u>: Plaintiff will seek damages for the reputational harm he has suffered arising from and due to Defendant's defamatory statements in an amount to be determined at trial subject to proof. While Plaintiff acknowledges that he has been accused of past misconduct and has been convicted of unrelated federal criminal charges in the cases of *United States v. Robert Hunter Biden*, U.S.D.C. District of Delaware, Case No. 23-CR-00061-MN, and *United States v. Robert Hunter Biden*, U.S.D.C. Central District of California, Case No. 23-CR-00599-MCS, all of that alleged past conduct and factual basis occurred while Plaintiff was in the depths of addiction to drugs and alcohol between the years 2016 and 2019, and years before Defendant made the defamatory statements. Plaintiff has spent time, effort, and resources addressing his past addiction as detailed in his memoir *Beautiful Things*, which received international acclaim and was a best-seller according to numerous lists. Further, Plaintiff has received positive press for his efforts at recovery from his

drug addiction and began a career as an artist, which also received positive reviews and successful art shows. Defendant's defamatory comments caused particular injury to Plaintiff's reputation because the statements accused Plaintiff of engaging in egregious misconduct in 2021 during the time that Plaintiff was sober and in recovery for his addiction, and engaging in new careers as a writer and artist. So, effectively, Defendant's defamatory comments undermined and damaged all of the work Plaintiff has done to overcome the stigma of the prior accusations and conduct underlying Plaintiff's criminal convictions. Further, Defendant's defamatory comments falsely state Plaintiff engaged in a bribery scheme with a country that is sanctioned by the United States and which many people believe is an enemy of the United States, which is treason. Stating that an individual engaged in treason is far worse than anything Plaintiff has been accused of before. Defendant then compounded this defamatory statement by falsely stating that Plaintiff's actions was a causing factor of the Hamas terrorist attack on innocent Israelis in October 2023, which is far more heinous than any accusation made against Plaintiff in the past.

c. <u>Economic Damages</u>: Plaintiff's economic damages arise from three areas of revenue that Plaintiff has been pursuing over the past four years as follows: (i) sales of Plaintiff's memoir entitled *Beautiful Things*; (ii) sales of Plaintiff's artwork; and (iii) paid speaking engagements for Plaintiff. Plaintiff then assessed the decrease in each category of revenue based on the timing of Defendant's defamatory remarks that are the subject of this lawsuit. Those calculations are as follows:

  (i) For the artwork sales, Plaintiff calculated the claimed damages by comparing the artwork sales that occurred prior to Defendant making the defamatory remarks that are the subject of this lawsuit and the sales that occurred after the

|     |     |     |
| --- | --- | --- |
| 1   |     | Defendant making the defamatory remarks that are the |
| 2   |     | subject of this lawsuit and extrapolated a reasonable volume |
| 3   |     | of sales that likely would have occurred compared with the |
| 4   |     | market for Plaintiff's artwork. Before the statements, |
| 5   |     | Responding Party sold 27 pieces for artwork over three years |
| 6   |     | for an average of nine pieces sold per year, and after the |
| 7   |     | statements, Plaintiff has sold one piece of artwork, but based |
| 8   |     | on the average sales over the prior three years, Plaintiff is |
| 9   |     | informed and believes that Plaintiff should have sold nine |
| 10  |     | pieces of artwork during that time period. The average price |
| 11  |     | of each piece of Plaintiff's artwork is $54,481.48, which |
| 12  |     | multiplied by the annual average sale of nine equals |
| 13  |     | $490,333.33 less the one piece Plaintiff sold since the |
| 14  |     | comments for $36,000 is $454,333.33 of which Plaintiff |
| 15  |     | would receive 50% for a total of $227,166.67 in lost sales of |
| 16  |     | artwork. |
| 17  | (ii) | For the book sales, Plaintiff calculated the claimed damages |
| 18  |     | by comparing the book sales that occurred prior to Defendant |
| 19  |     | making the defamatory remarks that are the subject of this |
| 20  |     | lawsuit and the sales that occurred after the Defendant |
| 21  |     | making the defamatory remarks that are the subject of this |
| 22  |     | lawsuit and extrapolated a reasonable volume of sales that |
| 23  |     | likely would have occurred compared with books on the |
| 24  |     | market based on Plaintiff's research into the general lifespan |
| 25  |     | of a book. For the six month period before the statements |
| 26  |     | (April 1, 2023 through September 30, 2023), based on the |
| 27  |     | September 30, 2023 statement, Plaintiff sold 3,161 books and |
| 28  |     | in the six months after the statements, Plaintiff sold 1,100 |

|   |   |   |
|---|---|---|
| | | books, which is a significant decrease and Plaintiff is informed and believes that Plaintiff should have sold an additional 2,061 books during that time period and the subsequent time period. Using an average unit price of $3.16, this amounts to, at least, $13,033.99 in lost book sales for the past 12 months that would have been applicable against Plaintiff's advance. |
| | (iii) | For the paid speaking engagements and paid appearances, Plaintiff researched the amount he likely would have charged for each speaking engagement or paid appearance given Plaintiff's success as an author and artist which was $35,000. Plaintiff estimates that he could have obtained six such engagements in the past year, which equals a loss of $210,000. |

In addition, Plaintiff may present rebuttal expert testimony on the topic of damages, which testimony will be part of Plaintiff's calculation of damages in this case. Plaintiff reserves the right to supplement this disclosure as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

Dated: September 23, 2024

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP

By:  /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

*Attorneys for Plaintiff*
*Robert Hunter Biden*

5787038.1

8

**PLAINTIFF ROBERT HUNTER BIDEN'S RULE 26 FURTHER SUPPLEMENTAL DISCLOSURES**

# **CERTIFICATE OF SERVICE**

I hereby certify that on this 23rd day of September 2024, a copy of the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S RULE 26 FURTHER SUPPLEMENTAL DISCLOSURES** was served via email, on the following:

| | |
|---|---|
| Paul B. Salvaty, Esq.<br>WINSTON & STRAWN LLP<br>333 S. Grand Ave. 38th Floor<br>Los Angeles, CA 90071-1543<br>Tel: (213) 615-1700<br>Fax: (213) 615-1750<br>Email: psalvaty@winston.com<br><br>Abbe David Lowell, Esq.<br>1901 L St., N.W.<br>Washington, D.C. 20036-3508<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br>Email: abbelowellpublicoutreach@winston.com<br><br>*Attorneys for Plaintiff*<br>*Robert Hunter Biden* | Michael C. Murphy, Esq.<br>Michael C. Murphy, Jr. Esq.<br>LAW OFFICES OF<br>MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361<br>Tel.: 818-558-3718<br>Fax: 805-367-4506<br>*Email: michael@murphlaw.net;*<br>*Michael.jr@murphlaw.net*<br><br>*Attorneys for Defendant*<br>*Patrick Byrne* |

 

*/s/ Robie Ann Atienza-Jones*
ROBIE ANN ATIENZA-JONES
An employee of EARLY SULLIVAN
WRIGHT GIZER & MCRAE LLP

9
**PLAINTIFF ROBERT HUNTER BIDEN'S RULE 26 FURTHER SUPPLEMENTAL DISCLOSURES**