PAUL B. SALVATY (State Bar No. 171507)
*PSalvaty@winston.com*
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
*AbbeLowellPublicOutreach@winston.com*
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

PATRICK M. BYRNE, an individual,

Defendant.

Case No. 2:23-cv-09430-SVW-PD

**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 4 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST BUSINESS OPPORTUNITIES WITHIN THE JEWISH COMMUNITY**

Date: November 25, 2024
Time: 3:00 P.M.
Place: Ctrm. 10A

Judge: Hon. Stephen V. Wilson

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion in limine, Defendant Patrick M. Byrne seeks to exclude any evidence or testimony of Plaintiff's lost any business opportunities within the Jewish community resulting from the defamatory statements that Defendant made about Plaintiff on the grounds that Plaintiff has not presented any evidence of such damages except his own testimony.[1] This motion should be denied because it is an improper attempt to weigh evidence and seek a dispositive ruling on an element of damages. *See Dubner v. City & Cnty. of S.F.*, 266 F.3d 959, 968 (9th Cir.2001) (A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed); *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008) ("a motion in limine should not be used to resolve factual disputes or weigh evidence.").

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C.

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet and confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen ("Hansen Decl."), ¶¶ 2-3, Exh. "A."



2008). A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed. *See Dubner v. City & Cnty. of S.F.,* 266 F.3d 959, 968 (9th Cir.2001); *see also* Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss.").

"Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored." *Kaneka Corporation v. SKC Kolon PI, Inc.*, 2015 WL 12696109, *2 (C.D.Cal. 2015) (quoting *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence. [citation omitted]…Therefore, when confronted with this situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. [Citation omitted]." *Kaneka*, 2015 WL 12696109, *2. Here, Plaintiff seeks to exclude the broad category of any evidence of lost profits. That is improper and should be denied.

### A. This Motion Is A Disguised Summary Judgment Motion To Preclude An Entire Category Of Plaintiff's Damages.

Defendant's basis for excluding evidence of lost any business opportunities within the Jewish community is that Plaintiff does not have any evidence, except for his "self-serving" testimony. That reasoning demonstrates that this motion is a disguised summary judgment motion because it requires the weighing of evidence. *See Kaneka,* 2015 WL 12696109, *2 (C.D.Cal. 2015) ("'…a motion in limine should not be used to resolve factual disputes or weigh evidence.' [Citation omitted]. That is the province of the jury. [Citation omitted]. Nor should a motion in limine be used as a substitute for a motion for summary judgment").

As an example, in *Beckman v. American Airlines, Inc*, 2024 WL 4003903, *3-

4 (C.D.Cal. 2024), the defendant, on a motion in limine, argued that the plaintiffs should be prohibited at trial from offering evidence that the plaintiff was the victim of assault and providing an argument for negligent infliction of emotion distress upon Beckman. (Def. MIL No. 4). The Court denied both these motions in limine on the grounds that they were an improper vehicle to move for summary judgment on an issue. *Id. (citing C & E Servs., Inc. v. Ashland Inc.*, 539 F. Supp. 2d 316, 323 (D.D.C. 2008) (A motion in limine "should not be used to resolve factual disputes or weigh evidence."); *see also Boeing Company v. KB Yuzhnoye*, 2015 WL 12803452, *2-3 (C.D.Cal. 2015) (denying the plaintiff's motion in limine as an improper attempt to prevent the defendant from actually defending itself).

In *Intervention911 v. City of Palm Springs*, 2014 WL 12966791, *11-12 (C.D.Cal. 2014), the Court denied a motion in limine to exclude evidence of lost profits because the motion required the Court to weigh the evidence and determine if it was sufficient to support an award of lost profits. The Court stated, "[b]ecause the damages figures proffered by the parties conflict, and because the City did not seek to have the court determine that there were no triable issues of fact concerning lost profit damages and that it was entitled to judgment as a matter of law, the court must deny its motion." The same exists here—Defendant did not move for summary judgment on the issue of damages and cannot do so under the guise of a motion in limine.

///

///

///

///

///

///

///

///



## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 4.

Dated: November 13, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorney for Plaintiff Robert Hunter Biden*

**DECLARATION OF ZACHARY HANSEN**

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 4 To Exclude Testimony Or Evidence Of Plaintiff's Alleged Lost Business Opportunities Within The Jewish Community. If called as a witness, I would and could testify to the matters contained herein.

2. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

3. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of the required 21 days notice. I never granted Defendant any extensions on the deadline to file Motions in Limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

*/s/ Zachary C. Hansen*
Zachary C. Hansen