PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 5 TO EXCLUDE ANY TESTIMONY OR EVIDENCE REGARDING DEFENDANT'S CHARACTER**<br><br>Date: November 25, 2024<br>Time: 3:00 P.M.<br>Place: Ctrm. 10A<br><br>Judge: Hon. Stephen V. Wilson |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion, Defendant Patrick M. Byrne ("Defendant") seeks to preclude Plaintiff Robert Hunter Biden ("Plaintiff") from introducing any and all character evidence regarding Defendant.[1] In support of his motion, Defendant argues that any and all evidence regarding Defendant's character should not be permitted because it is irrelevant to the determination of the material issues in this lawsuit and is precluded by the Federal Rules of Evidence. All of Defendant's arguments are without merit.

Under the Federal Rules of Evidence, character evidence in the form of prior acts or conduct is permitted to prove motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake. Fed. R. Evid. 404(b)(2). In a case such as this, prior acts and conduct is relevant to prove actual malice on behalf of the defendant. *See Reader's Dig. Assn. v. Superior Court*, 37 Cal. 3d 244, 257-258 (1984) (actual malice may be proven by inferences drawn from the accumulation of circumstantial evidence including a failure to investigate, anger and hostility toward the plaintiff, reliance upon sources known to be unreliable, or known to be biased against the plaintiff); *Sanders v. Walsh*, 219 Cal.App.4th 855, 873 (2013) (same); *Christian Rsch. Inst. v. Alnor,* 148 Cal. App. 4th 71, 84–85 (2007) (same). Accordingly, evidence of Defendant's prior harassment directed toward Plaintiff and his family, and public statements alleging abhorrent and unlawful conduct on behalf of Plaintiff and his family, is directly relevant to whether Defendant acted with actual malice.

Moreover, evidence of Defendant's publication of other conspiracy theories in the same magazine article as the statements that form the basis of this action is relevant to show Defendant was motivated to make all such statements together to

---

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet find confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen, ¶¶ 2-3, Exh. "A."



generate as much notoriety for himself as possible and to benefit himself financially. Also, evidence of Defendant's prior conduct and bad acts, including prior defamation lawsuits against him, is relevant to show habit and for the purposes of impeachment as well. *See* Fed. R. Evid. 406, 608; *see also U.S. v. Manske*, 186 F.3d 770, 779 (7th Cir. 1999). Finally, Defendant's Motion is so broad that it appears to also seek to exclude any character evidence of any witnesses as well. However, this is improper as well because character evidence of a witness is permitted under the Federal Rules of Evidence to impeach the witness's credibility for truthfulness and bias.

Accordingly, this motion should be denied and Plaintiff should be permitted to present relevant character evidence regarding Defendant.

## II.     ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. *See Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs., Inc. v. Ashland Inc.*, 539 F.Supp.2d 316, 323 (D.D.C. 2008).

To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Matrix Int'l Textile, Inc, v. Monopoly Textile, Inc.*, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017) (citation omitted) (emphasis added). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citation omitted). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is

almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citation omitted). "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted at trial." *Id.* (citation omitted). Rather, "[d]enial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded." *Id.* Moreover, motions in limine rulings are "not binding on the trial judge, and the judge may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.2 (2000).

"Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored." *Kaneka Corporation v. SKC Kolon PI, Inc.*, 2015 WL 12696109, *2 (C.D.Cal. 2015) (quoting *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence. [citation omitted]…Therefore, when confronted with this situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. [Citation omitted]." *Kaneka*, 2015 WL 12696109, *2. Here, Defendant seeks to exclude the broad category of any character evidence. That is improper and should be denied.

### A. Plaintiff May Present Relevant Character Evidence for Multiple Purposes.

Under Federal Rule of Evidence 404, evidence of a party's prior bad acts and conduct may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2); *see also United States v. Vo*, 413 F.3d 1010, 1018 (9th Cir. 2005); *United States v. Verduzco*, 373 F.3d 1022, 1027 (9th Cir. 2004); *United States v. Johnson*, 132 F.3d 1279, 1282 (9th Cir. 1997); *U.S.A. v. Lewis*, 493 F.Supp.3d 858, 862-63 (C.D.Cal. 2020). Courts accordingly "'admit Rule 404(b) evidence if (1) the evidence

tends to prove a material point; (2) the prior act is not too remote in time; (3) the evidence is sufficient to support a finding that the defendant committed the other act; and (4) (in cases where knowledge and intent are at issue) the act is similar to the offense charged.' " *Vo*, 413 F.3d at 1018 (quoting *Verduzco*, 373 F.3d at 1027). "[T]he district court is accorded wide discretion" in the application of these criteria, "and the test for admissibility is one of relevance." *Johnson*, 132 F.3d at 1282.

