PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
 bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
 zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S FINANCIAL CONDITION**<br><br>Date: November 25, 2024<br>Time: 3:00 P.M.<br>Place: Ctrm. 10A<br><br>Judge: Hon. Stephen V. Wilson |

5793317.1

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion in limine, Defendant Patrick M. Byrne ("Defendant") seeks to exclude any evidence or testimony regarding Defendant's financial condition, on the grounds that such evidence is irrelevant to the determination of liability in this matter and prejudicial.[1] Defendant's argument fails because evidence of his financial condition is relevant to Plaintiff's punitive damages claim and there has been no bifurcation of the liability and damages phases of this trial. Therefore there cannot be a blanket exclusion of evidence regarding Defendant's financial condition, which is relevant to the determination of punitive damages, unless the Court orders the liability and damages phases to be bifurcated under Federal Rule of Civil Procedure 42.

Accordingly, Defendant's Motion in Limine No. 6 to exclude any evidence or testimony regarding Defendant's financial condition should be denied.

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs.*, 539 F.Supp.2d at 323. A motion in limine is not the

---

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet and confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen, ¶¶ 2-3, Exh. "A."

proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed. *See Dubner,* 266 F.3d at 968; *see also* Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss.").

"Motions in limine that seek exclusion of broad and unspecific categories of evidence, however, are generally disfavored." *Kaneka Corporation v. SKC Kolon PI, Inc.*, 2015 WL 12696109, *2 (C.D.Cal. 2015) (quoting *Sperberg v. The Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Courts have recognized that it "is almost always better situated during the actual trial to assess the value and utility of evidence. [citation omitted]…Therefore, when confronted with this situation, "a better practice is to deal with questions of admissibility of evidence as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a motion in limine. [Citation omitted]." *Kaneka*, 2015 WL 12696109, *2. Here, Plaintiff seeks to exclude the broad category of any evidence of emotional distress. That is improper on its face and should be denied.

### A. Evidence of Defendant's Financial Condition is Relevant to the Determination of Punitive Damages.

Defendant's basis for excluding evidence of his financial condition is that such evidence is irrelevant to the determination of liability in this matter. However, Defendant admits in the Motion "[t]his evidence will only become relevant if the jury finds Defendant liable and makes a finding that Defendant is liable for punitive damages." (Motion, at 2:2-4.) Additionally, in his Memorandum of Contentions of Fact and Law, filed on November 5, 2024, Defendant admits that if the jury finds him liable for defamation in this case, "[o]nce they do so, they will have to consider Defendant's financial condition as part of their determination of punitive damages." (See Dkt. No. 94, at 15:3-7.) Central District Local Rule 16-4.3 requires any request for bifurcation to be contained in the Parties' memorandum of contentions of law and

fact. Notably, neither Party has sought a bifurcation order in this matter to separate the issues of liability from those involving the determination of damages, nor has the Court issued any such bifurcation order under its discretion pursuant to Federal Rule of Civil Procedure 42. Accordingly, without an order bifurcating the liability phase of the trial from the damages phase of the trial, the Parties are in agreement that Defendant's financial condition is indeed relevant. This position is also supported by relevant case law. *See Diaz v. Tesla, Inc.*, 697 F.Supp. 906 (N.D. Cal. 2023) (Defendant's financial condition may be considered by the jury in awarding punitive damages); *see also Century Surety Co. v. Polisso*, 139 Cal.App.4th 922, 960 (2006) ("The courts have long recognized that the defendant's financial condition is an essential factor in setting the amount of a punitive damage award that will be sufficient to serve the goals of retribution and deterrence without exceeding the necessary level of punishment."); *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-428 (2003) (evidence of Defendant's financial condition is relevant to determination of punitive damages).

      As such, without an order bifurcating the issues of liability and damages in this case, evidence of Defendant's financial condition is relevant to the material issues in this case and should not be excluded.

### B. The Probative Value of Evidence of Defendant's Financial Condition is Probative of Plaintiff's Punitive Damages Claims and Outweighs Any Alleged Prejudice to Defendant.

      Citing Federal Rule of Evidence 401, Defendant also argues that the prejudice to him from the presentation of evidence of his financial condition substantially outweighs its probative value. That argument is nonsensical. Plaintiff alleged in the complaint that he was seeking punitive as a result of Defendant's defamatory comment about Plaintiff. It is thus part of Plaintiff's case and highly probative of damages. *See Sandigo v. Ocwen Loan Servicing, LLC*, 2019 WL 2579341, *3 (N.D.Cal. 2019). Defendant's argument of prejudice should be rejected

## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 6.

Dated: November 13, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:   (213) 615-1700
Facsimile:   (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:   (202) 282-5000
Facsimile:   (202) 282-5100

*Attorney for Plaintiff*
*Robert Hunter Biden*

# DECLARATION OF ZACHARY HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 6 To Exclude Testimony or Evidence of Defendant's Financial Condition. If called as a witness, I would and could testify to the matters contained herein.

2. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

3. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of the required 21 days notice. I never granted Defendant any extensions on the deadline to file Motions in Limine.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

                                                  /s/ Zachary C. Hansen  
                                                        Zachary C. Hansen