PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone: (213) 615-1700
Facsimile: (213) 615-1750

ABBE DAVID LOWELL
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone: (202) 282-5000
Facsimile: (202) 282-5100

Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(F)**<br><br>Date: November 25, 2024<br>Time: 3:00 P.M.<br>Place: Ctrm. 10A<br><br>Judge: Hon. Stephen V. Wilson |

5793316.1

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 7**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion in limine, Defendant Patrick M. Byrne ("Defendant") seeks to preclude Plaintiff Robert Hunter Biden ("Plaintiff") from offering any evidence or witness testimony that was not disclosed in discovery.[1]  In doing so, Defendant is essentially seeking a standard exclusionary order regarding undisclosed discovery, which, in principal, Plaintiff would not oppose.  However, Defendant's Motion is drafted as a unilateral exclusionary order to preclude only Plaintiff and Plaintiff's witnesses from introducing any undisclosed discovery, without any sort of limitations for Defendant.  As such, while Plaintiff does not oppose an order by this Court to exclude all undisclosed discovery in this matter, including witness testimony, Plaintiff hereby maintains that such an order must be applied equally to both Defendant and Plaintiff.

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs.*, 539 F.Supp.2d at 323.  A motion in limine is not the

---

[1] Defendant's motions in limine should be denied because they are untimely and because Defendant's counsel did not meet and confer with Plaintiff's counsel on any motion in limine. Declaration of Zachary Hansen ("Hansen Decl."), ¶¶ 3-4, Exh. "A."



proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed. *See Dubner,* 266 F.3d at 968; *see also* Jones, et al., Rutter Group Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in limine* may not be used, however, as a disguise for a motion for summary judgment or to dismiss.").

### A. Any Exclusionary Order Must Be Mutual as to Defendant and Plaintiff.

In the Motion, Defendant outlines the basic requirements of disclosure set forth in Federal Rule of Civil Procedure 26, including the timing for making such disclosures, all of which Plaintiff has complied with in this case. Defendant seems to think Plaintiff has withheld evidence, or is going to attempt to introduce the testimony of some last minute witness. That is not the case. Plaintiff has made timely and substantive disclosures throughout this matter as new evidence has become known to him in accordance with his ongoing duty to supplement his Rule 26 disclosures. In this regard, subsection (e) of Federal Rule of Civil Procedure 26 provides:

> (1) In General. A party who has made a disclosure under Rule 26(a) – or who has responded to an interrogatory, request for production, or request for admission – must supplement or correct its disclosure or response:
>
> (A) in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or
>
> (B) as ordered by the court.

Plaintiff has complied with this rule. As such, any exclusionary order should be applied mutually to both Defendant and Plaintiff equally. However, discovery is still open until November 19, 2024, and therefore until that time both Parties are able to make any additional disclosures as needed. Notably, Defendant's deposition has not occurred yet because of the well-documented, ongoing discovery dispute between the Parties regarding the location of Defendant's deposition and Defendant's refusal

to return to the United States for his deposition despite the Court ordering him to do so. (See Dkt. No. 87.) Plaintiff noticed Defendant's deposition to occur on November 18, 2024, however Defendant has indicated he will not return to the United States to appear for his deposition on that date, in direct violation of the Court's Order in this regard. (Hansen Decl., ¶2.) Therefore, Plaintiff has expressly reserved his right to amend his disclosures, as well as the joint witness list and joint trial exhibit list, with any new information discovered at Defendant's deposition. Should Defendant fail to appear for his deposition on November 18, 2024, and the Parties are not permitted to conduct any discovery after November 19, 2024, this Court should order Defendant be precluded from offering any of his own testimony at the trial in this action.

Also, Defendant's Motion seeks to preclude Plaintiff from amending his Rule 26 disclosures "close to or after the close of discovery." The vague reference to "close to" the close of discovery is not a proper basis for an exclusionary order, nor does Defendant cite to any authority to support that position. It should be after the close of discovery.

**B.  The Court Should Not Preclude Any Testimony Obtained From Defendant's Deposition, Which Has Not Been Taken Yet Due to Discovery Disputes.**

While Plaintiff originally sought Defendant's deposition on August 16, 2024, the issue of Defendant's deposition has been the subject of numerous discovery disputes (Dkt Nos. 61-65, 103-109). As of the filing of this opposition, the issue of Defendant's deposition is the subject of a motion for protective order that is still being briefed before the Court (Dkt No. 109). As a result, the Court should not exclude any evidence obtained at Defendant's deposition.

///
///
///
///

## III. CONCLUSION

For the foregoing reasons, the Court should order any exclusionary order regarding discovery be applied equally to both Parties in this action.

Dated: November 13, 2024

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

PAUL B. SALVATY (State Bar No. 171507)
PSalvaty@winston.com
WINSTON & STRAWN LLP
333 S. Grand Ave., 38th Fl.
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700
Facsimile:  (213) 615-1750

ABBE DAVID LOWELL (*pro hac vice* forthcoming)
AbbeLowellPublicOutreach@winston.com
WINSTON & STRAWN LLP
1901 L St., N.W.
Washington, D.C. 20036-3508
Telephone:  (202) 282-5000
Facsimile:  (202) 282-5100

*Attorney for Plaintiff Robert Hunter Biden*

# DECLARATION OF ZACHARY HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am counsel of record for Plaintiff Robert Hunter Biden ("Plaintiff") in the above-entitled action and am over the age of 18. I hereby submit this declaration in support of Plaintiff's Opposition To Defendant's Motion In Limine No. 7 To Preclude Witnesses And Evidence Not Disclosed. If called as a witness, I would and could testify to the matters contained herein.

2. Plaintiff noticed Defendant's deposition to occur on November 18, 2024, however Defendant has indicated he will not return to the United States to appear for his deposition on that date due to health issues, in direct violation of the Court's Order in this regard (*See* Dkt. No. 87.)

3. Defendant's counsel, Michael Murphy, Esq., did not attempt to meet and confer with me on these Motions In Limine. I attempted to meet and confer with Mr. Murphy the week of October 28, 2024, but he said that he was unavailable that week due to his other time sensitive deadlines. Attached hereto as **Exhibit "A"** is a true and correct copy of this email exchange dated October 28, 2024 through November 1, 2024.

4. All of Defendant's Motions In Limine, including this motion, were filed on Wednesday, November 6, 2024, between 4:30 pm and 5:00 pm PST, with a hearing date of November 25, 2024, on nineteen days notice instead of thew required 21 days notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 13th day of November, 2024, at Summit, New Jersey.

                                                         */s/ Zachary C. Hansen*
                                                         Zachary C. Hansen