Michael C. Murphy, Esq. (S.B. No. 104872)
   Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
   Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 25, 2024<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby replies in support of his motion to exclude any expert testimony from Plaintiff's witnesses.

MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defendant respectfully requests the Court grant this motion. Defendant's motion is not limited to the exclusion of undisclosed expert witnesses who are required to provide a written report, but to all undisclosed expert witnesses, including undisclosed *non-retained* treating physicians. Further, Defendant requested the exclusion of all *expert testimony* from *any* of Plaintiff's witnesses. Plaintiff's brief entirely ignores these requests, and therefore Plaintiff's failure to address this issue amounts to acquiescence. Plaintiff admits and agrees that he intentionally chose to forgo the designation of *any experts*, and therefore any *expert testimony* from *any witness* must be excluded.

## II.   LEGAL ARGUMENT

A. **Plaintiff Failed to Designate Non-Retained Experts, Including His Treating Physician.**

Testimony from undisclosed experts, including treating physicians who will testify to "whether a particular traumatic event caused the condition as opposed to another cause, the expert has been transformed into the same type of expert envisioned by the report requirement..." must be excluded (*Goodman v Staples The Office Superstore, LLC*, 644 F.3d 817, 822.) Further, Plaintiff ignores his clearly outlined obligation to identify *all* retained **_and non-retained experts_**, which includes his treating physicians under Federal Rules of Civil Procedure Rule 26(a)(2)(A). Plaintiff's identification of his treating physician, a non-retained expert, required the disclosure of the subject matter of her expected testimony, with a summary of the facts and opinions to which she will testify. Rule 26(a)(2)(C)(i)-(ii).

2.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Plaintiff is not entitled to call Dr. Berlin to opine on "her professional impressions" based on Plaintiff's alleged complaints *in this case*. To the extent Plaintiff agrees to limit Dr. Berlin's testimony to her treatment of Plaintiff as a fact witness, then the Court should restrict Dr. Berlin's testimony therein. Otherwise, she must be excluded because Plaintiff will use her to backdoor expert testimony without first complying with the expert disclosure requirements under the Federal Rules of Civil Procedure.

Similar, no other witnesses can offer expert opinion testimony, including his wife, or any of his other witnesses.

B. **Plaintiff Refused to Meet and Confer**

Plaintiff's own Exhibit A clearly shows he refused to further discuss Defendant's Motions in Limine, simply stating he categorically refused to stipulate to any of the motions we proposed.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 18, 2024     LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

3.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**