Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:  2:23-cv-09430-SVW-PD<br>Judge:  Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED SEVERE EMOTIONAL DISTRESS DAMAGES**<br><br>Date:  November 25, 2024<br>Time:  3:00 p.m.<br>Courtroom:  "10A" |

1.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby replies in support of his motion in limine to exclude testimony and evidence of plaintiff's severe emotional distress.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff has no evidence, documentation, or medical record corroborating his alleged emotional distress damages. He failed to identify a single corroborating document or medical record supporting his claim in his exhibit list. It bears repeating that during his deposition, Plaintiff could not say with any semblance of certainty that Dr. Berlin saw him for any emotional distress as it relates to this case. Yet, he wishes to testify at trial that she did, and that he saw her for such treatment. He further wishes to have Dr. Berlin and Ms. Biden-Cohen testify about his alleged emotional distress damages. Defendant's properly-designated neuropsychological expert, Dr. Nathan E. Lavid, MD, examined Plaintiff, and found Plaintiff suffered absolutely no severe or pathologic emotional distress or emotional distress damages.

Plaintiff has no corroborating evidence to rebut Defendant's expert, other than his trial testimony which will contradict his deposition testimony.

### II.  LEGAL ARGUMENT

A. **Defendant's Motion is Proper**

Defendant's motion is a proper motion in limine designed to preclude inadmissible testimony by lay witnesses and undisclosed experts. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The testimony of Dr. Berlin and Ms. Biden-Cohen will result in objections at trial, and the Court has the power to grant this motion now to avoid litigating the issue at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004).

Plaintiff has no admissible corroborating evidence of his alleged emotional distress damages, rendering them speculative and irrelevant under the Federal

2.

Rules of Evidence 401(b) and 403, and therefore the Court has the power to determine the admissibility of his alleged emotional distress damages under the Federal Rules of Evidence 103(d) and 104(c). *Williams v. Board of Regents of Univ. Sys. of Georgia*, 629 F.2d 993, 999-1001 (5th Cir. 1980).

Plaintiff cannot satisfy his burden to prove his emotional distress damages by a preponderance of the evidence. Ninth Circuit Jury Instruction § 5.1. Any attempt to put on evidence of these alleged damages will waste time.

Finally, Plaintiff's witnesses cannot testify to causation of his alleged emotional distress damages and injuries. Such testimony is strictly within the purview of an expert under the Federal Rules of Evidence 702. (See Federal Rule of Evidence 701(c); *Tribble v Evangelides* 670 F.3d 753, 758 (7th Cir. 2012); *Williams v Mast Biosurgery USA, Inc.*, 644 F.3d 1312, 1317-1318 (11th Cir. 2011); *Certain Underwriters at Lloyd's, London v Sinkovich* 232 F.3d 200, 204-205 (4th Cir. 2000).) Here, whether Defendant's alleged statements caused Plaintiff's alleged emotional distress is a matter of expert opinion based on specialized knowledge. Plaintiff chose to forego designating an expert witness to offer opinion testimony that Defendant's alleged statements caused Plaintiff's emotional distress. Therefore, Plaintiff has no admissible evidence to establish this item of damages, and therefore all testimony or evidence of emotional distress damages must be excluded.

B. **Plaintiff Refused to Meet and Confer**

Plaintiff's own Exhibit A clearly shows he refused to further discuss Defendant's Motions in Limine, simply stating he categorically refused to stipulate to any of the motions we proposed.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 18, 2024     LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**