Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: November 25, 2024<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby replies in support of his motion in limine to exclude evidence of Plaintiff's lost sales:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    <u>INTRODUCTION</u>

Defendant respectfully requests that the Court grant his motion in limine here because Plaintiff has presented no evidence of any kind supporting a nexus between the allegedly defamatory statements and Plaintiff's alleged lost book and art sales. As established in the moving papers, and ignored in the opposing papers, the documents Plaintiff produced in discovery (and as exhibits in opposition) show a sharp decline in sales prior to the publication of the allegedly defamatory statements, with a nearly negligible uptick just after the publication of the allegedly defamatory statements.

Plaintiff's own testimony about his "revenues" does not translate into evidence of lost sales and lost profits *caused* by the allegedly defamatory statements. Therefore, this Court should grant this Motion.

## II.    <u>LEGAL ARGUMENT</u>

### A. **Plaintiff Has No Evidence Corroborating His Claim for Lost Sales**

Plaintiff identified no witnesses in the joint witness list who can testify to "a temporal analysis of the sales in the year before…and in the year after…" the publication of the allegedly defamatory statements. (See Pl. Opp. Pg. 5, lines 23-25.) Any "analysis" of lost sales must be accompanied by corroborating evidence or testimony by a witness qualified to offer such testimony. (See *Lightning Lube, Inc. v Witco Corp.,* 4 F.3d 1153, 1175 (3rd Cir. 1993); *Mississippi Chemical Corp. v Dresser-Rand Co.,* 287 F.3d 359, 374 (5th Cir. 2002).)

Lay opinion testimony is otherwise inadmissible *where it consists of unsupported inferences from raw data*. (*Echo, Inc. v Timberland Machines & Irrig., Inc.*, 661 F.3d 959, 965, citing to *Zenith Elecs. Corp. v WH-TV Broad.*

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

*Corp.*, 395 F.3d 416, 419-420 (7th Cir. 2005).) Plaintiff intends to offer testimony of just that. He will testify that his sales sheets show he lost profits based on an incomplete "analysis" of raw data. Worse, his proposed "analysis" will be intentionally incomplete because the raw data available is hearsay and shows a sharp decline in his book and art sales in 2021 continuing through 2023.

Further, Plaintiff will rely on unauthenticated hearsay documents he did not create, and likely cannot explain, as evidence of his alleged lost profits. This is not proper. The only documents Plaintiff produced in discovery related to his art sales are documents that appear to be from Kaiser Law to Representatives James Comer and Jim Jordan. There is no other evidence demonstrating Plaintiff's alleged lost art sales. Similarly, the documents Plaintiff produced in support of his alleged lost book sales are likewise unauthenticated.

Any documents on which Plaintiff wishes to rely must be authenticated. (Federal Rules of Evidence 901(a): "To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is.") Plaintiff has no witnesses who can authenticate these documents. Plaintiff *identified* no witnesses in the joint witness list who will authenticate these documents. Despite his counsel's attestations to the contrary, Plaintiff himself cannot authenticate the documents on which he intends to rely. Lastly, the documents themselves are hearsay without an exception. Federal Rule of Evidence Rule 801(a)-(c), 803(6)(A)-(E). Plaintiff's testimony will not suffice to overcome these evidentiary hurdles. Therefore, the evidence must be excluded to avoid wasting time on irrelevant, unauthenticated, hearsay "evidence."

B. **Plaintiff Refused to Meet and Confer**

Plaintiff's own Exhibit A clearly shows he refused to further discuss Defendant's Motions in Limine, simply stating he categorically refused to stipulate to any of the motions we proposed.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

Dated: November 18, 2024     LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**