Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:  2:23-cv-09430-SVW-PD<br>Judge:  Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  November 25, 2024<br>Time:  3:00 p.m.<br>Courtroom:  "10A" |

1.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby replies in support of his motion to prevent Plaintiff from offering undisclosed evidence or witness testimony:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.　　INTRODUCTION

Defendant respectfully requests that the Court grant this motion in limine. Defendant has complied with and will continue to comply with the disclosure requirements under Federal Rules of Civil Procedure Rule 26(f), Rule 26(a)(1), and Rule 26(a)(3)(A). Plaintiff has not. For example, Plaintiff listed a treating physician as a witness without first submitting the necessary expert disclosure statement for her. Similarly, Plaintiff suddenly turned over numerous unauthenticated screenshots and transcripts the Friday before his opposition to Defendant's Motion for Summary Judgment and the joint exhibit list were due. Further, if Plaintiff wishes to file a motion in limine requesting the same relief, then he must file his own motion in limine.

Therefore, this Court should grant this Motion and preclude Plaintiff from calling undisclosed witnesses or using undisclosed evidence at the time of trial. Defendant requests that this order include intentionally *late*-disclosed witnesses and evidence.

Finally, it is respectfully requested that the Court order Plaintiff and his counsel to stop intentionally misrepresenting the facts regarding any ongoing discovery dispute. Defendant has never once refused to return to the U.S. for his deposition. Unfortunately, his health has caught up to him, forcing an unforeseen, but temporary, speed bump in completing his deposition. Plaintiff has been aware of this fact since November 4, 2024, yet still maligns Defendant before the Court. It must stop.

/ / /

/ / /

2.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

## II. LEGAL ARGUMENT

### A. Plaintiff's Undisclosed Witnesses and Evidence Must Be Excluded

The time for disclosing witnesses and evidence is nearly past, and Plaintiff should be precluded from calling any witnesses or using any evidence he failed to disclose. Likewise, Plaintiff should not be permitted to "amend" his disclosure close to (i.e., at the last possible minute) or after the close of discovery. Plaintiff has an established pattern of dropping evidence in Defendant's lap at the last possible second. This behavior is pure gamesmanship, and he should not be permitted to continue to engage in it.

Plaintiff must be precluded from attempting to amend his disclosures, the witness list, or the exhibit list on the eve of trial. Some examples of witnesses and evidence he failed to include in the joint trial exhibit and witness lists are included in the moving papers and incorporated by reference herein. Plaintiff's habit of conducting discovery by surprise will no doubt translate into an attempt to conduct trial by surprise. He must be precluded from doing so.

### B. Plaintiff Refused to Meet and Confer

Plaintiff's own Exhibit A clearly shows he refused to further discuss Defendant's Motions in Limine, simply stating he categorically refused to stipulate to any of the motions we proposed. Moreover, Plaintiff's counsel expressly stated that he did not have any of his own motions to file and should not be permitted to piggy-back off of Defendant's motion here.

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.

/ / /

/ / /

/ / /

/ / /

3.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Dated: November 18, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

4.

**DEFENDANT'S REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 7 TO PRECLUDE WITNESSES AND EVIDENCE NOT DISCLOSED PURSUANT TO RULE 26(f); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**