UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  2:23-cv-09430-SVW-PD                                  Date: November 18, 2024

Title:  *Robert Hunter Biden v. Patrick M. Byrne*

Present: The Honorable:  Patricia Donahue, United States Magistrate Judge

| Isabel Verduzco | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| N/A | N/A |

**Proceedings:**   **(In Chambers) Order (Redacted) Denying Defendant's Request for Protective Order [Dkt. No. 80]**

    On November 6, 2024, the Court issued an Order Re Defendant's Deposition. [Dkt. No. 95.] In response, Defendant submitted a request for a protective order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to protect him from having to travel by air from the United Arab Emirates ("UAE") to the United States for his deposition, as ordered by the Court. [Dkt. Nos. 87, 108-3.] The Court has reviewed both parties' submissions. [Dkt. Nos. 108, 110, 111, 121.] Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.

    This Order is filed Under Seal because it refers to the contents of documents designated Highly Confidential under the Protective Order. The Order discusses specific information regarding Defendant's medical condition that is set forth in medical records and declarations designated Highly Confidential. The Court will file this Order with redactions on the public docket.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD    Date: November 18, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*

## I. Legal Standard

Rule 26(c) governs protective orders and provides in relevant part:

The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following:

> (A) forbidding the disclosure or discovery;
>
> (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery;
>
> (C) prescribing a discovery method other than the one selected by the party seeking discovery;
>
> (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters;
>
> (E) designating the persons who may be present while the discovery is conducted;
>
> (F) requiring that a deposition be sealed and opened only on court order;
>
> (G) requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way; and
>
> (H) requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

Fed. R. Civ. P. 26(c)(1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09430-SVW-PD        Date: November 18, 2024

Title:   *Robert Hunter Biden v. Patrick M. Byrne*

The burden is on the person seeking the protective order to demonstrate good cause. The party seeking protection bears the burden of showing specific prejudice or harm will result if a protective order is not granted. *Phillips ex rel. Estates of Byrd v. General Motors Corp.*, 307 F.3d 1206, 1210-1212 (9th Cir. 2002). District courts have broad discretion in controlling discovery. *Slater v. Morton*, 797 F. App'x 323, 325 (9th Cir. 2020) (explaining that district court rulings on discovery will not be overturned unless there is an abuse of discretion).

II.   Discussion

In the briefing and argument that concluded with the October 30, 2024 Order requiring Defendant to travel to the United States for his deposition [Dkt. No. 87], Defendant did not raise any medical issue as a basis for his argument that the deposition should take place in Dubai. Defendant now seeks a protective order from having to travel from the UAE to the United States for his deposition based on a medical issue



UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. 2:23-cv-09430-SVW-PD             Date: November 18, 2024

Title:    *Robert Hunter Biden v. Patrick M. Byrne*



---

[1] The Court uses the page numbers placed on the document by the electronic docketing system.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09430-SVW-PD          Date: November 18, 2024

Title: *Robert Hunter Biden v. Patrick M. Byrne*



    Based on the medical evidence, Defendant seeks a protective order that he not be required to fly to the United States for his deposition. He does not oppose being deposed via zoom from his location in the UAE.

    Plaintiff opposes the protective order on the ground that Defendant failed to meet his burden to show good cause, as required by Rule 26. Plaintiff cites *Blackwood v. Vries*, 2015 WL 13914965, at *3 (C.D. Cal. Aug. 13, 2015), which discussed the showing required for a protective order

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09430-SVW-PD            Date: November 18, 2024

Title:    <u>Robert Hunter Biden v. Patrick M. Byrne</u>

disallowing a deposition based on medical necessity. The factors courts have considered in determining the sufficiency of facts presented in support of a protective order based on medical necessity include (1) the type of ailment involved, (2) the severity of the ailment, (3) the doctor's belief that permitting discovery will harm deponent, and (4) the details of the discovery process on which the doctor relied in coming to the opinion. *Id.* (citations omitted). Plaintiff argues that the evidence submitted by Defendant is insufficient to show good cause.

The Court agrees. 

---

[2] Defendant emphasizes the language in paragraph 2 of this Court's November 6, 2024 order that if he claims he is unable to fly to the United States for his deposition, as ordered by the Court, for medical reasons, he must file a declaration [Dkt. No. 95 at 2] and contends that ▮▮▮▮ declaration complies with that order. However, the Order also states that if Defendant offers the opinion of one or more medical professional(s) that he is unable to fly to the United States due to a medical condition or conditions, he must file a declaration from each medical professional. [Id.] In any event, Defendant has the burden to show good cause for the requested protective order.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 2:23-cv-09430-SVW-PD　　　　　　　　　　Date: November 18, 2024

Title:　　*Robert Hunter Biden v. Patrick M. Byrne*



　　The evidence that Defendant has submitted is insufficient to show good cause for a protective order protecting Defendant from traveling to the United States for his deposition, as ordered by the Court. Accordingly, his request for a protective order is denied. This ruling is based only on the evidence submitted and is without prejudice to consideration of other evidence submitted by Defendant regarding his medical condition, provided any such submission is in compliance with the Civil Trial Preparation Order [Dkt. No. 39] and any other orders issued by the District Judge.

　　IT IS SO ORDERED.