Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:   Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S TRIAL BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:   November 25, 2024<br>Time:   3:00 p.m.<br>Courtroom:   "10A" |

i.

**DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby submits this brief in support of his request to bifurcate punitive damages from the liability and damages stages of trial.

Pursuant to Central District Local Rule 16-10 hereby files this trial brief on the following issues:

A. Bifurcation is appropriate here pursuant to California Civil Code § 3295, Federal Rule of Civil Procedure, Rule 42(b), and related cases, because Plaintiff has requested punitive damages, which will require evidence of Defendant's financial condition. However, Defendant's financial condition is irrelevant to the question of liability and is irrelevant to the question of whether Plaintiff is entitled to awards of compensatory. Only after the jury decides the issues of liability and compensatory damages in Plaintiff's favor will Defendant's financial condition become relevant.

B. The proper standard for determining liability in a defamation per se case where the plaintiff is a public figure is the "actual malice" standard. This standard is articulated as a false statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." (*New York Times Co. v Sullivan* (1964) 376 U.S. 254, 280). "Reckless disregard" is understood to mean that "the defendant in fact entertained serious doubts as to the truth of his publication." (*St. Amant v Thompson* (1968) 390 U.S. 727, 731).

This Trial Brief is based upon the accompanying Memorandum of Points and Authorities, the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

/ / /

/ / /

ii.

DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Dated: November 20, 2024

LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy

---

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant
Patrick Byrne

iii.

DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This trial brief is submitted to the court pursuant to Central District Local Rule 16-10 in support of Defendant Patrick Byrne's request to bifurcate the punitive damages phase of trial from the liability and compensatory damages phases of trial. Bifurcation is appropriate here because Defendant's financial condition is irrelevant to the questions of liability and compensatory damages. Bifurcation will allow the jury to decide the dispositive issues of liability and damages and avoid prejudice against Defendant. (*Estate of Diaz v City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016).)

Defendant also files this trial brief to clarify the proper standard of proving "actual malice," which is defined as a false statement made "with knowledge that it was false or with reckless disregard of whether it was false or not." (*New York Times Co. v Sullivan* (1964) 376 U.S. 254, 280). "Reckless disregard" is understood to mean that "the defendant in fact entertained serious doubts as to the truth of his publication." (*St. Amant v Thompson* (1968) 390 U.S. 727, 731).

## II.   LEGAL ARGUMENT

### A. The Court Should Bifurcate the Trial to Avoid Prejudice Against Defendant

1. *Standard for Bifurcation*

Bifurcation of the trial is appropriate where there is a risk of prejudice and where bifurcation may conserve judicial resources. Federal Rules of Civil Procedure Rule 42(b) states in pertinent parts:

> "SEPARATE TRIALS. For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial."

1.

DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Further, the court may bifurcate the trial "to 'avoid a difficult question by first dealing with an easier, dispositive issue,' or to avoid the risk of prejudice." (*Estate of Diaz v City of Anaheim*, 840 F.3d 592, 601 (9th Cir. 2016).) Whether to bifurcate the punitive damages phase of trial from the liability and compensatory damages phases of trial is within the sound discretion of the Court. (Federal Rule of Civil Procedure, Rule 42(b); *Hangarter v Providence Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004); See also *Arthur Young & Co. v U.S. Dist. Ct.*, 549 F.2d 686, 697 (9th Cir. 1977).) Bifurcation may also preserve valuable judicial resources. "One favored purpose of bifurcation is to avoid a difficult question by first dealing with an easier, dispositive issue." (*Hirst v Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).)

Moreover, bifurcation is appropriate where, as here, the different phases of trial will require different types of evidence. (*Katsaros v Cody*, 774 F.2d 270, 278 (2d Cir. 1984); See also *Helminski v Ayerst Lab., a Div. of American Home Prods. Corp.*, 766 F.2d 208, 212 (6th Cir. 1985): bifurcation determined appropriate "when 'the evidence pertinent to the two issues is wholly unrelated' and the evidence relevant to the damages issue could have a prejudicial impact upon the jury's liability determination.")

