Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | "HIGHLY CONFIDENTIAL AND TO BE FILED UNDER SEAL PURSUANT TO PARAGRAPH 18 OF THE PROTECTIVE ORDER" FILED ON AUGUST 22, 2024<br><br>Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND/OR AN ADVERSE INFERENCE INSTRUCTION; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>**Date:** November 25, 2024<br>**Time:** 3:00 p.m.<br>**Loc:** Hon. Stephen V. Wilson<br>**Ctrm:** "10A" |

**PLEASE TAKE NOTICE** that Defendant Patrick Byrne, by and through his attorneys of record, hereby objects to and opposes Plaintiff's ex parte application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Defendant Patrick M. Byrne ("Defendant") hereby submits to the Court his Memorandum of Points and Authorities in support of his objection and opposition to Plaintiff's Ex Parte Application for an order granting sanctions against Defendant and/or an adverse inference instruction.

Defendant objections to and opposes the ex parte application on the following grounds:

1. Plaintiff's Ex Parte application is factually and legally baseless.
2. Plaintiff's Ex Parte Application violates the court's Civility and Professional Rule A4 in that the Ex Parte Application is being brought to harass the Defendant and his counsel and is being used as a bad faith litigation tactic to disrupt the work Defendant and his counsel are trying to do to timely comply with the court's pretrial order deadlines.
3. Plaintiff's Ex Parte Application violates Local Rule 37-1 because Plaintiff did not comply with this rule before bringing the E Parte Application.
4. Plaintiff's Ex Parte Application violates this court's Order Setting Initial Status Conference at page 2 in the section designated Rule 26f and constitutes unprofessional and unwarranted hostility towards the Defendant.
6. Plaintiff's Ex Parte Application violates the procedural requirements of Rule 37-2.1.
7. Plaintiff's Ex Parte Application is also baseless because there is no good cause for the court to grant it because there is no emergency, and Plaintiff will not suffer irreparable injury if the court does not grant it.

2

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND/OR AN ADVERSE INFERENCE INSTRUCTION; MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 2:23-cv-09430-SVW-PD

II.  **LEGAL ARGUMENT**.

1. **Plaintiff's Ex Parte is Procedurally Improper.**

Plaintiff's ex parte fails spectacularly to comply with the notice requirements set out in Paragraph 5 of this Court's "New Case Order" (Docket No. 14.) Defendant is entitled to oppose the motion by 3:00 p.m. on *the first business day succeeding the day the ex parte application was served*. Defendant's opposition is therefore due on Monday, November 25, 2024, by 3:00 p.m., the date and time Plaintiff selected for the hearing.

Further, Plaintiff failed to comply with the clear requirements under Local Rule 37-1 because he failed to meet and confer with Defendant's counsel prior to filing this ex parte application. He failed to comply with the requirements of Local Rule 37-2, 37-2.1-37-2.3. Therefore, the Court should deny the motion pursuant to Local Rule 37-2.4.

2. **Plaintiff is Not Entitled to Sanctions on an Ex Parte Basis.**

Ex parte applications are limited to requests warranting extraordinary relief. (See this Court's New Case Order, Docket 14, ¶5.) They are typically limited to genuine emergencies. (See *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191, 193-194 (C.D. Cal. 1989): sanctions brought on ex parte basis denied as procedurally improper.)

Here, Plaintiff's application for sanctions must be properly brought as a noticed motion. Plaintiff will suffer no prejudice because there is no emergency. The Court's "New Case Order" makes it clear that it only allows ex parte applications when extraordinary relief is necessary. The Court cites to *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989) in the New Case Order. The case discusses the problem of increased use and abuse of the ex parte process (*In Re: Intermagnetics, supra.*, 101 Bankr. at p. 192.) District Judge Rymer denied the plaintiff's ex parte request for sanctions, finding that the request for sanctions is properly brought on a noticed motion where the opposing party will

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND/OR AN ADVERSE INFERENCE INSTRUCTION; MEMORANDUM OF POINTS AND AUTHORITIES
Case No.: 2:23-cv-09430-SVW-PD

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

have the "opportunity to answer the charges made and to develop a careful and complete record." (*Id.* at 194.)

