Bryan M. Sullivan, State Bar Number 209743
  *bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
  *rah@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF WITHDRAWAL OF HIS MOTION TO COMPEL RESPONSE TO *TOUHY* REQUEST**<br><br>[*U.S. Department of Justice's Motion to Quash filed in the U.S. District Court for the District of Columba, 1:25-mc-00027-CRC, filed and served herewith*]<br><br>Judge: Hon. Stephen V. Wilson |

5803318.1

1

**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF WITHDRAWAL OF HIS MOTION TO COMPEL RESPONSE TO TOUHY REQUEST**

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, pursuant Local Rule 7-16, hereby withdraws his Motion to Compel filed on March 3, 2025, ECF No. 198, seeking to compel the United States Government to permit a deposition of FBI Special Agent David Smith. The basis for this notice is that the Government has agreed to a deposition of Special Agent Smith.

Plaintiff's instant notice also complies with Local Rule 7-16 in that Plaintiff is filing this notice without delay after agreeing with the Government on the terms of the written deposition procedure and following Defendant's counsel's refusal to agree to such a process. This notice is made following the conference of counsel pursuant to Local Rule 7-3 which took place on March 3, 2025. It was not possible to confer seven days before filing the notice because the hearing for the motion Plaintiff withdraws is set for March 17, 2025. Plaintiff's counsel conferred with Defendant's counsel approximately two hours after the Department of Justice agreed to a deposition of Special Agent Smith. Plaintiff has agreed with counsel for the Government that this withdrawal obviates the need for the Government to file a response to the motion to compel.

Plaintiff served a *Touhy* request and subpoena for the testimony of Special Agent David Smith and the production of documents from him because Defendant specifically identified Special Agent Smith as a percipient witness in this case as having personal knowledge of key information on which Defendant based his statements that Plaintiff, through a middleman, solicited a bribe from Iran to release funds in South Korea. For this reason, at the February 24, 2025, final pre-trial conference in this case, the Court determined that Special Agent Smith was an indispensable witness in this case and ordered Plaintiff to file a motion to compel compliance with the subpoena for Special Agent Smith's testimony.

Plaintiff filed the motion to compel as ordered on March 3, 2025. ECF No. 198. The Government responded by filing a motion to quash in the U.S. District Court for the District of Columbia. *In re Subpoena in Civil Action No. 2:23-cv-9430*, 1:25-mc-00027-CRC (D.D.C. Mar. 3, 2025). A copy of that motion is attached as **Exhibit A** to this notice. Notably, the Government represents that Special Agent Smith lives and works in the Washington, D.C., area, well more than 100 miles from this Court. Ex. A at 9. Plaintiff has appeared in that action and his response to the motion to quash is due March 17, 2025.

Plaintiff withdraws the motion for compel for two reasons. First, the Government has agreed to allow a written deposition of Special Agent Smith under Rule 31 of the Federal Rules of Civil Procedure. Plaintiff—the party requesting this discovery—is satisfied that will meet his needs. *See* Fed. R. Civ. P. 32(a)(1), (4)(B) (providing a deposition of a party unavailable because he is more than 100 miles from the place of trial may be used at trial for any purpose). As explained below, Rule 31 will allow Defendant to promulgate his own cross-examination questions for Special Agent Smith. Second, Plaintiff believes the Government is correct in arguing that any effort to enforce a subpoena for Special Agent Smith's testimony must occur in the District of Columbia. Fed. R. Civ. P. 45(g); *see generally* Ex. A. Special Agent Smith is employed in the District of Columbia. He neither lives nor works in California. A federal court in California may issue a subpoena for his testimony, *see* Fed. R. Civ. P. 45(a)(2), but the place of compliance—where the witness is sitting when he answers questions under oath—must be within 100 miles of where he works or lives, Fed. R. Civ. P. 45(c)(1)(A), and litigation to enforce the subpoena must occur in the District for the place of compliance, Fed. R. Civ. P. 45(g). Numerous courts have held that the place of compliance for a telephonic or remote video deposition is the location from which the witness testifies. *E.g.*, *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc.*, No. 21CV1197-W-MDD, 2022 WL 2820667, at *7 (S.D. Cal. July 18, 2022) (noting the "place of compliance is

