UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Present: The Honorable **STEPHEN V. WILSON, U.S. DISTRICT JUDGE**

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO EXCLUDE PLAINTIFF FROM CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH [208]

### I. Introduction

Before the Court is Defendant Patrick Byrne's ex parte application for an order to exclude Plaintiff Robert Hunter Biden from conducting the deposition of special agent David Smith. ECF No. 208. For the following reasons, Defendant's motion is DENIED.

### II. Background

On June 27, 2023, Defendant, in an interview with the Capitol Times Magazine, claimed that Plaintiff, through an intermediary, approached the Iranian government with an offer to have his father, President Joe Biden, unfreeze $8 billion in Iranian funds held in South Korea in return for the Iranians paying the Biden's 10% of those funds. Plaintiff responded by suing Defendant for defamation. ECF No. 1.

Initials of Preparer      PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

During discovery, Plaintiff issued a special interrogatory asking Defendant to "identify each and every source upon which [Defendant] relied when making the" statements at issue. ECF No. 89-53, Ex. 51, Interrogatory No. 18. Defendant responded with three sources: (1) information contained in the affidavit of John Moynihan; (2) a "telephone recording" that is referenced in the affidavit; and (3) information provided to Defendant from David Smith, who is an FBI agent. *Id.* Beyond stating his name in response to Plaintiff's interrogatory, Defendant supplied no additional information about David Smith.

Later, on December 13 and 14, 2024, Plaintiff took Defendant's deposition, in which Defendant identified a plethora of previously undisclosed information. In short, Defendant explained that he learned of the alleged bribery scheme between Plaintiff and Iran through an Iranian official named Mehdi Firouzian (often referred to by Defendant by the moniker "Movie Star"). Defendant claimed that, while meeting with Firouzian in Istanbul in 2021, he secretly recorded Firouzian describing the alleged bribery scheme. He also secretly recorded Firouzian playing out loud three voicemail recordings which purportedly implicated Plaintiff.

According to Defendant, he then returned to the United States and played this secret recording (hereinafter, "the Recording") for two individuals: John Moynihan, Defendant's purported contact to an interagency intelligence group within the U.S. government he calls the "League of Shadows;" and David Smith, who is purportedly a member of that interagency group. Defendant allegedly gave his only copy of the Recording to David Smith, who allegedly analyzed the Recording using voice recognition technology and confirmed to Defendant that the voice on the voicemails included in the Recording belonged to someone close to Plaintiff.

After Defendant's deposition, Plaintiff moved to reopen discovery for the purposes of investigating the new information provided by Defendant. The Court granted this request, and explicitly gave Plaintiff permission to "[c]onduct the deposition of Mr. Smith, based on previously undisclosed information." ECF No. 170 at 3.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

On January 7, 2025, Plaintiff served a *Touhy* Request on the FBI and DOJ seeking the oral deposition of Agent David Smith. Declaration of Zachary Hansen in support of Plaintiff's Motion to Compel ("Hansen Decl") ¶ 7, ECF No. 198-1. On February 14, 2025, the DOJ denied Plaintiff's *Touhy* Request. *Id.* ¶ 12. At the Court's pretrial conference, in recognition that Agent Smith was a vital witness to this case, it was agreed that Plaintiff would file a motion to compel Agent Smith's deposition, which Plaintiff did on March 3, 2025. ECF No. 198; Hansen Decl. ¶ 15.

But on March 13, 2025, Plaintiff withdrew his motion to compel and informed the Court he had agreed with the Government to perform a written deposition of Agent Smith under Federal Rule of Civil Procedure 31. ECF No. 207. That written deposition would proceed as follows: first, Plaintiff serves his proposed deposition questions on Defendant. Second, within 14 days of receiving Plaintiff's questions, Defendant serves his cross-questions on Plaintiff as well as any objections to Plaintiff's questions. Then, Plaintiff delivers all questions to a court reporter, who reads the questions to Agent Smith, transcribes his answers, and returns a certified transcript. *Id.*; *see also* Fed. R. Civ. P. 31 (explaining the process for conducting written depositions).

Defendant now moves *ex parte* for an order excluding the written deposition of Agent Smith.

### III. Discussion

Defendant wants the Court to prevent the written deposition of Agent Smith. But there is no reason for the Court to do so. Plaintiff does not need the Court's permission to conduct Smith's deposition. *See Jaramillo v. Tappan*, No. 22-cv-00075, 2023 WL 2717393, at *2 (E.D. Cal. Mar. 30, 2023) ("A party need not obtain leave of court to depose a witness by written questions except in certain instances not present here.") Indeed, leave of the Court is only required if "the parties have not stipulated to the deposition" *and* one of the following three conditions is met: "the deposition would result in more than 10 depositions being taken under this rule or Rule 30;" or "the deponent has already been deposed in the case;" or "the party seeks to take a deposition before the time specified in Rule 26(d)." Fed. R. Civ. P.

|   |   | : |   |
|---|---|---|---|
|   | Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

31(a)(2). While the parties have not stipulated to this deposition, none of the other circumstances requiring leave of the Court apply here.

