UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings: ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO REOPEN PLAINTIFF'S DEPOSITION [206]

## I.  Introduction

Before the Court is Patrick M. Byrne's ex parte application for an order to reopen Plaintiff Robert Hunter Biden's deposition. ECF No. 206. For the following reasons, Defendant's application is DENIED.

## II.  Background

On June 27, 2023, Defendant, in an interview with the Capitol Times Magazine, claimed that Plaintiff, through an intermediary, approached the Iranian government with an offer to have his father, President Joe Biden, unfreeze $8 billion in Iranian funds held in South Korea in return for a 10% kickback. ECF No. 1.

On August 16, 2024, Defendant took Plaintiff's deposition. Declaration of Michael Murphy ("Murphy Declaration") ¶ 2, ECF No. 206-1. In that deposition, Defendant's counsel showed Plaintiff "Exhibit 653," which was a website created by a company called Marco Polo, which itself was started by an individual named Garrett Ziegler. *Id.* at 17. Counsel then asked Plaintiff if any of the "photographs and

Initials of Preparer  PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

documents" on the website were taken from his laptop. *Id.* at 18. Plaintiff responded that he couldn't answer that question, as he didn't have "access to the metadata of any of the things that are published" on the website in question, and therefore had no way of knowing whether the website's contents came from his laptop or not. *Id.*

In addition to his case against Defendant, Plaintiff also has a case against Garrett Ziegler, in which he alleged that Ziegler hacked into Plaintiff's iPhone data and "manipulated, altered copied and damaged" that data. *See* Complaint at 3-4, *Biden v. Ziegler, et al.*, No. 2:23-cv-07593-HDV (C.D. Cal. Sept. 13, 2023). In that case, on March 5, 2025, Plaintiff filed a declaration where he claimed that "Garrett Ziegler admitted to hacking [Plaintiff's] iCloud." Murphy Declaration at 54.

Defendant now makes an ex parte application to reopen Plaintiff's deposition, on the grounds that: (1) Plaintiff's declaration confirms that the documents and photographs on the Marco Polo website come from Plaintiff's laptop; and (2) that the contents of Plaintiff's laptop are relevant to his reputation and modus operandi. ECF No. 206.

### III. Discussion

A party must seek leave of the Court to conduct a deposition when, as is the case here, "the parties have not stipulated to the deposition" and "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii). Whether to grant leave "to re-open a deposition lies within the court's discretion." *Laub v. Horbaczewski*, 2019 WL 1744846, at *7 (C.D. Cal. Feb. 8, 2019).

"Although renewed depositions are generally disfavored, a court may re-open a deposition where there is a showing of 'good need'" (a.k.a., good cause). *Aranda v. Nissan Motor Acceptance Corp.*, No. 21-cv-03451, 2022 WL 18284912, at *1 (C.D. Cal. Oct. 14, 2022) (quotations omitted). As is the case with all discovery requests, there is no good cause for a renewed deposition if "(i) the discovery sought is unreasonably cumulative or duplicative;" "(ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action;" or "(iii) the proposed discovery is outside the scope

:

Initials of Preparer        PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

permitted by Rule 26(b)(1),"—i.e., the information sought by the renewed deposition is not "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1)-(2).

### A. The information Defendant seeks from reopening Plaintiff's deposition is not relevant.

There is no good cause to reopen Plaintiff's deposition in this case, as the information Defendant seeks is not relevant to his defense. Defendant wants to reopen Plaintiff's deposition to "inquire further into the documents and photographs published by Marco Polo from Plaintiff's laptop," as that information is purportedly "relevant to [Plaintiff's] reputational damages and modus operandi." Def. Ex Parte Application at 8, ECF No. 206.

To be sure, Plaintiff's reputation is relevant to this case. First, his reputation is relevant to reputational damages. After all, to determine how much Defendant's statements hurt Plaintiff's reputation, the Court needs to assess the state of Plaintiff's reputation at the time Defendant made the statements.

Second, Plaintiff's reputation is relevant to actual malice. To illustrate, if Plaintiff had a strong reputation for engaging in corruption with foreign entities, it would be more likely that Defendant genuinely believed that Plaintiff engaged in the alleged bribery scheme with Iran, as the scheme would seem consistent with Plaintiff's past behavior. If Defendant made the allegedly defamatory statements while genuinely believing they were true, then he did not act with actual malice.

But while Plaintiff's reputation is relevant, the contents of his laptop are not. At best, the contents of Plaintiff's laptop could show that he actually engaged in corrupt dealings with foreign entities or in other reputation-damaging activities. But whether Plaintiff truly engaged in corrupt dealings or other demeaning activities is irrelevant; what matters is Plaintiff's *reputation* for taking such actions. His reputation depends on what the public *believes* about him, not on what Plaintiff in reality has or has not done. To establish Plaintiff's reputation, Defendant should rely on evidence such as news articles or media

| | : |
|---|---|
| Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | March 18, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

clips, not new and never-before-heard admissions by Plaintiff about the contents of his laptop. The latter simply provides no information regarding the public's perception of Plaintiff.

### B. Reopening Plaintiff's deposition would be cumulative.

Even if the information Defendant seeks was relevant, a second deposition would be unnecessarily cumulative of Plaintiff's first deposition. In his first deposition, Defendant asked Plaintiff if any of the documents and photographs on Marco Polo's website came from his computer. Plaintiff answered, "I don't know." Later, in his litigation against Garrett Ziegler, Plaintiff declared that "Garrett Ziegler admitted to hacking my iCloud." Murphy Decl. at 54. Defendant contends that this declaration warrants reopening Plaintiff's deposition, as it "confirmed that the data in possession of and published by Marco Polo is in fact Plaintiff's data." Def. Ex Parte Application at 8, ECF No. 206.

Not so. That Garrett Ziegler hacked into Plaintiff's iCloud has nothing to do with whether Plaintiff knows if the documents and photographs on Marco Polo's website came from his laptop. Whether these documents and photographs came from Plaintiff's laptop, rather than some other location, is a chain of custody question that Plaintiff cannot answer by simply looking at a print-out of Marco Polo's website. So just as Plaintiff answered "I don't know" in his first deposition, he would answer the same in his second.

In sum, if Defendant were to reopen Plaintiff's deposition, there is no reason to think that Defendant would obtain any information not available during Plaintiff's first deposition. A second deposition would therefore be unnecessarily cumulative of Defendant's past discovery.

### IV. Conclusion

For the foregoing reasons, Defendant's ex parte application is DENIED.

**IT IS SO ORDERED.**

:

Initials of Preparer      PMC