Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: (818) 558-3718
Fax: (805) 367-4506

Attorneys for Defendant,
Patrick M. Byrne

# UNITED STATED DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

ROBERT HUNTER BIDEN,

   Plaintiff,

vs.

PATRICK M. BYRNE,

   Defendant.

Case No.:   2:23-cv-09430-SVW-PD
Judge:   Honorable Stephen V. Wilson
Courtroom:  10A

**EX PARTE APPLICATION FOR AN ORDER TO COMPEL EXCLUDE PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES**

*Filed Concurrently with Declaration of Michael C. Murphy and [Proposed Order]*

Complaint Filed: November 8, 2023

Date: March 27, 2025
Time: 4:00 p.m.
Ctrm.: 10a

Judge: Hon. Stephen V. Wilson

1

**EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Patrick M. Byrne ("Defendant"), by and through his attorneys of record, hereby applies ex parte to this Court for an order to compel Plaintiff Robert Hunter Biden's ("Plaintiff") to comply with Federal Rules of Civil Procedure 31 for conducting the deposition of Special Agent David Smith. Good cause exists to request this order because Plaintiff, by and through his new counsel, have failed and refused to comply with the provisions of Federal Rules of Civil Procedure 31 for conducting the deposition of Special Agent David Smith. Plaintiff and his counsel have engaged in gamesmanship related to the taking of the deposition of Special Agent David Smith and will not comply with the code but insist that the deposition should proceed forward in a manner that they deem appropriate and in violation of Defendant's rights under Federal Rules of Civil Procedure 31 that specifically mandate the procedures for the taking of this deposition and to the severe prejudice Defendant.

Pursuant to Central District Local Rule 7-19.1, on March 13, 2025, Defendant's counsel notified Plaintiff's counsel, Richard Harpootlian, of his intent to seek this Ex Parte Relief today. Plaintiff's counsel's contact information is as follows:

Richard Harpootlian, 1410 Laurel Street, Columbia, South Carolina 29201, (803) 252-4848, rah@harpootlianlaw.com.

His response to Defendant's counsel after being given advance notice of this Ex Parte Application is that he choses to disagree with Defendant's counsel and would do nothing to address the issues raised in this Ex Parte Application.

Defendant further requests that the court rule on this Ex Parte Application as soon as possible in that Plaintiff and his counsel intend to proceed with the Deposition of Special Agent David Smith without complying the procedural rules set forth in Federal Rules of Civil Procedure 31 and after being notified of Defendant's objections to their failure to comply with this code section.

2

**EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

This application is based on the accompanying Memorandum of Points and Authorities, the declaration of Micheal C. Murphy, Esq., concurrently filed herein, the pleadings, all exhibits, and all other documents on file with the Court, oral arguments made, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: March 27, 2025           LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick M. Bryne

EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION.

Defendant Patrick M. Byrne ("Defendant") hereby submits to the court his Memorandum of Points and Authorities in support of his Ex Parte Application for a court order hereby applies ex parte to this Court for an order to compel Plaintiff Robert Hunter Biden's ("Plaintiff") to comply with all of the provisions of <u>Federal Rule of Civil Procedure</u> that are applicable to the taking of Special Agent David Smith's deposition pursuant to said rule. Good cause exists for this request because Plaintiff, by and through his new counsel, have engaged in gamesmanship related to the taking of the deposition by failing and refusing to comply with the code and with their intent to proceed with the deposition in conscious disregard of the Defendant's right to be involved in the deposition as set forth in the code.

## BACKGROUND FACTS.

1. *Discovery*

On December 26, 2024, the Court ordered Plaintiff could conduct the deposition of Agent Smith, but limited it to ***previously undisclosed information*** at issue in Plaintiff's December 19, 2024, ex parte application.

2. *Subpoena and* Touhy *Request*

On January 7, 2025, Plaintiff served a subpoena and *Touhy* request on the DOJ and FBI. Plaintiff then entered into negotiations with the DOJ to conduct the deposition of Agent Smith by means of "written interrogatories," but failed to inform the Court and counsel that the interrogatories had been sent on February 21, 2025.

On February 24, 2025, the Court ordered Plaintiff to file the Motion to Compel by March 3, 2025, and *the Court* set the hearing for March 17, 2025. The government's response deadline was March 13, 2025. The Court vacated the trial date to allow Plaintiff sufficient time to file the motion and take the deposition of Agent Smith.

On March 3, 2025, the government filed a Motion to Quash the subpoena in the District Court of the District of Columbia, *In re Subpoena in Civil Action No. 2:23-cv-9430*, Case No. 1:25-mc-00027-CRC (D.D.C. Mar. 3, 2025). The government never served a copy of its motion on Defendant's counsel.

On March 7, 2025, Plaintiff's counsel, Phillip D. Barber, from Richard A. Harpootlian, P.A., sent an email to the DOJ, offering to resolve the subpoena issue by conducting the deposition of Special Agent David Smith via written deposition questions.

On March 13, 2025, at 7:43 a.m., Sean Bean, Esq., from the DOJ, sent an email to Mr. Barber, confirming that pursuant to telephone call with Plaintiff's counsel, the DOJ would agree to make Agent Smith available for a written deposition so long as Plaintiff's counsel agreed to use the interrogatory questions previously sent by Zachary Hansen, Esq.

On March 13, 2025, at 3:42 p.m., Mr. Barber told Mr. Harpootlian to forward the email thread to Defense counsel. Mr. Harpootlian did so, which was received by Defense counsel's office on March 13, 2025, at 12:52 p.m.

On March 13, 2025, Plaintiff filed a Notice of Withdrawal of his Motion to Compel Response to *Touhy* Request because of the secret deal he had made with the government's counsel and once again with no involvement with Defendant's counsel.

On March 18, 2025 this court issued its ruling that Plaintiff could take the deposition of Special Agent David Smith pursuant to Rule 31 which is a deposition based on written questions.

Plaintiff's counsel served on Defendant's counsel a Notice of the Taking of the Deposition of Special Agent David Smith with Rule 31 questions. The deposition notice which is attached to the Declaration of Michael C. Murphy, Esq. as Exhibit "A" contains the following defects:

1. It does not comply with Rule 31(a)(3) in that it does not set forth the address of the deponent Special Agent David Smith.

2. It does not comply with Rule 31(a)(3) in that it does not set forth the name and address of the court reporter that will be taking the deposition of deponent Special Agent David Smith.

On March 26, 2025, Defendant's counsel brought these defects in the Deposition notice and requested that Plaintiff's counsel correct the notice and send out a corrected one that complies with the court. This e-mail request is attached as Exhibit "B" to the Declaration of Michael C. Murphy, Esq.

On March 26, 2025, Plaintiff's counsel sent an e-mail to Defendant's counsel and refused to correct the defective deposition notice so that it complies with Rule 31(a)(3). He also gave defendant's counsel notice that Plaintiff did not intend to comply with the provisions of FRCP 31(b) and (c) and that Plaintiff intends to go through counsel at the DOJ who is representing the deponent will arrange the court reporter to take the deposition and when it is done the DOJ counsel through the court reporter will send Plaintiff's counsel the deposition it receives from the court reporter. This e-mail request is attached as Exhibit "B" to the Declaration of Michael C. Murphy, Esq.

Defendant's Counsel then notified Plaintiff's counsel their procedure for the taking of the deposition of Special Agent Smith pursuant to FRCP 31 including the notice did not comply with the code and requested that they comply with the code before taking the deposition and through its conclusion. Plaintiff's counsel refused to cooperate.

3. *Ex Parte Notice*

Pursuant to Central District Local Rule 7-19.1, on March 13, 2025, Defendant's counsel notified Plaintiff's counsel, Richard Harpootlian, of his intent to seek this Ex Parte Relief. Plaintiff's counsel's contact information is as follows:

Richard Harpootlian, 1410 Laurel Street, Columbia, South Carolina 29201, (803) 252-4848, rah@harpootlianlaw.com.

4. *Time of Hearing*

Defendant further requests that the application be heard as soon as possible so that the Rule 31 deposition of special agent David Smith can proceed but only with full compliance with the code. at the same time as Defendant's Ex Parte to Reopen Plaintiff's Deposition,

I. **LEGAL ARGUMENT**.

A. **Plaintiff Failed and Refuses to Comply with Rule 31 in the taking of Special Agent David Smith's Deposition.**

Federal Rules of Civil Procedure, Rule 31(a)(3) *requires* that the deposition notice contain the address of the deponent and the name and address of the court reporter.

Federal Rules of Civil Procedure, Rule 31(b) requires that the party who noticed the deposition must deliver to the deposition officer a copy of all questions served and the notice. The officer must then promptly proceed in the manner provided in 30(c),(e) and (f) to take the deposition.

Federal Rules of Civil Procedure, Rule 31(c) requires the party who noticed the deposition to notify all parties of when the deposition is completed.

It is readily apparent from a review of Exhibits "A" and "B" to the Declaration of Michael C. Murphy, Esq. that the Rule 31 deposition notice of special Agent David Smith is defective. Moreover, Plaintiff's counsel insists on using procedures to take the deposition that are contrary to the procedures that must be followed for this deposition under the code.

Moreover, the United States is also subject to the Federal Rules of Civil Procedure in all civil cases. See *Mattingly v United States* 939 F.2d 816, 818 (9th Cir. 1991); *M.A. Mortenson Co. v United States* 996 F.2d 1177, 1181 (Fed. Cir.

**EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

1993); See also *United States v Sumitomo Marine v Fire Ins. Co., Ltd.* 617 F.2d 1365, 1370-1371 (9th Cir. 1980).

A deposition notice that does not comply with Federal Rule of Civil Procedure 31 is invalid. (*Riser v. Wash State Univ.* 2019 U.S. Dist. Lexis 182651; 2019 WL 5258049O

The DOJ and Plaintiff's counsel have no legal right to waive the provisions of Federal Rules of Civil Procedure Rule 31. Defendant has never waived those provisions of the code.

Under Federal Rules of Civil Procedure 26(b)(1), the court may issue any orders to protect a party from oppression relating to a discovery issue. The court is requested to assist with this matter by suspending the deposition of special agent David Smith as noticed by Plaintiff, order Plaintiff to send out a new deposition notice that complies with FRCP 31(a)(3) and that Plaintiff is to fully comply with all of the procedures for the taking of the deposition that are set forth in FRCP 31(b) and (c). Plaintiff is not to use the DOJ as its proxy and avoid compliance with these rules.

B. **Ex Parte Relief is Appropriate Here.**

Ex parte relief is warranted under the circumstances here. Ex parte applications are limited to requests warranting extraordinary relief. (See this Court's New Case Order, Docket 14, ¶5.) They are typically limited to genuine emergencies. (See *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191, 193-194 (C.D. Cal. 1989.)

Here, ex parte relief is appropriate. As demonstrated above, Plaintiff's counsel has violated the clear provisions of FRCP 31(a)(3) in noticing the deposition of Agent Smith. Plaintiff is also failing and refusing to fully comply with FRCP (b) and (c) as to the conduct of the deposition of Agent Smith utilizing a procedure with DOJ counsel as its proxy and over the objection of Defendant.

Should the Court view this ex parte application merely as an improperly noticed motion to compel Plaintiff and his counsel full compliance with the deposition rules set forth in FRCP 31, the Court may still allow the motion to proceed on the merits, and the Court's decision will be viewed as an order shortening time. (*Professional Programs Group, supra*, 29 F.3d at p. 1353.)

## II. DEFENDANT GAVE NOTICE TO PLAINTIFF'S COUNSEL OF THIS APPLICATION

Pursuant to Central District Local Rule 7-19.1, on March 26, 2025, Defendant's counsel notified Plaintiff's counsel, Richard Harpootlian, of his intent to seek this Ex Parte Relief. Plaintiff's counsel's contact information is as follows:

Richard Harpootlian, 1410 Laurel Street, Columbia, South Carolina 29201, (803) 252-4848, rah@harpootlianlaw.com. (See Declaration of Michael C. Murphy in support of this application, ¶10.)

## III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the court grant Defendant's request, suspend the deposition of special agent Smith as improperly noticed, order Plaintiff's counsel to re-notice the deposition which notice must comply with FRCP(a)(3) and order Plaintiff's counsel to fully comply with the provisions of FRCP(b) and (c) without using the DOJ counsel as its proxy in complying with these code sections.

Dated: March 27, 2025        LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.
_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

**EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**