Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DECLARATION OF MICHAEL C. MURPHY, ESQ. IN SUPPORT OF DEFENDANT PATRICK BYRNE'S EX PARTE APPLICATION FOR AN ORDER TO COMPEL PLAINTIFF TO COMPLY WITH FRCP RULE 31 IN CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMTIH**<br><br>Date: March 17, 2025<br>Time: 1:30 p.m.<br>Ctrm.:10A<br><br>Judge: Hon. Stephen V. Wilson |

1

DECLARATION OF MICHAEL C. MURPHY, ESQ.
Case No.: 2:23-cv-09430-SVW-PD

## DECLARATION OF MICHAEL C. MURPHY, ESQ.

I, Michael C. Murphy, Esq., declares as follows:

1.  I am an attorney at law duly licensed to practice law in the State of California and in the United States District Court of the Central District of California. I am personally familiar with the facts set forth in this Declaration and if called upon I could and would competently testify to the foregoing.

2.  On March 14, 2025, I received the Notice of Deposition of Special Agent David Smith pursuant to the provisions of FRCP 31. (A true and correct copy of said deposition notice is attached hereto, designated Exhibit "A" and incorporated by reference herein.)

3.  On March 26, 2025, I sent three e-mails to Plaintiff's counsel and notified them that their deposition notice of Special Agent Smith did not comply with FRCP 31(a)(3) and in response to their e-mail back to me I also notified them that their proposed procedures to take the Deposition of Special Agent Smith did not comply with FRCP 31(b) and (c). I requested that they comply with the code in the notice and procedures for the taking of the deposition but they contacted me and notified me that they would not comply and I should proceed with this ex parte application. (A true and correct copy of said e-mails are attached hereto, designated as Exhibit B and incorporated by reference herein.)

4.  At no time has Defendant ever agreed to waive any of the provisions of FRCP Rule 31 for the taking of the deposition of Special Agent Smith. Defendant is prejudiced if Plaintiff proceeds with the defective deposition notice and deposition procedures using the DOJ counsel as its proxy because it cuts out protections afforded to Defendant that are set forth in FRCP 31.

5.  Therefore, I request that the court suspend the defectively noticed deposition of Special Agent David Smith because it does not comply with FRCP (a)(3) and that once the deposition is properly noticed that it is the Plaintiff and not some counsel from the DOJ that must comply with the provisions of FRCP 31(b)

2

DECLARATION OF MICHAEL C. MURPHY, ESQ.
Case No.: 2:23-cv-09430-SVW-PD

and (c) for the proper taking of the deposition. The court's assistance with this matter is greatly appreciated.

    I declare under penalty of perjury and under the laws of the United States of America that the forgoing is true and correct and that this Declaration was executed this 27th day of March 2025 at Westlake Village, California.

                                          By: /s/ Michael C. Murphy, Esq.
                                                  Michael C. Murphy, Esq.

# Exhibit "A"

Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
  rah@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH**<br><br>Date:   TBD<br>Time:   TBD<br>Place:  U.S. Department of Justice<br>        1100 L Street, N.W.<br>        Washington, DC 20005<br><br>Complaint Filed: November 8, 2023 |

1

TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 30, Plaintiff Robert Hunter Biden, by and through his attorneys of record, will take the deposition of FBI Special Agent David Smith, in person to answer the following questions, under oath and in writing on a date to be determined at the U.S. Department of Justice, 1100 L Street, N.W., Washington, DC 20005.

PLEASE TAKE FURTHER NOTICE THAT the deposition by written questions will be taken in the presence of an officer authorized to administer oaths and will be recorded stenographically.

A list of all parties or attorneys upon whom this Notice of Deposition is being served is shown on the accompanying Proof of Service.

## PLAINTIFF'S PROPOSED RULE 31 DEPOSITION QUESTIONS

Question 1. Please state your name.

Question 2. Do you reside in California?

Question 3. How are you employed?

Question 4. Is your employment located in California?

Question 5. How long have you been employed with that entity?

Question 6. Mr. Byrne testified in this action that in late 2021 or early 2022 you met with him and John Moynihan at a parking lot at Reagan National Airport where Mr. Byrne played you an audio recording in which there was a conversation between someone and Mr. Byrne in which it was stated that Mr. Robert Hunter Biden, through an intermediary, had approached the Iranian government with an offer to have his father, President Joe Biden, unfreeze $8

billion in Iranian funds in South Korea in return for the Iranians paying the Biden's 10% of those funds which would go into a numbered account for his family. Is that accurate?

Question 7. Mr. Byrne testified in this action that he gave you in the car a copy of the recording that Mr. Byrne claims to have played for you as described in Question No. 6. Is that accurate?

    a. If yes, did Mr. Byrne give you the recording on a device that he surrendered to you?

        i. If no, did Mr. Byrne give you the recording via AirDrop or through another medium such as the messaging application "Signal"?

Question 8. Mr. Byrne testified in this action that you told him to delete the recording and not keep a copy of it. Is that accurate?

Question 9. Mr. Byrne testified in this action that you confirmed, through various actions by various government agencies, the identity of the voice on the voicemails played on the recording and communicated that to Mr. Byrne either directly or through Mr. Moynihan. Is that accurate?

Question 10. Mr. Byrne testified in this action that you confirmed the voice on the voicemails played on the recording was identified as the son of a high-ranking official with the Pakistani Minister of Defense and communicated that to Mr. Byrne either directly or through Mr. Moynihan. Is that accurate?

3
PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH

Question 11. Mr. Byrne testified in this action that you confirmed the voice on the voicemails played on the recording was identified as someone who had close ties to Mr. Hunter Biden and communicated that to Mr. Byrne either directly or through Mr. Moynihan. Is that accurate?

Question 12. Mr. Byrne testified in this action that you confirmed the voice on the voicemails played on the recording was identified as someone who acted as a proxy for Hunter Biden and communicated that to Mr. Byrne either directly or through Mr. Moynihan. Is that accurate?

Question 13. Mr. Byrne testified in this action that you described to Mr. Byrne a letter that FBI Director Christopher Wray sent out to every FBI agent in the bureau saying not to have any contact with Mr. Byrne. Is that accurate?

Dated:    March 14, 2025            RICHARD A. HARPOOTLIAN, PA

By:    /s/ Richard A. Harpootlian
RICHARD A. HARPOOTLIAN (*pro hac vice*)
rah@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN, State Bar No. 209743
bsullivan@earlysullivan.com
ZACHARY C. HANSEN, State Bar No. 325128
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT

GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorney for Plaintiff*
*Robert Hunter Biden*

## CERTIFICATE OF SERVICE

I, Holli Miller, hereby certify that on March 14, 2025, a copy of **Plaintiff Robert Hunter Biden's Notice of Deposition of FBI Special Agent David Smith** was served via email on the following:

*Attorneys for Defendant*
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Law Offices of Michael C. Murphy
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
michael@murphylaw.net
michael.jr@murphylaw.net

/s/ *Holli Miller*
HOLLI MILLER
Paralegal of Richard A. Harpootlian, P.A.

# Exhibit "B"

# Michael Murphy

| | |
|---|---|
| **From:** | Michael Murphy |
| **Sent:** | Wednesday, March 26, 2025 4:43 PM |
| **To:** | 'Phillip Barber'; 'Dick Harpootlian' |
| **Cc:** | 'Zachary Hansen'; 'Bryan Sullivan'; 'Holli Miller'; Carmen |
| **Subject:** | RE: Notice of Deposition of FBI Special Agent Smith; Objection to Defective Notice |

Counsel:

If I do not receive a positive response to my e-mail below by 10:00 a.m. tomorrow morning and with your agreement to issue a code compliance notice of deposition with all required information and to comply with all procedures set forth in the code, we will immediately proceed with the preparation and filing of an Ex Parte Application for a Protective Order pursuant to FRCP 26(c) to preclude you from proceeding with a FRCP Rule 31 deposition of Special Agent David Smith arising from the defective deposition notice you served on us and to compel you to comply with all of the provisions of FRCP 31 prior to proceeding with the deposition. This e-mail is also to give you notice that you will have until 3:00 p.m. on Friday May 28, 2025, to file any written opposition to our Ex Parte Application.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Michael Murphy
**Sent:** Wednesday, March 26, 2025 2:34 PM
**To:** Phillip Barber <pdb@harpootlianlaw.com>; Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>; Carmen <Carmen@murphlaw.net>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith; Objection to Defective Notice

Counsel:

You are wrong. FRCP Rule 31(a)(3) requires that the deposition *notice* you serve on us must contain in it the address of the deponent and the contact information (name and address) of the court reporter who will be doing the deposition. Since you served on us a defective notice of deposition because it did not contain that legally required information under the code, it is legally ineffective, null and void. You must start at the beginning and serve us a proper code compliant notice under Rule 31(a)(3) that will then cause the deadline dates to run that are set forth in the code from the date of the service of the corrected deposition notice.

Your timeline for direct, cross-examination and recross questions in your e-mail is also not code compliant. Our objections to your questions and our cross-examination questions under FRCP 31(5) are due 14 days from the date a properly noticed deposition notice is served on us. Redirect questions are then due seven days later. And recross-questions are due seven days later after the redirect questions are served. It is obvious that all questions exchanged cannot possibly be completed by March 31, 2025, (Monday) assuming you had served us with a proper notice of deposition.

You also failed to provide us with a proper proof of service that contains information of all persons on whom you have served and/or plan to serve the deposition notice. We need that required proof of service.

1

Let me know if you do not want to correct your deposition notice to comply with the code and insist on proceeding with the deposition as improperly noticed by you. I will then promptly proceed with the preparation and filing of an ex parte application for a protective order and request that the court order you to provide us with a proper notice of deposition under FRCP 31(a)(3) that will compel you to comply with the code and to extend all dates for service of all questions under the code. Under FRCP 32(a)(5)(A), any deposition that is taken while our ex parte application for a protective order is pending cannot be used against our client at trial. FRCP 32(a)(5)(A).

Very truly yours,

Michael C. Murphy, Esq.

**From:** Phillip Barber <pdb@harpootlianlaw.com>
**Sent:** Wednesday, March 26, 2025 1:42 PM
**To:** Michael Murphy <michael@murphlaw.net>; Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith

Under Rule 31 the process is as follows:

1. Plaintiff serves his questions on all other parties. In this case, Defendant is the only other party. We served our questions on you March 14.
2. Defendant must serve any cross questions on Plaintiff within 14 days of being served the questions, i.e., by March 28.
3. If we have any redirect questions in response to your questions, we must serve them on you within 7 days of receiving your cross questions, and if we have redirect questions you have 7 days to serve recross questions on us. I do not believe we will have any redirect questions, so these deadlines will not apply for this deposition.
4. Once all Plaintiff and Defendant's questions have been served on each other, the noticing party (Plaintiff) will serve the deposition notice together with all parties' questions on the court reporter who will ask the questions at the deposition. In this case, we will do that through the DOJ attorney arranging the deposition, who will also accept service of the deposition subpoena on behalf of the witness. We will copy you on that communication. Assuming there are no redirect questions, this will occur on Monday, March 31.
5. Once the deposition is complete, the court reporter (through DOJ) will return a certified copy of the deposition to Plaintiff, and we will immediately notify Defendant that the deposition has been completed.

In short, you must give us your questions for the agent by Friday. We will then serve the notice with all questions, yours and ours, on Monday, copying you on that communication.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Wednesday, March 26, 2025 4:22 PM
**To:** Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith

Hi Dick:

Can you please forward to me a full and complete copy of the proof of service that is applicable to the Notice of Deposition of Special Agent David Smith? We did not receive one and need the information so we can ensure that our deposition related documents are served on all parties and not just counsel for plaintiff. I appreciate your follow up in getting us the requested proof of service as soon as possible.

2

Very truly yours,

Michael C. Murphy, Esq.

**From:** Dick Harpootlian <rah@harpootlianlaw.com>
**Sent:** Friday, March 14, 2025 1:59 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** Notice of Deposition of FBI Special Agent Smith

Attached please find notice of deposition of FBI Special Agent David Smith.

Dick Harpootlian

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

**Michael Murphy**

| | |
|---|---|
| **From:** | Michael Murphy |
| **Sent:** | Wednesday, March 26, 2025 2:34 PM |
| **To:** | Phillip Barber; Dick Harpootlian |
| **Cc:** | Zachary Hansen; Bryan Sullivan; Holli Miller; Carmen |
| **Subject:** | RE: Notice of Deposition of FBI Special Agent Smith; Objection to Defective Notice |

Counsel:

You are wrong. FRCP Rule 31(a)(3) requires that the deposition *notice* you serve on us must contain in it the address of the deponent and the contact information (name and address) of the court reporter who will be doing the deposition. Since you served on us a defective notice of deposition because it did not contain that legally required information under the code, it is legally ineffective, null and void. You must start at the beginning and serve us a proper code compliant notice under Rule 31(a)(3) that will then cause the deadline dates to run that are set forth in the code from the date of the service of the corrected deposition notice.

Your timeline for direct, cross-examination and recross questions in your e-mail is also not code compliant. Our objections to your questions and our cross-examination questions under FRCP 31(5) are due 14 days from the date a properly noticed deposition notice is served on us. Redirect questions are then due seven days later. And recross-questions are due seven days later after the redirect questions are served. It is obvious that all questions exchanged cannot possibly be completed by March 31, 2025, (Monday) assuming you had served us with a proper notice of deposition.

You also failed to provide us with a proper proof of service that contains information of all persons on whom you have served and/or plan to serve the deposition notice. We need that required proof of service.

Let me know if you do not want to correct your deposition notice to comply with the code and insist on proceeding with the deposition as improperly noticed by you. I will then promptly proceed with the preparation and filing of an ex parte application for a protective order and request that the court order you to provide us with a proper notice of deposition under FRCP 31(a)(3) that will compel you to comply with the code and to extend all dates for service of all questions under the code. Under FRCP 32(a)(5)(A), any deposition that is taken while our ex parte application for a protective order is pending cannot be used against our client at trial. FRCP 32(a)(5)(A).

Very truly yours,

Michael C. Murphy, Esq.

**From:** Phillip Barber <pdb@harpootlianlaw.com>
**Sent:** Wednesday, March 26, 2025 1:42 PM
**To:** Michael Murphy <michael@murphlaw.net>; Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith

Under Rule 31 the process is as follows:

1. Plaintiff serves his questions on all other parties. In this case, Defendant is the only other party. We served our questions on you March 14.

1

2. Defendant must serve any cross questions on Plaintiff within 14 days of being served the questions, i.e., by March 28.
3. If we have any redirect questions in response to your questions, we must serve them on you within 7 days of receiving your cross questions, and if we have redirect questions you have 7 days to serve recross questions on us. I do not believe we will have any redirect questions, so these deadlines will not apply for this deposition.
4. Once all Plaintiff and Defendant's questions have been served on each other, the noticing party (Plaintiff) will serve the deposition notice together with all parties' questions on the court reporter who will ask the questions at the deposition. In this case, we will do that through the DOJ attorney arranging the deposition, who will also accept service of the deposition subpoena on behalf of the witness. We will copy you on that communication. Assuming there are no redirect questions, this will occur on Monday, March 31.
5. Once the deposition is complete, the court reporter (through DOJ) will return a certified copy of the deposition to Plaintiff, and we will immediately notify Defendant that the deposition has been completed.

In short, you must give us your questions for the agent by Friday. We will then serve the notice with all questions, yours and ours, on Monday, copying you on that communication.

**From:** Michael Murphy <michael@murphlaw.net>
**Sent:** Wednesday, March 26, 2025 4:22 PM
**To:** Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith

Hi Dick:

Can you please forward to me a full and complete copy of the proof of service that is applicable to the Notice of Deposition of Special Agent David Smith? We did not receive one and need the information so we can ensure that our deposition related documents are served on all parties and not just counsel for plaintiff. I appreciate your follow up in getting us the requested proof of service as soon as possible.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Dick Harpootlian <rah@harpootlianlaw.com>
**Sent:** Friday, March 14, 2025 1:59 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** Notice of Deposition of FBI Special Agent Smith

Attached please find notice of deposition of FBI Special Agent David Smith.

Dick Harpootlian

2

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.

3

# Michael Murphy

**From:** Michael Murphy
**Sent:** Wednesday, March 26, 2025 1:48 PM
**To:** 'Dick Harpootlian'
**Cc:** 'Phillip Barber'; 'Zachary Hansen'; 'Bryan Sullivan'; 'Holli Miller'; Carmen
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith; Objections to Deposition Notice

Hi Dick:

Your deposition notice of special agent David Smith is defective. The notice you served on us does not comply with the provisions of Federal Rules of Civ. Proc. 31(a)(3) as follows:

1. The deponent's name and address must be stated in the deposition notice. Your deposition notice does not contain this required information.
2. The deposition notice must also provide the name or descriptive title and the address of the deposition officer before whom the deposition will be taken.

This is to notify you that based on the foregoing, we object to the Notice of Deposition of Special Agent David Smith that is being taken pursuant to Rule 31 that was served on us on Marach 14, 2025. We hereby request that you serve on us a Deposition Notice of Special Agent David Smith that complies with the provisions of Rule 31(a)(3) and that the time for us to then respond with Objections and Cross-examination questions be extended to 14 days from the date you serve the corrected deposition notice on us.

Failing that, we will object to the use of any information that you obtain from your defectively noticed deposition of special agent David Smith for any purpose in this case including during trial. It is anticipated that we can resolve these issues informally and promptly.

Very truly yours,

Michael C. Murphy, Esq.

**From:** Michael Murphy
**Sent:** Wednesday, March 26, 2025 1:22 PM
**To:** Dick Harpootlian <rah@harpootlianlaw.com>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** RE: Notice of Deposition of FBI Special Agent Smith

Hi Dick:

Can you please forward to me a full and complete copy of the proof of service that is applicable to the Notice of Deposition of Special Agent David Smith? We did not receive one and need the information so we can ensure that our deposition related documents are served on all parties and not just counsel for plaintiff. I appreciate your follow up in getting us the requested proof of service as soon as possible.

Very truly yours,

**From:** Dick Harpootlian <rah@harpootlianlaw.com>
**Sent:** Friday, March 14, 2025 1:59 PM
**To:** Michael Murphy <michael@murphlaw.net>
**Cc:** Phillip Barber <pdb@harpootlianlaw.com>; Zachary Hansen <zhansen@earlysullivan.com>; Bryan Sullivan <bsullivan@earlysullivan.com>; Holli Miller <holli@harpootlianlaw.com>
**Subject:** Notice of Deposition of FBI Special Agent Smith

Attached please find notice of deposition of FBI Special Agent David Smith.

Dick Harpootlian

This email has been scanned for spam and viruses by Proofpoint Essentials. Click here to report this email as spam.