Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
  rah@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO PREVENT THE DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH**<br><br>Judge: Hon. Stephen V. Wilson |

1

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO PREVENT THE DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH**

1    Defendant Patrick M. Byrne's ("Defendant") most recent *ex parte* application to prevent Plaintiff Robert Hunter Biden ("Plaintiff") from taking the deposition of FBI Special Agent David Smith is frivolous and nothing but another delay tactic. In light of Defendant's pattern of similar conduct in this regard, sanctions are warranted.

In the deposition of Defendant, which did not occur until after the close of discovery because Defendant had left the United States and made myriad of fantastical excuses as to why he could not return for his deposition, Defendant in his deposition testified that Agent Smith corroborated his libelous statements about Plaintiff. For that reason, the Court allowed Plaintiff to notice a deposition of Agent Smith after the close of discovery. ECF No. 170 at 3. Whether a deposition occurs orally or by written questions is entirely within the discretion of the noticing party. *See* Fed. Rs. Civ. P. 30 & 31. The Government would not agree to an oral deposition but would agree to a written deposition. Rather than engage in extensive litigation before this Court and other federal courts in Washington, D.C., including appellate courts, Plaintiff exercised his discretion under the Federal Rules of Civil Procedure to notice a written deposition.

On March 14, 2025, Plaintiff served his questions for Agent Smith along with a notice of deposition on Defendant, the only other party in this matter. Fed. R. Civ. P. 31(a)(3). Under Rule 31, Defendant has 14 days—until March 28, 2025, to serve his cross-questions for Agent Smith. Fed. R. Civ. P. 31(a)(5). After the period for serving redirect and re-cross questions, if there are any, Plaintiff (and only Plaintiff) as the noticing party must serve all parties' questions along with the notice of deposition and a subpoena on the witness and the court reporter. Fed. R. Civ. P. 31(b). The U.S. Department of Justice will accept service on behalf of both.

On that same day, Defendant made an *ex parte* application for an order preventing Plaintiff from conducting the deposition of Agent Smith, even though the Court had already ruled Plaintiff could seek his deposition. ECF No. 208.

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO PREVENT THE DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH**

     The proposed deposition was extensively discussed at a hearing before the Court on March 17, 2025. The Court stated, "I am thinking that deposition should go forward with some dispatch." Hr'g Tr. 5:6–7. Plaintiff informed the Court that "Defendant gets 14 days to submit whatever questions" they want and "that is all we are really waiting on." Hr'g Tr. 9–11. The Government has stated that it will accept any questions from Defendant. Any question Defendant submits will be read to Agent Smith by the court reporter at the deposition, pursuant to the statutory framework of Rule 31. Whether the Government's attorney asserts a privilege and instructs the witness not to answer of course depends entirely on the question. Plaintiff has consulted with the Government to ensure it will allow Agent Smith to answer Plaintiff's questions, to ensure this exercise is not a waste of the Court's time. Defendant is free to do likewise, or not, at his discretion. If Defendant wishes, his counsel may simply submit his questions and then see how the Government responds after the question is put to the witness, which is precisely what happens at an oral deposition. If his questions are not answered, he may raise the issue with the Court and obtain whatever relief, if any, that the Court deems appropriate, which is precisely what happens after an oral deposition.

     On March 18, 2025, the Court denied the *ex parte* application to prevent Agent Smith's deposition. ECF No. 211. Since then, nothing has happened. Plaintiff has been waiting for Defendant to serve questions. Defendant has not done so.

     Instead, on March 27, Defendant filed the instant *ex parte* application, requesting that the Court "suspend the deposition of special agent Smith as improperly noticed" because it purportedly does not set forth the address of Agent Smith nor the name and address of the court reporter who will take the deposition. ECF No. 219 at 5–6, 9. Defendant's assertions are frivolous and sanctionable. The notice obviously sets forth Agent Smith's known address, as required by Rule 31(a)(3): 1100 L Street, N.W., Washington, DC 20005. ECF No. 219-1 at 6. Represented witnesses are always served through their attorneys. The name of the court reporter is not required.

In fifty years of legal practice, undersigned has never seen a deposition notice name the court reporter. Rule 31 requires a "descriptive title" which the notice provides: "an officer authorized to administer oaths and will be recorded stenographically." ECF No. 219-1 at 6. That is how court reporters have been referred to in the thousands of depositions notices undersigned counsel has sent or received in the last fifty years. The address, of course, is 1100 L Street, N.W., Washington, D.C. 20005. Defendant cannot seriously expect a deposition notice to list the home residence of an FBI agent or U.S. Department of Justice court reporter, personal information with no possible relevance to this deposition.

Defendant's counsel is aware that no extraordinary issue has arisen regarding Agent Smith's deposition since the March 17, 2025, hearing. *Cf.* Hon. Stephen V. Wilson, Law and Motion Schedule, https://www.cacd.uscourts.gov/honorable-stephen-v-wilson (stating "Counsel are advised that this Court allows ex parte applications solely for extraordinary relief"). Since the hearing, nothing has happened because everyone has been waiting on Defendant to propose questions.

Defendant claimed an FBI agent working in counterintelligence as part of the "League of Shadows" would corroborate his libelous nonsense about Plaintiff.[1] ECF No. 211 at 2. Defendant did not believe Plaintiff would be able to depose Agent Smith about those claims. Defendant is now panicked that Plaintiff will do just that, proving Defendant was lying in his public statements about Plaintiff and that Defendant perjured himself in these proceedings.

For no purpose other than to obstruct the search for the truth of Plaintiff's allegations, *cf. Taylor v. Illinois*, 484 U.S. 400, 430 (1988) ("[T]he purpose [of]

---

[1] The "League of Shadows" is a principal antagonist in the Batman comics. *See, e.g.*, Batman Begins (Warner Bros. 2005) (featuring League of Shadows member Ra's al Ghul) & The Dark Knight Rises (Warner Bros. 2012) (featuring League of Shadows member Bane). Defendant and his counsel are using these court proceedings to play a practical joke.

discovery . . . is the quest for truth[.]"), Defendant's counsel filed yet another *ex parte* application about Agent Smith's deposition, forcing Plaintiff's counsel to respond in less than 24 hours. Sanctions are warranted for this abusive conduct, which also conflicts with the Court's orders at the March 17 hearing and ECF No. 211. The Court warns all parties that "this Court allows ex parte applications solely for extraordinary relief" and that "sanctions may be imposed for misuse of ex parte applications." Hon. Stephen V. Wilson, Law and Motion Schedule, https://www.cacd.uscourts.gov/honorable-stephen-v-wilson. If this *ex parte* application does not violate that admonition, it is unclear how any *ex parte* application could. Sanctions are in the discretion of the Court, but Plaintiff respectfully suggests that a prohibition on filing future *ex parte* applications might be a suitable penalty for abusing the privilege of filing *ex parte* applications.

For the foregoing reasons, Plaintiff requests the Court deny the *ex parte* application to prevent Agent Smith's deposition and impose appropriate sanction on Defendant and his counsel.

Dated:       March 28, 2025           RICHARD A. HARPOOTLIAN, PA

                              By:    /s/ Richard A. Harpootlian

                                     RICHARD A. HARPOOTLIAN (*pro hac vice*)
                                     rah@harpootlianlaw.com
                                     RICHARD A. HARPOOTLIAN, PA
                                     1410 Laurel Street
                                     Columbia, South Carolina 29201
                                     Telephone: (803) 252-4848
                                     Facsimile: (803) 252-4810

                                     BRYAN M. SULLIVAN, State Bar No. 209743
                                     bsullivan@earlysullivan.com
                                     ZACHARY C. HANSEN, State Bar No. 325128
                                     zhansen@earlysullivan.com

EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorney for Plaintiff*
*Robert Hunter Biden*

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE IN OPPOSITION TO DEFENDANT'S EX PARTE APPLICATION TO PREVENT THE DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH**