Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: (818) 558-3718
Fax: (805) 367-4506

Attorneys for Defendant,
Patrick M. Byrne

# UNITED STATED DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge:   Honorable Stephen V. Wilson<br>Courtroom:  10A<br><br>**REPLY IN SUPPORT DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO COMPEL PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*Filed Concurrently with Declaration of Michael C. Murphy and [Proposed Order]*<br><br>Complaint Filed: November 8, 2023<br><br>Date: March 27, 2025<br>Time: 4:00 p.m.<br>Ctrm.: 10a<br><br>Judge: Hon. Stephen V. Wilson |

1

**REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Defendant Patrick M. Byrne ("Defendant"), by and through his attorneys of record, hereby replies in support of his ex parte to this Court for an order to compel Plaintiff Robert Hunter Biden's ("Plaintiff") to comply with Federal Rules of Civil Procedure 31 for conducting the deposition of Special Agent David Smith.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Setting aside Plaintiff's counsel's sarcasm and ridiculous assumptions, Defendant's ex parte makes it clear that Defendant only asks that Plaintiff's counsel comply with the provisions of Federal Rule of Civil Procedure Rule 31. As Defense counsel pointed out, the deposition notice fails to include an address for the deponent, as required by the Rule. Similarly, the notice fails to properly identify the court reporter and fails to provide the court reporter's address.

Plaintiff's counsel may have been involved in many depositions, but the rules for a written deposition notice include provisions that allow other parties involved in the deposition to identify the deponent and the court reporter. Moreover, simply doing something many times does not mean it has been done correctly. Plaintiff's counsel must still comply with the rules as they are written. Defendant has not waived the right to object to the provisions of the rules.

### III. LEGAL ARGUMENT.

A. **Plaintiff Failed and Refuses to Comply with Rule 31 in the taking of Special Agent David Smith's Deposition.**

Federal Rules of Civil Procedure, Rule 31(a)(3) states.:

"Service; Required Notice. *A party who wants to depose a person by written questions must serve them on every other party, with a notice stating, if known, the deponent's name and address*. If the name is unknown, the notice must provide

a general description sufficient to identify the person or the particular class or group to which the person belongs. ***The notice must also state the name or descriptive title and the address of the officer before whom the deposition will be taken***."

Here, Plaintiff has failed to include this information. Defendant identified Agent Smith's address as 601 W. 4th Street, Washington DC. The address Plaintiff's counsel identified does not match this address, nor does the notice indicate that the address is Agent Smith's address. Instead, it merely states that the deposition will occur at the identified DOJ office of 1100 L Street, N.W., Washington, DC 20005.

Furthermore, while the notice only generally describes the deposition officer, Plaintiff's notice fails to provide the deposition officer's address. Instead, Plaintiff admits for the first time in opposition that the court reporter will be an employee of the DOJ. This is improper. As an officer of the court, the court reporter should be a disinterested neutral party who is not employed by the deponent or the deponent's agency. Defendant did not waive the provisions of Federal Rule of Civil Procedure, Rule 31, and Plaintiff cannot waive the provisions on Defendant's behalf.

As pointed out in the moving papers, the United States is also subject to the Federal Rules of Civil Procedure in all civil cases, and must therefore comply with the rules absent a waiver by the parties. See *Mattingly v United States* 939 F.2d 816, 818 (9th Cir. 1991); *M.A. Mortenson Co. v United States* 996 F.2d 1177, 1181 (Fed. Cir. 1993); See also *United States v Sumitomo Marine v Fire Ins. Co., Ltd.* 617 F.2d 1365, 1370-1371 (9th Cir. 1980).

Plaintiff's deposition notice is therefore invalid as drafted because it fails to comply with Federal Rule of Civil Procedure, Rule 31. (*Riser v. Wash State Univ.* 2019 U.S. Dist. Lexis 182651; 2019 WL 5258049O.)

**REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

Defendant therefore reiterates that under Federal Rules of Civil Procedure 26(b)(1), the court may issue any orders to protect a party from oppression relating to a discovery issue. The court is requested to assist with this matter by suspending the deposition of special agent David Smith as noticed by Plaintiff, order Plaintiff to send out a new deposition notice that complies with FRCP 31(a)(3) and that Plaintiff is to fully comply with all of the procedures for the taking of the deposition that are set forth in FRCP 31(b) and (c). Plaintiff is not to use the DOJ as its proxy and avoid compliance with these rules.

B. **Ex Parte Relief is Appropriate Here.**

Ex parte relief is warranted under the circumstances here. Ex parte applications are limited to requests warranting extraordinary relief. (See this Court's New Case Order, Docket 14, ¶5.) They are typically limited to genuine emergencies. (See *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191, 193-194 (C.D. Cal. 1989.)

As outlined in the moving papers, ex parte relief is warranted. Defendant's deposition questions and objections are due on March 28, 2025. Plaintiff's counsel has informed Defense counsel that he plans to proceed with the deposition on or around March 31, 2025. Plaintiff also refused to send out an amended notice, and instead merely offered to "agree to disagree." Plaintiff's unwillingness to meet and confer in good faith on a legitimate objection and proceed regardless of said objection demonstrates Plaintiff's counsel's disregard for the rules. Plaintiff's counsel has apparently done this for so long, he is set in his ways, and is not aware of the amendments to the Rule 31 that have been made since the initial amendments of 1970. Suffice it to say, the Rule, as quoted above, is clear.

Defendant, therefore, had no choice but to bring this issue to the attention of the Court as soon as possible.

/ / /

4

**REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**

C. **Sanctions Are Not Warranted.**

Plaintiff's request for sanctions here is wildly inappropriate. Plaintiff offers no citation or succinct legal argument justifying sanctions in this case. Defendant has a legitimate concern that the deposition notice is fatally flawed. Sanctioning Defendant for bringing this issue to the Court's attention renders the Rules meaningless. Plaintiff's counsel prior counsel previously made it a point to give Defense counsel less than 24 hours' time to file oppositions to much more substantive ex parte applications, and now wishes to complain. Suffice it to say, there is no grounds for sanctions, and preventing Defendant from filing further ex parte applications would give Plaintiff license for further abuses and gamesmanship.

D. **CONCLUSION**

Based on the foregoing and the moving papers, Defendant respectfully requests that the court grant Defendant's request, suspend the deposition of special agent Smith as improperly noticed, order Plaintiff's counsel to re-notice the deposition which notice must comply with FRCP(a)(3) and order Plaintiff's counsel to fully comply with the provisions of FRCP(b) and (c) without using the DOJ counsel as its proxy in complying with these code sections.

Dated: March 28, 2025        LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

**REPLY IN SUPPORT OF DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER COMPELLING PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF SPECIAL AGENT DAVID SMITH**