UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW-PD | Date | March 31, 2025 |
| Title | Robert Hunter Biden v. Patrick M. Byrne | | |

Present: The Honorable  STEPHEN V. WILSON, U.S. DISTRICT JUDGE

| Paul M. Cruz | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

Proceedings: ORDER DENYING DEFENDANT'S EX PARTE APPLICATION FOR AN ORDER TO COMPEL PLAINTIFF TO COMPLY WITH RULE 31 FOR CONDUCTING THE DEPOSITION OF FBI SPECIAL AGENT DAVID SMITH [219]

## I. Introduction

Before the Court is Defendant Patrick M. Byrne's ex parte application for an order compelling Plaintiff Robert Hunter Biden to comply with Rule 31 for conducting the deposition of FBI Special Agent David Smith. ECF No. 219. For the following reasons, Defendant's ex parte application is DENIED.

## II. Background

On June 27, 2023, Defendant, in an interview with the Capitol Times Magazine, claimed that Plaintiff, through an intermediary, approached the Iranian government with an offer to have his father, President Joe Biden, unfreeze $8 billion in Iranian funds held in South Korea in return for the Iranians paying the Biden's 10% of those funds. Plaintiff responded by suing Defendant for defamation. ECF No. 1.

:

Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW-PD | Date | March 31, 2025 |
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

On March 14, 2025, Plaintiff served Defendant with notice of the written deposition of Agent Smith (hereinafter, the "Notice"). Declaration of Michael Murphy ("Murphy Decl.") ¶ 2, Ex. A, ECF No. 219-1. The Notice explained that Plaintiff planned to take the written deposition of FBI Special Agent David Smith, in person, at the U.S. Department of Justice, 1100 L Street, N.W., Washington, DC 20005. *Id.* Ex. A. at 2. It further provided that the written deposition "will be taken in the presence of an officer authorized to administer oaths and will be recorded stenographically." *Id.*

On March 26, 2025, Defendant emailed Plaintiff's counsel to notify them that the Notice did not comply with Federal Rule of Civil Procedure 31 because it did not include the address of Agent Smith or the name and address of the court reporter that will take Smith's deposition. *Id.* Ex. B. That same day, Defendant's counsel responded and explained that Plaintiff planned to use a DOJ court reporter for Smith's written deposition. *Id.*

On March 27, 2025, Defendant filed the current ex parte application to compel Plaintiff's compliance with Rule 31. ECF No. 219. Plaintiff opposed the next day. ECF No. 220.

### III. Discussion

The procedure for taking written depositions is governed by Federal Rule of Civil Procedure 31. Under Rule 31, the party taking a written deposition must serve "on every other party" a notice stating: (1) "if known, the deponent's name and address;" and (2) "the name or descriptive title and the address of the officer before whom the deposition will be taken." Fed. R. Civ. P 31(a)(3).

Plaintiff's notice plainly satisfies the first requirement. First, it provides the deponent's name: Special Agent David Smith. *See* Murphy Decl. Ex. A. Second, it provides the Agent Smith's address: the U.S. Department of Justice, 1100 L Street, N.W., Washington, DC 20005. Defendant seems to argue that this is insufficient because the Notice did not contain Agent Smith's personal address. But this conclusion is preposterous. Rule 31 does not require that parties disclose the personal addresses of deponents and court reporters; such information is irrelevant to the litigation process. As is the case in nearly all other

:
_____
Initials of Preparer    PMC

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | March 31, 2025 |
|---|---|---|---|
| Title | Robert Hunter Biden v. Patrick M. Byrne | | |

contexts, the deponent's work address—the address of the Department of Justice—is sufficient to satisfy Rule 31. Defendant cites no authority to the contrary.

As to information about the officer taking the deposition, Plaintiff's notice is technically deficient, but not in a way that prejudices Defendant. To start, the Notice sufficiently identifies the officer. While it does not include the court reporter's name, it does explain that the deposition will be taken by "an officer authorized to administer oaths" who will record the deposition "stenographically." Murphy Decl. Ex. A. This is sufficient to satisfy Rule 31, which just requires that notice include a "descriptive title" of "the officer before whom the deposition will be taken." Fed. R. Civ. P. 31(a)(3).

Where the Notice is technically deficient is the address of the court reporter. Rule 31 requires that notice include "the address of the officer before whom the deposition will be taken," and the notice does not include an address for the court reporter.

But while the Notice is technically deficient, this is not the grand error Defendant makes it out to be. After Defendant raised this issue with Plaintiff's counsel on March 26, 2025, he immediately (the very same day) explained that Plaintiff would be using a court reporter from the Department of Justice. *See* Murphy Decl. Ex. B. This makes the court reporter's address obvious: the address of the Department of Justice. So even if the Notice was initially deficient, Defendant was on notice of the court reporter's address by March 26, 2025.

More importantly, Defendant provides no explanation for how failure to receive the court reporter's address prejudiced him in any way. Defendant's ex parte application appears to be nothing more than yet another attempt to delay this litigation. In fact, it is not even clear how Defendant has standing to challenge Plaintiff's notice, since it is for the deposition of a non-party, not Defendant. *See* Fed. R. Civ. P. 26(c) (explaining that only the party/person "from whom discovery is sought may move for a protective order" under Rule 26(c)); *See also Am. Rena Int'l Corp. v. Sis-Joyce Int'l Co.*, No. 12-cv-06972-FMO, 2013 12638502, at *2 (C.D. Cal. Oct. 3, 2013) ("Defendants do not have standing to quash a nonparty subpoena except on grounds of privilege or privacy.").

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | March 31, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

The Court's doubt regarding Defendant's motivations is bolstered by how long he waited before raising this objection. Defendant received the Notice on March 14, 2025. That the Notice did not include the court reporter's address would have been immediately apparent upon receipt. And yet, Defendant waited 12 days, until March 26, 2025—two days before his deadline to send cross-questions to Plaintiff—to raise the issue. Defendant provides no explanation for this delay.

The Court's skepticism as to Defendant's motivations notwithstanding, the Court recognizes that the Notice was technically noncompliant with Rule 31. To that end, the Court will extend Defendant's deadline to serve its cross-questions on Plaintiff to April 7, 2025, which is 12 days after the date on which Defendant received notice of the court reporter's address. Defendant is informed that the Court will not look kindly on any further delays to David Smith's deposition.

IV.  **Conclusion**

For the foregoing reasons, Defendant's ex parte application is DENIED. Separately, Defendant's deadline to serve its cross-questions on Plaintiff is extended from March 28, 2025, to April 7, 2025.

Additionally, while the Court is directing the parties, it orders Plaintiff to file John Moynihan's deposition with the Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | PMC |