Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
Phillip Barber, *pro hac vice*
*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Bryan M. Sullivan, State Bar Number 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

PATRICK M. BYRNE, an individual,

Defendant.

Case No. 2:23-cv-09430-SVW-PD

**Highly Confidential Redacted And Filed Under Seal Pursuant To The Stipulated Protective Order**

**PLAINTIFF ROBERT HUNTER BIDEN'S SUPPLEMENT TO HIS OPPOSITION TO DEFENDANT PATRICK M. BYRNE'S MOTION FOR SUMMARY JUDGMENT**

[*Supplemental Declaration of Zachary C. Hansen; and Plaintiff's Additional Separate Statement Of Controverted Facts filed and served concurrently herewith*]

Date: July 21, 2025
Time: 1:30 P.M.
Crtrm.: 10A

Judge: Hon. Stephen V. Wilson

## MEMORANDUM OF POINTS AND AUTHORITIES[1]

At the February 24, 2025 hearing, this Court recognized that key evidence in determining whether Defendant Patrick Byrne ("Byrne") acted with actual malice in publishing the statements that Plaintiff Robert Hunter Biden ("Biden") solicited a bribe from Iran to have his father, then President Joe Biden, release billions of dollars in sanctioned funds (the "Defamatory Statements") was the testimony of FBI Special Agent David Smith ("Smith") and John Moynihan ("Moynihan"). Additional Statement of Controverted Facts ("ASCF") No. 1. As the Court further recognized, the foregoing was because Byrne claimed Smith and Moynihan provided him with material information that supported the Defamatory Statements or that they heard material information on which Byrne relied in making the Defamatory Statements, which would have supported the inference that Byrne had a basis to make the Defamatory Statements and did not act with actual malice in making them. ASCF No. 2. Completely destroying Byrne's argument, Smith and Moynihan contradicted Byrne's testimony and their respective testimony establish that Byrne had no basis to make the Defamatory Statements, acted with actual malice, and, indeed, lied under oath, which this Court has recognized he has done in the past. Supplemental Separate Statement of Controverted Facts ("Supplemental SSCF") No. 26.

Throughout this case, Byrne has relied upon Smith and Moynihan to support the claims about Biden that he made in the Defamatory Statements, as follows:

- [redacted]

[1] This Supplement is being submitted in response to the Court's continuance of the hearing on Byrne's summary judgment motion to address the testimony obtained from the February 14, 2025 deposition of third party witness John Moynihan and the April 21, 2025 deposition of FBI Special Agent David Smith of the Federal Bureau of Investigation, both of which occurred after Plaintiff submitted his Further Opposition To Defendant Patrick M. Byrne's Motion For Summary Judgment ("Further Opposition") on February 3, 2025. Plaintiff hereby incorporates herein all other arguments asserted in his Further Opposition.






Contrary to Byrne's foregoing testimony, Smith testified as follows:

- Byrne's testimony about the late 2021/early 2022 meeting at a parking lot at Reagan National Airport was not accurate. ASCF No. 5.
- Smith did not recall receiving any recording from Byrne related to or involving Hunter Biden and Iranian Officials, and Byrne's testimony that Smith told Byrne to delete the Recording and not keep a copy of it was not accurate. ASCF No. 6.
- Byrne's testimony that Smith confirmed, through various actions by various government agencies, that the identity of the voice on the Voicemails played on the Recording was (1) the son of a high-ranking official with the Pakistani Minister of Defense, (2) someone who had

close ties to Biden, and (3) someone who was acting as a proxy for Biden, was not accurate. ASCF No. 7.

- Byrne's testimony that Smith communicated to Byrne either directly or through Moynihan the identity of the voice on the Voicemails was not accurate. ASCF No. 8.
- Byrne's testimony that Agent Smith described to Byrne a letter that FBI Director Christopher Wray sent out to every FBI agent in the bureau saying not to have any contact with Mr. Byrne was not accurate. ASCF No. 9.

Moynihan further contradicted Byrne's foregoing claims, as follows:

- 
- 
- 
- 
- 
- 



Smith's and Moynihan's testimony directly contradicting Byrne's testimony on material facts support a jury's reasonable inference that Byrne acted with reckless disregard for the truth in making the Defamatory Statements, thereby supporting a finding of actual malice. *See Reader's Dig. Assn. v. Superior Court*, 37 Cal. 3d 244, 257-58 (1984); *Sanders v. Walsh*, 219 Cal. App. 4th 855, 873 (2013); *Christian Rsch. Inst. v. Alnor,* 148 Cal. App. 4th 71, 84–85 (2007). This is because Byrne's four sources for the Defamatory Statements are dependent on corroboration from Smith and Moynihan, but they directly contradict Byrne so all of his so-called "sources" for

the Defamatory Statements lack any supporting evidence:

- The Recording. [redacted] So, Moynihan's testimony about the Recording does not support Byrne's testimony or argument that the Recording stated that Biden solicited a bribe as Byrne stated in the Defamatory Statements. Compare Supplemental SSCF Nos. 11-18 with ASCF No. 10-11.
- Moynihan Affidavit. Byrne's claim that the Affidavit of John Moynihan supports the Defamatory Statements is contradicted by Moynihan himself, who admitted [redacted] ASCF No. 15. Further, Moynihan's description of what he heard on the Recording was materially different than Byrne's testimony about the Recording. Compare Supplemental SSCF Nos. 11-18 with ASCF Nos. 10-11.
- Giving the Recording to Agent Smith. [redacted] But, Smith testified that he did not recall receiving any recording from Byrne and [redacted] ASCF No. 6 and 13.
- Verification of Identity of the Speaker on the Voicemails. [redacted] but Smith testified that such statement by Byrne was not accurate and that he did not recall receiving any recording from Byrne related to or involving Hunter Biden and Iranian Officials. Compare Supplemental SSCF Nos. 16-18 with ASCF Nos. 7-8. [redacted]

In addition, further showing Byrne's propensity to make wild statements as set forth in the Further Opposition (25:17-26:27), Smith testified that Byrne's testimony



that Smith described to Byrne a letter that FBI Director Christopher Wray sent out to every FBI agent saying not to have any contact with Mr. Byrne was not accurate. Compare ASCF No. 4 with ASCF No. 9. [redacted]

Smith's and Moynihan's testimony more than establishes actual malice by a clear and convincing evidence standard. Indeed, by his own admission, the only basis for Byrne to make the Defamatory Statements were from [redacted] which Smith said was not accurate, [redacted] The Defamatory Statements are far less than 100% true, as Byrne claimed in the article, and, at best, the only information Byrne knew was that some unidentified people may be intending to eventually seek Biden's assistance to release money from a bank. Yet, Byrne, apparently motivated by political reasons, went far beyond that minimal information in the Defamatory Statements, which is hallmark actual malice. *See St. Amant v. Thompson*, 390 U.S. 727, 731 (1968) (actual malice found where a story is the product of imagination or is based wholly on an unverified anonymous telephone call).

More importantly, the testimony of these two witnesses establishes that Byrne lied under oath during his deposition, concocted out of thin air the verification of the [redacted] intentionally misconstrued what was said on [redacted] to claim that Biden was seeking a bribe, and entirely invented the Defamatory Statements to smear Biden as part of Byrne's ongoing harassment campaign against Biden's father, President Joe Biden, and to fuel his profile as a right wing patriot in which he has a pecuniary interest. *See* Further Opposition, 22:1-25:16;



Compare Supplemental SSCF Nos. 11-18 and ASCF Nos. 3-4 with ASCF No. 5-15. The Defamatory Statements are the result of extreme exaggerations arising from Byrne's delusional world in which he believes himself to be Jason Bourne or some other Robert Ludlum character saving America from the so-called "Deep State" on secret missions with secret foreign operatives. *See* Further Opposition, 25:17-26:27; Compare Supplemental SSCF Nos. 11-18 and ASCF Nos. 3-4 with ASCF No. 5-15. The foregoing and the information set forth in the Further Opposition demonstrate that Byrne not only made false statements about Biden but did so with actual malice.

Accordingly, for the foregoing reasons and for those stated in the Further Opposition, the Court should deny Byrne's motion.

Dated: May 20, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN
(State Bar No. 209743)
*bsullivan@earlysullivan.com*
ZACHARY C. HANSEN
(State Bar No. 325128)
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorney for Plaintiff*
*Robert Hunter Biden*



# CERTIFICATE OF SERVICE

I, Robie Ann Atienza-Jones, hereby certify that on this 20th day of May, 2025, a copy of the **PLAINTIFF ROBERT HUNTER BIDEN'S SUPPLEMENT TO HIS OPPOSITION TO DEFENDANT PATRICK M. BYRNE'S MOTION FOR SUMMARY JUDGMENT** was served via email, on the following:

Richard A. Harpootlian
Phillip Barber
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810
*Email: rah@harpootlianlaw.com; pdb@harpootlianlaw.com*

*Attorneys for Plaintiff Robert Hunter Biden*

Michael C. Murphy, Esq.
Michael C. Murphy, Jr. Esq.
Carmen R. Selame, Esq.
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506
*Email: michael@murphlaw.net; Michael.jr@murphlaw.net; Carmen@murphlaw.net*

*Attorneys for Defendant Patrick Byrne*

/s/ Robie Ann Atienza-Jones
ROBIE ANN ATIENZA-JONES
An employee at EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP