1 | Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
2 | Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
3 | RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
4 | Columbia, South Carolina 29201
Telephone: (803) 252-4848
5 | Facsimile: (803) 252-4810

6 | BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
7 | ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
8 | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
9 | Los Angeles, California 90048
Telephone: (323) 301-4660
10 | Facsimile: (323) 301-4676

11 | Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S MOTION IN *LIMINE* NO. 1 TO EXCLUDE REPUTATIONAL EVIDENCE; DECLARATION OF ZACHARY C. HANSEN**<br><br>[*[Proposed] Order filed and served concurrently herewith*]<br><br>Date: July 21, 2025<br>Time: 3:00 p.m.<br>Ctrm.: 10A<br><br>Complaint Filed: November 8, 2023<br>Trial Date: July 29, 2025 |

**PLAINTIFF'S MOTION IN *LIMINE* NO. 1**

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 21, 2025 at 3:00 P.M., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby moves this Court in *limine* for an order precluding Defendant Patrick M. Byrne ("Defendant"), his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff's reputation, including, but not limited to evidence regarding past events, conduct, and/or bad acts which may pertain to Plaintiff's reputation in any way from any source, except for those matters the Court previously ruled are relevant in its Order dated March 18, 2025 (ECF No. 212).

This motion is made pursuant to Federal Rules of Evidence Rule 401 and 403, and the inherent powers of the Court, on the grounds that such evidence relates to matters that are not in controversy in this action, and is irrelevant, immaterial, and inadmissible, and the introduction of such evidence or argument would be more prejudicial than probative.

Pursuant to L.R. 7-3, Plaintiff's counsel met and conferred with Defendant's counsel prior to the filing of this Motion. As of the time of filing, Defendant's counsel has not indicated whether they intend to oppose this Motion. (*See* Declaration of Zachary C. Hansen, ¶2, Ex. A.)

///
///
///
///
///
///
///

This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Zachary C. Hansen, as well as the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Dated: June 23, 2025

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Robert Hunter Biden ("Plaintiff") is not claiming any reputational damage in this lawsuit, nor will he seek any special damages as a result thereof. Accordingly, Plaintiff will not be introducing any evidence of reputational harm or emotional distress caused by Defendant Patrick M. Byrne's ("Defendant") defamatory statements which form the basis of this lawsuit. Rather, Plaintiff's theory of liability shall be based on evidence demonstrating Defendant's defamatory statements were made with actual malice and constitute defamation *per se*, thereby entitling Plaintiff to nominal damages without being required to prove special damages, specifically reputational harm or emotional distress damages. *See Barnes-Hind, Inc. v. Superior Court*, 181 Cal.App.3d 377, 382 (1986) (When a plaintiff can plead and prove defamation *per se* "it need not prove special damages: '[D]amage to plaintiff's reputation is conclusively presumed and he need not introduce evidence of actual damages in order to obtain or sustain an award of damages' including, in an appropriate case, punitive damages" (quoting *Contento v. Mitchell*, 28 Cal.App.3d 356, 358 (1972).)

Plaintiff contends Defendant's statements at issue in this action constitute defamation *per se*, which is a legal question for the Court. *See Piping Rock Partners, Inc. v. David Lerner Assocs., Inc.*, 946 F.Supp.2d 957, 970 (N.D. Cal. 2013); s*ee also Line One Labs., Inc. v. Wingpow Int'l. Ltd.*, 22-cv-02401, 2025 WL 1114018, at *4 (C.D. Cal. Feb. 28, 2025). As a result, Plaintiff is not required to prove damages because damages are not an element of the tort of defamation *per se* (*Barnes-Hind*, *supra*, 181 Cal.App.3d at 382; *Contento*, *supra*, 28 Cal.App.3d at 358) and Plaintiff is not going to present proof of such damages. Instead, Plaintiff will seek nominal damages on his proposed verdict form to be used at trial. Plaintiff is not seeking to exclude the type of evidence the Court has previously ruled may be probative of actual malice, as set forth in the Court's March 18, 2025, Order (ECF No. 212)—whether "Plaintiff had a strong reputation for engaging in corruption with foreign entities." Accordingly, to the extent certain reputational evidence is probative of the factual questions for the jury, which

include whether Defendant made the statements, whether the statements were true, and whether Defendant believed them to be true (i.e., they were published with actual malice), Plaintiff concedes that certain reputational evidence regarding events prior to the date of publication (June 23, 2023) will be relevant for those limited purposes.

Accordingly, Plaintiff hereby seeks an order in *limine* precluding Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff's reputation, including, but not limited to evidence regarding past events, conduct, and/or bad acts which may pertain to Plaintiff's reputation in any way, from any source, except for those matters which the Court had previously ruled are relevant for limited purposes (see ECF No. 212, at p. 3-4 ("news articles or media clips")), because such evidence relates to matters that are not in controversy in this action, and is irrelevant, immaterial, inadmissible, and highly prejudicial. Further, Plaintiff seeks a temporal limitation on the use of any evidence the Court has previously ruled as potentially probative, thereby limiting such evidence to only that which was in existence at the time of the publication of the defamatory statements on June 23, 2023. No reputational evidence of any kind after June 23, 2023, should be admissible. Federal Rule of Evidence Rule 401 defines relevant evidence as evidence that "has any tendency to make a fact more or less probable than it would be without the evidence [and] the fact is of consequence in determining the action." Because Plaintiff will not offer proof of reputational harm or emotional distress damages, evidence and/or argument of any kind regarding Plaintiff's reputation, beyond the narrow issue identified in the Court's March 18, 2025, Order, is not relevant to any issue in this case and would be of zero consequence in determining this action. Accordingly, the only purpose Defendant would have to introduce such evidence and/or testimony would be to inflame and confuse the jury as to the material issues and prejudice Plaintiff, all while wasting the Court's valuable time and resources.

Additionally, to the extent the Court finds any reputational evidence relevant, beyond the issue identified in the Court's March 18, 2025, Order (it should not), Federal

Rule of Evidence 403 provides that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The District Court has wide discretion to exclude evidence under this rule. *See United States v. Abel*, 469 U.S., 45, 54, 105 S.Ct. 465 (1984); *see also Acosta v. City of Costa Mesa*, 718 F.3d 800, 827 (9th Cir. 2013). In evaluating whether to exclude relevant evidence, the Court balances the possibility of harm, specifically, the risk of undue prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting time, against any probative value such evidence may have. *Id*. The purpose of this rule is to ensure fairness and efficiency at trial. Here, because Plaintiff will not be introducing any reputational evidence in his case in chief, any reputational evidence—other than evidence of "engaging in corruption with foreign entities" prior to June 23, 2023—has zero probative value and instead presents a significant risk of causing undue prejudice to Plaintiff, confusing and misleading the jury as to the material issues, wasting the Court's valuable resources, and causing undue delay. The balance of these factors weighs in favor of exclusion.

Moreover, as evidenced by the content and tone of Defendant's counsel's questioning of Plaintiff during his deposition, which focused almost entirely on widely publicized allegations of past bad (and irrelevant) conduct on behalf of Plaintiff, it is clear that Defendant's counsel will seek to introduce evidence of every bad act Plaintiff has been accused of in the past, none of which relate to or are relevant to the allegations in the defamatory statements made by Defendant. Were the Court to allow Defendant, his attorneys, and/or witnesses to present such reputational evidence, not only will the jury be confused as to what the material issues are for the purposes of determining liability, but Plaintiff will be on the stand subject to cross-examination for a needlessly excessive amount of time without any resulting probative value. The fact that Plaintiff is the son of the former President of the United States, Joe Biden, and is a widely known public figure, the prejudicial effect of such irrelevant evidence would be exponential.

1 An order precluding all such evidence would also serve to remove the risk of turning this trial into a circus and a spectacle.

Accordingly, Plaintiff respectfully requests that the Court grant this motion in its entirety and preclude Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff's reputation, including, but not limited to evidence regarding past events, conduct, and/or bad acts which may pertain to Plaintiff's reputation in any way from any source, except for those matters which the Court had previously ruled are relevant for limited purposes (*see* ECF No. 212), with a temporal limitation to pre-June 23, 2023 events.

Dated:  June 23, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By:  */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

### DECLARATION OF ZACHARY C. HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's Motion in *Limine* No. 1 seeking an order precluding Defendant Patrick M. Byrne ("Defendant"), his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff's reputation, including, but not limited to evidence regarding past events, conduct, and/or bad acts which may pertain to Plaintiff's reputation in any way from any source, except for those matters the Court previously ruled are relevant in its Order dated March 18, 2025 (ECF No. 212). If called as a witness, I would and could testify to the matters contained herein.

2. Pursuant to L.R. 7-3, I sent Defendant's an email on June 23, 2025 to meet and confer regarding Plaintiff's intent to file Motion in *Limine* No. 1, which also set forth the basis of the Motion. As of the time of filing, Defendant's counsel has not indicated whether they will oppose the Motion. A true and correct copy of the meet and confer email is attached hereto as **Exhibit "A"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 23rd day of June, 2025, at Summit, New Jersey.

                                            */s/ Zachary C. Hansen*
                                            Zachary C. Hansen