Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S MOTION IN *LIMINE* NO. 2 TO EXCLUDE EVIDENCE OF THE SO-CALLED "LAPTOP" AND ANY OF ITS PURPORTED CONTENTS; DECLARATION OF ZACHARY C. HANSEN**<br><br>[*[Proposed] Order filed and served concurrently herewith*]<br><br>Date:  July 21, 2025<br>Time:  3:00 p.m.<br>Ctrm.:  10A<br><br>Complaint Filed:  November 8, 2023<br>Trial Date:  July 29, 2025 |

**TO ALL INTERESTED PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on July 21, 2025 at 3:00 P.M., or as soon thereafter as the matter may be heard in Courtroom 10A of the above-entitled Court, located at 350 W. 1st Street, Los Angeles, California 90012, Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby moves this Court in *limine* for an order precluding Defendant Patrick M. Byrne ("Defendant"), his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to the so-called "laptop" attributed to Plaintiff or any of its purported contents.

This motion is made pursuant to the Court's March 18, 2025 Order (ECF No. 212), in which the Court ordered that "the contents of [the] laptop are not [relevant]" and "admission by Plaintiff about the contents of his laptop … provides no information regarding the public's perception of Plaintiff." This motion is also made pursuant to Federal Rule of Evidence 401, and the inherent powers of the Court, on the grounds that such evidence relates to matters that are not in controversy in this action, and is irrelevant, immaterial, and inadmissible, and the introduction of such evidence or argument would be more prejudicial than probative.

Pursuant to L.R. 7-3, Plaintiff's counsel met and conferred with Defendant's counsel prior to the filing of this Motion. As of the time of filing, Defendant's counsel has not indicated whether they intend to oppose this Motion. (*See* Declaration of Zachary C. Hansen, ¶2, Ex. A.)

///
///
///
///
///
///

This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Zachary C. Hansen, as well as the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Dated: June 23, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: /s/ Zachary C. Hansen

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

On March 13, 2025, Defendant Patrick M. Byrne ("Defendant") filed an *Ex Parte* Application seeking to reopen Plaintiff Robert Hunter Biden's ("Plaintiff") deposition on the grounds that Plaintiff submitted a declaration in an unrelated case confirming that the documents and photographs published online about Plaintiff came from his so-called "laptop" and those contents were relevant to Plaintiff's reputation and modus operandi, and Defendant wished to question Plaintiff about the same. (*See* ECF No. 206.) On March 18, 2025, the Court issued an Order denying Defendant's *Ex Parte* Application. (See ECF No. 212.) In doing so, the Court declared in no uncertain terms that "[t]here is no good cause to reopen Plaintiff's deposition in this case, as the information Defendant seeks is not relevant to reputational damages. … [And] while Plaintiff's reputation is relevant, the contents of his laptop are not." (*Id*.) Moreover, the Court further explained:

> "At best, the contents of Plaintiff's laptop could show that he actually engaged in corrupt dealings with foreign entities or in other reputation-damaging activities. But whether Plaintiff truly engaged in corrupt dealings or other demeaning activities is irrelevant; what matters is Plaintiff's **reputation** for taking such actions. His reputation depends on what the public **believes** about him, not what Plaintiff in reality has or has not done. To establish Plaintiff's reputation, Defendant should rely on evidence such as news articles or media clips, not new and never-before-heard admissions by Plaintiff about the contents of his laptop. The latter simply provides no information regarding the public's perception of Plaintiff."

(ECF No. 212) (emphasis in original.)

Accordingly, pursuant to the Court's March 18, 2025 Order (ECF No. 212), Federal Rules of Evidence 401 and 403, and the Court's inherent authority, Plaintiff hereby respectfully requests an order in *limine* precluding Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to the so-called "laptop" attributed to Plaintiff or any of its purported contents. That includes any testimony from witnesses designated

by Defendant related to the same.

Dated:  June 23, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

## DECLARATION OF ZACHARY C. HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's Motion in *Limine* No. 2 seeking an order precluding Defendant Patrick M. Byrne ("Defendant"), his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to the so-called "laptop" attributed to Plaintiff or any of its purported contents. If called as a witness, I would and could testify to the matters contained herein.

2. Pursuant to L.R. 7-3, I sent Defendant's an email on June 23, 2025 to meet and confer regarding Plaintiff's intent to file Motion in *Limine* No. 2, which also set forth the basis of the Motion. As of the time of filing, Defendant's counsel has not indicated whether they will oppose the Motion. A true and correct copy of the meet and confer email is attached hereto as **Exhibit "A"**.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 23rd day of June, 2025, at Summit, New Jersey.

/s/ Zachary C. Hansen
_____
Zachary C. Hansen