# EXHIBIT A

| | |
|---|---|
| **From:** | Zachary Hansen |
| **To:** | Michael Murphy |
| **Cc:** | Michael Murphy, Jr.; Carmen; Dick Harpootlian; Phillip Barber; Bryan Sullivan |
| **Subject:** | RE: Biden v. Byrne (2:23-cv-09430) |
| **Date:** | Monday, June 23, 2025 11:01:00 AM |

Counsel,

This email shall serve as Plaintiff's attempt to meet and confer with you regarding the motions in limine Plaintiff intends to file, as follows:

- MIL No. 1: Plaintiff will seek a motion in limine precluding Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff's reputation, including, but not limited to evidence regarding past events, conduct, and/or bad acts which may pertain to Plaintiff's reputation in any way from any source, except for those matters the Court previously ruled are relevant in its Order dated March 18, 2025 (ECF No. 212) which shall be temporally limited to only those matters which were in existence pre-publication on June 23, 2023. Based on FRE 401 and 403, such evidence is irrelevant, immaterial, and inadmissible, and the introduction of such evidence or argument would be more prejudicial than probative because Plaintiff is not going to claim any reputational damage at trial, nor will he seek any special damages as a result thereof.  *See Barnes-Hind, Inc. v. Superior Court*, 181 Cal.App.3d 377, 382 (1986) (When a plaintiff can plead and prove defamation *per se* "it need not prove special damages: '[D]amage to plaintiff's reputation is conclusively presumed and he need not introduce evidence of actual damages in order to obtain or sustain an award of damages' including, in an appropriate case, punitive damages" (quoting *Contento v. Mitchell*, 28 Cal.App.3d 356, 358 (1972).)

- MIL No. 2: Plaintiff will seek a motion in limine precluding Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to the so-called "laptop" attributed to Plaintiff or any of its purported contents.  The motion will be based on the Court's March 18, 2025 Order (ECF No. 212), in which the Court ordered that "the contents of [the] laptop are not [relevant]" and "admission by Plaintiff about the contents of his laptop … provides no information regarding the public's perception of Plaintiff."  The motion will also be based on FRE 401 et seq., on the grounds that such evidence relates to matters that are not in controversy in this action, and is irrelevant, immaterial, and inadmissible, and the introduction of such evidence or argument would be more prejudicial than probative.

- MIL No. 3: Plaintiff will seek a motion in limine precluding Defendant, his attorneys, and witnesses from referring to, testifying about, or otherwise offering any evidence or argument at trial referring or relating to Plaintiff being a public figure, a fact conceded by Plaintiff in this action. Based on FRE 401, because Plaintiff has conceded the fact that

he is a public figure for purposes of this case, such evidence relates to matters that are not in controversy in this action, and is irrelevant, immaterial, and inadmissible.

Please advise whether you intend to oppose any of these motions as soon as possible, or we will proceed with filing them in a timely manner.

Best Regards,



**ZACHARY HANSEN** | ASSOCIATE ATTORNEY
Early Sullivan Wright Gizer & McRae LLP
323.301.4660 Main
323.301.4664 Direct
310.701.1860 Mobile
323.301.4676 Fax
6420 Wilshire Blvd., 17th Floor, Los Angeles, CA 90048
zhansen@earlysullivan.com

This message and any attached documents may contain information from the law firm of Early Sullivan Wright Gizer & McRae LLP that is confidential and/or privileged. If you are not the intended recipient, you may not read, copy, distribute or use this information. If you have received this transmission in error, please notify the sender immediately by reply e-mail and then delete this message.