Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506


Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:    2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      July 21, 2025<br>Time:      3:00 p.m.<br>Courtroom:  "10A"<br><br>[DECLARATION OF MICHAEL C. MURPHY, ESQ., IN SUPPORT THEREOF] |

i.

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne will move this Court for the issuance of the following Order *in Limine*:

1.      An Order preventing Plaintiff Robert Hunter Biden, his counsel, and their witnesses from referencing and or using the deposition testimony of Special Agent David (hereafter "SA Smith").

2.      An Order that the attorneys for all parties shall instruct all parties and their agents as well as all witnesses and experts of the Court's exclusionary Order on this Motion; and

3.      An Order that no attorney, party, or witness shall make any reference to the filing of this Motion, whether it be granted or denied.

4.      A negative-inference instruction to the jury, advising the jury that Plaintiff willfully altered, fabricated, and/or spoliated evidence of the deposition with its failure to conduct discovery and comply with the rules applicable to the deposition of Mr. Smith.

This Motion is made of the following grounds:

1.  Plaintiff's counsel engaged in gamesmanship that hindered Defendant's ability to cross-examine SA Smith.

2.  Plaintiff's counsel intentionally omitted Defendant's objections to Plaintiff's written examination questions and rewrote Defendant's cross-examination questions in the examination questions he served on the court reporter.

3.  Plaintiff's counsel changed the date of the deposition without notice to Defendant.

4.  Plaintiff's counsel deliberately switched court reporters just prior to the deposition, further hindering Defendant's ability to include his original questions in the transcript, to include his objections, and to add exhibits to the record by providing that information to the court reporter before

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

the deposition of Mr. Smith.

5.  The deposition does not have attached to it the questions, cross-examination questions, or the notice of the deposition transcript to the transcript, in violation of Fed. Rule of Civ. Proc., Rule 31(b)(3).

6.  Plaintiff's questions were objectionable because they misrepresented Defendant's testimony and the testimony of John Moynihan ("Moynihan") and were compound.

Defendant's counsel attempted to meet and confer with Plaintiff's counsel via email sent on Friday, June 20, 2025 to discuss this motion  before filing it. However, Plaintiff's counsel did not respond to Defense counsel's email, which prompted Defendant to file this Motion in Limine.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the Declaration of Michael C. Murphy, Esq., the pleadings and other documents on file with the Court, and upon such other and further matters that the Court may consider when ruling on this Motion.

Dated: June 27, 2025       LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

iii.

# **TABLE OF CONTENTS**

I.     **INTRODUCTION**………………………………………………..….1

II.    **BACKGROUND FACTS**……………………………………………..1

       A. Plaintiff's Counsel Engaged in Gamesmanship Conducting the
          Deposition of SA Smith……………………………………………..1

III.   **LEGAL ARGUMENT**…………………………………………..…2

       **A. Grounds for Bringing a Motion in
          Limine**………………………..………………………………...2

       **B. Grounds for Excluding the Deposition Testimony of SA Smith**……4

              1.  Plaintiff Deliberately Omitted Defendant's Objections and
                  Rewrote Defendant's Cross-Examination
                  Questions………………………………………………….4

              2.  Plaintiff's Counsel Deliberately Changed the Deposition Date
                  and Switched Court
                  Reporters………………………………………………....6

              3.  Plaintiff's Counsel's Questions Misrepresented the
                  Evidence……………………………………………..……8

              4.  The Reporter Failed to Attach the Deposition Notice and the
                  Questions to the
                  Transcript…………………………………………….…..9

       **C. Evidentiary Sanctions Excluding the Deposition Testimony of SA
          Smith are Warranted Under the Circumstances**………………...10

       **D. An Adverse Jury Instruction May Be Appropriate**……………..11

       **E. Compliance by Counsel and Witnesses**……………………………12

       **F. Plaintiff Ignored Defendant's Efforts to Meet and Confer**………..12

IV.    **CONCLUSION**……………………………………......................14

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT
DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

# TABLE OF AUTHORITIES

**Page No.**

## Cases

*Cedars-Sinai Medical Center v Superior Court*

(1998) 18 Cal.4th 1, 12 ................................................................................................................ 11

Luce v. U.S.,

469 U.S. 38, 41 .......................................................................................................................... 2

Mark Industries, Ltd. v Sea Captain's Choice, Inc.,

50 F.3d 730, 732-733 ............................................................................................................. 4, 10

Taylor v Illinois,

484 U.S. 400, 414 (1988) ........................................................................................................ 10

U.S. v Chan

184 F.Supp.2d 337, 340 (S.D. N.Y. 2002) ............................................................................... 3

U.S. v Cline,

188 F.Supp.2d 1287, 1291 (D. Kan. 2002) .............................................................................. 3

U.S. v Luce,

713 F.2d 1236, 1239-40 (6th Cir. 1983) ................................................................................... 3

U.S. v Tokash,

282 F.3d 962, 968 (7th Cir. 2002) ............................................................................................ 3

U.S. v. Caputo,

3113 F.Supp.2d 764, 767-768 (N.D. Ill. 2004) ........................................................................ 3

United States v Heller

551 F.3d 1108, 1111 (9th Cir. 2009) ........................................................................................ 2

Wanderer v Johnston,

910 F.2d 652, 655-56 (9th Cir. 1990) ..................................................................................... 10

Williams v. Board of Regents of Univ. Sys. of Georgia,

629 F.2d 993, 999-1001 (5th Cir. 1980) ................................................................................... 3

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

v.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

# Rules

Fed. Rule of Civ. Proc., Rule 31 .................................................................................................. 3

Fed. Rule of Civ. Proc., Rule 31(b)(3).................................................................................... 4, 11

Fed. Rule of Evidence, Rule 403 ............................................................................................... 10

Fed. Rules of Civ. Proc., Rule 37(b)(2)(A)(ii)......................................................................... 4, 10

Federal Rule of Civil Procedure, Rule 31(a)(5) .......................................................................... 4

Federal Rule of Civil Procedure, Rule 32(d)(3)(B)(i)(ii) and (C) ................................................. 5

Federal Rule of Civil Procedure, Rule 32(d)(C) .......................................................................... 4

Federal Rule of Civil Procedure, Rules 30(c)(3) ......................................................................... 5

Federal Rule of Civil Procedure, Rules 31(b)........................................................................... 5, 9

Federal Rule of Civil Procedure, Rules 32(d)(2)(A)-(B) ............................................................. 7

Federal Rule of Civil Procedure, 28(a)(A)-(B)............................................................................ 7

Federal Rules of Civil Procedure, Rule 28 .................................................................................. 6

Federal Rules of Evidence 103(d)................................................................................................ 3

Federal Rules of Evidence 104(c)................................................................................................ 3

# Jury Instructions

CACI Jury Instruction 204............................................................................................................ 11

# Local Rules

Local Rule 7-3 ............................................................................................................................ 12

**DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This Motion in Limine seeks an Order preventing Plaintiff Robert Hunter Biden ("Plaintiff") from introducing, using, or otherwise referencing the deposition testimony of Special Agent David Smith (hereafter "SA Smith").

## II.    BACKGROUND FACTS

### A. **Plaintiff's Counsel Engaged in Gamesmanship Conducting the Deposition of SA Smith**

On March 14, 2025, Plaintiff served his Notice of Deposition of FBI Special Agent David Smith on Defendant's counsel. Plaintiff's Notice failed to identify the court reporter and the court reporter's address in the notice of deposition and as required by the Rules. This failure to properly identify the court reporter was the subject of Defendant's March 27, 2025, Ex Parte Application requesting that Plaintiff's counsel comply with the procedures set out in Rule 31. The Court denied Defendant's Ex Parte Application, but gave Defendant until April 7, 2025, to serve his written questions and objections based on the irregularities in Plaintiff's counsel's notice. The Court previously ordered on March 18, 2025, that the parties exchange their written questions, cross-examination questions, and any objections within the timeframe set out in Rule 31.

Defendant complied with the Court's orders and timely served his written questions and objections on Plaintiff's counsel on April 3, 2025. On April 7, 2025, Plaintiff's counsel served a new deposition notice for SA Smith, which scheduled the deposition for April 15, 2025, and which specifically identified Sherry Brooks, a certified shorthand reporter, as the court reporter for the deposition. Alarmingly, the notice included rewritten versions of Defendant's questions, and omitted Defendant's timely-served objections. On April 7, 2025, Defense counsel served a copy of Defendant's original questions and objections on the Department of Justice's ("DOJ") counsel, Sean Bean, Esq. Plaintiff's counsel then told Mr. Bean

to disregard Defense counsel's email, questions, and objections.

On April 10, 2025, Defense counsel mailed a sealed envelope containing a letter along with Defendant's original questions and objections, this Court's March 18, 2025, Order, and a copy of Plaintiff's questions to Sherry Brooks, the identified court reporter. On April 11, 2025, Ms. Brooks received the envelope at the address identified on Plaintiff's April 7, 2025, deposition notice and four days before the deposition was to be taken. However, the deposition went forward on April 21, 2025, not April 15, 2025, as noticed, and SA Smith's deposition proceeded before an unknown and previously undisclosed "registered professional reporter" by the name of Steven Poulakos. Due to Plaintiff's counsel's gamesmanship, the court reporter who took SA Smith's deposition never received Defendant's drafted questions, objections, and the exhibits Defendant wanted attached to the deposition transcript of Mr. Smith and used during his deposition. Mr. Poulakos confirmed via email that he never received the documents the Defense provided to the court reporter Ms. Sherry Brooks.

Lastly, neither the deposition notice nor the questions were attached to the transcript, as required by the Federal Rules of Civil Procedure.

Therefore, this Court should grant this Motion and preclude Plaintiff, his counsel and his witnesses from introducing, using, or otherwise referencing the deposition testimony of SA Smith for any reason including during the trial of this case.

## III.    LEGAL ARGUMENT

### A. Grounds for Bringing a Motion in Limine

Motions in limine are procedural mechanisms that allow parties and the courts to limit testimony or evidence in a particular area prior to trial. United States v Heller 551 F.3d 1108, 1111 (9th Cir. 2009). The Court has inherent power to grant a motion in limine to exclude evidence that could be objected to at trial. Luce v. U.S., 469 U.S. 38, 41; U.S. v. Caputo, 3113 F.Supp.2d 764, 767-768 (N.D.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Towngate Road, Suite 330
Westlake Village, CA 91361

2.

Ill. 2004). The purpose of the motion is to avoid the risk of allowing prejudicial evidence to be presented to the jury because once the prejudicial evidence is heard by the jury, it will be impossible to "unring the bell." U.S. v Cline, 188 F.Supp.2d 1287, 1291 (D. Kan. 2002). Having evidentiary issues raised in advance of trial before the jury is impaneled streamlines trial, settles evidentiary disputes, and avoids interrupting the flow of trial due to complicated evidentiary issues. U.S. v Tokash, 282 F.3d 962, 968 (7th Cir. 2002).

Federal Rules of Evidence 103(d) and 104(c) allow the court to hear and determine the question of the admissibility of evidence outside the presence of the jury. Williams v. Board of Regents of Univ. Sys. of Georgia, 629 F.2d 993, 999-1001 (5th Cir. 1980). Motions in limine are used to preclude prejudicial or objectionable evidence before the evidence is presented to the jury. U.S. v Chan 184 F.Supp.2d 337, 340 (S.D. N.Y. 2002). The motion is appropriate because it alerts the Court to evidentiary issues and is an acceptable method to seek "advisory opinions" from the Court regarding the admissibility of evidence. U.S. v Luce, 713 F.2d 1236, 1239-40 (6th Cir. 1983).

Here, Defendant is seeking to preclude the use of the deposition testimony of SA Smith at trial because Plaintiff engaged in gamesmanship that impeded Defendant's ability to fully participate in the written deposition process. The Court made it clear that Defendant would participate in the written deposition process and gave the parties deadlines to follow. The Court ordered the parties to exchange their questions pursuant the schedule outlined in Fed. Rule of Civ. Proc., Rule 31 in the Court's March 18, 2025, Order denying Defendant's ex parte application to preclude the deposition of SA Smith. On March 31, 2025, the Court extended Defendant's deadline to serve his objections and cross-examination questions to April 7, 2025. Defendant served the cross-examination questions on April 3, 2025. The Court also stated that the parties may submit any objections to questions pursuant to the same schedule. Plaintiff violated the Court's orders by wilfully

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

3.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

precluding Defendant's full participation in the written deposition. Specifically, Plaintiff's counsel rewrote Defendant's cross-examination questions, deliberately omitted Defendant's objections to Plaintiff's questions, swapped court reporters at the last minute, changed the deposition date of the witness, and submitted questions full of misrepresentations of evidence. Moreover, the reporter, clearly inexperienced when it came to handling this kind of deposition, failed to attach a copy of the questions and the notice to the deposition transcript, a violation of Fed. Rule of Civ. Proc., Rule 31(b)(3).

Finally, the motion is timely because the evidence sought to be excluded was obtained only recently. The deposition of SA Smith occurred on April 21, 2025, and Defendant was not made aware of Plaintiff's gamesmanship until after his counsel received the deposition transcript on April 30, 2025.

B. **Grounds for Excluding the Deposition Testimony of SA Smith**

Defendant seeks to exclude the use of the deposition testimony of SA Smith because Plaintiff defied Court orders permitting Defendant's participation in the written deposition process. Plaintiff's discovery abuses in relation to the deposition of SA Smith warrant evidentiary sanctions pursuant to Fed. Rules of Civ. Proc., Rule 37(b)(2)(A)(ii) and pursuant to the Court's own inherent powers. (*See* Mark Industries, Ltd. v Sea Captain's Choice, Inc., 50 F.3d 730, 732-733.) Plaintiff should not be permitted to benefit from his counsel's wilful abuse of the written deposition process, as more fully outline below, or from the use of a procedurally defective transcript.

1. Plaintiff's Counsel Deliberately Omitted Defendant's Objections and Rewrote Defendant's Cross-Examination Questions.

Federal Rule of Civil Procedure, Rule 32(d)(C) requires a party to serve an objection to a written deposition question within the time frame to serve written cross-examination questions pursuant to Federal Rule of Civil Procedure, Rule 31(a)(5). Failure to timely serve objections to a written question waives the

4.

objection, pursuant to Federal Rule of Civil Procedure, Rule 32(d)(3)(B)(i)(ii) and (C). Pursuant to Federal Rule of Civil Procedure, Rules 30(c)(3) and 31(b), Plaintiff's counsel was to serve on the court reporter a copy of all the questions and objections served on him without alteration. Technically, the questions are supposed to be served on the noticing party in a sealed envelope, who then serves the unopened envelope on the court report. To speed up the process, Defense counsel timely served the objections and questions via email on April 3, 2025, under the assumption Plaintiff's counsel would simply forward Defendant's email and/or unaltered document to the court reporter.

Here, by omitting Defendant's objections, Plaintiff attempted to waive them on Defendant's behalf. Plaintiff's gamesmanship severely prejudiced Defendant because the waiver would preclude Defendant from raising the objections at trial. The Court cannot rule on objections not preserved on the record of a written deposition. Moreover, Defendant is prejudiced because the witness will assume there are no issues with the question if no objection is raised. Had the objections been read on the record, the witness might have provided a different answer because the objection would have alerted the witness to issues in the question. Even if the witness's answers remained the same, the objections should have been read on the record to preserve them for later ruling by the Court.

As for Defendant's questions, Plaintiff rewrote 2, 4, and 5, materially changing the questions. Defendant's original Question 2 asked about one recording, but Plaintiff's counsel's version asked about multiple recordings, rendering SA Smith's testimony misrepresentative of the evidence Defendant sought. Question 4 originally asked whether the NSA confirmed "the voice identification of the individual on the three voicemails *included on the recording*..." Plaintiff's counsel's version asked whether the NSA confirmed "the voice identification of the individual on the three voicemails *including the*

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

5.

*recording…*" Plaintiff's version changes the meaning of question because it implies that the recording and the three voicemails were separate recordings, whereas Defendant's question identified the three voicemails as being on - and a part of - the original recording. Finally, Plaintiff's version of Question 5 omitted the word "individual," rendering the question vague and ambiguous. The changes to these questions rendered any answer misrepresentative of the evidence sought by Defendant and violated the relevant rules. The questions SA Smith answered were Plaintiff's questions, not Defendant's intended questions.

2. <u>Plaintiff's Counsel Deliberately Changed the Deposition Date and Switched Court Reporters</u>.

Federal Rules of Civil Procedure, Rule 28 states:

"(a) WITHIN THE UNITED STATES.

(1) *In General.* Within the United States or a territory or insular possession subject to United States jurisdiction, a deposition must be taken before:

(A) an officer authorized to administer oaths either by federal law or by the law in the place of examination; or

(B) a person appointed by the court where the action is pending to administer oaths and take testimony.

(2) *Definition of ''Officer.''* The term ''officer'' in Rules 30, 31, and 32 includes a person appointed by the court under this rule or designated by the parties under Rule 29(a)."

Federal Rule of Civil Procedure, Rule 29, states in pertinent part:

"Unless the court orders otherwise, the parties may stipulate that:

(a) a deposition may be taken before any person, at any time or place, on any notice, and in the manner specified—in which event

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

it may be used in the same way as any other deposition; and

(b) other procedures governing or limiting discovery be modified—

but a stipulation extending the time for any form of discovery

must have court approval if it would interfere with the time

set for completing discovery, for hearing a motion, or for trial."

Federal Rule of Civil Procedure, Rule 31(a), states in pertinent part:

"(3) *Service; Required Notice.* A party who wants to depose a

person by written questions must serve them on every other

party, with a notice stating, if known, the deponent's name

and address. If the name is unknown, the notice must provide

a general description sufficient to identify the person or the

particular class or group to which the person belongs. The notice

must also state the name or descriptive title and the address

of the officer before whom the deposition will be taken."

As stated above, Plaintiff's April 7, 2025, deposition notice had the deposition date set for April 15, 2025. However, and without any notice to Defendant that deposition date was changed and the deposition went forward on April 21, 2025.

Further, Plaintiff initially identified Sherry Brooks, a certified shorthand reporter, as the court reporter for the deposition of SA Smith. However, the person who took the deposition and that was not disclosed in advance to Defendant's counsel and before the deposition was taken was Steven Poulakos, a "registered professional reporter." He is not a certified shorthand reporter. Had Defense counsel been aware that he was to take the deposition, Defense counsel would have objected to his qualifications pursuant to Federal Rule of Civil Procedure, Rules 32(d)(2)(A)-(B), and 28(a)(A)-(B).

/ / /

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Further, the use of Mr. Poulakos violates the Federal Rules of Civil
Procedure because he is not the court reporter identified on the deposition notice.
Defense counsel relied on the identification of the court reporter to send her
Defendant's original objections and questions and other exhibits in advance of the
written deposition of SA Smith. Plaintiff's bait and switch with the court reporter
resulted in severe prejudice to Defendant because he was precluded from fully
participating in written deposition process. Moreover, Defendant sent deposition
exhibits to someone identified by Plaintiff as the court reporter, but who was
ultimately not involved in the deposition process.

3. Plaintiff's Counsel's Questions Misrepresented the Evidence.

Plaintiff's questions Misrepresented the evidence and testimony proffered
in this case. The following are specific examples of the misrepresentations
evident in Plaintiff's examination questions:

In addition to being compound, Question 6 misrepresented Defendant's
testimony because Defendant made it clear in Volume 3 of his deposition that the
recording was 60-70 percent of the voicemails and there was "some overtalk"
between Defendant and Movie Star. Further, the question fails to acknowledge
that the recording in request consisted of an audio recording of two people talking
while additional recordings are being played. Therefore, any response to the
question would beg the question as to which part of the question SA Smith's
answer relates.

Question 9 likewise fails to clarify who worked to verify the identity of the
person on the voicemails, which mentioned such person for the first time in the
question itself. Defendant never actually testified that SA Smith did the work to
identify the speaker. Defendant testified that SA Smith conveyed to Defendant
the name of the speaker *after* others had performed the work identifying the
speaker. Questions 10, 11, and 12 have the same issues because they imply that
SA Smith identified the speaker when in fact he did not. (Deposition of

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

8.

Defendant Patrick M. Byrne, Vol. II, 270:23-271:10.)

Setting aside the issue of relevance, Question 13 misrepresents Defendant's testimony, which clarified that it was Moynihan that informed Defendant of the contents from the letter of Christopher Wray, and not SA Smith. Defendant testified that SA Smith told Moynihan of the contents of the letters. Moynihan himself testified that he could not recall details related to the letter but never denied its existence. (Deposition of Defendant Patrick Byrne, Vol. III, 525:8-24.)

Finally, all of Plaintiff's questions to SA Smith were compound, rendering it difficult to understand what was inaccurate in the information presented in each question.

4.  <u>The Reporter Failed to Attach the Deposition Notice and the Questions
    to the Transcript</u>.

Federal Rules of Civil Procedure, Rule 31(b) states:

"DELIVERY TO THE OFFICER; OFFICER'S DUTIES. The party who noticed the deposition must deliver to the officer a copy of all the questions served and of the notice. The officer must promptly proceed in the manner provided in Rule 30(c), (e), and (f) to:

(1) take the deponent's testimony in response to the questions;

(2) *prepare and certify the deposition; and*

*(3) send it to the party, attaching a copy of the questions*

*and of the notice*."

Mr. Poulakos, the "registered shorthand reporter" who handled the deposition of SA Smith, failed to attach a copy of the questions and the notice to the deposition transcript. Mr. Poulakos advised Defense counsel that he had no prior experience with a written deposition, and that no exhibits were attached to the deposition. He confirmed, however, that he had the questions. Based on his inexperience, it is clear that he did not know he needed to attach the questions and the notice to the deposition transcript.

DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT
DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

### C. **Evidentiary Sanctions Excluding the Deposition Testimony of SA Smith are Warranted Under the Circumstances**

Based on the foregoing wilful actions taken by Plaintiff's counsel in relation to the deposition of SA Smith, the Court can and should grant evidentiary sanctions excluding the use of and reference to the deposition testimony of SA Smith at the time of trial, pursuant to Fed. Rules of Civ. Proc., Rule 37(b)(2)(A)(ii) and pursuant to the Court's own inherent powers. (*See* Mark Industries, Ltd. v Sea Captain's Choice, Inc., 50 F.3d 730, 732-733; *See also* Wanderer v Johnston, 910 F.2d 652, 655-56 (9th Cir. 1990) (courts have wide discretion to impose discovery sanctions). The Court has broad powers to preclude evidence that will undoubtedly mislead the jury and that poses a danger of being unduly prejudicial, pursuant to Fed. Rule of Evidence, Rule 403. Plaintiff's counsel wilfully interfered with Defendant's ability to fully participate in the written deposition of SA Smith, in violation of this Court's orders and the Federal Rules of Civil Procedure. Plaintiff had no business omitting Defendant's objections, rewriting Defendant's questions, changing the deposition date, and changing the court reporter without notice.

Plaintiff's discovery abuses related to the deposition of SA Smith also warrant exclusion because the evidence presented is, in essence, fabricated testimony. Plaintiff's omissions of Defendant's objections to Plaintiff's questions gave the witness to present to the Court the false impression that Defendant was fine with the questions as framed. Further, the revision of three of Defendant's questions gave the witness the false impression that Defendant drafted the questions that were presented to him. However, as stated above, the witness's answers to those questions were, in fact, answers to *Plaintiff's* questions, not Defendant's questions. In engaging in this behavior, Plaintiff attempted to tilt the testimony of SA Smith in his favor even after failing to convince Defense counsel to blindly stipulate to the admissibility of SA Smith's testimony. *See* Taylor v Illinois, 484 U.S. 400, 414 (1988) ("If a pattern of discovery violations is

explicable only on the assumption that the violations were designed to conceal a plan to present fabricated testimony, it would be entirely appropriate to exclude the tainted evidence regardless of whether other sanctions would also be merited.") If the testimony of SA Smith is presented to the jury as is, then the jury will only hear the evidence Plaintiff sought to obtain from SA Smith, and not the testimony sought by both Parties. The jury will be falsely led to believe that Plaintiff's questions were fine, assuming the Court would have had an opportunity to rule on any objections, and the jury will assume that all the cross-examination questions presented to SA Smith were drafted by Defendant's counsel.

Finally, exclusion of the use of the deposition of SA Smith is appropriate because the transcript is defective because the reporter failed to comply with Fed. Rule of Civ. Proc., Rule 31(b)(3).

### D. **An Adverse Jury Instruction May Be Appropriate**

Plaintiff impeded with Defendant's participation in the deposition of SA Smith, which warrants an adverse jury instructions, informing the jury that Plaintiff engaged in intentional conduct to spoliate, fabricate, or otherwise alter evidence in this case. The Parties have included CACI Jury Instruction 204, Willful Suppression of Evidence, as a proposed instruction. The instruction can be modified in the event of improper alteration or intentional spoliation of evidence. (See *Cedars-Sinai Medical Center v Superior Court* (1998) 18 Cal.4th 1, 12: "…trial courts are free to adapt standard jury instructions on willful suppression to fit the circumstances of the case…") While the *Cedars-Sinai* case is a California Supreme Court case, and the Federal Rules of Civil Procedure and Evidence control in a Federal trial, a modification of this instruction is appropriate under the persuasive authority of the California Supreme Court because the Manual of Model Civil Jury Instructions for the District Courts of the Ninth Circuit does not contain a comparable instruction regarding alteration or fabrication of evidence in a non-criminal case. It is respectfully requested that the Court modify CACI Instruction

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

11.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

204 to suit the circumstances of this case, alerting the jury that Plaintiff engaged in attempts to alter, spoliate, or otherwise fabricate evidence by manipulating the testimony of SA Smith.

### E. **Compliance by Counsel and Witnesses**

In the event that this Court grants this Motion, Defendant requests counsel to instruct associates, clients, witnesses, and other persons under their control that no mention or display be made in the presence of the jury of the matter that is the subject of the motion which is the deposition of Agent Smith. Without prior leave of court, counsel must not ask a question that: (1) suggests or reveals evidence that was excluded; or (2) reasonably may be anticipated to elicit testimony that was excluded.

### F. **Plaintiff Ignored Defendant's Efforts to Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Defendant's counsel attempted to meet and confer with opposing counsel in advance of the filing of this motion in order to informally resolve the issues presented in this motion prior to trial. However, Plaintiff's counsel ignored Defense counsel's attempt to meet and confer, which prompted its filing.

### IV.    <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion.


Dated: June 27, 2025        LAW OFFICES OF MICHAEL C. MURPHY


                            By: /s/ Michael C. Murphy, Esq.


                            _____
                            Michael C. Murphy, Esq.
                            Michael C. Murphy, Jr., Esq.
                            Attorneys for Defendant, Patrick Byrne

12.

**DEFENDANT'S MOTION IN LIMINE NO. 8 TO EXCLUDE THE DEPOSITION TESTIMONY OF SPECIAL AGENT DAVID SMITH; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**