Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Bryan M. Sullivan, State Bar Number 209743
  bsullivan@earlysullivan.com
Zachary C. Hansen, State Bar Number 325128
  zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2 TO EXCLUDE TESTIMONY OR EVIDENCE OF PLAINTIFF'S SEVERE ALLEGED EMOTIONAL DISTRESS**<br><br>Date: July 21, 2025<br>Time: 3:00 P.M.<br>Place: Ctrm. 10A<br><br>Judge: Hon. Stephen V. Wilson |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

By this motion in limine, Defendant Patrick M. Byrne ("Defendant") seeks to exclude any evidence or testimony of the emotional distress that Plaintiff Robert Hunter Biden ("Plaintiff") suffered as a result of the defamatory statements that Defendant made about Plaintiff on the grounds that Plaintiff has not presented any evidence of such emotional distress except his own testimony. Plaintiff will not be seeking any emotional distress damages at trial and will not include such damages on the verdict form. Rather Plaintiff will be seeking nominal damages as a result of Defendant's statements which constitute defamation *per se*. Therefore, this motion should be denied because it is moot.

## II. ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). When an issue in the case that is the subject of a motion in limine has become moot, that is grounds to deny the motion. *Id*. Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

To exclude evidence on a motion in limine, the evidence must be "clearly inadmissible on all potential grounds." *Matrix Int'l Textile, Inc, v. Monopoly Textile, Inc.*, 2017 WL 2929377, at *1 (C.D. Cal. May 14, 2017) (citation omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Id.* (citation omitted). This is because although rulings on motions in limine may save "time, cost, effort and preparation, a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Id.* (citation omitted).

Plaintiff has indicated that he will not be seeking any emotional distress damages at trial, and rather will seek nominal damages and punitive damages as a result of Defendant's statements which constitute defamation *per se*. When a plaintiff can plead and prove defamation *per se* "it need not prove special damages: '[D]amage to plaintiff's reputation is conclusively presumed and he need not introduce evidence of actual damages in order to obtain or sustain an award of damages' including, in an appropriate case, punitive damages." *Barnes-Hind, Inc. v. Superior Court*, 181 Cal.App.3d 377, 382 (1986) (quoting *Contento v. Mitchell*, 28 Cal.App.3d 356, 358 (1972).) "Where the trier of fact has found the existence of [defamation] per se, and has found the requisite malice in fact, an award of punitive damages is proper despite the absence of a specific award of nominal damages.". *Contento*, 28 Cal.App.3d at 359. Finally, it is well-settled that "one guilty of libel per se is liable to the person libeled for at least nominal damages." *Di Giorgio Fruit Corp. v. Am. Fed'n of Lab.& Cong. Of Indus. Organizations*, 215 Cal.App.2d 560, 577 (1963). Accordingly, Defendant's Motion in Limine No. 2 is moot and should be denied.

## III. CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 2.

Dated: June 30, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: /s/ *Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048



Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorney for Plaintiff*
*Robert Hunter Biden*



5814580.1

4

**PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 2**