1  Richard A. Harpootlian, *pro hac vice*
   rah@harpootlianlaw.com
2  Phillip Barber, *pro hac vice*
   pdb@harpootlianlaw.com
3  RICHARD A. HARPOOTLIAN, PA
   1410 Laurel Street
4  Columbia, South Carolina 29201
   Telephone: (803) 252-4848
5  Facsimile: (803) 252-4810

6  Bryan M. Sullivan, State Bar Number 209743
    bsullivan@earlysullivan.com
7  Zachary C. Hansen, State Bar Number 325128
    zhansen@earlysullivan.com
8  EARLY SULLIVAN WRIGHT
    GIZER & McRAE LLP
9  6420 Wilshire Boulevard, 17th Floor
   Los Angeles, California 90048
10 Telephone:  (323) 301-4660
   Facsimile:  (323) 301-4676
11
   Attorneys for PLAINTIFF
12 ROBERT HUNTER BIDEN

13              **UNITED STATES DISTRICT COURT**

14              **CENTRAL DISTRICT OF CALIFORNIA**

15                   **WESTERN DIVISION**

| | |
|---|---|
| 16  ROBERT HUNTER BIDEN, an individual, | Case No. 2:23-cv-09430-SVW-PD |
| 17 | **PLAINTIFF ROBERT HUNTER BIDEN'S SUPPLEMENTAL** |
| 18              Plaintiff, | **OPPOSITION TO DEFENDANT'S MOTION IN LIMINE NO. 6 TO** |
| 19       vs. | **EXCLUDE TESTIMONY OR EVIDENCE OF DEFENDANT'S** |
| 20  PATRICK M. BYRNE, an individual, | **FINANCIAL CONDITION** |
| 21              Defendant. | Date: July 21, 2025 |
| 22 | Time: 3:00 P.M. Place: Ctrm. 10A |
| 23 | Judge: Hon. Stephen V. Wilson |

24

25

26

27

28

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

5814594.2

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

By this motion in limine, Defendant Patrick M. Byrne ("Defendant") seeks to exclude any evidence or testimony regarding Defendant's financial condition, on the grounds that such evidence is irrelevant to the determination of liability in this matter and prejudicial.    Defendant's argument fails because evidence of his financial condition is relevant to Plaintiff Robert Hunter Biden's ("Plaintiff") punitive damages claim and there has been no bifurcation of the liability and damages phases of this trial, despite both parties requesting such a bifurcation.    Therefore, there cannot be a blanket exclusion of evidence regarding Defendant's financial condition, which is relevant to the determination of punitive damages, unless the Court orders the liability and damages phases to be bifurcated under Federal Rule of Civil Procedure 42.

Accordingly, Defendant's Motion in Limine No. 6 to exclude any evidence or testimony regarding Defendant's financial condition should be denied.

### II.    ARGUMENT

Motions in limine are procedural devices to obtain an early and preliminary ruling on the admissibility of evidence. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009).  Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the Supreme Court has noted that trial judges have developed the practice pursuant to their authority to manage trials. See *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). Trial courts have broad discretion when ruling on motions in limine. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002).

However, "a motion in limine should not be used to resolve factual disputes or weigh evidence." *C & E Servs.*, 539 F.Supp.2d at 323.  A motion in limine is not the proper vehicle for seeking a dispositive ruling on a claim, particularly after the deadline for filing such motions has passed. *See Dubner v. City and Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001); *see also* Jones, et al., Rutter Group

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

1   Prac. Guide Fed. Civ. Trials & Evid., ¶ 4:345 (The Rutter Group, 2006) ("Motions *in*
2   *limine* may not be used, however, as a disguise for a motion for summary judgment
3   or to dismiss.").

4         "Motions in limine that seek exclusion of broad and unspecific categories of
5   evidence, however, are generally disfavored." *Kaneka Corporation v. SKC Kolon PI,*
6   *Inc.*, 2015 WL 12696109, *2 (C.D. Cal. Nov. 5, 2015) (quoting *Sperberg v. The*
7   *Goodyear Tire and Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975)). Courts have
8   recognized that it "is almost always better situated during the actual trial to assess the
9   value and utility of evidence. [citation omitted]…Therefore, when confronted with
10  this situation, "a better practice is to deal with questions of admissibility of evidence
11  as they arise [in actual trial]" as opposed to tackling the matter in a vacuum on a
12  motion in limine. [Citation omitted]." *Kaneka*, 2015 WL 12696109, *2.  Here,
13  Plaintiff seeks to exclude the broad category of any evidence of Defendant's financial
14  condition.  That is improper and should be denied.

15        **A.    Evidence of Defendant's Financial Condition is Relevant to the**
16              **Determination of Punitive Damages.**

17        Defendant's basis for excluding evidence of his financial condition is that such
18  evidence is irrelevant to the determination of liability in this matter.  However,
19  Defendant admits in the Motion "[t]his evidence will only become relevant if the jury
20  finds Defendant liable and makes a finding that Defendant is liable for punitive
21  damages." (Motion, at 2:2-4.)  Additionally, in his Memorandum of Contentions of
22  Fact and Law, filed on November 5, 2024, Defendant admits that if the jury finds him
23  liable for defamation in this case, "[o]nce they do so, they will have to consider
24  Defendant's financial condition as part of their determination of punitive damages."
25  (See Dkt. No. 94, at 15:3-7.)  Central District Local Rule 16-4.3 requires any request
26  for bifurcation to be contained in the Parties' memorandum of contentions of law and
27  fact.  While both parties have sought a bifurcation order in this matter to separate the
28  issues of liability from those involving the determination of punitive damages, the

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

1  Court has not issued any such bifurcation order pursuant to Federal Rule of Civil
2  Procedure 42. Accordingly, without an order bifurcating the liability phase of the trial
3  from the punitive damages phase of the trial, the Parties agree that Defendant's
4  financial condition is indeed relevant. This position is also supported by relevant case
5  law. *See Diaz v. Tesla, Inc.*, 697 F.Supp. 906 (N.D. Cal. 2023) (Defendant's financial
6  condition may be considered by the jury in awarding punitive damages); *see also*
7  *Century Surety Co. v. Polisso*, 139 Cal.App.4th 922, 960 (2006) ("The courts have
8  long recognized that the defendant's financial condition is an essential factor in setting
9  the amount of a punitive damage award that will be sufficient to serve the goals of
10 retribution and deterrence without exceeding the necessary level of punishment.");
11 *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 427-428, 123 S.Ct. 1513
12 (2003) (evidence of Defendant's financial condition is relevant to determination of
13 punitive damages).

14      As such, without an order bifurcating the issues of liability and punitive
15 damages in this case, evidence of Defendant's financial condition is relevant to the
16 material issues in this case and should not be excluded.

17      **B.     The Probative Value of Evidence of Defendant's Financial**
18           **Condition is Probative of Plaintiff's Punitive Damages Claims and**
19           **Outweighs Any Alleged Prejudice to Defendant.**

20      Citing Federal Rule of Evidence 401, Defendant also argues that the prejudice
21 to him from the presentation of evidence of his financial condition substantially
22 outweighs its probative value. That argument is nonsensical. Plaintiff alleged in the
23 complaint that he was seeking punitive damages as a result of Defendant's defamatory
24 statements about Plaintiff. It is thus part of Plaintiff's case and highly probative of
25 damages. *See Sandigo v. Ocwen Loan Servicing, LLC*, 2019 WL 2579341, *3 (N.D.
26 Cal. Jun. 24, 2019). Defendant's argument of prejudice should be rejected.

27      ///
28      ///

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5814594.2

4

## III.  <u>CONCLUSION</u>

For the foregoing reasons, the Court should deny Defendant's Motion In Limine No. 6.

Dated:  June 30, 2025

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP


By:  <u>/s/ Zachary C. Hansen</u>

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
Phillip Barber, *pro hac vice*
*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorney for Plaintiff*
*Robert Hunter Biden*