Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S RULE 26 FINAL PRETRIAL DISCLOSURES**<br><br>Complaint Filed:  November 8, 2023<br>Trial Date:          July 29, 2025 |

**PLAINTIFF'S RULE 26 FINAL PRETRIAL DISCLOSURES**

Pursuant to Federal Rule of Civil Procedure 26(a)(3), Plaintiff Robert Hunter Biden ("Plaintiff") makes the following pretrial disclosures below, which supplement his previous Rule 26 disclosures as set forth herein.

## I. WITNESSES

Plaintiff expects to call the following witnesses at trial:

1. Plaintiff Robert Hunter Biden, who may be contacted through counsel of record for Plaintiff. This individual has information about all aspects of the allegations in the Complaint and Defendant's defenses thereto.

2. Defendant Patrick M. Byrne, who may be contacted through his counsel of record. It is believed by Plaintiff that this individual has information about all aspects of the allegations in the Complaint and Defendant's defenses thereto.

3. John F. Moynihan, c/o Brian Della Rocca, Esq., Della Rocca Law LLC, 9801 Washington Blvd., Ste. 710, Gaithersburg, Maryland 20878, (240) 455-5090. This individual has information about Defendant's claims regarding the validity of the sources he relied upon in making his defamatory statements, the lack of evidentiary support thereof, and facts supporting Plaintiff's claims. This witness's testimony will be presented by designated portions of his deposition transcript.

4. FBI Special Agent David Smith, c/o Samuel Bean, Esq., U.S. Department of Justice, Civil Division, Federal Programs Branch, 1100 L Street, N.W., Washington, DC 20005, (202) 455-9619. This individual has information about Defendant's claims regarding the validity of the sources he relied upon in making his defamatory statements, the lack of evidentiary support thereof, and facts supporting Plaintiff's claims. This witness's testimony will be presented by designated portions of his deposition transcript.

## II. DEPOSITION DESIGNATIONS

Plaintiff intends to designate portions of the transcripts from the following depositions in this matter:

1. Depositions of Defendant Patrick M. Byrne (dated December 13, 2024,

December 14, 2024, and February 4, 2025)[1];

2. Deposition of John F. Moynihan (dated February 14, 2025); and

3. Deposition of FBI Special Agent David Smith (dated April 21, 2025).

Citations to the designated portions of each respective deposition transcript that Plaintiff intends to admit at trial are set forth in the attached Exhibits A-C, respectively.

### III.  IDENTIFICATION OF EXHIBITS

The exhibits Plaintiff intends to rely upon at trial in this matter are set forth in the Parties' Joint Exhibit List, a copy of Plaintiff's portions thereto is attached hereto as Exhibit D.

### IV.  DAMAGES (Rule 26(a)(1)(A)(iii))

Should the Court grant Plaintiff's Motion in *Limine* No. 1 and rule that evidence of reputational damage and resulting emotional distress will not be admissible at trial, the following statement sets forth Plaintiff's damages position which is expressly contingent upon the same and shall supersede any prior disclosures.

Plaintiff's damages position is that Defendant's statements and related conduct which form the basis of Plaintiff's Complaint constitutes defamation per se, which, if proven, conclusively presumes reputational harm to Plaintiff as a result thereof and nominal damages. Accordingly, Plaintiff is not seeking damages for reputational harm beyond those nominal damages which are attributable to the presumed reputational harm caused by Defendant's statements and related conduct this matter and, therefore, Plaintiff will not present evidence of reputational harm at trial. In addition, Plaintiff is not seeking economic damages for loss of revenue from any source. At trial, Plaintiff will also seek punitive damages in an amount sufficient to punish Defendant and deter him from engaging in similar conduct in the future. Without limiting the foregoing, Plaintiff reserves the right to supplement this disclosure as appropriate pursuant to Federal Rule of Civil Procedure 26(e).

---

[1] Plaintiff is designating the transcripts of Defendant for use at trial in the event he does not appear at trial to provide live testimony.

Dated: June 30, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*