

Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:    2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE REPUTATIONAL EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:    July 21, 2025<br>Time:    3:00 p.m.<br>Courtroom:  "10A" |

1.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne opposes Plaintiff's Motion in Limine No. 1 on the grounds that the motion is untimely, does not dispose of Plaintiff's claims for damages related to his alleged loss of business earnings, lost art and book sales, lost business opportunities, and his reputation in the Jewish community, and because Plaintiff failed to properly meet and confer prior to the filing of this motion. Plaintiff is claiming that he is not seeking "reputational harm or emotional distress damages," but it is unclear from his motion whether he will still seek the damages outlined above.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.    <u>INTRODUCTION AND RELEVANT BACKGROUND</u>**

Plaintiff's motion here is untimely. Plaintiff should have known by the conclusion of fact discovery and when the trial documents were initially filed whether he planned to pursue actual damages. There is no reason why Plaintiff waited until just before the upcoming continued trial date to decide he did not wish to seek special damages related to his alleged reputational harm and alleged emotional distress.

Further, Plaintiff claims he is not seeking any "reputational harm or emotional distress" damages caused by the statements made by Defendant. However, Plaintiff's motion does not make it clear he is not seeking damages for lost business earnings, lost business opportunities, lost art and book sales, and for alleged damages to his reputation in the Jewish community. To the extent Plaintiff will waive *all* special damages identified above, and any others he may have identified in discovery, then Plaintiff needs to modify the jury instructions, witness list, exhibit list, jury instructions, and verdict forms to remove these issues and damages. Should Plaintiff fail to do so, Defendant should have the right to present relevant evidence rebutting these claimed damages.

/ / /

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

2.

Furthermore, Plaintiff's reputation is relevant to the question of liability. Plaintiff is a polarizing public figure who has been surrounded by controversy throughout his career. He is no stranger to accusations that he involved himself in politics, or that he used his father's status as Vice President and then as President to curry favor with foreign and domestic entities. Plaintiff's reputation within his community is also relevant to the question of liability. While Plaintiff does not need to present evidence of *damages*, he still needs to present evidence of *liability*, and that will naturally implicate harm to his reputation.

More specifically, Defendant relied on information he obtained concerning plaintiff's reputation and believed it as a basis in then believing the information he obtained and published that is the subject of the defamation claim by plaintiff was true. Even the plaintiff agrees that the information related to his reputation that was published prior to Defendant's publication that is the subject of this action would be admissible for that purpose.

Finally, Plaintiff failed to properly meet and confer before filing this motion. Plaintiff sent an email to Defendant's counsel at 11:01 am on Monday, June 23, 2025. Plaintiff then went ahead and filed the motion the same day as his "meet and confer" "attempt." Defendant had no chance to discuss the motion with Plaintiff. The Local Rules require the "meet and confer" conference to occur at least 7 days before the motion is filed, but Plaintiff barely afforded Defendant a few hours to even see the email. Had Plaintiff attempted to "meet and confer" with Defense counsel sooner, the Parties could have come up with a stipulation or another arrangement to deal with the issues presented in Plaintiff's motion and in Defendant's opposition.

## II.    <u>LEGAL ARGUMENT</u>

### A. **Plaintiff's Motion is Untimely**

All pretrial documents needed to be filed prior to the Pretrial Conference originally scheduled for November 25, 2024 pursuant to Local Rule 16, *et seq*.

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Defendant filed his motions in limine on November 6, 2024, but as of the Final
Pretrial Order, jointly prepared by the parties and filed by Plaintiff on November
14, 2024, Plaintiff filed no motions in limine, and Plaintiff did not indicate he
intended to do so.

Plaintiff's motion involves evidence he wishes to exclude based on claims
he is no longer making. Plaintiff should have known what claims he planned to
pursue at trial at the time the trial was originally set and should have filed this
motion sooner, or at the very least Plaintiff should have met and conferred with
Defendant's counsel sooner. When the Court continued the Trial dates and the
Pretrial Conference dates, it did so while limiting the evidence Plaintiff could seek
from Defendant and other witnesses. The Court also allowed the parties to revise
the trial documents based on evidence they obtained pursuant to the Court's orders.
This did not, however, allow the parties to reopen all deadlines, and to file motions
and pretrial documents with evidence and information previously known to the
parties.

Based on the foregoing, it is respectfully requested that the Court deny
Plaintiff's motion.

Alternatively, it is requested that if the Court is inclined to grant Plaintiff's
motion, that the granting of the motion come with the conditions that Plaintiff
modify his proposed jury instructions, verdict forms, witness list, exhibit list and
by removing all references to *all* special damages, including those damages
outlined above and those claimed during discovery. Defendant further requests that
Plaintiff's claimed damages are limited within the jury instructions and verdict
forms to only nominal damages, the only damages Plaintiff is seeking according to
his motion.

### B. **Plaintiff's Reputation is Still Relevant to the Question of Liability**

While Plaintiff is not seeking special damages, he is still seeking
compensation in the form of nominal damages and possible punitive for

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Defendant's statements. Plaintiff seeks to improperly issue a blanket limitation on the evidence Defendant can present in his defense. Plaintiff highlights the example offered by the Court in its order denying Defendant's request to reopen Plaintiff's deposition as if that is the only category of relevant reputational evidence.

For example, Plaintiff's reputation for truthfulness is relevant, since Plaintiff has a reputation for lying that includes tax evasion, which led to his disbarment. A witness's character for truthfulness – especially for someone like Plaintiff – is always relevant, and always subject to attack, pursuant to Federal Rules of Evidence, Rule 608. Plaintiff's reputation for truthfulness should not be limited to his ability to tell the truth prior to the time the statements were made because a person's ability to tell the truth is always relevant, especially when that person is testifying under oath. Similarly, Plaintiff's well-documented history of drug use and abuse is relevant so far as it impacts his testimony, and his ability to testify truthfully.

Plaintiff also garnered a reputation for using his father's status as Vice President and then as President of the United States to curry favors and monetary gain from foreign and domestic entities. Plaintiff was investigated at length for these behaviors. For example, the House Judiciary Committee and the Jouse Oversight Committee investigated Plaintiff's connections to Patrick Ho and CEFC China Energy after Plaintiff received millions of dollars from CEFC despite not performing any identifiable work, and a million dollars from Mr. Ho, despite performing no legal services for him. Similarly, prosecutors in his tax case sought to introduce evidence that Plaintiff worked with a Romanian businessman who sought to influence US policy. As a result of these, and many other investigations, the public's opinion on Plaintiff has always been divided.

Furthermore, evidence of Plaintiff's reputation and alleged harm is relevant to Defendant's affirmative defenses. All relevant evidence is admissible. (Fed. Rule of Evid., Rule 402.) Even if Plaintiff does not put on evidence of reputational

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

harm during his case-in-chief, Defendant will put on any evidence, including evidence of Plaintiff's reputation, that is relevant to Defendant's affirmative defenses and defenses which is that Plaintiff's prepublication reputation was relied upon by Defendant in making the decision to publish and formulate his opinion that what he was publishing that is the subject of the action was true and he had no reason to believe it was false.

C. **Plaintiff Failed to Appropriately Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Plaintiff sent an email to opposing counsel to "meet and confer" at 11:01 am on Monday, June 23, 2025. Plaintiff then filed the motion only a few hours later, leaving insufficient time for Defendant's counsel to even respond to Plaintiff's email, or to discuss Plaintiff's motion further. Plaintiff's motion violates Local Rule 7-3 because the Rule requires the party to meet and confer at least *7 days* before filing the motion in question. Here, Plaintiff filed the motion *the same day* as his counsel's "meet and confer" email. Moreover, Plaintiff's declaration fails to outline the date of the meet and confer conference between the parties, and their respective positions. Plaintiff's motion and declaration do state that Defendant did not advise whether he would oppose, but that is because Plaintiff did not give Defendant's counsel a chance to respond before Plaintiff's counsel filed the motion.

## III.   <u>CONCLUSION</u>

Based on the foregoing, Defendant respectfully requests that this Court deny Plaintiff's motion. Alternatively, it is respectfully requested that the Court order Plaintiff to remove all references to all special damages from the jury instructions and special verdict forms and only include nominal damages, as requested in Plaintiff's motion. Plaintiff should also be required to correct his witness list, exhibit list to eliminate evidence related to the reputation and damages claims of plaintiff that currently exist.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 1 TO EXCLUDE REPUTATIONAL EVIDENCE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

Defendant further requests that the Court deny Plaintiff's motion as to the admissibility of Plaintiff's reputation evidence, pre publication which is relevant to the issue of actual defendant's malice.

Dated: July 2, 2025        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

7.