Michael C. Murphy, Esq. (S.B. No. 104872)
   Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
   Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE SO-CALLED "LAPTOP" AND ANY OF ITS PURPORTED CONTENTS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 21, 2025<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne opposes Plaintiff's Motion in Limine No. 2 on the grounds that the motion is untimely, that the evidence sought is relevant to Plaintiff's reputation for truthfulness and whether Plaintiff engaged in the kind of corruption identified in Defendant's statements. Truth is an absolute defense to an accusation of Defamation. If anything in the "Laptop" confirms Plaintiff's actions in relation to the statements Defendant made prepublication, then Plaintiff's claim for defamation must fail. Further the Court held that even if the information was relevant, Plaintiff's opinions about the contents and whether Plaintiff knew they did was a "chain of custody" issue that would have been cumulative of Plaintiff's deposition.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

**I.     <u>INTRODUCTION AND RELEVANT BACKGROUND</u>**

Plaintiff's motion here is untimely. Plaintiff should have known by the conclusion of fact discovery and when the trial documents were initially filed whether he wanted to exclude this evidence. Defendant took Plaintiff's deposition on Friday, August 16, 2024. There is no reason why Plaintiff waited until just before the upcoming continued trial date to file this motion. Plaintiff should have met and conferred and filed the motion prior to the November 25, 2024, Pretrial conference date. Or, at the very least, he should have met and conferred sooner after the Court's March 18, 2025, Order denied Defendant the opportunity to reopen Plaintiff's deposition to ask questions related to the laptop.

Further, whether Plaintiff engaged in the conduct alleged in the statements is relevant, and whether the laptop contains evidence corroborating the statements is relevant because truth is a defense to defamation. Similarly, the evidence on the laptop is relevant to Plaintiff's reputation because the evidence will form the basis for others' opinions of Plaintiff. The contents of the laptop have been in the public forum for some time, and the opinions of others in relation to the contents are

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE SO-CALLED "LAPTOP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

relevant to the issue of actual malice.

Finally, Plaintiff failed to properly meet and confer before filing this motion. Plaintiff sent an email to Defendant's counsel at 11:01 am on Monday, June 23, 2025. Plaintiff then went ahead and filed the motion the same day as his "meet and confer" "attempt." Defendant had no chance to discuss the motion or the subject of the motion with Plaintiff. The Local Rules require the "meet and confer" conference to occur at least 7 days before the motion is filed, but Plaintiff barely afforded Defendant a few hours to even see the email.

## II. LEGAL ARGUMENT

### A. Plaintiff's Motion is Untimely

All pretrial documents needed to be filed prior to the Pretrial Conference originally scheduled for November 25, 2024 pursuant to Local Rule 16, *et seq*. Defendant filed his motions in limine on November 6, 2024, but as of the Final Pretrial Order, jointly prepared by the parties and filed by Plaintiff on November 14, 2024, Plaintiff filed no motions in limine, and Plaintiff did not indicate he intended to do so.

Plaintiff's motion involves evidence he wishes to exclude based on evidence he knew Defendant sought as far back as August of 2024. Plaintiff should have known as of the date of his deposition the information he wanted excluded prior to the date the trial was originally set and should have filed this motion sooner, or at the very least Plaintiff should have met and conferred with Defendant's counsel sooner, preferably shortly after the Court denied Defendant's ex parte application to reopen Plaintiff's deposition on March 18, 2025. Moreover, when the Court continued the Trial dates and the Pretrial Conference dates, it did so while limiting the evidence Plaintiff could seek from Defendant and other witnesses. The Court also allowed the parties to revise the trial documents based on evidence they obtained pursuant to the Court's orders. This did not, however, allow the parties to reopen all deadlines, and to file motions and pretrial documents with evidence and

3.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE SO-CALLED "LAPTOP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

information previously known to the parties.

Based on the foregoing, it is respectfully requested that the Court deny Plaintiff's motion.

### B. Plaintiff's Laptop is Relevant

While Plaintiff is not seeking special damages, he is still seeking compensation in the form of nominal damages for Defendant's statements. Plaintiff seeks to improperly issue a blanket limitation on the evidence Defendant can present in his defense. The Court did not specifically ban Defendant from exploring the contents of the laptop. Rather, the Court found that Plaintiff's opinions and commentary on the contents were irrelevant and would be cumulative because Plaintiff could not confirm whether the information asked about at his deposition actually came from Plaintiff's laptop. However, the "laptop" and associated documents are relevant because they form the foundation for the public's opinion and the defendant's opinion about Plaintiff and his reputation before he published the alleged defamatory statements. As the Court noted in its order denying Defendant's motion to reopen Plaintiff's deposition, Plaintiff's reputation is relevant to his claim for damages and to the issue of actual malice. Issuing a blanket prohibition on this evidence would prejudice Defendant's ability to put on corroborating evidence that Plaintiff had a poor reputation, and that poor reputation was the result of actions Plaintiff took which reputation Defendant relied on as true and formed the decision to publish the alleged defamatory article. Plaintiff's "laptop" and the contents therein have been written about and discussed in the public forum for several years and long before Defendant published his article.

### C. Plaintiff Failed to Appropriately Meet and Confer

Local Rule 7-3 requires the parties to meet and confer before filing motions. Plaintiff sent an email to opposing counsel to "meet and confer" at 11:01 am on Monday, June 23, 2025. Plaintiff then filed the motion only a few hours later,

4.

leaving insufficient time for Defendant's counsel to even respond to Plaintiff's email, or to discuss Plaintiff's motion further. Plaintiff's motion violates Local Rule 7-3 because the Rule requires the party to meet and confer at least *7 days* before filing the motion in question. Here, Plaintiff filed the motion *the same day* as his counsel's "meet and confer" email. Moreover, Plaintiff's declaration fails to outline the date of the meet and confer conference between the parties, and their respective positions. Plaintiff's motion and declaration do state that Defendant did not advise whether he would oppose, but that is because Plaintiff did not give Defendant's counsel a chance to respond before Plaintiff's counsel filed the motion.

### III.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court deny Plaintiff's motion.

Dated: July 2, 2025         LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

5.

DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 2 TO EXCLUDE EVIDENCE OF THE SO-CALLED "LAPTOP"; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF