Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual, | Case No.:  2:23-cv-09430-SVW-PD |
| | Judge:    Honorable Stephen V. Wilson |
| | Courtroom:  "10A" |
| Plaintiff, | |
| | Complaint Filed: November 8, 2023 |
| vs. | |
| | **DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE THAT PLAINTIFF IS A PUBLIC FIGURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| PATRICK M. BYRNE, an individual, | |
| Defendant. | |
| | Date:    July 21, 2025 |
| | Time:    3:00 p.m. |
| | Courtroom:  "10A" |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE THAT PLAINTIFF IS A PUBLIC FIGURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne opposes Plaintiff's Motion in Limine No. 2 on the grounds that the motion is untimely, that Plaintiff's request makes little sense, and that Plaintiff failed to meet and confer prior to filing this motion.

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.    **INTRODUCTION AND RELEVANT BACKGROUND**

Plaintiff's motion here is untimely. Plaintiff should have filed this motion prior to the initial Pretrial Conference, but failed to do so, or shortly after the Court continued the trial and pretrial conference. At the very least, Plaintiff should have known after he filed his initial opposition to Defendant's Motion for Summary Judgment that he intended to concede this fact.

Further, Plaintiff's status as a public figure is relevant to the issue of actual malice. While Defendant agrees that he does not need to present evidence of Plaintiff's public figure status in light of Plaintiff's concession, the fact that Plaintiff is a public figure will have to be mentioned throughout the course of the trial. It will need to be mentioned in jury voir dire, jury instructions given to the jury by the court, opening statements, and plaintiff's admissible reputation evidence pre-publication. Plaintiff's status is relevant to the issue of actual malice because public figures must prove actual malice to succeed on a claim for defamation.

Finally, Plaintiff failed to properly meet and confer before filing this motion. Plaintiff sent an email to Defendant's counsel at 11:01 am on Monday, June 23, 2025. Plaintiff then went ahead and filed the motion the same day as his "meet and confer" "attempt." Defendant had no chance to discuss the motion or the subject of the motion with Plaintiff. The Local Rules require the "meet and confer" conference to occur at least 7 days before the motion is filed, but Plaintiff barely afforded Defendant a few hours to even see the email.

Had Plaintiff presented this concession sooner, Defendant could have

worked with Plaintiff to come up with a stipulation dealing with this issue sooner.

## II.    LEGAL ARGUMENT

### A. Plaintiff's Motion is Untimely

All pretrial documents needed to be filed prior to the Pretrial Conference originally scheduled for November 25, 2024 pursuant to Local Rule 16, *et seq*. Defendant filed his motions in limine on November 6, 2024, but as of the Final Pretrial Order, jointly prepared by the parties and filed by Plaintiff on November 14, 2024, Plaintiff filed no motions in limine, and Plaintiff did not indicate he intended to do so.

Plaintiff's motion involves evidence he wishes to exclude despite making this concession in his initial opposition to Defendant's Motion for Summary Judgment he filed on November 4, 2024. Plaintiff should have known about and filed this motion in November 2024. Defendant filed his motions in limine on November 6, 2024. Plaintiff filed his oppositions to Defendant's motions on November 13, 2024. Plaintiff had ample time to file this motion but failed to do so in a timely manner. Further, when the Court continued the Trial dates and the Pretrial Conference dates, it did so while limiting the evidence Plaintiff could seek from Defendant and other witnesses. The Court also allowed the parties to revise the trial documents based on evidence they obtained pursuant to the Court's orders. This did not, however, allow the parties to reopen all pretrial deadlines, and to file motions and pretrial documents with evidence and information previously known to the parties.

Based on the foregoing, it is respectfully requested that the Court deny Plaintiff's motion.

### B. Plaintiff's Public Figure Status is Relevant

Plaintiff's status as a public figure is an issue to be determined by the Court. (*Stolz v KSFM 102 FM* (1994) 30 Cal.App.4th 195, 203-204.). Since Plaintiff has conceded this point, the Court does not need to make the determination. However,

3.

Plaintiff's status is still relevant to the issue of actual malice, and forbidding commentary on his status will interrupt the flow of the trial and questions. Further, Plaintiff's concession here is relatively new, because Plaintiff initially conceded the point only for the purpose of opposing Defendant's Motion for Summary Judgment. Had Plaintiff brought this concession to the attention of Defendant's counsel sooner, the parties could have discussed how best to handle the issue with the preparation of the pretrial statement and order.

Finally, Plaintiff's status as a public figure is relevant to Plaintiff's reputation and claimed harm to that reputation. It is also relevant to the issue of any emotional distress Plaintiff claims from statements Defendant made. It is also admissible to establish whether that was one factor that Defendant relied on in publishing his article which forms the basis of Plaintiff's lawsuit. As a public figure, Plaintiff is bound to face public scrutiny and embarrassment. Whether Plaintiff's alleged harm stemmed from Defendant's actions or other actions taken by Plaintiff stemming from the publicity surround Plaintiff, his public figure status is relevant and admissible.

Defendant acknowledges Plaintiff's concession, Plaintiff's status will necessarily come up during the trial, and that cannot be avoided.

## C. **Plaintiff Failed to Appropriately Meet and Confer**

Local Rule 7-3 requires the parties to meet and confer before filing motions. Plaintiff sent an email to opposing counsel to "meet and confer" at 11:01 am on Monday, June 23, 2025. Plaintiff then filed the motion only a few hours later, leaving insufficient time for Defendant's counsel to even respond to Plaintiff's email, or to discuss Plaintiff's motion further. Plaintiff's motion violates Local Rule 7-3 because the Rule requires the party to meet and confer at least *7 days* before filing the motion in question. Here, Plaintiff filed the motion *the same day* as his counsel's "meet and confer" email. Moreover, Plaintiff's declaration fails to outline the date of the meet and confer conference between the parties, and their

LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361

respective positions. Plaintiff's motion and declaration do state that Defendant did not advise whether he would oppose, but that is because Plaintiff did not give Defendant's counsel a chance to respond before Plaintiff's counsel filed the motion.

### III.    **CONCLUSION**

Based on the foregoing, Defendant respectfully requests that this Court deny Plaintiff's motion.

Dated: July 2, 2025          LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

LAW OFFICES OF MICHAEL C. MURPHY
2625 Towngate Road, Suite 330
Westlake Village, CA 91361

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION IN LIMINE NO. 3 TO EXCLUDE EVIDENCE THAT PLAINTIFF IS A PUBLIC FIGURE; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**