Michael C. Murphy, Esq. (S.B. No. 104872)
   Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
   Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1 TO EXCLUDE EXPERT TESTIMONY OR OPINION BY PLAINTIFF'S WITNESSES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 21, 2025<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby files his sur reply in support of his motion to exclude any expert testimony from Plaintiff's witnesses.

MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff's concessions warrant granting this motion precisely because Plaintiff's own "Supplemental Memorandum of Contentions of Fact and Law," filed on June 30, 2025, alleges that he has suffered "severe emotional distress" on pg. 14. Plaintiff also discusses the alleged harassment he has endured from the Jewish community due to Defendant's statements on the same page. He further identifies the kind of evidence that would or should be brought in if the Court denies Plaintiff's Motion in Limine No. 1, in which he asks the Court to exclude evidence of reputational and emotional distress evidence. In a footnote at the bottom of the page, he claims he is dropping all claims related for economic and reputational damages.

Plaintiff should not be permitted to bring in testimony or evidence of his reputation or of his alleged emotional distress, whether through himself or his witnesses. By granting this motion, the Court will conclusively foreclose Plaintiff saying one thing now and then later bringing in this evidence. Should the Court deny this motion, Plaintiff, who still has Dr. Alyssa Bledin identified as a witnesses on the most current filed version of the Joint Witness List, will be able to call her and present evidence of his emotional distress damages, while attempting to preclude Defendant from presenting counter evidence or alternatively by not allowing him to present his expert witness to testify on this claim by Plaintiff.

## II.    LEGAL ARGUMENT

A. **Defendant's Motion's Should be Granted.**

Plaintiff's supplemental opposition relies on *United States v Heller*, 551 F.3d 1108 (9th Cir. 2009), for the proposition that the mootness of a motion in

limine is grounds to deny the Motion. That case involved the waiver of the defendant's waiver of a jury trial. (*Id.* at 1111.) The Court found that the motion was moot because the trial would proceed as a bench trial, making the motion superfluous after the waiver. (*Id.* at 1112.) That is not the case here. Defendant has not waived his right to a jury trial, so pre-trial rulings on these motions are important to prevent the presentation of inadmissible evidence to the jury.

Plaintiff also replies on an in-chambers ruling on a motion in limine in the *Matrix Int'l Textile, Inc., v Monopoly Textile, Inc.,* 2017 WL2929377, (C.D. Cal. May 14, 2017) for the same proposition. However, the Court in that case stated at the end of the ruling that the ruling was not meant for publication and that it was not intended for inclusion or submission in online databases, like Westlaw of Nexus. As such, it is not binding authority on this Court.

The evidence that is the subject to the motion is inadmissible because Plaintiff concedes he will no longer present that evidence or seek those damages, during trial rendering the evidence irrelevant. Thus, exclusion of the evidence, and ensuring that the Plaintiff will be held to his withdrawal of the evidence which is the subject of the motion is firm and cannot be changed later by Plaintiff changing his mind.

Further, Plaintiff has not met and conferred with Defense counsel to submit a stipulation and order to the Court related to this issue. There is also no current Court order that would preclude Plaintiff from changing his mind and presenting this evidence. If the Court grants this motion, the issue will be foreclosed, and Plaintiff will be bound by his concessions.

For these reasons, and for those reasons stated in the moving and reply papers, it is respectfully requested that the Court grant this motion.

### III.  CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion. Plaintiff must be held to his concessions that in fact this motion

3.

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

should be granted.

Dated: July 7, 2025        LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 1; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**