Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED SEVERE EMOTIONAL DISTRESS DAMAGES**<br><br>Date: July 21, 2025<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby submits his reply in support of his motion in limine to exclude testimony and evidence of plaintiff's severe emotional distress.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff alleges he suffered severe emotional distress and nominal damages as a result of Defendant's statements in his "Supplemental Memorandum of Contentions of Fact and Law." Plaintiff's concession here, and his confusing and unclear statements in his Memorandum, render this motion ripe for granting.

Plaintiff, whether through his own testimony, or through the testimony of his other witnesses listed on the most recent filed version of the filed Joint Witness List, should be conclusively precluded from proffering evidence related to his emotional distress damages. He has conceded through his supplemental opposition that he will not be seeking these damages, and so respectfully requests that the motion be granted.

### II.   LEGAL ARGUMENT

A. **Defendant's Motion Should be Granted**

Plaintiff's supplemental opposition relies on *United States v Heller*, 551 F.3d 1108 (9th Cir. 2009), for the proposition that the mootness of a motion in limine is grounds to deny the Motion. That case involved the waiver of the defendant's waiver of a jury trial. (*Id.* at 1111.) The Court found that the motion was moot because the trial would proceed as a bench trial, making the motion superfluous after the waiver. (*Id.* at 1112.) That is not the case here. Defendant has not waived his right to a jury trial, so pre-trial rulings on these motions are important to prevent the presentation of inadmissible evidence to the jury.

Plaintiff also replies on an in-chambers ruling on a motion in limine in the *Matrix Int'l Textile, Inc., v Monopoly Textile, Inc.,* 2017 WL2929377, (C.D. Cal.

2.

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**

May 14, 2017) for the same proposition. However, the Court in that case stated at the end of the ruling that the ruling was not meant for publication and that it was not intended for inclusion or submission in online databases, like Westlaw of Nexus. As such, it is not binding authority on this Court. The evidence subject to the motion is inadmissible because Plaintiff concedes he will no longer present that evidence or seek those damages, rendering the evidence irrelevant. Thus, exclusion of the evidence, and the granting of the motion, is proper.

Further, Plaintiff has not met and conferred with Defense counsel to submit a stipulation and order to the Court related to this issue. There is also no current Court order that would preclude Plaintiff from changing his mind and presenting this evidence. If the Court grants this motion, the issue will be foreclosed, and Plaintiff will be bound by his concessions.

For the foregoing reasons, and those reasons in the moving and reply papers, it is respectfully requested that the Court grant this motion.

### III.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion. Plaintiff should not be allowed to change his mind. He must be held to his concession on this issue and that his concessions be binding on him.

Dated: July 7, 2025          LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne

3.

**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 2 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED EMOTIONAL DISTRESS DAMAGES**