Michael C. Murphy, Esq. (S.B. No. 104872)
    Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
    Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**DEFENDANT'S SUR REPLY IN SUPPORT OF HIS MOTION IN LIMINE NO. 3 TO EXCLUDE ANY TESTIMONY OR EVIDENCE OF PLAINTIFF'S ALLEGED LOST SALES AND BUSINESS OPPORTUNITIES; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: July 21, 2025<br>Time: 3:00 p.m.<br>Courtroom: "10A" |

1.

**TO ALL PARTIES AND THEIR ATTORNEY'S OF RECORD:**

Defendant Patrick Byrne hereby files his sur reply in support of his motion in limine to exclude evidence of Plaintiff's lost sales:

<u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   <u>INTRODUCTION</u>

Defendant respectfully requests that the Court grant his motion in limine here because Plaintiff has conceded that he will not present evidence of lost book and lost art sales. The current versions of the filed witness and exhibit lists include potential witnesses and evidence of these damages. Therefore, if the Court grants this motion, Plaintiff will be bound by his concessions.

## II.   <u>LEGAL ARGUMENT</u>

A. **Defendant's Motion Should be Granted**

Plaintiff's supplemental opposition relies on *United States v Heller*, 551 F.3d 1108 (9th Cir. 2009), for the proposition that the mootness of a motion in limine is grounds to deny the Motion. That case involved the waiver of the defendant's waiver of a jury trial. (*Id.* at 1111.) The Court found that the motion was moot because the trial would proceed as a bench trial, making the motion superfluous after the waiver. (*Id.* at 1112.) That is not the case here. Defendant has not waived his right to a jury trial, so pre-trial rulings on these motions are important to prevent the presentation of inadmissible evidence to the jury.

Plaintiff also replies on an in-chambers ruling on a motion in limine in the *Matrix Int'l Textile, Inc., v Monopoly Textile, Inc.,* 2017 WL2929377, (C.D. Cal. May 14, 2017) for the same proposition. However, the Court in that case stated at the end of the ruling that the ruling was not meant for publication and that it was not intended for inclusion or submission in online databases, like Westlaw of Nexus. As such, it is not binding authority on this Court. The evidence subject to the motion is inadmissible because Plaintiff concedes he will no longer present that evidence or seek those damages, rendering the evidence irrelevant. Thus,

exclusion of the evidence, and the granting of the motion, is proper.

Further, Plaintiff has not met and conferred with Defense counsel to submit a stipulation and order to the Court related to this issue. There is also no current Court order that would preclude Plaintiff from changing his mind and presenting this evidence. If the Court grants this motion, the issue will be foreclosed, and Plaintiff will be bound by his concessions.

For the foregoing reasons, and those reasons in the moving and reply papers, it is respectfully requested that the Court grant this motion.

### III.   CONCLUSION

Based on the foregoing, Defendant respectfully requests that this Court grant this Motion. Plaintiff must be bound by his concessions. He should not be able to change his mind.

Dated: July 7, 2025         LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/  Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant, Patrick Byrne