Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR *PRO HAC VICE* RE: PETER D. TICKTIN (ECF NO. 278); DECLARATION OF ZACHARY C. HANSEN**<br><br>*[Proposed] Order filed and served concurrently herewith]*<br><br>Complaint Filed: November 8, 2023<br>Trial Date: July 29, 2025 |

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby applies *Ex Parte* to this Court for Reconsideration of Order Granting Defendant Patrick M. Byrne's ("Defendant") Application of Non-Resident Attorney to Appear *Pro Hac Vice* re: Peter D. Ticktin (ECF No. 278) ("Application"). Plaintiff respectfully requests that this *Ex Parte* Application be resolved on the papers, without oral argument, pursuant to the Court's Standing Order, in Courtroom 10A before District Court Judge Wilson. This application is being made on the basis that good cause exists to reconsider the Court's Order granting the Application based on Mr. Ticktin's non-disclosure of his past disciplinary history for ethical violations and vexatious litigation tactics by the Florida State Bar, which should disqualify him from admission before this Court on a P*ro Hac Vice* basis, and the untimely nature of the application.

Plaintiff's counsel provided Notice of this *ex parte* application to Defendant's counsel, as required by the Central District of California Local Rules and the Court's New Case Order (ECF. No. 14). As of the filing of this *ex parte* application, Defendant's counsel has not indicated whether he intends to oppose this application. (Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶7, Ex. 6.)

This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Zachary C. Hansen, as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Dated: July 24, 2025                    EARLY SULLIVAN WRIGHT
                                        GIZER & MCRAE LLP


                                        By:  */s/ Zachary C. Hansen*

                                        BRYAN M. SULLIVAN (State Bar No. 209743)

bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

## *EX PARTE* APPLICATION

Plaintiff Robert Hunter Biden ("Plaintiff") hereby files the instant ex parte application for reconsideration of the Court's Order granting the Application of Non-Resident Attorney Peter D. Ticktin ("Ticktin") to Appear *Pro Hac Vice* (ECF No. 278) ("Application") in this matter on behalf of Defendant Patrick M. Byrne ("Defendant"). Good cause exists to reconsider the Court's Order granting the Application based on Ticktin's non-disclosure of his past disciplinary history for ethical violations and vexatious litigation tactics by the Florida State Bar, which should disqualify him from admission before this Court on a *Pro Hac Vice* basis.

"As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001); *see also Credit Suisse First Boston Corp. v. Grunwald*, 400 F.3d 1119, 1124 (9th Cir. 2005) ("A district court retains the power to modify its interlocutory rulings prior to final judgment."). Moreover, "[f]ederal courts have the inherent power to regulate the admission of attorneys to practice before them, including the denial or revocation of pro hac vice status." *Cole v. U.S. Dist. Ct. for Dist. of Idaho*, 366 F.3d 813, 822 (9th Cir. 2004). "Pro hac vice admission is a privilege, not a right." *Belvue v. Leventhal*, 640 F.3d 567, 576 (4th Cir. 2011). The Court should reconsider the Application and deny the Application for at least four reasons.

First, Ticktin has a well-documented history of attorney misconduct, disciplinary history, and ethical violations, including vexatious and disruptive litigation conduct, which have been the subject of at least four ethics probes by the State Bar of Florida, two of which are still listed on his Florida State Bar disciplinary record. (*See* Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶¶2-6, Ex. 1-5.) "District Courts have broad discretion to deny or revoke pro hac vice status when misconduct is involved." *United States v. Ries*, 100 F.3d 1469, 1471 (9th Cir. 1996); *see also Matter of Evans*, 801 F.2d 703, 706 (4th Cir. 1986) (A Court may deny *pro hac vice* admission

4

**PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR *PRO HAC VICE* RE: PETER D. TICKTIN (ECF NO. 278); DECLARATION OF ZACHARY C. HANSEN**

where there is a demonstrated record of abusive litigation conduct). The Florida Supreme Court has suspended Ticktin from practicing law on two separate occasions for ethics violations (Hansen Decl., at ¶6, Ex. 5), including in a 2009 ruling when the Court found Ticktin engaged in professional misconduct, noting that "Ticktin's blatant disregard for the rules" had shown "poor professional judgment" resulting in "misconduct … unbecoming of a member of The Florida Bar." (Hansen Decl., at ¶¶2-4, 6, Ex. 1-3, 5.) In that 2009 Bar Complaint, it was alleged that Ticktin was representing a CEO of a company and while his client was facing criminal charges, he entered into an agreement to replace his client as CEO and then "actively worked against [his client's] ownership interests" while his client was in custody. (Hansen Decl., at ¶3, Ex. 2.)

Most recently, in 2022, Ticktin was ordered to pay over $50,000.00 in sanctions for violations of Federal Rule of Civil Procedure 11 due to filing a lawsuit without any facts in what the Court described as a "performative" political lawsuit pushing President Donald Trump's various Deep State conspiracies. (Hansen Decl. at ¶2, 5, Ex. 1, 4.) In making that Order, the Court noted that "the Amended Complaint lacked a reasonable factual basis … Plaintiff's legal arguments contained no reasonable chance of success …. [and] Plaintiff filed his pleadings for an improper purpose." (Hansen Decl., at ¶5, Ex. 4, p. 4.) Specifically, the Court found that:

- "The pleadings in this case contained factual allegations that were either knowingly false or made with reckless disregard for the truth" (*Id*. at p. 5);

- Plaintiff's lawyers "persisted in misrepresentation[s]" and "double downed" on "falsehoods" (*Id*. at p. 7);

- "[C]ontinued to advance Plaintiff's false claims based upon nothing but conjecture, speculation, and guesswork" (Id. at p. 9);

- "Plaintiff deliberately misrepresented public documents by selectively using some portions while omitting other information including findings and conclusions that contradicted his narrative. … It was too

frequent to be accidental." (Id. at p. 14);

- "Every claim was frivolous, most barred by settled, well-established existing law. These were political grievances masquarading as legal claims. This cannot be attributed to incompetent lawyering. It was a deliberate use of the judicial system to pursue a political agenda." (Id. at p. 14);

- Plaintiff's lawyers' "conduct was willful, not simply negligent." (*Id*. at p. 17.)

The Court further noted as follows:

> "The rule of law is undermined by the toxic combination of political fundraising with legal fees paid by political action committees, reckless and factually untrue statements by lawyers at rallies and in the media, and efforts to advance a political narrative through lawsuits without factual basis or any cognizable legal theory …. Lawyers are enabling this behavior and I am pessimistic that Rule 11 [sanctions] alone can effectively stem this abuse. Aspects may be beyond the purview of the judiciary, requiring attention of the Bar and disciplinary authorities …. Additional sanctions may be appropriate."

(*Id*.)

Second, the prior sanctions against Ticktin for violating Rule 11 arising from a "performative" political lawsuit pushing President Donald Trump's various Deep State conspiracies and asserting "political grievances masquarading as legal claims" (Hansen Decl. at ¶5, Ex. 4, at p. 14) is evidence that Ticktin likely will attempt to turn this trial into another "performative" political statement. The Court should deny this application to prevent that from even being attempted.

Third, the Application is untimely. Ticktin's Application comes literally at the eleventh hour – just five (5) days before trial is set to commence on July 29, 2025. Such a late Application right before trial would disrupt the trial schedule, thereby prejudicing Plaintiff, and is grounds for denial. *See Obert v. Republic Western Ins. Co.*, 264 F. Supp. 2d 106, 110 (D. R.I. 2003) (Court denied *pro hac vice* admission sought just days before trial, citing potential disruption and prejudice to the opposing party). In *Ries*,

6

**PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR *PRO HAC VICE* RE: PETER D. TICKTIN (ECF NO. 278); DECLARATION OF ZACHARY C. HANSEN**

the Court denied the pro hac vice application filed one Court day before trial on the basis that admitting the applicant attorney would interfere with the orderly administration of justice and would prejudice the trial. *Ries*, 100 F.3d 1469. Here, Ticktin has made no appearances in this action, has filed no documents other than the Application, and presumably has little to no knowledge of the facts of the case, the procedural posture, or the Court's prior rulings which will frame the issues for trial. The Application is unduly late and is yet another obvious attempt by Defendant and his attorneys to make a mockery of this Court and these proceedings. If Defendant was not satisfied with his current counsel's ability to represent him at trial, he should have made this Application well in advance of the week before trial is set to commence.

Fourth, Ticktin failed to fully disclose in this Application his documented history of ethical violations and discipline by the Florida State Bar on his Application, which is grounds for denial of the Application. *See In re Bundy*, 840 F.2d 780, 782 (10th Cir. 1988) (Misrepresentations or nondisclosure on a *pro hac vice* application is grounds for denial).

Based on all of the foregoing factors, the Court should deny Ticketin's Application.

Dated:  July 24, 2025

EARLY SULLIVAN WRIGHT
 GIZER & MCRAE LLP

By:  */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

8

**PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION OF ORDER GRANTING DEFENDANT'S APPLICATION OF NON-RESIDENT ATTORNEY TO APPEAR *PRO HAC VICE* RE: PETER D. TICKTIN (ECF NO. 278); DECLARATION OF ZACHARY C. HANSEN**

## DECLARATION OF ZACHARY C. HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's Objections in Opposition to Defendant Patrick M. Byrne's ("Defendant") Application of Non-Resident Attorney to Appear *Pro Hac Vice*. If called as a witness, I would and could testify to the matters contained herein.

2. Attached hereto as **Exhibit "1"** is a true and correct copy of a news article titled *Trump's SoFla lawyer Ticktin faces fourth Bar ethica probe after costly rebuke by federal judge*, published on November 15, 2022 and accessed by me on July 24, 2025 at the following URL: https://www.floridabulldog.org/2022/11/trumps-sofla-lawyer-ticktin-faces-fourth-bar-ethics-probe-after-costly-rebuke-by-federal-judge/#google_vignette.

3. Attached hereto as **Exhibit "2"** is a true and correct copy of a Newsweek article titled *Who Is Peter Ticktin? Trump Lawyer Once Suspended From Practice in Florida*, published on March 25, 2022 and accessed by me on July 24, 2025 at the following URL: https://www.newsweek.com/peter-ticktin-trump-lawyer-clinton-lawsuit-russia-1691897.

4. Attached hereto as **Exhibit "3"** is a true and correct copy of the Supreme Court of Florida's Order in *The Florida State Bar v. Ticktin*, No. SC07-369 (decided May 21, 2009), which is publicly available online and which I downloaded from the following URL on July 24, 2025: https://caselaw.findlaw.com/court/fl-supreme-court/1090898.html.

5. Attached hereto as **Exhibit "4"** is a true and correct copy of ECF Docket No. 284, entered on November 10, 2022, in the District Court for the Southern District of Florida case *Donald Trump v. Hillary R. Clinton, et al.* (Case No. 22-14102cv-Middlebrooks), which I accessed and downloaded from the PACER Website on July

24, 2025.

6. I submitted a request to the Florida State Bar on July 24, 2025 for a full record of Ticktin's disciplinary history before the Bar. Attached hereto as **Exhibit "5"** is a true and correct copy of the Letter re: Disciplinary History Request that I received back on July 24, 2025, from the Florida State Bar.

7. I provided Notice of this *ex parte* application to Defendant's counsel via email, as required by the Central District of California Local Rules and the Court's New Case Order (ECF. No. 14). Attached hereto as **Exhibit "6"** is a true and correct copy of that notice email. As of the filing of this *ex parte* application, Defendant's counsel has not indicated whether he intends to oppose this application.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 24th day of July, 2025, at Summit, New Jersey.

*/s/ Zachary C. Hansen*
Zachary C. Hansen