Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OBJECTIONS TO DEFENDANT'S PROPOSED PORTIONS OF "LAPTOP REPORT" (TRIAL EXHIBIT 649)**<br><br>Complaint Filed:  November 8, 2023<br>Trial Date:  July 29, 2025 |

## OBJECTIONS

Plaintiff Robert Hunter Biden ("Defendant") hereby submits his objections to Defendant Patrick M. Byrne's ("Defendant") proposed portions of the "Laptop Report", designated as Trial Exhibit 649 ("Report"), pursuant to the Court's order at the Final Pretrial Conference on July 21, 2025.

In direct contrast with Defendant's counsel's representations to the Court at the July 21, 2025 Final Pretrial Conference, and the Court's own order that Defendant shall designate only those portions of the Report which pertain to allegations of bribery from foreign governments, Defendant submitted 243 pages from the 644-page Report (more than a 1/3 of the entire Report), those portions of which are attached in full hereto as Exhibit "1". The overwhelming majority of those pages are irrelevant and have absolutely nothing to do with the purpose for which Defendant claimed he would use them, and should be excluded under Federal Rule of Evidence 401. While the first section of the report is titled "Business-Related Crimes", there is no mention of Plaintiff accepting bribes from foreign nations or any entity or individual, or any similar conduct. The next section is titled "Influence Peddling" and mostly complains about Plaintiff's family's relationships with famous figures, such as access to celebrities such as Bono from the music group U2 (*see* Ex. 1, at p. 174), attending sporting events "paid for by the American public" (*Id*. at p. 184), and general biased reports about the publishers' belief that Plaintiff was not qualified for the various appointments and employment opportunities he had over the years.

In fact, the word "bribe" and variations of the same, appear 24 times in the 243 pages submitted by Defendant, not one of which is attributed to conduct by Plaintiff. Rather, most of the portions submitted involve subjective, politically-motivated attacks on Plaintiff and his family for tangential relationships with entities and individuals whom the publishers disagree with and/or whom themselves have been accused of improprieties. The remaining portions are entirely irrelevant (as described previously) for Defendant's stated purpose: to show his state of mind when he published the

1  defamatory statements. The Report is laced with personal attacks and biased
2  descriptions of the content it purports to be reporting on, which make it clear that these
3  portions are not going to be used just for the purpose the Court instructed (and
4  Defendant's counsel represented to the Court), but rather to embarrass Plaintiff with
5  numerous pornographic images and irrelevant descriptions of unrelated conduct. On
6  the first page, the Report declares "[T]he family's numerous sex and drug-related crimes
7  are critical to understanding them, particularly their egregious hypocrisy and double
8  standards." (*See* Ex. 1, p. 1.) How is that relevant to show Defendant's state of mind
9  when he published his defamatory statements and he reasonably believed them to be
10 true at that time?

11     To the extent any portions of the Report submitted by Plaintiff are relevant, they
12 should be excluded under Rule 403. Federal Rule of Evidence 403 provides that the
13 "court may exclude relevant evidence if its probative value is substantially outweighed
14 by a danger of one or more of the following: unfair prejudice, confusing the issues,
15 misleading the jury, undue delay, wasting time, or needlessly presenting cumulative
16 evidence." The District Court has wide discretion to exclude evidence under this rule.
17 *See United States v. Abel*, 469 U.S., 45, 54, 105 S.Ct. 465 (1984); *see also Acosta v.*
18 *City of Costa Mesa*, 718 F.3d 800, 827 (9th Cir. 2013). In evaluating whether to exclude
19 relevant evidence, the Court balances the possibility of harm, specifically, the risk of
20 undue prejudice, confusing the issues, misleading the jury, undue delay, and/or wasting
21 time, against any probative value such evidence may have. *Id*. The purpose of this rule
22 is to ensure fairness and efficiency at trial. Under this Rule 403 analysis, the 243 pages
23 submitted by Defendant, the overwhelming majority of which do not even involve
24 conduct on behalf of Plaintiff himself, let alone conduct which may be probative of
25 Plaintiff's propensity to accept and/or solicit bribes from foreign nations, has a
26 significantly high degree of causing undue prejudice to Plaintiff, confusing the issues,
27 misleading the jury as to what this trial is about, and wasting the Court's and the jury's
28 time. This evidence should be excluded in its entirety under Rule 403.

Moreover, despite representing to the Court at the Final Pretrial Conference on July 21, 2025 in no uncertain terms on multiple occasions that Defendant would be appearing at trial in person, on July 23, 2025, Defendant filed a "Notice of Non Appearance at Trial" stating that Defendant will not in fact be attending trial. (ECF No. 273.)  This decision has consequences, as the Court noted on the record at the July 2, 2025 Final Pretrial Conference.  Namely, Defendant cannot now offer testimony about what he relied upon in claiming he believed the defamatory statements about Plaintiff were true when he made them, including based on the Report.  This decision on Defendant's part renders the entire Report irrelevant, as no other person can offer such testimony, which was the entire purpose of the Court allowing Defendant to introduce portions of the Report in the first place.

For the reasons stated herein, Plaintiff's objections to the Report (marked as Trial Exhibit No. 649) should be sustained and the Report should be excluded from evidence at trial in its entirety.

Dated:  July 24, 2025

EARLY SULLIVAN WRIGHT
 GIZER & MCRAE LLP

By:  */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA

1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S PROPOSED PORTIONS OF "LAPTOP REPORT" (TRIAL EXHIBIT 649)**