| | |
|---|---|
| 1 | Richard A. Harpootlian, *pro hac vice* |
|   | rah@harpootlianlaw.com |
| 2 | Phillip Barber, *pro hac vice* |
|   | pdb@harpootlianlaw.com |
| 3 | RICHARD A. HARPOOTLIAN, PA |
|   | 1410 Laurel Street |
| 4 | Columbia, South Carolina 29201 |
|   | Telephone: (803) 252-4848 |
| 5 | Facsimile: (803) 252-4810 |
| 6 | BRYAN M. SULLIVAN (SBN 209743) |
|   | bsullivan@earlysullivan.com |
| 7 | ZACHARY C. HANSEN (SBN 325128) |
|   | zhansen@earlysullivan.com |
| 8 | EARLY SULLIVAN WRIGHT GIZER & McRAE LLP |
|   | 6420 Wilshire Boulevard, 17th Fl. |
| 9 | Los Angeles, California 90048 |
|   | Telephone: (323) 301-4660 |
| 10 | Facsimile: (323) 301-4676 |
| 11 | Attorneys for PLAINTIFF |
|    | ROBERT HUNTER BIDEN |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual, | **Case No. 2:23-cv-09430-SVW-PD** |
| | *Hon. Stephen V. Wilson* |
| Plaintiff, | **PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND SUMMARY JUDGMENT FOR PLAINTIFF AS TO LIABILITY** |
| vs. | |
| PATRICK M. BYRNE, an individual, | |
| Defendant. | |
| | *[Filed concurrently with Declaration of Phillip D. Barber]* |
| | Complaint Filed: November 8, 2023 |
| | Trial Date: July 29, 2025 |

**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION**

1         **PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby applies *Ex Parte* to this Court for an Order granting Plaintiff's request for sanctions against Defendant Patrick M. Byrne ("Defendant") and for an Order granting summary judgment for Plaintiff as to liability. Plaintiff respectfully requests that this *Ex Parte* Application be heard by the Court at the final pretrial conference on July 28, 2025, pursuant to the Court's pretrial order dated July 23, 2025. This application is being made on the basis that good cause exists to sanction Defendant for his dishonest representation to the Court that he would appear in person at trial, upon which Plaintiff relied in good faith and upon which the Court relied in issuing its final pretrial order (ECF No. 276), and which Defendant reversed almost immediately thereafter in an improper attempt to gain tactical advantage. Good cause also exists to grant summary judgment for Plaintiff as to liability because Plaintiff has made a prima facie case for each element of defamation per se and Defendant cannot, without his own testimony, create genuine issue of material fact as to any such element. Exigent circumstances justify the *ex parte* relief sought herein, because trial commences in two business days.

       Plaintiff's counsel provided Notice of this *ex parte* application to Defendant's counsel, as required by the Central District of California Local Rules and the Court's New Case Order (ECF. No. 14). A copy of the communication providing notice to Defendant's counsel is attached as Exhibit 2 to the Declaration of Phillip D. Barber filed concurrently herewith. As of the filing of this *ex parte* application, Defendant's counsel has not indicated whether he intends to oppose this application.

       This application is based upon the accompanying Memorandum of Points and Authorities, the declaration of Phillip D. Barber and exhibit filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling on this Motion.

Dated: July 25, 2025

RICHARD A. HARPOOTLIAN, PA

By: */s/ Phillip D. Barber*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff*
*Robert Hunter Biden*

**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION**

## *EX PARTE* APPLICATION

I. **INTRODUCTION**

Plaintiff Robert Hunter Biden ("Plaintiff") hereby applies *ex parte* for an Order granting sanctions against Defendant Patrick M. Byrne ("Defendant") and for an Order granting summary judgment for Plaintiff as to liability. Plaintiff is seeking for this *Ex Parte* Application to be heard by the Court on July 28, 2025, in Courtroom 10A before the Honorable Stephen V. Wilson, so as to occur simultaneously with the Parties' Final Pretrial Conference scheduled for the same time and place, to which this *Ex Parte* Application directly relates. Exigent circumstances justify the *ex parte* relief sought herein, specifically, that trial is scheduled to commence in only two business days.

Plaintiff's counsel gave email notice of this *Ex Parte* Application to Defendant's counsel, Michael C. Murphy, Esq., on July 25, 2025. His contact information is as follows: 2625 Townsgate Road, Suite 330, Westlake Village, CA 91361; (818) 558-3718; email: michael@murphlaw.com.

At the pretrial conference held on July 21, 2025, Defendant's counsel repeatedly represented to the Court in no uncertain terms that Defendant will personally appear at trial:

> THE COURT: Because I am understanding -- am I correct that the defendant Byrne will not testify here?
>
> MR. MURPHY: No. He will be here and he will testify.
>
> THE COURT: He will be?
>
> MR. MURPHY: Yes, Your Honor.
>
> THE COURT: Then it is a nonissue. [referring to a question regarding designations of portions of Defendant's deposition]

(Declaration of Phillip D. Barber ("Barber Decl."), Ex. 1, Tr. 11:6–12.)

> THE COURT: Mr. Murphy, would you take the lect[e]rn? And you are

|   |   |
|---|---|
| 1 | going to call your client. |
| 2 | MR. MURPHY: Yes, Your Honor. |
| 3 | THE COURT: And he is going to say what? Is he going to say that these |
| 4 | statements that he made that are the subject of the case are true or -- and |
| 5 | it may be and/or -- or is he going to say that he believed them to |
| 6 | be true? |
| 7 | MR. MURPHY: He is going to say that he believed them to be true. |
| 8 | (*Id.* at 12:7–16.) |
| 9 | THE COURT: You are going to call Mr. Byrne. He will be here. Mr. |
| 10 | Byrne can certainly say that he read the Ziegler report, and for whatever |
| 11 | reason, he believed it, and that is why he said what he did in this |
| 12 | newspaper interview. |
| 13 | (*Id.* at 25:5–9.) |
| 14 | THE COURT: Where is your client now? |
| 15 | MR. MURPHY: He is back east but he is going to be coming in to help |
| 16 | prepare. |
| 17 | THE COURT: Well, he will be here. If he is not here, then there are |
| 18 | consequences; right. |
| 19 | (*Id.* at 70:18–22.) |
| 20 | The Court issued a pretrial order in the expectation that Defendant's |
| 21 | representation was made in good faith. The Court discussed at length matters that are |
| 22 | relevant only if Defendant appears at trial: for example, the potential effect of Plaintiff's |
| 23 | alleged reputation for engaging in foreign corruption on Defendant's state of mind, and |
| 24 | the admission of excerpts from a "laptop report." (Pretrial Order at 3, July 23, 2025, |
| 25 | ECF No. 276.) Other matters were not addressed because it was assumed Defendant |
| 26 | was truthful in saying he would attend trial. For example, the Court said a question |
| 27 | about designations of portions of his deposition was a "nonissue" because Defendant |
| 28 | would testify in person. (Barber Decl. Ex. 1, Tr. 11:12.) The Court had the following |

exchange with Plaintiff's counsel regarding evidence relevant to punitive damages:

> MR. HARPOOTLIAN: Your Honor, we will not need any of discovery if Mr. Byrne is here to testify. And you said he is going to be here to testify. We can deal with that with Mr. Byrne. Thank you.
>
> THE COURT: All right. Then, what else is going to happen? I am just trying to be forewarned. Forewarned is forearmed.

(*Id.* at 55:12–18.) In private discussions before and during breaks in the pretrial conference, Defendant's counsel repeatedly assured Plaintiff's counsel that Defendant would appear in person at trial. (Barber Decl. ¶ 3.)

Yet two days later, on July 23, 2025, Defendant filed a notice stating, "Defendant Patrick Byrne, will not be personally attending the trial of this case." (Def.'s Notice of Non-Appearance at Trial, ECF No. 272.) The supporting declaration of his counsel, Michael C. Murphy, Esq., states, "At the pretrial conference hearing on July 21, 2025, I truthfully notified the court that Defendant resides in the State of Florida. I also truthfully notified the court that it was my understanding Defendant would be appearing for trial next week," and "Today, I was notified by Defendant that he no longer intends to appear in this action during the trial of this case and he would not be coming to California for the trial." (Declaration of Michel C. Murphy, Esq. ("Murphy Decl."), ¶¶ 2, 3, ECF No. 272.) The next day, a new Florida-based attorney moved for admission pro hac vice to appear for Defendant. (Application of Non-Resident Attorney to Appear Pro Hac Vice, ECF No. 274.) That attorney, Peter D Ticktin, Esq., has a record of misconduct, including suspension from practice and recently being sanctioned over $50,000 for Rule 11 violations in another politically charged case. (Ex Parte Application for Reconsideration of Order on Motion to Appear Pro Hac Vice, Ex. 4, ECF No. 279-4 (Nov. 10, 2022, order of the Southern District of Florida ordering Mr. Ticktin to pay $50,000 into the registry of the court as a sanction for violating Rule 11).)

The obvious inference is that Defendant and his counsel reviewed the Court's rulings at the pretrial conference and decided to disavow representations to the Court

upon which the Court relied in making those rulings, to obtain a tactical advantage in this litigation. Sanctions are available when an attorney or party acts in bad faith or engages in "conduct tantamount to bad faith," including misstatements of fact "coupled with an improper purpose." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001).

The sanction Plaintiff requests is for Defendant to be "hoist on his own petard." *See* William Shakespeare, Hamlet act 3, sc. 4. Defendant cannot publish his own deposition because he procured his own absence at trial. Fed. R. Civ. P. 32(a)(4)(B). If Defendant will not testify, then he cannot create a genuine issue of material fact as to any element of defamation per se. The sanction sought is expedited *consideration* of summary judgment outside the usual deadline for summary judgment motions using papers previously filed regarding Defendant's denied summary judgment motion in lieu of new filings under Local Rules 56-1 to 56-3, as a consequence for Defendant's bad-faith, last-minute disavowal of his representations to the Court about the evidence he will present at trial. Summary judgment however should be *granted* based on the merits, not as a sanction for misconduct.

## II. ARGUMENT

### A. Sanctions

*1. Sanctions are warranted.*

The Court has inherent power to impose sanctions for bad-faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991). Sanctions are available when an attorney or a party acts in bad faith or engages in "conduct tantamount to bad faith," including misstatements of fact "coupled with an improper purpose." *Fink*, 239 F.3d at 994.

Defendant has acted in bad faith. He repeatedly told the Court he would testify at trial. The Court proceeded to consider what he could and could not say at trial, what evidence he could introduce, and considered other questions moot because he would be at trial. Then, only two days later, Defendant decided the risk that his testimony would provide evidence supporting punitive damages against him outweighed the chance his

1  testimony could prevent an award of punitive damages against him.  But Defendant was
2  required to make that decision in good faith before representing to the Court at the final
3  pretrial conference that he would certainly be at trial.  He cannot be allowed to lie to the
4  Court to see what the Court will do if he says one thing, so he can then decide whether
5  to do the opposite.
6       A person making a representation to the Court only to withdraw it when the Court
7  acts upon the representation in a manner the person dislikes is quintessential bad faith.
8  The Court admonished Defendant not to engage in such bad faith: "Well, he will be
9  here.  If he is not here, then there are consequences; right." (Barber Decl. Ex. 1, Tr.
10 70:18–22.)  He did not heed the Court's warning, so now it is incumbent upon the Court
11 to impose the promised consequences.
12 *2.*   *The appropriate sanction is consideration of summary judgment in light of*
13      *Defendant's decision not to testify at trial.*
14      "Unless a different time is set by local rule *or the court orders otherwise*, a party
15 may file a motion for summary judgment at any time until 30 days after the close of all
16 discovery." Fed. R. Civ. P. 56(b) (emphasis added).  The appropriate sanction here is
17 for the Court (1) to exercise its authority under Rule 56 to allow a late motion for
18 summary judgment (this motion); (2) to exercise its discretion to consider the filings in
19 the previously litigated Defendant's motion for summary judgment and its own Order
20 denying that motion in lieu of new statements of uncontroverted facts and statements of
21 genuine dispute of material fact under Local Rules 56-1, 56-2, 56-3; and (3) to exercise
22 its discretion to require Defendant to respond to this motion at the pretrial conference
23 on July 28, 2025.
24      To be clear, Plaintiff does not seek summary judgment as a sanction.  Plaintiff
25 seeks expedited consideration of a summary judgment motion past the usual deadline,
26 with a short time for response, on the basis of documents previously filed, as a sanction.
27 This is a procedural sanction, which is appropriate response to Defendant's attempt to
28 manipulate these proceedings through misrepresentations made in bad faith.  But the

substantive basis for granting summary judgment is not Defendant's misconduct at a pretrial conference. It is that Plaintiff is entitled to judgment as to liability as a matter of law because Defendant, without his own testimony, has no evidence creating a genuine issue of material fact as to any element of defamation per se.

**B.     Summary Judgment**

*1.     Legal standard*

Summary judgment is appropriate if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the case. *Id.* The moving party bears the initial burden of identifying the elements of the claim or defense on which summary judgment is sought and evidence that it believes demonstrates the absence of an issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The non-moving party then "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting *First Nat. Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

*2.     Defendant cannot publish his own deposition.*

A party may use part or all of a deposition at trial only (1) for impeachment of the deponent if he testifies at trial, (2) if the party offering the deposition at trial is an adverse party to the deponent, or (3) the witness is unavailable, unless "it appears the witness's absence was procured by the party offering the deposition." Fed. R. Civ. P. 32(a). Defendant asserts he is unavailable because he resides out of state, more than 100 miles from the Los Angeles courthouse, and so he is beyond the subpoena power of the Court. (Murphy Decl. ¶ 6.) Rule 32 allows a party to offer a deposition for a

9
**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION**

witness who is unavailable because he "is more than 100 miles from the place of hearing or trial or is outside the United States, unless it appears that the witness's absence was procured by the party offering the deposition." Defendant, of course, procured his own absence. His counsel admits this: "I was notified by Defendant that he no longer intends to appear in this action during the trial of this case and he would not be coming to California for the trial." (*Id.* ¶ 3.)

3. *Without testimony from Defendant, summary judgment is warranted.*

Plaintiff must prove four elements to establish his defamation per se claim. First, he must prove Defendant published a statement. *Grenier v. Taylor*, 234 Cal. App. 4th 471, 586 (Ct. App. 2015). Second, he must prove that the published statement had a natural tendency to injure. *Id.* Third, he must prove that the published statement is false. *Id.* Fourth, he must prove that the Defendant published the statement with "actual malice," meaning he published it despite having knowledge that it was false or with reckless disregard of its falsity. *Masson v. New Yorker Mag., Inc.*, 501 U.S. 496, 510 (1991).

Plaintiff has evidence supporting each element that would allow a reasonable jury to find in his favor. The Court has made this determination already, when it denied Defendant's motion for summary judgment. (Order Denying Def.'s Mot. Summ. J. ("Order Denying MSJ") at 11 & 21, July 18, 2025, ECF No. 268.) But without his own testimony, Defendant cannot produce evidence that would allow a reasonable jury to find in his favor on any of these four elements. *See Matsushita Elec.*, 475 U.S. at 587. Other than the amount of punitive damages, if any, there is no genuine issue for trial.

As to the first element, Defendant concedes he published the statement. (Am. Final Pretrial Conference Order at 7, July 17, 2025, ECF No. 266 (admitted facts).)

As to the second element, the Court has ruled the statement is defamatory per se. Order Denying MSJ at 21 (noting actual malice is "the only disputed element of defamation" in this case). Regardless, the issue is a question of law: "The initial determination as to whether a publication is libelous on its face, or libelous per se, is

1  one of law." *Selleck v. Globe Int'l, Inc.*, 212 Cal. Rptr. 838 (Ct. App. 1985); *see also*
2  *Line One Lab'ys Inc. v. Wingpow Int'l Ltd.*, No. CV 22-02401-RAO, 2025 WL
3  1114018, at *4 (C.D. Cal. Feb. 28, 2025) ("The initial determination of whether a
4  statement is defamatory per se is also one of law."). Here, it is unquestionable that the
5  statements at issue accuse Plaintiff of criminal conduct, and "[p]erhaps the clearest
6  example of libel per se is an accusation of crime." *Barnes-Hind, Inc. v. Superior Ct.*,
7  226 Cal. Rptr. 354, 358 (Ct. App. 1986); *see also Yow v. Nat'l Enquirer, Inc.*, 550 F.
8  Supp. 2d 1179, 1183 (E.D. Cal. 2008) ("Statements which falsely impute the
9  commission of a crime are libelous on their face.").

As to the third element, Defendant has represented he will not attempt to argue the defamatory statement is in fact true. (Barber Decl. Ex. 1 at 12:7–16). The Court has stated, "The Court will hold Defendant to that representation." (Pretrial Order at 3 n.1.) Moreover, the Court previously concluded Defendant's story "is far-fetched" and "strains credulity, especially since he fails to support this claim with any evidence." (*Id.* at 14.) "Beyond his own testimony, Defendant produces only three categories of purported evidence: the voicemail recordings, John Moynihan's affidavit, and travel receipts showing that he traveled to Rome. Each piece of evidence, however, falls far short of substantiating his extraordinary claims." (*Id.* at 15.) Now, Defendant's own testimony will not be presented at trial. That leaves only the three categories of evidence the Court has already ruled "fall[] far short of substantiating his extraordinary claims." (*Id.*) Not even that—without his own testimony, he cannot introduce the voice mails or travel receipts. All Defendant has is the testimony of John Moynihan, but the Court has already ruled "the deposition testimony of Mr. Moynihan and Mr. Smith contradicts [Defendant's] story." (*Id.* at 14.)

As to the fourth element, actual malice, it is impossible to see how Defendant will prove "that he genuinely believed [his statements] were [true] when he made them" (Pretrial Order at 3 n.1), without any testimony from Defendant about what he believed or why he believed it. "[I]nferences are not drawn out of thin air, but from evidence."

1  *Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1247 (E.D. Cal. 1985). Defendant has no evidence from which one could draw an inference about what he believed or whether his belief was genuine. Nothing Mr. Biden will say at trial will support Defendant. The testimony of Defendant's only other witness, Mr. Moynihan, contradicts Defendant's story—a story the jury now will never even hear. (Order Denying MSJ at 14.) Mr. Moynihan's testimony—that he cannot confirm that Defendant ever gave a recording to an FBI agent, much less that government agents confirmed its authenticity, and that the recording he heard did not contain any assertion that Plaintiff directly or indirectly solicited, accepted, or received any bribe—would not allow a reasonable jury to conclude that Defendant genuinely believed assertions Mr. Moynihan says he never heard. (*Id.* at 17.) Further, anything Mr. Moynihan could possibly say about Defendant's mental processes would be hearsay. (*Cf.* Pretrial Order at 3 (holding Mr. Ziegler cannot testify in this case because his report is relevant only to the extent it influenced Defendant's state of mind and only Defendant, not Mr. Ziegler, can speak to that).)

The Court held actual malice "is the only disputed element of defamation" in this case (Order Denying MSJ at 21), and without testimony from Defendant about what he believed or why he believed it, there is no evidence such that a reasonable jury could return a verdict for Defendant. Summary judgment therefore is warranted. *Anderson*, 477 U.S. at 248.

### C. Punitive Damages-Only Trial

If the Court awards summary judgment on liability, then the jury trial commencing July 29, 2025, would only consider the issue of punitive damages. The Court ruled that there must be a finding by the jury in the liability phase. (Pretrial Order at 10.) That can be accomplished in a punitive damages-only trial by instructing the jury that it should award no punitive damages if it does not find Defendant acted "with malice, oppression, or fraud" under California law.

In a punitive damages-only trial, evidence would be presented to the jury to prove

two factors identified under California law as relevant to the amount of punitive damages: "the reprehensibility of the defendant's conduct" and "the defendant's wealth, considering the amount sufficient to punish and deter future wrongful conduct." *Baffert v. Wunderler*, No. 3:23-CV-1774-RSH-BLM, 2025 WL 1784625, at *8 (S.D. Cal. June 27, 2025) (quoting *Khraibut v. Chahal*, No. 15-CV-04463-CRB, 2021 WL 1164940, at *21 (N.D. Cal. Mar. 26, 2021)). Evidence of reprehensibility includes evidence of recidivism. *See Johnson v. Ford Motor Co.*, 35 Cal. 4th 1191, 1204 (2005) (holding "a civil defendant's recidivism remains pertinent to an assessment for culpability" for punitive damages); *Grimshaw v. Ford Motor Co.*, 119 Cal. App. 3d 757, 810 (1981) ("The primary purposes of punitive damages are punishment and deterrence of like conduct by the wrongdoer and others."). Such evidence could include deposition testimony from Defendant presented by Plaintiff to which Defendant could counter-designate portions only "other parts that in fairness should be considered with the part introduced," Fed. R. Civ. P. 32(a)(6), but not to contest liability. It could include testimony from Plaintiff. It could include public records indicating "the defendant's wealth," like reports from the U.S. Securities and Exchange Commission showing that Defendant sold his remaining position in Overstock.com in late 2019 for about $90 million. It is fair to infer from these public records that Defendant is a very wealthy man. Further evidence could include judgments and other judicial records regarding punitive damages awarded against Defendant in prior defamation actions. *E.g.*, *Nazerali v. Mitchell, et al.*, 2016 BCSC 810 (Can.) (notably, Mr. Byrne declined to show up for trial in that case as well).

If Defendant disputes this evidence, he should come to trial and testify before the jury. If he comes to trial, he could present his own testimony to dispute liability and perhaps there would be no punitive damages phase at all. Apparently, Defendant believes the likelihood of that is too low to justify traveling to the courthouse.

## III. CONCLUSION

For the foregoing reasons, the Court should consider summary judgment for Plaintiff as to liability as a sanction for Defendant's misrepresentations to the Court in bad faith, grant summary judgment for Plaintiff as to liability on the merits of the case, and proceed to trial only on the issue of punitive damages.

Dated: July 25, 2025

RICHARD A. HARPOOTLIAN, PA

By: */s/ Phillip D. Barber*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff Robert Hunter Biden*

## DECLARATION OF PHILLIP D. BARBER

I, Phillip D. Barber, declare and state as follows:

1. I am an attorney within the law firm of Richard A. Harpootlian, PA, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's Ex Parte Application for an Order Granting Sanctions Against Defendant and Summary Judgment for Plaintiff as to Liability. If called as a witness, I would and could testify to the matters contained herein.

2. Attached hereto as **Exhibit "1"** is a certified copy of the transcript of the pretrial conference held on July 21, 2025. In places, the court reporter erroneously lists the conference date as July 22 or July 23.

3. I attended the pretrial conference on July 21, 2025. Before and during breaks in the pretrial conference, I spoke with Defendant's attorney Michael C. Murphy, Esq., and I overheard conversations Mr. Murphy had with my co-counsel, Richard A. Harpootlian, Esq. Mr. Murphy repeatedly and emphatically stated Defendant Patrick Byrne would appear at trial in this matter.

4. Attached as **Exhibit "2"** is a true and correct copy of the communication by which Plaintiff's counsel provided notice of this *ex parte* application to Defendant's counsel.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 25th day of July 2025, at Charleston, South Carolina.

                                                      */s/ Phillip D. Barber*
                                                      Phillip D. Barber