Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S FINAL RULE 26 PRETRIAL DISCLOSURES (ECF NO. 286)**<br><br>Complaint Filed: November 8, 2023<br>Trial Date: July 29, 2025 |

**PLAINTIFF'S REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S FINAL RULE 26 PRETRIAL DISCLOSURES (ECF NO. 286)**

## **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff Robert Hunter Biden ("Defendant") hereby submits his reply to Defendant Patrick M. Byrne's ("Defendant") "Response to Plaintiff's Final Rule 26 Pretrial Disclosures", which was filed on July 25, 2025 at ECF No. 286.

Despite the title of the documents filed by Defendant at ECF No. 286, in reality the document is Defendant's own Final Pretrial Disclosures, which are being filed 25 days after the deadline to do so, in an attempt to circumvent the untimely nature of such a filing. *See* Fed. R. Civ. P. 26(a)(3)(B) ("Unless the court orders otherwise, these disclosures must be made at least 30 days before trial.") 30 days before the July 29, 2025 trial date was June 30, 2025, and Defendant failed to file his final pretrial disclosures by that deadline. So, Defendant is precluded from doing so now.

The obvious purpose of such a late filing is because on July 23, 2025, despite representations to the contrary to the Court at the July 21, 2025 Final Pretrial Conference, Defendant notified the Court that Defendant will not be attending trial in person (ECF No. 272) and now he wishes to designate portions of his own deposition in lieu of live testimony, and object to Plaintiff's designations. Not only is such a designation of a party's own deposition testimony for use at trial when that party has procured their own unavailability improper and not permitted[1], but his counter designations and objections are untimely. In addition to the portion cited above, FRCP 26(a)(3)(B) also provides that "[w]ithin 14 days after [pretrial disclosures] are made, unless the court sets a different time, a party may serve and promptly file a list of the following objections: any objections to the use under Rule 32(a) of a deposition designated by another party under Rule 26(a)(3)(A)(ii)[.]" That means Defendant's counter designations were due June 30, 2025, and his objections to Plaintiff's

---

[1] *See* Fed. R. Civ. P. 32(a); *see also Culebra II, LLC v. River Cruises and Anticipation Yachts, LLC*, 564 F. Supp. 2d 70, 79-80 (D. Me. 2008) ("When a party requests admission of its own deposition due to unavailability, the burden is on that party to demonstrate that it has not procured its own absence"); *Fairfield 274-278 Clarendon Trust v. Dwek*, 970 F.2d 990, 995 (1st Cir. 1992) (same).

1  designations were due July 14, 2025.  Defendant failed to make the required
2  disclosures and objections by each deadline and cannot do so now under the guise of a
3  different titled pleading.

4        As the Court is aware, at the July 21, 2025 Final Pretrial Conference,
5  Defendant's counsel represented to the Court that he had not received Plaintiff's
6  deposition designations:

> "THE COURT: I see. And when you say you intend to publish excerpts of [Defendant's] deposition, have those excerpts been shown to the defendant?
>
> MR. BARBER: Yes, Your Honor.
>
> …
> THE COURT: Just briefly, what is the status?
>
> …
> MR. MURPHY: I did not receive the excerpts yet. If they prepared them, I haven't received them."

(Declaration of Zachary C. Hansen ("Hansen Decl."), at ¶2, Ex. 1 at 8:25-9:18.)  This was either an outright intentional misrepresentation on Defendant's counsel's part or inexcusable neglect resulting in a false representation to the Court, because, as the Court's public ECF docket shows, Plaintiff indeed timely filed his Final Pretrial Disclosures on June 30, 2025, at ECF No. 242, with the designations of the various depositions Plaintiff intended to use at trial attached thereto as Exhibits A-C (ECF Nos. 242-1, -2, -3).

      Nevertheless, the Court ordered Plaintiff to serve his designations on Defendant's counsel again on July 21, 2025, which he did (*see* Hansen Decl., at ¶3, Ex. 2), and for Defendant to serve objections thereto by Thursday July 24, 2025. (Hansen Decl., at ¶2, Ex. 1 at 10:17-21 ("And I want your objections, if any, to be filed no later than Thursday.")  On Wednesday July 23, 2025, Defendant's counsel sent an email to Plaintiff's counsel stating: "We have no objection to your deposition

designations for the defendant." (Hansen Decl., at ¶4, Ex. 3.)  And yet, two days later, on Friday July 25, 2025 – after the Court's new deadline – Defendant filed his "Response to Plaintiff's Final Rule 26 Pretrial Disclosures" objecting to Plaintiff's deposition designations for Defendant despite previously stating he had none.   (ECF No. 286.)  The Court should not countenance this blatant gamesmanship and misrepresentations to the Court and Plaintiff's counsel in violation of the Court's Civility Guidelines and the Rules of Professional Responsibility.

    For the foregoing reasons, the Court should strike Defendants ECF No. 286, deny all of his asserted objections, deem his counter designations under Rule 32(a) improper, and Order that Defendant is not permitted to publish any portions of Defendant's deposition for use at trial.

Dated:  July 25, 2025

EARLY SULLIVAN WRIGHT
  GIZER & MCRAE LLP

By:  */s/ Zachary C. Hansen*

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

# DECLARATION OF ZACHARY C. HANSEN

I, Zachary C. Hansen, declare and state as follows:

1. I am an Attorney within the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's reply to Defendant Patrick M. Byrne's ("Defendant") "Response to Plaintiff's Final Rule 26 Pretrial Disclosures", which was filed on July 25, 2025 at ECF No. 286. If called as a witness, I would and could testify to the matters contained herein.

2. Attached hereto as **Exhibit "1"** are true and correct copies of relevant portions of the court reporter's transcript from the July 21, 2025 Final Pretrial Conference.

3. Attached hereto as **Exhibit "2"** is a true and correct copy of an email I sent to Defendant's counsel on July 21, 2025.

4. Attached hereto as **Exhibit "3"** is a true and correct copy of an email I received from Defendant's counsel on July 23, 2025.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 25th day of July, 2025, at Summit, New Jersey.

/s/ Zachary C. Hansen
Zachary C. Hansen