Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> PATRICK M. BYRNE, an individual, <br><br> Defendant. | Case No.:   2:23-cv-09430-SVW-PD <br> Judge:   Honorable Stephen V. Wilson <br> Courtroom:   "10A" <br><br> **DEFENDANT PATRICK BYRNE'S REPLY TO PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE TO DEFENDANT'S FINAL RULE 26 PRETRIAL DISCLOSURES (ECF No. 286)** <br><br> Date:   July 28, 2025 <br> Time:   1:30 p.m. <br> Courtroom:   "10A" |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendant Patrick Bryne ("Defendant") hereby responds to Plaintiff Hunter Biden's ("Plaintiff") Response to Plaintiff's Final Rule 26 Pretrial Disclosures pursuant to FRCP 26(a)(3)(B) as follows:

1. Plaintiff's counsel repeatedly failed and refused to comply with the Rule 16 Pretrial Rules when he was supposed to start the meet and confer process pursuant to Rule 16 on June 3, 2025. Instead, Plaintiff's counsel waited until June 30, 2025, to start the Rule 16 process and even then as is evident from the previous report filed by Defendant, Plaintiff refused to meet and confer at all until only a few days before the Pretrial Conference to meet and confer and one day before Defendant's counsel went on a one-week vacation. Under these circumstances, Defendant's filing being only one day late and with Plaintiff showing no prejudice due to the late filing should be excused by the court.

2. Plaintiff cites <u>Federal Rule of Civil Procedure</u> Section 32(a) and the cases of <u>Cuelbra II, LLC v. River Cruises and Anticipation Yachts, LLC</u> (D. Me. 2008) 564 F. Supp. 2d 70, 79-80 and <u>Fairfield 274-278 Clarendon Trust v. Dwek</u> (1st Cir. 1992) 970 F.2d 990, 995 which stands for the proposition that if a party fails to appear for trial the court in its discretion can preclude the party from using his deposition in lieu of his trial testimony if he choses to not appear at trial. In both of those cases it was the absent party that attempted to use his deposition in lieu of trial testimony. Here in this case, it is the Plaintiff and not the defendant who chose to designate passages from Defendant's depositions that he intends to use at trial. In response, Defendant filed counter designations to Plaintiff's designations. Accordingly, Plaintiff has waived any objections to Defendant's deposition being read and when Defendant is only counter designating to ensure that Plaintiff does not omit testimony of the Defendant or take out of context during the reading of the deposition like counsel have done in the past with past court filings.

Dated: July 25, 2025       LAW OFFICES OF MICHAEL C. MURPHY

By:  /s/ Michael C. Murphy, Esq.

_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne