Michael C. Murphy, Esq. (S.B. No. 104872)
  Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
  Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Attorneys for Defendant,
Patrick Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.: 2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>DEFENDANT PATRICK M. BYRNE'S RESPONSE IN OPPOSITION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAINST DEFENDANT AND SUMMARY JUDGMENT FOR PLAINTIFF AS TO LIABILITY; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL C. MURPHY, ESQ.<br><br>Date: July 28, 2025<br>Time: 1:30 p.m.<br>Loc: Hon. Stephen V. Wilson<br>Ctrm: "10A" |

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

1

**PLEASE TAKE NOTICE** that Defendant Patrick Byrne, by and through his attorneys of record, hereby serves his Response in Opposition to the Plaintiff's Ex Parte Application for an order granting Plaintiff's Application to Modify its Scheduling Order for Leave to Conduct Limited Non-Expert Discovery.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

The Defendant Patrick M. Byrne hereby submits to the Court his Memorandum of Points and Authorities in support of his Response in Opposition to Plaintiff's Ex Parte Application for an order granting his application to modify the court's scheduling order for leave to conduct additional non-expert discovery.

The Defendant opposes the Plaintiff's Ex Parte Application on the following grounds:

1. First of all, the Plaintiff has failed to comply with Local Rule 37-1, in that there was no effort to comply with the rule which requires that the Plaintiff confer with the Defendant, and this court has not exempted Plaintiff from full and complete compliance with this rule.

2. Secondly, the Plaintiff has presented an *ex parte* application even though there is no emergency or any suggestion of any emergency. Moreover, the Plaintiff has made no claim that he will suffer irreparable injury if the court does not grant his motion.

3. In fact, it is the Defendant, not the Plaintiff who will suffer irreparable injury because he will not be given a fair opportunity to have a reasonable amount of time and utilizing the procedures in Rules 37.1 and 37.2 to address the issues which are the subject of the Plaintiff's Ex Parte Application.

### II. LEGAL ARGUMENT.

**1. The Plaintiff Failed to Comply with The Court's Local Rules.**

The Plaintiff has failed to comply with the unequivocal requirements under Local Rule 37-1 by failing to have his counsel meet and confer with the

2

Defendant's counsel prior to filing this Ex Parte Application. He failed to comply with the requirements of Local Rule 37-2, 37-2.1-37-2.3 and cannot bring a unilateral motion to address trial issues. Therefore, the Court should deny the motion pursuant to Local Rule 37-2.4.

### 2. The Plaintiff Has Not Shown Good Cause for Ex Parte Relief.

A. There is no Emergency

Ex parte applications are limited to requests warranting extraordinary relief. (See this Court's New Case Order, Docket 14, ¶5.) They are typically limited to genuine emergencies. Ex Parte Applications should not be granted when the opposing party is not given a reasonable opportunity to present facts and law the court needs to know to fairly rule on the application. (See *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191, 193-194 (C.D. Cal. 1989).

The Ex Parte Application must be supported by evidence that shows the moving party's cause will be irreparably prejudiced if the underlying motion must be heard using regularly mandated motion procedures. (*Mission Power Engineering Co. v. Continental Cas. Co.* (CDCA 1995) 883 F. Supp. 488, 492.)

In the case *sub judice*, the Plaintiff's Ex Parte Application for leave for sanctions must be properly brought as a noticed motion with the requirement of full compliance with Local Rules 37.1 and 37.2.

The Plaintiff will suffer no prejudice because there is no emergency and has offered no evidence to the court that he will suffer any unfair prejudice. The Court's "New Case Order" makes it clear that it only allows Ex Parte Applications when extraordinary relief is necessary. The Court cites to *In Re: Intermagnetics America, Inc.*, 101 Bankr. 191 (C.D. Cal. 1989) in the New Case Order. The case discusses the problem of increased use and abuse of the ex parte process (*In Re: Intermagnetics, supra.*, 101 Bankr. at p. 192.)

### B. Defendant's Counsel's Statements to the Court Were Not Willfully False.

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

As was mentioned in Defendant's previous filing with the court requesting a continuance of the pretrial conference, the Plaintiff's counsel willfully failed to comply with Rule 16 procedures and rules to enable Defendant to fairly prepare this case for trial with a complete understanding of Plaintiff's presentation of the evidence of their case. All of Plaintiff's counsel refused to discuss this case with the defense counsel in compliance with Rule 16. As a result, the Defendant's counsel requested a continued pretrial because of these problems that were caused solely by Plaintiff's counsel's bad faith conduct in failing and refusing to comply with the pretrial Rules in 16. When they did some work to comply with the Rule, it did not start until June 30, 2025, some 27 days after the work should have been started and, in fact, completed.

During the first pretrial hearing on July 21, 2025, the court and the Plaintiff's counsel asked the Defendant's counsel if the Defendant planned to appear for trial. The Defendant's counsel truthfully told the court that it was his understanding Defendant would appear for trial and discussed the Defendant's proposed testimony which is consistent with what he submitted with his motion for summary judgment. The Plaintiff's counsel disclosed how he planned to cross-examine the Defendant. The court then inquired again if the Defendant was coming to trial.

In the transcript it shows that Plaintiff's counsel tried to get a court order to compel the Defendant to appear at trial and that he should be ordered to appear for jury selection. The court then ruled it was up to Defendant's counsel to have Defendant or not have Defendant show up and that the court did not care. (Exh "1" to Barber Declaration at page 11, Line 13-20.)

In response, unfortunately, the Plaintiff's counsel prevaricated to the court and advised that he had given a subpoena to Defendant's counsel and implied he had to appear due to that subpoena. In fact, the Defendant was never subpoenaed, and he is not required to appear.

4

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

The court then noted its belief that the subpoena power of the court had no jurisdictional limits in this case, which plaintiff's counsel affirmed, and the court then noted there could be consequences if the Defendant did not appear. It is obvious from the transcript the court was speaking about consequences from Defendant not complying with a subpoena. . (Exh "1" to Barber Declaration at page 79, Lines Line 5-22.)

During this discussion during the pretrial, the court did not ask the Defendant's counsel for a response to the Plaintiff's counsel's tale about the subpoena and whether or not it, in fact, had been served on the Defendant, if Defendant's counsel had agreed to accept service of the subpoena, (which he had not), or whether it was outside the jurisdictional limits of the court's subpoena power (which it was).

After reviewing the case at bar with the information provided at the pretrial conference that should have been provided by the Plaintiff pursuant to Rule 16 and over one month and 18 days before the pretrial conference, the Defendant then on July 23, 2025, for the first time made the decision to not appear at trial.

Thereafter, on July 23, 2025 and only three days after the pretrial conference, the Defendant's counsel immediately filed and served the Defendant's Notice of Non Appearance at Trial and Defendant's Objections to Plaintiff's counsel's representations to the court by implication that Defendant had been properly served with a subpoena when he had not and that the Defendant could not be compelled to attend trial with a subpoena because he resides in Florida and outside the geographical limits of the subpoena power of the court.

On July 23, 2025, and after Defendant had filed his Notice of Non-Appearance, the court then filed its pretrial order. It was filed and served several hours later by the court.

Since Defendant's counsel's statements were truthful to the court during the pretrial conference and afterwards, Plaintiff's Ex Parte Application does not

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

demonstrate good cause for the court to grant it for any reason. It is based on a misrepresentation of the record and the statements by the court which they fail to mention in their Ex Parte Application centered around a subpoena and no discussion about the independent legal duty of Defendant to appear for trial.

In a similar case, where a party represented to the Court that a witness was going to be at trial and then did not appear, the Court ruled that since the witness lived more than 100 miles from the Court, even though the witness did not choose to appear, his absence was not procured by the party. *Phoenix Techs Ltd. v. VMware, Inc.*, 2017 U.S. Dist. LEXIS 87635 (ND Cal. 2023).

### C. The Defendant Has No Legal Duty to Appear for Trial and There Are No Consequences if Fails to Appear.

A civil party has no legal obligation to appear at trial. (*GFI Computer Industries, Inc. v. Fry* (5th Cir. 1973) 476 F.2d 1, 5.) A subpoena must be used to compel a Defendant to require him to appear at trial.

Under Federal Rule of Civil Procedure Section 45(c)(1)(A) and (B)(i), a Defendant can be compelled with a subpoena to appear at trial but only within one hundred miles of his place of residence. Moreover, while a Defendant can be personally served with a subpoena anywhere within the United States, (*Fed. Rule of Civ. Proc.*45(b)(2), the Defendant must be personally served with the subpoena. (*Fed. Rule of Civ. Proc.* 45(b)(1).

In their motion, Plaintiff has not provided this court with any of evidence that Defendant has been properly served with a subpoena to compel his attendance at trial and that Defendant lives within one hundred miles of the jurisdictional limit of the court. Moreover, the Plaintiff has not offered any evidence that the Defendant's counsel agreed to accept a subpoena on behalf of the Defendant during the pretrial conference and so stated to the Plaintiff's counsel. In fact, he told the Plaintiff's counsel he could not accept the subpoena.

Based on the foregoing, there can be no consequences for the Defendant for failure to appear at trial. The Plaintiff is not prejudiced under these circumstances.

**D. The Plaintiff's Summary Judgment Proposal is Objected to by the Defendant Who Wants to Promptly Proceed to Trial and to Enable the Parties and The Court to Conserve Judicial Resources and Time.**

There is no absolute right to summary judgment in any case. The court has the discretion to refuse to consider and grant a motion for summary judgment if the court determines that justice and fairness require a trial on the merits. (*Anderson v. Liberty Lobby, Inc.* (1986) 477 US 242, 255.)

After giving notice and a reasonable time to respond, the court Sua sponte may consider a motion for summary judgment on its own after identifying for the parties the material facts that may not be genuinely in dispute and that are not triable issues of fact. The motion can be for the nonmovant or the moving party (*Albino v. Baca* (9th Cir. 2014) 747 F.3d 1162, 1176; *Celotex Corp. v. Caltrett* (1986) 477 US 317, 326-district court must give notice of issues and a reasonable time to respond.)

The notice and response provisions that govern a motion for summary judgment under Federal Rule of Civil Procedure 56 would also apply and must be used and followed including separate statements, declarations and documentary evidence as allowed by the rule where the court acts Sua sponte. (*Norse v. City of Santa Cruz* (9th Cir. 2010) 629 F.3d 966, 972.)

The Plaintiff has requested that the court ignore these procedural rules, commit judicial error, deprive the Defendant of his Constitutional right to a jury trial on the Plaintiff's dollar liability case, and simply grant a judgment for the Plaintiff on the existing summary judgment motion and without using the actual standards that are clearly articulated in the court's order denying Plaintiff's motion for summary judgment to wit: all evidence is liberally construed against the moving party (the Plaintiff), any credibility issues are construed against the

moving party (the Plaintiff), and any doubts about granting the motion must result in the court denying the motion.

The Plaintiff then contended that he is not seeking sanctions in connection with the motion but asks this Court to disregard the Defendant's declarations in renewing the motion because he is not appearing at trial. However, the Plaintiff cannot use a deposition rule such as Federal Rule of Civil Procedure 32(a), which applies to the use of depositions at trial for a summary judgment motion when the Sua sponte rules require that the court consider declarations and evidence filed by defendant as referenced above.

The Plaintiff also lost sight of which party has the burden of proof at trial. The Plaintiff must prove that the Defendant acted with "actual malice." A statement is made with "actual malice" if Defendant made the statement with knowledge that the statement was false, or if Defendant made the statement with reckless disregard of the truth or falsity of the statement. *New York Times Co. v Sullivan* (1964) 376 U.S. 254, 270. While publishing a false statement may give rise to a claim for defamation, falsity alone is not enough to establish the Defendant made the allegedly defamatory statements with "actual malice." *Id.* at 279-280. To prove the Defendant made the defamatory statement with reckless disregard of the truth of the statement, the Plaintiff must prove the Defendant harbored "serious doubts" of the truth of the statement. (*St. Amant v Thompson* (1968) 390 U.S. 727, 731.) Furthermore, if the alleged defamatory matter involves a matter of public concern, then the Plaintiff must satisfy the actual malice standard. *Philadelphia Newspapers, Inc. v Hepps* (1986) 475 U.S. 767, 770-777. Actual malice cannot be implied and must be proven by direct evidence. *Sanborn v. Chronicle Pub. Co.* (1976) 18 Cal.3d 406, 413.

The Plaintiff bears the burden of proving by "clear and convincing" evidence that the Defendant made the statement with "actual malice." (*Reader's Digest Assn., supra,* 37 Cal.3d at p. 252.) Ill-will or hostility towards Plaintiff

8

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

alone will not rise to "actual malice." *Schoen v Schoen* 48 F.32d 412, 417 (9th Cir. 1995); See also *Gomes v Fried* (1982) 136 Cal.App.3d 924, 934-935; *Young v CBS Broadcasting, Inc.* (2012) 212 Cal.App.4th 551, 563. Similarly, mere negligence during Defendant's investigation of the facts underlying the statements, without more, will not suffice to prove actual malice. *St. Amant, supra,* 390 U.S. at p. 730; See also *Masson v New Yorker Magazine* (1991) 501 U.S. 496, 510: ["plaintiff must demonstrate that the author 'in fact entertained serious doubts as to the truth of his publication,' or acted with a 'high degree of awareness of…probably falsity.'"]. Furthermore, reckless conduct by the Defendant, including reckless disregard for the truth, is not measured by whether a reasonably prudent person would not have published the article or would have investigated before publishing, and lack of due care or gross or extreme negligence cannot be used to establish the liability of the Defendant. *St. Amant, supra,* 390 U.S. at p. 731.

The Plaintiff must present "sufficient evidence to permit the conclusion that the defendant, in fact, entertained serious doubts as to the truth of his publication." (*Ibid.*) Reckless disregard here is whether the Defendant harbored *subjective* doubt as to the truth of the statements. See *Melaleuca, Inc. v Clark* (1998) 66 Cal.App.4th 1344, 1365. Failure to present or proffer "clear and convincing" evidence of actual malice will render the matter ripe for summary judgment [in favor of the defendant]. *Antonovich v Superior Court* (1991) 234 Cal.App.3d 1041, 1047.

The Defendant is under no obligation to personally investigate the facts underlying the statements and is permitted to rely on information obtained from reliable sources, especially when circumstances do not suggest the sources are inaccurate. *Binderim v Mitchell* (1979) 92 Cal.App.3d 61, 73. Moreover, the Defendant does not need to write an objective account of the facts. *Times, Inc. v Pape* (1971) 401 U.S. 279. The Defendant may present the story so long as he harbors no serious doubts concerning the truth of the facts. *Vandenburg v Newsweek, Inc.* 507 F.2d 1024, 1028 (5th Cir. 1975).

The Plaintiff must meet these burdens of proof and even if Defendant is not present at trial. It remains to be seen whether Plaintiff can meet these burdens of proof in his dollar case, taking into consideration the jury's special verdict form 1723, without the Defendant's testimony at trial, and the evidentiary objections the Defendant has filed to all the Plaintiff's exhibits which require defendant's testimony.

The request by Plaintiff for a summary judgment motion that ignores all procedural rules and the rules governing Defendant's Constitutional right to a jury trial is a desperate attempt by Plaintiff to stall and delay the trial of this case. The best course of action that the court can take to get rid of this case without any more delay is to order this case to trial on July 29, 2025, starting at 9:00 a.m. in Courtroom 10C.

E. **The Punitive Damages Standards Cited by Plaintiff in His Motion Are Misleading and a Misstatement of the Applicable law on Plaintiff's Clear and Convincing Burden of Showing Defendant's Net Worth and Net Income at the Time of Trial to be Able to Recover Punitive Damages.**

The punitive damages standard that Plaintiff must prove by clear and convincing evidence as to the Defendant's net worth and net income is mandatory for the Plaintiff to recover punitive damages. These have not been properly articulated by the Plaintiff for the court.

This is a diversity case. There is no federal question involved. The case involves a claim for defamation and California law applies to the determination of the issues of this case including the standards that the jury must consider making an award of punitive damages during the trial of this case. (*Erie R.R. Co. v. Tompkins* (1938) 518 US 415, 427; *Hyan v. Hummer* (9th Cir. 2016) 825 F.3d 1043, 1046.)

Under California law, in determining the amount necessary to impose an appropriate punitive amount, the jury must consider the wealth of the defendant in

10

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

setting the amount of the punitive damages award. (*Adams v. Murakami* (1991) 54 Cal.3d 105, 109-116.)

The plaintiff bears the burden of presenting evidence of the defendant's financial condition to support a claim for punitive damages. (*Adams* supra at 119-123) which includes not just the financial assets of the defendant but his liabilities revenue and costs as well. (*Soto v. Borg-Warner Morse Tedc, Inc.* (2015 239 Cal.App.4th 165, 195-196.) The plaintiff's burden of proof of showing the financial condition of the Defendant is with clear and convincing evidence. (*Kelley v. Fundomnate, Inc.* (CD Cal 2025) 773 F. Supp. 3d 899)

A punitive damages award must be reversed on appeal when Plaintiff fails to present evidence of the Defendant's net worth during the trial of the case for consideration by the jury in determining the amount of an award of punitive damages against the defendant. (*Baxter v. Peterson* (2007) 150 Cal.App.4th 673, 680-681). Moreover, evidence of net income without evidence of the defendant's assets and liabilities is also insufficient to support a claim for punitive damages and must be overturned on appeal. (*Lara v. Cadag* (1993) 13 Cal.App.4th 1061, 1063-1066.) The inquiry regarding the financial condition of the defendant for a jury to make an award of punitive damages is the examination of the financial condition of the Defendant at the time of trial. (*Washington v. Farlice* (1991) 1 Cal.App.4th 766, 777.) A punitive damages award must be reversed by the court of appeal if there is no sufficient admissible evidence of a defendant's current financial conditions. (*Farmers & Merchants Trust Co v. Vanetik* (2019) 33 Cal.App. 5th 638, 649-650.)

The current evidence of the Defendant's net worth and net income that must be shown at trial must be based on the Defendant's personal records and not financial condition evidence published by a publicly traded company in a publication that occurred months or even years before trial. Such financial condition of the company is inadmissible to show Defendant's net worth unless

11

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

the corporation is the alter ego of Defendant and Plaintiff provides that proof with the most current information as of the trial date. (*Tomaselli v. Transamerica Inc. Co.* (1994) 25 Cal.App.4th 1269, 1284-1286; *Institute of Veterinary Pathology, Inc. v. California Health Labs, Inc.* (1981) 226 Cal.App.3d 111, 120.)

The Plaintiff cannot use federal law and cases to get around the California law requirements of what he must prove by clear and convincing evidence of the Defendant's net worth at trial. Once again this is a diversity case and not a federal question case so only California substantive law applies.

### III. CONCLUSION

Based on the foregoing, Defendant respectfully requests that the court deny Plaintiff's Ex Parte Application for Sanctions. He failed to comply with the procedural rules governing this motion. He failed to show good cause for the court to grant this motion. The Defendant is entitled to a jury trial on Plaintiff's entire case. It is nothing but a stall and delay tactic to hinder and delay the start of the trial of this case.

Dated: July 26, 2025          LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.

Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Attorneys for Defendant,
Patrick Byrne

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

# DECLARATION OF MICHAEL C. MURPHY, ESQ.

I Michael C. Murphy, Esq., declares as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California, I am duly admitted to practice law before this court, and I am the attorney of record for Defendant Patrick Byrne in this action. I am personally familiar with the facts set forth in this Declaration and if called upon I could and would competently testify to the foregoing.

2. As was mentioned in my previous filing with the court requesting a continuance of the pretrial conference and objecting to Plaintiff's counsel's failure to comply with Rule 16 and conduct the pretrial work of this case including discussing in detail this case with me, Plaintiff's counsel willfully failed to comply with Rule 16 procedures and rules to enable Defendant to fairly prepare this case for trial with a complete understanding of Plaintiff's presentation of the evidence of their case which had to be disclosed pursuant to Rule 16. All of Plaintiff's counsel that I was dealing with doing pretrial work including Plaintiff's lead trial counsel, Mr. Richard A. Harpootlian, Esq. refused to discuss this case with me in compliance with Rule 16. Mr. Harpootlian informed me that he did not have to explain anything to me. As a result, I filed an objection detailing these failures of Plaintiff's counsel to comply with Rule 16 and requested a continued pretrial conference because of these problems that were caused solely by Plaintiff's counsel's bad faith conduct in failing and refusing to comply with the pretrial Rules in 16. When they ultimately did some work to comply with the Rule, it did not start until June 30, 2025, some 27 days after the work should have been started on June 3, 2025, and in fact on a date when most if not all the work had to be completed.

3. During a break during the pretrial of July 21, 2025, Plaintiff's counsel Mr. Richard A., Harpootlian, Esq. handed me a subpoena for Defendant to appear at trial. I told Mr. Hairpootlian in response that I would not accept the subpoena and

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

had no authority from Defendant to accept the subpoena. I told him Defendant lived in Florida and outside the jurisdictional limits of the court. I told him as a result the subpoena was null and void.

3. During the first pretrial hearing on July 21, 2025, the court and opposing counsel asked me if defendant planned to appear for trial. I truthfully told the court that it was my understanding Defendant would appear for trial. I discussed the Defendant's proposed testimony which is consistent with what he submitted with his motion for summary judgment. Plaintiff's counsel disclosed how he planned to cross-examine Defendant. The court then inquired again if Defendant was coming to trial.

4. During the pretrial, Plaintiff's counsel sought an order from the court compelling Defendant to appear at trial for jury selection. The court refused to give such an order and ruled it was Defendant's choice. He could appear if he wants, he can not appear if he wants and that it was up to him. The clearly ruled the court did not care. ( Exh "1" to Baber Declaration at page 11, lines 13 through 20.)

4. Plaintiff's counsel then falsely told the court that he had given a subpoena to me and implied Defendant had to appear due to that subpoena. The court then noted its belief that the subpoena power of the court had no jurisdictional limits in this case, which plaintiff's counsel affirmed, and the court then noted there could be consequences if Defendant did not appear. (Exh "1" to Baber Declaration at page 70, lines 2 through 15.) It is obvious from the transcript the court was speaking about consequences from Defendant not complying with a subpoena.

5. During this discussion during the pretrial, the court did not ask me for a response to Plaintiff's counsel's false representations about the subpoena and whether or not it in fact it had been properly served on the Defendant, if I had agreed to accept service of the subpoena, (which I had not). and whether it was outside the jurisdictional limits of the court's subpoena power.

14

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD

6. After reviewing this case with the information provided at the pretrial conference that should have been provided by Plaintiff pursuant to Rule 16 and over one month and 18 days before the pretrial conference, Defendant then on July 23, 2025 for the first time made the decision to not appear at trial.

7. Thereafter, on July 23, 205 and only three days after the pretrial conference, I immediately filed and served the Defendant's Notice of Non Appearance at Trial and Defendant's Objections to Plaintiff's counsel's representations to the court by implication that Defendant had been properly served with a subpoena when he had not and that the Defendant could not be compelled to attend trial with a subpoena because he resides in Florida and outside the geographical limits of the subpoena power of the court.

8. On July 23, 2025, and after Defendant had filed his Notice of Non-Appearance, the court then filed its pretrial order. It was filed and served hours later by the court.

9. Since my statements to the court were truthful during the pretrial conference and afterwards and Plaintiff has not been prejudiced, Plaintiff's Ex Parte Application does not demonstrate good cause for the court to grant it for any reason. It is based on a misrepresentation of the record and the statements by the court which they fail to mention in their Ex Parte Application centered around a subpoena that had not been properly served on the Defendant who resides in Florida and no discussion about the independent legal duty of Defendant to appear for trial.

I declare under penalty of perjury and under the laws of the United States of America and the State of California that the foregoing statements in my Declaration are true and correct and that this Declaration was executed this 26th day of July 2025, at Westlake Village, California.

_____
Michael C. Murphy, Esq.

DEFENDANT PATRICK M. BYRNE'S OBJECTION TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER GRANTING SANCTIONS AGAI8NST DEFENDANT AND SUMMARY JUDGMENT AS TO LIABILITY.
Case No.: 2:23-cv-09430-SVW-PD