UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DENYING STEFANIE LYNN LAMBERT JUNTTILA APPLICATION TO APPEAR PRO HAC VICE ON BEHALF OF DEFENDANT [291]

## I.  Introduction

Before the Court is Stefanie Lynn Lambert Junttila's ("Ms. Lambert") application to appear pro hac vice on behalf of Defendant Patrick M. Byrne. ECF No. 291. For the following reasons, Ms. Lambert's application is DENIED.

## II.  Background

Defendant claimed in an interview that Plaintiff Robert Hunter Biden attempted to secure a bribe from the Iranian government in exchange for favors from the U.S. Government. In response, Plaintiff brought defamation claims against Defendant. ECF No. 1.

Trial on Plaintiff's defamation claims was set for July 29, 2025. Up until that point, Defendant was represented primarily by Michael Murphy, who joined the case in May 2024. ECF No. 44. By the start of trial on July 29, 2025, the Court had held four pretrial conferences: one on November 25, 2024, a

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

second on February 28, 2025, a third on July 21, 2025, and a fourth on July 28, 2025. At each of those conferences, Mr. Murphy was the only attorney arguing on Defendant's behalf.

On July 29, 2025, the morning of the first day of trial, Ms. Lambert applied to appear pro hac vice in the case. Ms. Lambert is a member of the Michigan Bar. ECF No. 291.

### III.   Discussion

Attorneys may apply for may apply for pro hac vice status if they are "a member in good standing of . . . the bar of any United States Court, or the highest court of any State," and are "of good moral character." L.R. 83-2.1.3.1. These are necessary conditions for pro hac vice status, not sufficient ones. Ultimately, "[a]pproval of [a lawyer's] pro hac vice application will be at the discretion" of the Court. L.R. 82-2.1.3.3(c).

But the Court's discretion to deny pro hac vice status is not limitless. While the Ninth Circuit has "not announce[d] specific factors that should inform a district court's exercise of its discretion to deny pro hac vice admission, . . . [a]t minimum, a court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." *In re U.S.*, 791 F.3d 945, 957 (9th Cir. 2015). For instance, "[w]here an out-of-state attorney suggests through his behavior that he will not abide by the court's rules and practices, the district court may reject his *pro hac vice* application." *In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016 (quotations omitted).

That said, even in such a case, the Court may not deny pro hac vice status without explanation. Rather, "if a court has ethical doubts about an attorney who is in good standing with a state bar, it must articulate some reasonable basis for those doubts before denying the attorney's application for pro hac admission." *In re U.S.*, 791 F.3d at 957.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

Here, Ms. Lambert's recent conduct in the District for the District of Columbia and the timing of her pro hac vice application suggests that she "will not abide by the Court's rules and practices," and thus the Court will deny her pro hac vice application. *See In re Bundy*, 840 F.3d at 1042.

### A. Ms. Lambert misconduct in a similar case suggests that she will not honor the Court's rules and practices.

Although Ms. Lambert is currently in good standing with the Michigan Bar, her record far from not spotless. In 2024, the district court in *US Dominion, Inc. v. Byrne*, No. 1:21-cv-02131, 2024 WL 3792654 (D.D.C. Aug. 13, 2024), disqualified Ms. Lambert from the case after she repeatedly violated court orders and made misrepresentations to the court.

The *Dominion* case, like this one, involved defamation claims against Defendant Patrick Byrne. *Dominion*, 2024 WL 3792654, at *1. During the case, the magistrate judge found that Ms. Lambert violated the court's protective order governing confidential discovery information. *Id.* at *15. Specifically, Ms. Lambert used confidential discovery information from the *Dominion* case in a criminal case against her in Michigan. *Id.* She also gave a Michigan county sheriff—who was not involved in the *Dominion* case—"a username and password to the entire repository of Dominion's Litigation Documents," an action that likewise violated the court's protective order. *Id.* at *5, 6, 15.

In response to these violations, the *Dominion* court issued a "Status Quo Order," which directed Ms. Lambert to stop disseminating confidential information and to make "every reasonable effort" to remove the materials from the public docket of her Michigan criminal case. *Id.* at *7. Ms. Lambert did not comply. She "missed multiple deadlines" set by the Status Quo Order and "made no effort . . . to remove the [improperly disclosed] documents from public access or raise the issue with the Michigan court" in her criminal case. *Id.* at *17. Even worse, Ms. Lambert—in concert with Defendant—"continued to share or sponsor the dissemination of the documents publicly." *Id.*

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

The magistrate judge further found that Ms. Lambert "made many misrepresentations and misstatements to the Court." *Id.* at *18. Not only that, but she did so at such a frequency that the magistrate judge found that "Lambert's misrepresentations reflect a deeply concerning pattern that does not appear to have any sign of stopping." *Id.* at *20. Accordingly, reasoning that Ms. Lambert had "repeatedly shown that she has no regard for orders or her obligations as an attorney before this court," the *Dominion* court disqualified her from the case. *Id.* at *31.

Ms. Lambert's conduct in the *Dominion* case raises serious concerns. A court cannot effectively manage a trial without trusting that the attorneys will comply with its orders and speak truthfully. In *Dominion*, Ms. Lambert did neither.

And this was not an isolated lapse in judgment. The *Dominion* court found that she "**repeatedly** violated the Court's Protective Order and Status Quo Orders" and "**repeatedly** made misrepresentations" to the Court. *Id.* at *20, 21 (emphasis added). A single violation might be attributed to error or oversight. But repeated misconduct of this kind suggests a troubling pattern rather than a one-time mistake.

Ms. Lambert's misconduct in the *Dominion* case is particularly concerning given the parallels between that case and this one. Both involve defamation claims against Patrick M. Byrne. If those circumstances led Ms. Lambert to disregard court orders and mislead the court in *Dominion*, there is a legitimate concern that she may engage in similar conduct here.

In sum, Ms. Lambert's recent and repeated violations of court orders and misrepresentations in a case that closely mirrors this one raise serious concerns about her willingness to follow this Court's rules. Such conduct "suggests . . . that [she] will not abide by the Court's rules and practices," and on that basis, the Court "may reject [her] pro hac vice application." *In re Bundy*, 840 F.3d at 1042.

Indeed, the Ninth Circuit upheld similar reasoning in *In re Bundy*, where the district court denied an attorney's pro hac vice application in part because other federal courts had cited the attorney for "inappropriate and unethical behavior." *Id.* Likewise, in *United States v. Ensign*, 491 F.3d 1109, 1115 (9th

: 
Initials of Preparer   DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Cir. 2007), the court affirmed denial of pro hac vice status based partly on the attorney's prior violations of court orders in separate proceedings. Like the attorneys in both those cases, other courts have cited Ms. Lambert for misconduct—repeated misrepresentations and violations of court orders.

Not only that, but other courts have denied Ms. Lambert pro hac vice status on this reasoning. In *Coomer v. Byrne*, No. 8:24-cv-8-TPB, (M.D. Fla. June 10, 2015), ECF No. 242, the district court denied Ms. Lambert's pro hac vice application because of her unethical conduct in the *Dominion* case. The Court will do the same here.

### B. The timing of Ms. Lambert's pro hac vice application supports denial of her request.

Ms. Lambert filed her pro hac vice application on the morning of trial, raising serious concerns about whether she is adequately prepared and familiar with the Court's prior rulings. The Court held four pretrial conferences in this case; Ms. Lambert missed all four.[1] At each of the conferences Ms. Lambert missed, the Court made numerous rulings and engaged in detailed discussions on key evidentiary issues. Only one of those conferences resulted in a written order. As a result, even if Ms. Lambert reviewed the docket thoroughly before seeking admission, she would have access to only limited information—partial insight into one pretrial conference and none at all from the other three. This lack of exposure to the Court's oral rulings and discussions significantly undermines her readiness to participate at this late and crucial stage.

Ms. Lambert claims that she has been involved in the case from the beginning. But there is no evidence that this purported involvement gave her meaningful familiarity with the evidentiary issues in this case. Regardless of whether she advised Defendant behind the scenes, she did not attend three of the Court's four pretrial conferences and there is no indication that she participated in pretrial motion practice.

---

[1] Ms. Lambert claims that observed the Court's fourth pretrial conference from the gallery. While the Court does not recall her attending the hearing, even if she did, she had not yet appeared in the case. Accordingly, the Court will not credit her appearance in the gallery the same as if she had been counsel of record in the case.

|  | : |
|---|---|
| Initials of Preparer | DTA |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

In fact, the record suggests her trial preparation was lacking. Ms. Lambert assured the Court that each member of Defendant's trial team was ready to handle any portion of the case and was fully familiar with the Court's evidentiary rulings. That assurance proved inaccurate. Tom Yu, another member of Defendant's team, demonstrated a clear misunderstanding of the Court's rulings—stating his intent to cross-examine Plaintiff on reputational harm, even though Plaintiff had formally withdrawn his claim for reputational damages weeks earlier. To be clear, this was Mr. Yu's error, not Ms. Lambert's. But Mr. Yu identified Ms. Lambert as the lead trial attorney, and himself as merely playing a supporting role. As lead counsel, Ms. Lambert bore responsibility for ensuring her team was properly prepared—especially if, as she claims, she has been involved since the outset.[2]

To be clear, the Court's concerns about Ms. Lambert's preparedness is not about the adequacy of Defendant's representation. Rather, it stems from the risk that she is unfamiliar with the Court's prior rulings. The timing of her pro hac vice application and her representations on the morning of trial suggest as much. If she is not fully informed, there is a significant risk she will inadvertently violate the Court's orders, which would disrupt the proceedings and undermine "the orderly administration of justice." *In re U.S.*, 791 F.3d at 957.

Moreover, the Court is concerned that Ms. Lambert did not reveal her involvement in this case until the first day of trial. The Court relies on candor from attorneys to ensure fair and orderly administration of proceedings. Undisclosed participation in the case—particularly so close to trial—runs counter to that expectation and raises questions about Ms. Lambert's transparency.

It would be on thing if Ms. Lambert had merely served as a behind-the-scenes consultant. But that is not her representation. She asserts that she has been counsel in this case from the outset and was fully prepared to serve as lead trial attorney. Attorneys who take on such central roles in a party's defense are

---

[2] Ms. Lambert also was also unable to clarify which parts of the trial each member of Defendant's team would handle, suggesting those decisions had yet to be made. This further reflects her lack of preparation to serve as trial counsel.

:

Initials of Preparer     DTA

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | July 29, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

expected to make their involvement known to the Court well before trial—not appear for the first time on the morning it begins.

In sum, the late timing of Ms. Lambert's pro hac vice application, her failure to disclose her involvement in the case until the day of trial, and her recent history of unethical conduct give the Court serious reason to doubt that she will "abide by the Court's rules and practices." *In re Bundy*, 840 F.3d at 1042. Accordingly, for the foregoing reasons, the Court DENIES her pro hac vice application.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DTA |