**Peter Ticktin, Esq.**
The Ticktin Law Group
270 SW Natura Avenue
Deerfield Beach, Florida
Email: Serv512@legalbrains.com
Tel:   954-570-6757

Attorneys for Defendant,
Patrick Byrne

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No.:   2:23-cv-09430-SVW-PD<br>Judge: Honorable Stephen V. Wilson<br>Courtroom:  "10A"<br><br>**DEFENDANT'S MOTIONS FOR RECONSIDERATION OF DEPRIVING DEFENDANT OF THE RIGHT OF COUNSEL OR ALTERNATIVE CONTINUANCE**<br><br>Date:       July 30, 2025<br>Time:       9:30 p.m.<br>Courtroom:  "10A" |

LAW OFFICES OF TOM YU
1080 Foothill Boulevard, Suite 112, Rancho Cucamonga, CA 91730 Tel: 844-998-1033

i.

**DEFENDANT'S RECONSIDERATION OF DENIAL OF ATTORNEY STEPHANIE LAMBERT**
Case No. 2:23-cv-09430-SVW-PD

The Defendant, Patrick M. Byrne, by and through his undersigned counsel,

## Background

The Court has granted several trial adjournments, and Plaintiff received several benefits to the adjournments. This includes a full and unconditional pardon that applies to the underlying facts in the instant case to allow him to testify without asserting the 5th Amendment privilege, as well as allowing Plaintiff ample time to change counsel.

This entire case since filing in 2023 for the purpose of defending Mr. Byrne's defense been planned and tracked by attorney Stephanie Lambert. Lambert has an extensive relationship as an attorney over many years with Patrick Byrne. She is not only the only one prepared to defend Byrne at this trial but brings extensive knowledge of the underlying matters at issue in this case needed to properly defend Patrick Byrne.

Patrick Byrne intends to seek review of the U.S. Court of Appeals for the Ninth Circuit and request a stay of the trial if he is unable to have his attorney of choice, Ms. Lambert. There is a breakdown in the attorney-client relationship with Mr. Murphy and Mr. Byrne has full confidence in Ms. Lambert. [Exhibit 1].

The Court expressed concern of future possibilities concerning Stephanie Lambert's representation of Patrick Byrne.  But, however, well-meaning those concerns, the precedents do not allow speculative considerations.

1.

**DEFENDANT'S RECONSIDERATION OF DENIAL OF ATTORNEY STEPHANIE LAMBERT**
Case No. 2:23-cv-09430-SVW-PD


Case 2:23-cv-09430-SVW-PD     Document 297     Filed 07/30/25     Page 3 of 11     Page ID #:7637

On the contrary, without wishing to engage in criticism, existing local counsel has from the Defendant's point of view in fact dropped the ball on numerous important issues leading up to this point in the case. The Defendant does not view those problems as possibilities, but actual events that have harmed him in the current posture of the case. [Exhibit 1].

## Legal Standard

Federal courts have the authority to regulate the admission of attorneys to practice before them, including *pro hac vice* admissions. However, an applicant who is a member in good standing of a state bar may not be denied *pro hac vice* admission except on a showing of unethical conduct of such a nature as to justify disbarment of a lawyer admitted generally to the bar of the court. *United States v. United States Dist. Court for the Dist. of Nev*. (In re United States), 791 F.3d 945, 956 (9th Cir. 2015) (quoting *Sanders v. Russell,* 401 F.2d 241, 247-48 (5th Cir. 1968). Courts must articulate specific reasons for denying *pro hac vice* admission, and mechanistic or arbitrary denials are improper. *Bundy v. United States Dist. Court (In re Bundy)*, 840 F.3d 1034, 1042 (9th Cir. 2016).

Stephanie Lambert is an attorney in good standing including in Michigan. The U.S. Department of Justice even under the previous Biden Administration does not object to her admission in federal courts to represent her clints in criminal defense cases. The objections are exclusively utilized to prevent her from being a zealous


2.
**DEFENDANT'S RECONSIDERATION OF DENIAL OF ATTORNEY STEPHANIE LAMBERT**
Case No. 2:23-cv-09430-SVW-PD

advocate on election matters. It should be noted that Hunter Biden served on the Truman National Security Project and intends to introduce at trial exhibits related to the 2020 election which Ms. Lambert is the premier specialized attorney in the County in this niche area of law.

This Court was deprived of a response from Ms. Lambert yesterday that would have included that the Court Order from Judge Nichols is in the appellate stage by Patrick Byrne. Ms. Lambert maintains that she was required to turn the evidence over to law enforcement to comply with Michigan law, and doing so was not a basis for violating the Court Order.

Afterall, a Sheriff with the lawful authority to investigate illegal conduct was alerted to illegal conduct and provided with evidence. The alternative would be to withhold evidence that might establish illegal conduct from authorities authorized and charged with investigating it, and had Ms. Lambert done so she would have violated a Michigan statute requiring her to provide the evidence to law enforcement.

Ms. Lambert is an attorney in good standing, meets the standards to be admitted before this Court, and the Order subject to her disqualification in a separate case is being appealed.

### Argument

**Ms. Lambert's Disciplinary History Does Not Justify Denial of *Pro Hac Vice* Admission**

The Plaintiff and the Court argue that Ms. Lambert's disciplinary history,

including past sanctions and ongoing ethics probes, warrants denial of his *pro hac vice* application. However, federal courts have consistently held that an applicant may not be denied *pro hac vice* admission unless the alleged misconduct rises to the level of unethical conduct that would justify disbarment. *See Schlumberger Techs. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

I.   ARGUMENT

A. <u>Petitioner has Right to Counsel, Even *Pro Hac Vice*</u>

A defendant's Sixth Amendment rights encompass the right to be represented by the attorney selected by the defendant. *Wheat v. United States*, 486 U.S. 153, 159, 100 L. Ed. 2d 140, 108 S. Ct. 1692 (1988); *Powell v. Alabama*, 287 U.S. 45, 53, 77 L. Ed. 158, 53 S. Ct. 55 (1932). "It is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. at 53.

It cannot be stated too strongly that the choice of an attorney is a vitally important part of the legal system, in which a litigant hopes to find a legal representative who shares the litigant's philosophy of the case, grasps what is important to the litigant's position, and is able to proclaim and declare in legally appropriate and understandable terms the litigant's positions.

The question is at hand is not whether the Court or opposing party approve

of a Defendant's attorney but whether the Defendant feels the attorney can represent him well. Legal representation also includes, sometimes unfortunately, tough "litigation choices" of what to emphasize at trial, when an additional point might lose the jury's attention, and the like. A litigant may be bound by the split-second decisions of his counsel whether to ask one more question, clarify a point, add an additional issue to the testimony, etc.

Therefore, it is not possible to be satisfied with the legal system deciding if an attorney is adequate from the Court's perspective. It must be an attorney who reflects the litigant's perspective. Clients are almost always bound by the statements and representations of their attorneys in various contexts.

In this case, the Defendant Patrick Byrne has chosen Ms. Lambert and authorized her to now hire California lawyers to represent him because she is the expert on his strategy and election cases that are relevant to this case. The Defendant's choice is no less than a constitutional right which also implicates the validity of the litigation pursuant to the Sixth Amendment and due process provisions of the U.S. Constitution. The denial to a litigation defendant of his chosen defense attorney is no mere trifle but is a constitutional right, as the Supreme Court has held.

As the Ninth Circuit Court of Appeals has noted in the course of its analyses of related issues:

5.

> Finally, that Cohan isn't a member of the Oregon bar was not an adequate reason to deny substitution. A defendant's right to the counsel of his choice includes the right to have an out-of-state lawyer admitted pro hac vice. *Collins*, 920 F.2d at 626.

*United States v. Lillie*, 989 F.2d 1054, 1056 (9th Cir. 1993) (citation omitted), overruled on other grounds by *United States v. Garrett*, 179 F.3d 1143 (9th Cir.1999). *Garrett's* citation is to *United States v. Collins*, 920 F.2d 619, 626 (10th Cir.1990), cert. denied, 500 U.S. 920, 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991), in which the Ninth Circuit Court of Appeals further confirmed:

> Before reaching the merits of defendant's sixth amendment claim, we address the effect of Dickstein's pro hac vice admission. Although the admission of attorneys pro hac vice is committed to the discretion of the district courts, denial of admission pro hac vice in criminal cases ***implicates the constitutional right to counsel of choice***. *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir.1989), cert. denied, --- U.S. ----, 110 S.Ct. 1140, 107 L.Ed.2d 1045 (1990); *Fuller*, 868 F.2d at 607; *Panzardi Alvarez*, 816 F.2d at 816.

*Id.* at 626 (emphasis added).

This Court in *U.S. v. Lillie* further explained:

> A Defendant is entitled to the retained counsel of his choice (though not to the appointed counsel of his choice). U.S. Const. amend. VI; *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692 1697, 100 L.Ed.2d 140 (1988). This isn't an absolute right; it may be abridged to serve some compelling purpose. ***But the defendant can't be denied his choice of retained counsel just because the request comes late, or the court thinks current counsel is doing an adequate job.*** See, e.g.,

> *United States v. Torres-Rodriguez*, 930 F.2d 1375, 1380 n. 2 (9th Cir.1991); *United States v. Kelm*, 827 F.2d 1319, 1322 (9th Cir.1987); *United States v. Collins*, 920 F.2d 619, 626 (10th Cir.1990), cert. denied, --- U.S ----- , 111 S.Ct. 2022, 114 L.Ed.2d 108 (1991).

*Id.* at 1055-1056 *(emphasis added)*. That is, the District Court cannot deny a defendant's right to counsel without a compelling reason.

Or, put another way, the well-established rule applies that where a Court has discretion it nevertheless must not abuse that discretion outside of reasonable bounds. The discretion must be reasonable, primarily meaning based in reason, not arbitrary or capricious.

"[A] decision denying a pro hac vice admission necessarily implicates constitutional concerns." *Panzardi-Alvarez v. United States*, 879 F.2d 975, 980 (1st Cir.1989). The right to retain particular counsel of his own choosing stems from a defendant's right to decide what kind of case he wishes to present in his defense. *U.S. v. Nichols*, 841 F.2d 1485, 1502 (10th Cir.1988).

The Defendant's right to defend himself under his constitutional right of due process and right to an attorney unavoidably includes how he chooses to present a legal defense, on what grounds, and emphasizing the concepts, issues, facts, and approach he deems best so as to preserve his liberty interest against a possible criminal conviction. Therefore, the choice of a defendant's attorney(s) is a constitutionally-protected right, because the choice of the attorney(s) can have a

7.

**DEFENDANT'S RECONSIDERATION OF DENIAL OF ATTORNEY STEPHANIE LAMBERT**
Case No. 2:23-cv-09430-SVW-PD

significant effect upon how the Defendant's defense is organized and presented.

A person's right to retain counsel of his choice therefore represents " 'a right of constitutional dimension'" *U.S. v. Cunningham*, 672 F.2d 1064, 1070 (2d Cir.1982) (citing *U.S. v. Wisniewski*, 478 F.2d 274, 285 (2d Cir.1973)), the denial of which may rise to the level of a constitutional violation. *Birt v. Montgomery*, 725 F.2d 587, 592 (11th Cir.) (*en banc*), cert. denied, 469 U.S. 874, 105 S.Ct. 232, 83 L.Ed.2d 161 (1984); *Wilson v. Mintzes*, 761 F.2d 275, 278-79 (6th Cir. 1985).

In *United States v. Gonzalez-Lopez*, 399 F.3d 924, 932 (8th Cir. Mo. 2005), the Court vacated the conviction against a criminal defendant because the trial court had improperly denied the *pro hac vice* application of defendants' counsel of choice by relying on improper evidence.

In *United States v. Walters,* 309 F.3d 589, 592 (9th Cir. Cal. 2002), even though a *pro hac vice* attorney there may have properly been denied due to the fact that he resided and had an office in California,[1] yet in a <u>criminal</u> context, the denial was improper because "the district court applied the local rule mechanistically, without discussion of whether the interest of the fair, efficient, and orderly administration of justice required denial of the application." *Id.*

Federal courts have held that *pro hac vice* admission may only be denied

---

[1] I.e., the attorney there was not actually out-of-state and should have pursued admission generally to the California bar.

8.

**DEFENDANT'S RECONSIDERATION OF DENIAL OF ATTORNEY STEPHANIE LAMBERT**
Case No. 2:23-cv-09430-SVW-PD

based on specific and substantiated concerns about the applicant's ability to comply with the court's rules and practices. *United States v. United States Dist. Court for the Dist. of Nev. (In re United States)*, 791 F.3d 945, 957 (9th Cir. 2015). *See also United States v. Ries*, 100 F.3d 1469, 1472 (9th Cir. 1996).

Here, the Plaintiff has not provided any evidence that Ms. Lambert's conduct in this case would disrupt the orderly administration of justice, rather the Plaintiff and the Court are speculating.

**The Timing of the Pro Hac Vice Application Does Not Warrant Denial**

Ms. Lambert's *pro hac vice* application is not untimely. The Local Rules of the Central District of California place no such restriction on the timing of a *pro hac vice* application. Moreover, the timing of a *pro hac vice*, application is within the discretion of the court, and untimeliness alone is not a sufficient basis for denial ***unless it results in prejudice to the opposing party or disrupts the proceedings.***

The Plaintiff has not demonstrated any prejudice or disruption caused by the timing of Ms. Lambert's application. The Defendant, Patrick M. Byrne, has not requested a continuance to the trial date set for July 29, 2025. There is no unfair prejudice or delay caused by Ms. Lambert's representation of Mr. Byrne in the case *sub judice*. It is Ms. Lambert with the specialized expertise related to this case, strategy, and election knowledge that the Court was not apprised of when it made its ruling to deny her pro hac vice. In addition to this new evidence, the Court was

9.

unaware of Mr. Byrne's reliance that he would have video dispositions, exhibits, and witnesses to present in his defense at trial, and thankfully it was discovered the videos were not in the possession of Mr. Murphy for use at trial.

## Conclusion

The denial of Lambert's admission would prevent the Defendant, Patrick M. Byrne, from being represented by counsel of his choice. Ms. Lambert meets the legal requirements for *pro hac vice* admission, and the Plaintiffs objections are either legally insufficient or unsupported by evidence. For these reasons, the Court should grant the Defendant's Application for Reconsideration and admit Lambert *Pro Hac Vice*.

By: /s/ Peter Ticktin, Esq.

Peter Ticktin**, Esq.**
The Ticktin Law Group
270 SW Natura Avenue
Deerfield Beach, Florida 33441
Email: Serv512@legalbrains.com,
Tel: 954-570-6757

Patrick Byrne