1   Richard A. Harpootlian, *pro hac vice*
    rah@harpootlianlaw.com
2   Phillip Barber, *pro hac vice*
    pdb@harpootlianlaw.com
3   RICHARD A. HARPOOTLIAN, PA
    1410 Laurel Street
4   Columbia, South Carolina 29201
    Telephone: (803) 252-4848
5   Facsimile: (803) 252-4810

6   BRYAN M. SULLIVAN (SBN 209743)
    bsullivan@earlysullivan.com
7   ZACHARY C. HANSEN (SBN 325128)
    zhansen@earlysullivan.com
8   EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
    6420 Wilshire Boulevard, 17th Fl.
9   Los Angeles, California 90048
    Telephone: (323) 301-4660
10  Facsimile: (323) 301-4676

11  Attorneys for PLAINTIFF
    ROBERT HUNTER BIDEN
12

13              UNITED STATES DISTRICT COURT

14             CENTRAL DISTRICT OF CALIFORNIA

15                   WESTERN DIVISION

| | |
|---|---|
| 16  ROBERT HUNTER BIDEN, an individual, | **Case No. 2:23-cv-09430-SVW-PD** |
| 17 | *Hon. Stephen V. Wilson* |
| 18          Plaintiff, | **PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR A CLARIFICATION AND/OR MODIFICATION OF COURT'S JULY 30, 2025 ORDER; DECLARATION OF ZACHARY C. HANSEN** |
| 19          vs. | |
| 20  PATRICK M. BYRNE, an individual, | |
| 21          Defendant. | |
| 22 | [*[Proposed] Order filed and served concurrently herewith*] |
| 23 | |
| 24 | Complaint Filed:    November 8, 2023 |
| 25 | Trial Date:         October 14, 2025 |
| 26 | |
| 27 | |
| 28 | |

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby applies *Ex Parte* to this Court for an order clarifying and/or modifying the Court's July 30, 2025, Order Continuing the Trial Date and Permitting Plaintiff to conduct financial condition discovery (the "Order"). Plaintiff respectfully requests that this *Ex Parte* Application be resolved on the papers, without oral argument, pursuant to the Court's Standing Order, in Courtroom 10A before the Honorable District Court Judge Wilson.  This application is being made on the basis that good cause exists to clarify and/or modify the Order because, as of now, Defendant Patrick M. Byrne ("Defendant") has fired all of his attorneys and various actions need to be taken before the current October 14, 2025, trial date (the fourth trial date that has been set in this matter), including the service of written discovery on Defendant and scheduling of Defendant's fourth day of deposition that the Court permitted Plaintiff to conduct between now and the October 14, 2025, trial date.  So, time is of the essence and the Court has made clear at the July 30, 2025, hearing that it does not want any further delays in this case.  Accordingly, Plaintiff requests the following:

1.    <u>Service of Documents on Defendant:</u>  Plaintiff requests that the Court not relieve Michael Murphy, Esq., as counsel of record for Defendant until substitute counsel appears for Defendant, in order that Plaintiff may serve documents on Defendant through Mr. Murphy.  In the alternative, Plaintiff requests that Defendant provide an email address for electronic services or an address for mail or overnight delivery service for service of documents prior to permitting Mr. Murphy to withdraw.

2.    <u>Timing to Respond to Written Discovery:</u> Plaintiff requests that the Court order a shortening of the response time to Plaintiff's written set of document requests from thirty (30) days to twenty (20) days.

3.    <u>Scheduling of Defendant's Fourth Day of Deposition:</u>  Plaintiff requests that the Court order that Defendant's deposition occur within ten (10) days

of Defendant providing substantive responses to Plaintiff's written discovery.

4.   _Ex Parte_ Application To Enforce Court Orders:  Plaintiff requests that the Court permit the Parties to seek enforcement of its orders through _ex parte_ applications rather than noticed motions given the temporal limitations set forth herein.

All of the foregoing requests will ensure an orderly and expeditious conduct of this matter and to minimize the risk of any further delays, which Plaintiff in particular, wants to avoid considering Plaintiff and his counsel were fully prepared to commence trial on July 29, 2025, as scheduled by the Court on March 17, 2025, and Defendant has engaged in repeated conduct to delay these proceedings as set forth in more detail in ECF Nos. 151 and 296.

Plaintiff's counsel has provided Notice of this _ex parte_ application to Defendant through Mr. Murphy, as no formal order has yet been entered relieving him as counsel of record. (_See_ Declaration of Zachary C. Hansen, at ¶2, Ex. A.)

Dated:  August 1, 2025

EARLY SULLIVAN WRIGHT
GIZER & MCRAE LLP

By:  _/s/ Zachary C. Hansen_

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, _pro hac vice_
rah@harpootlianlaw.com
Phillip Barber, _pro hac vice_

PLAINTIFF'S _EX PARTE_ APPLICATION FOR CLARIFICATION/MODIFICATION OF JULY 30, 2025 ORDER

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

**PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION/MODIFICATION OF JULY 30, 2025 ORDER**

## MEMORANDUM OF POINTS AND AUTHORITIES

Following what the Court itself described as a "circus" relating to Defendant Patrick Byrne's ("Defendant") attorney shell game on July 29, 2025, the Court ordered on July 30, 2025, that the trial date be continued to October 14, 2025, and that Plaintiff Robert Hunter Biden ("Plaintiff") be permitted to conduct discovery into Defendant's financial condition through written discovery and a fourth day of deposition of Defendant.  However, because of the unique issues relating to this situation, Plaintiff brings this *ex parte* application (the "Application") to request certain clarifications or modifications of the Order.

First, as of now, Defendant has fired all his attorneys, but the Court has not permitted him to appear *pro se* and has not ordered the withdrawal of Michael Murphy, Esq., Defendant's counsel since March of 2024.  Such Court orders are required by Local Civil Rules 83-2.3.1 and 83-2.3.2, which preclude a party who has appeared by an attorney to proceed *pro se* or to permit an attorney to withdraw as counsel without a court order.  So, Plaintiff requests the following order clarifying the Order to ensure that Defendant is served with Court filings and the discovery the Court has permitted Plaintiff to conduct between now and the October 14, 2025, trial: order that Mr. Murphy may not withdraw as counsel of record for Defendant until (i) substitute counsel appears for Defendant, or (ii) Defendant provides an email address for electronic services of Court documents and discovery requests.

Second, various actions need to be taken before the current October 14, 2025, trial date (the fourth trial date that has been set in this matter), including additional discovery and time is of the essence as the Court has made clear at the July 30, 2025, hearing that it does not want any further delays in this case. To ensure that discovery is completed in that time period, Plaintiff requests that the Court order a shortening of the response time to Plaintiff's written discovery requests from thirty (30) days to twenty (20) days and that Defendant's deposition occur within ten (10) days of Defendant providing substantive responses to Plaintiff's written discovery.

Finally, Plaintiff requests that the Court permit the Parties to seek enforcement of its orders and discovery requests through *ex parte* applications rather than noticed motions.  This is because time is of the essence and a 28-day notice period for noticed motions would cause significant delay that could impact the October 14, 2025, trial date.

> In *U.S. v. W.R. Grace*, 526 F.3d 499, 509 (9th Cir. 2008), the Ninth Circuit stated: There is a "well established" principle that "[d]istrict courts have inherent power to control their dockets." *Atchison, Topeka & Santa Fe Ry. Co. v. Hercules Inc.,* 146 F.3d 1071, 1074 (9th Cir.1998) (alteration in original) (internal quotation marks omitted). Further, "judges exercise substantial discretion over what happens *inside* the courtroom." *United States v. Simpson,* 927 F.2d 1088, 1091 (9th Cir.1991). We have accepted that " '[a]ll federal courts are vested with inherent powers enabling them to manage their cases and courtrooms effectively and to ensure obedience to their orders.' " *Aloe Vera of Am., Inc. v. United States,* 376 F.3d 960, 964–65 (9th Cir.2004) (per curiam) (quoting *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.,* 244 F.3d 1128, 1136 (9th Cir.2001)).

*See Landis v. N. Am. Co.*, 299 U.S. 248, 254, 57 S.Ct. 163, (1936) (holding "the power to    stay proceedings is    incidental    to    the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404 (9th Cir. 2010) (A federal district court's inherent powers are the mechanisms "necessarily vested in courts to manage their own affairs as so to achieve the orderly and expeditious disposition of cases").

The foregoing requests will ensure an orderly and expeditious conduct of this matter and minimize the risk of any further delays, which Plaintiff in particular wants to avoid considering Plaintiff and his counsel were fully prepared to commence trial on July 29, 2025, as scheduled by the Court on March 17, 2025.  More concerningly, Defendant has engaged in repeated conduct to delay trial of these proceedings as set forth in more detail in ECF Nos. 151 and 296, and these requested clarifications and

1    modifications will help address any potential issues.

2      For the foregoing reasons, the Court should grant the following relief:

3     1. Order that Mr. Murphy may not withdraw as counsel of record for

4       Defendant before substitute counsel appears for Defendant, or, in the

5       alternative, before Defendant provides an email address for electronic

6       services or an address for mail or overnight delivery service to permit

7       Plaintiff to serve documents.

8     2. Order a shortening of the response time to Plaintiff's written set of

9       document requests from thirty (30) days to twenty (20) days.

10    3. Order that Defendant's deposition occur within ten (10) days of providing

11      substantive responses to Plaintiff's written discovery.

12    4. Permit the Parties to seek enforcement of its orders through *ex parte*

13      applications rather than noticed motions.

14

15   Dated:  August 1, 2025    EARLY SULLIVAN WRIGHT
            GIZER & MCRAE LLP

16

17           By: */s/ Zachary C. Hansen*

18           BRYAN M. SULLIVAN (State Bar No.
19           209743)
        bsullivan@earlysullivan.com
20           ZACHARY C. HANSEN (State Bar No.
        325128)
21           zhansen@earlysullivan.com
        EARLY SULLIVAN WRIGHT GIZER
22           & McRAE LLP
        6420 Wilshire Boulevard, 17th Fl.
23           Los Angeles, California 90048
        Telephone: (323) 301-4660
24           Facsimile: (323) 301-4676

25           Richard A. Harpootlian, *pro hac vice*
        rah@harpootlianlaw.com
26           Phillip Barber, *pro hac vice*
        pdb@harpootlianlaw.com
27           RICHARD A. HARPOOTLIAN, PA
        1410 Laurel Street
28           Columbia, South Carolina 29201

PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION/MODIFICATION OF JULY 30, 2025
ORDER

Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

**PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION/MODIFICATION OF JULY 30, 2025
ORDER**

1

## DECLARATION OF ZACHARY C. HANSEN

2      I, Zachary C. Hansen, declare and state as follows:

3      1.      I am an Attorney within the law firm of Early Sullivan Wright Gizer &

4  McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein.

5  I submit this declaration in support of Plaintiff's *Ex Parte* Application for a Clarification

6  and/or Modification of Court's July 30, 2025 Order.  If called as a witness, I would and

7  could testify to the matters contained herein.

8      2.      I provided Notice of this *ex parte* application to Mr. Michael Murphy, Esq.

9  via email, as required by the Central District of California Local Rules and the Court's

10  New Case Order (ECF. No. 14).  Attached hereto as **Exhibit "A"** is a true and correct

11  copy of that notice email.  As of the filing of this *ex parte* application, Mr. Murphy has

12  not indicated whether he intends to oppose this application.

13      I declare under penalty of perjury under the laws of the United States of America

14  that the foregoing is true and correct.  Executed on this 1st day of August, 2025, at

15  Summit, New Jersey.

16

17

18                              */s/ Zachary C. Hansen*
                                Zachary C. Hansen

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF'S *EX PARTE* APPLICATION FOR CLARIFICATION/MODIFICATION OF JULY 30, 2025 ORDER**