UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR RECONSIDERATION [279]

### I.  Introduction

Before the Court is Plaintiff's ex parte application for reconsideration of the Court's order granting Peter D. Ticktin's application to appear pro hac vice. ECF No. 279. For the following reasons, Plaintiff's motion is GRANTED.

### II.  Background

This is a defamation case brought by Plaintiff Robert Hunter Biden against Defendant Patrick M. Byrne. Trial on Plaintiff's claim was set for July 29, 2025.

For the majority of this case, Defendant's lead attorney was Michael Murphy. But just five days before trial, on July 24, 2025, Peter D. Ticktin applied to appear in this case pro hac vice. ECF No. 274. The clerk of the Court granted Mr. Ticktin's application that same day.[1] ECF No. 278.

---

[1] Pro hac vice applications are granted as a matter of routine by clerks of the Court if the applicant is in good standing with

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

    Peter Ticktin is a member of the Florida Bar. *See* ECF No. 274. Although he is currently in good standing, the Florida Bar suspended his license twice: once in 2009 and once in 2010. Declaration of Zachary Hansen iso. of Pl.'s Mot. for Recons. ("Hansen Recons. Decl.") Ex. 5, ECF No. 279.

    More recently, in 2022, a court in the Southern District of Florida sanctioned Mr. Ticktin $50,000 under Rule 11 for bringing "frivolous" claims that "lacked a reasonable factual basis;" advancing "legal arguments [that] contained no reasonable chance of success;" and doing so "for an improper purpose," including "deliberate[ly] us[ing] . . . the judicial system to pursue a political agenda." Hansen Recons. Decl. Ex. 4 at 4, 14. The court also found that Mr. Ticktin "deliberately misrepresented public documents by selectively using some portions while omitting other information[.]" *Id.* at 14.

    In light of Mr. Ticktin's disciplinary record, Plaintiff applied ex parte for reconsideration of the Court's order granting Mr. Ticktin pro hac vice status. ECF No. 279.

    At the July 28, 2025 pretrial conference, the Court heard argument on the issue and reluctantly agreed to allow Mr. Ticktin to appear, but based only on Defendant counsel's representations that Mr. Ticktin would serve only in a supporting role. However, come the first day of trial on July 29, 2025, Mr. Ticktin was nowhere to be found. The next day, Defendant represented in his declaration that Mr. Ticktin was in trial, and that his schedule was "full for months to come." Declaration of Patrick Byrne ("Byrne Decl.") ¶ 13, ECF No. 297-1. In that same declaration, Defendant declared that he fired Mr. Murphy.[2]

---

another state's bar. The pro hac vice application does not ask about Rule 11 sanctions or prior license suspensions, meaning Mr. Ticktin did not have to disclose his past misconduct in his application. The clerk who accepted his pro hac vice application therefore did not have access to the same information about Mr. Ticktin's background that the Court has now.

[2] For further explanation of Defendant's dismissal of Mr. Murphy, see the Court's order regarding sanctions and default judgment.

                                                                                                                                                                                                                                                                     :

Initials of Preparer              DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

For reasons unrelated to this order, the Court continued trial to October 14, 2025. With Mr. Murphy no longer on the case, it remains unclear who will serve as lead trial counsel for Defendant in October. Given this uncertainty, the Court now returns to Plaintiff's ex parte application to deny Mr. Ticktin pro hac vice status.

### III.    Discussion

The Court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient." *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001). This includes the power to reconsider the grant of pro hac vice status. Indeed, "a federal court has the power to control admission to its bar and to discipline attorneys who appear before it.'" *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005).

Attorneys may apply for pro hac vice status if they are "a member in good standing of . . . the bar of any United States Court, or the highest court of any State," and are "of good moral character." L.R. 83-2.1.3.1. These are necessary conditions for pro hac vice status, not sufficient ones. Ultimately, "[a]pproval of [a lawyer's] pro hac vice application will be at the discretion" of the Court. L.R. 82-2.1.3.3(c).

But the Court's discretion to deny pro hac vice status is not limitless. While the Ninth Circuit has "not announce[d] specific factors that should inform a district court's exercise of its discretion to deny pro hac vice admission, . . . [a]t minimum, a court's decision to deny pro hac vice admission must be based on criteria reasonably related to promoting the orderly administration of justice or some other legitimate policy of the courts." *In re U.S.*, 791 F.3d 945, 957 (9th Cir. 2015). For instance, "[w]here an out-of-state attorney suggests through his behavior that he will not abide by the court's rules and practices, the district court may reject his *pro hac vice* application." *In re Bundy*, 840 F.3d 1034, 1042 (9th Cir. 2016 (quotations omitted).

That said, even in such a case, the Court may not deny pro hac vice status without explanation. Rather, "if a court has ethical doubts about an attorney who is in good standing with a state bar, it must

:
Initials of Preparer        DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

articulate some reasonable basis for those doubts before denying the attorney's application for pro hac admission." *In re U.S.*, 791 F.3d at 957.

Here, the Court finds that Mr. Ticktin's history of prioritizing political pursuits over his ethical obligations, combined with his lack of transparency to the Court, "suggests . . . that he will not abide by the Court's rules and practices." *In re Bundy*, 840 F.3d at 1042 (quotations omitted).

**First**, Mr. Ticktin has a concerning history of discarding his ethical obligations in the name of pursuing political objectives. In 2022, a federal court found that Mr. Ticktin pursued "performative" legal claims "for purposes of fundraising and political statements" and to "pursue a legal agenda." Hansen Recons. Decl. Ex. 4 at 14. In other words, he placed political objectives above his ethical duty to bring only legally viable claims supported by a sound factual basis.

This case presents a ripe opportunity for Mr. Ticktin to do the same. This case is fraught with political themes. Plaintiff is the son of former President Joe Biden. Defendant's allegedly defamatory statements accuse Plaintiff of committing one of the largest government bribes in United States history. And to rebut Plaintiff's accusation that he acted with actual malice, Defendant wants to submit into evidence dozens of articles investigating whether Plaintiff used his family's name to engage in corruption, a controversial political topic that dominated much of Joe Biden's presidency.

But despite the notoriety of Plaintiff's name, this is not a political case. This trial concerns only one question: did Defendant defame Plaintiff? Because of this, any discussion of Plaintiff's past dealings is only relevant to show Defendant's state of mind and not that Plaintiff actually engaged in any improper behavior. Likewise, any evidence regarding Defendant's view of the 2020 election or of the Biden family is only relevant to show Defendant's ill-will for Plaintiff, not to disprove or bolster Defendant's view of past elections.

Mr. Ticktin's behavior in the Southern District of Florida leads the Court to worry that he will not honor the above distinctions, and instead will use this case as a platform to make political statements.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Such theater is unacceptable and would certainly undermine "the orderly administration of justice." *In re U.S.*, 791 F.3d at 957.

**Second**, Mr. Ticktin has not been fully transparent with the Court. In opposing Plaintiff's ex parte application, he had a clear opportunity to explain why he should be granted pro hac vice admission. *See* ECF No. 284.

Yet despite that opportunity, Mr. Ticktin omitted key information. In his opposition, he stated that he would represent Mr. Byrne at trial.[3] Defendant reiterated this at the July 28, 2025 pretrial conference, telling the Court that Mr. Ticktin would serve in a supporting role to Mr. Murphy at trial.

But on the first day of trial, Mr. Ticktin did not appear—and it now appears he never planned to. Defendant has since informed the Court that Mr. Ticktin is currently in trial elsewhere and unavailable for several months. Byrne Decl. ¶ 13.

It is difficult to believe that Mr. Ticktin was unaware of this scheduling conflict when he sought admission. His representations to the Court that he would appear at trial were, at best, incomplete and, at worst, misleading. That he withheld this information so soon after applying for pro hac vice admission raises serious concerns about his candor and reinforces the Court's apprehension that his involvement in this case would undermine "the orderly administration of justice." *See In re U.S.*, 791 F.3d at 957.

---

[3] Mr. Ticktin's opposition does not literally say the words "I will represent Mr. Byrne at trial." Rather, he says "Defendant, Patrick M. Byrne, filed a *Pro hac vice* application on behalf of Peter Ticktin so that ***Mr. Ticktin may represent Mr. Byrne in the litigation against [him]***." ECF No. 284 at 2 (emphasis added). The clear implication from this statement—and his entire application—is that he will represent Defendant at trial. Mr. Ticktin says he wants to represent Defendant "in the litigation against Mr. Byrne." At the time of this application, there was only one stage of litigation left: trial. More generally, just applying for pro hac admission five days before trial carries the implication that Mr. Ticktin will appear. Why else apply for pro hac vice admission? If Mr. Ticktin only planned on providing Defendant legal counsel from afar, he could have done without pro hac vice status.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

Accordingly, for the foregoing reasons, Plaintiff's ex parte application for reconsideration of the Court's order granting Defendant's application to appear pro hac vice is GRANTED. The Court withdraws its grant of Mr. Ticktin's pro hac vice status. He cannot represent Defendant in the October 14, 2025 trial.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |