UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE |
|---|---|
| Daniel Tamayo | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| N/A | N/A |

**Proceedings:** ORDER DECLINING TO GRANT DEFAULT JUDGMENT; CONTINUING TRIAL; AND REOPENING LIMITED DISCOVERY FOR PLAINTIFF

## I. Introduction

This is a defamation case brought by Plaintiff Robert Hunter Biden against Defendant Patrick M. Byrne. Trial on Plaintiff's claim was set for July 29, 2025.

On the first day of trial, Defendant fired his lead trial attorney, Michael Murphy. After the Court denied the pro hac vice application of his preferred replacement, Stefanie Lambert, Defendant also dismissed his remaining two attorneys. In response, the Court issued an order to show cause why default judgment should not be entered. The following day, Defendant requested a continuance. For the reasons set forth below and those stated on the record, the Court declines to enter default judgment, continues the trial to October 14, 2025, and reopens discovery for the limited purpose of allowing Plaintiff to investigate Defendant's financial condition.

:

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

## II.  Background

For the majority of this case, Defendant's lead attorney was Michael Murphy. Mr. Murphy advocated on Defendant's behalf at the Court's pretrial hearing the day before trial. In fact, he represented Defendant at all of the Court's pretrial hearings.

But on the morning of July 29, 2025—the first day of trial—Defendant fired Mr. Murphy. Through a declaration filed the next day, he explained that there was "a breakdown" in his relationship between the two of them. Declaration of Patrick Byrne ("Byrne Decl.") ¶ 1, ECF No. 297.

Defendant claimed that a key reason for the breakdown was Mr. Murphy's alleged representation that Defendant did not need to appear at trial and could testify by video deposition instead. Byrne Decl. ¶¶ 4-5. If Mr. Murphy did say that, he was mistaken. At the final pretrial conference, held the day before trial, the Court ruled that Defendant could not use his deposition testimony because he chose not to appear in person. *See* Fed. R. Civ. P. 32(a)(4)(B).[1]

Defendant also complained of other, smaller infractions, which he allegedly only learned of the day before trial when one of his other lawyers, Stefanie Lambert, arrived in Los Angeles. According to Defendant, he learned at that point that Mr. Murphy did not possess copies of his video deposition, did not include his exhibits in the parties' joint exhibit list, improperly (in Defendant's view) worked with Plaintiff on joint pre-trial filings, failed to file "the word version" of witness and exhibit lists, and misrepresented a witness's testimony in a pre-trial filing. Byrne Decl. ¶¶ 6-11.

---

[1] *Vevelstad v. Flynn*, 230 F.2d 695, 702 (9th Cir. 1956) ("Since [the witness], who presumably knew of the date of the trial, voluntarily left the United States, and as the trial court found, willfully absented himself, the court's refusal to consider the deposition may well have been in accordance with the provision of [Rule 32(a)(4)(B)]."); *Fairfield 274-278 Clarendon Trust v. Dwek*, 970 F.2d 990, 995 (1st Cir. 1992) (upholding the district court's exclusion of deposition testimony where the district court held that the defendant "procured his own absence from trial" by failing to appear for trial without any reason); *Garcia-Martinez v. City and Cnty. of Denver*, 392 F.3d 1187, 1190 (10th Cir. 2004) (holding that the district court did not abuse its discretion in finding that the defendant "procured his own absence by voluntarily leaving the country").

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

Defendant replaced Mr. Murphy with three new lawyers: Eric Neff, Tom Yu, and Stefanie Lynn Lambert Junttila. According to Defendant, Ms. Lambert is his lawyer of several years, is "an expert in this case," and was prepared to serve as lead trial counsel. Byrne Decl. ¶¶ 2, 13.

Mr. Neff and Mr. Yu were comparatively less familiar with the case. They joined just days before trial, and they did so based on the representation that they would serve as support counsel for Ms. Lambert, not as lead trial attorneys.

While Mr. Neff and Mr. Yu are members of California Bar, Ms. Lambert is not, so she applied pro hac vice for admission to the Court. The Court, however, denied Ms. Lambert's application, citing ethical concerns related to her past conduct in other cases involving Defendant. *See* ECF No. 295 (explaining the Court's reasoning for denying Ms. Lambert's application). After the Court denied Ms. Lambert's application, Defendant informed Mr. Neff and Mr. Yu that they were not authorized to serve as lead trial counsel without Ms. Lambert and thus had to remove themselves from the case.

As a result, Defendant was left without any representation at trial—not from counsel, and not from himself, as he failed to appear. Accordingly, the Court issued an order to show cause why it should not enter default judgment and ordered the parties to return the next day.

At the July 30, 2025 hearing, Defendant did not appear, nor did he send an attorney on his behalf. Instead, he sent Mr. Yu—who still did not have Defendant's authorization to represent him at trial—to argue for a continuance in lieu of default judgment. Defendant also submitted a declaration to the Court. ECF No. 297-1.

After hearing argument from both parties, the Court declined to grant default judgment. It then continued the case to October 14, 2025 to allow Defendant time to obtain new counsel. At the same time, the Court permitted Plaintiff to reopen discovery for the limited purpose of investigating Defendant's

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

financial condition. While the Court extensively recounted its reasons for this decision at the July 30, 2025 hearing, it will expand on those reasons below.

### III. Discussion

####   A.  The Court will not grant default judgment.

As a threshold matter, "[t]his is not a typical default judgment, where a party shows no interest in defending a claim." *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989). Rather, when a court considers default judgment "for failure to appear at trial rather than for failure to defend the action," default judgment is "intended . . . as a sanction" rather than as a "failure to defend under Rule 55."[2] *S.E.C. v.*

---

[2] The Court acknowledges that this is an unsettled issue in the Ninth Circuit. In *Ringgold Corp. v. Worrall*, 880 F.2d 1138, 1141 (9th Cir. 1989), the Court affirmed the district court's application of Rule 55 and the traditional *Eitel* factors when granting default judgment against a defendant who failed to appear at trial. But in that analysis, the Ninth Circuit held that the "notice requirements of Rule 55(b)(2) are inapplicable to this case," and it cited a Second Circuit case—*Brock v. Unique Racquetball & Health Club, Inc.*, 786 F.2d 61 (2d Cir. 1986)—in support. But *Brock* explicitly held that "counsel fail[ing] to appear during the course of trial" is "not the typical Rule 55 [default judgment] case." 786 F.2d at 64. Rather, it held that in such circumstances, default is allowed as a "sanction" for "non-attendance occurring after a trial has begun." 786 F.2d at 64.

The Ninth Circuit appeared to adopt this approach in *S.E.C. v. Rana Rsch., Inc.*, 8 F.3d 29 (9th Cir. 1993) (memorandum opinion). There, the defendant "fail[ed] to appear at trial." *Id.* at *3. The district court entered default under Rule 55. *See id.* The Ninth Circuit held that this was an error, and that default judgment in such a situation is imposed "as a sanction" rather than as a "failure to defend under Rule 55(b)." *Id.* The court then applied the five factors typically considered when "determining whether to enter default as a sanction." *Id.*

This latter approach is most consistent with the scholarship on this issue, which generally concludes that "default [under Rule 55] [is] not appropriately entered when defendant fail[s] to appear at trial," as "[a] defendant who has participated throughout the pretrial process and has filed a responsive pleading, placing the case at issue, has not conceded liability." Wright & Miller, *Entry of Default Under Rule 55(a)*, Fed. Prac. And Proc. § 2682. Rather, in such situations, parties should look to "Rule 36(b)(2)(A)(vi) and 37(d)(3)," which "both provide for use of a default judgment as a sanction." *Id.* Given this landscape, the Court agrees with the Ninth Circuit's more recent position in *Rana*, and thus holds that when a defendant does not appear at trial, application of Rule 55(b) is inappropriate, and instead, default judgment is best considered as a sanction.

|  |  | : |  |
|---|---|---|---|
|  | Initials of Preparer |  | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

*Rana Rsch., Inc.*, 8 F.3d 29, at *3 (9th Cir. 1993) (holding that the district court erred in evaluating default judgment under Rule 55 when granting default after the defendant failed to appear at trial).

"[W]hen determining whether to enter default as a sanction [for not appearing at trial], the trial court should balance (1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *New Show Studios LLC v. Needle*, No. 14-cv-01250, 2016 WL 7017214, at *8 (C.D. Cal. Dec. 1, 2016) (citing *Rana*, 8 F.3d at *3), *aff'd sub nom.*, 696 F. App'x 271 (9th Cir. 2017); *see also Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (weighing these five factors to determine whether "default or dismissal" was an appropriate sanction in response to the defendant continuously causing the delay of trial).

These factors, however, "are not a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what do to." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006). Ultimately, "[g]ranting or denying a motion for default judgment is a matter within the court's discretion." *New Show Studios LLC v. Needle*, No. 14-cv-01250, 2016 WL 7017214, at *5 (C.D. Cal. Dec. 1, 2016), *aff'd sub nom.*, 696 F. App'x 271 (9th Cir. 2017).

As explained below and at the Court's July 30, 2025 hearing, weighing these factors leads the Court to conclude that default judgment is not warranted at this time.

### i. The public policy favoring the disposition of cases on their merits.

"[D]efault judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits." *Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989). Consistent with this policy, "default judgment must normally be viewed as available only when the adversary process has been halted because of an essentially unresponsive party." *H.F. Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe*, 432 F.2d 689, 691 (D.C. Cir. 1970). In such a case, default judgment

:

Initials of Preparer     DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

is proper, as "the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights." *Id.*

Here, Defendant is not an "unresponsive party"—he has shown a desire to litigate this case. Indeed, he would have done so had the Court granted Ms. Lambert's pro hac vice application (a denial the Court stands behind). This is not a case where a party simply abandons the litigation. It would be a different matter if Defendant had fired all of his attorneys without attempting to replace them or appear himself at trial. In that scenario, Defendant's conduct would suggest a deliberate withdrawal from the adversarial process. But that is not what happened here. Defendant sought to proceed with Ms. Lambert as his lead counsel and attempted to move forward with trial.

That choice, to be sure, was ill-advised. Given Ms. Lambert's history of unethical conduct, Defendant should have anticipated that her application might be denied. Nonetheless, the decision to proceed with her reflects Defendant's intent to defend himself at trial, however flawed his approach may have been. This distinguishes this case from *New Show Studios*, where the court entered default judgment after the defendant "relieve[d] his counsel on the eve of trial without arranging to appear on his own behalf or through new counsel." 2016 WL 7017214, at *9. Here, Defendant did appear with new counsel—Ms. Lambert. It was only after the Court (correctly) denied her application that Defendant found himself without a lead trial counsel.[3]

In light of Defendant's demonstrated intent to try the case and the strong policy favoring resolution on the merits, this factor weighs against default judgment. To be clear, this does not absolve Defendant of responsibility. As the Court will discuss further below, Defendant's decisions—firing Mr. Murphy,

---

[3] To be sure, after the Court disqualified Ms. Lambert, Defendant was still represented by Mr. Yu and Mr. Neff. He certainly could have proceeded to trial with them serving as lead counsel. The Court, however, does not find Defendant's decision to prevent Mr. Yu and Mr. Neff from serving as lead counsel as entirely unreasonable. Mr. Yu and Mr. Neff joined the case just days before trial. No matter their competency, their familiarity with the case and preparedness to serve as lead trial counsel were limited. It is reasonable for a defendant to not want to proceed to trial with lawyers who have less than a week of experience with the case.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

choosing Ms. Lambert as his replacement, and dismissing Mr. Yu and Mr. Neff after her disqualification—reflect a cavalier attitude at best and bad faith at worst. The public policy favoring the disposition of resolving cases on the merits, however, demands that the Court punish this behavior through a lesser sanction than default judgment.

### ii. The availability of less drastic sanctions.

"A terminating sanction, whether default judgment against a defendant or dismissal of a plaintiff's action, is very severe." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). Accordingly, default judgment is not warranted if less drastic sanctions are sufficient. Indeed, a "district court abuses its discretion" if it grants default judgment "without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987). Here, both considerations warrant denial of default judgment in favor of lesser sanctions.

To be clear, Defendant's conduct is worthy of sanction for two reasons. First, Defendant defied a court order. After Defendant terminated Mr. Yu and Mr. Neff on the first day of trial, the Court ordered both parties—including Defendant—to appear the next day at 9:30 a.m. Defendant did not do so. To be sure, Mr. Yu argued on Defendant's behalf. But Defendant went out of his way to make clear that despite his presence at the July 30, 2025 hearing, Mr. Yu did not have authorization to represent him. Byrne Decl. ¶ 13 ("I do not consent Mr. Neff or Mr. Yu to represent me.").

Second, and more importantly, Defendant delayed this case and did so without good reason. The main reason Defendant was not ready to proceed to trial on July 29, 2025 is that he chose to fire his trial counsel that very morning. Of course, clients have the right to discharge their attorneys, and in some cases, doing so shortly before trial may be justified. For instance, if a defendant discovered on the eve of trial that his attorney had a serious conflict of interest, terminating counsel would be reasonable, and any resulting delay would not necessarily be the defendant's fault.

|  | : |  |
|---|---|---|
|  | Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

But Defendant does not have a similar justification for firing Mr. Murphy. He claims he fired Mr. Murphy in part because Mr. Murphy allegedly said he could testify via video deposition without appearing in court—a statement that turned out to be incorrect. Byrne Decl. ¶¶ 4-5. But even if Mr. Murphy made that misstatement, the solution was simple: Defendant could have appeared at trial, as he had repeatedly stated he intended to do during depositions and pretrial conferences.

Defendant's other bases for firing Mr. Murphy are equally unconvincing. For example, he faults Mr. Murphy for not having a copy of his video deposition. *Id.* ¶ 6. But Plaintiff had those materials, so Mr. Murphy could have obtained them through opposing counsel. Defendant also objects to Mr. Murphy's cooperation with Plaintiff in preparing joint pretrial filings, even though such conduct is not only routine but also encouraged by the Court.

In short, while Defendant certainly had the right to fire Mr. Murphy, he lacked a sound reason for doing so. The Court therefore holds Defendant responsible for firing Mr. Murphy and setting off the sequence of events that led to the delay of trial.

To be sure, Defendant attempted to avoid delay by substituting Ms. Lambert as lead counsel. But that does not absolve him. Ms. Lambert is not a member of the California Bar and has a documented history of unethical conduct recognized by multiple courts. Defendant should have known there was a substantial risk the Court would deny her pro hac vice application—especially given that a district court in Florida denied her pro hac vice admission on similar grounds just one month earlier. *See Coomer v. Byrne*, 8:24-cv-8-TBD, (M.D. Fla. June 10, 2025). Offering Ms. Lambert as Mr. Murphy's replacement does not excuse the delay; it merely reflects Defendant's continued poor judgment.

Defendant's part in delaying the trial, however, does not justify default judgment. But this conduct is not so egregious as to warrant denying Defendant the chance to present his defense.

Rather, less severe sanctions will more appropriately address Defendant's conduct. First, the Court will reopen discovery for the limited purpose of allowing Plaintiff to investigate Defendant's financial

|  | : |  |
|---|---|---|
| Initials of Preparer | | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

condition.[4] This is a meaningful consequence. The Court had legitimate concerns about whether Plaintiff had sufficient evidence of Defendant's financial condition to sustain a punitive damages award. *See Baxter v. Peterson*, 150 Cal. App. 4th 673, 692 (2007) (reversing a punitive damages award because while "the record show[ed] that [the defendant own[ed] substantial assets, it [was] silent with respect to her liabilities," and thus the record was "insufficient for a reviewing court to evaluate [the defendant's] ability to pay $75,000 in punitive damages."). Reopening discovery will give Plaintiff an opportunity to cure any evidentiary gaps on this issue.

This sanction is not unfair to Defendant. He is the one who caused the delay of trial. Having benefited from a continuance, he must now accept the consequence of limited additional discovery.

To be clear, if Defendant does not cooperate with Plaintiff's discovery requests, the Court will not hesitate to reopen the issue of default judgment. Defendant should consider himself warned.

Second, the Court acknowledges that Defendant's delay of trial likely caused Plaintiff to incur significant legal costs. If Plaintiff believes that monetary sanctions are appropriate in this case, the Court invites him to make the appropriate motion.

### iii. The risk of prejudice to the other party.

To be sure, continuing trial to October prejudices Plaintiff. It delays resolution of his claim and postpones any potential financial recovery.

But this prejudice is offset by the Court's lesser sanctions. By reopening discovery into Defendant's financial condition, the Court increases Plaintiff's ability to support a punitive damages

---

[4] This discovery shall include, but not be limited to, financial documents regarding Defendant's financial condition and further deposition of Defendant.

:

Initials of Preparer        DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

award. So while any potential recovery may come later, Plaintiff is now in a stronger position to obtain and justify that recovery when trial proceeds.

### iv. The public's interest in expeditious resolution of the litigation and the Court's need to manage its docket.

The final two factors—the public's interest in expeditious resolution of litigation and the Court's need to manage its docket—generally favor default judgment, as they do in nearly every case where the Court must choose between entering default or continuing trial. After all, postponing trial delays resolution of the case and keeps it on the Court's docket longer.

However, these factors carry limited weight here. Although the trial is delayed, the delay is only two months. And while the Court is mindful of its docket, this case should not require substantial additional work. The Court has already held four pretrial conferences, issued numerous evidentiary rulings, and ruled on summary judgment. From the Court's perspective, both parties should be prepared to proceed to trial on October 14, 2025 with little fanfare or motion practice.

In sum, given the public policy favoring disposition of cases on the merits, Defendant's demonstrated intent to litigate this case, and the availability of lesser sanctions, the Court declines to enter default judgment.

### B. The Court continues trial to October 14, 2025.

To allow Defendant to obtain new counsel, the Court will continue the trial to October 14, 2025. Defendant is warned not to present an attorney that presents ethical concerns similar to those of Mr. Ticktin and Ms. Lambert.

|  | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW | Date | August 5, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

**C. The Court will reopen limited discovery.**

The Court will reopen discovery solely for the purpose of allowing Plaintiff to investigate Defendant's financial condition. Plaintiff may also move for monetary sanctions if he feels they are appropriate.

Additionally, to facilitate the timely completion of this new discovery, the Court will make the following rulings:

1. Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. Murphy to withdraw from the case.

2. Defendant must respond to any written discovery requests from Plaintiff within fourteen (14) days.

3. After Defendant provides substantive responses to Plaintiff's written discovery requests, Plaintiff is entitled to conduct Defendant's deposition within ten (10) days after receiving Defendant's substantive responses to Plaintiff's written discovery requests.

4. Plaintiff has leave to enforce any of its discovery requests through *ex parte* applications to this Court.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | DT |