Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR AN ORDER ENFORCING THE COURT'S AUGUST 5, 2025 ORDER (ECF NO. 311) REGARDING SERVICE ON DEFENDANT; DECLARATION OF BRYAN M. SULLIVAN**<br><br>[*[Proposed] Order filed and served concurrently herewith*]<br><br>Complaint Filed: November 8, 2023<br>Trial Date: October 14, 2025 |

**PLAINTIFF'S *EX PARTE* APPLICATION ENFORCING THE COURT'S AUGUST 5, 2025 ORDER**

1  **PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and
2  through his attorneys of record, hereby applies *Ex Parte* to this Court for an order
3  enforcing the August 5, 2025 Order Declining To Grant Default Judgment; Continuing
4  Trial; And Reopening Limited Discovery For Plaintiff (ECF No. 311) (the "August 5
5  Order") requiring Michael M. Murphy, Esq., counsel of record for Defendant Patrick
6  M. Byrne ("Defendant"), to accept service of documents on Defendant as required by
7  Paragraph III.C.1 of the August 5 Order or to provide Plaintiff's counsel with
8  Defendant's email address for service of documents.  This application is being made on
9  the basis that good cause exists because Mr. Murphy claims he is no longer counsel of
10 record for Defendant in this case and has stated that he will not accept service of any
11 documents on Defendant.  This is directly contradictory to the August 5 Order stating:

> Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. Murphy to withdraw from the case.

16 In the Court's own words, the purpose of this paragraph was "to facilitate the timely
17 completion of this new discovery…."
18     Plaintiff respectfully requests that this *Ex Parte* Application be resolved on the
19 papers, without oral argument, pursuant to the Court's Standing Order, in Courtroom
20 10A before the Honorable District Court Judge Wilson.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

1 | Plaintiff's counsel has provided Notice of this *ex parte* application to Defendant through Mr. Murphy as required by the August 5 Order. (*See* Declaration of Bryan M. Sullivan, ¶5, Exh. "A".)

Dated: August 13, 2025

EARLY SULLIVAN WRIGHT
 GIZER & MCRAE LLP

By: */s/ Bryan M. Sullivan*
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff
Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

Following what the Court itself described as a "circus" relating to Defendant Patrick Byrne's ("Defendant") attorney shell game on July 29, 2025 and the Court's sanctions of Defendant for that conduct, on August 5, 2025, the Court issued the Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (ECF No. 311) (the "August 5 Order"). As stated by the Court, "to facilitate the timely completion of this new discovery," in Paragraph III.C.1 of the August 5 Order, the Court ordered:

> Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. [Michael] Murphy to withdraw from the case.

(ECF No. 311.) In accordance with that provision and because Defendant has not yet provided Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents, Plaintiff served document requests on Mr. Murphy on August 7, 2025 without objection, and, on August 12, 2025, Plaintiff sent Mr. Murphy an email pursuant to Local Civil Rule 7-3 concerning a motion for further sanctions. Declaration of Bryan M. Sullivan ("Sullivan Decl."), ¶ 3.

In response to the August 12, 2025 email, Mr. Murphy stated that the Court approved his withdrawal as counsel for Defendant effective July 29, 2025 so he is no longer legally authorized to accept service of any documents in the case and that he will not accept service of any documents on Defendant. Sullivan Decl., ¶ 4, Exh. "A". More specifically, Mr. Murphy stated, the following:

> The court approved our withdrawal from this case as counsel for Mr. Byrne effective July 29, 2025, at the hearing on that date and again on July 30, 2025, during the hearing and ruled Mr. Byrne's right to terminate us is absolute. We filed a Notice of Withdrawal

|   |   |
|---|---|
| 1 | and are no longer in the court's system to accept service of any |
| 2 | documents of any kind that are filed with the court. Since we |
| 3 | have been terminated as of July 29, 2025 as counsel for Mr. |
| 4 | Byrne which is confirmed in the court's rulings of July 29, 2025, |
| 5 | July 30, 2025, and the two rulings dated August 5, 2025, we no |
| 6 | longer are legally authorized to accept service of any documents |
| 7 | in the above-referenced case for any reason and to make any |
| 8 | statements or serve any documents in the above case on behalf |
| 9 | of Mr. Byrne. |
| 10 | We also filed and served a Notice of Compliance with the court's |
| 11 | order of July 30, 2025, which confirms our termination as |
| 12 | counsel for Mr. Byrne as of July 29, 2025, and that we have no |
| 13 | authority to accept any documents on his behalf in this case or to |
| 14 | speak on his behalf as a result of that termination. You will need |
| 15 | to find some other method to serve Mr. Byrne with documents. |
| 16 | We are unwilling to do it because it will put us in the position of |
| 17 | violating the Rules of Professional conduct and California case |
| 18 | law which mandates that once we are terminated that we must |
| 19 | not do anything more in the case and we cannot legally accept |
| 20 | service of any documents on behalf of Mr. Byrne. (*Calif. Rule of* |
| 21 | *Prof. Conduct* 1.9; *Reynolds v. Reynolds* (1943) 21 Cal.2d 580; |
| 22 | *Sherman v. Panno* (1954) 129 Cal.App.2d 375.) |
| 23 | Please govern yourselves accordingly. |
| 24 | *Id.* Counsel for Plaintiff, responded by stating: |
| 25 | Thank you for your email. Your belief that you are not bound by |
| 26 | the Court's August 5, 2025 Order is your issue to raise with the |
| 27 | Court and not with us. In that Order, the Court stated (emphasis |
| 28 | added): "Defendant must provide Plaintiff with an email address |

<2>
for electronic service or a physical address for mail or overnight delivery service of documents. ***Until Defendant does so, the Court will not allow Mr. Murphy to withdraw from the case.***" Nothing you filed with the Court has changed the Court's August 5, 2025 Order. We will act in compliance with the Court's August 5, 2025 Order until either Defendant complies with that Order in which case the Court stated you will be relieved as counsel per the language of that order or the Court orders us to do otherwise. We will note your response in our notice of motion.

*Id.* In response to this, Mr. Murphy stated:

> Just so we are clear, I will not accept service of any documents that you want to serve on Mr. Bryne for the reasons stated in my previous e-mail. It will be an issue that Mr. Bryne and/or his new counsel as well as you will have to litigate in the future with the court. I am no longer involved in the case.

*Id.*

Given that Mr. Murphy's position directly contradicts the August 5 Order expressly stating that he is not permitted to withdraw as counsel until Defendant provides Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents, which Defendant has not done.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

6
**PLAINTIFF'S *EX PARTE* APPLICATION ENFORCING THE COURT'S AUGUST 5, 2025 ORDER**

Without such relief, the Court's goal of ensuring an orderly progression of the case will be thwarted.

Dated:  August 13, 2025

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP

By: */s/ Bryan M. Sullivan*
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

## DECLARATION OF BRYAN M. SULLIVAN

I, Bryan M. Sullivan, declare and state as follows:

1. I am a Partner at the law firm of Early Sullivan Wright Gizer & McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein. I submit this declaration in support of Plaintiff's *Ex Parte* Application For An Order Enforcing The Court's August 5, 2025 Order (Ecf No. 311) Regarding Service On Defendant. If called as a witness, I would and could testify to the matters contained herein.

2. On August 5, 2025, the Court issued the Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (ECF No. 311) (the "August 5 Order"), which I reviewed. As stated by the Court, "to facilitate the timely completion of this new discovery," in Paragraph III.C.1, the Court ordered:

> Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. [Michael] Murphy to withdraw from the case.

3. In accordance with that provision of the August 5 Order and because Defendant has not yet provided us with an email address for electronic service or a physical address for mail or overnight delivery service of documents, I caused to be served document requests on Defendant's counsel Mr. Michael Murphy on August 7, 2025 without objection, and, on August 12, 2025, I sent Mr. Murphy an email pursuant to Local Civil Rule 7-3 concerning a motion for further sanctions.

4. In response to the August 12, 2025 email, Mr. Murphy stated that the Court approved his withdrawal as counsel for Defendant effective July 29, 2025 so he is no longer legally authorized to accept service of any documents in the case and that he will not accept service of any documents on Defendant. Attached hereto as Exhibit "A" is

///

1  a true and correct copy of this August 12, 2025 email exchange I had with Michael
2  Murphy, Esq., counsel of record for Defendant Patrick M. Byrne.

3      5.   I provided Notice of this *ex parte* application to Michael Murphy, Esq. via
4  email, as required by the Central District of California Local Rules and the Court's New
5  Case Order (ECF. No. 14). This email is in exhibit is in Exhibit "A" is a true and correct
6  copy of that notice email. As of the filing of this *ex parte* application, Mr. Murphy has
7  not indicated whether he intends to oppose this application.

8      I declare under penalty of perjury under the laws of the United States of America
9  that the foregoing is true and correct. Executed on this 13th day of August, 2025, at
10 Roanoke, Virginia.

　　　　　　　　　　　　　　　　　　　　　*/s/ Bryan M. Sullivan*
　　　　　　　　　　　　　　　　　　　　　Bryan M. Sullivan

5819599.1

# CERTIFICATE OF SERVICE

I, Robie Ann Atienza-Jones, hereby certify that on this 13th day of August, 2025, a copy of the foregoing **PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR AN ORDER ENFORCING THE COURT'S AUGUST 5, 2025 ORDER (ECF NO. 311) REGARDING SERVICE ON DEFENDANT; DECLARATION OF BRYAN M. SULLIVAN** was served via email, on the following:

| | |
|---|---|
| Richard A. Harpootlian<br>Phillip D. Barber<br>Richard A. Harpootlian, P.A.<br>1410 Laurel Street<br>Columbia, SC 29201<br>Tel: (803) 252-4848<br>Fax: (803) 252-4810<br>Email: *rah@harpootlianlaw.com;*<br>*pdb@harpootlianlaw.com*<br><br>*Attorneys for Plaintiff*<br>*Robert Hunter Biden* | Michael C. Murphy, Esq.<br>Michael C. Murphy, Jr. Esq.<br>LAW OFFICES OF MICHAEL C. MURPHY<br>2625 Townsgate Road, Suite 330<br>Westlake Village, CA 91361<br>Tel.: 818-558-3718<br>Fax: 805-367-4506<br>Email: *michael@murphlaw.net;*<br>*Michael.jr@murphlaw.net*<br><br>*Attorneys for Defendant*<br>*Patrick Byrne* |

*/s/ Robie Ann Atienza-Jones*
ROBIE ANN ATIENZA-JONES
An employee of EARLY SULLIVAN WRIGHT GIZER & McRAE LLP

5819721.1