Michael C. Murphy, Esq. (S.B. No. 104872)
Michael@murphlaw.net
Michael C. Murphy, Jr. Esq. (S.B. No. 305896)
Michael.jr@murphlaw.net
LAW OFFICES OF MICHAEL C. MURPHY
2625 Townsgate Road, Suite 330
Westlake Village, CA 91361
Tel.: 818-558-3718
Fax: 805-367-4506

Former Terminated and Withdrawn
Attorneys for Patrick M. Byrne

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>    Plaintiff,<br><br>    vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>    Defendant. | Case No.:  2:23-cv-09430-SVW-PD<br>Judge:    Honorable Stephen V. Wilson<br>Courtroom: "10A"<br><br>Complaint Filed: November 8, 2023<br><br>**RESPONSE BY MICHAEL C. MURPHY, ESQ. TO PLAINTIFF ROBERT HUNTER BIDEN'S EX PARTE APPLICATION FOR AN ORDER ENFORCING THE COURT'S ORDER REGARDING SERVICE ON DEFENDANT PATRICK M. BYRNE; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF MICHAEL C. MURPHY, ESQ.**<br><br>**Date:**   None<br>**Time:**   None<br>**Loc:**    Hon. Stephen V. Wilson<br>**Ctrm:**   "10A" |

1

**RESPONBSE TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER ENFORCINGT THE COURT'S ORDER REGARDING SERVICE ON DEFENDANT PATRICK M. BYRNE**
**Case No.:** 2:23-cv-09430-SVW-PD

**PLEASE TAKE NOTICE** that former terminated, withdrawn counsel for Defendant Patrick Byrne, Michael C. Murphy, Esq, submits his Response to Plaintiff's Ex Parte Application to Enforce the Court's Order Regarding Service on Defendant Patrick M. Byrne and requests that the court deny the Ex Parte Application.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION.

Former terminated and withdrawn counsel for Defendant Patrick M. Byrne, ("Defendant") Michael C. Murphy ("Counsel") hereby submits to the Court his Memorandum of Points and Authorities in support of his Response to Plaintiff's Ex Parte Application for an order enforcing its order regarding service on Defendant Patrick M. Byrne.

On January 29, 2025, at 7:34 a.m. Counsel was standing in line to go through the metal detector at the courthouse when he received e-mail notice from Defendant that he was terminated immediately as his counsel, his was to drop off his files at counsel table and leave the courthouse. Counsel complied with Defendant's request.

On this same date, the court's clerk contacted Counsel and asked him to return to the courthouse. Counsel complied with that request, and he was in the courtroom 10C at 1:30 p.m.

The court then asked Counsel to come to the podium. Counsel then addressed the court's questions and confirmed that he was terminated by Defendant that morning at 7:34 a.m. while standing in the metal detector line. Counsel confirmed that he was no longer representing Defendant in the action. Counsel was then asked by the court to return to the courtroom the following day at 9:30 a.m. The court set a hearing for the entry of default of Defendant. The court ruled that Defendant had an absolute right to terminate Counsel but had not shown good cause for that termination and right at the start of the jury trial of the case.

2

On July 30, 2025, Counsel was once against in courtroom 10C at 9:30 a.m. At the hearing on July 30, 2025, in the late afternoon, the Court declined to enter Defendant's Default. Defendant was ordered to retain new counsel by August 15, 2025, the trial date of the case was continued to October 14, 2025, Plaintiff was granted leave to conduct discovery as to the Defendant's financing to obtain evidence to prove up their punitive damages claim that they did not obtain in discovery and Plaintiff was granted leave to file a motion for sanctions.

The Court ordered Counsel to give Defendant notice of these rulings by the court. Towards that end, Counsel attempted to order a copy of the transcript of the hearing of July 30, 2025, but the court reporter would not respond to that transcript order that was filed with the court. On July 30, 2025, Counsel filed a Notice of Withdrawal.

Counsel was then taken out of the system and not provided with copies of any more filings made with the court. He did obtain the court's two August 5, 2025, orders and the rulings of the court made on July 30, 2025, that were filed with the court. Counsel did file with the court a Notice of Compliance confirming that he had properly served Defendant with the court's rulings of July 30, 2025, the copies of the court's rulings of August 5, 2025, and notice that he was terminated, had withdrawn from the case, was not authorized to accept service of any documents for Defendant or to speak on his behalf which was proper under California law.

Plaintiff's counsel since that time has attempted to serve us with documents and filings on behalf of Defendant. Counsel justifies that service and claims it is valid under the court's order of August 5, 2025 which was issued after the July 30, 2025 hearing and where at no time was I ever requested by the court at the hearing of July 30, 2025 to accept service of documents or to address that issue with the court at the hearing of July 30, 2025. That provision in the order of August 5, 2025, was obtained without giving Counsel an opportunity to be heard and is

3

RESPONBSE TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER ENFORCINGT THE COURT'S ORDER REGARDING SERVICE ON DEFENDANT PATRICK M. BYRNE
Case No.: 2:23-cv-09430-SVW-PD

inconsistent with Counsel's duties as former counsel for Defendant under California law.

Counsel has full and complete respect for the court. He has followed every single one of the court's orders to the letter. However, he is left in a quandary because this is a diversity case, California law sets forth the duties he owes to his client as a terminated Counsel, and the court's order of August 5, 2025, conflicts with California law on the issue. These concerns by Counsel were never addressed or even considered by the court after Counsel had been terminated and withdrawn from the case. They must be addressed to ensure that Counsel is not violating any ethical duties that he owes to Defendant as his terminated and withdrawn counsel.

**2. California Law Applicable to the Termination of Counsel and His Withdrawal from a Case.**

This is a diversity case. There is no federal question involved. The case involves a claim for defamation and California law applies to the termination of the Defendant's counsel's issues as the terminated and withdrawn counsel of Defendant. (*Erie R.R.Co. v. Tompkins* (1938) 518 U.S. 415, 427; *Hyan v. Hummer* (9th Cir. 825 F.3d 1043, 1046.)

Under California law, once an attorney has been terminated from representing a party in a case, the former attorney cannot legally accept any service of documents on behalf of the client. (*Reynolds v. Reynolds* (1943) 21 Cal.2d 580; *Sherman v. Panno* (1954) 129 Cal.App.2d 375.)

Here, Counsel was terminated on July 29, 2025, filed a withdrawal of counsel on July 30, 2025, and served Defendant with all the Court's orders and rulings of July 30, 2025, and August 5, 2025, of which the August 5, 2025, orders were not even served on him. He also filed a Notice of Compliance confirming he had served those orders on Defendant as requested by the court at the hearing of July 30, 2025. He also confirmed he could not accept any service of any documents from Defendant or to speak on his behalf in this case.

### 3. Plaintiff has Remedies If Defendant Does Not Comply with The Court Orders without Having to Involve Counsel.

If Defendant chooses to ignore the court orders served on him by Counsel as confirmed in his Notice of Compliance and as ordered by the court, Plaintiff does not need to involve Counsel by bombarding him with service of documents to address those violations and get relief from the court. There is ample law that provides Plaintiff with remedies that do not require the involvement of Counsel and with the harassment of him with the unnecessary service of documents that are not needed for Plaintiff to be able to obtain the benefit of those remedies that are contained in the law applicable to the violation of court orders and rules by Defendant.

4. Conclusion

It is for Counsel for Plaintiff to litigate his case against Defendant. He does not need the assistance of Defendant's counsel and by trying to get a court order to compel Counsel to violate his ethical and legal duties that he owes to Defendant as his terminated counsel. Counsel was terminated on July 30, 2025. He filed his Notice of Withdrawal on July 30, 2025. Counsel served Defendant with full and complete copies of the court's rulings of July 30, 2025, and the two of August 5, 2025. He filed a Notice of Compliance.

What more does Plaintiff's counsel need from Counsel? The answer is nothing. The Ex Parte Application of Plaintiff should be denied by the court because the requested order is not necessary, and Plaintiff will not be prejudiced if it is denied because it has remedies available that it can utilize without having to serve any documents on Counsel.

///
///
///
///

5

Dated: August 13, 2025     LAW OFFICES OF MICHAEL C. MURPHY

By: /s/ Michael C. Murphy, Esq.
_____
Michael C. Murphy, Esq.
Michael C. Murphy, Jr., Esq.
Former Terminated and Withdrawn Attorneys for Defendant,
Patrick Byrne

6

**RESPONBSE TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER ENFORCINGT THE COURT'S ORDER REGARDING SERVICE ON DEFENDANT PATRICK M. BYRNE**
**Case No.:** 2:23-cv-09430-SVW-PD

## DECLARATION OF MICHAEL C. MURPHY, ESQ.

I Michael C. Murphy, Esq., declares as follows:

1. I am an attorney at law, duly licensed to practice law in the State of California, I am duly admitted to practice law before this court, and I am the terminated and withdrawn former attorney of record for Defendant Patrick Byrne ("Defendant") in this action. I am personally familiar with the facts set forth in this Declaration and if called upon I could and would competently testify to the foregoing.

2. On January 29, 2025, at 7:34 a.m. I was standing in line to go through the metal detector at the courthouse when I received an e-mail notice from Defendant that I was terminated immediately as his counsel, I was to drop off the case files at counsel table and leave the courthouse. I complied with Defendant's request because he had an absolute right to terminate me without cause.

3. On this same date, the court's clerk contacted me and asked me to return to the courthouse. I complied with that request, and I was in the courtroom 10C at 1:30 p.m.

4. The court then asked me to come to the podium. I then addressed the court's questions and confirmed that I was terminated by Defendant that morning at 7:34 a.m. while standing in the metal detector line. I confirmed that I was no longer representing Defendant in the action. I was then asked by the court to return to the courtroom the following day at 9:30 a.m. The court set a hearing for the entry of default of Defendant. The court ruled that Defendant had an absolute right to terminate me but had not shown good cause for that termination and right at the start of the jury trial of the case.

5. On July 30, 2025, I was once again in courtroom 10C at 9:30 a.m. At the hearing on July 30, 2025, in the late afternoon, the Court declined to enter

Defendant's Default. Defendant was ordered to retain new counsel by August 15, 2025, the trial date of the case was continued to October 14, 2025, Plaintiff was granted leave to conduct discovery as to the Defendant's financing to obtain evidence to prove his punitive damages claim that they did not obtain in discovery and Plaintiff was granted leave to file a motion for sanctions.

6. The Court ordered me to give Defendant notice of these rulings by the court. Towards that end, I attempted to order a copy of the transcript of the hearing of July 30, 2025, but the court reporter would not respond to that transcript order that was filed with the court as well as my e-mails and telephone calls to her to obtain the transcript. On July 30, 2025, I filed a Notice of Withdrawal.

7. I was then taken out of the system and not provided with copies of any more filings made with the court. I did obtain the court's two August 5, 2025, orders and the rulings of the court made on July 30, 2025, that were filed with the court so I could comply with the court's order of July 30, 2025. I did file with the court a Notice of Compliance confirming that I had properly served Defendant with the court's rulings of July 30, 2025, the copies of the court's rulings of August 5, 2025, and notice that I was terminated, I had withdrawn from the case, and I was not authorized to accept service of any documents for Defendant or to speak on his behalf which was proper under California law.

8. Plaintiff's counsel since that time has attempted to serve me with documents and filings on behalf of Defendant. Plaintiff's counsel justifies that service and claims it is valid under the court's order of August 5, 2025 which was issued after the July 30, 2025 hearing and where at no time was I ever requested by the court at the hearing of July 30, 2025 to accept service of documents or to address that issue with the court at the hearing of July 30, 2025. That provision in the order of August 5, 2025, was issued without giving me an opportunity to be heard and is inconsistent with Counsel's duties as former counsel for Defendant under California law.

9. I have full and complete respect for the court. I have followed every single one of the court's orders to the letter. However, I am left in a quandary because this is a diversity case, California law sets forth the duties I owe to Defendant as his terminated Counsel, and the court's order of August 5, 2025, conflicts with California law on the issue which was not presented to the court. These concerns by me were never addressed or even considered by the court after I had been terminated and withdrawn from the case. They must be addressed to ensure that I am not violating any ethical duties that I owe to Defendant as his terminated and withdrawn counsel.

10. Plaintiff has remedies if Defendant fails to follow court orders without having to serve a single document on me. It is their problem to look up the law and figure out what needs to be done without harassing me with service of documents I am not authorized to receive for our former client under California law. Plaintiff will not be prejudiced if the Ex Parte Application is denied because his remedies can be implemented without the service of a single document on either me or Defendant. This unnecessary harassment of me must stop.

I declare under penalty of perjury and under the laws of the United States of America and the State of California that the foregoing statements in my Declaration are true and correct and that this Declaration was executed this 13th day of August 2025, at Westlake Village, California.

_____
Michael C. Murphy, Esq.

9

**RESPONBSE TO PLAINTIFF'S EX PARTE APPLICATION FOR AN ORDER ENFORCINGT THE COURT'S ORDER REGARDING SERVICE ON DEFENDANT PATRICK M. BYRNE**
**Case No.:** 2:23-cv-09430-SVW-PD