Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR AN ORDER REQUIRING DEFENDANT TO SHOW CAUSE WHY HE SHOULD NOT BE HELD IN CONTEMPT**<br><br>Complaint Filed: November 8, 2023<br>Trial Date: October 14, 2025 |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER TO SHOW CAUSE**

1    **PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden, by and through
2  his attorneys of record, hereby applies *Ex Parte* to this Court for an order directing
3  Defendant Patrick M. Byrne to appear personally before the Court to show cause why
4  he should not be held in contempt for failure to comply with the following Court orders
5  (collectively, the "Orders"): (i) the August 5, 2025, Order Declining To Grant Default
6  Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff requiring
7  Defendant provide Plaintiff an email address for electronic service or a physical address
8  for mail or overnight delivery service of documents (ECF No. 311); and (ii) the August
9  14, 2025, Order directing Defendant to appear in person before the Court on August 18,
10 2025 (ECF No. 318).  Notice cannot be given to Defendant because he is unrepresented
11 by counsel and has failed to provide his contact information to Plaintiff as ordered by
12 the Court and as required by the Court's Local Civil Rules.

Dated: August 21, 2025

RICHARD A. HARPOOTLIAN, PA

By: */s/ Phillip D. Barber*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff*
*Robert Hunter Biden*

**MEMORANDUM OF POINTS AND AUTHORITIES**

On August 5, 2025, the Court issued the Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (ECF No. 311) (the "August 5 Order"). This Order provided, in part:

> Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. Murphy to withdraw from the case.

In accordance with that provision of the August 5 Order and because Defendant has not provided Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents, Plaintiff served document requests on Mr. Murphy on August 7, 2025 without objection, and, on August 12, 2025, Plaintiff sent Mr. Murphy an email pursuant to Local Civil Rule 7-3 concerning a motion for further sanctions.

In response to the August 12, 2025, email, Mr. Murphy stated that he is no longer legally authorized to accept service of any documents in the case and that he will not accept service of any documents on Defendant.

Accordingly, on August 13, 2025, Plaintiff made an *ex parte* application to enforce the August 5 Order. The Court set a hearing on the application for August 18, 2025, and ordered Defendant to appear personally at the hearing (ECF No. 318) (the "August 14 Order"). At that hearing, the Court stated on the record that it was satisfied Defendant had actual notice of the order requiring his attendance at the hearing. Yet Defendant failed to appear personally at the hearing, failed to appear through counsel, and failed to communicate any reason for his failure to the Court, and failed to provide Plaintiff's counsel with contact details for service of process. In response, the Court stated at the hearing that it is inclined to order Defendant to show cause why he should not be held in contempt.

Plaintiff now moves for an order requiring Defendant to show cause why he

should not be held in contempt. Plaintiff argues that (1) the Court has inherent power to enforce its lawful orders, (2) the Court has personal jurisdiction over Defendant, (3) Defendant has willfully violated the Court's orders, and (4) the appropriate remedy is a monetary penalty and, if the contempt is not purged within 30 days by payment of a monetary penalty, the issuance of a bench warrant. For reasons explained below, Plaintiff does not request entry of a default as a sanction at this time.

### Inherent Power

"'[C]ourts have inherent power to enforce compliance with their lawful orders through civil contempt.'" *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001) (quoting *Spallone v. United States*, 493 U.S. 265, 276 (1990)). "'A party may be held in civil contempt where it "fail[ed] to take all reasonable steps within the party's power to comply [with a specific and definite court order].'" *Id.* (quoting *In re Dual–Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993).

### Personal Jurisdiction

The Court must have personal jurisdiction over a party to hold him in contempt. *See, e.g.*, *Reebok Int'l Ltd. v. McLaughlin*, 49 F.3d 1387, 1390 (9th Cir. 1995). Plaintiff asserted the Court's personal jurisdiction over Defendant in the Complaint. (Compl. ¶ 8.) Defendant denied the allegation (Answer ¶ 8), but he never challenged the assertion of personal jurisdiction by motion under Rule 12 and so has waived any challenge to the Court's personal jurisdiction. Fed. R. Civ. P. 12(h)(1)(B); *see also, e.g.*, *In re ZF-TRW Airbag Control Units Prods. Liab. Litig.*, 601 F. Supp. 3d 625, 696 (C.D. Cal. 2022).

### Violation of Orders

"The party moving for a civil contempt order must show by clear and convincing evidence that the alleged contemnor violated the court's order." *FTC v. Productive Mktg., Inc.*, 136 F. Supp. 2d 1096, 1107 (C.D. Cal. 2001). Here, it is undisputed that Defendant violated the August 5 Order, by not retaining new counsel or providing an

4
**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE**

address for service of papers, and that Defendant violated the August 14 Order by not appearing in person at the hearing on August 18, 2025.

**Remedy**

The typical penalty for a defendant who fails to defend an action is entry of a default, followed by entry of a default judgment, followed by post-judgment proceedings to enforce the judgment. *E.g.*, *Solano v. Preciado*, 738 F. Supp. 3d 1356, 1362 (D. Or. 2024); *New Show Studios LLC. v. Needle*, No. 214CV01250CASMRWX, 2016 WL 7017214, at *10 (C.D. Cal. Dec. 1, 2016). "In addition to ordering monetary sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest." *Rob Kolson Creative Productions, Inc. v. Stander*, 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020 (citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985). However, the "the district court should apply the least coercive sanctions (e.g., a monetary penalty) reasonably calculated to win compliance with its orders.'" *United States v. Flores*, 628 F.2d 521, 527 (9th Cir. 1980) (internal quotation marks omitted).

Entry of a default judgment would not obviate the need for the Court to use its coercive powers to enforce its orders in this case. Entry of a default judgment would only "kick the can down the road," forcing this Court or some other court to use coercive powers to force Defendant to disclose or disgorge assets. Doing so would violate the principle that public policy favors adjudication on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). If the Court must exercise its coercive power over Defendant at some point in this legal action, it would be better to do so now, to enforce a right to have claims of wrongdoing adjudicated on the merits in open court, rather than later, to enforce a right to seize property created only by a procedural default.

Plaintiff therefore respectfully requests that Defendant be ordered to appear, either in person or through an attorney who is a member of the California bar admitted to practice before this Court, at a hearing to show good cause why he should not be held

in contempt for his willful violation of Court orders. If he fails to present good cause, the Court should enter a monetary penalty for his contempt. Plaintiff requests the monetary penalty *not* be a payment of money to Plaintiff. Any reasonable amount for a direct monetary sanction (e.g., the costs Plaintiff has incurred in motion practice due to Defendant's contempt) would be a trivial sum to a billionaire. Instead, Plaintiff requests the Court order Defendant to pay a substantial sum (Plaintiff suggests $5 million) into the registry of the Court as a bond against a possible judgment in favor of Plaintiff. Defendant would only lose the money if he loses on the merits, and then only as much as the judgment. The cost to Defendant of being denied the use of his money until then would be the sanction for his misconduct. If Defendant is unable to make such a payment, he can appear before the Court to explain why. Plaintiff notes that on July 15, 2022, Defendant gave an official statement under penalty of law to the House Select Committee to Investigate the January 6th Attack on the U.S. Capitol in which he claimed to have personally paid "substantially above" $12 million on challenges to the 2020 presidential election, Tr. Patrick Byrne Interview at 226, *available at* https://www.govinfo.gov/app/details/GPO-J6-TRANSCRIPT-CTRL0000915977, and on February 11, 2024, he publicly claimed to have personally spent "about $40 million" on election challenges, https://x.com/PatrickByrne/status/1756738433467474402, so the requested sum appears to be well within his means.

If Defendant does not appear, or if he does appear but fails to show cause, the Court should enter an order giving him 30 days to purge his contempt by making the aforementioned payment into the registry of the Court and complying with pending court orders, and further providing that if he does not purge the contempt within 30 days, the Court will issue a bench warrant for his arrest. An outstanding warrant would prevent him engaging in international travel or engaging in public speaking appearances. Plaintiff believes that sanction, or at least the credible threat of that sanction, is the only sanction that will cause Defendant to comply with the Court's orders.

Finally, Plaintiff respectfully requests the Court order that, going forward, Defendant may not voluntarily terminate an attorney who has appeared in this case on his behalf without prior leave of the Court granted upon a showing of good cause. Defendant has already terminated eight lawyers in this case (John W. Howard, Scott J. Street, Michelle D. Volk, Peter C. Shelling, Nabil Abu-Assal, Doug Roy, Michael C. Murphy, Carmen R. Selame, Tom Yu, and Eric Neff). His right to change lawyers cannot be limitless.

Dated: August 22, 2025

RICHARD A. HARPOOTLIAN, PA

By: */s/ Phillip D. Barber*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff
Robert Hunter Biden*

**PLAINTIFF'S *EX PARTE* APPLICATION FOR AN ORDER TO SHOW CAUSE**