Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF MOTION AND MOTION FOR FURTHER SANCTIONS AGAINST DEFENDANT PATRICK M. BYRNE BASED ON THE COURT'S AUGUST 5, 2025 ORDER DECLINING TO GRANT DEFAULT JUDGMENT; CONTINUING TRIAL; AND REOPENING LIMITED DISCOVERY FOR PLAINTIFF**<br><br>[*Declarations of Bryan M. Sullivan and Richard Harpootlian; and [Proposed] Order filed and served concurrently herewith*]<br><br>Date: September 22, 2025<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A<br><br>Complaint Filed:  November 8, 2023<br>Trial Date:  October 14, 2025 |

**PLAINTIFF'S MOTION FOR FURTHER SANCTIONS RE AUGUST 5, 2025 COURT ORDER**

1  **PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, on September 22, 2025 at 1:30 p.m., in Courtroom 10A of the above entitled Court, Plaintiff will and hereby does move for an order for monetary sanctions against Defendant Patrick M. Byrne ("Defendant") in the amount of $34,969.20, which represents the costs for travel, accommodation, and meals for Plaintiff's counsel to travel from their various locations to Los Angeles, California for the July 29, 2025 trial. Substantial good cause exists for such sanctions because, as set forth in detail in the Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (the "August 5 Order"), Defendant "[h]e is the one who caused the delay of trial" and that Defendant's conduct "reflect[ed] a cavalier attitude at best and bad faith at worst…." Further, as this Court recognized in the August 5 Order, "Defendant's delay of trial likely caused Plaintiff to incur significant legal costs" and this Court invited Plaintiff to make this motion for sanctions.

On August 12, 2025, counsel for Plaintiff sent an email to Michael Murphy, Esq. via email, as required by the Central District of California Local Rules and the Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (ECF No. 311) informing Mr. Murphy of the grounds for this Motion. Attached hereto as **Exhibit "A"** is a true and correct copy of that notice email. Mr. Murphy refused to participate in any meet and confer and refused to forward the meet and confer request to Defendant and Defendant is proceeding pro se.

Plaintiff notes that, under Local Civil Rules 1-3 and 83-2.2.3, as a pro se defendant, Defendant is bound by the local rule and required to comply with them. Further, Local Civil Rule 83-2.4 requires Defendant to provide, in writing, the Clerk of Court with Defendant's current contact information and Defendant has been ordered by this Court to do so, but has failed to do so despite Mr. Murphy stating that he provided Defendant with notice of such order.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the August 5 Order, the declarations of Bryan M. Sullivan and Richard A. Harpootlian as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling of this Motion.

Dated:  August 25, 2025            By:    */s/ Bryan M. Sullivan*
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Robert Hunter Biden ("Plaintiff") and his legal counsel were ready, willing, and able to commence trial in this matter on July 29, 2025 as scheduled by the Court on March 17, 2025. Indeed, all six members of Plaintiff's defense team (four attorneys and two paralegals) traveled to Los Angeles, California from the east coast, stayed in hotel rooms, and paid for meals and ride shares in anticipation of the July 29, 2025 trial. Declaration of Bryan M. Sullivan ("Sullivan Decl."), ¶ 3; Declaration of Richard A. Harpootlian ("Harpootlian Decl."), ¶ 3. However, on that morning, Defendant Patrick M. Byrne ("Defendant") engaged in misconduct by playing a shell game with his attorneys that culminated in what the Court described as a "circus" on the morning of July 29, 2025 that wasted the Court's time, that of the potential jurors for this trial, and rendered all of the costs that Plaintiff's trial team incurred to be present at trial that morning. ECF No. 311.

While the Court sanctioned Defendant by permitting Plaintiff to engage in limited discovery into Defendant's financial condition in its August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (the "August 5 Order"), the Court also invited Plaintiff to make an additional motion for sanctions. *Id.* The Court made this invitation because, as the Court stated in the August 5 Order, "Defendant's delay of trial likely caused Plaintiff to incur significant legal costs." *Id.* Indeed, Plaintiff did incur significant costs relating to the July 29, 2025 trial date totaling $34,969.20. Sullivan Decl., ¶ 2; Harpootlian Decl., ¶ 2. Those costs include the flights for six members of Plaintiff's legal team, hotel accommodations for all six people, costs for ride sharing trips from the airport to the hotel and to and from Court, and meals during the week of July 27, 2025. *Id.* Defendant's conduct on July 29, 2025 rendered those costs useless and, considering the Court's finding that Defendant engaged in misconduct, Defendant should be ordered to reimburse Plaintiff for those costs.

## II. BACKGROUND

After months of delay and multiple pretrial conferences, jury selection and trial of this case was set to begin on July 29, 2025 and Plaintiff and his trial team were present in the courtroom ready, willing and able to commence trial having traveled from the east coast for the trial. ECF No. 311; Sullivan Decl., ¶ 2; Harpootlian Decl., ¶ 2. But Defendant and his counsel since nearly the commencement of this action, Michael Murphy, were not present and neither was Peter Ticktin, whose pro hac vice application had been approved the previous week. ECF No. 311.

Instead, three new lawyers appeared for Defendant for the first time that day (ECF No. 311, p. 3): (i) Thomas Yu, whose practice focuses exclusively on defending law enforcement officers in lawsuits arising from the use of force or in disciplinary proceedings;[1] (ii) Eric Neff, formerly was a Los Angeles County prosecutor, who was placed on administrative leave and later left the District Attorney's office after bringing false charges against a Michigan-based company that makes software for election offices, which company obtained $5 million settlement from Los Angeles County for that baseless prosecution);[2] and (iii) Stefanie Lambert, who has a history of misconduct and who is under felony indictment in Michigan, charged with computer crimes related to election tabulators, resulting in the Court denying her motion for admission *pro hac vice* (ECF No. 310).

Despite representing that they were all familiar with the case file, the Court noted that they were not very familiar with the case and later that day Mr. Yu informed the Court that, after the Court denied Ms. Lambert's application, Defendant informed Mr. Neff and Mr. Yu that they were not authorized to serve as lead trial counsel without Ms. Lambert and thus had to remove themselves from the case and asked for a trial continuance. ECF No. 311, p. 3. The Court noted, "This is really like a three-ring

---

[1] *See* https://www.tomyulaw.com/

[2] *See* https://www.nbclosangeles.com/investigations/la-county-pays-5-million-to-settle-alleged-baseless-prosecution-of-voting-software-provider/3319783/

circus."³  7/29/2025 Transcript at 35:1.

The Court then ordered Defendant to show cause why he should not be placed in default the next day.  ECF No. 311, p. 3.  While the Court did not place Defendant in default, the Court found that "Defendant's conduct is worthy of sanction" because "Defendant defied a court order" for Defendant to appear in Court on July 30, 2025 at 9:30 a.m., and that Defendant delayed this case and did so without good reason."  ECF No. 311, p. 7.  Indeed, the Court stated that "Defendant's decisions—firing Mr. Murphy, choosing Ms. Lambert as his replacement, and dismissing Mr. Yu and Mr. Neff after her disqualification—reflect a cavalier attitude at best and bad faith at worst."  ECF No. 311, pp. 6-7.  As sanctions, the Court permitted Plaintiff to conduct discovery into Defendant's financial condition to obtain evidence to support a punitive damages award.  ECF No. 311, pp. 1 and 11.

In addition, the Court stated "that Defendant's delay of trial likely caused Plaintiff to incur significant legal costs" and invited Plaintiff to make the appropriate motion for monetary sanctions.  ECF No. 311, pp. 9 and 11.

## III.  ARGUMENT

"The inherent powers of federal courts are those which are necessary to the exercise of all others," including "the well-acknowledged inherent power . . . to levy sanctions in response to abusive litigation practices."  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S.Ct. 2455 (1980) (internal quotation marks omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107, 137 S.Ct. 1178 (2017) (that "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute,

---

³ But the "circus" that occurred the morning of July 29, 2025, was not the first time Defendant engaged in misconduct in this case that has caused the trial in this case to be delayed.  As set forth in detail in the November 22, 2024, Plaintiff Robert Hunter Biden's *Ex Parte* Application For An Order Granting Sanctions Against Defendant And/Or An Adverse Inference Instruction (ECF No. 151) (and the evidence submitted in support of both documents), from August 20, 2024, through the first Final Pre-Trial Conference in this matter on November 25, 2024, Defendant acted to frustrate Plaintiff's efforts to depose Defendant.  Indeed, the Court said Defendant's reasons for the continuance and delaying the deposition were "fraudulent" and "fantastic without believability" and that they were "a fraud upon the Court."

'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' [Citation omitted]."). Indeed, the Supreme Court has long made clear that "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. [Citation omitted]." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, (1991). Among the inherent powers recognized by the Supreme Court is the power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear*, 581 U.S. at 107 (quoting *Chambers*, 501 U.S. at 44–45).

Sanctions for bad faith conduct "must be compensatory rather than punitive in nature" and "counts as compensatory only if it is calibrated to the damages caused by the bad faith acts on which it is based." *Goodyear*, 581 U.S. at 107 (citing *Mine Workers v. Bagwell*, 512 U.S. 821, 826–30, 114 S.Ct. 2552 (1994)). Therefore, "[a] sanctioning court must determine which fees were incurred because of, and solely because of, the misconduct at issue (however serious, or concurrent with a lawyer's work, it might have been)." *Id.*

Here, as set forth extensively in the August 5 Order, the Court found that Defendant engaged in bad faith conduct that caused the July 29, 2025 trial to be delayed to October 14, 2025. As a result of this delay Plaintiff unnecessarily incurred costs to have his legal team travel from the east coast of the United States to California for the trial and incur costs for lodging, meals, and ride share travel. Sullivan Decl., ¶¶ 2-3; Harpootlian Decl., ¶¶ 2-3. Due to Defendant's misconduct that resulted in a continuance of the trial, all of those costs were wasted as Plaintiff must incur those very same costs to have his legal team appear for the October 14, 2025 trial. So, in accordance with the U.S. Supreme Court and Ninth Circuit cases on this issue, Plaintiff requests that the Court further sanction Defendant for his bad faith conduct by ordering Defendant to pay Plaintiff for the travel and accommodation costs incurred in having his legal team travel to California for the July 29, 2025 trial date. These costs total $34,969.20 and are for the following items:

  a. $20,95.60 in hotel costs for six people for six days that included a larger room to be used as an office for the trial team.

  b. $9,233.90 in flights for six people to travel across the country and to change flights to leave earlier after the trial was continued.

  c. $4,273.70 in meals for six people for six days.

  d. $1,365.67 in Uber Rides for six people for six days, including airport transportation.

Sullivan Decl., ¶ 3; Harpootlian Decl., ¶ 3.

  Plaintiff notes that, while his legal team spent time on Tuesday and Wednesday and Thursday dealing with issues that arose directly from Defendant's misconduct as detailed in the August 5 Order, Plaintiff is only seeking the costs and not any attorney's fees. Further, Plaintiff notes that he incurred other costs in connection with the July 29, 2025 trial date that arguably were unnecessary at that time and may have to be repeated for which he is not seeking reimbursement here because Plaintiff may be able to make use of those items. Examples of these costs were copying trial exhibits and depositions for the July 29, 2025 trial date and having such copies be delivered to the Court and then having to have them picked up from the Court.

  Accordingly, Plaintiff has narrowly tailored this sanctions request to the actual costs incurred unnecessarily in light of the trial continuance and that will have to be incurred again for the October 14, 2025 trial date.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

**PLAINTIFF'S MOTION FOR FURTHER SANCTIONS RE AUGUST 5, 2025 COURT ORDER**

## IV. CONCLUSION

For the foregoing reasons, the Court should further sanction Defendant for the misconduct that directly led Plaintiff to unnecessarily incur $34,969.20 in costs set forth herein.

Dated: August 25, 2025         By:    */s/ Bryan M. Sullivan*
                                       BRYAN M. SULLIVAN (State Bar No. 209743)
                                       bsullivan@earlysullivan.com
                                       ZACHARY C. HANSEN (State Bar No. 325128)
                                       zhansen@earlysullivan.com
                                       EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
                                       6420 Wilshire Boulevard, 17th Fl.
                                       Los Angeles, California 90048
                                       Telephone: (323) 301-4660
                                       Facsimile: (323) 301-4676

                                       Richard A. Harpootlian, *pro hac vice*
                                       rah@harpootlianlaw.com
                                       Phillip Barber, *pro hac vice*
                                       pdb@harpootlianlaw.com
                                       RICHARD A. HARPOOTLIAN, PA
                                       1410 Laurel Street
                                       Columbia, South Carolina 29201
                                       Telephone: (803) 252-4848
                                       Facsimile: (803) 252-4810

                                       *Attorneys for Plaintiff*
                                       *Robert Hunter Biden*

5819282.1