Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR AN ORDER COMPELLING RESPONSES TO DOCUMENT REQUESTS OR, IN THE ALTERNATIVE, FOR SANCTIONS AGAINST DEFENDANT PATRICK M. BYRNE; DECLARATION OF BRYAN M. SULLIVAN**<br><br>[*[Proposed] Order filed and served concurrently herewith*]<br><br>Complaint Filed:    November 8, 2023<br>Trial Date:    October 14, 2025 |

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, hereby applies *Ex Parte* to this Court for an order compelling Defendant to respond, without objections, to Plaintiff's Fifth Set of Document Requests (the "Document Requests"), which were served pursuant to the Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (the "August 5 Order") on August 6, 2025.  Good cause exists for this requested order because the August 5 Order required Defendant to respond to the Document Requests within 14 days and, to date, Plaintiff has not received any response.  In the alternative, Plaintiff requests that the Court sanction Defendant for his intentional failure to respond to the Discovery Requests in the time set by the August 5, 2025 Order, which has obstructed discovery ordered by the Court in this case and which sanctions should that the Court orders that the fact that Defendant's net worth or financial condition is such that Defendant can afford a punitive damage award is established.

Plaintiff was not able to meet and confer with Defendant about this Application because Defendant is proceeding pro se and has not provided Plaintiff with his contact information as required by Local Civil Rule 83-2.4 and this Court's August 5 Order. Further, Plaintiff notes that, under Local Civil Rules 1-3 and 83-2.2.3, as a pro se defendant, Defendant is bound by the local rule and required to comply with the Local Civil Rules, but has not, which has further obstructed these proceedings.  Plaintiff should be relieved of any obligation to meet and confer because Defendant is clearly ignoring the Local Civil Rules and the Court's orders and is engaging in intentional conduct to frustrate these proceedings and Plaintiff's efforts to prove his case.

In the August 5 Order, the Court permitted granted Plaintiff leave to enforce any of its discovery requests through *ex parte* applications to this Court.

This Motion is based upon the accompanying Memorandum of Points and Authorities, the August 5 Order, the declarations of Bryan M. Sullivan as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the

*EX PARTE* APPLICATION FOR AN ORDER COMPELLING RESPONSES TO DOCUMENT REQUESTS

1  Court, oral argument at the time of the hearing, and upon such further matters that the

2  Court may consider in ruling of this Motion.

3

4  Dated:  August 29, 2025           By:    */s/ Bryan M. Sullivan*
                                            BRYAN M. SULLIVAN (State Bar No.
5                                           209743)
                                            bsullivan@earlysullivan.com
6                                           ZACHARY C. HANSEN (State Bar No.
                                            325128)
7                                           zhansen@earlysullivan.com
                                            EARLY SULLIVAN WRIGHT GIZER
8                                           & McRAE LLP
                                            6420 Wilshire Boulevard, 17th Fl.
9                                           Los Angeles, California 90048
                                            Telephone: (323) 301-4660
10                                          Facsimile: (323) 301-4676

11                                          Richard A. Harpootlian, *pro hac vice*
                                            rah@harpootlianlaw.com
12                                          Phillip Barber, *pro hac vice*
                                            pdb@harpootlianlaw.com
13                                          RICHARD A. HARPOOTLIAN, PA
                                            1410 Laurel Street
14                                          Columbia, South Carolina 29201
                                            Telephone: (803) 252-4848
15                                          Facsimile: (803) 252-4810

16                                          *Attorneys for Plaintiff Robert Hunter
                                            Biden*

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

On July 30, 2025, as sanctions for misconduct by Defendant Patrick M. Byrne ("Defendant"), the Court permitted Plaintiff Robert Hunter Biden ("Plaintiff") to conduct discovery into Defendant's financial condition and net worth. This order was further confirmed in the Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (the "August 5 Order") in which the Court further ordered that: (i) "Defendant must respond to any written discovery requests from Plaintiff within fourteen (14) days"; and (ii) "After Defendant provides substantive responses to Plaintiff's written discovery requests, Plaintiff is entitled to conduct Defendant's deposition within ten (10) days after receiving Defendant's substantive responses to Plaintiff's written discovery requests."

Relying on, and pursuant to the August 5 Order providing that Defendant's former counsel was not relieved as counsel until Defendant provided contact information to Plaintiff, on August 6, 2025, Plaintiff served Plaintiff's Fifth Set of Document Requests (the "Document Requests") seeking information related to Defendant's financial condition. Pursuant to the August 5 Order, Defendant was required to respond to the Document Requests by August 20, 2025 and his deposition was to occur no later than August 30, 2025. However, Defendant has not responded to the Document Requests, which failure to respond has obstructed Plaintiff's ability to depose Defendant. Accordingly, pursuant to Rule 37, Plaintiff requests an order compelling Defendant to respond to the Document Requests without objection within seven (7) days hereof and schedule Defendant's deposition to occur within ten (10) days thereafter.

In the alternative, Defendant requests that the Court sanction Defendant for his intentional failure to respond to the Document Requests, which has obstructed these proceedings. The Court has the authority to impose sanctions for Defendant's conduct under its inherent power or pursuant to Rule 37 of the Federal Rules of Civil Procedure.

*EX PARTE* APPLICATION FOR AN ORDER COMPELLING RESPONSES TO DOCUMENT REQUESTS

1    *See Williams v. City of Long Beach*, 2021 WL 9314952, *3-4 (C.D.Cal. 2021)

2    ("Whether exercising its inherent power, or acting pursuant to [Federal Rule of Civil

3    Procedure] 37, a district court has wide discretion in sanctioning a party for discovery

4    abuses."   Rule 37(d)(1)(A)(ii) provides that "[t]he court where the action is pending

5    may, on motion, order sanctions if ... a party, after being properly served with

6    interrogatories under Rule 33 or a request for inspection under Rule 34, fails to serve

7    its answers, objections, or written response."

8        Sanctions may include "directing that the matters embraced in the order or other

9    designated facts be taken as established for purposes of the action, as the prevailing

10   party claims," a sanction which courts may award in the form of an adverse jury

11   instruction. *See Williams v. City of Long Beach*, 2021 WL 9314952, *3-4 (citing *Jenson*

12   *v. BMW of North Am., LLC*, 331 F.R.D. 384, 386 (S.D. Cal. 2019) (issuing limited

13   adverse inference instruction based on defendant's failure to timely produce emails

14   requested during discovery); *see, e.g.*, *Eureka Financial Corp. v. Hartford Accident &*

15   *Indem. Co.*, 136 F.R.D. 179, 186 (E.D. Cal. 1991) ("[N]egligent failures to allow

16   reasonable discovery may establish cause for imposing sanctions under Rule 37").  The

17   degree of harshness should be dictated by the nature of the offending party's conduct-

18   the more egregious the conduct, the more harsh the sanction.  *Apple Inc. v. Samsung*

19   *Electronics Co., Ltd.*, 881 F.Supp.2d 1132, 1149 (N.D.Cal. 2012) (*Pension Comm. of*

20   *Univ. of Montreal Pension Plan v. Banc of Am. Sec. LLC,* 685 F.Supp.2d 456, 470

21   (S.D.N.Y.2010)).

22       Defendant's conduct in failing to respond to the Document Requests seeking

23   information of Defendant's net worth and financial condition and in generally

24   obstructing Plaintiff's efforts to obtain discovery has severely prejudiced Plaintiff, who

25   otherwise would have this information that the Court ordered Defendant to provide to

26   Plaintiff and would be ready for the October 15, 2025 trial date.  Accordingly, an

27   appropriate remedy is that the Court instruct the jury that Defendant has the ability to

28   pay a punitive damages award of millions of dollars.

1    For the foregoing reasons, the Court should order Defendant to respond to the
2   Document Requests producing documents relating to his net worth and financial
3   condition.  In the alternative, the Court should sanction Defendant by instructing the
4   jury that Defendant has the ability to pay a punitive damages award of millions of
5   dollars.

6

7   Dated:  August 29, 2025          By:    */s/ Phillip D. Barber*
                                            Richard A. Harpootlian, *pro hac vice*
8                                           rah@harpootlianlaw.com
                                            Phillip Barber, *pro hac vice*
9                                           pdb@harpootlianlaw.com
                                            RICHARD A. HARPOOTLIAN, PA
10                                          1410 Laurel Street
                                            Columbia, South Carolina 29201
11                                          Telephone: (803) 252-4848
                                            Facsimile: (803) 252-4810

12                                          BRYAN M. SULLIVAN (State Bar No.
                                            209743)
13                                          bsullivan@earlysullivan.com
                                            ZACHARY C. HANSEN (State Bar No.
14                                          325128)
                                            zhansen@earlysullivan.com
15                                          EARLY SULLIVAN WRIGHT GIZER
                                            & McRAE LLP
16                                          6420 Wilshire Boulevard, 17th Fl.
                                            Los Angeles, California 90048
17                                          Telephone: (323) 301-4660
                                            Facsimile: (323) 301-4676
18

19                                          *Attorneys for Plaintiff*
                                            *Robert Hunter Biden*
20
    5819282.1
21

22

23

24

25

26

27

28

1

## **DECLARATION OF BRYAN M. SULLIVAN**

2

I, Bryan M. Sullivan, declare and state as follows:

3    1.    I am a Partner within the law firm of Early Sullivan Wright Gizer &
4 McRae LLP, attorneys of record for Plaintiff Robert Hunter Biden ("Plaintiff") herein.
5 I submit this declaration in support of Plaintiff Robert Hunter Biden's *Ex Parte*
6 Application For An Order Compelling Responses To Document Requests Or, In The
7 Alternative, For Sanctions Against Defendant Patrick M. Byrne.  If called as a witness,
8 I would and could testify to the matters contained herein.

9    2.    On July 30, 2025, as sanctions for misconduct by Defendant Patrick M.
10 Byrne ("Defendant"), the Court permitted Plaintiff to conduct discovery into
11 Defendant's financial condition and net worth.  This order was further confirmed in the
12 Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial;
13 And Reopening Limited Discovery For Plaintiff (the "August 5 Order") in which the
14 Court further ordered that: (i) "Defendant must respond to any written discovery
15 requests from Plaintiff within fourteen (14) days"; and (ii) "After Defendant provides
16 substantive responses to Plaintiff's written discovery requests, Plaintiff is entitled to
17 conduct Defendant's deposition within ten (10) days after receiving Defendant's
18 substantive responses to Plaintiff's written discovery requests."

19    3.    Relying on, and pursuant to the August 5 Order providing that Defendant's
20 former counsel was not relieved as counsel until Defendant provided contact
21 information to Plaintiff, on August 6, 2025, I caused to be served Plaintiff's Fifth Set
22 of Document Requests (the "Document Requests") seeking information related to
23 Defendant's financial condition.  Pursuant to the August 5 Order, Defendant was
24 required to respond to the Document Requests by August 20, 2025 and his deposition
25 was to occur no later than August 30, 2025.  However, Defendant has not responded to
26 the Document Requests, which failure to respond has obstructed Plaintiff's ability to
27 depose Defendant.

28

1    I declare under penalty of perjury under the laws of the United States of America

2    that the foregoing is true and correct.  Executed on this 25th day of August, 2025, at

3    Roanoke, Virginia.

4

5

6                                              */s/ Bryan M. Sullivan*
                                              Bryan M. Sullivan
7

8    5821138.1

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*EX PARTE* APPLICATION FOR AN ORDER COMPELLING RESPONSES TO DOCUMENT REQUESTS