UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Daniel Tamayo | | CourtSmart |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:** ORDER TO SHOW CAUSE WHY DEFENDANT PATRICK BYRNE SHOULD NOT BE SANCTIONED OR HELD IN CIVIL CONTEMPT

### I.   Introduction

The Court hereby orders Patrick Byrne, Defendant, to show cause why additional sanctions should not be entered for failure to comply with discovery, and why Defendant should not be held in civil contempt for violation of multiple court orders.

Before issuing a formal finding of contempt and imposing further sanctions, the Court issues this order to show cause so that Defendant may have notice and an opportunity to be heard on the matter.

### II.   Background

This defamation case was filed November 8, 2023, and was originally scheduled for trial on July 29, 2025. In the case's early stages, Defendant Patrick Byrne retained various lawyers, appointing and terminating attorneys Nabil Abu-Assan, Douglas P. Roy, Daniel Corren, Michael Smith, Scott James Street, and John Howard. ECF Nos. 17, 18, 19, 24, 33, 34, 68, and 74. Defendant also retained attorney Peter Ticktin during this period, though attorney Ticktin's application to appear pro hac vice was later, retroactively denied. ECF Nos. 278, 307. From September 17, 2024, until trial, through most pre-trial

:

Initials of Preparer   DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | August 28, 2025 |
|---|---|---|---|

| Title | *Robert Hunter Biden v. Patrick M. Byrne* |
|---|---|

proceedings, Defendant's lead trial attorney was Michael Murphy. *See* ECF No. 68. However, on the morning of trial, Defendant terminated Mr. Murphy without warning, delaying proceedings at the expense of Plaintiff and this Court. Defendant initially attempted to replace Mr. Murphy with three new lawyers: Eric Neff, Tom Yu, and Stefanie Lynn Lambert Junttila. ECF Nos. 290, 291, 292. Ms. Lambert was not a member of the California Bar, and her application to appear pro hac vice could not be granted due to her recent history of unethical conduct, which gave the Court reason to doubt she would abide by the Court's rules and practices. ECF No. 295. When Defendant learned that Ms. Lambert was not qualified to represent him in this case, Defendant also instructed Mr. Neff and Mr. Yu to remove themselves. ECF No. 311.

Moreover, Defendant himself, now unrepresented, failed to appear at trial. Accordingly, the Court issued an order to show cause why it should not enter default judgment and ordered the parties to return the next day. At that hearing, on July 30, 2025, Defendant again failed to appear. Mr. Yu, who was not authorized to represent Defendant at trial, argued on Defendant's behalf for a continuance, in lieu of default judgment. *See* ECF No. 307. After hearing arguments, the Court weighed relevant public interest factors, declined to issue default judgment, and instead allowed a continuance until October 14, 2025, so that Defendant could retain counsel. *Id.* Moreover, as a sanction for Defendant's conduct, the Court reopened limited discovery to allow Plaintiff to investigate Defendant's financial condition and correspondingly ordered Defendant to (1) provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents, and (2) respond to any written discovery requests from Plaintiff within fourteen days. *Id.* Furthermore, on August 14, 2025, the Court set a status conference for August 18, 2025, and ordered Defendant to appear *personally*. ECF No. 318. To ensure Defendant had actual notice, the Court sent copies of the above orders to Defendant's current, active email address, as confirmed by Mr. Murphy, Defendant's erstwhile attorney.[1]

---

[1] Mr. Murphy furnished this Court with Defendant's active email address within days of serving as Defendant's counsel of record. Moreover, Defendant is a highly educated, sophisticated litigant, with pending lawsuits in two other district courts. Defendant's active engagement in replacing counsel in these proceedings also demonstrates Defendant's particular attentiveness to this case. These facts militate to establish that Defendant was actually and timely made aware of these orders.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

However, in direct violation of the Court's order from July 30, Defendant has provided neither email nor physical address to Plaintiff and remans unresponsive to Plaintiff and the Court. *See* ECF No. 327 ("Appl.") at 3:9-11. This behavior by Defendant has hindered Plaintiff's attempts to conduct the court-ordered limited discovery. Moreover, at the status conference on August 18, 2025, Defendant again failed to personally appear, in direct violation of the Court's order. ECF No. 326.

### III. Discussion

Considering Defendant's pattern of dilatory behavior, failure to comply with discovery, and repeated violations of court orders, the Court now considers further sanctions.

#### A. Sanctions for Failure to Comply with Discovery

The Federal Rules of Civil Procedure ("FRCP") mandate that all parties comply with discovery. *See* Fed. R. Civ. P. 37. As such, when a party fails to obey an order to provide or permit discovery, the court where the action is pending may issue further orders, including: (1) directing that designated facts be taken as established for purposes of the action, (2) prohibiting the disobedient party from supporting or opposing designated claims or defenses, (3) striking pleadings in whole or in part, (4) staying further proceedings, (5) dismissing the action in whole or in part, (6) rendering a default judgment against the disobedient party, or (7) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. Fed R. Civ. P. 37(b)(2)(A).

In the August 5 order, this Court sanctioned Defendant for dilatory conduct at trial by reopening limited discovery for Plaintiffs. ECF No. 311. However, despite adequate notice, Defendant has reportedly ignored this sanction and failed to respond to Plaintiff's requests, furnish Plaintiff with current mailing and email addresses to efficiently administer the process, or otherwise comply with the ordered discovery. *See* Appl. at 3:9-11. Therefore, the court may, in its discretion, issue further orders pursuant to FRCP Rule 37, including prohibiting Defendant from arguing that Plaintiff has insufficient evidence to sustain a

:

Initials of Preparer      DT

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

punitive damages award[2] or rendering a default judgment against Defendant. In fairness to Defendant, this Court offers him an opportunity to show cause why the Court should not promptly take such action.

### B. Civil Contempt for Violation of Court Orders

It is well-established that "courts have inherent power to enforce compliance with their lawful orders through civil contempt." *Spallone v. United States*, 493 U.S. 265, 276 (1990) (quoting *Shillitani v. United States*, 384 U.S. 364, 370 (1966)). The contempt power is necessary to protect a court's ability to prevent the disruption of its proceedings and to enable it to enforce its judgments and orders. *Young v. United States*, 481 U.S. 787, 798 (1987). As such, a party may be held in civil contempt when it "fail[ed] to take all reasonable steps within [its] power to comply [with a specific and definite court order]." *Id*. (quoting In re Dual–Deck Video Cassette Recorder Antitrust Litig., 10 F.3d 693, 695 (9th Cir. 1993).

The distinction between civil and criminal contempt looks to the "character and purpose" of the sanction imposed. *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441 (1911); *Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1110 (9th Cir. 2005). Criminal contempt is punitive and is imposed to "vindicate the authority of the court." *Gompers*, 221 U.S. at 441. In contrast, civil contempt has a remedial purpose. *Id*. Unlike criminal contempt, civil contempt contains no willfulness requirement. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949). However, a finding of civil contempt must be supported by clear and convincing evidence. *In re Dyer*, 32 F.3d 1178, 1190-91 (9th Cir. 2003).

Defendant Byrne appears to have failed to take all reasonable steps within his power to comply with two specific and definite orders issued by this court. First, Defendant—after terminating all his attorneys without warning on the day of trial—failed to comply, despite notice, with an order for sanctions

---

[2] The purpose for granting limited discovery as a sanction was to allow Plaintiff to cure evidentiary gaps as to Defendant's financial condition. This was conceived in response to the Court's concern that Plaintiff's evidence on this issue may be insufficient to sustain the sought award for punitive damages. *See* ECF No. 311 at 9; *see also Baxter v. Peterson,* 150 Cal. App. 4th 673, 692 (2007) (reversing a punitive damages award because while "the record show[ed] that [the defendant own[ed] substantial assets, it [was] silent with respect to her liabilities," and thus the record was "insufficient for a reviewing court to evaluate [the defendant's] ability to pay $75,000 in punitive damages." Prohibiting Defendant from arguing insufficient evidence on this issue would therefore likely be an appropriate sanction for Defendant's failure to comply with the discovery.

| | : |
|---|---|
| Initials of Preparer | DT |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-09430-SVW-PD | Date | August 28, 2025 |
|---|---|---|---|
| Title | *Robert Hunter Biden v. Patrick M. Byrne* | | |

that required Defendant provide Plaintiff with an email or physical address for service of documents and respond to written discovery requests from Plaintiff within fourteen days. ECF No. 307. Furthermore, Defendant violated a court order when he failed appear personally at a hearing held on August 18, 2024, despite a specific and definite order to do so and actual notice thereof. ECF No. 318. No evidence has been put before the court to indicate that Defendant attempted to respond to Plaintiff's discovery requests, attempted to furnish addresses to Plaintiff, or attempted to appear personally at the hearing on August 18. At this stage, it appears to this court by clear and convincing evidence that Defendant has failed to take all reasonable steps to comply with the Court's orders and may therefore be held in civil contempt. Defendant's violations and dilatory conduct have hindered the efficient resolution of this case, inconvenienced this Court, and burdened Plaintiff with unnecessary expense. *See e.g.,* ECF No. 328 (Plaintiff outlines the costs of Defendant's failure to appear at trial).

It is therefore apparently within the Court's discretion to fashion remedial relief, provided it is the least coercive sanction reasonably calculated to win compliance with its orders. *See U.S. v. Flores*, 628 F.2d 521, 527. This may include the application of substantial monetary sanctions on Defendant for each day he fails to respond to Plaintiff's discovery requests or appear personally before the court. However, considering Defendant's alleged wealth and in light of the fact that Defendant has failed to make even one personal appearance before this Court, this Court may well calculate that a bench warrant for Defendant's arrest is the only reasonable mechanism for ensuring that Defendant appears as ordered. Otherwise, if the above sanctions prove ineffective, default judgment in favor of Plaintiff may be appropriate as a last resort. In fairness to Defendant, this Court offers a final opportunity for Defendant to show cause why the Court should not promptly take such action.

### IV. Conclusion

For the foregoing reasons, Defendant Byrne is ORDERED within 14 days to show cause why the Court should not issue sanctions against him and hold him in civil contempt. **The Court VACATES the September 8, 2025, Order to Show Cause hearing.**

IT IS SO ORDERED.

:

Initials of Preparer        DT