Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S *EX PARTE* APPLICATION FOR A BENCH WARRANT FOR THE ARREST OF DEFENDANT PATRICK M. BYRNE; AFFIDAVIT OF EMILY A. DALE**<br><br>Complaint Filed: November 8, 2023<br>Trial Date: October 14, 2025 |

**PLAINTIFF'S *EX PARTE* APPLICATION FOR A BENCH WARRANT FOR DEFENDANT'S ARREST**

1   **PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden, by and through his attorneys of record, hereby applies *Ex Parte* to this Court for the issuance of a bench warrant for the arrest of Defendant Patrick M. Byrne for failure to comply with the Court's Order dated August 29, 2025 (ECF No. 330).  Notice cannot be given to Defendant because he is unrepresented by counsel and has failed to provide his contact information to Plaintiff as ordered by the Court and as required by the Court's Local Civil Rules and has been non-responsive to Court orders.

Dated:  September 13, 2025

RICHARD A. HARPOOTLIAN, PA

By:  */s/ Richard A. Harpootlian*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff
Robert Hunter Biden*

## **MEMORANDUM OF POINTS AND AUTHORITIES**

On August 29, 2025, the Court issued the Order to Show Cause Why Defendant Patrick Byrne Should not be Sanctioned or Held in Civil Contempt, ECF No. 33) (the "Order"), in which the Court stated, "[b]efore issuing a formal finding of contempt and imposing further sanctions, the Court issues this order to show cause so that Defendant may have notice and an opportunity to be heard on the matter." (Order at 1.) The Court noted that Defendant has directly violated previous orders dated July 30, 2025, and on August 14, 2025, and that "it appears to this court by clear and convincing evidence that Defendant has failed to take all reasonable steps to comply with the Court's orders and may therefore be held in civil contempt." (*Id.* at 5.) "Defendant's violations and dilatory conduct have hindered the efficient resolution of this case, inconvenienced this Court, and burdened Plaintiff with unnecessary expense." (*Id.*) The Court set a deadline and suggested that an arrest warrant might issue if Defendant ignored the Order.

Defendant has ignored the Order as he has with the Court's other prior orders. The Court has previously indicated that it is satisfied Defendant has received notice of its orders. (Order at 2 n.1.) Additionally, Plaintiff has undertaken extensive efforts to provide notice of the Order through Defendant's X formerly Twitter) account, which Defendant publicly stated he uses daily and is the best way to contact him and which Defendant authenticated at his deposition. (*See* Affidavit of Emily A. Dale (attached as **Exhibit A**).) Other federal courts in California have held such action is sufficient to effect service of process of overseas defendants. Order Granting Motion to Serve Process by Alternative Means, *St. Francis Assisi v. Kuwait Finance House, et al.*, 3:16-cv-3240-LB (N.D. Cal Sept. 30, 2016), ECF No. 10. Logically then that should also suffice to give actual notice of an order to a party already joined in the action.

The present issue is that Defendant refuses to obey the orders of the Court. Entry of a monetary sanction or default judgment would not obviate the need for the Court to use its coercive powers to enforce its orders in this case because Defendant is a billionaire who ignores court orders while concealing his assets overseas or in

3
**PLAINTIFF'S *EX PARTE* APPLICATION FOR A BENCH WARRANT FOR DEFENDANT'S ARREST**

cryptocurrencies specifically created to evade governmental authority and who flouts this Court's authority. The appropriate sanction is to force Defendant to appear and defend (or confess) the case on the merits. *See Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible."). The Court has repeatedly ordered Defendant to appear, and Defendant has repeatedly ignored the Court. Plaintiff therefore respectfully requests that the Court compel Defendant to appear by issuance of a bench warrant. *Rob Kolson Creative Productions, Inc. v. Stander*, 2020 WL 4334116, at *8 (C.D. Cal. May 20, 2020) (citing *Perry v. O'Donnell*, 759 F.2d 702, 706 (9th Cir. 1985) ("In addition to ordering monetary sanctions, the court's civil contempt authority includes the power to issue a bench warrant for the contemnor's arrest.")). If Defendant does not arrange to appear in the courtroom to surrender to the warrant, Plaintiff requests the U.S. Marshals Service take and hold him in custody until he can be presented in person before the Court.

When Defendant appears before the Court, the Court would instruct Defendant how he may purge the contempt and be released. While that is a matter for the Court's discretion, Plaintiff has suggested requiring Defendant to bond the case would be an appropriate method of purging his contempt. (ECF No. 327.)

Dated: September 13, 2025

RICHARD A. HARPOOTLIAN, PA

By: */s/ Richard A. Harpootlian*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)

4
**PLAINTIFF'S *EX PARTE* APPLICATION FOR A BENCH WARRANT FOR DEFENDANT'S ARREST**

zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff*
*Robert Hunter Biden*