TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Defendant **PATRICK M. BYRNE**

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff<br><br>v.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant | Case No.: 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**DECLARATION OF PETER TICKTIN IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT**<br><br>Date: April 13, 2026<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A |

Pursuant to 28 U.S. Code § 1746, Peter Ticktin, (hereinafter referred to as the "DECLARANT"), states as follows:

1. I am over the age of eighteen (18) and competent to testify to the matters set forth herein.

2. I am an attorney licensed to practice law in the State of Florida.

3. I briefly represented the Defendant, Patrick Byrne (also referred to in this Declaration as "Dr. Byrne"), in this defamation action brought by Plaintiff Hunter Biden.

1

**DECLARATION OF PETER TICKTIN IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE**
**2:23-CV-09430-SVW-PD**

4. On July 24, 2025, my application to appear *pro hac vice* (my "Application") in this case was granted. Dk. 278.

5. On July 30, 2025, the Court retroactively denied my *pro hac vice* admission. Dk. 307.

6. On July 30, 2025, I was removed from the Court's ECF system related to this Case. Upon my removal, I stopped receiving notices of the filings of the parties and orders issued by the Court.

7. I was unaware of the various filings, orders, and notices from the Court in this case because I was removed from ECF notice following the retroactive denial of my Application. Even if I had received notices from the Court during the period in which I was not authorized to appear, I could not provide legal advice in this case without risking unauthorized practice of law.

8. The Court's retroactive denial of my Application on July 30, 2025, occurred without giving me an opportunity to respond. Further, at the time of the filing of Plaintiff's *Ex Parte* Motion re Reconsideration of my Application, Docket Entry 279, I was engaged in a trial in in trial in *GS Holistic LLC v. A Z Vapor Inc et al.*, Civil Case No. 2:23-cv-00742-PP, in the United States District Court for the Eastern District of Wisconsin. In the event my Application was not rescinded by the Court, I had planned to be in California to serve as Dr. Byrne's attorney in this Case, and I had made the necessary arrangements with attorneys and staff from my firm to permit me to do so in the event the Court upheld its original approval of my Application.

9. Thereafter, I took prompt action to appeal the removal. On September 15, 2025, I filed a Notice of Motion and Motion to Stay this Case pending an appeal of the denial of my Application to the United States Supreme Court that was filed in the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") on September 15, 2025. While I intended to seek a stay more quickly, I was unable to do so sooner due to

the lack of an attorney admitted and available to practice in the Ninth Circuit who was familiar the procedures and steps that needed to be taken there.

10. After my removal from ECF notice on July 30, 2025, pending the appeal of the denial of my Application, I understood that I could not engage in the unauthorized practice of law in California, and I did not provide legal advice or perform legal services that would constitute unauthorized practice of law during any period in which I was not authorized to appear related to this Case.

11. During this time, given the concern that I was not authorized to practice law in California, I was not in direct or regular communication with the Dr. Byrne regarding this Case.

12. To address the need for authorized representation, I hired a new attorney, Roger Roots, to my law firm for the express purpose of having counsel available for Ninth Circuit-related work, including filing the appeal of the denial of my Application.

13. The circumstances described above contributed to delays and impediments in promptly responding to developments in this case, including matters relating to the entry of default against Dr. Byrne.

14. I submit this Declaration to provide the Court with the factual context regarding my admission and subsequent retroactive removal pro hac vice, the resulting interruption in representation and notice, and the steps taken to secure properly authorized counsel, all as relevant to Dr. Byrne's request that the Court vacate the Default.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. Executed on February 19, 2026, at Deerfield Beach, Florida.

*Peter Ticktin*
Peter Ticktin (Feb 20, 2026 08:00:19 EST)
_____
Peter Ticktin

3
**DECLARATION OF PETER TICKTIN IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE**
2:23-CV-09430-SVW-PD