TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Defendant **PATRICK M. BYRNE**

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff<br><br>v.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant | Case No.: 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**DECLARATION OF PATRICK M. BYRNE IN SUPPORT OF DEFENDANT'S NOTICE OF MOTION AND MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT**<br><br>Date: April 13, 2026<br>Time: 1:30 p.m.<br>Dept.: Courtroom 10A |

Pursuant to 28 U.S. Code § 1746, I, Patrick M. Byrne, (hereinafter referred to as the "Declarant"), declare as follows:

1. I am the named Defendant and party to Case No.: 2:23-cv-09430-SVW-PD (this "Case"), currently pending in the United States District Court for the Central District of California.

2. I am over the age of eighteen (18) and competent to testify to the matters set forth herein.

3. I make this declaration based on my personal firsthand knowledge and in support of the Declarant's Motion to Vacate Entry of Clerk's Default and Default Judgment (the "Motion") in the above-captioned matter.

1

A. **After Terminating Attorney Michael C. Murphy ("Mr. Murphy") on July 29, 2025, Declarant Stopped Receiving Service Of Filings In This Case**

4. On July 29, 2025, I terminated the services of my prior attorney, Mr. Murphy for several reasons constituting good cause including: complete lack of preparation for trial; concerns from my trial consultants related to Mr. Murphy's associate arriving to the trial courtroom with a "Free Palestine" worn on her lapel; radical strategy changes from Mr. Murphy in the 48 hours before trial (including that I should not appear for trial); etc. Such changes crystalized my growing suspicions at the time that Mr. Murphy was trying to "throw the fight" regarding the July 29, 2025, trial.

5. After Mr. Murphy was terminated, I stopped receiving notices and documents from the Case that would have been served to Mr. Murphy through the Court's ECF filing system.[1]

6. I later learned that, although Mr. Murphy stopped receiving ECF notices, he was not removed as counsel of record at that time, and I further learned that other attorneys associated with Mr. Murphy's office including Carmen Rosa Selame and/or another associate I never met, remained listed and continued receiving ECF notices for the firm through at least January 2026, and was also not ordered removed as counsel by the Court.

7. Concurrent with Mr. Murphy's termination and removal from ECF service, my chosen attorney, Peter Ticktin's ("Mr. Ticktin's"), approved *pro hoc vice* application (Mr. Ticktin's "Application") was denied. I am informed and thereon believe that Mr. Ticktin was also removed from ECF service on July 30, 2025, concurrent with the retroactive denial of his Application. This denial followed the denial of the *pro hoc vice* application of my other attorney of choice, Ms. Stefanie Lambert ("Ms. Lambert"), who I am informed and thereon believe was never added to ECF service.

---

[1] Mr. Murphy noted that he stopped receiving ECF notices on July 30, 2025. Dkt. 317, PgID. 7765.

2
DECLARATION OF PATRICK M. BYRNE IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE THE
ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT     2:23-CV-09430-SVW-PD

8. When I terminated Mr. Murphy, and after both of my attorneys of choice were denied their respective Applications, I believed that notices from the Court and filings from Plaintiff would be served directly on me. At the time I terminated Mr. Murphy, I informed him in writing that I did not trust him, he was not authorized to speak on my behalf or accept service on my behalf, and that I was in fact blocking his email and phone to remove any ambiguity.

9. Given I had terminated Mr. Murphy, and given both of my attorneys of choice, Mr. Ticktin and Ms. Lambert, were denied their Applications, I immediately began the process of appealing the denial of the Applications via a Writ of Mandamus (the "Appeal").

10. To that end, I retained attorney Roger Roots ("Mr. Roots") for the purposes of representing me related to the Appeal.

11. Moreover, after retaining Mr. Roots for the Appeal, I believed that no action was necessary on my part related to this Case given it was my understanding Mr. Roots had provided notice to both Plaintiff's Counsel and this Court that he was my attorney related to the Appeal. I was unaware at that time that Mr. Roots was also not registered in the Court's ECF system related to this case and was therefore not receiving ECF notice related to this Case.

12. Further, it was also my understanding that from the filing of the Appeal with the Court of Appeals for the Ninth Circuit on September 15, 2026, that this Case was stayed pending the Appeal.

13. I now understand that despite my terminating Mr. Murphy unambiguously in writing, including informing him that I forbade him to speak for me as a client nor receive notice on my behalf, and was in fact blocking his communications to that end, Mr. Murphy continued to be counsel of record for some period after he stopped receiving ECF notices, and that my belief that notices would reach me directly or through Mr. Roots was mistaken.

14. Had I been aware of the Court's various orders and the various filings made

3

DECLARATION OF PATRICK M. BYRNE IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT    2:23-CV-09430-SVW-PD

in this Case, I would have fully complied with the Court's various orders concerning making personal appearances and defended against the various motions and pleadings filed by Plaintiff that led to the entry default.

**B.     Declarant Never Received Notice Or Documents The Court Attempted To Deliver To Him**

15.     Further, I have become aware that in its Minute Order re OSC Sanctions and Contempt, the Court noted it had sent copies of Docket Entries 307 and 318 to an email address provided to the Court and allegedly verified by Mr. Murphy. Dkt. 330, Pg.ID 7844. While I do not question that the court attempted to send such items to me, I never received such correspondence to any of my email accounts.

16.     Further, after being made aware of the Court's attempts to serve such documents, I have gone back and diligently searched my emails accounts and various folders, and can find no such correspondence or documents ever delivered to my accounts from the Court. Notwithstanding, the Court did not identify in its order which email account it attempted to serve.

17.     It was not until I retained Mr. Tyler that I became aware of the status of the Default Hearing in my Case and the various motions, orders, and pleadings underlying it.

**C.     Declarant Actively Defended His Case From The Start**

18.     From the initial filing of the Complaint in this Case, I have actively taken steps to defend it. Such steps include, but are not limited to, filing an Answer to the Complaint, propounding and responding to various discovery, being deposed by Plaintiff, attending the deposition of Plaintiff, filing a Motion for Summary Judgment, and more.

19.     Further, from the time Mr. Murphy was terminated and the Applications of Mr. Ticktin and Ms. Lambert were denied, I diligently searched for new counsel to represent me in this case. This search was complicated and took longer than expected given the subject matter of the Case and the public profile of the parties involved. My

4

DECLARATION OF PATRICK M. BYRNE IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT            2:23-CV-09430-SVW-PD

consultants spoke with multiple California attorneys who were unwilling to take the Case on, before finding and contacting Mr. Roots and Mr. Tyler.

**D. Declarant Has Taken Proactive Steps To Defend His Case Since Becoming Aware Of The Entry Of The Clerk's Default And Declarant Will Make Himself Available To Appear *Pro Se* If Necessary To Defend His Case At Trial**

20. I now feel apprised of what has taken place in this case, and I respectfully request the court to allow this case to proceed to trial on the merits. I respectfully request the court allow me to try this case myself if Mr. Tyler is not permitted to do so (there are no conflicts that would interfere with my ability to do so for the remainder of 2026, and I am eager to do so).

21. I respectfully submit this affidavit in support of my Motion to Vacate the Entry of Clerk's Default and subsequent Default Judgment entered against me.

I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct.

Executed on February 19, 2026, at   Tiftin, Georgia                              .

*Patrick M. Byrne*
Patrick M. Byrne