Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S NOTICE OF MOTION AND MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT PATRICK M. BYRNE**<br><br>[*Declaration of Zachary C. Hansen; and [Proposed] Order filed and served concurrently herewith*]<br><br>Date: April 13, 2026<br>Time: 1:30 p.m.<br>Ctrm.: 10A<br><br>Judge: Hon. Stephen V. Wilson |

**PLAINTIFF'S MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT**

**PLEASE TAKE NOTICE** that Plaintiff Robert Hunter Biden ("Plaintiff"), by and through his attorneys of record, on April 13, 2026 at 1:30 p.m., in Courtroom 10A of the above entitled Court, Plaintiff will and hereby does move for an order enforcing the Court's September 29, 2025 Order (ECF No. 341) ("Sanctions Order") awarding monetary sanctions against Defendant Patrick M. Byrne ("Defendant") in the amount of $34,969.20, which represents the costs for travel, accommodation, and meals for Plaintiff's counsel to travel from their various locations to Los Angeles, California for the July 29, 2025 trial. Substantial good cause exists for the Court to enforce the Sanctions Order, as set forth in detail in the Court's August 5, 2025 Order Declining To Grant Default Judgment; Continuing Trial; And Reopening Limited Discovery For Plaintiff (the "August 5 Order"), this Court recognized in the August 5 Order, "Defendant's delay of trial likely caused Plaintiff to incur significant legal costs" and this Court invited Plaintiff to make this motion for sanctions. Moreover, despite notice of the Sanctions Order and written requests to Defendant to pay the sanctions award, Defendant has refused in violation of this Court's Orders and to date has not made any arrangements to satisfy that award.

On January 28, 2026, counsel for Plaintiff sent an email to Robert Tyler, Defendant's counsel of record, as required by the Central District of California Local Rules informing Mr. Tyler of the grounds for this Motion. *See* Declaration of Zachary C. Hansen ("Hansen Decl."), ¶2, Ex. A. Thereafter, on March 10, 2026, Plaintiff's counsel and Defendant's counsel conducted a telephonic meet and confer conference in which Plaintiff's counsel reiterated their intent to move to enforce the Sanctions Order if Defendant's counsel did not confirm Defendant's intent to obey that order and pay the sanctions award by March 13, 2026. Hansen Decl., ¶2. Having not received any confirmation from Defendant's counsel in this regard, Plaintiff hereby files the instant Motion to Enforce the Sanctions Order.

///

///

This Motion is based upon the accompanying Memorandum of Points and Authorities, the August 5 Order, the declaration of Zachary C. Hansen as well as all exhibits filed concurrently herewith, the pleadings and other documents on file with the Court, oral argument at the time of the hearing, and upon such further matters that the Court may consider in ruling of this Motion.

Dated: March 16, 2026                By: _____
BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

# **TABLE OF CONTENTS**

**Page**

I.　INTRODUCTION ................................................................................................6

II.　BACKGROUND .................................................................................................6

III.　ARGUMENT.....................................................................................................10

IV.　CONCLUSION ..................................................................................................12

# **TABLE OF AUTHORITIES**

**Page**

**CASES**

*Bessette v. W.B. Conkey Co.*,
  194 U.S. 324, 333 (1904) .................................................................................. 11

*Cahill v. Insider Inc.*,
  131 F.4th 933, 938 (9th Cir. 2025) .................................................................... 11

*Chambers v. NASCO, Inc.*,
  501 U.S. 32, 43, 111 S.Ct. 2123, (1991) ........................................................... 11

*Dietz v. Bouldin*,
  579 U.S. 40, 45 (2016) ...................................................................................... 11

*Goodyear Tire & Rubber Co. v. Haeger*,
  581 U.S. 101, 107, 137 S.Ct. 1178 (2017) ................................................. 10, 11

*Link v. Wabash R. Co.*,
  360 U.S. 626, 630-31 (1962) ............................................................................. 11

*Perry v. O'Donnell*,
  759 F.2d 702, 705 (9th Cir. 1985) ..................................................................... 11

*Roadway Express, Inc. v. Piper*,
  447 U.S. 752, 764–65, 100 S.Ct. 2455 (1980) .................................................. 10

*Young v. U.S. ex rel. Vuitton et Fils S.A.*,
  481 U.S. 787, 798 (1987) .................................................................................. 11

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Following Defendant Patrick M. Byrne's ("Defendant") misconduct at the July 29, 2025 trial which this Court characterized as "circus-like" and wasted the Court's time, that of the potential jurors for the trial, and rendered all of the costs that Plaintiff's trial team incurred to be present at trial useless, this Court on two separate occasions invited Plaintiff Robert Hunter Biden ("Plaintiff") to file a motion for monetary sanctions against Defendant. The Court made this invitation because, as the Court stated in its August 5, 2025 Order, "Defendant's delay of trial likely caused Plaintiff to incur significant legal costs." ECF No. 311  Indeed, on August 25, 2025, Plaintiff filed a motion seeking monetary sanctions in the amount of $34,969.20 against Defendant ("Sanctions Motion") for the costs associated with Plaintiff's legal team's travel to Los Angeles for the trial. ECF No. 328. On September 29, 2025, this Court granted Plaintiff's Sanctions Motion, awarding the full amount requested ("Sanctions Order"). ECF No. 341.

Since that time, despite notice of the Court's invitation to Plaintiff to file a monetary sanctions motion, Plaintiff's indications of his intent to file such a motion, the actual filing of the Sanctions Motion, and this Court's Sanctions Order, as well as requests to Defendant to satisfy the sanctions award, Defendant has refused and failed to do so. Accordingly, Plaintiff hereby moves this Court for an order enforcing the Sanctions Order (ECF No. 341) and to exercise its broad discretion to coerce compliance by setting a deadline for Defendant to satisfy the sanctions award in full, and then impose daily monetary fines until compliance after that deadline, hold Defendant in contempt, and/or issue whatever other remedies this Court deems appropriate to compel compliance.

## II. BACKGROUND

After months of delay and multiple pretrial conferences, jury selection and trial of this case was set to begin on July 29, 2025 and Plaintiff and his trial team were present

in the courtroom ready, willing and able to commence trial having traveled from the east coast for the trial. ECF No. 311; Declaration of Zachary C. Hansen ("Hansen Decl."), ¶3. But Defendant and his counsel since nearly the commencement of this action, Michael Murphy, were not present and neither was Peter Ticktin, whose *pro hac vice* application had been approved the previous week. ECF No. 311.

Instead, three new lawyers appeared for Defendant for the first time that day (ECF No. 311, p. 3): (i) Thomas Yu, whose practice focuses exclusively on defending law enforcement officers in lawsuits arising from the use of force or in disciplinary proceedings;[1] (ii) Eric Neff, formerly was a Los Angeles County prosecutor, who was placed on administrative leave and later left the District Attorney's office after bringing false charges against a Michigan-based company that makes software for election offices, which company obtained a $5 million settlement from Los Angeles County for that baseless prosecution;[2] and (iii) Stefanie Lambert, who has a history of misconduct and who is under felony indictment in Michigan, charged with computer crimes related to election tabulators, resulting in the Court denying her motion for admission *pro hac vice* (ECF No. 310).

Despite representing that they were all familiar with the case file, the Court noted that they were not very familiar with the case and later that day Mr. Yu informed the Court that, after the Court denied Ms. Lambert's application, Defendant informed Mr. Neff and Mr. Yu that they were not authorized to serve as lead trial counsel without Ms. Lambert and thus had to remove themselves from the case and asked for a trial continuance. ECF No. 311, p. 3. The Court noted, "This is really like a three-ring circus."[3] 7/29/2025 Transcript at 35:1.

---

[1] *See* https://www.tomyulaw.com/

[2] *See* https://www.nbclosangeles.com/investigations/la-county-pays-5-million-to-settle-alleged-baseless-prosecution-of-voting-software-provider/3319783/

[3] But the "circus" that occurred the morning of July 29, 2025, was not the first time Defendant engaged in misconduct in this case that has caused the trial in this case to be delayed. As set forth in detail in the November 22, 2024, Plaintiff Robert Hunter Biden's *Ex Parte* Application For An Order Granting Sanctions Against Defendant And/Or An Adverse Inference Instruction (ECF No. 151) (and the evidence submitted

The next day, following additional misconduct by Defendant, including once again failing to appear for trial either personally or through counsel, the Court was forced to continue the trial to October 14, 2025. *See* Hansen Decl., ¶4, Ex. B ("7/30/2025 Transcript") at 34:16-24. Additionally, in response to Plaintiff's counsel's statements about the significant travel costs Plaintiff incurred to have his legal team be present for trial, the Court invited Plaintiff to bring a motion for sanctions: "If you think that a further sanction is in order, make a motion … and I'll consider it." 7/30/2025 Transcript at 39:3-12. Defendant's terminated attorneys, Stephanie Lambert, Thomas Yu, and Eric Neff were all present in the courtroom when these foregoing statements by the Court were made. Hansen Decl., ¶4. The Court also ordered that Defendant's former attorney, Michael C. Murphy was required to provide Defendant with a copy of the July 30, 2025 proceeding. *See* 7/30/2025 Transcript at 37:16-21 ("I am directing Mr. Murphy to make sure that [Defendant] gets a copy of this proceeding, specifically my remarks").

Then on August 5, 2025, the Court found that "Defendant's conduct is worthy of sanction" because "Defendant defied a court order" for Defendant to appear in Court on July 30, 2025 at 9:30 a.m., and that Defendant delayed this case and did so without good reason." ECF No. 311, p. 7. Indeed, the Court stated that "Defendant's decisions—firing Mr. Murphy, choosing Ms. Lambert as his replacement, and dismissing Mr. Yu and Mr. Neff after her disqualification—reflect a cavalier attitude at best and bad faith at worst." ECF No. 311, pp. 6-7. In addition, the Court stated "that Defendant's delay of trial likely caused Plaintiff to incur significant legal costs" and invited Plaintiff to make the appropriate motion for monetary sanctions. ECF No. 311, pp. 9 and 11.

---

in support of both documents), from August 20, 2024, through the first Final Pre-Trial Conference in this matter on November 25, 2024, Defendant acted to frustrate Plaintiff's efforts to depose Defendant. Indeed, the Court said Defendant's reasons for the continuance and delaying the deposition were "fraudulent" and "fantastic without believability" and that they were "a fraud upon the Court."

|   |   |
|---|---|
| 1 | On August 25, 2025, Plaintiff filed his Sanctions Motion and served the same on |
| 2 | Defendant's former attorney, Michael C. Murphy.  ECF No. 328; Hansen Decl., ¶5, Ex. |
| 3 | C.  On August 28, 2025, the Court issued an Order to Show Cause in which the Court |
| 4 | acknowledged that Mr. Murphy furnished the Court with Defendant's active email |
| 5 | address "within days of serving as Defendant's counsel or record" and that "[t]o ensure |
| 6 | Defendant had actual notice, the Court sent copies of the [Court's] orders to Defendant's |
| 7 | active email address, as confirmed by Mr. Murphy[.]"  ECF No. 330.  On September |
| 8 | 29, 2025, this Court granted Plaintiff's Sanctions Motion and awarded $34,969.20 |
| 9 | against Defendant for the costs associated with Plaintiff's legal team's travel to Los |
| 10 | Angeles for the trial.  ECF No. 341.  On September 30, 2025, Defendant filed a Motion |
| 11 | for Stay Pending Appeal to the United States Supreme Court in the Ninth Circuit Court |
| 12 | of Appeals in which he admitted that his former attorney, Mr. Yu, was present in the |
| 13 | Courtroom for the September 29, 2025 hearing in which the Sanctions Order was issued, |
| 14 | and referenced the August 5, 2025 Order.  Hansen Decl., ¶6, Ex. D, ¶10. On October 8, |
| 15 | 2025, Defendant posted on X[4] referencing this Court's order disqualifying Stephanie |
| 16 | Lambert and Peter Ticktin as his attorneys, which occurred at the July 29 and July 30, |
| 17 | 2025 hearings.  Hansen Decl., ¶7.  Thereafter, on October 15, 2025, Defendant, through |
| 18 | his attorneys Stephanie L. Lambert and Peter Ticktin, filed a Motion for Stay of |
| 19 | Proceedings Pending Appeal to the U.S. Supreme Court that specifically referenced the |
| 20 | July 29, 2025 and August 5, 2025 proceedings.  ECF No. 347. |
| 21 | On January 15, 2026, Robert Tyler filed a notice of appearance on behalf of |
| 22 | Defendant.  ECF No. 362.  On January 21, 2026, counsel for both parties conducted a |
| 23 | telephonic meet and confer conference in which Defendant's counsel requested all prior |
| 24 | pleadings in this matter.  Hansen Decl., ¶2.  On January 28, 2026, Plaintiff's counsel |
| 25 | provided all prior pleadings to Defendant's counsel and also met and conferred via |
| 26 | email with Mr. Tyler and another attorney at his firm, Bradley Greenman, about the |
| 27 | |
| 28 | [4] https://x.com/patrickbyrne/status/1976014855800066386?s=46 |

Court's Sanctions Order and requested for him to confirm whether Defendant intended to comply with that order. Hansen Decl., ¶2, Ex. A. Mr. Greenman responded and said they planned to discuss the matter of the Sanctions Order with Defendant, but that they had not completed their review of the prior pleadings to sufficiently meet and confer on the sanctions issue. *Id*. On March 3, 2026, Defendant filed a Moton to Set Aside the Entry of Default and Default Judgment ("Motion to Set Aside"), in which Defendant acknowledged the sanctions order and stated "[t]hese sanctions sufficiently address any unfair prejudice to Plaintiff without the severe consequences of default judgment" and then in a footnote acknowledged that Defendant has not yet paid those sanctions. ECF No. 363 at 19:21-20:2, fn. 1. Defendant also submitted a Declaration of Bradley Greenman in support of the Motion to Set Aside, stating that their office "now possesses sufficient knowledge of the docket and filings related to the sanctions and will timely confer with Plaintiff's counsel concerning the same." ECF No. 363-3, ¶13.

On March 10, 2026, counsel for both parties conducted a telephonic meet and confer conference in response to Defendant's counsel's foregoing invitation, in which Plaintiff's counsel requested payment of the Sanctions Order and set forth their intent to file a motion to enforce the Sanctions Order if Defendant refused, as well as the basis for such a motion. Hansen Decl., ¶2. Defendant's counsel indicated their belief that Defendant lacked sufficient notice of the Sanctions Order, that they would challenge any enforcement, and that Defendant does not intend to pay the sanctions award. *Id*.

### III. ARGUMENT

"The inherent powers of federal courts are those which are necessary to the exercise of all others," including "the well-acknowledged inherent power . . . to levy sanctions in response to abusive litigation practices." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–65, 100 S.Ct. 2455 (1980) (internal quotation marks omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107, 137 S.Ct. 1178 (2017) (that "[f]ederal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of

cases.' [Citation omitted]."). Indeed, the Supreme Court has long made clear that "[c]ourts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates. [Citation omitted]." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43, 111 S.Ct. 2123, (1991); *see also Dietz v. Bouldin*, 579 U.S. 40, 45 (2016) (quoting *Link v. Wabash R. Co.*, 360 U.S. 626, 630-31 (1962) (The Supreme Court "has long recognized that a district court possessed inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.' ")

Among the inherent powers recognized by the Supreme Court is the power "to fashion an appropriate sanction for conduct which abuses the judicial process." *Goodyear*, 581 U.S. at 107 (quoting *Chambers*, 501 U.S. at 44–45). The Ninth Circuit likewise recognizes that "[t]hose powers include 'the inherent authority of a court to enforce its orders by whatever means' ". *Cahill v. Insider Inc.*, 131 F.4th 933, 938 (9th Cir. 2025) (quoting *Perry v. O'Donnell*, 759 F.2d 702, 705 (9th Cir. 1985).

The U.S. Supreme Court has also found that District Courts have the power to hold parties in contempt for disobedience of court orders, which " 'has been uniformly held to be necessary to the protection of the court from insults and oppressions while in the ordinary course of its duties, and to enable it to enforce its judgments and orders necessary to the due administration of law[.]' " *Young v. U.S. ex rel. Vuitton et Fils S.A.*, 481 U.S. 787, 798 (1987) (quoting *Bessette v. W.B. Conkey Co.*, 194 U.S. 324, 333 (1904).

Here, as set forth extensively in the August 5 Order, the Court found that Defendant engaged in bad faith conduct that caused the July 29, 2025 trial to be delayed to October 14, 2025. As a result of this delay Plaintiff unnecessarily incurred costs to have his legal team travel from the east coast of the United States to California for the trial and incur costs for lodging, meals, and ride share travel. ECF No. 328. When Plaintiff's counsel raised this issue at the July 30, 2025 hearing, with Defendants'

former attorneys present in the Courtroom, the Court invited Plaintiff to bring a motion for monetary sanctions. *See* 7/30/2025 Transcript at 39:3-12 ("If you think that a further sanction is in order, make a motion … and I'll consider it.")  In the August 5, 2025 Order, which Defendant admittedly had notice of, the Court once again invited Plaintiff to make a sanctions motion.  ECF No. 311, pp. 9 and 11.  The Court then provided Defendant actual notice of the Court's orders via email.  ECF No. 330.  Plaintiff filed his Motion for Sanctions, but because Defendant had refused to provide any of his contact information to Plaintiff in an effort to evade service, Plaintiff was left with no other options than to serve Mr. Murphy.  Since the time Defendant hired his current counsel, Plaintiff's counsel has made multiple demands for payment of the sanctions award, which Defendant continues to refuse.

Given the facts set forth herein, Defendant's claim that he did not have notice of the Sanctions Order is unavailing.  Defendant continues to engage in contemptuous conduct by refusing to obey this Court's orders without any justification, including refusing to pay the sanctions award despite actual notice of the same and repeated requests by Plaintiff's counsel.

Accordingly, Plaintiff respectfully requests that the Court exercise its broad discretion to enforce compliance with its orders by setting a deadline for Defendant to satisfy the sanctions award within 14 days of the date of the hearing on this Motion, and if Defendant fails to satisfy the sanctions award in full by that time, impose additional monetary sanctions in the form of daily escalating sanctions and/or holding Defendant in contempt of Court.  Alternatively, Plaintiff respectfully requests that the Court exercise its broad discretion to compel compliance by any means the Court deems appropriate.

## IV. CONCLUSION

For the foregoing reasons, the Court should exercise its broad discretion to enforce compliance with its orders by setting a deadline for Defendant to satisfy the sanctions award within 14 days of the date of the hearing on this Motion, and if

Defendant fails to satisfy the sanctions award in full by that time, impose additional monetary sanctions in the form of daily escalating sanctions and/or holding Defendant in contempt of Court. Alternatively, the Court should exercise its broad discretion to compel compliance by any means the Court deems appropriate

Dated: March 16, 2026        By:  /s/ signature

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*