TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Defendant Patrick M. Byrne

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

ROBERT HUNTER BIDEN, an individual,

   Plaintiff

   v.

PATRICK M. BYRNE, an individual,

   Defendant

Case No.: 2:23-cv-09430-SVW-PD

*Hon. Stephen V. Wilson*

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SEPTEMBER 29, 2025, ORDER AWARDING MONETARY SANCTIONS**

Date: April 13, 2026
Time: 1:30 p.m.
Dept.: Courtroom 10A

DATED: March 3, 2026  TYLER LAW, LLP

       By: /s/ Robert Tyler
         Robert Tyler

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SEPTEMBER 29, 2025, ORDER**    **2:23-CV-09430-SVW-PD**

# TABLE OF CONTENTS

*Page*

TABLE OF CONTENTS ............................................................................... i

TABLE OF AUTHORITIES ......................................................................... ii

MEMORANDUM OF POINTS AND AUTHORITIES ........................................... 1

I. INTRODUCTION ................................................................................... 1

II. STATEMENT OF FACTS ...................................................................... 2

II. ARGUMENT ....................................................................................... 5

    A.    PLAINTIFF'S MOTION IS PREMATURE AND DEFENDANT DID NOT HAVE NOTICE OR AN OPPORTUNITY TO BE HEARD REGARDING PLAINTIFF'S MOTION RE: SANCTIONS ..................................................... 5

    B.    PLAINTIFF HAS NOT REFUSED TO PAY THE SANCTIONS AND PLAINTIFF HAS FAILED TO SHOW BY CLEAR AND CONVINCING EVIDENCE THAT HE HAS VIOLATED THE COURT'S MINUTE ORDER ....... 7

III. CONCLUSION ................................................................................... 8

CERTIFICATE OF COMPLIANCE ............................................................... 9

CERTIFICATE OF SERVICE ......................................................................10

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**    **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

# TABLE OF AUTHORITIES

Page(s)

Cases

*F.T.C. v. Affordable Media*,
 179 F.3d 1228 (9th Cir. 1999) ................................................................ 7

*Lasar v. Ford Motor Co.*,
 (9th Cir. 2005) 399 F.3d 1101 ................................................................ 5

*Shuffler v. Heritage Bank*,
 720 F.2d 1141 (9th Cir. 1983) ................................................................ 7

Other Authorities

Local Rule,
 L.R. 5-3.2.1 .......................................................................................... 6

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SEPTEMBER 29, 2025, ORDER**    **2:23-CV-09430-SVW-PD**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff Robert Hunter Biden's Motion to Enforce the September 29, 2025, Order Awarding Monetary Sanctions Against Defendant Patrick M. Byrne should be denied as the Sanction's Order was obtained without notice or an opportunity to be heard by Mr. Byrne, the motion to enforce without merit as Mr. Byrne has never indicated he would not follow the Order, and as the motion seeks to deprive Mr. Byrne of his appellate rights. The September 29, 2025, Order ("Sanction's Order" or "Order") was issued without notice to Mr. Byrne. Mr. Byrne was not notified of the August 25, 2025, Motion for Sanctions ("Motion for Sanctions"), or the September 29th hearing on the Motion for Sanctions. Sanctions must only be awarded after the person is given notice and an opportunity to be heard. Neither happened in this case, and thus the Sanction's Order should not be enforced.

In addition, this Motion to Enforce is not warranted as Mr. Byrne has never indicated he will not comply with the Sanction's Order. The Order does not have a date certain by which payment must be made. *See* September 29, 2025, Order, ECF No. 341, Page ID#: 8016. The logical inference is that payment should be made when judgment is final, allowing both parties to fully litigate this case, including on appeal. Mr. Byrne does intend to fully exercise his rights, including his right to appeal the lack of notice and due process. Pursuing your legal rights to appeal is not tantamount to refusal to obey the Court's Order: it's following the judicial process.

Finally, sanctions are only to be awarded against a party who abuses the litigation process. Here, Mr. Byrnes was acting prudently in terminating the services of his attorney, and consequently, should have been allowed to present his side on the issue of sanctions. Currently, a motion is pending before this Court as to whether an entry of default judgement should be set aside in light of the service of process issues that have plagued this case since July 30, 2025. This Court should allow that motion to proceed first as it very well could be dispositive of this matter as due

1

OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE          2:23-CV-09430-SVW-PD
SEPTEMBER 29, 2025, ORDER

process and lack of notice lie at the heart of that motion as well. At a minimum, if the Court allows the Sanction's Order to stand, it should leave it as is (without an effective date for payment) to allow Mr. Byrne to appeal this matter once a final judgment is entered in the case.

## II. STATEMENT OF FACTS

On July 29, 2025, Defendant Patrick Byrne terminated his counsel of record Mr. Murphy and Carmen Rosa Selame ("Ms. Selame") for good cause. Decl. of Byrne, ECF No. 363-10, Page ID#: 8471 (attached as Exhibit 1). These reasons included: complete lack of preparation for trial; concerns from trial consultants related to Mr. Murphy's associate arriving to the trial courtroom with a "Free Palestine" worn on her lapel; radical strategy changes from Mr. Murphy in the 48 hours before trial (including that Mr. Byrne should not appear for trial). For these, and other reasons, Mr. Byrne felt Mr. Murphy was trying to "throw the fight" regarding the July 29, 2025, trial. *Id.*

After Mr. Murphy's termination, he was removed from ECF service by the Court on July 30, 2025. Decl. of Greenman, ECF No. 363-3, Page ID#: 8384 (attached as Exhibit 2). Consequently, after Mr. Byrne fired his attorneys, he was prepared to go to trial with attorneys Peter Ticktin ("Mr. Ticktin") and Stefanie Lambert ("Ms. Lambert") who attempted to obtain admission to the Central District *pro hoc vice*. Dk. 274; 291.

Although the Court had previously approved the *pro hac vice* application of Peter Ticktin on July 24, 2025, (ECF No. 278), it later rescinded approval and denied it on July 30, 2025, *after* Mr. Byrne had already fired his attorney of record, Mr. Murphy. ECF No. 307; *see also* ECF No. 310 (discussing the reasons for the retroactive withdrawal of approval of Mr. Ticktin's application). Prior to denying Mr. Ticktin's application, the Court also denied the *pro hac vice* application of Ms. Lambert on July 29, 2025. Dk. 295. (The respective *pro hoc vice* applications of Mr. Ticktin and Ms. Lambert are referred to collectively as the "Applications").

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**    **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

Concurrent with the denials of Mr. Ticktin's and Ms. Lambert's Applications, attorney Tom Yu, who was serving as associated counsel related to Ms. Lambert's Application and who represented Mr. Byrne at the hearing on July 30, 2025, filed a Notice of Withdrawal from the Case and was also removed from the Court's ECF System effective July 30, 2025. *See* Decl. of Greenman, Page ID#: 8384. At this point, Mr. Byrne had no attorney of record involved in the case he had not already terminated for cause. Yet the two attorneys he wanted to defend his constitutional rights in court, Mr. Ticktin and Ms. Lambert, were barred by the Court from practicing law before it. As a practical matter, this made litigating before this Court, and receiving service of process, extremely difficult, if not impossible for Mr. Byrne.

To compound the difficulties arising from Mr. Byrne not having attorneys of record receiving ECF notices in this case, Plaintiff then pursued an aggressive litigation strategy initiating a flurry of filings as soon as Mr. Byrne's counsel of record was terminated. The filings and related orders from the Court regarding them are detailed in a Motion to Set Aside the Entry of Default Judgment. *See* Motion to Set Aside Default Judgment, ECF No. 363, Page ID#: 8351-53.

On August 25, 2025, Plaintiff filed a Notice of Motion and Motion for Sanctions Against Patrick M. Byrne. Dk. 328. At the time of this filing, Mr. Byrne effectively did not have an attorney of record in this case: He had terminated Mr. Murphy (ECF 363-10 at Page ID#: 8471), the Court had removed Mr. Murphy from the ECF filing list for this case (ECF 363-3, Page ID#: 8384), neither Mr. Murphy nor his office were communicating with Mr. Byrne (ECF 363-10, Page ID#: 8471-73), and the Court had denied the *pro hac vice* motions of Mr. Ticktin and Ms. Lambert. ECF 363-10, Page ID#: 8471. The Court's ultimate Order on this matter (the September 29, 2025, Order) confirms that Mr. Byrne did not have an attorney of record at this point as under the section "Attorney(s) Present for Defendant(s)", the Order states, "Patrick M. Byrne, PRO SE (not present)".  ECF 341, Page ID#: 8016.

3

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**     **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

Despite the fact that Mr. Byrne was acting *pro se*, the Motion for Sanctions is silent as to how service was attempted on Mr. Byrnes (ECF 328, Page ID#: 7818), and indeed, Mr. Byrne was not aware of this motion. ECF 363-10, Page ID#: 8473.

On September 29, 2025, the Motion for Sanctions Against Defendant Patrick Byrne based on the Court's August 5 Order was heard and the Court granted the Motion for Sanctions. *See* ECF No. 341, Page ID#: 8016.

None of the various *ex parte* motions, motions, or minute entries from the Court, including the August 25, 2025, Motion for Sanctions, were served on Mr. Byrne by Plaintiff or by the Court. Plaintiff himself acknowledges he was unable to serve Defendant because Mr. Murphy had not complied with the Court's August 5 Order. Dk. 316. Critically, no proof of service was ever filed related to any of the above-mentioned entries under L.R. 5-3.2.1, particularly as it relates to parties who are not registered for service under the ECF System, like Mr. Byrne.

The Court docket report in the instant case reflects Ms. Selame, of the Law Office of Michael C. Murphy has never stopped receiving electronic notice on the instant case and continues to this day to receive copies of court documents. Mr. Michael Murphy was terminated for electronic notice on August 1, 2024. ECD 363-3, Page ID#: 8384. The Court has never issued an order removing Mr. Murphy or Ms. Selame as counsel of record in this case.

The Court stated: "Defendant must provide Plaintiff with an email address for electronic service or a physical address for mail or overnight delivery service of documents. Until Defendant does so, the Court will not allow Mr. Murphy to withdraw from the case." Dk 316. To date, Mr. Murphy never provided the Court with Mr. Byrne's physical address for mail or overnight delivery service of documents, nor his email address. In fact, this Court never issued an Order granting Mr. Murphy's Motion to Withdraw.

Mr. Murphy stated in the "Notice of Compliance with Court Order of July 30, 2025", he is not legally obligated to accept service of any documents or

4

communications on behalf of Mr. Byrne, and he has been terminated by Mr. Byrne. Mr. Murphy stated he was unable to provide Mr. Byrne with a transcript of July 30, 2025, hearing because the court reporter had not responded to his request.  Dk 313.

It appears after attorneys Stefanie Lambert and Peter Ticktin were disqualified, neither were advised when court documents were filed in this lawsuit pursuant to the ECF system. ECF No. 363-3, Page ID # 8388.

There is no Order granting pro se status to Mr. Byrne nor has Mr. Murphy been alleviated of obligation to Mr. Byrne despite the fact that in reality, Mr. Murphy has stopped representing Mr. Byrne.

## II. ARGUMENT

**A.    Plaintiff's Motion Is Premature And Defendant Did Not Have Notice Or An Opportunity To Be Heard Regarding Plaintiff's Motion Re: Sanctions**

Before a court can order sanctions against a party, the court must give notice to the party and an opportunity to be heard. *See Lasar v. Ford Motor Co.* (9th Cir. 2005) 399 F.3d 1101, 1109-10 ("We first consider whether the district court provided [Defendants] with adequate procedural due process before imposing sanctions. As this court recently reaffirmed, notice and an opportunity to be heard are indispensable prerequisites for the types of sanctions [i.e., monetary sanctions under the court's inherent authority] ….").

Here, Defendant Mr. Byrne did not receive notice of the August 5, 2025, Motion seeking sanctions, nor was he aware of the September 29, 2025, hearing on the motion. As of the time the motion was filed and the hearing held, Mr. Byrne was effectively unrepresented in this matter. His previous attorney Mr. Murphy had been terminated and removed from the Court's ECF notice. ECF No. 363-3, Page ID # 8388. In addition, no one from Mr. Murphy's office was communicating with Mr. Byrne or sending him notice of developments. In addition, no one from Mr. Murphy's office was showing up to Court to represent Mr. Byrne. *See, e.g.,* ECF

5

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**     **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

341, Page ID#: 8016 (reflecting Mr. Byrne was "pro se" and "not present" under "Attorney(s) Present for Defendant(s)" section).

Under Local Rule L.R. 5-3.2.1, if a party has not registered with ECF (which was the case for Mr. Byrne), proof of service must be made by declaration in the form required by L.R. 5-3.1.2. This rule states,

> L.R. 5-3.1.2 Proof of Service. Proof of service for documents served pursuant to L.R. 5-3.1.1 must be made by declaration of the person accomplishing the service. If the proof of service declaration is attached to the original document, it must be attached as the last page(s) of the document. The proof of service declaration must include the following information:
>
> (a)    The day and manner of service;
>
> (b)    Each person and/or entity served;
>
> (c)    The title of each document served; and
>
> (d)    The method of service employed (e.g., personal, mail, substituted, etc.).

There was no indication in the motion for sanctions itself, or in any other filing, that this was followed. In addition, Mr. Byrne was unaware of the Motion for Sanctions or the hearing. ECF 363-10, Page ID#: 8473. No certificate of service is attached to the Motion for Sanctions, Docket Entry 328, Notice of the Hearing, *Id.*, or the Court's Minute Order, Docket Entry 341, in compliance with Local Rule, 5-3.2.1. The Hearing was conducted without Mr. Byrne being represented. Docket Entry, 341.

Because notice was not given, the September 29, 2025, Order should not be enforced. Most assuredly, it should not be enforced before Mr. Byrne has a fair chance to appeal this issue so his due process rights can be fully considered.

6

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**     **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

**B.    Plaintiff Has Not Refused To Pay The Sanctions And Plaintiff Has Failed To Show By Clear And Convincing Evidence That He Has Violated the Court's Minute Order**

Plaintiff alleged Byrne refused to pay the sanctions. *See* ECF No. 365, Page ID#: 8490. This is inaccurate. Raising valid constitutional concerns and wanting to challenge a ruling is not tantamount to "refusing" to comply with the Court's order. This is all the truer here, where there is no deadline to pay the sanctions. The logical inference from this is that the Court intended to allow Mr. Byrne to have the opportunity to challenge the ruling on appeal. "A court has power to adjudge in civil contempt any person who willfully disobeys a specific and definite order requiring him to do or to refrain from doing an act. [Citations omitted.] A person fails to act as ordered by the court when he fails to take "all the reasonable steps within [his] power to insure compliance with the [court's] order []." *Shuffler v. Heritage Bank,* 720 F.2d 1141, 1146–47 (9th Cir. 1983).

"The standard for finding a party in civil contempt is well settled: The moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court. The burden then shifts to the contemnors to demonstrate why they were unable to comply." *F.T.C. v. Affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). The Plaintiff cannot meet its burden – Defendant has not violated a specific and definite order of the court. Specifically, there is no date certain by which the sanctions have to be paid. The logical inference from this is that sanctions would be due after final judgment has been entered, allowing the parties to fully litigate the merits and then pursue their appellate options. If the Defendant prevails on his due process arguments such that notice and an opportunity to be heard were not afforded, then the Order will likely be overturned.  Plaintiff has not established by clear and convincing evidence that Mr. Byrne willfully disobeyed a specific order.

7

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**                     **2:23-CV-09430-SVW-PD**
**SEPTEMBER 29, 2025, ORDER**

## III. CONCLUSION

Plaintiff's Motion to Enforce the September 29, 2025, Order should be denied.

DATED:  March 23, 2026          TYLER LAW, LLP

By:  /s/ Robert Tyler
     Robert Tyler

8

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE          2:23-CV-09430-SVW-PD
SEPTEMBER 29, 2025, ORDER**

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Patrick M. Bryne, certifies that this brief contains 2,410 words, which complies with the word limit of L.R. 11-6.1.

/s/ Robert H. Tyler
Robert H. Tyler

9

**OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE**          2:23-CV-09430-SVW-PD
**SEPTEMBER 29, 2025, ORDER**

# CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 25026 Las Brisas Road, Murrieta, California 92562

On March 3, 2026, I caused to be served the foregoing documents described below on the following interested parties in this action:

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE SEPTEMBER 29, 2025, ORDER AWARDING MONETARY SANCTIONS.**

☒ Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Bryan M. Sullivan**
  bsullivan@earlysullivan.com
- **Richard A. Harpootlian**
  rah@harpootlianlaw.com
- **Zachary Hansen**
  zhansen@earlysullivan.com
- **Carmen Rosa Selame**
  carmen@murphlaw.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am an employee in the office of a member of the bar of this Court who directed this service

/s/ Robert H. Tyler
Robert H. Tyler

10

OPPOSITION TO PLAINTIFF'S MOTION TO ENFORCE         2:23-CV-09430-SVW-PD
SEPTEMBER 29, 2025, ORDER