Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (SBN 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (SBN 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | **Case No. 2:23-cv-09430-SVW-PD**<br><br>*Hon. Stephen V. Wilson*<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S OPPOSITION TO DEFENDANT'S MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT**<br><br>Date: April 13, 2026<br>Time: 1:30 P.M.<br>Place: Courtroom 10A |

**PLAINTIFF'S OPPOSITION TO PRO SE PETITIONERS' MOTION FOR STAY**

## <u>MEMORANDUM OF POINTS AND AUTHORITIES</u>

## I.   BACKGROUND

Plaintiff Robert Hunter Biden filed this defamation case on November 8, 2023. It was scheduled for trial on July 29, 2025.  Defendant Patrick M. Byrne has retained many lawyers for this case, including Nabil Abu-Assan, Douglas P. Roy, Daniel Corren, Michael Smith, Scott James Street, and John Howard. ECF Nos. 17, 18, 19, 24, 33, 34, 68, & 74.  From September 17, 2024, until July 29, 2025, Defendant's lead trial attorney was Michael Murphy. *See* ECF No. 68.  However, on the morning of what should have been the first day of trial, Defendant abruptly terminated Mr. Murphy without warning. In Mr. Murphy's place three new lawyers appeared: Eric Neff, Tom Yu, and Stefanie Lambert.  ECF Nos. 290, 291, 292. Ms. Lambert was not a member of the California Bar, and her application to appear pro hac vice was denied due to her history of unethical conduct, which had recently caused her pro hac vice admission to be revoked in another federal jurisdiction.  ECF No. 295.  Defendant then instructed Mr. Neff (who was not admitted to the bar of this Court) and Mr. Yu to remove themselves.  ECF No. 311.  The Court reconsidered the pro hac vice admission of another lawyer, Peter Ticktin, because he failed to appear for trial and because of his history of unethical conduct.  ECF No. 310.

Defendant also failed to appear at trial.  The Court issued an order to show cause why it should not enter default judgment and ordered the parties to appear the next day. Defendant again failed to appear.  Mr. Yu argued for a trial continuance in lieu of default judgment. *See* ECF No. 307.  The Court declined to issue default judgment and instead allowed a continuance until October 14, 2025, so that Defendant could retain new counsel. *Id.* As a sanction for Defendant's conduct, the Court reopened limited discovery to allow Plaintiff to investigate Defendant's financial condition and ordered Defendant to provide an email address for electronic service or a physical address for mail or overnight delivery service of documents. *Id.*  Further, on August 14, 2025, the Court set a status conference for August 18, 2025, and ordered Defendant to appear

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**

personally. ECF No. 318. The Court sent copies of its orders to Defendant's email address that was provided to it by Mr. Murphy.

In violation of the Court's orders, Defendant never provided an address, and he refused to respond in any way to Plaintiff or the Court. He did not appear at the status conference as ordered. ECF No. 326. Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt. The Court ordered Defendant to show cause by September 10, 2025. ECF No. 330 at 5. Defendant did not respond, so the Court entered a default as a terminating sanction and directed Plaintiff to move for a default judgment. ECF No. 341. Plaintiff moved for a default judgment on November 18, 2025. ECF No. 350.

The Court held a hearing on the motion on January 12, 2026. Less than an hour before the scheduled start of the hearing, Robert H. Tyler filed a motion on behalf of Defendant seeking leave to make a limited appearance for the purpose of moving for a trial continuance of this matter to at least August 2026 despite all discovery being completed and trial was supposed to have commenced in July 2026. ECF No. 353. Because Mr. Tyler had not appeared on behalf of Defendant, the Court would not hear him regarding the motion for a default judgment. The Court denied the motion for a limited appearance and granted the motion for a default judgment, with entry of judgment to follow later. ECF No. 354. Soon thereafter, Mr. Tyler filed a notice of appearance, ECF No. 362 (Jan. 15, 2026), and the instant motion to set aside the entry of default and order grant the motion for a default judgment, ECF No. 363 (Mar. 3, 2026).

## II.   **<u>LEGAL STANDARD</u>**

A "court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). To determine "good cause", a court must "consider[ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default judgment would prejudice" the other party. *Am. Ass'n of Naturopathic*

*Physicians v. Hayhurst*, 227 F.3d 1104, 1108 (9th Cir. 2000) (quoting *Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc.*, 375 F.3d 922, 926 (9th Cir. 2004)).  The "factors are disjunctive" so that if any one factor is true that is sufficient reason to refuse to set aside the default.  *Id.*

## III.   ARGUMENT

### A.   There is no cause to relieve Defendant from the consequences of his conduct.

*1.   Defendant has not "vigorously and adamantly" defended this case, but the point is irrelevant to the default entered against him.*

A default was not entered against Mr. Byrne because Mr. Murphy's multiyear representation of Defendant lacked vigor or was otherwise inadequate.  A default was entered because Defendant terminated his lawyers on the day of jury selection and thereafter repeatedly refused to obey Court orders or otherwise to participate in this case.  ECF Nos. 328 (motion); 341 (order granting motion).  Defendant's examples of his "active defense" of this case all predate his decision on July 29, 2025, not to attend trial, to terminate his attorneys, and to cease participation in this litigation.  *See* ECF No. 363 at 11.

On July 29, 2025, Defendant failed to appear for trial and terminated his attorneys who had represented him for years.  Order, Aug. 28, 2025, ECF No. 330 (outlining procedural history of this matter).  Defendant had an attorney file a pro hac vice application even though the attorney was not present for trial due to a preexisting conflict.  Order, Aug. 5, 2025, ECF No. 310 (reconsidering pro hac vice admission of Peter D. Ticktin).  Defendant had another attorney file a pro hac vice application even though she had just had her pro hac vice admission revoked in another federal jurisdiction and was under felony indictment.  Order, July 29, 2025, ECF No. 295 (denying pro hac vice admission of Stefanie L. Lambert).  Defendant had two other attorneys appear who stated that they were not authorized or competent to represent Defendant at trial.  ECF No. 330; Decl. Phillip D. Barber Ex. A at 33 (transcript of July

29, 2025, hearing) (Mr. Yu stating that he and Mr. Neff were not "competent counsel that is ready to proceed" with trial).  Thereafter, Defendant refused to obey Court orders to hire new counsel, ECF No. 307, to provide an address for service of documents, ECF No. 311 at 11, to participate in further discovery, *id.*, or to appear at hearings when specifically ordered to appear, ECF No. 318.  Instead, Defendant filed a mandamus petition in the Ninth Circuit with his lawyers acting "pro se" instead of appearing on his behalf, *In re Attorneys Peter Ticktin and Stefanie Lambert*, Case No. 25-5811 (9th Cir. Sept. 15, 2025), Defendant had a lawyer appear at the default judgment motion hearing who attempted to move for a continuance without actually appearing on behalf of Defendant, Decl. Phillip D. Barber Ex. B at 3–4 (transcript of January 12, 2026, hearing) ("Jan. 12 Hr'g Tr."), Defendant filmed himself standing outside the courtroom at a time this new lawyer told him it would be locked, in order to lie to his internet followers that he did appear for trial, and Defendant posted various statements insulting the presiding judge, Decl. Phillip D. Barber Ex. C. ("Defendant's Twitter Posts") (posts on X, formerly known as Twitter, by Defendant).  These postings are extraordinary in their dishonesty.  On January 15, 2026—after retaining Mr. Tyler—Defendant told his internet followers that a trial was scheduled for January 20, 2026 (which Mr. Tyler told had Defendant was not the case) and appeared in person in the courthouse on January 20, 2026, to make a video recording of himself outside the locked courtroom door accusing accuse the presiding judge of being the party who failed to show up for trial.

This does not meet any reasonable definition of a "vigorous and adamant" defense.

> 2. *If Defendant did not receive filings in this case after July 29, 2025, which is extraordinarily unlikely, it is only because he deliberately chose to avoid them.*

Mr. Murphy did provide Defendant with the materials the Court ordered him to provide.  ECF No. 313 (notice of compliance filed by Mr. Murphy, stating that Defendant received the Court's rulings from July 30, 2025, and August 5, 2025).  Mr. Murphy did provide the email address to the Court, which attempted to use it to

PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT

communicate with Defendant. ECF No. 330 at 2. Plaintiff even posted Court orders on Defendant's X (Twitter) account, ECF No. 331-1, where Defendant actively posts about this case, Defendant's Twitter Posts. Defendant would have this Court believe that his "long-term" attorneys, Ms. Lambert and Mr. Ticktin, could file a mandamus petition in the Ninth Circuit regarding this case yet were unable to monitor the docket and provide him notice of filings—even though their mandamus petition references filings made in this case after July 29, 2025. Petition, *In re Attorneys Peter Ticktin and Stefanie Lambert*, Case No. 25-5811 (9th Cir. Sept. 15, 2025), Dkt. Entry 2.1 at 17; Motion, *id.* (9th Cir. Sept. 30, 2025), Dkt. Entry 6.1 at 3–4.

Defendant of course understood this case was pending against him. It was his responsibility to retain new counsel or to participate pro se. It was his responsibility to provide the Court with contract information. Local Rule 41-6 ("A party proceeding pro se must keep the Court and all other parties informed of the party's current address as well as any telephone number and email address."). It was his responsibility to be aware of docket activity—which he could easily do by looking at the Court's ECF system. *Cleveland v. Palmer*, No. 2:24-CV-00511-CDS-DJA, 2024 WL 3070113, at *2 (D. Nev. June 20, 2024) ("Pro se litigants have an obligation to monitor the docket sheet to inform themselves of the entry of orders and other filings." quoting *Adonai-Adoni v. King*, 2012 WL 3535962, at *1 (E.D. Penn. Aug. 13, 2012)). ECF system filings are public information available to anyone in the world, and this Court allows pro se litigates to register with the ECF system. 5-3.2.2 (pro se litigants may register with ECF to receive notice of filings without leave of court); 5-4.1.1 (pro se litigants may seek leave to file their own papers via ECF).

> 3. *Voluntarily terminating one's counsel of choice on the day of jury selection does not provide good cause for relief from a default that was entered as sanction for subsequent refusal to obey the Court's orders.*

Defendant argues that the termination of his attorneys and denial of other attorneys' pro hac vice applications meant they did not receive ECF notices of filing by

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**

email.  ECF No. 363 at 18.  This is irrelevant.  After terminating his attorneys, all Defendant had to do to receive notice of filings was either to (1) hire a lawyer admitted in California to represent him, (2) register with ECF as a pro se litigant to receive emails when filings are posted, (3) check the docket on ECF periodically without registering, which he could do himself or which he could hire someone to do for him, or (4) provide contact information to the Court and/or opposing counsel, which the Court had ordered him to do, ECF No. 311.  Instead of doing any of that, he told his lawyers "not to correspond or accepts [*sic*] service on his behalf."  ECF No. 363.  And as the Court noted in its August 28, 2025, order, "Defendant is a highly educated, sophisticated litigant, with pending lawsuits in two other district courts. Defendant's active engagement in replacing counsel in these proceedings also demonstrates Defendant's particular attentiveness to this case."  ECF No. 330 at 2.  Defendant is an experienced business executive and savvy litigant who knows what he is doing and it is clear that he chose to ignore these proceedings.

> 4. *Mr. Murphy's withdrawal as counsel of record was ordered by the Court on July 30, 2025, and the Court entered an order regarding Defendant proceeding pro se that same day, and again on XXX.*

Defendant's factual statements are false.  Mr. Murphy's withdrawal was allowed by the Court on July 30, 2025.  Phillip D. Barber Decl. Ex. D. (transcript of July 30, 2025, hearing).  Mr. Yu withdrew on that same day.  ECF No. 299 (the withdrawal notice was stricken because of a filing error in selecting the wrong event and Mr. Yu apparently did not refile, but the docket clearly states that he was terminated on July 30). Mr. Neff was not a member of the bar of this Court.  Ms. Selame's withdrawal was filed on August 11, 2025.  ECF No. 315.  The Court entered an order regarding Defendant proceeding pro se on July 30, 2025, which covered all points under Local Rule 83-2.3.1.  ECF No. 307.  Defendant's "counsel of choice"—Ms. Lambert, Mr. Neff, and Mr. Yu—were present in the courtroom to hear that order.  It was repeated in the written order dated August 5, 2025.  ECF No. 311.  Defendant's counsel admitted Defendant had notice of that order in a motion filed in September 2025 in the U.S. Court

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**

of Appeals for the Ninth Circuit. *In re Attorneys Peter Ticktin and Stefanie Lambert*, Case No. 25-5811 (9th Cir. Sept. 30, 2025), Dkt. Entry 6.1 at 3–4.

> 5. *Defendant's representation that he became aware of the status of the case and docket only after retaining new counsel in January 2026 is both provably false and irrelevant to any issue before the Court.*

Defendant argues that he "operated under the belief that service of any ECF filings would be sent directly to him by Plaintiff's Counsel and/or the Court." ECF No. 363 at 15. That is false. Notice was sent to Defendant's email. Order at 2, Aug. 28, 2025, ECF No. 330 (stating that Mr. Murphy furnished the Court with Defendant's active email address "within days of serving as Defendant's counsel or record" and that "[t]o ensure Defendant had actual notice, the Court sent copies of the [Court's] orders to Defendant's active email address, as confirmed by Mr. Murphy"). Defendant refused to provide contact information so that filings could be served on him, and Defendant refused to appear in Court when ordered to appear to explain his refusal do provide his contact information. ECF No. 330 at 2–3. That is why Defendant was placed in default. *Id.* at 5 (ordering Defendant to show cause why the Court should not issue terminating sanctions); Order, Sept 29, 2025, ECF No. 341 (ordering terminating sanctions).

On September 15, 2025, Defendant's attorneys filed a mandamus petition referring a filing in this matter on September 13th. *In re Attorneys Peter Ticktin and Stefanie Lambert*, Case No. 25-5811 (9th Cir. Sept. 15, 2025), Dkt. Entry 2.1 at 17. On September 30, 2025, Defendant filed a Motion for Stay Pending Appeal to the United States Supreme Court in the mandamus action admitting that Defendant was aware of the September 29, 2025, hearing in which terminating sanctions were ordered, and admitting that Defendant had notice of the Court's August 5, 2025, order which imposed less drastic sanctions of reopening financial discovery into Defendant's net worth (which Defendant refused to comply with). *Id.* Dkt. Entry 6.1 at 3–4. When Plaintiff moved for a default judgment, Defendant retained a new lawyer, Mr. Tyler, to appear at the January 12, 2026, motion hearing to seek a continuance because Defendant was

PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT

aware of the filing.  He had been discussing the case with his new attorney, Mr. Tyler, since December 2025, ECF No. 359 at 2, and the motion for a default judgment was filed on November 18, 2025.  In sum, all evidence suggests Defendant has had actual notice of the filings in this case.

> 6.  *Defendant's claim that he was denied representation at the hearing on Plaintiff's motion for a default judgment is false.*

Mr. Tyler did not attempt to appear on behalf of Defendant at the January 12, 2026, default judgment hearing.  Mr. Tyler did not file a notice of appearance until January 15, 2026.   Thirty-nine minutes before the hearing on January 12, 2026, Mr. Tyler filed a motion seeking leave to make a limited appearance only for the purpose of seeking a trial continuance, in which he stated he would represent Defendant only if the Court denied Plaintiff's motion for a default judgment and continued the trial to at least August 2026.  ECF No. 353.  Mr. Tyler addressed the Court at the hearing only to seek leave to make an appearance limited to moving for a continuance:

ROBERT H. TYLER: Robert Tyler on behalf of Defendant Patrick Byrne.

THE COURT: Have you entered an appearance?

MR. TYLER: Your Honor, I filed a motion for approval for a limited appearance this morning --

THE COURT: When did you file that motion?

MR. TYLER: It was done just this morning, Your Honor.[1]

THE COURT: Why is that?

MR. TYLER: Because I was just brought into this case this morning.[2]

THE COURT: Well, how were you brought into the case?

MR. TYLER: Uh.

THE COURT: Who brought you into the case?

---

[1] Mr. Tyler's motion was filed in the afternoon, at 12:51 p.m.

[2] In his motion, Mr. Tyler states he had been retained in the previous week.  Defendant's pro se motion, ECF No. 359, confirms that he had been in discussions with Mr. Tyler about the case in December 2025, that Mr. Tyler agreed to represent sometime in the week before the hearing, and that they executed retention documents over the weekend.

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**

MR. TYLER: Mr. Byrne.

THE COURT: Yeah, well, this is another last-minute ploy, and, frankly, at this point in the proceedings, I find Mr. Byrne totally incredible and not believable, and, you know, all he has done throughout -- and the record will support it -- is evade and avoid. So I'm not granting your limited appearance.

Jan. 12 Hr'g Tr. 3–4.

That is the only matter on which Mr. Tyler attempted to address to the Court, and the Court correctly refused to entertain that "last minute ploy," which was just another example of Defendant's habit to "evade and avoid" this litigation.

### B.    Existence of a meritorious defense is not relevant to a default judgment entered as a terminating sanction.

The merits of Defendant's defense have been thoroughly litigated and Plaintiff will not burden the Court rehashing issues already decided.  In brief, the Court held the only disputed element of defamation in this case is whether Defendant made his statements with actual malice, and that a reasonable jury could find that he did.  Order at 21, July 18, 2025, ECF No. 268.  Plaintiff believes it is questionable whether a reasonable jury could find Defendant did not make his outlandish claims with actual malice, but Plaintiff respects the Court's ruling that there is a triable issue in this case. But a meritorious defense is not relevant to a default judgment entered as a terminating sanction.  *See* Order at 5, Aug. 5, 2025, ECF No. 311 (listing the factors to balance when considering terminating sanctions as "(1) the public's interest in expeditious resolution of the litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions" (citing *New Show Studios LLC v. Needle*, No. 14-cv-01250, 2016 WL 7017214, at \*8 (C.D. Cal. Dec. 1, 2016) & *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986)). Defendant waived whatever merit his defense might have had by his conduct justifying the terminating sanction.  *See Am. Ass'n of Naturopathic Physicians*, 227 F.3d at 1108

(holding that the defendant having engaged in culpable conduct leading to the default is a sufficient basis to refuse to set aside a default regardless of whether a meritorious defense exists).

### C.    Plaintiff would be unfairly prejudiced by vacating the default.

Plaintiff has litigated this matter in good faith for two-and-a-half years.  Plaintiff has met his obligations under the Federal Rules of Civil Procedure and the Local Rules, and he has obeyed all Court orders.  In doing so, Plaintiff has incurred legal fees and expenses for travel and document preparation.  Allowing Defendant's "evade and avoid" conduct to prolong this litigation *ad nauseum* would be unfairly prejudicial to Plaintiff.  *See, e.g.*, *Xuefeng Huang v. Baolin Ge*, No. 19-CV-02132-LHK, 2020 WL 7428618, at *10 (N.D. Cal. Dec. 18, 2020) (rejecting argument that lesser sanctions than a default judgment would produce a more equitable result because the "Defendant continued to ignore Court orders and deadlines even after the Court" imposed lesser sanctions "for failure to comply with Court orders and diligently participate in this case" and instead holding "less drastic sanctions would not be effective and would serve only to unnecessarily prolong this case" (internal quotation marks omitted)).[3]

### D.    Public policy does not favor relief from a default judgment absent good cause.

"The 'good cause' analysis is the standard by which courts determine whether it is appropriate to set aside a default judgment despite the general policy favoring decisions on the merits."  *Xuefeng Huang*, 2020 WL 7428618, at *10 (*Brandt v. Am. Bankers Ins. Co. of Fla.*, 653 F.3d 1108, 1111 (9th Cir. 2011)).  Absent good cause, an appeal to public policy cannot be the basis for relief from an order granting a default judgment.  *Id.*  Rather, the public policy in favor of adjudication on the merits is a factor the Court weighs in deciding whether a less drastic sanction is appropriate.  *Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004).  Once that determination

---

[3] Defendant makes the same argument regarding lesser sanctions in this case, ECF No. 363 at 24–25, even while simultaneously refusing to comply with those lesser sanctions, *see* ECF No. 365.

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**

is made, relief requires a showing of good cause. *See* Fed. R. Civ. P. 55(c) (allowing that a default may be set aside "for good cause"); Fed. R. Civ. P. 60(b) (allowing a judgment to be set aside for enumerated reasons constituting good cause). Here the Court has made the decision to sanction Defendant for his intentional conduct to ignore these proceedings and he has failed to make the requisite good cause showing for relief from default.

## IV.    CONCLUSION

For the foregoing reasons, the Court should deny Defendant's motion to set aside the entry of default and the order granting the motion for a default judgment.

Dated: March 23, 2026

RICHARD A. HARPOOTLIAN, PA

By: */s/ Phillip D. Barber*

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

*Attorneys for Plaintiff*
*Robert Hunter Biden*

**PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE DEFAULT AND ORDER GRANTING DEFAULT JUDGMENT**