# EXHIBIT B

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION - LOS ANGELES

| | | |
|---|---|---|
| ROBERT HUNTER BIDEN, | ) | Case No. CV 23-9430-SVW (PDx) |
| | ) | |
|     Plaintiff, | ) | Los Angeles, California |
| | ) | Monday, January 12, 2026 |
|        v. | ) | 2:38 P.M. to 2:44 P.M. |
| | ) | |
| PATRICK M. BYRNE, | ) | |
| | ) | |
|     Defendant. | ) | |
| | ) | |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE

Appearances:                    See Page 2

Deputy Clerk:                   Daniel Tamayo

Court Reporter:                 Recorded; CourtSmart

Transcription Service:          JAMS Certified Transcription
                                16000 Ventura Boulevard #1010
                                Encino, California  91436
                                (661) 609-4528

Proceedings recorded by electronic sound recording;
transcript produced by transcription service.

APPEARANCES:

For the Plaintiff:        Richard A. Harpootlian, PA
                          By:  PHILLIP D. BARBER
                          1410 Laurel Street
                          Columbia, South Carolina  29201
                          (803) 252-4848
                          pbd@harpootlianlaw.com

                          Early Sullivan Wright Gizer and McRae
                          By:  ZACHARY HANSEN
                               BRYAN M. SULLIVAN
                          6420 Wilshire Boulevard, 17th Floor
                          Los Angeles, California  90048
                          (323) 301-4660
                          zhansen@earlysullivan.com
                          bsullivan@earlysullivan.com


For the Defendant:        None Present

LOS ANGELES, CALIFORNIA, MONDAY, JANUARY 12, 2026, 2:38 P.M.

THE CLERK:  Calling item six, 2:23-cv-09430, *Robert Hunter Biden v. Patrick M. Byrne.*

Counsel, please come forward and state your appearances for the record.

PHILLIP D. BARBER:  Phillip Barber for the Plaintiff Robert Hunter Biden.

ZACHARY HANSEN:  Zachary Hansen for the Plaintiff Robert Hunter Biden.

BRYAN M. SULLIVAN:  Bryan Sullivan on behalf of plaintiff.

ROBERT H. TYLER:  Robert Tyler on behalf of Defendant Patrick Byrne.

THE COURT:  Have you entered an appearance?

MR. TYLER:  Your Honor, I filed a motion for approval for a limited appearance this morning --

THE COURT:  When did you file that motion?

MR. TYLER:  It was done just this morning, Your Honor.

THE COURT:  Why is that?

MR. TYLER:  Because I was just brought into this case this morning.

THE COURT:  Well, how were you brought into the case?

MR. TYLER:  Uh.

THE COURT:  Who brought you into the case?

MR. TYLER:  Mr. Byrne.

THE COURT:  Yeah, well, this is another last-minute ploy, and, frankly, at this point in the proceedings, I find Mr. Byrne totally incredible and not believable, and, you know, all he has done throughout -- and the record will support it -- is evade and avoid.  So I'm not granting your limited appearance.

Let's proceed with the hearing.  The question is what should the -- you may be seated.

MR. TYLER:  May I remain, Your Honor?

THE COURT:  If you want.

MR. TYLER:  Thank you.

THE COURT:  The issue is -- I do find that this record does support a basis for punitive damages.  I've read the cases and the -- I don't have the case before me, but there are California district court of -- court opinions, which some remarkably similar to record here, which support the views.  I won't go into it because it's obvious -- and I will issue an order, but it's obvious that the record supports that.

The question is what amount of punitive damages would be appropriate?  Punitive damages are not to compensate Hunter Biden but to punish the wrongdoer, and you did propose by way of a -- of an example that case involving former

Mayor Giuliani in Georgia.  I don't find that case very apt. I mean, what was the amount of money that -- 80- or 90- or a hundred-million dollars or something?

MR. BARBER:  Yes, Your Honor.

THE COURT:  Yeah.  I mean, it's hard to gauge precisely because we don't know what Byrne's precise net worth is, but it would appear that it's very substantial, how substantial I don't know -- a hundred million, 200 million, 80 million.  It's -- I mean, you used a figure at one point in the proceedings regarding the fact that he made this huge investment in Bitcoin -- crypto or something -- and that since that investment it has escalated dramatically.  That's some evidence, but it's hard to calculate.

But in terms of a measure of punishment, not only was what he said in this case outrageous and totally unsupported, but he's done that in other cases, and apparently he's been found to have punitive damages against him in other cases; correct?

MR. BARBER:  That is correct, Your Honor.

THE COURT:  And one of the cases was a million dollars, wasn't it?

MR. BARBER:  It was, Your Honor.  That was a Canadian case.  The exchange rate actually works out to the million Canadian dollars that is about a million U.S. dollars today.  The punitive aspect of that case was about $300,000

then.

THE COURT:  I am -- haven't finalized my thinking, but I am thinking that an award of somewhere around 5 million is probably more appropriate in terms of dealing with what punitive damages is designed to ensure, but I'll give it some more thought and issue an order.

Thank you.

MR. TYLER:  Your Honor?

THE COURT:  Yes?

MR. BARBER:  Thank you, Your Honor.

MR. TYLER:  Your Honor, may I --

THE COURT:  No, you may not.

Okay.  Thank you.

MR. BARBER:  Thank you, Your Honor.

UNIDENTIFIED SPEAKER:  Thank you, Your Honor.

THE CLERK:  Thank you, counsel.  We're going to call the next case at this time.

(Proceedings adjourned at 2:44 p.m.)

///

///

CERTIFICATE

I certify that the foregoing is a correct transcript from the electronic sound recording of the proceedings in the above-entitled matter.

/s/ Julie Messa   January 14, 2026
Julie Messa, CET**D-403  Date
Transcriber