Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
Phillip Barber, *pro hac vice*
*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Bryan M. Sullivan, State Bar Number 209743
  *bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
  *zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
  GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant. | Case No. 2:23-cv-09430-SVW-PD<br><br>**PLAINTIFF ROBERT HUNTER BIDEN'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT PATRICK M. BYRNE**<br><br>[*Declaration of Zachary C. Hansen filed and served concurrently herewith*]<br><br>Date:  April 13, 2026<br>Time: 1:30 p.m.<br>Ctrm.: 10A<br><br>Judge: Hon. Stephen V. Wilson |

5842446.1

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

## I.    __INTRODUCTION__

Defendant Patrick M. Byrne's ("Defendant") entire strategy since refusing to appear at the July 29, 2025 trial and firing all of his attorneys that day has been to evade this case, the Court, and Plaintiff, distract from his own abusive litigation tactics, claim ignorance, and play the victim.  Defendant continues to employ this strategy here.  Defendant would have this Court believe[1] that he lacked any notice of Plaintiff Robert Hunter Biden's ("Plaintiff") Motion for Sanctions ("Motion") and this Court's award of sanctions ("Sanctions Award") after he intentionally avoided his obligations in this case and despite the record being replete with evidence to the contrary.  Simply put, Defendant was the architect of the situation he now complains of and if he did not receive notice, which is extraordinarily unlikely, it is only because he deliberately chose to avoid it.  Amazingly, in yet another example of his disingenuous nature, Defendant blames Plaintiff and this Court for his lack of notice.  Not only did Defendant obviously have notice of Plaintiff's Motion, he was given multiple opportunities to be heard, and was in fact ordered by this Court to appear in person to address the Court and to furnish the Court with his contact information for purposes of serving documents on him, but he deliberately refused to do so.  There are simply no due process concerns here; only concerns about a Defendant's ability to flout this Court's orders time and again without an enforceable remedy to the distinct prejudice of Plaintiff.

Perhaps most absurdly, Defendant would have this Court believe that he has not abused the litigation process or engaged in any bad faith conduct which would justify the Court exercising its inherent authority to impose monetary sanctions on

---

[1] Defendant did not submit declarations or evidence to support his claims in the Oppositions specifically, instead filing two of the same declarations that were submitted in support of his Motion to Set Aside Default, which are both dated February 19, 2026 – nearly a month before Plaintiff filed his Motion on March 16, 2026. (ECF Nos. 363-3, -10.)



5842446.1

2

__PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT__

him.  Once again, the record is replete with evidence to the contrary, of which this Court is well-aware.

Further, not only has Defendant refused to comply with the Court's order granting sanctions, which was issued over 6 months before the date set for hearing on this Motion, his Opposition makes it clear he has no intention of doing so.  Defendant has made it a practice of refusing to obey Court orders in this case.  His entire litigation strategy is based on it.

As such, this Court should grant Plaintiff's Motion and set a definitive deadline for Defendant to pay the Sanctions Award or face additional, escalating penalties.

## II.   ARGUMENT

### A.   THERE ARE NO DUE PROCESS CONCERNS BECAUSE DEFENDANT HAD NOTICE AND WAS AFFORDED OPPORTUNITIES TO BE HEARD AND REPEATEDLY ABUSED THE LITIGATION PROCESS

There can be no doubt that Defendant had notice of these proceedings, and if he did not, which is extraordinarily unlikely, that is solely because he chose to employ a litigation strategy purposefully meant to avoid such notice.  The Court also afforded Defendant multiple opportunities to be heard and, when he failed to appear, the Court properly exercised its inherent authority to issue the Sanctions Award against Defendant.

On July 29, 2025, Defendant failed to appear for trial and terminated his attorneys who had represented him for years.  *See* ECF No. 330 (August 28, 2025 Order outlining procedural history of this matter).  Instead, Defendant attempted to have four new attorneys appear for the first time to represent him at trial, three of whom were not admitted to practice before the Court and one of whom (Peter Ticktin) was not even present in Court that day.  ECF Nos. 274, 290, 291, 292, 295, 310, 311. Stepfanie Lambert, who had recently had her *pro hac vice* application denied in another jurisdiction and was under felony indictment, was denied *pro hac vice*

5842446.1

3

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

admission by the Court.  ECF No. 295.  Then, the other two attorneys present in the courtroom, Eric Neff and Tom Yu, only one of whom was admitted to practice before this Court and both of whom were admittedly not competent to represent Defendant at trial, were instructed by Defendant to remove themselves from the case.  ECF Nos. 295, 311, 330; Declaration of Zachary C. Hansen ("Hansen Decl."), ¶2, Ex. 1 at pp. 28, 33-34 (July 29, 2025 Transcript) (Mr. Yu stating that he and Mr. Neff were not "competent counsel that is ready to proceed" with trial).  Trial was continued to October 2025 as a result of these hijinks, which the Court characterized as "circus-like", and which caused Plaintiff to incur significant expenses as Plaintiff appeared at trial with his legal team who traveled from the East Coast.

Thereafter, Defendant continued his intentional litigation strategy of evade, distract, and abuse the litigation process by any means necessary.  He refused to obey Court orders to hire new counsel, ECF No. 307, refused to provide an address for service of documents, ECF No. 311 at p. 11, and refused to participate in further discovery.  *Id.*  On August 14, 2025, the Court set a status conference for August 18, 2025, and ordered Defendant to appear personally.  ECF No. 318.  He did not appear at the status conference as ordered.  ECF No. 326.  Plaintiff filed a motion for an order to show cause why Defendant should not be held in contempt.  The Court ordered Defendant to show cause by September 10, 2025.  ECF No. 330 at p. 5.  Defendant did not respond.  ECF No. 341.

Moreover, the attorney who had represented Defendant in this matter for years, Michael Murphy, did provide Defendant with the Court's orders and rulings that the Court ordered him to provide.  ECF Nos. 307, 313.  Mr. Murphy also provided the Court with Defendant's email address, which attempted to use it to communicate with Defendant and provide notice of the proceedings.  ECF No. 330 at p. 2, fn. 1.  Plaintiff even posted Court orders on Defendant's X (Twitter) account (ECF No. 331-1) where Defendant actively posts about this case.  Then, on September 30, 2025 – the day after the Sanctions Award was issued by the Court on September 29, 2025 – Defendant had

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT**

EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
ATTORNEYS AT LAW

his "long-term" attorneys, Ms. Lambert and Mr. Ticktin, file a mandamus petition in the Ninth Circuit regarding this case referencing filings and hearings in this case that occurred after July 29, 2025. Petition, *In re Attorneys Peter Ticktin and Stefanie Lambert*, Case No. 25-5811 (9th Cir. Sept. 15, 2025), Dkt. Entry 2.1 at 17; Motion, *id.* (9th Cir. Sept. 30, 2025), Dkt. Entry 6.1 at 3–4; Hansen Decl. ¶3, Ex. 2. Incredibly, that mandamus petition admits that Defendant was aware of the September 29, 2025 hearing on Plaintiff's Motion, the issues discussed at that hearing, and that his former counsel, Mr. Yu, was present in the Court during that hearing. Dkt. Entry 6.1 at p. 2–4; Hansen Decl. ¶3, Ex. 2. However, Defendant fails to address these facts in his Opposition, despite being raised in the Motion. This is because he cannot truthfully deny any of the foregoing.

Defendant instead argues that the termination of his attorneys and denial of other attorneys' *pro hac vice* applications meant they did not receive ECF notices of filing by email. ECF No. 363 at p. 18. This is irrelevant. It was Defendant's responsibility to retain new counsel, or to participate *pro se*. Under Local Civil Rules 1-3 and 83-2.2.3, as a *pro se* defendant, Defendant is bound by the local rules and required to comply with them. Local Civil Rules 41-6 and 83-2.4 require Defendant to provide, in writing, the Clerk of Court with Defendant's current contact information and Defendant has been ordered by this Court to do so, but has failed to despite Mr. Murphy stating that he provided Defendant with notice of such order. It was his responsibility to be aware of docket activity—which he could easily do by looking at the Court's ECF system. *Cleveland v. Palmer*, No. 2:24-CV-00511-CDS-DJA, 2024 WL 3070113, at *2 (D. Nev. June 20, 2024) ("Pro se litigants have an obligation to monitor the docket sheet to inform themselves of the entry of orders and other filings." quoting *Adonai-Adoni v. King*, 2012 WL 3535962, at *1 (E.D. Penn. Aug. 13, 2012)). ECF system filings are public information available to anyone in the world, and this Court allows *pro se* litigates to register with the ECF system. 5-3.2.2 (*pro se* litigants

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

may register with ECF to receive notice of filings without leave of court); 5-4.1.1 (pro se litigants may seek leave to file their own papers via ECF).

After terminating his attorneys, all Defendant had to do to receive notice of filings was either to (1) hire a lawyer admitted in California to represent him, (2) register with ECF as a *pro se* litigant to receive emails when filings are posted, (3) check the docket on ECF periodically without registering, which he could do himself or which he could hire someone to do for him, or (4) provide contact information to the Court and/or opposing counsel, which the Court had ordered him to do (*see* ECF No. 311). Instead of doing any of that, he told his lawyers "not to correspond or accepts [*sic*] service on his behalf." ECF No. 363. And as the Court noted in its August 28, 2025, order, "Defendant is a highly educated, sophisticated litigant, with pending lawsuits in two other district courts. Defendant's active engagement in replacing counsel in these proceedings also demonstrates Defendant's particular attentiveness to this case." ECF No. 330 at p. 2. It strains credulity for Defendant to argue he did not have notice of the Motion.

Defendant asks the Court to ignore all of the foregoing evidence and instead find that Defendant had no notice of Plaintiff's Motion or the Sanctions Award and no opportunity to be heard based solely on his disingenuous claims of ignorance. This is absurd. Defendant of course had notice of Plaintiff's Motion and the Court's Order granting the same and he had multiple opportunities to appear and be heard on the Motion but willfully refused to do so. Further, Defendant's claim that he acted prudently and did not abuse the litigation process in a manner justifying the imposition of sanctions is equally absurd and the evidence set forth herein, as well as the complete record before the Court, proves these claims false. Accordingly, there are no due process concerns here.

///

///

///

5842446.1

6

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER
AWARDING MONETARY SANCTIONS AGAINST DEFENDANT**

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

**B.** **DEFENDANT HAS NOT PAID THE SANCTIONS AWARD, HAS REFUSED TO PAY THE SANCTIONS AWARD, AND WILL NOT DO SO UNLESS THIS COURT ENFORCES THE SANCTIONS AWARD WITH A SPECIFIC DEADLINE**

Defendant has indeed refused to comply with the Court's order granting sanctions, which was issued over 6 months before the date set for hearing on this Motion. Moreover, Defendant's actions, his counsel's representations, and his Opposition to Plaintiff's Motion all make clear he has no intention of paying the Sanctions Award unless this Court enforces its September 29, 2025 Order.

Since Defendant's newly retained counsel appeared in this case on January 15, 2026, Plaintiff's counsel has made two different demands for Defendant to pay the Sanctions Award (*see* ECF No. 365, at pp. 9-10), and Defendant has refused to do so, while simultaneously acknowledging the Sanction Award and the fact that he has not paid it. *See* ECF No. 363 at p. 20, fn. 1. Defendant's Opposition makes it clear that he does not intend to pay the Sanctions Award any time soon. However, the payment of the Sanctions Award, which represents a reasonable portion of the significant financial burden Plaintiff incurred for the July 29, 2025 trial that Defendant upended by his antics and which Plaintiff still remains out-of-pocket on, does not waive Defendant's ability to appeal that award after judgment in this case. Waiting for the appeal is simply not a valid justification for refusing to pay the Sanctions Award, which is effective and payable now. While it is true that the Court's September 29, 2025 Order granting sanctions (ECF No. 341) did not set a deadline for compliance, it is abundantly clear that unless this Court grant's Plaintiff's Motion and enforces the Sanctions Award by now setting a deadline for Defendant to pay the award or face additional, escalating sanctions, Defendant will not do so.

///

///



7

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT**

## III.    CONCLUSION

For the reasons set forth herein, as well as those presented in Plaintiff's Motion to Enforce the September 29, 2025 Sanctions Award Against Defendant (ECF No. 365), the Court should exercise its broad discretion to enforce compliance with its orders by setting a deadline for Defendant to satisfy the sanctions award within 14 days of the date of the hearing on the Motion, and if Defendant fails to satisfy the sanctions award in full by that time, impose additional monetary sanctions in the form of additional, escalating sanctions and/or holding Defendant in contempt of Court. Alternatively, the Court should exercise its broad discretion to compel compliance by any means the Court deems appropriate.

Dated: March 27, 2026

By: _____

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
rah@harpootlianlaw.com
Phillip Barber, *pro hac vice*
pdb@harpootlianlaw.com
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
ATTORNEYS AT LAW

5842446.1

8

**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO ENFORCE SEPTEMBER 29, 2025 ORDER AWARDING MONETARY SANCTIONS AGAINST DEFENDANT**