TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone: (951) 304-7583

Attorneys for Defendant Patrick M. Byrne

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>    Plaintiff<br><br>    v.<br><br>PATRICK M. BYRNE, an individual,<br><br>    Defendant | Case No.: 2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO SET ASIDE THE ENTRY OF DEFAULT AND MINUTE ORDER RE DEFAULT JUDGMENT**<br><br>Date:  April 13, 2026<br>Time:  1:30 p.m.<br>Dept.:  Courtroom 10A |

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                                    **2:23-CV-09430-SVW-PD**

## REPLY IN SUPPORT OF MOTION TO SET ASIDE
## CLERK'S ENTRY OF DEFAULT AND MINUTE ORDER RE
## DEFAULT JUDGMENT

### I. BACKGROUND

Plaintiff's Response to Motion to Set Aside Default and Order Granting Default Judgment ("Plaintiff's Opposition") fails to overcome the fact that good cause exists to set aside the Entry of Default Judgment and Minute Order Re: Default Judgment in this case.

Here, the issues are simple. Defendant PATRICK M. BYRNE ("Defendant") terminated his former attorneys Michael C. Murphy ("Mr. Murphy") and Carmen Rose Selame ("Ms. Selame") for good cause.[1] After terminating Mr. Murphy and Ms. Selame (referred to hereinafter collectively as Defendant's "Former Counsel"), Defendant was nonetheless fully prepared to proceed with the trial on July 29, 2025 (the "July Trial"), with his attorneys of choice, Stefanie Lambert ("Ms. Lambert") and Peter Ticktin ("Mr. Ticktin"). Despite this fact, both Ms. Lambert and Mr. Ticktin's *pro hoc vice* applications (the "Applications") were denied by the Court (Mr. Ticktin's retroactively) and the Defendant no longer had an attorney representing his interest who was receiving ECF Notice of the docket.[2]

---

[1] Defendant had reasons to believe it was necessary to terminate his counsel. *See* Declaration of Dan Reyes in Support of Defendant's Reply in Support of Motion to Set Aside the Entry of Default and Minute Order Re: Default Judgment ("Decl. of Reyes"), at pp. 2–5, ¶¶ 9–18. Many of the reasons cannot be divulged lest they reveal trial strategy and would unfairly impede on Defendant's rights to communicate with his counsel and prepare a defense outside of the purview of opposing counsel. But some of the reasons were detailed in a filing with this court. *See* ECF 297, Defendant's Motion for Reconsideration of Depriving Defendant of the Right to Counsel or Alternative Continuance, Page ID#: 7635.

[2] Both Ms. Lambert and Mr. Ticktin were and are attorneys in good standing. Plaintiff's counsel, aware that Defendant had fired his Former Counsel, and realizing they could seize an advantage by getting Defendant's remaining attorneys booted, then proceeded to get both counsels removed from the case. *See* ECF 367-2, Page ID #:8613. The removal of Mr. Ticktin was particularly unfounded. Since he was deemed allegedly not capable of litigating in this matter, he has successfully litigated three other cases in federal and state courts. *See GS Holistic, LLC v. A Z Vapor Inc et al.,* Case No. 2:23-cv-00742-PP, Eastern District of Wisconsin; *Mia Williams et al., v. Retreat Behavioral Health, LLC et al.,* Case No. 9:24-cv-80787-WM, Southern District of Florida; *Alexander Espinosa et al., v. Oriel Tsvi,* Case No. 2023-020200-CA-01, Eleventh Judicial Circuit in and for Miami-Dade County, Florida.

1

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                                                                                           **2:23-CV-09430-SVW-PD**

After the denials of the Applications, Plaintiff then jumped at the opportunity to litigate the case against an unrepresented defendant. ECF No. 369, at pp. 3–5 (noting the aggressive litigation strategy Plaintiff initiated after Defendant's attorneys were removed from ECF notice). Contrary to the framing of Plaintiff's Opposition, however, Defendant was not standing idly by. Defendant continued to litigate and defend his case by taking diligent steps to obtain new counsel to represent him.

First, he engaged representation from attorney Roger Roots ("Mr. Roots") who promptly drafted and filed a Writ of Mandamus re the denial of the Applications of Mr. Ticktin and Ms. Lambert appealing the denial of the *pro hoc vice* Applications (the "Appeal"). ECF No. 369.6, at 1, ¶ 3. Simultaneous with the Appeal, Mr. Roots also attempted to stay this case and served Plaintiff's counsel and the court with both the Motion to Stay and the Appeal. *Id.* at pp. 2, ¶¶ 5–6. All the while, Defendant genuinely believed that he *was represented* by counsel in this case (having engaged Mr. Roots) and that this case had been stayed pending the Appeal filed by Mr. Roots. ECF No. 369.10, at p. 3, ¶¶ 11–13. Defendant had no intent to proceed *pro se* at that time, rather, he intended to challenge the denials of Mr. Ticktin's and Ms. Lambert's Applications given both attorneys were fully prepared to litigate the case on the merits. *See* ECF 297, Page ID#: 7635. Further, upon retaining Mr. Roots, Defendant believed that any filings and notices in the ECF System would be served upon Mr. Roots, as Mr. Roots was his attorney appealing the denial of the Applications. ECF No. 369, at p. 3 ¶ 11.

While Defendant's beliefs regarding the ECF Notice and status of the case as stayed were mistaken in retrospect, the Defendant nonetheless believed he was defending his case, and the record shows he did not abandon it. Against this backdrop, Plaintiff leapt at the opportunity to litigate this case against a party he knew was not in the ECF System and who he knew was unrepresented. Moreover, as discussed herein, Plaintiff pushed these filings through without ever properly

2

serving the Defendant in compliance with the Local Rules of Court to ensure the Defendant was served.[3]

Under these circumstances, setting aside the Entry of Default and Minute Order Regarding Default Judgment is appropriate, and Defendant respectfully requests the Court grant his Motion to Set Aside Entry of Default and the Minute Order Re: Default Judgment.

## II. ARGUMENT

### A.    Standard For Relief From Default Orders

Federal Rules of Civil Procedure, Rule 55(c), provides "for good cause shown" the Court may set aside an entry of default made under Federal Rules of Civil Procedure, Rule 55(a), and if a judgment by default has been entered, the Court may set the judgment aside in accordance with Federal Rules of Civil Procedure, Rule 60(b). When setting aside an entry of default under Rule 55(c), the Ninth Circuit evaluates "good cause" based on three factors: (1) whether the defendant's culpable conduct led to the default; (2) whether the defendant has a meritorious defense; and (3) whether reopening the default judgment would prejudice the plaintiff. *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1091 (9th Cir. 2010).

### B.    Good Cause Exists To Set Aside Default Because Defendant's Conduct Was Not Culpable

Here, Defendant did not engage in culpable conduct that led to the entry of default. *Yubran*, at 1091. In reaching the faulty conclusion that the entry of default judgment in this case should stand, Plaintiff's Opposition relies on a faulty assumption that essentially argues: "Because I filed it, it was served." This

---

[3] According to Local Rule 83-2.1.3.3, any attorney appearing pro hac vice must certify that the attorney is aware of local rules. Thus, even Plaintiff's out-of-state attorneys were aware of the requirement of Local Rule 83-2.3.1, and yet, did not follow it.

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                                    **2:23-CV-09430-SVW-PD**

assumption is repeated throughout the Opposition, and at times, is explicitly argued without presenting a single fact that shows Defendant had proper notice of the filings being made in this case, that proper service was even attempted by Plaintiff, or that such purported attempted service complied with the relevant local rules.[4]

> 1.  *Defendant's Conduct is not Culpable Because Plaintiff Knowingly took Advantage of the fact that Defendant was Unrepresented and was not Receiving ECF Notice*

Plaintiff argues that the only plausible theory that could explain Defendant not receiving notice of the filings in this case is that Defendant "deliberately chose to avoid them." ECF No. 367, at p. 5. Aside from being a false dichotomy, and untrue, one of the primary reasons that Defendant did not receive notice of the filings taking place on the docket was that Plaintiff deliberately attempted to obtain default without ever properly serving or providing notice to the Defendant of the various pleadings and papers that led to it.

As soon as each of Defendant's respective counsel was either terminated and/or removed from ECF, Plaintiff immediately initiated a flood of filings in this case. *See* ECF No. 367, at pp. 3–5 (discussing various filings initiated by Plaintiff that were never served upon Defendant); ECF No.'s 304–304.2; 316–316.2; 325; 327; 328–328.4; 329–329.1; 331–331.1; 335–335.1; 342; 350–350.4; 351–351.3; and 352 (noting some but not all of the filings on the docket that Defendant was not properly served).

While all these filings were taking place, Plaintiff's counsel was well aware the Court had not issued an order permitting Defendant to represent himself *pro se* as required by the Local Rules. L.R. 83-2.3.1. Additionally, Plaintiff's counsel

---

[4] Plaintiff appears to argue that proper service was effectuated because Plaintiff posted the Court's orders to the Defendant's X (formerly known as Twitter) account. ECF No. 367, at p. 6. While Plaintiff may have posted the Court's orders to X, there is nothing in the Local Rules or the Federal Rules of Civil Procedure that permit posting to X as a viable service method.

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                                                      **2:23-CV-09430-SVW-PD**

would also have been well aware of the fact that Defendant was not registered to receive ECF Notice given the docket clearly reflects the parties who are (and are not) registered to receive ECF Notice. *See* 369-4 (showing the respective parties still receiving ECF notice). Further, after Mr. Roots contacted Plaintiff's counsel to inform them he had been retained by Defendant related to this case, Plaintiff's counsel never contacted or served Mr. Roots thereafter with the various filings and pleadings that were entered into the ECF System. ECF 369.6, at p. 2, ¶ 9.

Despite these facts, Plaintiff continued to press forward with his case in a blatant attempt to gain the advantage of litigating against an unrepresented opponent. Defendant did not hide his head in the sand related to the filings in this case, rather, the moment Plaintiff became aware that Defendant was unrepresented and was not receiving ECF Notice, Plaintiff immediately began inundating the docket with filings to press his advantage against a litigant he knew was not being served.

    2.     *Defendant's Conduct is not Culpable Because Plaintiff did not Serve any of the Pleadings or Papers in this case on the Defendant from August 2025 Through January 2026*

Even if Defendant was ordered to represent himself *pro se* in this case (he was not), the burden is on Plaintiff to file a declaration regarding proof of service in compliance with Local Rule, 5-3.2.1, for every single filing made that Plaintiff contends Defendant had notice of. This declaration regarding proof of service must accompany documents filed that are to be served on any individuals "who are not registered for the CM/ECF System." *Id.* While Plaintiff claims, with no supporting authority at all, that Defendant had a duty to register in the ECF System for service, the duty actually lies on the Plaintiff to file a proof of service describing the "day and manner of service," each "person and/or entity served," the "title of each document served[,]" and the "method of service employed (e.g., personal, mail,

5

substituted, etc.)…" for each document Plaintiff files. L.R. 5-3.1.2.[5] From July 30, 2025, through Defendant retaining Robert H. Tyler ("Mr. Tyler") as his attorney, however, not a single filing made by Plaintiff included the required proof of service declaration. ECF No.'s 304–304.2; 316–316.2; 325; 327; 328–328.4; 329–329.1; 331–331.1; 335–335.1; 342; 350–350.4; 351–351.3; and 352 (noting some but not all the filings on the docket that failed to include the required declaration of proof of service upon the Defendant). No proof of service declarations were ever included with Plaintiff's filings, because Plaintiff never attempted to serve Defendant these filings properly.

This is all not to mention, contrary to the claim of the Opposition, that Defendant did retain counsel to represent him related to appealing the denials of the *pro hoc vice* Applications of his attorneys related to this case, Mr. Roots, and Mr. Roots gave actual notice of this fact to Plaintiff's counsel. ECF No. 369.6, at p. 2, ¶ 8. Yet despite being aware of Mr. Roots representing the Defendant, Plaintiff's counsel thereafter never attempted to serve or provide notice of the various filing occurring nor did they attempt to obtain service information for the Defendant from him. *Id.* at p. 2, ¶ 9. Additionally, Defendant also diligently engaged in various efforts to obtain new counsel to represent him directly related to this case, although such efforts took more time than anticipated given the public and controversial nature of the litigation. ECF No. 369-10; at pp. 4–5, ¶ 19.

---

[5] Plaintiff makes an unfounded argument that Defendant was proceeding as a *pro se* litigant in this case. ECF No. 367, at p. 6. As was discussed at length in the Motion to Set Aside, however, Defendant is not permitted to appear *pro se* until the Court issues the appropriate order. ECF No. 369, at p. 14. Moreover, Defendant actively and diligently sought counsel to represent his interests in this case such that he was not proceeding *pro se*. ECF No. 369.1, at p. 3, ¶ 10; at pp. 4–5, ¶ 19.

6

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                    **2:23-CV-09430-SVW-PD**

*3. Defendant's Conduct is not Culpable Because Defendant has Actively Defended his case Throughout and he took Prompt and Reasonable Steps to Obtain new Counsel, and in fact Believed his case was stayed and new Counsel was Receiving ECF Notice*

Defendant has vigorously and adamantly defended this case from the start through the filing of the instant reply, and Plaintiff's contention that this is "irrelevant" to the default entered against him belies the weakness of Plaintiff's Opposition on this point. *See* ECF 367, at pp. 4–5 (arguing Defendant's active defense of his case is not relevant to setting aside the default); *but see Gregorian v. Izvestia*, 871 F.2d 1515, 1523 (9th Cir. 1989) (noting public policy strongly favors resolutions of cases on the merits); ECF. No. 311, at p. x ("[D]efault judgments are generally disfavored, and whenever it is reasonably possible, cases should be decided upon their merits.")

Not only did Defendant adamantly defend his case through the July trial date, as the Court noted in Docket Entry 311, at page 6, he continued to do so thereafter. Specifically, Defendant immediately began searching for new representation to challenge the denial of the *pro hoc vice* Applications of Ms. Lambert and Ms. Ticktin. ECF No. 369.10 at p. 3, ¶¶ 9–11. By September 17, 2025, his new attorney, Mr. Roots served copies of the Appeal of the denial of the Applications and a Motion to Stay this case to the Court's chambers. ECF No. 367.6, at p. 2, ¶¶ 5–6. During this time, Defendant was under the genuine belief that Mr. Roots would receive notice of any filings occurring in the ECF System and that this case was stayed. ECF. No. 369.10, at p. 3, ¶¶ 11–12.

Notwithstanding the Appeal was pending and he believed the case was stayed, Defendant continued to seek counsel to represent him once the Appeal process was finished. ECF No. 369.10, at pp. 4–5, ¶ 19. Given the public and controversial nature of this case, it was not until in or around December 2025 that Defendant found an

REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT                                                    2:23-CV-09430-SVW-PD

attorney who might be willing to take his case, Mr. Tyler, whom he ultimately retained to represent him. *Ibid.*

Here, Plaintiff's Opposition asks the court to count these efforts as "irrelevant" to the default entered, but they speak directly to Defendant actively engaging the case. Albeit, Defendant was mistaken about what Mr. Roots would receive from the ECF System, and albeit he was mistaken about the status of the case as stayed, Defendant nonetheless took various and active steps to continue to defend his case. Moreover, the law is clear, such efforts are not irrelevant when considering setting aside an entry of default given the law's preference for deciding cases on their substantive merits. G*regorian v. Izvestia*, at 1523.

Given Defendant has adamantly and vigorously defended his case, he respectfully requests the court set aside the Entry of Default and Minute Order Re: default entered in this case.

**C.      Good Cause Exists To Set Aside Default Because Defendant Has Meritorious Defenses, A Fact Which Plaintiff's Opposition Concedes**

Courts routinely set aside the entry of default where the Defendant has meritorious defenses. Fed. R. Civ. P. 55; *Yubran*, at 1091. Yet, instead of attempting to demonstrate that Defendant lacks meritorious defenses in this case under Rule 55(c)—which is the standard that governs setting aside the entry of default— Plaintiff's Opposition attempts to shift the focus of the analysis to the test that is used to determine whether default judgment should be entered in the first place, and whether the entry of default in the first place is more appropriate as a terminating sanction under Federal Rules of Civil Procedure 36 and 37, or for a failure of the Defendant to appear and defend the case which would be governed by Rule55(b). *See* ECF No. 367, at pp. 10–11 (arguing default was entered as a terminating sanction); *see e.g.* ECF No. 311 (discussing the relevant Ninth Circuit authority governing construing the entry of default as a terminating sanction verses a Rule 55(b) default).

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**                                                     **2:23-CV-09430-SVW-PD**

Regardless of the manner in which the entry of default in this case is construed, *setting it aside* involves analyzing its entry under Rule 55, and particularly, making an examination of whether the Defendant has meritorious defenses. Fed. R. Civ. P. 55(c); *Yubran*, at 1091. Here, as discussed at length in Defendant's Motion to Set Aside, Defendant has various meritorious defenses and has asserted those defenses at each step of the litigation. *See* ECF No. 369 at pp. 17–19 (discussing Defendant's meritorious defenses). While Plaintiff would have the court disregard these defenses, they are an element the court must consider when determining to set aside default, and here, they support setting the Entry of Default in this case.

**D.    Good Cause Exists To Set Aside Default Because Plaintiff Will Not Be Prejudiced By Setting Aside The Entry Of Default**

Plaintiff has been prejudiced by his own conduct, not the conduct of the Defendant. Plaintiff's Opposition argues that "Plaintiff has met his obligations under the Federal Rules of Civil Procedure and the Local Rules, and he has obeyed all Court orders." Plaintiff's Opposition, at p. 11. Plaintiff then goes on to argue that Defendant has "evade[e]d and avoid[ed]" and should not be permitted to do so any further. *Id.* What Plaintiff fails to acknowledge, however, is that it was his conduct in deliberating and knowingly inundating the docket with filings, with full knowledge that Defendant was not receiving ECF notice, that led to this mess. Plaintiff was well aware that Defendant's attorneys were terminated and refusing to accept service on behalf of Defendant, Plaintiff even brought an *Ex Parte* Motion to compel Defendant's former counsel to provide Defendant's contact information. ECF 316. Plaintiff was also well aware that Defendant did obtain new counsel *vis a vis* Mr. Roots, yet, Plaintiff's counsel never responded to Mr. Roots correspondence, nor did they reach out to him to inform him that they had been unable to serve the Defendant for more than a month prior to his retention. ECF No. 369.6, at p. 2, ¶ 8.

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT                                                    2:23-CV-09430-SVW-PD**

Additionally, as attorneys of record, Plaintiff's counsel are bound to follow the Court's Local Rules, yet none of the filings between July 30, 2025, and January 2026, ever complied with Local Rule 5-3.2.1. This is a far cry from the picture the Opposition attempts to paint that Plaintiff "has met his obligations" under the Local Rules. Simply, Plaintiff did not comply with the Local Rules, and whether his non-compliance was deliberate or not, such non-compliance created the situation at issue in the instant motion.

**E.      Declaration of Robert H. Tyler To Correct The Record**

In Defendant's Motion to Set Aside, Defendant incorrectly contended in various places that Defendant's former attorney Mr. Murphy did not provide the Defendant's contact information to the court. ECF 369. The Declaration of Robert H. Tyler in Support of Defendant's Reply is attached hereto to clarify the record regarding these incorrect contentions in light of evidence provided to Mr. Tyler from Mr. Murphy regarding these contentions.

## III. CONCLUSION

Defendant did not engage in culpable conduct that led to the entry of default, he has meritorious defenses to the claims against him, and Plaintiff will not be prejudiced if this case is to go to trial. Therefore, Mr. Byrne should be allowed to present those defenses at trial in front of a jury.

Therefore, Defendant moves to set aside the Clerk's Entry of Default on October 8, 2025, Docket Entry, 344, and January 12, 2026, Minute Order Granting Plaintiff's Motion for Default Judgment Docket Entry 354 and respectfully requests this case for jury trial to proceed on the merits.

DATED:  March 30, 2026                          TYLER LAW, LLP


                                        By:  /s/ Robert Tyler
                                             Robert Tyler

REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER
RE DEFAULT JUDGMENT                                        2:23-CV-09430-SVW-PD

## CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant Patrick M. Bryne, certifies that this brief contains 3,416 words, which complies with the word limit of L.R. 11-6.1.

                /s/ Robert H. Tyler
                Robert H. Tyler

**REPLY IN SUPPORT OF MOTION TO SET ASIDE ENTRY OF DEFAULT AND THE MINUTE ORDER RE DEFAULT JUDGMENT**      **2:23-CV-09430-SVW-PD**

## CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 25026 Las Brisas Road, Murrieta, California 92562

On March 3, 2026, I caused to be served the foregoing documents described below on the following interested parties in this action:

**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION OF COUNSEL ON JANUARY 12, 2026, HEARING ON PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT, REQUEST TO VACATE JANUARY 16, MINUTE ORDER, AND SET THIS CASE FOR JURY TRIAL TO PROCEED ON MERITS**

☒ Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Bryan M. Sullivan**
  bsullivan@earlysullivan.com
- **Richard A. Harpootlian**
  rah@harpootlianlaw.com
- **Zachary Hansen**
  zhansen@earlysullivan.com
- **Carmen Rosa Selame**
  carmen@murphlaw.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am an employee in the office of a member of the bar of this Court who directed this service

/s/ Robert H. Tyler
Robert H. Tyler

12