Shawn R. Obi (SBN: 187216)
Shawn.Obi@winstontaylor.com
WINSTON TAYLOR LLP
333 S. Grand Avenue
Los Angeles, CA 90071-1543
Telephone:  (213) 615-1700

Scott M. Ahmad
Scott.Ahmad@winstontaylor.com
WINSTON TAYLOR LLP
300 North LaSalle Street
Chicago, IL 60654
Telephone: (312) 558-3197

*Former Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN,<br><br>Plaintiff,<br><br>v.<br><br>PATRICK BYRNE,<br><br>Defendant. | Case No. 2:23-CV-9430<br><br>**NOTICE OF ATTORNEYS' LIEN** |

PLEASE TAKE NOTICE that Winston & Strawn LLP n/k/a Winston Taylor LLP ("*Former Counsel*"), by and through the undersigned attorneys, hereby files this Notice of Attorneys' Lien in the above-captioned action.  Former Counsel states the following:

1.      Former Counsel served as counsel of record for Plaintiff Robert Hunter Biden in this action, from the filing of the Complaint on November 8, 2023 (Dkt. No. 1) until March 12, 2025, when Former Counsel withdrew as counsel of record and Plaintiff substituted in Bryan M. Sullivan of Early Sullivan Wright Gizer and McRae LLP (Dkt. No. 204).

2.      Former Counsel represented Plaintiff in this action, and other actions and matters, pursuant to a written engagement letter dated December 23, 2022 (the "*Agreement*"), and appeared as counsel of record for Plaintiff in this action from the filing of the Complaint on November 8, 2023 through March 12, 2025.

3.      The Agreement provides for hourly fee billing.

4.      Paragraph 4 of the Agreement provides that Plaintiff "grant[ed] [Former Counsel] a lien on all retainers, escrow accounts, trust accounts, real and personal property, documents, intangible property, insurance proceeds, claims and causes of action and on all proceeds of any recovery obtained by [Plaintiff] (by settlement, arbitration, court judgment or otherwise) in this matter or any other matter to secure the attorney's fees and costs for which [Plaintiff] ha[s], or will be, invoiced by [Former Counsel], relating to [Former Counsel's] representation of [Plaintiff] in this matter or any other matter."  *See* Ex. A.

5.      Because Former Counsel appeared as counsel of record in this action itself, this lien is properly asserted as a traditional attorneys' charging lien, in addition to being asserted based on the express contractual lien provision quoted above.

6.      At present, Plaintiff owes Former Counsel fees and costs substantially in excess of the amounts set forth in Paragraphs 8-10 below, which remain unpaid despite repeated requests for payment.

7. Former Counsel has filed a separate collection action to recover the amounts owed, captioned *Winston & Strawn LLP v. Robert Hunter Biden*, No. 2025-CAB-3962, in the Superior Court of the District of Columbia (filed June 20, 2025). *See* Ex. A.

8. On July 10, 2026, this Court entered an Order Granting Plaintiff's Motion for Default Judgment (ECF Nos. 350, 351; Dkt. 376), awarding Plaintiff the following:

a. Nominal damages in the amount of $1.00;

b. Punitive damages in the amount of $1,700,000.00;

c. Total judgment: $1,700,001.00.

9. In addition, on July 10, 2026, the Court granted Plaintiff's Motion to Enforce Sanctions (ECF No. 365), ordering Defendant to pay Plaintiff $34,969.20 in monetary sanctions within fourteen (14) days of the order, with an escalating penalty of $1,000 per day thereafter for noncompliance.

10. The total monetary awards to which this lien attaches include, but are not limited to: the judgment of $1,700,001.00; the sanctions award of $34,969.20; any post-judgment interest accruing thereon; and any additional sums recovered by Plaintiff in this action, whether by further order, execution, settlement, or otherwise.

11. Former Counsel's lien attaches to and encumbers any and all proceeds, judgments, settlements, awards, sanctions payments, or other recovery obtained by or on behalf of Plaintiff in this action, including the Default Judgment, the sanctions award, post-judgment interest, and any sums collected in satisfaction thereof, until Former Counsel's fee claim is satisfied in full.

12. This lien is asserted as a traditional attorney's charging lien, and is further supported by the express lien provision in Paragraph 4 of the Agreement, and attaches from the commencement of Former Counsel's representation through final satisfaction of the amounts owed.

13. Former Counsel hereby demands that no disbursement, payment,

3

transfer, or distribution of any proceeds, funds, or other recovery obtained in this action be made to or on behalf of Plaintiff or any other party without first accounting for and satisfying Former Counsel's charging lien, or without providing Former Counsel with reasonable advance written notice of any proposed disbursement sufficient to permit Former Counsel to seek judicial intervention if necessary.

14.     All parties, their counsel, and any third-party holding or disbursing funds in connection with this action are hereby placed on notice of this lien and directed to withhold from any disbursement an amount sufficient to satisfy Former Counsel's claim until such time as the lien is released or adjudicated.

15.     Former Counsel reserves all rights to seek judicial determination of the amount owed, to intervene in any proceedings affecting the distribution of proceeds, and to pursue any other remedies available at law or in equity.

Dated: July 14, 2026                         WINSTON TAYLOR LLP


By: */s/ Shawn R. Obi*
Shawn R. Obi
Scott M. Ahmad

*On behalf of Former Counsel*

NOTICE OF ATTORNEYS' LIEN

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed on the Court's ECF System and thereby served on all parties of record and their counsel.

Dated: July 14, 2026                    WINSTON TAYLOR LLP

By: */s/ Shawn R. Obi*
     Shawn R. Obi
     Scott M. Ahmad

*On behalf of Former Counsel*

# EXHIBIT A

eFiled
6/20/2025 5:14:47 PM
Superior Court
of the District of Columbia

**IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

|  |  |
|---|---|
| WINSTON & STRAWN LLP,<br>1901 L Street, N.W.<br>Washington, D.C. 20036<br><br>        Plaintiff,<br>    v.<br><br>ROBERT HUNTER BIDEN,<br>Address protected from disclosure by<br>Rule 10(b)(2).<br><br>        Defendant. | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff, Winston & Strawn LLP ("W&S"), for its Complaint against Defendant Robert Hunter Biden ("Mr. Biden"), alleges and states the following:

**NATURE OF THE ACTION**

1.      This is a breach of contract action against Mr. Biden for unpaid legal fees.

2.      Mr. Biden hired W&S to represent him in several complex matters, including a criminal trial in the United States District Court for the District of Delaware.

3.      Subsequently, W&S provided Mr. Biden with extensive legal services in those matters which generated a substantial amount of fees.

4.      Although a portion of those fees have been paid, Mr. Biden presently owes W&S substantially in excess of $50,000 in fees and interest that are due and payable.

5.      Despite repeated requests for payment, Mr. Biden has failed to pay the amounts he owes to W&S.

6.      This action is brought to enforce W&S's contract rights against Mr. Biden through a judgment for the amount due, and a lien on all Mr. Biden's assets.

1

**PARTIES**

7.      W&S is a limited liability partnership with offices in various locations, including in Washington D.C.  The lead partner for W&S's engagement with Mr. Biden was based in W&S's office in Washington D.C.

8.      Defendant Robert Hunter Biden is, on information and belief, a California resident.

**JURISDICTION AND VENUE**

9.      This Court has jurisdiction over this action because, *inter alia*, Mr. Biden contracted with W&S's District of Columbia office relating to the legal services that are at issue in this action, and a substantial portion of the legal services W&S provided were rendered in the District of Columbia.

**FACTUAL ALLEGATIONS**

**I.      MR. BIDEN HIRED W&S TO PERFORM LITIGATION SERVICES**

10.      On December 23, 2022, Mr. Biden signed an Engagement Contract with W&S to perform substantial litigation services.  *See* Ex. 1, Engagement Contract.

11.      The Engagement Contract sets forth a scope of engagement, and included representing Mr. Biden "with respect to any congressional oversight and investigation events in which you are involved, help you[] coordinate the work of other attorneys, advisors, related parties on pending issues and communications strategy, and assist in the investigation by the U.S. Department of Justice and U.S. Attorney for the District of Delaware." *See id.* ¶ 1.

12.      The Engagement Contract set out the fees and costs that W&S would charge. *See id.* ¶¶ 2-3.

13.    Mr. Biden was to pay each invoice within 30 days, or else he would be subject to a "1% a month" interest charge for past due invoices.  *Id.*

14.    Mr. Biden also granted W&S a lien on virtually all of his assets as a further security interest for the payment of the legal fees and costs under the Engagement Contract.  *Id.* ¶ 4.

## II.    PERFORMANCE

15.    After the Engagement Contract was executed, W&S began performing legal services for Mr. Biden.

16.    Indeed, W&S represented Mr. Biden in various investigations. In addition, W&S represented Mr. Biden in a lengthy public trial in the United States District Court for the District of Delaware, and provided related post-trial services.

17.    W&S devoted substantial resources to defend Mr. Biden in the above-described matters, resulting in substantial legal fees.

## III.    FAILURE TO PAY

18.    While some of Mr. Biden's bills were paid between March 2023 and October 2024, a substantial amount remains due and owing.

19.    Mr. Biden never objected to any of W&S's invoices for the legal services rendered to him.

20.    As of April 30, 2025, the outstanding amount due, when factoring in invoiced amounts and interest, is substantially in excess of $50,000.

21.    Despite repeated requests for payment, Mr. Biden has failed to pay W&S for the outstanding amount due.

## COUNT I
### Breach of the Engagement Contract

22. W&S re-alleges and incorporates by reference all paragraphs of this Complaint as if fully set forth herein.

23. Mr. Biden is a party to the Engagement Contract.

24. Mr. Biden has breached the Engagement Contract by failing to pay for W&S's attorney's fees and costs incurred pursuant to the Engagement Contract.

25. W&S has at all times complied with all the terms of the Engagement Contract.

26. As a consequence of Mr. Biden's breach of the Engagement Contract, W&S has incurred substantial financial damages.

27. WHEREFORE, W&S requests a Judgment against Mr. Biden and an award to W&S of:

    a. actual and compensatory damages arising from Mr. Biden's breaches of the Engagement Contract.

    b. Attorneys' fees and costs.

    c. Pre-judgment and post-judgment interest.

    d. A lien on all Mr. Biden's assets.

    e. Any further relief deemed necessary or appropriate, or to which W&S is entitled to as a matter of law or equity.

Dated:          June 20, 2025                    Respectfully submitted,

                                                 By:  */s/ Matthew Saxon*
                                                 Matthew M. Saxon (D.C. Bar No. 996157)
                                                 MSaxon@winston.com
                                                 Winston & Strawn LLP
                                                 1901 L St. NW
                                                 Washington, DC 20036
                                                 (T):(202) 282-5000
                                                 (F): (202) 282-5100


                                                  */s/ Scott M. Ahmad*
                                                 Scott M. Ahmad (*pro hac vice forthcoming*)
                                                 Winston & Strawn LLP
                                                 35 West Wacker Drive
                                                 Chicago, Illinois 60601
                                                 (T):(312) 558-3197
                                                 (F): (312) 558-5700
                                                 Email: sahmad@winston.com

5

# EXHIBIT 1



NORTH AMERICA   SOUTH AMERICA   EUROPE   ASIA

1901 L Street, NW
Washington, DC 20036
T +1 (202) 282-5000
F +1 (202) 282-5100

**ABBE DAVID LOWELL**
Partner
(202) 282-5875
ADLowell@winston.com

December 23, 2022

**VIA E-MAIL**

Mr. Hunter Biden

Re: **Winston & Strawn Engagement Letter**

Dear Mr. Biden:

  Thank you for selecting Winston & Strawn LLP to represent you in connection with the matter described below.  Our firm's policy at the outset of an engagement with a new client is to outline not only the nature of the engagement, but also the basis on which the firm will provide legal services and bill for them.

  1. Nature of Engagement: As we discussed, for all matters which you may, from time to time, request our assistance, the firm's client will be you personally and not any company owned by you in whole or in part, directly or indirectly or for which you serve as an officer or director (the "Related Company").  The scope of our engagement will be to advise you with respect to any congressional oversight and investigation events in which you are involved, help your coordinate the work of other attorneys, advisors, related parties on pending issues and communications strategy, and assist in the investigation by the U.S. Department of Justice and U.S. Attorney for the District of Delaware, as requested (the "Assignment Matters").  We have agreed that our present engagement is limited to performance of services related to these matters. Should the Assignment Matters proceed to any litigation, we would have to do a new engagement letter.  Unless you actually engage us after the closing of this matter to provide additional advice on issues arising from the matter, the firm has no continuing obligation to advise you with respect to future legal developments.

  2. Fees: Although I will be the attorney responsible for this engagement, portions of the work may be performed by other firm attorneys, paralegals, legal assistants and practice support personnel, as necessary.  My current hourly rate is $1,510.  Our hourly rates for partners range from $890 to $1,945; for of counsel, from $795 to $1,370; for associates, from $640 to $1,045; and for paralegal and legal assistants, from $230 to $400. Our billing rates are subject to

WINSTON
&STRAWN

December 23, 2022<br>Page 2

adjustment from time to time, usually in January of each year.  As we discussed, I review every pre-bill for every entry and will make deductions for start-up work and duplication.  I will staff the matter with only the few additional attorneys needed.  I understand that we are going to seek payments from third parties (including a possible properly instituted legal defense fund.)

   3. <u>Costs</u>:  In addition to our fees, our bills will include allocable charges for costs and expenses incurred in performing our services, such as messenger and delivery services,  travel if ever necessary (including mileage, parking, air or rail fare, lodging, meals, taxi or car rental), secretarial and support staff overtime (when necessitated by the client's work), court costs and filing fees.  We will not bill for routine printing, reproduction, computer research costs,.  Unless other arrangements are made, third party expenses (such as consultants, analysts, and other professionals or service providers' charges) will be billed directly to you and will not be our responsibility.   When agreed, Winston & Strawn LLP's payment of third-party invoices ("Disbursements") is undertaken strictly as a convenience to clients and Winston & Strawn LLP does not assume any liability for such Disbursements nor the services/products associated with such Disbursements.

   4. <u>Billing Arrangements</u>:  Our statements for fees and expenses are typically rendered in a monthly statement, and unless other arrangements are made, payment in full is due within thirty days of your receipt of the statement. If you have any questions concerning any statement, we ask that you raise it within that thirty-day period.

   If we do not receive payment by the end of the month following the month in which we issue our statement, we may charge a fee of 1% a month (subject to adjustment by us from time to time as indicated on our statements) on the unpaid balance of the statement from the invoice's date.

   Further, subject to applicable law, you are granting us a lien on all retainers, escrow accounts, trust accounts, real and personal property, documents, intangible property, insurance proceeds, claims and causes of action and on all proceeds of any recovery obtained by you (by settlement, arbitration, court judgment or otherwise) in this matter or any other matter to secure the attorney's fees and costs for which you have, or will be, invoiced by us, relating to our representation of you in this matter or any other matter.

   5. <u>Third-Party Payment of Fees/Costss</u>:  We understand that a third party or parties may pay your costs and legal expenses in connection with the Assignment Matters.  Nonetheless, you are our client and not any third-party payor.  There is a risk in any third-party payment or guarantee context that a firm will tend to promote the interests of the party paying or guaranteeing payment of the fees over any independent interests of the party whose representation is being paid for or guaranteed.  We have determined that our acceptance of fees from a third party will not interfere with our independence, professional judgment, or with the attorney/client relationship between you and Winston & Strawn LLP.  In addition, any third party payment of our fees will

WINSTON
&STRAWN

December 23, 2022
Page 3

not affect our ability to keep all information related to you as confidential, consistent with our ethical obligations. Nonetheless, you should evaluate the above risks in deciding whether to consent to the third-party payment or guarantee of payment for this representation or whether, instead, you wish to seek independent representation at your own expense.

6. <u>Client Documents</u>: We will maintain any necessary documents (including any electronic copies) relating to this matter in our client files. At the conclusion of the matter (or earlier, if appropriate), it is your obligation to advise us as to which, if any, of the documents in our files you wish us to make available to you. These documents will be delivered to you within a reasonable time after receipt of payment for outstanding fees and costs, subject to applicable rules of attorney conduct. We will retain any remaining documents in our files for a certain period of time, after which we will destroy them in accordance with our record retention program.

7. <u>Identity of Client</u>: For all matters which you may, from time to time request our assistance, Winston & Strawn LLP's client will be you personally and not any Related Company. This letter confirms that you acknowledge and agree that you are separate from any Related Company for conflicts of interest purposes and that our representation of you personally does not give rise to an attorney-client relationship for conflicts of interest purposes with any Related Company. You personally further acknowledge that Winston & Strawn LLP may have in the past represented, currently represent, or in the future represent, other clients whose interests are adverse to a Related Company and that such representations by Winston & Strawn LLP will not give rise to a conflict of interest with you.

8. <u>Advance Transactional and Litigation Waiver</u>: As you know, Winston & Strawn LLP is a relatively large law firm and has in the past represented, currently represents and may in the future represent clients who may have been, currently are or may become adverse to you in litigation, transactions, or other matters (collectively, "Other Clients"). As a large firm, conflicts of interest are a major concern. Winston & Strawn LLP therefore cannot accept the representation of clients on matters of limited scope such as that proposed here without a corresponding waiver for litigation, transactions, or any other type of matters. Therefore, as a condition to Winston & Strawn LLP's undertaking to represent you in this matter, you agree that this firm may continue to represent, and in the future may represent, the Other Clients in any matter, including but not limited to litigation, directly adverse to you, which is not the same as or substantially related to this matter (collectively, "Other Client Matters"), and hereby waive any conflict of interest relating to such representation of the Other Clients on the Other Client Matters.

We agree, however, that with respect to this matter, (i) sensitive, proprietary or other confidential information of a non-public nature concerning you acquired by us as a result of our

WINSTON
&STRAWN

December 23, 2022
Page 4

representation of you will not be transmitted to our lawyers who may become involved in handling Other Clients Matters on behalf of Other Clients, and (ii) the lawyers of this firm with whom you have worked on your matters will not work on Other Client Matters for Other Clients.

9.    Insurance Coverage:    You may have insurance policies that would provide a defense to claims asserted against you in this matter.  We urge you to consult with your insurance brokers to locate all potentially relevant policies and to tender the defense to all potentially relevant insurers.  Depending on the type of policy, both current policies and previous ones (now expired) may be relevant, and policies held by related companies may be relevant.  If a policy does have the potential for coverage, it is important that you tender the defense promptly.  Generally insurers reimburse defense expenses only from the moment of tender; in addition, insurers may deny a defense entirely when a tender has been made too late in the case.  We count on our clients to work with their brokers to make all relevant tenders.  If you would like our assistance with any tender, please request us specifically to do so, and we will evaluate potential conflicts related to a tender to determine whether we may be able to assist you.  If an insurer does agree to reimburse defense expenses of this case, you agree that you will pay our invoices directly and promptly upon their presentation and that you will in turn seek reimbursement from the insurer unless the insurer retains us directly on your behalf.

10.    Termination of Representation:  A client has the right at any time to terminate our services and representation upon written notice to the firm.  Such termination shall not, however, relieve the client of the obligation to pay for all services already rendered, including work in progress and remaining incomplete at the time of termination, and to pay for all expenses incurred on behalf of the client through the date of termination.

We reserve the right to withdraw from our representation if the client fails to honor the terms of the engagement, the client fails to cooperate or follow our advice on a material matter, if our continued representation would be unlawful or unethical, or for any other reason permitted by the applicable ethics rules.  In the event that we terminate the engagement, we will take such steps as are reasonably practicable to protect your interests in the above matter, and you agree that you will take all steps necessary to free us of any obligation to perform further, including the execution of any documents necessary to perfect our withdrawal, and further that we will be entitled to be paid for all services rendered and costs or expenses incurred on your behalf through the date of withdrawal.  If you so request, we will suggest to you possible successor counsel and provide it with whatever documents you have provided to us.  If permission for withdrawal is required by a court, we will promptly apply for such permission, and you agree to engage successor counsel to represent you.

Please indicate your acceptance of the terms of this letter by signing and returning it to my attention.  You may retain the enclosed copy for your files.  Should you have any questions, please call me.

WINSTON
& STRAWN

December 23, 2022
Page 5

LLP We appreciate the chance to be of service and look forward to working with you.

Sincerely,

WINSTON & STRAWN LLP

ACCEPTED AND AGREED to this
___ day of _____, 2023

WINSTON
&STRAWN
Robert Hunter Biden

_____