TYLER LAW, LLP
Robert H. Tyler (SBN 179572)
rtyler@tylerlawllp.com
Joel Oster (Pro Hac Vice)
joel@joelosterlaw.com
25026 Las Brisas Road
Murrieta, California 92562
Telephone:  (951) 304-7583

Attorneys for Defendant Patrick M. Byrne

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT HUNTER BIDEN, an individual,<br><br>Plaintiff<br><br>v.<br><br>PATRICK M. BYRNE, an individual,<br><br>Defendant | Case No.:  2:23-cv-09430-SVW-PD<br><br>*Hon. Stephen V. Wilson*<br><br>**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO THE CLERK TO TAX COSTS** |

Defendant Patrick M. Byrne hereby submits the following objections to Plaintiff Robert Hunter Biden's Application to the Clerk to Tax Costs.

## I. INTRODUCTION

Plaintiff seeks $36,816.63 in costs, including $1,061.62 for service of process, $20,127.75 for deposition-related charges, $2,273.07 for "mandatory chamber copies," and $12,952.19 for copying, transcription, and trial-exhibit reproduction. Plaintiff's request substantially exceeds the narrow categories of taxable costs permitted under federal law and the Central District's Local Rules.

Although Federal Rule of Civil Procedure 54(d)(1) creates a presumption in favor of costs for a prevailing party, that presumption extends

1

only to costs authorized by statute. Taxable costs are limited to the categories enumerated in 28 U.S.C. section 1920 (2022), and those categories must be construed narrowly. *See Kalitta Air L.L.C. v. Central Texas Airborne System Inc.*, 741 F.3d 955, 958 (9th Cir. 2013) (noting the section is "narrow, limited, and modest in scope"); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012). The Ninth Circuit has not clearly allocated between the prevailing and losing party the burden of demonstrating whether a cost is taxable. *See Smith v. Hughes Aircraft Co.,* 22 F.3d 1432 (9th Cir. 1993).

Here, Plaintiff's own submissions show that many requested amounts include non-taxable add-ons and litigation-support expenses, including delivery and handling, rough drafts, realtime services, hosting, logistics, virtual deposition participation fees, weekend and after-hours surcharges, smart summaries, and video-processing charges. Plaintiff also seeks recovery for chamber copies and broad trial-exhibit reproduction costs without an adequate showing that those costs were necessarily obtained for use in the case as opposed to incurred for convenience, presentation, or internal trial preparation.

Accordingly, the Clerk should deny Plaintiff's Application in whole or, at minimum, substantially reduce the requested amount.

## II. LEGAL STANDARD

A prevailing party may recover only those costs authorized by statute and properly supported by the local rules. Rule 54(d)(1) does not authorize courts or clerks to tax litigation expenses beyond the categories Congress has expressly permitted. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987); *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560 (2012)

Thus, costs not falling within 28 U.S.C. § 1920 (2022) and the applicable local rules must be denied.

**DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS**    **2:23-CV-09430-SVW-PD**

Even where a category is potentially taxable, the expense must necessarily be obtained for use in the case and not merely incurred for counsel's convenience. *Kalitta Air* 741 F.3d at 958 (The 'necessarily obtained for use in the case' standard does not allow a prevailing party to recover costs for materials that 'merely added to the convenience of counsel' or the district court." (citing *In re Williams Sec. Litig.–WCG Subclass*, 558 F.3d 1144, 1147 (10th Cir.2009)). For costs that are being sought must be "described and established with sufficient specificity, particularity, and clarity as to permit a determination that costs are awarded…" *In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 928 (2015).

The court "may reduce costs which are unreasonably large or which are not supported by adequate documentation" and retains "discretion to award partial costs or to require the parties to pay their own costs." *Shum v. Intel Corp.*, 682 F.Supp.2d 992, 998 (N.D.Cal.2009).

## III. OBJECTIONS

**A.    The Claimed Service-Of-Process Costs Should Be Reduced Because The Invoice Includes Non-Taxable Bundled Charges**

Plaintiff seeks $1,061.62 for service of a third-party deposition subpoena on witness John Moynihan. But the invoice reflects not merely a service fee; it includes a "Base Chg," "PDF/Ship," "Addt'l Chgs," "Misc," and "Adv/Wit Ck."  Plaintiff has made no showing that all such components are taxable service-of-process costs rather than shipping, witness-fee tender, convenience, or miscellaneous vendor charges.

While private service fees may in some circumstances be taxed, recovery does not automatically extend to every ancillary charge included on a vendor invoice. *See Alflex Corp. v. Underwriters Labs., Inc.*, 914 F.2d 175, 177 (9th Cir. 1990) (per curiam) (noting the court's job is to consider whether a document qualifies to be a taxable cost). Because Plaintiff has not

DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS          2:23-CV-09430-SVW-PD

segregated the taxable service component from non-taxable extras, the Clerk should disallow the non-service components and reduce this request to the extent any taxable amount can be clearly established.

**B.    The   Deposition-Cost   Request   Includes   Numerous   Non-Taxable Convenience And Litigation-Support Charges**

Plaintiff seeks $20,127.75 in deposition costs. The supporting invoices include line items for delivery and handling, rough drafts, realtime services, secure hosting and delivery, logistics and processing, virtual participant fees, weekend and after-hours surcharges, smart summaries, and video-processing charges. Plaintiff's accompanying breakdown expressly seeks taxation of several such items that are not reasonably necessary but were created for the lawyer's convenience.

These charges should be disallowed.

Taxable costs in federal court are limited and narrowly construed. *See Kalitta Air L.L.C.*, 741 F.3d at 958. Charges that reflect convenience, premium service levels, or litigation support are not taxable merely because counsel found them useful. *Id.; see also Taniguchi v. Kan Pac. Saipan, Ltd*., 566 U.S. 560, 573 (2012). The Ninth Circuit has specifically rejected attempts to shift technical and presentation-related costs that go beyond the categories authorized by statute. *Kalitta Air L.L.C. v. Cent. Tex. Airborne Sys., Inc*., 741 F.3d 955 (9th Cir. 2013)

At minimum, the following deposition-related items should be denied:

- delivery and handling charges
- rough draft charges
- realtime charges
- secure hosting and delivery charges
- logistics and processing charges
- virtual participant fees

4

- smart summary or miniscript-style charges
- weekend and non-standard business-hour surcharges
- video-processing charges beyond any narrow taxable recording cost, if otherwise authorized

Plaintiff may be entitled to recover some portion of the actual original transcript cost and any properly taxable reporter-attendance fee. But Plaintiff is not entitled to convert premium vendor services and convenience features into taxable costs by relabeling them as necessary.

**C.   Any Video-Related Surcharges Beyond The Fact Of Video Recording Should Be Denied**

Plaintiff contends certain charges are taxable because the Court stated at the November 25, 2024, hearing that the deposition could proceed by Zoom and that "I want it videoed." Local rules provide that only where the Court orders a video deposition is the necessary cost of the deposition taxable. L.R. 54-3.4. Even accepting that the Court authorized videotaping, that does not make every related vendor surcharge taxable.

The cited colloquy supports the use of Zoom and a videotaped deposition. It does not separately authorize platform fees, hosting fees, virtual participant charges, processing charges, or other ancillary technical services—all of which are sought here. Those expenses are litigation-support add-ons, not automatically recoverable costs. Under the narrow construction required by federal cost statutes, they should be denied. *See Kalitta Air L.L.C.* 741 F.3d.

**D.   The Claimed Chamber-Copy Costs Should Be Denied Because Plaintiff Has Not Shown They Were Taxable Copies Necessarily Filed And Served**

Plaintiff seeks $2,273.07 for "all mandatory chamber copies delivered to the Court." That description is insufficient to establish recoverability.

DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS          2:23-CV-09430-SVW-PD

Plaintiff has not identified which filings were copied, how many sets were produced, what portions were actually required, or whether the amount includes non-taxable binder, tab, messenger, assembly, or rush components. Because taxable costs are strictly limited, the Clerk should deny this request absent a particularized showing that the copies were necessarily filed and served within a taxable category, rather than prepared for convenience or compliance preferences. *See In re Online DVD-Rental Antitrust Litigation*, 779 F.3d 914, 928 (2015) (requiring costs to be described with sufficient specificity, particularity, and clarity" to be awarded).

## E.    The Trial-Exhibit Reproduction And Certified-Transcript Costs Should Be Reduced To Exclude Non-Taxable Trial-Preparation Expenses

Plaintiff also seeks $12,952.19 for copying and reproducing documents for use at trial, creating exhibit sets and binders, preparing materials for both parties, certified transcriptions of podcasts, certified copies of a Canadian judgment, and additional video-processing fees.

That request is overbroad. Costs of organizing, preparing, assembling, duplicating, tabbing, binding, or formatting trial materials are not automatically taxable merely because the materials were ultimately used at trial. Nor has Plaintiff shown that all copies were necessarily obtained for use in the case, as opposed to generated for counsel's convenience, internal work, or presentation. *See Kalitta Air L.L.C.* 741 F.3d at 958. The same is true for video-processing and similar technical charges, which fall outside the narrow statutory categories for taxable costs. *Id.*

Plaintiff's submission does not provide a sufficiently clear line between recoverable copies and non-taxable trial-support expenses. The Clerk should therefore deny or substantially reduce this category.

6

DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS    2:23-CV-09430-SVW-PD

**F.      Mixed Invoices That Combine Taxable And Non-Taxable Items Should Be Disallowed To The Extent Plaintiff Has Not Provided A Clear Allocation**

Plaintiff's own form recognizes that where an invoice includes both taxable and non-taxable costs without an adequate breakdown, disallowance is appropriate.  That problem is present throughout Plaintiff's submission.

The Byrne deposition invoices, for example, combine transcript charges with priority services, rough drafts, realtime, hosting, logistics, virtual participation fees, weekend surcharges, and smart-summary charges. Plaintiff's effort to characterize several of those items as taxable does not satisfy the requirement of strict statutory authorization. Where recoverable and non-recoverable charges are mixed together, any doubt should be resolved against taxation unless Plaintiff carries its burden with a clear and lawful allocation.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Clerk deny Plaintiff's Application to the Clerk to Tax Costs in whole or, alternatively, substantially reduce the requested amount by disallowing all non-taxable, unnecessary, unsupported, or inadequately segregated charges, including but not limited to ancillary service-of-process charges, deposition rough drafts, realtime services, delivery and handling, hosting, logistics and processing, virtual participant fees, smart summaries, weekend and after-hours surcharges, chamber-copy charges, trial-presentation and exhibit-preparation charges, and video-processing expenses.

DATED:  August 12, 2026          TYLER LAW, LLP


                                          By:   /s/ Joel Oster
                                                 Joel Oster

DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS          2:23-CV-09430-SVW-PD

## CERTIFICATE OF SERVICE

I am employed in the county of Riverside, State of California. I am over the age of 18 and not a party to the within action. My business address is 25026 Las Brisas Road, Murrieta, California 92562

On August 12, 2026, I caused to be served the foregoing documents described below on the following interested parties in this action:

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO THE CLERK TO TAX COSTS**

☒   Via **ELECTRONIC CASE FILING**, by which listed counsel will automatically receive e-mail notices with links to true and correct copies of said documents:

- **Bryan M. Sullivan**
  bsullivan@earlysullivan.com
- **Richard A. Harpootlian**
  rah@harpootlianlaw.com
- **Zachary Hansen**
  zhansen@earlysullivan.com
- **Carmen Rosa Selame**
  carmen@murphlaw.net

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am an employee in the office of a member of the bar of this Court who directed this service

/s/ Joel Oster
Joel Oster

DEFENDANT'S OBJECTIONS TO APPLICATION TO TAX COSTS          2:23-CV-09430-SVW-PD