Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
Phillip Barber, *pro hac vice*
*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

Bryan M. Sullivan, State Bar Number 209743
*bsullivan@earlysullivan.com*
Zachary C. Hansen, State Bar Number 325128
*zhansen@earlysullivan.com*
EARLY SULLIVAN WRIGHT
GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Attorneys for PLAINTIFF
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

PATRICK M. BYRNE, an individual,

Defendant.

Case No. 2:23-cv-09430-SVW-PD

**PLAINTIFF ROBERT HUNTER BIDEN'S RESPONSE TO DEFENDANT PATRICK M. BYRNE'S OBJECTIONS TO PLAINTIFF'S APPLICATION TO THE CLERK TO TAX COSTS**

Judge: Hon. Stephen V. Wilson

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........ 3
II. ARGUMENT ........ 3
A. FAILURE TO MEET AND CONFER ........ 3
B. SERVICE OF PROCESS COSTS (TAB 2) ........ 4
C. DEPOSITION-RELATED COSTS (TAB 5) ........ 4
D. COSTS FOR COPIES NECESSARILY FILED AND SERVED (TAB 10(a)) ........ 10
E. COSTS ASSOCIATED WITH PHYSICALLY REPLICATING OR REPRODUCING MATERIAL NECESSARILY OBTAINED FOR USE IN THE CASE (TAB 10(g)) ........ 10
III. CONCLUSION ........ 12

## I. INTRODUCTION

Contrary to Defendant Patrick M. Byrne's ("Defendant") assertions in his Objection to Plaintiff Robert Hunter Biden's ("Plaintiff") Application to the Clerk to Tax Costs ("Application"), each and every one of Plaintiff's claimed costs are justified by the applicable rules, the law, and the purposes for which they were incurred. Defendant fails to take into account the applicable Local Rules for the Central District of California that expressly allow many of the costs to which he objects, and rely on a mix of assumptions and misrepresentations regarding the categories of costs sought and their necessity in this litigation. The fact is that in preparing his Application Plaintiff went to great lengths to provide a detailed breakdown of each category of costs claimed, including citations to the applicable rules authorizing them, and parsed out those significant costs which were not permitted by the applicable local rules and law. Additionally, Defendant failed to meet and confer with Plaintiff regarding his objections as required by the Central District of California Local Rule 54-2.2 or make a good faith effort to do so, and Defendant's objections fail to contain the required representation in this regard. For the reasons set forth in the Application and here, Defendant's objections have no merit and the Clerk should not reduce any of the claimed costs.

## II. ARGUMENT

### A. FAILURE TO MEET AND CONFER

Central District of California Local Rule 54-2.2 mandates that "[a]ny objections filed under this rule must contain a representation that counsel met and conferred in an effort to resolve disagreement about the taxable costs claimed in the bill, or that the objecting party made a good faith effort to arrange such a conference." No such meet and confer occurred, nor was such a meet and confer attempted by Defendant's counsel. Moreover, Defendant's objections do not contain this required representation. That omission alone should negate Defendant's objections.

///

**B. SERVICE OF PROCESS COSTS (TAB 2)**

Defendant objects to the $1,062.62 in costs Plaintiff claimed related to the invoice for service of a third-party deposition subpoena on witness John Moynihan (located at Tab 2 (pg. 10) of Plaintiff's Application), claiming some of the itemized fees on that corresponding invoice are not merely service fees, but rather "non-taxable extras". However, Defendant's argument is contradicted by Local Rule 54-3.2, which provides that "reasonable fees for service of subpoenas under F.R.Civ.P. 45 are taxable, including reasonable fees for research, surveillance, wait time, and parking incurred in connection with service." Service of said subpoena occurred in Worcester, Massachusetts and required six (6) attempts before it was completed, as reflected on the invoice provided by Plaintiff. See Application at Tab 2 (pg. 10). Accordingly, the base charge, PDF/ship, "Addt'l chgs", "Misc", and "Adv/Wit Ck" amounting to a total of $1,061.62 are indeed reasonable under Local Rule 54-3.2 given the location of service and the number of service attempts that were required (six) for a witness identified by Defendant, which would necessarily require significant wait time and surveillance. These costs should be permitted to be recovered by Plaintiff.

**C. DEPOSITION-RELATED COSTS (TAB 5)**

Next, Defendant objects to the $20,127.75 in deposition-related costs claimed by Plaintiff, all of which are supported by corresponding invoices, relevant Court orders, legal justifications set forth for each, and the law. See Application at Tabs 5A-5J (pgs. 12-98). While Defendant asserts that certain deposition-related costs should be denied, some of their claims are directly contradicted by the applicable Local Rule (e.g., delivery and handling charges, rough draft charges, secure hosting and delivery charges, logistics and processing charges, virtual participant charges, miniscripts, video-processing charges). Local Rule 54-3.5 outlines which deposition-related costs are taxable, as opposed to those that are not. Specifically, Local Rule 54-3.5 provides in relevant part:

///



EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP ATTORNEYS AT LAW

(a) **Transcripts:** The reasonable cost of preparing the original transcription of the oral portion of a deposition for ordinary, non-expedited delivery after the deposition is taxable if the transcript is used for any purpose in connection with the case. Any additional charges paid to expedite the preparation of the transcription, and any charges for "real time" views of the transcription during the deposition, are not taxable …. The reasonable cost of one additional copy of the transcript, in any form (including a rough draft), is taxable. … The transcript rates set by the Judicial Conference of the United States will generally be considered reasonable. For transcripts billed at higher rates to be taxable, an explanation of why higher rates were reasonable under the circumstances must be provided. In addition, reasonable fees for the following are taxable:

1. binding,
2. Bates stamping,
3. non-expedited shipping and handling,
4. ASCII disks,
5. production and code compliance charges,
6. electronic transmission charges for non-expedited electronic delivery of a transcript,
7. miniscripts, and
8. witness handling charges.

The cost of videotaping or recording depositions is not taxable unless recording the deposition by video or audio means was ordered by the Court before the taking of the deposition. Failure to provide itemized invoices breaking out the per-page cost of transcripts from other costs, such as expediting, binding, or shipping fees, will be sufficient grounds for not taxing the cost.

(b) **Reporters and Other Persons Required to Take, Report, or Transcribe a Deposition:** The reasonable fees of a stenographic reporter … are taxable for time attending a deposition …. Fees for video and audio technicians are not taxable unless recording the deposition by video or audio means was ordered by the Court before the taking of the deposition. …

(c) **Exhibits:** The cost of copying or reproducing exhibits used at the deposition and made a part of the deposition transcript is taxable.

Plaintiff diligently complied with this rule in every respect. Moreover, Plaintiff complied with the requirements set forth in the Central District of California's Bill of Costs Handbook, which provides that "[a] party seeking to tax costs is responsible for organizing and labeling all supporting documents in a clear, easy-to-follow manner." In this regard, Plaintiff provided an indexed chart at the beginning of Tab 5 outlining the following invoices, set forth subtabs for each such succeeding invoice, highlighted each invoice as necessary to distinguish between taxable and non-taxable items to designate which costs Plaintiff was seeking, then Plaintiff provided an itemized breakdown of each taxable cost with the legal justification for each, followed by any required Court Order substantiating claimed costs when necessary.

In Tab 5A (see Application at pgs. 13-14) costs associated with obtaining a certified copy of the transcript of Plaintiff's deposition were claimed. The invoice itself (*id*. at pg. 14) contains no highlights because the costs for the "certified copy of the videoconferenced deposition" of Plaintiff, exhibits, and delivery and handling are all expressly taxable under Local Rule 54-3.5.

In Tab 5B (see Application at pgs. 15-27) costs associated with the invoice for reporting services and the transcript for Vol. I of Defendant's deposition were claimed. That invoice contains highlights delineating between taxable and non-taxable costs. The taxable costs claimed by Plaintiff were for: transcript services – original transcript, transcript – supplemental surcharges, rough draft, attendance – full day, attendance – non-standard business hours surcharge, exhibits, secure hosting and delivery of Veritext's file suite, logistics and processing, and Veritext virtual primary participants. *Id*. at pg. 16. Each of these costs are expressly authorized by Local Rule 54-3.5 and the needs of this case, as set forth on pg. 18-19 of the Application. The invoice also contains a per page breakdown of the costs of the transcript, distinguished from other costs in compliance with L.R. 54-3.5(a). Additionally, at the end of the

invoice (*id*. at pg. 17) there is a note that clarifies that the transcript supplemental surcharges were related to videoprocessing, which are allowed to be taxed if ordered videotaping the deposition was ordered by the Court. In this regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 20-27.

In Tab 5C (see Application at pgs. 28-40) costs associated with the invoice for reporting services and the transcript for Vol. II of Defendant's deposition were claimed. That invoice contains highlights delineating between taxable and non-taxable costs. The taxable costs claimed by Plaintiff were for: transcript services – original transcript, transcript – supplemental surcharges, rough draft, attendance – weekend/holiday surcharge, attendance – non-standard business hours surcharge, exhibits, secure hosting and delivery of Veritext's file suite, logistics and processing, Veritext virtual primary participants, and smart summary. *Id*. at pg. 29. Each of these costs are expressly authorized by Local Rule 54-3.5 and the needs of this case, as set forth on pg. 31-32 of the Application. The invoice also contains a per page breakdown of the costs of the transcript, distinguished from other costs in compliance with L.R. 54-3.5(a). At the end of the invoice (*id*. at pg. 30) there is a note that clarifies that the transcript supplemental surcharges were related to videoprocessing, which are allowed to be taxed if ordered videotaping the deposition was ordered by the Court. In this regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 33-40.

In Tab 5D (see Application at pgs. 41-51) costs associated with the invoice for video services for Vol. II of Defendant's deposition were claimed. The invoice itself (*id*. at pg. 42) contains no highlights because all of those costs relate to the videotaping and recording of the deposition, all of which are expressly taxable under Local Rule 54-3.5 and as explained in the accompanying justification (see *id*. at pg. 43). In this regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 44-51.

In Tab 5E (see Application at pgs. 52-62) costs associated with the invoice for video services for Vol. I of Defendant's deposition were claimed. The invoice itself (*id*. at pg. 53) contains no highlights because all of those costs relate to the videotaping and recording of the deposition, all of which are expressly taxable under Local Rule 54-3.5 and as explained in the accompanying justification (see *id*. at pg. 54). In this regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 55-61.

In Tab 5F (see Application at pgs. 63-74) costs associated with the invoice for reporting services and the transcript for Vol. III of Defendant's deposition were claimed. That invoice contains highlights delineating between taxable and non-taxable costs. The taxable costs claimed by Plaintiff were for: transcript services – original transcript, transcript – supplemental surcharges, attendance – half day, exhibits, Veritext exhibit package, secure hosting and delivery of Veritext's file suite, logistics and processing, Veritext virtual primary participants, and smart summary. *Id*. at pg. 64. Each of these costs are expressly authorized by Local Rule 54-3.5 and the needs of this case, as set forth on pg. 66 of the Application. The invoice also contains a per page breakdown of the costs of the transcript, distinguished from other costs in compliance with L.R. 54-3.5(a). Additionally, at the end of the invoice (*id*. at pg. 65) there is a note that clarifies that the transcript supplemental surcharges were related to videoprocessing, which are allowed to be taxed if ordered videotaping the deposition was ordered by the Court. In this regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 67-74.

In Tab 5G (see Application at pgs. 75-85) costs associated with the invoice for video services for Vol. III of Defendant's deposition were claimed. The invoice itself (*id*. at pg. 76) contains no highlights because all of those costs relate to the videotaping and recording of the deposition, all of which are expressly taxable under Local Rule 54-3.5 and as explained in the accompanying justification (see *id*. at pg. 77). In this

regard, Plaintiff provided relevant portions from certified hearing transcript in which the videotaped deposition was indeed ordered by the Court. *Id*. at 78-85.

In Tab 5H (see Application at pgs. 86-89) costs associated with the invoice for reporting services and the transcript for the deposition of witness John F. Moynihan were claimed. That invoice contains highlights delineating between taxable and non-taxable costs. The taxable costs claimed by Plaintiff were for: transcript services – original transcript, transcript – supplemental surcharges, attendance – half day, exhibits, Veritext exhibit package, secure hosting and delivery of Veritext's file suite, logistics and processing, Veritext virtual primary participants, and smart summary. *Id*. at pg. 87. Each of these costs are expressly authorized by Local Rule 54-3.5 and the needs of this case, as set forth on pg. 89 of the Application. The invoice also contains a per page breakdown of the costs of the transcript, distinguished from other costs in compliance with L.R. 54-3.5(a). Notably, no costs associated with the videotaping of this deposition were claimed because the Court did not issue an order in that regard.

In Tab 5I (see Application at pgs. 90-93) costs associated with the invoice for fees related to the deposition of witness David Smith were claimed. The invoice itself (*id*. at pg. 91) contains no highlights because all of those costs relate to the videotaping and recording of the deposition, all of which are expressly taxable under Local Rule 54-3.5. No per page breakdown is provided because this deposition was a written deposition based on pre-prepared questions for the witness.

In Tab 5J (see *id*. at pgs. 94-98) costs associated with the invoice for reporting services and the transcript for the deposition of witness David Smith were claimed. That invoice contains highlights delineating between taxable and non-taxable costs. The taxable costs claimed by Plaintiff were for: on-site resource fee, appearance fee – half day, minimum transcript, litigation support package, condensed transcript, and processing and compliance. *Id*. at pg. 95. Each of these costs are expressly authorized by Local Rule 54-3.5 and the needs of this case. (See *id*. at pg. 98.)

Notably, Plaintiff did not claim any fees associated with non-taxable costs such as realtime charges, expedited delivery charges, or videotaping fees when there was no corresponding Court order, despite Defendant's vague objections to the contrary. Plaintiff's detailed delineation of taxable versus non-taxable costs in these invoice also negates Defendant's objections that mixed invoices should be disallowed. All of these costs should be permitted to be recovered by Plaintiff for these reasons.

**D. COSTS FOR COPIES NECESSARILY FILED AND SERVED (TAB 10(A))**

Defendant objects to the costs claimed by Plaintiff associated with filing and delivering mandatory chamber copies to the Court, set forth in Tab 10(a) (see Application at pgs. 101-116), on the basis that descriptions of the documents filed are not described with sufficient particularity. Local Rule 54-3.10(a) expressly authorizes the taxing of "[t]he cost of copies of documents necessarily filed and served including the cost of copying and delivering Mandatory Chamber Copies required by the Court". These costs fit squarely within that definition. Notably, this case had a Stipulated Protective Order that required any underseal filings be delivered to the Court as Mandatory Chamber Copies under seal (ECF No. 63), which necessitated these costs. Additionally, the invoices themselves for each such charge (see Application at pgs. 102-116) and the index for this Tab (*id*. at pg. 100) set forth the date of the filings and the nature of each document, which do indeed provide sufficient detail to identify which documents they were. No non-taxable costs were sought. For these reasons all of these costs are taxable, justified by the Local Rules, and purpose for which they were incurred, and should be recoverable by Plaintiff.

**E. COSTS ASSOCIATED WITH PHYSICALLY REPLICATING OR REPRODUCING MATERIAL NECESSARILY OBTAINED FOR USE IN THE CASE (TAB 10(G))**

Defendant objects to the costs claimed for physically replicating and reproducing documents for us in the case, namely trial exhibits, set forth in Tab 10(g)

(see Application at pgs. 117-162), on the basis that the request is overbroad and because Plaintiff claims costs that are not taxable. This position is not supported by the Local Rules. Local Rule 54-3.10(g) provides that "[t]he cost of physically replicating or reproducing material necessarily obtained for use in the case (including copies obtained to be produced in discovery)" are taxable. The Rule further provides:

> Any party seeking taxation of costs under this local rule must provide a consolidated itemization of copying costs, setting forth with specificity, particularity, and clarity the distinct tasks and services performed. Only costs associated with copying documents or reproducing other material for actual use in the case are allowed. Costs incurred for the convenience of counsel or as prefatory steps in the discovery process before copying documents for actual production are not recoverable. *Id*.

Plaintiff once complied with this Local Rule perfectly. Each of the invoices for claimed fees under this rule are sufficiently detailed with specificity to clarify which tasks and services were performed, and the index provided at the beginning of this Tab (see Application at pg. 118) combined with the justifications set forth after several invoices (see *id*. at pgs. 143, 154) and the relevant Court orders provide the required specificity, particularity, and clarity. Each and every one of these documents were prepared as trial exhibits, required by the Court. No costs incurred for the convenience of counsel or prefatory steps in the discovery process were claimed.

///

///

///

///

///

///

///

///

///

///

## III. CONCLUSION

For these reasons, Defendant's objections are without merit in their entirety and the Clerk should Plaintiff to recover all claimed taxable costs asserted in his Application to Tax Costs.

Dated: August 17, 2026 By: ______________________________

BRYAN M. SULLIVAN (State Bar No. 209743)
bsullivan@earlysullivan.com
ZACHARY C. HANSEN (State Bar No. 325128)
zhansen@earlysullivan.com
EARLY SULLIVAN WRIGHT GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Fl.
Los Angeles, California 90048
Telephone: (323) 301-4660
Facsimile: (323) 301-4676

Richard A. Harpootlian, *pro hac vice*
*rah@harpootlianlaw.com*
Phillip Barber, *pro hac vice*
*pdb@harpootlianlaw.com*
RICHARD A. HARPOOTLIAN, PA
1410 Laurel Street
Columbia, South Carolina 29201
Telephone: (803) 252-4848
Facsimile: (803) 252-4810

*Attorneys for Plaintiff*
*Robert Hunter Biden*