Bryan M. Sullivan (209743); Zachary C. Hansen (325128)
EARLY SULLIVAN WRIGHT GIZER & MCRAE LLP
6420 Wilshire Blvd., 17th Fl.
Los Angeles, CA 90048
Tel: (323) 301-4660; Fax: (323) 301-4676
bsullivan@earlysullivan.com

Richard A. Harpootlian (*pro hac vice*)
Phillip D. Barber (*pro hac vice*)
RICHARD A. HARPOOTLIAN, P.A.
1410 Laurel Street
P.O. Box 1090
Columbia, SC 29201

Attorneys for Plaintiff
ROBERT HUNTER BIDEN

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

ROBERT HUNTER BIDEN, an individual,

Plaintiff,

vs.

PATRICK M. BYRNE, an individual,

Defendant.

Case No. 2:23-cv-09430-SVW-PD

Hon. Stephen V. Wilson

DECLARATION OF ROBERT HUNTER BIDEN REGARDING NOTICE OF ATTORNEYS' LIEN (ECF NO. 379)

Date:
Time:
Dept.: Courtroom 10A

**DECLARATION OF ROBERT HUNTER BIDEN**

I, Robert Hunter Biden, declare and state as follows:

1. I am the Plaintiff in the above-entitled action and am over the age of 18. I submit this declaration regarding the Notice of Attorneys' Lien (ECF No. 379) that Winston & Strawn LLP, now known as Winston Taylor LLP ("Former Counsel"), filed in this action on July 14, 2026. I have personal knowledge of the facts stated in this declaration and, if called as a witness, I could and would testify competently to them.

2. Former Counsel represented me in this action from the filing of the

Complaint on November 8, 2023, until March 12, 2025, when Early Sullivan Wright Gizer & McRae LLP substituted as my counsel of record.

3. Former Counsel attached to its Notice a letter dated December 23, 2022, addressed to me and signed by Abbe David Lowell on behalf of Winston & Strawn LLP (the "Engagement Letter"). ECF No. 379 at 13–17. I received the Engagement Letter by e-mail. The handwritten initials in the acceptance block on its last page are mine. I placed them there on or about December 23, 2022.

4. I resided in Los Angeles, California, when I received and signed the Engagement Letter.

5. Under the Engagement Letter, Former Counsel charged me for its services by the hour. Paragraph 2 states that Mr. Lowell's hourly rate was $1,510 and states ranges of hourly rates for the firm's partners, of counsel, associates, and paralegals. *Id.* at 13. I never agreed to pay Former Counsel a contingent fee, and no part of Former Counsel's fee in this action or in any other matter depended on the result obtained.

6. The Engagement Letter refers to a lien once. The reference is a single sentence in the third paragraph under the heading "Billing Arrangements," following two paragraphs that concern monthly statements and a charge for late payment. *Id.* at 14. The sentence reads:

> Further, subject to applicable law, you are granting us a lien on all retainers, escrow accounts, trust accounts, real and personal property, documents, intangible property, insurance proceeds, claims and causes of action and on all proceeds of any recovery obtained by you (by settlement, arbitration, court judgment or otherwise) in this matter or any other matter to secure the attorney's fees and costs for which you have, or will be, invoiced by us, relating to our representation of you in this matter or any other matter.

7. Neither that sentence nor any other part of the Engagement Letter advises me that I could or should seek the advice of an independent lawyer of my choice regarding the lien. Neither that sentence nor any other part of the Engagement Letter

states that I would be given time to obtain such advice before signing.

8. The Engagement Letter mentions independent representation once, in paragraph 5, which concerns the payment of my fees by third parties. That paragraph states that "you should evaluate the above risks in deciding whether to consent to the third-party payment or guarantee of payment for this representation or whether, instead, you wish to seek independent representation at your own expense." *Id.* at 15. That sentence does not mention the lien.

9. Apart from the Engagement Letter, Former Counsel never gave me any letter, e-mail, text message, or other writing concerning the lien. At no time, whether before I signed the Engagement Letter, when I signed it, or afterward, did Former Counsel advise me in writing that I could or should seek the advice of an independent lawyer of my choice regarding the lien. I have reviewed the written communications from Former Counsel that remain in my possession and have found no such advisement.

10. No lawyer or other person at Former Counsel discussed the lien provision with me before I signed the Engagement Letter, and no one at Former Counsel told me orally that I could or should consult an independent lawyer regarding it.

11. I was not represented by an independent lawyer in connection with the Engagement Letter or the lien it describes. I did not consult any lawyer other than Former Counsel regarding the lien before I signed the Engagement Letter.

12. Former Counsel did not ask me to sign, and I did not sign, any document concerning the lien other than the Engagement Letter. My initials appear once, in the acceptance block at the end of the letter. *Id.* at 17. I was not asked to initial or otherwise to acknowledge separately the sentence concerning the lien.

13. Paragraph 1 of the Engagement Letter describes the engagement as advising me "with respect to any congressional oversight and investigation events," helping to coordinate the work of other attorneys and advisors, and assisting "in the

investigation by the U.S. Department of Justice and U.S. Attorney for the District of Delaware." *Id.* at 13. It then states: "Should the Assignment Matters proceed to any litigation, we would have to do a new engagement letter." *Id.* Former Counsel did not present me with, and I did not sign, a new engagement letter for this action. The Engagement Letter is the only written fee agreement I have signed with Former Counsel.

14. Since signing the Engagement Letter, I have not signed any document confirming or reaffirming the lien. I do not consent to the lien, and to the extent the lien provision of the Engagement Letter is voidable at my election, I elect to avoid it.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on this 18th day of September 2026.

Robert Hunter Biden