As an analogous example, in *Lewis*, the Court admitted evidence of prior convictions for bank robberies by defendant as evidence of the defendant's state of mind for being prosecuted for the bank robbery at issue in this case. 493 F.Supp.3d 862-63. The Court reasoned that the prior bank robberies were admitted to by the defendant, involved similar factual scenarios, and were not to remote in time. *Id.* Accordingly, such evidence tended to prove that the defendant committed the bank robbery at issue in this case. *Id.* The same findings are even more clear here.

This is a defamation action in which Plaintiff, as a public figure, must prove, by clear and convincing evidence "that the libelous statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not." *Jackson v. Mayweather*, 10 Cal. App. 5th 1240, 1259 (2017) (footnotes and internal citations omitted). "The law is clear [that] the recklessness or doubt which gives rise to actual or constitutional malice is subjective recklessness..." (*Melaleuca, Inc. v. Clark*, 66 Cal. App. 4th 1344, 1365 (1998)) and that "the finder of fact must determine whether the publication was indeed made in good faith." *St. Amant v. Thompson*, 390 U.S. 727, 731 (1968). The Ninth Circuit recognized: "Direct evidence to this effect is extremely difficult to obtain, so actual malice may be proven by circumstantial evidence, given the **totality of the circumstances surrounding the publication**." *Kaelin v. Globe Commc'ns Corp.*, 162 F.3d 1036, 1040 (9th Cir. 1998) (emphasis added). So, to show actual malice, "a plaintiff may rely on inferences drawn from circumstantial evidence" of, among other factors, "anger and hostility toward the plaintiff [citation], reliance upon sources

known to be unreliable [citations], or known to be biased against the plaintiff [citations]'" *Reader's Dig.*, 37 Cal. 3d at 257-258; *See also Sanders,* 219 Cal. App. 4th at 873 quoting *Christian Rsch.,* 148 Cal. App. 4th at 84–85).

Here, as cited in Plaintiff's opposition to Defendant's motion for summary judgment (Dkt #89), Defendant's past statements and conduct over the past two years demonstrates anger, hostility, and/or known biases against Plaintiff and/or his family, including his father, President Joe Biden. That evidence is highly probative of actual malice, including Defendant's motive, intent, and plan regarding the defamatory statements about Plaintiff.

Moreover, also as cited in Plaintiff's opposition to Defendant's motion for summary judgment (Dkt #89), Defendant's espousal of wild conspiracy theories over the past few years is highly probative of "his reliance upon sources known to be unreliable"—a factor in the actual malice analysis. Specifically, and without limitation, Defendant was motivated to include as many outlandish conspiracy theories in the article as he could in order to attain as much notoriety as possible, which in turn would benefit him financially. These same factors show Defendant's intent in making all such statements, as well as a strategic plan to do so.

Finally, evidence of Defendant's prior conduct and bad acts, including prior defamation lawsuits against him, is also relevant to prove habit. Federal Rule of Evidence 406 provides "[e]vidence of a person's habit … may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit."

As such, Plaintiff should be permitted to introduce evidence of Defendant's prior conduct to show that he has a habit of making outlandish defamatory statements about individuals who have differing political views than him, and those against whom he has a personal vendetta, without any supporting evidence.

Character evidence is also relevant for the purposes of impeachment. Federal Rule of Evidence 608(a) specifically provides that "[a] witness's credibility may be

attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character." Also, on cross-examination, a witness's prior specific instances of conduct may "be inquired into if they are probative of the character for truthfulness or untruthfulness of (1) the witness; or (2) another witness whose character the witness being cross-examined has testified about." Fed. R. Evid. 608(b). Character evidence of a witness is also permitted to show bias on behalf of the witness. *See Manske*, 186 F.3d at 779 ("[t]here are no special foundational requirements for bias evidence; the [party] may prove any fact or event logically relevant to show bias.") (citations omitted).

Finally, to the extent Defendant's Motion also seeks to exclude any character evidence pertaining to any other testifying witnesses, including for the purposes of impeachment, this is also improper for the reasons set forth above.

### III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 5.

Dated: November 13, 2024　　　　　　　　EARLY SULLIVAN WRIGHT
　　　　　　　　　　　　　　　　　　　　GIZER & MCRAE LLP


By: /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676



PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

*Attorney for Plaintiff Robert Hunter Biden*

# DECLARATION OF ZACHARY HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 5 To Exclude Any Testimony or Evidence Regarding Defendant's Character. If called as a witness, I would and could testify to the matters contained herein.

2. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

3. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of the required 21 days notice. Plaintiff never agreed to the untimely filing of these Motions In Limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

 /s/ Zachary C. Hansen
Zachary C. Hansen