Here, Plaintiff, an all-purpose public figure, will need to prove his claim for defamation per se by clear and convincing evidence that Defendant knowingly published false statements, or that he published the statements while harboring serious doubts about their veracity. Evidence of Defendant's financial condition will not be relevant to the determination of Defendant's liability for making the statements. Evidence of Defendant's financial condition will only become relevant to determine how much punitive damages the jury may award after the jury has found Defendant liable for defamation per se, and has found Defendant "guilty of oppression, malice, or fraud." (CACI 3942; *Adams v Murakami* (1991) 54 Cal.3d 105, 120-121: noting the risk of prejudice to the Defendant if he is required to

2.

DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

introduce evidence of his finances before he has been found liable for compensatory damages.)

Further, bifurcation of the liability and compensatory damages phases could preserve judicial resources if the liability is resolved in favor of Defendant. As established in Defendant's Motion for Summary Judgment, Plaintiff has no evidence to prove Defendant published the allegedly defamatory statements with actual malice. In the event the Court denies Defendant's Motion, Plaintiff's evidence at trial on the liability issue will be identical. The resolution of the Plaintiff's single cause of action for defamation per se in favor of Defendant will be dispositive to the entire case, eliminating the need for a trial on punitive damages.

### 2. *Introduction of Defendant's Financial Condition During the Liability Phase is Highly Prejudicial*

Before the jury can decide whether punitive damages are warranted, they must first decide whether Defendant is liable for the alleged defamation, and they must make a finding that Defendant acted with actual malice. Only after the jury does so will it have to consider Defendant's financial condition as part of the determination of punitive damages. However, Defendant's financial condition is irrelevant to decide liability. Indeed, allowing Plaintiff to produce evidence of Defendant's financial condition before the jury even decides whether Defendant is liable is highly prejudicial. California Civil Code § 3295; See also *McKiver v Murphy-Brown, LLC*, 980 F.3d 937, 975-76: "As the Supreme Court has recognized, inflammatory financial condition can be especially destructive in the context of punitive damages because of the leeway given to juries in selecting the appropriate amount necessary to punish and deter. *See State Farm Mut. Auto Ins.*, 538 U.S. at 417." Evidence of Defendant's financial condition will only become relevant once the jury makes a finding that Defendant not only acted with actual malice in publishing the statements, but that he acted with malice, oppression, or

3.

fraud. Evidence of Defendant's financial condition is otherwise irrelevant and prejudicial during the liability and compensatory damages phases of trial. *Holdgrafer v Unocal Corp.* (2008) 160 Cal.App.4th 907, 919; See *Vasbinder v Ambach*, 926 F.2d 1333, 1344 (2d Cir. 1991).

The introduction of Defendant's financial condition before the jury has determined liability runs the risk of "[inflaming] the passion and prejudice of the jury to tip their judgment in favor of liability." (*Adams v Murakami, supra,* 54 Cal.3d 105 at p. 121.) Further, introducing Defendant's financial condition during the liability and compensatory damages phases of trial runs the risk of prejudicing the jury on the issue of compensatory damages. (See *Farmy v College Housing, Inc.* (1975) 48 Cal.App.3d 166.)

Here, introduction of Defendant's financial condition will no doubt risk prejudicing the jury against Defendant on the issues of liability and compensatory damages. Such evidence will only work to inflame the passions of the jury against Defendant, will confuse the issues, and risks the jury's reliance on prejudicial evidence to come to a decision.

### B. Plaintiff Must be Precluded From Using an Improper Standard re: Actual Malice During the Jury Trial of this Case

A public figure plaintiff, such as Plaintiff here, must prove that Defendant acted with "actual malice" at the time he made the allegedly false statements. A statement is made with "actual malice" if the statement is made with the knowledge that the statement was false, or with reckless disregard of the truth or falsity of the statement. (*New York Times Co. v Sullivan* (1964) 376 U.S. 254, 270; *Masson v New Yorker Magazine* (1991) 501 U.S. 496, 510-511.) In other words, if the Defendant knew the statement was false at the time he made it, the statement is defamatory. Alternatively, if he did not know the statement was false, but had "serious doubts" as to the truth of his statement, then the statement is defamatory. (*St. Amant v Thompson* (1968) 390 U.S. 727, 731.) Publishing the statement with

those doubts demonstrates reckless disregard for the truth, and thus constitutes actual malice. (*Ibid.*) The Final Pretrial Conference Order incorrectly articulates the applicable standard in question 2 under Paragraph VIII: Remaining Triable Issues. The relevant case law defines reckless disregard as harboring serious doubts about the truth of the publication. "Serious doubts" and "reckless disregard" are not separate inquiries, but part of one principle of law under the actual malice standard. Therefore, there are not three separate questions that must be presented to the jury, but only one: did Defendant know the statements were false, or did he publish them in reckless disregard for the truth?

Plaintiff's attempt to split the inquiry into three questions is designed to water down this high standard, as apparent from the evidence Plaintiff presented in his opposition to Defendant's Motion for Summary Judgment and with respect to its assertion of the standards to apply for liability in the Proposed Pretrial Order. Further, a mere failure to investigate, or to conduct a thorough investigation, will not suffice to satisfy this high standard. "…Reckless conduct is not measured by whether a reasonably prudent man would have published or would have investigated before publishing. There must be sufficient evidence to permit the conclusion that the defendant entertained serious doubts as to the truth of his publication." (*St. Amant v Thompson, supra*, 390 U.S. at p. 731.) Plaintiff ultimately carries the burden to prove actual malice by clear and convincing evidence. (*Christian Research Institute v Alnor* (2007) 148 Cal.App.4th 71, 84-85).

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the Court exercise its discretion and grant the Court's request to bifurcate the liability and compensatory damages phases of trial from the punitive damages phase of trial. Further, Defendant respectfully requests that the Court prohibit the introduction of an improper standard of actual malice.

///

DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Dated: November 20, 2024        LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant
Patrick Byrne

**DEFENDANT'S BRIEF RE UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIRFUCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# PROOF OF SERVICE

# UNITED STATEMENTS OF AMERICA

I am employed and am a resident of the County of Ventura, State of California.

I am over the age of 18 and not a party to the within action. My business name and address is as follows:

Law Offices of Michael C. Murphy
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

On November 20, 2024, I served the foregoing document(s) on Opposing Counsel in this action described as follows:

1. **DEFENDANT'S TRIAL BRIEF RE: UPDATING THE CONTENTIONS OF FACT AND LAW RE: BIFURCATION AND THE ACTUAL MALICE STANDARD; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

\_\_\_\_\_ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list.

\_\_\_\_\_ by placing a copy of the original enclosed in sealed envelopes addressed as follows ("U.S. Mail"):

__X__ by placing copies of the original through electronic transmission ("e-mail") to all parties appearing on the electronic service list as follows:

\_\_\_\_\_ by placing copies of the original through facsimile transmission ("fax") to all parties appearing on the service list as follows:

1

PROOF OF SERVICE

| | |
|---|---|
| Paul B. Salvaty, Esq.<br>Winston & Strawn LLP<br>333 S. Grand Ave. 38th Floor<br>Los Angeles, CA 90071-1543<br>Tel: (213) 615-1700<br>Fax: (213) 615-1750<br>Email: PSalvaty@winston.com<br>Email: gaellis@winston.com<br><br>Abbe David Lowell, Esq.<br>1901 L St., N.W.<br>Washington, D.C. 20036-3508<br>Tel: (202) 282-5000<br>Fax: (202) 282-5100<br>Email:<br>AbbeLowellPublicOutreach@winston.com<br><br>Bryan M. Sullivan, Esq.<br>Zachary C. Hansen, Esq.<br>Early Sullivan Wright Gizer & McRae, LLP<br>6420 Wilshire Blvd., Suite 17th Fl.<br>Los Angeles, CA 90048<br>Tel: (323) 301-4660<br>Fax: (323) 301-4676<br>Email: rclaudat@earlysullivan.com<br>Email: zhansen@earlysullivan.com<br>Email: bsullivan@earlysullivan.com | **Attorneys for Plaintiff**<br>ROBERT HUNTER BIDEN |

The sender's name and email address are as follows:
Name: Michael C. Murphy, Esq.
Email: Michael.jr@murphlaw.net.

\_\_\_\_\_ (State) I declare under penalty of perjury under the laws of the State of California and the United States of America that the above is true and correct.

\_\_X\_\_ (Federal) I declare that I am employed in the office as a member of the bar of this court at whose direction the service was made.

Executed on November 20, 2024 at Westlake Village, California.

2

PROOF OF SERVICE

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

By: /s/ Michael C. Murphy, Esq.

---

3

**PROOF OF SERVICE**