### III. **PLAINTIFF'S NOTICE WAS DEFECTIVE**

Plaintiff's counsel waited until the afternoon of Thursday, November 21, 2024, to give ex parte notice for a hearing on Monday, November 25, 2024. Plaintiff served his paperwork just before noon on Friday, November 22, 2024, the last business day before the scheduled hearing. Plaintiff's ex parte should therefore be denied for failure to give proper notice, and for failing to give Defendant sufficient time to file a full opposition to the request on the merits as specified in the court's order. (See Paragraph 5 of the "New Case Order" Docket 14; see also *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191, 193-194 (C.D. Cal. 1989).)

### IV. **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that the court deny Plaintiff's request for sanctions.

Dated: November 22, 2024				LAW OFFICES OF MICHAEL C. MURPHY

							By: /s/ Michael C. Murphy, Esq.
							_____
							Michael C. Murphy, Esq.
							Michael C. Murphy, Jr., Esq.
							Attorneys for Defendant,
							Patrick Byrne

# PROOF OF SERVICE

# UNITED STATEMENTS OF AMERICA

I am employed and am a resident of the County of Ventura, State of California.

I am over the age of 18 and not a party to the within action. My business name and address is as follows:

Law Offices of Michael C. Murphy
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

On November 22, 2024, I served the foregoing document(s) on Opposing Counsel in this action described as follows:

**1. DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND/OR AN ADVERSE INFERENCE INSTRUCTION; MEMORANDUM OF POINTS AND AUTHORITIES**

\_\_\_\_\_ by placing the originals in enclosed, sealed envelopes addressed to the party appearing on the service list as follows:

\_\_\_\_\_ by placing copies of the originals in enclosed, sealed envelopes (U.S. mail) addressed to all parties appearing on the service list as follows:

\_\_\_\_\_ by placing copies of the originals in enclosed, sealed envelopes by express, next-day mail (overnight or express mail) addressed to all parties appearing on the service list as follows:

\_\_\_\_\_ by placing copies of the original through facsimile transmission (fax) to all parties appearing on the service list as follows:

\_\_X\_\_ by placing copies of the original through electronic transmission (e-mail) to all parties appearing on the electronic service list as follows:

| Paul B. Salvaty, Esq.<br>Winston & Strawn LLP<br>333 S. Grand Ave. 38th Floor<br>Los Angeles, CA 90071-1543<br>Tel: (213) 615-1700<br>Fax: (213) 615-1750 | **Attorneys for Plaintiff**<br>ROBERT HUNTER BIDEN |
|---|---|

1

PROOF OF SERVICE

Email: PSalvaty@winston.com
Email: gaellis@winston.com

Abbe David Lowell, Esq.
1901 L St., N.W.
Washington, D.C. 20036-3508
Tel: (202) 282-5000
Fax: (202) 282-5100
Email: AbbeLowellPublicOutreach@winston.com

Bryan M. Sullivan, Esq.
Zachary C. Hansen, Esq.
Early Sullivan Wright Gizer & McRae, LLP
6420 Wilshire Blvd., Suite 17th Fl.
Los Angeles, CA 90048
Tel: (323) 301-4660
Fax: (323) 301-4676
Email: rclaudat@earlysullivan.com
Email: zhansen@earlysullivan.com
Email: bsullivan@earlysullivan.com

The sender's name and email address are as follows:
Name: Michael C. Murphy, Esq.
Email: Michael@murphlaw.net.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

X____ (Federal) I declare that I am employed in the office as a member of the bar of this court at whose direction the service was made.

Executed on November 22, 2024 at Westlake Village, California.

By: /s/ Michael C. Murphy, Esq.

_____

2
**PROOF OF SERVICE**