tethered to the location of the subpoenaed person" (internal quotation marks omitted)); *Vega v. Soto*, No. 1:22-CV-000471-JLT-EPG (PC), 2024 WL 3317428, at *2 (E.D. Cal. June 14, 2024) ("As another Court has indicated, the presumed place for compliance with a Zoom deposition would be where the deponent resides." (citing *Russell v. Maman*, No. 18-CV-06691-RS (AGT), 2021 WL 3212646, at *2 (N.D. Cal. July 29, 2021)).

Prior to filing this notice, Plaintiff's counsel conferred with Defendant's counsel, who indicated Defendant objects to deposing Special Agent Smith by written questions. Under the Federal Rules of Civil Procedure, however, the noticing party does not need non-noticing parties' consent to choose to depose either by oral questions under Rule 30 or written questions under Rule 31. Fed. Rs. Civ. P. 30(a)(1) & 31(a)(1).

Regardless, Plaintiff believes Defendant's concerns may be based on a misapprehension of the Rule 31 process. Fed. R. Civ. P. 31(a)(B)(3). First, Plaintiff must serve his proposed deposition questions on Defendant. Plaintiff will do that before the hearing scheduled on March 17, 2025. Plaintiff's questions are the same questions earlier proposed as interrogatories plus basic foundational questions about name and employment; they are not a surprise to Defendant. Second, Defendant must serve his cross-questions on Plaintiff within 14 days. Fed. R. Civ. P. 31(a)(B)(5). The Court may change those deadlines as it sees fit. *Id.* Then, Plaintiff delivers all questions and the notice to the court reporter. Fed. R. Civ. P. 31(b). The court reporter reads the questions to the witness, transcribes his answers, and returns the certified transcript. *Id.*

Plaintiff has agreement from the Government to allow Special Agent Smith to answer his questions. Defendant may choose to work with lawyers at the Department of Justice to ensure there are no objections to his questions. Plaintiff's counsel does not need to be party to those discussions and will not inquire into them if they occur. If Defendant wishes, he may ask questions to which the Government

will object and instruct the witness not to answer. Defendant may then choose to litigate that privilege assertion in a manner identical to a challenge to a privilege assertion in an oral deposition. The fact that the deposition is by written questions instead of oral questions does not prejudice any right Defendant has to ask questions or challenge a refusal to answer questions. In fact, it may assist Defendant in that it provides a window of time to work cooperatively with the Government to frame questions in a way that avoids privilege assertions.

The only thing lost by doing a deposition by written questions is the ability to form and ask new questions in the moment, based on answers to previous questions. Plaintiff has tried to ameliorate that by asking yes or no questions. Defendant can ask questions that are conditional on a yes or no answer to earlier questions, as Plaintiff himself has done. Otherwise, it is a necessary sacrifice to be able to hold the deposition at all. The Government objects to placing counsel in a room with Special Agent Smith to conduct an oral deposition. To overcome that objection, Plaintiff would need to prevail in litigation in a collateral action on the other side of the country in the District of Columbia. If Plaintiff prevailed in the district court, the Government would take an immediate appeal, so he would have to prevail again in the U.S. Court of Appeals for the District of Columbia and possibly in the U.S. Supreme Court. Going down that road would likely delay this case for years with no guarantee that the deposition would ever occur.

Based on the foregoing, Plaintiff withdraws his motion to compel the deposition of FBI Special Agent David Smith (ECF No. 198).

Dated: March 13, 2025

RICHARD A. HARPOOTLIAN, PA

By: /s/ Richard A. Harpootlian

RICHARD A. HARPOOTLIAN (*pro hac vice*)
rah@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN, State Bar No. 209743
bsullivan@earlysullivan.com
ZACHARY C. HANSEN, State Bar No. 325128
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorney for Plaintiff Robert Hunter Biden*