Defendant incorrectly argues that leave of the Court is required because "given the nature of the facts, and the scope of the discovery permitted by the Court, . . . this deposition will require multiple rounds of written depositions before being completed." Def. Ex Parte Application at 8, ECF No. 208. But that a deposition may lead to more depositions is not a reason to require leave of the Court. After all, there is a chance in every deposition that new information revealed by the deponent will cause one of the parties to pursue additional depositions. Leave is only required if "*the* deposition would result in more than 10 depositions being taken." Fed. R. Civ. P. 31(a)(2) (emphasis added). That is not the case here—deposing Agent Smith will not bring Plaintiff's total deposition count in this case above 10.

Alternatively, Defendant argues that leave of the Court is required because this deposition constitutes an attempt by Plaintiff "to conduct further discovery" beyond the case's discovery deadline. Def. Ex Parte App. At 7, ECF No. 208. But this is not "further discovery." The Court explicitly gave Plaintiff permission to take Agent Smith's deposition in its order reopening limited non-expert fact discovery on December 26, 2024.[1] ECF No. 170.

And while Defendant complains that it "has been entirely excluded from the [deposition] process," permission from the opposing party is not required to conduct a Rule 31 deposition of a nonparty. *See Parker v. Crown Equip. Corp.*, No. 2:20-cv-0357-KJM, 2022 WL 1541280, at *1 (E.D. Cal. May 13, 2022) ("Although cooperation between the parties is encouraged, defendant does not need plaintiff's agreement to notice and hold a deposition."); *see also Ewalan v. St. Germain*, No. 21-cv-5519, 2022 WL 2541856, at *2 (W.D. Wash. June 21, 2022) (explaining that the plaintiff's "consent was not required

---

[1] As explained in that order, Plaintiff was not at fault for failing to take Smith's deposition earlier. Prior to Defendant's deposition in December 2024 (which Plaintiff would have taken earlier if not for Defendant's delay), Defendant had disclosed no information about David Smith besides his name. It was only after Defendant's deposition that Plaintiff had full view of Agent Smith's involvement in this case. Plaintiff moved for permission to take Smith's deposition less than one week later.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

before his deposition could be taken"); Fed. R. Civ. P. 31 (allowing Rule 31 depositions without imposing any requirement to acquire the consent of the opposing party). Rule 31 also explicitly ***includes*** Defendant in the Rule 31 deposition. Just as Plaintiff will have the opportunity to submit written questions to Agent Smith, so will Defendant. *See* Fed. R. Civ. P. 31(a)(5) (explaining that "questions from other parties" including "cross-questions" and "recross-questions" are permitted in a Rule 31 deposition). Defendant will also have the opportunity to submit objections to Plaintiff's questions, similar to how he would in a Rule 30 deposition.

Finally, to the extent that Defendant seeks to block Smith's deposition through traditional means—i.e., a motion for a protective order or a motion to quash—Defendant does not have standing to bring these motions. Regarding a protective order, only the party/person "from whom discovery is sought may move for a protective order" under Rule 26(c). Fed. R. Civ. P. 26(c). The Rule 31 deposition at issue here seeks discovery from Agent Smith, not Defendant. So only Agent Smith may move for a protective order.[2] And with respect to a motion to quash, "[d]efendants do not have standing to quash a nonparty subpoena except on grounds of privilege or privacy." *Am. Rena Int'l Corp. v. Sis-Joynce Int'l Co.*, No. 12-cv-06972-FMO, 2013 12638502, at *2 (C.D. Cal. Oct. 3, 2013). Neither of those grounds exist here.

IV.   **Conclusion**

In sum, Defendant fails to provide adequate grounds to prevent Plaintiff from taking a written deposition of Agent Smith. Accordingly, for the foregoing reasons, Defendant's ex parte application is DENIED.

The parties are ORDERED to exchange written questions according to the schedule laid out in Rule 31. The parties may submit objections to a question's form within the time for serving responsive questions (or, if the objectionable question is a recross-question, within 7 days after being served with it).

---

[2] And even if Agent Smith did move for a protective order, he would have to make such a motion "in the court for the district where the deposition will be taken"—i.e., the United States District Court for the District of Columbia.

|  | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Fed. R. Civ. P. 32(d)(3)(C). Moreover, as clarification, at the March 17, 2025 hearing, the Court mistakenly stated that it would evaluate Defendant's objections to the form of Plaintiff's questions. It will not. Rather, Defendant may object to the form Plaintiff's questions per the procedure outlined in Rules 31 and 32. The Court will then evaluate those objections as required when evaluating the admissibility of deposition testimony at trial.

The Court sets a jury trial in this case for July 29, 2025 at 9:30 a.m. The Court will hold a pretrial conference on July 21, 2025 at 3:00 p.m.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |